UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Creditor Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC.,<br><br>   Debtor. | **CASE NO. 23-20084-7-rlj**<br><br>**Chapter 7** |
| IN RE:<br><br>McCLAIN FARMS, INC.,<br><br>   *Debtor*. | **CASE NO. 23-20085-7-rlj**<br><br>**Chapter 7** |

| | |
|---|---|
| IN RE:<br><br>7M CATTLE FEEDERS, INC.,<br><br>*Debtor*. | **CASE NO. 23-20086-7-rlj**<br><br>Chapter 7 |

## *EX PARTE* MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and L.B.R. 2004-1, Rabo AgriFinance LLC ("**Rabo**"), a secured creditor of each of the Debtors in the above-entitled Chapter 7 cases, through counsel, respectfully requests that this Court authorize Rabo to issue documents subpoenas to third parties who do or may have information relevant to the acts, conduct or property of the Debtors' bankruptcy estates, or to the Debtors' liabilities and financial affairs.

Specifically, Rabo requests authority to issue document subpoenas to the following third parties (the "**Examinees**"), and to request from the Examinees those records and documents set forth in the subpoena riders attached hereto collectively as Exhibit "A":

| **Name of Examinee** | **Brief Description of Relationship to Debtors** |
|---|---|
| Mechanics Bank | Depository bank for all three Chapter 7 Debtors and holder of the Debtors' deposit accounts |
| Texas and Southwestern Cattle Raisers Association (TSCRA) | Oversaw, authorized and assisted with the removal, by various third parties, of thousands of head of cattle at the Debtors' |

2

| | |
|---|---|
| | locations in Hereford and Friona in the weeks leading up to the bankruptcy filings |
| Chelsea McClain | Widow of Brian McClain, sole owner of each of the Debtors |
| Crystal McClain | Ex Wife of Brian McClain, sole owner of each of the Debtors |
| Meagan B. Goad, aka Meagan B. Powell | Daughter of Brian McClain, was employed by all of the Debtors, and has knowledge of the Debtors' assets, liabilities and financial affairs |
| Kinsey Moreland | Daughter of Brian McClain, was employed by all of the Debtors, and has knowledge of the Debtors' assets, liabilities and financial affairs |
| MAP Enterprises, Inc. | Kentucky entity that had substantial financial dealings with the Debtors and that, according to the Debtors' 2/28/2023 Borrowing Base Report, owed the Debtors approximately $12,933,000 in unpaid accounts receivable |
| Wildforest Cattle Company, LLC | Kentucky entity that had substantial financial dealings with the Debtors and that, according to the Debtors' 2/28/2023 Borrowing Base Report, owed the Debtors approximately $8,543,000 in unpaid accounts receivable |
| 2B Farms, Inc. | Texas entity that had substantial financial dealings with the Debtors and that, according to the Debtors' 2/28/2023 Borrowing Base Report, owed the Debtors approximately $4,046,000 in unpaid accounts receivable |
| Community Financial Services Bank | Kentucky Community Bank and the depository bank for both MAP Enterprises, Inc. and Wildforest Cattle Company, LLC. Also cancelled millions of dollars of deposits that were made by it into the Debtors' Mechanics Bank accounts in early April, 2023 |
| Whitlock CPA, PLLC | Kentucky accounting firm which provided accounting work for both MAP Enterprises and Wildforest Cattle. Also, July Whitlock signed MAP Enterprises' checks that were then deposited into the Debtors' accounts at Mechanics Bank |

3

In support hereof, Rabo states as follows:

1. Each of the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code with this Court on April 28, 2023 (the "**Petition Date**").

2. Brian McClain was the sole owner of each of the Debtors. Mr. McClain committed suicide on April 18, 2023.

3. Rabo is a secured creditor of the Debtors and of Mr. McClain personally. Rabo holds perfected liens on real property assets owned by the Debtors in Texas, and on Mr. McClain's real estate assets in Kentucky. Rabo also holds a perfected security interest in substantially all personal property assets of the Debtors, including accounts receivable, cattle and the proceeds of cattle.

4. As of the Petition Date, the Debtors jointly and severally owed Rabo in excess of $52 million.

5. As required by their loan agreements with Rabo, the Debtors were required to submit monthly borrowing base reports ("**BBR**") to Rabo to report on their assets and Rabo's collateral position.

6. The Debtors' BBR for the period ending February 28, 2023 reported that the Debtors owned and had in their possession 37,992 head of cattle that were Rabo's collateral, and that the Debtors also were owed $33,705,313 in accounts receivable for sold cattle that also were Rabo's collateral.

7. In the weeks leading up to the Petition Date, Rabo conducted a collateral inspection at the Debtors' Texas and Kentucky locations. Those collateral inspections revealed that the Debtors' stated cattle numbers were substantially overstated. For example, on April 4, 2023, Rabo's agents conducted a cattle count of all cattle located on the Debtors' business locations in Texas and Kentucky. That cattle count revealed that there were only 7,481 head of cattle in Texas and 3,094 head of cattle in Kentucky, for a total head count of 10,575. Further, Rabo could not verify the validity or collectability of the over $33 million in accounts receivable that the Debtors claimed were owed and that constituted part of Rabo's collateral.

8. On April 1, 2023, the Debtors failed to make a required $6 million principal reduction payment on their secured line of credit with Rabo.

9. The Debtors' bank accounts were with Mechanics Bank. Rabo had a perfected lien on all cash and other funds in the Debtors' bank accounts by virtue of Deposit Account Control Agreements between Rabo, the Debtors and Mechanics Bank.

10. On April 5, 2023, Rabo provided Mechanics Bank with its Written Instructions to Freeze MFI Account, 7M Account and MFY Account, and to Prevent Items from Being Withdrawn or Paid from the MFI Account, 7M Account and MFY Account (the "**Account Freeze Letter**").

11. On April 6, 2023, Rabo provided the Debtors with a written Notice of Default and Acceleration, Demand for Payment and Satisfaction of All Obligations (Including but not Limited to All Secured Obligations and All Guaranteed Obligations), and Full Reservation of Rights (the "**Notice of Default**").

12. On April 7, 2023, the Debtors' accounts at Mechanics Bank held a collective balance of $22,369,732.98.

13. On that same date, and continuing through the Petition Date, a series of "charge backs" and "cancellations" were taken on the accounts. As of April 11, 2023, just a few days after April 7, the Debtors' accounts at Mechanics Bank were **overdrawn** by over $7.4 million.

14. Currently, on information and belief, the Debtors' bank accounts at Mechanics Bank have a zero balance. On or about April 17, 2023, a wire in the amount of $3,664,137.77 was wired into the accounts from MAP Enterprises, and there was an additional "miscellaneous credit DDA" into the account in the amount of $3,739,810.71.

15. Shortly after Rabo issued the Notice of Default and Account Freeze Letter, numerous third parties, with the assistance of special rangers from the Texas and Southwest Cattle Raisers Association ("**TSCRA**") removed a substantial number of cattle from the Debtors' facilities in Hereford and Friona, Texas.

16. The cattle that were removed were cattle in which the Debtors and their estate would claim an interest, and that Rabo would claim a perfected security interest in.

17. On information and belief, and while Rabo's investigation is currently ongoing, Rabo believes that TSCRA oversaw the removal of, and has records concerning, over 3000 head of cattle that were removed from the Debtors' property between April 18 and April 21, 2023.

18. On information and belief, the Debtors, with Brian McClain at the helm, were engaged in a massive fraud prior to the Petition Date. In addition to defrauding Rabo out of millions of dollars, the Debtors also may have defrauded other third parties by having those third

6

parties purchase and pay for "cattle" that either did not exist or that had already been sold previously.

19. Federal Rule of Bankruptcy Procedure 2004 authorizes the Court, on motion of any party, to order the examination of any entity. FRBP 2004. Further, such examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

20. Rule 2004 discovery is "extremely broad." *In re Buckner*, 2001 WL 992063 at *4 (BAP 10th Cir. 2001). Rule 2004 allows an unrestrained "fishing expedition," and "is essentially creditor and trustee oriented." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274 (D. Colo. 1991); *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1998).

21. "The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." *Cameron v. United States*, 231 U.S. 710, 717 (1914). "As a general rule, examinations under Rule 2004 are allowed for the purpose of discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000 (internal citations and quotations omitted).

22. Here, each of the Examinees is believed to possess records and documents that are squarely within the purview of Rule 2004. For example:

      A.      Mechanics Bank will have banking and financial records showing financial transactions into and out of the Debtors' bank accounts.  These records, in addition to being relevant to potential claims that Rabo may hold against third parties, also will be highly relevant to the Trustee and to possible Chapter 5 avoidance claims the Trustee may assert;

      B.      TSCRA will have records concerning the cattle that were removed from the Debtors' Texas facilities by third parties.  Those cattle are property of the estate, and are also believed to be encumbered by Rabo's liens.  Rabo believes that TSCRA oversaw the removal of over 3000 head of cattle with a market value of several million dollars;

      C.      Chelsea McClain, Crystal McClain, Meghan Goad and Kinsey Moreland are current and former family members of Brian McClain, and both Meghan and Kinsey actively worked for the Debtors;

      D.      MAP Enterprises, Wildforest Cattle and 2B Farms purportedly owed the Debtors in excess of $25 million as of March 31, 2023.  Further, these entities were parties to transactions with the Debtors totaling many tens of millions of dollars.  Further, some of these entities were involved in the "chargebacks" and "cancellations" involving the Mechanics Bank accounts pursuant to which the accounts went from over $22 million positive to over $7 million negative in just four days;

      E.      Community Financial Services Bank is the bank from which payments from MAP Enterprises and Wildforest Cattle originated, and it also is the bank that instituted the "chargebacks" and "cancellations" that occurred in the Mechanics Bank accounts; and

F. Whitlock is a CPA firm in Kentucky that, on information and belief, provided accounting services to MAP Enterprises and Wildforest Cattle. Further, Julie Whitlock signed checks for MAP Enterprises.

23. As noted above, Rabo requests authority to issue document subpoenas to the Examinees directing the Examinees to produce the records and documents identified in the subpoena riders attached hereto as Exhibit "A."

24. "A bankruptcy court 'has abundant legal authority to order the retrieval of information concerning a debtor and his estate from persons and entities who are not parties in a bankruptcy case, *i.e.,* persons or entities who have neither filed a voluntary petition under section 301 of the Bankruptcy Code nor filed a proof of claim or interest under section 501 of the Bankruptcy Code.'" *In re Correa*, 589 B.R. 76, 107 (Bankr. N.D. Tex. 2018) (citations and quotations omitted).

25. Indeed, "Bankruptcy Rule 2004 of the Federal Rules of Bankruptcy Procedure is 'the basic discovery device in bankruptcy cases.'" *Id.*, at 108. "Third parties are subject to examination pursuant to Rule 2004 if they have knowledge of the debtor's affairs." *Id.* Further, "[a] rule 2004 exam has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct." *Id.* That is why the scope of a Rule 2004 examination is "unfettered and broad" and "is commonly recognized as more in the nature of a 'fishing expedition.'" *Id.*

26. If the Court grants this Motion, Rabo will compel the Examinees to produce records and documents through the issuance of a subpoena issued pursuant to Federal Rule of Bankruptcy Procedure 9016.

27. Rabo represents that the Examinees will all receive not less than 14 days' written notice of deadline to produce documents.

28. Rabo intends on sharing any documents produced by the Examinees with Kent Ries, the Chapter 7 Trustee.

WHEREFORE, Rabo respectfully requests that the Court grant this ex parte motion. A proposed Order is submitted herewith.

### CERTIFICATE REGARDING CONFERENCE

Pursuant to LBR 2004-1, Rabo states that it is current unaware of whether any of the proposed Examinees are represented by counsel, but notes that the current motion only requests authority to issue document subpoenas not take Rule 2004 examinations. Because Rabo is not requesting authority to conduct Rule 2004 examinations at this time, Rabo does not believe the meet and confer requirements of Local Rule 2004-1 apply. Rabo also represents to the Court that once it serves subpoenas on the Examinees it will cooperate with the Examinees, and their counsel, to establish a mutually agreeable date, place and time for the compliance with the document subpoenas.

DATED this 9th day of May, 2023.

        UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

        --and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com


*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

/s/ *Michael R. Johnson*
Michael R. Johnson