# EXHIBIT A
## (DOCUMENT SUBPOENAS)

# EXHIBIT "A"

## DEFINITIONS

## (Mechanics Bank)

1.      RAF.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.      MF.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.      MFY.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.      7M.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.      McClain.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.      McClain Parties.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.      Cattle.  The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after January 1, 2023.

8.    Wildforest.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.    MAP.  The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.    2B.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.    CFSB.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.    MB.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.    McClain Accounts.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.    Wildforest Accounts.  The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.   <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.   <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.   <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.   <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19.   <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.   <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

21.    <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.    <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.     You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.     These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.     All bank statements for the McClain Accounts from the opening or inception of the accounts through the present.

2.     All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the McClain Accounts from the opening or inception of the accounts through the present.

3.     All records and documents evidencing all transaction activities in or related to the McClain Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the McClain Accounts.

4.     All corporate resolutions or other agreements that were presented to open or maintain the McClain Accounts.

5.     All "Know Your Customer" or "KYC" information collected during the life of the McClain Accounts.

6.      All external communications with CFSB, MAP, Wildforest, 2B, or the McClain Parties referring or relating to the McClain Accounts, the MAP Accounts, the Wildforest Accounts, or the 2B Accounts.

7.      All external communications with third parties referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, or the 2B Accounts during the Relevant Communications Time Period.

8.      All internal communications referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, or the 2B Accounts during the Relevant Communications Time Period.

9.      All policies and procedures in force during the Relevant Documents Time Period referring or relating to (a) Regulation CC compliance or implementation, or (b) availability of funds, or (c) dishonoring checks or wire transfers.

10.     All policies and procedures in force during the Relevant Documents Time Period referring or relating to implementation of the Check Clearing for the 21st Century Act.

11.     All suspicious activity reports or other reports made or submitted by You during the Relevant Communications Time Period to any regulatory body, including but not limited to the Office of the Comptroller of the Currency, United States Department of Treasury, referring to, related to or concerning the McClain Parties, the McClain Accounts, MAP, the MAP Accounts, Wildforest, the Wildforest Accounts, 2B, or the 2B Accounts.

# EXHIBIT "A"

## **DEFINITIONS**

## **(TSCRA)**

1.    <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.    <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.    <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.    <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.    <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.    <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.    <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.     Texas Cattle Claimants.  The term "Texas Cattle Claimants" means and refers to any person or entity known or understood by You to claim an interest in any Cattle that was presently or formerly owned by, in the actual or constructive possession of, or in the actual or constructive control of, any of the McClain Parties, including but not limited to the following: (a) Bo Robinson, (b) 2B Farms, (c) Dwight Jesko, (d) Scarlett & Black Cattle, (e) Colton Long, (f) Steve Scott, (g) Cory Priest, (h) Priest Cattle Company, (i) Doug Pritchett, (j) Scott Skinner, (k) Ed Duferena, (l) Phil Rapp, (m) Collette Lesh, (n) Scott Keeling, (o) Keeling Cattle Feeders, (p) Tom Thorlakson, (q) Thorlakson Feedyards, (q) Thomas Heffner, (r) Heffner Feedyard, (s) AgTexas Farm Services, (t) AgTexas, PC, (u) Jared Lesh, (v) Carraway Cattle, (w) WJ Performance Horses, Inc., (x) Carl Pickett, or (y) Partain Investment Group.

9.     Documents or Electronically Stored Information.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of

telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

10.    <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

11.    <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

12.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

13.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

15.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

16.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.    You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.      All documents and records evidencing communications with any of the McClain Parties or with any of the Texas Cattle Claimants from January 1, 2023 to the present referring or in any way related to the Cattle or the McClain Parties.

2.      All documents and records evidencing, documenting or accounting for all Cattle removed by the Texas Cattle Claimants under Your direction or with your assistance or express or implied permission from January 1, 2023 to the present.

3.      All documents evidencing, documenting, constituting or establishing the records and documents that the Texas Cattle Claimants supplied or provided to You to establish their claims to ownership of, or an interest in, the Cattle they removed.

4.      All documents or records evidencing, documenting, constituting, or establishing Your legal authority to use law enforcement powers to assist with the physical removal of the Cattle, including but not limited to any judicial or administrative orders that were provided to you from any of the Texas Cattle Claimants to authorize the repossession of the Cattle.

5.      All documents or records in Your possession evidencing, documenting, constituting, or establishing the Texas Cattle Claimants' ownership or lien interests in the Cattle.

6.      All documents or records You referred to or relied upon in determining that the Texas Cattle Claimants could remove the Cattle.

7.      With respect to the Cattle that the Texas Cattle Claimants removed with your oversight or with your express or implied permission or authorization, all documents establishing (a) which Texas Cattle Claimants took the Cattle, (b) how many Cattle each Texas Cattle Claimant took, (c) the number of head of Cattle that each Texas Cattle Claimant too, and (d) where each Texas Cattle Claimant took the Cattle.

8.      All records in Your possession which can assist in establishing the ownership and/or lien interests in the Cattle that were removed by the Texas Cattle Claimants.

9.      All documents evidencing or constituting Your instructions to all Texas Cattle Claimants who removed Cattle in which the McClain Parties owned, partially owned, had an interest in, or otherwise had possession, custody, and control of prior to their removal.

10.     All documents identifying by name and job title all of Your employees, agents, or representatives who have been involved with, oversaw, or have personal knowledge of the Cattle that were removed by the Texas Cattle Claimants.

# EXHIBIT "A"

## **DEFINITIONS**

### **(Chelsea McClain)**

1.     <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.     <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.     <u>MFY</u>.   The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.     <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.     <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.     <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.     <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.  <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.  <u>MAP</u>.  The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.  <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.  <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.  <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.  <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.  <u>Wildforest Accounts</u>.  The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.    <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.    <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.    <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.    <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19.    <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.    <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

21.   <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.   <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.     <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.     <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.     <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.     <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.     <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.     To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.     These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.     In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.       You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.       These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.       A current image of all cellular telephones used by You and Brian McClain between January 1, 2023 and the present;

2.       All communications, including but not limited to text messages, call records, IMs, and emails, that were either sent by or sent to any of the McClain Parties during the Relevant Communications Time Period.

3.       All communications, including but not limited to text messages, call records, IMs, and emails, between You or Brian McClain and any of the following from January 1, 2023 through the present:

- Crystal McClain;

- Chelsea McClain;

- Meagan B. Goad, aka Megan B. Powell;

- Jed Goad;

- Kinsey Moreland;

- Angela Powell;

- MAP and its representatives;

- Wildforest and its representatives;

- Whitlock and its representatives, including Julie Whitlock;

- Samuel S. Brown;

- Carr, Riggs & Ingram, LLC and its representatives;

- MB and its representatives;

- CFSB and ites representatives;

- Michael Gourley;

- Pam Gourley;

- Michael Acey;

- Acey Livestock, LLC and its representatives;

- Jimmy D. Greet;

- John Dale Tidwell;

- Mykel Linn Tidwell;

- J. Brent Burnett;

- Terry Burnett;

- Sherman Trucking and its representatives;

- Riley Livestock and its representatives;

- Rick Rodgers;

- Eric Dejarnatt;

- Keith Harris Farms, Inc. and its representatives;

- Rapp Ranch and its representatives;

- Caleb Little;

- Open A Arena, LLC and its representatives;

- Michael Evans;

- Miranda Evans;

- Bo Robinson;

- 2B Farms, Inc. and its representatives;

- Hefner Cattle, LLC and its representatives;

- Hefner Feedyard LLC and its representatives;

- Thorlakson Feedyards and its representatives;

- Thorlakson Diamond T Feeders LP and its representatives;

- AgTexas Farm Credit Services and its representatives;

- AgTexas, PCA and its representatives;

- Colton Long;

- Priest Victory Investment LLC and its representatives;

- Priest Cattle Company Ltd. and its representatives;

- Priest Cattle and Land Company, Inc. and its representatives;

- Dwight Jesko;

- Vynessa Jenkins;

- Friona Industries, LP and its representatives;

- Cactus Feeders Finance LLC and its representatives;

- Douglas C. Pritchett;

- Scarlett & Black Cattle, LLC and its representatives;

- Texas & Southwestern Cattle Raisers Association and its representatives;

- Jared Lesh;

- Jared Lesh Cowhorses, Inc.;

- Reita Dufferrena;

- Carraway Cattle and its representatives;

- BigSeven Capital Partners, LLC and its representatives;

- WJ Performance Horses, Inc. and its representatives;

- Angela Dean Robinson;

- Partain Investment Group and its representatives;

- Bar D Ranch Land & Cattle, LLC and its representatives;

- Scott Livestock Company and its representatives;

- Steve T. Scott Farms, Inc. and its representatives;

- Death Creek Farms LLC and its representatives;

- David Rainey;

- Arnold Braun;

- Robert Braun;

- Nikki Lockwood;

- Sherri Lockwood;

- Cole Lockwood;

- Charles Lockwood;

- Lyndal Vanbuskirk;

- Janet Marie Vanbuskirk;

- Colby Vanbuskirk;

- Susan Vanbuskirk;

- Edwin Dale Buss;

- Dennis Lee Buss;

- Janie E. Lawhon;

- Joran Lesh;

- Jan Lesh;

- Lesh Trucking and its representatives;

- Robert Gray;

- Ronnie Gray;

- Bryan Blackman;

- Codie Perry;

- Keeling Cattle Feeders, Inc. and its representatives;

- Heartland Co-op and its representatives;

- Brooks Farms and its representatives;

- TGF Ranch and its representatives;

- Don Jones Farm, Inc. and its representatives;

- Cactus Operating LLC and its representatives;

- Ralph Reisz;

- Veronica Reisz;

- W.R. Russell, Jr.;

- Edwin P. Stewart;

- Garwood Cattle Company LLC and its representatives;

- Steven Sutton;

- Richard Carraway;

- Ridgefield Capital Management and its representatives;

- Andrew Lee Phillips;

- Barry Phillips;

- Stanley Ayers;

- Jake Rininger;

- Curtis Jones Farms LLC and its representatives;

- Frontier Farm Credit and its representatives;

- Chris Ward, Special Ranger; or

- Jay Foster, Special Ranger.

4.      All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 3 above, on the other hand, during the Relevant Documents Time Period.

5.      All contracts or agreements between any of the McClain Parties and any of the persons or entities identified in Request No. 3 above that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

6.      All records of any purchases or sales of Cattle between any of the McClain Parties and any of the persons or entities identified in Request No. 3 above that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

7.      All records between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 3 above, on the other hand, that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing, or investing in any Cattle.

8.      All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2023;

9.      All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims, or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2023;

10.      All documents that refer to, relate to, evidence, show or tent to show the assets, liabilities, and financial affairs of any of the McClain parties at all periods of time during the Relevant Documents Time Period;

11.      Brian McClain's public suicide note;

12.      Brian McClain's private suicide note left for the family; and

13.      A current image of all cellular telephones used by Brian McClain between January 1, 2018 and the present in your possession, custody, or control.

# EXHIBIT "A"

## **DEFINITIONS**

## **(Crystal McClain)**

1.     <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.     <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.     <u>MFY</u>.   The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.     <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.     <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his widow, agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.     <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.     <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.   <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.   <u>MAP</u>.  The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.   <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.   <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.   <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.   <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.   <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.   <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.   <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.   <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.   <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through and the present.

19.   <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.   <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

21.   <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.   <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.       You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.       These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.       The decree of divorce from Your divorce from Brian McClain.

2.       All property, asset, or financial disclosures made by Brian McClain during the course of or as part of Your divorce proceedings with Brian McClain.

3.       All documents evidencing any assets or property settlements between You and Brian McClain made as part of Your divorce proceedings with Brian McClain.

4.       All documents that would document, evidence, show or tend to show the assets, liabilities and/or financial affairs of any of the McClain Parties during the Relevant Documents Time Period.

5.       All communications, including but not limited to text messages, call records, IMs, and emails, between You and any of the following from January 1, 2021 through the present:

- Brian McClain;

- Chelsea McClain;

- Meagan B. Goad, aka Megan B. Powell;

- Jed Goad;

- Angela Powell;

- MAP and its representatives;

- Wildforest and its representatives;

- Whitlock and its representatives, including Julie Whitlock;

- Samuel S. Brown;

- Carr, Riggs & Ingram, LLC and its representatives;

- MB and its representatives;

- CFSB and its representatives;

- Michael Gourley;

- Pam Gourley.

- Friona Industries, LP and its representatives; and

- Cactus Feeders Finance LLC and its representatives;

6.      All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 5 above, on the other hand, during the Relevant Documents Time Period.

# EXHIBIT "A"

## DEFINITIONS

## (Meagan B. Goad, aka Meagan B. Powell)

1.   RAF.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.   MF.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.   MFY.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.   7M.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.   McClain.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, and his daughter Kinsey Moreland.

6.   McClain Parties.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.   Cattle.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.  <u>Wildforest</u>.  The term "Wildforest" shall mean Wilforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.  <u>MAP</u>.  The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.  <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.  <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.  <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.  <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.  <u>Wildforest Accounts</u>.  The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.    <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.    <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.    <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.    <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through and including April 30, 2023.

19.    <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through and including April 30, 2023.

20.    <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

21.  <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.  <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.        You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.        These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.        A current image of all cellular telephones used by You between January 1, 2023 and April 30, 2023;

2.        All emails sent or received by You between January 1, 2023 and April 30, 2023 which refer to or in any way relate to any of the McClain Parties.

3.        All communications, including but not limited to text messages, call records, IMs, and emails, that were either sent by or sent to any of the McClain Parties during the Relevant Communications Time Period.

4.        All communications, including but not limited to text messages, call records, IMs, and emails, between You or McClain and any of the following from January 1, 2023 through April 30, 2023:

- Crystal McClain;

- Chelsea McClain;

- Jed Goad;

- Kinsey Moreland;

- Angela Powell;

- MAP and its representatives;

- Wildforest and its representatives;

- Whitlock and its representatives, including Julie Whitlock;

- Samuel S. Brown;

- Carr, Riggs & Ingram, LLC and its representatives;

- MB and its representatives;

- CFSB and ites representatives;

- Michael Gourley;

- Pam Gourley;

- Michael Acey;

- Acey Livestock, LLC and its representatives;

- Jimmy D. Greet;

- John Dale Tidwell;

- Mykel Linn Tidwell;

- J. Brent Burnett;

- Terry Burnett;

- Sherman Trucking and its representatives;

- Riley Livestock and its representatives;

- Rick Rodgers;

- Eric Dejarnatt;

- Keith Harris Farms, Inc. and its representatives;

- Rapp Ranch and its representatives;

- Caleb Little;

- Open A Arena, LLC and its representatives;

- Michael Evans;

- Miranda Evans;

- Bo Robinson;

- 2B Farms, Inc. and its representatives;

- Hefner Cattle, LLC and its representatives;

- Hefner Feedyard LLC and its representatives;

- Thorlakson Feedyards and its representatives;

- Thorlakson Diamond T Feeders LP and its representatives;

- AgTexas Farm Credit Services and its representatives;

- AgTexas, PCA and its representatives;

- Colton Long;

- Priest Victory Investment LLC and its representatives;

- Priest Cattle Company Ltd. and its representatives;

- Priest Cattle and Land Company, Inc. and its representatives;

- Dwight Jesko;

- Vynessa Jenkins;

- Friona Industries, LC and its representatives;

- Cactus Feeders Finance LLC and its representatives;

- Douglas C. Pritchett;

- Scarlett & Black Cattle, LLC and its representatives;

- Texas & Southwestern Cattle Raisers Association and its representatives;

- Jared Lesh;

- Jared Lesh Cowhorses, Inc.;

- Reita Dufferrena;

- Carraway Cattle and its representatives;

- BigSeven Capital Partners, LLC and its representatives;

- WJ Performance Horses, Inc. and its representatives;

- Angela Dean Robinson;

- Partain Investment Group and its representatives;

- Bar D Ranch Land & Cattle, LLC and its representatives;

- Scott Livestock Company and its representatives;

- Steve T. Scott Farms, Inc. and its representatives;

- Death Creek Farms LLC and its representatives;

- David Rainey;

- Arnold Braun;

- Robert Braun;

- Nikki Lockwood;

- Sherri Lockwood;

- Cole Lockwood;

- Charles Lockwood;

- Lyndal Vanbuskirk;

- Janet Marie Vanbuskirk;

- Colby Vanbuskirk;

- Susan Vanbuskirk;

- Edwin Dale Buss;

- Dennis Lee Buss;

- Janie E. Lawhon;

- Joran Lesh;

- Jan Lesh;

- Lesh Trucking and its representatives;

- Robert Gray;

- Ronnie Gray;

- Bryan Blackman;

- Codie Perry;

- Keeling Cattle Feeders, Inc. and its representatives;

- Heartland Co-op and its representatives;

- Brooks Farms and its representatives;

- TGF Ranch and its representatives;

- Don Jones Farm, Inc. and its representatives;

- Cactus Operating LLC and its representatives;

- Ralph Reisz;

- Veronica Reisz;

- W.R. Russell, Jr.;

- Edwin P. Stewart;

- Garwood Cattle Company LLC and its representatives;

- Steven Sutton;

- Richard Carraway;

- Ridgefield Capital Management and its representatives;

- Andrew Lee Phillips;

- Barry Phillips;

- Stanley Ayers;

- Jake Rininger;

- Curtis Jones Farms LLC and its representatives;

- Frontier Farm Credit and its representatives;

- Chris Ward, Special Ranger; or

- Jay Foster, Special Ranger.

5. All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 4 above, on the other hand, during the Relevant Documents Time Period.

6. All contracts or agreements between any of the McClain Parties and any of the persons or entities identified in Request No. 4 above that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

7. All records of any purchases or sales of Cattle between any of the McClain Parties and any of the persons or entities identified in Request No. 4 above that were made, executed, delivered or effective at any point during the Relevant Documents Time Period.

8. All records between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 4 above, on the other hand, that were made, executed, delivered or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing or investing in any Cattle.

9.      All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2023;

10.      All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims, or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2023;

11.      All documents that refer to, relate to, evidence, show or tent to show the assets, liabilities and financial affairs of any of the McClain parties at all periods of time during the Relevant Documents Time Period;

12.      Brian McClain's public suicide note; and

13.      Brian McClain's private suicide note left for the family.

14.      A current image of all cellular telephones used by McClain between January 1, 2023 and the present in your possession, custody, or control.

# EXHIBIT "A"

## **DEFINITIONS**

### **(Kinsey Moreland)**

1.  <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.  <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.  <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.  <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.  <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, and his daughter Meagan B. Goad, f/k/a Meagan B. Powell.

6.  <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.  <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.    <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.    <u>MAP</u>.  The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.    <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, and representatives of the foregoing, including but not limited to Bo Robinson.

11.    <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.    <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.    <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.    <u>Wildforest Accounts</u>.  The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.     <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.     <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.     <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.     <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19.     <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.     <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

21.   <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.   <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.     <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.     <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.     <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.     <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.     <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## <u>INSTRUCTIONS</u>

A.     To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.     These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.     In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.      A current image of all cellular telephones used by You between January 1, 2023 and the present;

2.      All emails sent or received by You between January 1, 2023 and the present which refer to or in any way relate to any of the McClain Parties.

3.      All communications, including but not limited to text messages, call records, IMs, and emails, that were either sent by or sent to any of the McClain Parties during the Relevant Communications Time Period.

4.      All communications, including but not limited to text messages, call records, IMs, and emails, between You and any of the following from January 1, 2023 through the present:

- Brian McClain;

- Crystal McClain;

- Chelsea McClain;

- Meagan B. Goad, aka Megan B. Powell;

- Jed Goad;

- Angela Powell;

- MAP and its representatives;

- Wildforest and its representatives;

- Whitlock and its representatives, including Julie Whitlock;

- Samuel S. Brown;

- Carr, Riggs & Ingram, LLC and its representatives;

- MB and its representatives;

- CFSB and ites representatives;

- Michael Gourley;

- Pam Gourley;

- Michael Acey;

- Acey Livestock, LLC and its representatives;

- Jimmy D. Greet;

- John Dale Tidwell;

- Mykel Linn Tidwell;

- J. Brent Burnett;

- Terry Burnett;

- Sherman Trucking and its representatives;

- Riley Livestock and its representatives;

- Rick Rodgers;

- Eric Dejarnatt;

- Keith Harris Farms, Inc. and its representatives;

- Rapp Ranch and its representatives;

- Caleb Little;

- Open A Arena, LLC and its representatives;

- Michael Evans;

- Miranda Evans;

- Bo Robinson;

- 2B Farms, Inc. and its representatives;

- Hefner Cattle, LLC and its representatives;

- Hefner Feedyard LLC and its representatives;

- Thorlakson Feedyards and its representatives;

- Thorlakson Diamond T Feeders LP and its representatives;

- AgTexas Farm Credit Services and its representatives;

- AgTexas, PCA and its representatives;

- Colton Long;

- Priest Victory Investment LLC and its representatives;

- Priest Cattle Company Ltd. and its representatives;

- Priest Cattle and Land Company, Inc. and its representatives;

- Dwight Jesko;

- Vynessa Jenkins;

- Friona Industries, LP and its representatives;

- Cactus Feeders Finance LLC and its representatives;

- Douglas C. Pritchett;

- Scarlett & Black Cattle, LLC and its representatives;

- Texas & Southwestern Cattle Raisers Association and its representatives;

- Jared Lesh;

- Jared Lesh Cowhorses, Inc.;

- Reita Dufferrena;

- Carraway Cattle and its representatives;

- BigSeven Capital Partners, LLC and its representatives;

- WJ Performance Horses, Inc. and its representatives;

- Angela Dean Robinson;

- Partain Investment Group and its representatives;

- Bar D Ranch Land & Cattle, LLC and its representatives;

- Scott Livestock Company and its representatives;

- Steve T. Scott Farms, Inc. and its representatives;

- Death Creek Farms LLC and its representatives;

- David Rainey;

- Arnold Braun;

- Robert Braun;

- Nikki Lockwood;

- Sherri Lockwood;

- Cole Lockwood;

- Charles Lockwood;

- Lyndal Vanbuskirk;

- Janet Marie Vanbuskirk;

- Colby Vanbuskirk;

- Susan Vanbuskirk;

- Edwin Dale Buss;

- Dennis Lee Buss;

- Janie E. Lawhon;

- Joran Lesh;

- Jan Lesh;

- Lesh Trucking and its representatives;

- Robert Gray;

- Ronnie Gray;

- Bryan Blackman;

- Codie Perry;

- Keeling Cattle Feeders, Inc. and its representatives;

- Heartland Co-op and its representatives;

- Brooks Farms and its representatives;

- TGF Ranch and its representatives;

- Don Jones Farm, Inc. and its representatives;

- Cactus Operating LLC and its representatives;

- Ralph Reisz;

- Veronica Reisz;

- W.R. Russell, Jr.;

- Edwin P. Stewart;

- Garwood Cattle Company LLC and its representatives;

- Steven Sutton;

- Richard Carraway;

- Ridgefield Capital Management and its representatives;

- Andrew Lee Phillips;

- Barry Phillips;

- Stanley Ayers;

- Jake Rininger;

- Curtis Jones Farms LLC and its representatives;

- Frontier Farm Credit and its representatives;

- Chris Ward, Special Ranger; or

- Jay Foster, Special Ranger.

5.      All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 4 above, on the other hand, during the Relevant Documents Time Period.

6.      All contracts or agreements between any of the McClain Parties and any of the persons or entities identified in Request No. 4 above that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

7.      All records of any purchases or sales of Cattle between any of the McClain Parties and any of the persons or entities identified in Request No. 4 above that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

8.      All records between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 4 above, on the other hand, that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing or investing in any Cattle.

9.      All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2023;

10.      All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims, or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2023;

11.      All documents that refer to, relate to, evidence, show or tent to show the assets, liabilities, and financial affairs of any of the McClain parties at all periods of time during the Relevant Documents Time Period;

12.      Brian McClain's public suicide note;

13.      Brian McClain's private suicide note left for the family; and

14.      A current image of all cellular telephones used by Brian McClain between January 1, 2018 and the present in your possession, custody, or control.

# EXHIBIT "A"

## **DEFINITIONS**

## **(MAP Enterprises)**

1.      <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.      <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.      <u>MFY</u>.   The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.      <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.      <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.      <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.      <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.    <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.    <u>MAP</u>.  The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.    <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.    <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.    <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.    <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.    <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.     <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.     <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.     <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.     <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19.     <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.     <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

21.    <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.    <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.      The Articles of Incorporation or Organization, plus all amendments thereto, for MAP.

2.      The Bylaws or Operating Agreement, plus all amendments thereto, for MAP.

3.      A list of all owners, shareholders, members, or investors of MAP during the Relevant Documents Time Period.

4.      All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the MAP Accounts, from the opening or inception of the accounts through the present.

5.      All documents referring to, relating to, concerning, or explaining the transfer of funds from the MAP Accounts to the McClain Accounts during the Relevant Documents Time Period.

6.      All documents referring to, relating to, concerning, or explaining the transfer of funds from the McClain Accounts to the MAP Accounts during the Relevant Documents Time Period.

7.      All records and documents evidencing all transaction activities in or related to the MAP Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the MAP Accounts.

8.      All corporate resolutions or other agreements that were presented to open or maintain the MAP Accounts.

9.      All documents evidencing the owners, members, managers, partners, or investors in MAP.

10.     All communications, including but not limited to text messages, call records, IMs, and emails, between MAP and any of the any of the following, from January 1, 2018 through the present, referring or in any way relating to any of the McClain Parties:

- Brian McClain;

- Crystal McClain;

- Chelsea McClain;

- Meagan B. Goad, aka Megan B. Powell;

- Jed Goad;

- Kinsey Moreland;

- Angela Powell;

- Whitlock and its representatives, including Julie Whitlock;

- MB and its representatives;

- CFSB and its representatives;

- Wildforest and its representatives;

- 2B and its representatives;

- Clint Quarles, Kentucky Department of Agriculture.

- Friona Industries, LP and its representatives; and

- Cactus Feeders LLC and its representatives.

11. All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and MAP, on the other hand, during the Relevant Documents Time Period.

12. All contracts or agreements between any of the McClain Parties, on the one hand, and MAP, on the other hand, during the Relevant Documents Time Period.

13. All records of any purchases or sales of Cattle between any of the McClain Parties and MAP that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

14. All records between any of the McClain Parties and MAP that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing, or investing in any Cattle.

15. All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

16. All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims, or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

17. All documents evidencing any debts or obligations owed by MAP to any of the McClain Parties.

18.    All documents evidencing any debts or obligations owed by any of the McClain Parties to MAP.

19.    If and to the extent MAP or any of its owners, shareholders, members, managers, or investors assert that any of the McClain Parties either owe them money or are holding or in possession of their property, all records and documents supporting such claims.

20.    All promissory notes, investment contracts, and/or loan agreements by and between any of the McClain Parties, on the one hand, and MAP or any of its owners, shareholders, members, managers, or investors, on the other hand.

# EXHIBIT "A"

## **DEFINITIONS**

## **(Wildforest Cattle)**

1.     <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.     <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.     <u>MFY</u>.   The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.     <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.     <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.     <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.     <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.     <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.     <u>MAP</u>.   The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.     <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.     <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.     <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.     <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.     <u>Wildforest Accounts</u>.  The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.     <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.     <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.     <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.     <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19.     <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.     <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage

files (including activity logs, records of internet and web browser generated files, history files,

caches, and cookies), network access information, blogs, tweets, instant messages, letters,

envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of

telephone conversations, summaries or records of personal conversations or interviews,

summaries or records of meetings or conferences, minutes or transcripts or notations of meetings

or telephone conversations or other communications of any type, tabulations, studies, analyses,

evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars,

appointment books, diaries, billing records, invoices, or photographs, or other data compilations

in any medium from which information can be obtained, including, but not limited to microfilms,

magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital

assistants, smart phones, and archives, and includes any other documents discoverable under

Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to

which you otherwise have access.  The term "document" *also includes* file and folder tabs

associated with each of the aforementioned originals, copies, drafts, or versions. The term

"document" also includes "communications" as defined herein.

21.    <u>Communications</u>.  The term "communications" shall be construed as broadly as

possible, and shall include, but not be limited, to all e-mails, text messages, correspondence,

memoranda, or other written documentation in any form.

22.    <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in

connection with, describing, evidencing, indicating, supporting or constituting, digesting,

embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.     <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.     <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.     <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.     <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.     <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.      To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.      These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.      In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.      The Articles of Incorporation or Organization, plus all amendments thereto, for Wildforest.

2.      The Bylaws or Operating Agreement, plus all amendments thereto, for Wildforest.

3.      A list of all owners, shareholders, members, or investors of Wildforest during the Relevant Documents Time Period.

4.      All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the Wildforest Accounts, from the opening or inception of the accounts through the present.

5.      All documents referring to, relating to, concerning or explaining the transfer of funds from the Wildforest Accounts to the McClain Accounts during the Relevant Documents Time Period.

6.      All documents referring to, relating to, concerning, or explaining the transfer of funds from the McClain Accounts to the Wildforest Accounts during the Relevant Documents Time Period.

7.      All records and documents evidencing all transaction activities in or related to the Wildforest Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the Wildforest Accounts.

8.      All corporate resolutions or other agreements that were presented to open or maintain the Wildforest Accounts.

9.      All documents evidencing the owners, members, managers, partners, or investors in Wildforest.

10.     All communications, including but not limited to text messages, call records, IMs, and emails, between Wildforest and any of the any of the following, from January 1, 2018 through the present, referring or in any way relating to any of the McClain Parties:

- Brian McClain;

- Crystal McClain;

- Chelsea McClain;

- Meagan B. Goad, aka Megan B. Powell;

- Jed Goad;

- Kinsey Moreland;

- Angela Powell;

- Whitlock and its representatives, including Julie Whitlock;

- MB and its representatives;

- CFSB and its representatives;

- MAP and its representatives;

- 2B and its representatives;

- Clint Quarles, Kentucky Department of Agriculture.

- Friona Industries, LP and its representatives; and

- Cactus Feeders LLC and its representatives.

11.    All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and Wildforest, on the other hand, during the Relevant Documents Time Period.

12.    All contracts or agreements between any of the McClain Parties, on the one hand, and Wildforest, on the other hand, during the Relevant Documents Time Period.

13.    All records of any purchases or sales of Cattle between any of the McClain Parties and Wildforest that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

14.    All records between any of the McClain Parties and Wildforest that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing, or investing in any Cattle.

15.    All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

16.    All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

17.    All documents evidencing any debts or obligations owed by Wildforest to any of the McClain Parties.

18.     All documents evidencing any debts or obligations owed by any of the Wildforest Parties to MAP.

19.     If and to the extent Wildforest or any of its owners, shareholders, members, managers, or investors assert that any of the McClain Parties either owe them money or are holding or in possession of their property, all records and documents supporting such claims.

20.     All promissory notes, investment contracts and/or loan agreements by and between any of the McClain Parties, on the one hand, and Wildforest or any of its owners, shareholders, members, managers, or investors, on the other hand.

# EXHIBIT "A"

## **DEFINITIONS**

### **(2B Farms)**

1.    <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.    <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.    <u>MFY</u>.   The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.    <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.    <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.    <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.    <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.    <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.    <u>MAP</u>.    The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.    <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, and representatives of the foregoing, including but not limited to Bo Robinson.

11.    <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.    <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.    <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.    <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.    <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.    <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.    <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.    <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19.    <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.    <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

21.   <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form

22.   <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **<u>INSTRUCTIONS</u>**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.    You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.    These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.    The Articles of Incorporation or Organization, plus all amendments thereto, for 2B.

2.    The Bylaws or Operating Agreement, plus all amendments thereto, for 2B.

3.    A list of all owners, shareholders, members, or investors of 2B during the Relevant Documents Time Period.

4.    All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the 2B Accounts, from the opening or inception of the accounts through the present.

5.    All documents referring to, relating to, concerning, or explaining the transfer of funds from the 2B Accounts to the McClain Accounts during the Relevant Documents Time Period.

6.    All documents referring to, relating to, concerning, or explaining the transfer of funds from the McClain Accounts to the 2B Accounts during the Relevant Documents Time Period.

7.     All records and documents evidencing all transaction activities in or related to the 2B Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the 2B Accounts.

8.     All corporate resolutions or other agreements that were presented to open or maintain the 2B Accounts.

9.     All documents evidencing the owners, members, managers, partners, or investors in 2B.

10.     All communications, including but not limited to text messages, call records, IMs, and emails, between 2B and any of the any of the following, from January 1, 2018 through the present, referring or in any way relating to any of the McClain Parties:

- Brian McClain;

- Crystal McClain;

- Chelsea McClain;

- Meagan B. Goad, aka Megan B. Powell;

- Jed Goad;

- Kinsey Moreland;

- Angela Powell;

- Whitlock and its representatives, including Julie Whitlock;

- MB and its representatives;

- CFSB and its representatives;

- MAP and its representatives;

- Wildforest and its representatives;

- Clint Quarles, Kentucky Department of Agriculture.

- Friona Industries, LP and its representatives; and

- Cactus Feeders LLC and its representatives.

11.    All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and 2B, on the other hand, during the Relevant Documents Time Period.

12.    All contracts or agreements between any of the McClain Parties, on the one hand, and 2B, on the other hand, during the Relevant Documents Time Period.

13.    All records of any purchases or sales of Cattle between any of the McClain Parties and 2B that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

14.    All records between any of the McClain Parties and 2B that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing, or investing in any Cattle.

15.    All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

16.    All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims, or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

17.    All documents evidencing any debts or obligations owed by 2B to any of the McClain Parties.

18.     All documents evidencing any debts or obligations owed by any of the McClain Parties to 2B.

19.     If and to the extent 2B or any of its owners, shareholders, members, managers, or investors assert that any of the McClain Parties either owe them money or are holding or in possession of their property, all records and documents supporting such claims.

20.     All promissory notes, investment contracts and/or loan agreements by and between any of the McClain Parties, on the one hand, and 2B or any of its owners, shareholders, members, managers, or investors, on the other hand.

# EXHIBIT "A"

# **DEFINITIONS**

## **(CFSB)**

1.  <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.  <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.  <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.  <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.  <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.  <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.  <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after January 1, 2023.

8. <u>Wildforest</u>. The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9. <u>MAP</u>. The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10. <u>2B</u>. The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11. <u>CFSB</u>. The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12. <u>MB</u>. The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13. <u>McClain Accounts</u>. The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14. <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.   <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.   <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.   <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.   <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19.   <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20.   <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

21.    Communications.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.    Concerning.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or

including, in whole or in part.

23.      <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.      <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively

or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

25.      <u>Number</u>.  The use of the singular form of any word includes the plural and vice

versa.

26.      <u>Tense</u>.  The use of the present tense includes the present and past tense, and the

use of the past tense includes the past and present tense.

27.      <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom

this subpoena is directed.

## <u>INSTRUCTIONS</u>

A.      To the extent any Document Request in this subpoena seeks documents also

covered by any other Document Request(s) to You, it is for purposes of completeness only, and

should in no way be construed as limiting or otherwise narrowing any of the other Requests

herein.

B.      These Requests shall extend to all documents in the possession, custody, and/or

control of You, as well as all documents in the possession, custody, or control of persons or

entities under Your control or which You could reasonably gain access.

C.      In the event that more than one copy of a documents exists, You should produce

the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.      All bank statements for the MAP Accounts and the Wildforest Accounts from the opening or inception of the accounts through the present.

2.      All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the MAP Accounts and the Wildforest Accounts, from the opening or inception of the accounts through the present.

3.      All records and documents evidencing all transaction activities in or related to the MAP Accounts and the Wildforest Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the MAP Accounts and/or the Wildforest Accounts.

4.      All corporate resolutions or other agreements that were presented to open or maintain the MAP Accounts and the Wildforest Accounts.

5.      All documents evidencing the owners, members, managers, partners, or investors in either MAP or Wildforest.

6.      All "Know Your Customer" or "KYC" information collected during the life of the MAP Accounts and the Wildforest Accounts.

7.      All external communications with MB, MAP, Wildforest, or the McClain Parties referring or relating to the McClain Accounts, the MAP Accounts, or the Wildforest Accounts.

8.      All external communications with third parties referring to, related to, or concerning the McClain Parties, the McClain Accounts, the MAP Accounts, or the Wildforest Accounts during the Relevant Communications Time Period.

9.      All internal communications referring to, related to or concerning the McClain Parties, the McClain Accounts, the MAP Accounts, or the Wildforest Accounts during the Relevant Communications Time Period.

10.      All policies and procedures in force during the Relevant Documents Time Period referring or relating to (a) Regulation CC compliance or implementation, or (b) availability of funds, or (c) dishonoring checks or wire transfers.

11.      All policies and procedures in force during the Relevant Documents Time Period referring or relating to implementation of the Check Clearing for the 21st Century Act.

12.      All suspicious activity reports or other reports made or submitted by You during the Relevant Communications Time Period to any regulatory body, including but not limited to the Office of the Comptroller of the Currency, United States Department of Treasury, referring to, related to or concerning the McClain Parties, the McClain Accounts, MAP, the MAP Accounts, Wildforest, or the Wildforest Accounts.

# EXHIBIT "A"

## DEFINITIONS

## (Whitlock & Company, P.C.)

1.    <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.    <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.    <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.    <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.    <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.    <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.    <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8.    <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9.    <u>MAP</u>.   The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10.    <u>2B</u>.  The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.    <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.    <u>MB</u>.  The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.    <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14.    <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15.  <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.  <u>2B Accounts</u>.  The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17.  <u>Whitlock</u>.  The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18.  <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through and including April 30, 2023.

19.  <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through and including April 30, 2023.

20.  <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

21.    <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

22.    <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

24.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

26.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed, including Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all its officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

## <u>INSTRUCTIONS</u>

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.     In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.     You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.     These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.     All contracts or agreements entered into or in force during the Relevant Documents Time Period between Whitlock, on the one hand, and any of the McClain Parties, MAP or Wildforest, on the other hand.

2.     All emails or text messages sent or received by Whitlock during the Relevant Documents Time Period which refer to or in any way relate to any of the McClain Parties.

3.     All communications, including but not limited to text messages, call records, IMs, and emails, that were either sent by or sent to by Whitlock to any of the McClain Parties, MAP or Wildforest during the Relevant Communications Time Period.

4.     All communications, including but not limited to text messages, call records, IMs, and emails, between Whitlock and any of the following from January 1, 2023 through April 30, 2023 that refer to or in any way relate to the McClain Parties, MAP, or Wildforest:

- Crystal McClain;

- Chelsea McClain;

- Jed Goad;

- Kinsey Moreland;

- Angela Powell;

- MAP and its representatives;

- Wildforest and its representatives;

- 2B and its representatives;

- Carr, Riggs & Ingram, LLC and its representatives;

- MB and its representatives;

- CFSB and its representatives;

- Michael Gourley;

- Pam Gourley;

- Michael Acey;

- Acey Livestock, LLC and its representatives;

- Jimmy D. Greer;

- John Dale Tidwell;

- Mykel Linn Tidwell;

- J. Brent Burnett;

- Terry Burnett;

- Sherman Trucking and its representatives;

- Riley Livestock and its representatives;

- Rick Rodgers;

- Eric Dejarnatt;

- Keith Harris Farms, Inc. and its representatives;

- Rapp Ranch and its representatives;

- Caleb Little;

- Open A Arena, LLC and its representatives;

- Michael Evans; and

- Miranda Evans.

5.    All documents that evidence, show or tend to show Whitlock's authority to act on behalf of either MAP or Wildforest, including but not limited to Whitlock's authority to sign checks or initiate wire transfers on behalf of MAP or Wildforest.

6.    All documents that evidence, show or tend to show any financial services provided by Whitlock to any of the McClain Parties, MAP, or Wildforest during the Relevant Documents Time Period.

7.    All federal or state tax returns, including all schedules thereto, for any of the McClain Parties, MAP, or Wildforest during the tax years ending 2019, 2020, 2021, 2022 and/or 2023.

8.    All balance sheets, income statements, statements of assets and liabilities, accounts receivable reports, accounts payable reports, and other financial reports created, prepared or maintained by Whitlock for any of the McClain Entities, MAP or Wildforest during the Relevant Documents Time Period.

9.    All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 4 above, on the other hand, during the Relevant Documents Time Period.

10.     All contracts or agreements between any of the McClain Parties and any of the persons or entities identified in Request No. 4 above that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

11.     All records of any purchases or sales of Cattle between any of the McClain Parties and any of the persons or entities identified in Request No. 4 above that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

12.     All records between any of the McClain Parties, on the one hand, and any of the persons or entities identified in Request No. 4 above, on the other hand, that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing or investing in any Cattle.

13.     All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

14.     All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims, or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

15.     All invoices and billing records between Whitlock, on the one hand, and any of the McClain Parties, MAP or Wildforest, on the other hand, that were created, sent, delivered, or paid during the Relevant Documents Time Period.

16.     All engagement letters between Whitlock, on the one hand, and any of the McClain Parties, MAP, or Wildforest, on the other hand, that were executed or in force during the Relevant Documents Time Period.