**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE: <br><br> McCLAIN FEED YARD, INC., <br><br> Debtor. | **CASE NO. 23-20084-7-rlj** <br><br> **Chapter 7** |
| IN RE: <br><br> McCLAIN FARMS, INC., <br><br> *Debtor*. | **CASE NO. 23-20085-7-rlj** <br><br> **Chapter 7** |
| IN RE: <br><br> 7M CATTLE FEEDERS, INC., <br><br> *Debtor*. | **CASE NO. 23-20086-7-rlj** <br><br> **Chapter 7** |

**<u>ORDER GRANTING RABO AGRIFINANCE LLC'S MOTION FOR RELIEF FROM
THE AUTOMATIC STAY</u>**

This matter is before the Court on *Rabo's Motion for Relief from the Automatic Stay* (the "**Motion**") that has been filed in all three of the above-entitled Chapter 7 cases by Rabo AgriFinance LLC ("**Rabo**").

The Court finds that the Motion is well-taken, and that the relief requested therein should be granted. Accordingly, pursuant to 11 U.S.C. § 362, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and for good cause shown, **IT IS HEREBY ORDERED** as follows:

1. The Motion shall be, and it hereby is, granted in all three cases as to all three Debtors and their bankruptcy estates.

2. The automatic stay of 11 U.S.C. § 362 is hereby terminated and lifted with respect to the real property, improvements, fixtures, water rights and other property (collectively, the "**Real Property**") described in those certain Deeds of Trust, Assignments of Rents and Security Agreements (Deaf Smith and Parmer Counties, Texas) that are attached at Exhibits "A" through "D" to the Motion, and the automatic stay, for cause pursuant to Section 362(d)(1) of the Bankruptcy Code, and Rabo is hereby authorized (but not directed) to repossess and foreclose upon, sell, or otherwise liquidate its interest in the Real Property pursuant to non-bankruptcy law, without further order of the Court.

3. The automatic stay of 11 U.S.C. § 362 is also hereby terminated and lifted with respect to any and all equipment and fixtures (excluding only titled equipment or fixtures or any computers, laptops, phones, thumb drives or any other equipment that would contain any of the Debtors' records) (collectively, the "**Equipment**") owned by any of the above-entitled Debtors, including but not limited to the Exhibit described and identified in Exhibits "E" through "G" of

the Moton, and Rabo is hereby authorized (but not directed) to repossess and foreclose upon, sell, or otherwise liquidate its interest in the Equipment pursuant to non-bankruptcy law, without further order of the Court.

4.  The fourteen (14) day stay period established by Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived, and this Order shall take effect immediately upon its entry on the Court's docket.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*END OF ORDER\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Order Submitted by:**

| | |
|---|---|
| */s/ Michael R. Johnson* <br> Michael R. Johnson <br> RAY QUINNEY & NEBEKER P.C. <br> 36 South State Street, Suite 1400 <br> Salt Lake City, Utah 84111 <br> Telephone: (801) 532-1500 <br> Facsimile: (801) 532-7543 <br> Email: mjohnson@rqn.com | Dated: May 19, 2023 |

3