IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC.,<br><br>Debtor. | **CASE NO. 23-20084-7-rlj**<br><br>**Chapter 7** |
| IN RE:<br><br>McCLAIN FARMS, INC.,<br><br>*Debtor.* | **CASE NO. 23-20085-7-rlj**<br><br>**Chapter 7** |
| IN RE:<br><br>7M CATTLE FEEDERS, INC.,<br><br>*Debtor.* | **CASE NO. 23-20086-7-rlj**<br><br>**Chapter 7** |

## ACCEPTANCE OF SERVICE OF RULE 2004 SUBPOENA
### (2BFarms, a Texas General Partnership)

The undersigned, Todd J. Johnston, counsel for 2B Farms, a Texas General Partnership ("2B Farms") (i) affirms that he has received a copy of the *Subpoena for Rule 2004 Production of Documents,* dated May 22, 2023, issued in the above-entitled case by Michael R. Johnson, counsel for the Rabo AgriFinance LLC (the "**Subpoena**"); (ii) accepts service of the Subpoena on behalf of 2B Farms without the requirement of formal service; and (iii) waives any right that 2B Farms might have to service of the Subpoena by any other means.

2B Farms reserves all other rights and defenses with respect to the Subpoena other than defenses, if any, based upon improper or ineffective service.

*Acceptance of Service of Rule 2004 Subpoena on 2B Farms*
*Page 2*

DATED: May **23**, 2023.

_____
Todd J. Johnston
McWhorter, Cobb and Johnson, LLP
*Attorneys for 2B Farms*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of May, 2023, the foregoing ACCEPTANCE OF SERVICE OF SUBPOENA and the RULE 2004 SUBPOENA was electronically filed and therefore served via the Court's ECF System on all electronic filing users in this case.

　　　　　　　　　　　　　　　　　　　　　　/s/　　Carrie Hurst

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

In re **McCLAIN FEED YARD, INC.**          Case No. 23-20084-7-rlj
**McCLAIN FARMS, INC.**          Case No. 23-20085-7-rlj
**7M CATTLE FEEDERS, INC.**          Case No. 23-20086-7-rlj

Chapter        7

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO:   2B Farms, a Texas General Partnership
      c/o Todd J. Johnston
      McWhorter, Cobb and Johnson, LLP
      1722 Broadway
      Lubbock, TX  79401

*(Name of person to whom the subpoena is directed)*

☐ *TESTIMONY:* **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ *PRODUCTION:* You must produce by **5:00 p.m. on or before Monday, June 5, 2023, or at a mutually agreed time,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500 | 5-22-2023 |

*Attorneys for Rabo AgriFinance LLC*

Case 23-20084-rlj7　　Doc 32　　Filed 05/24/23　　Entered 05/24/23 10:08:07　　Desc Main
Document　　Page 5 of 15

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.  (Page 2)

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Case 23-20084-rlj7 Doc 32 Filed 05/24/23 Entered 05/24/23 10:08:07 Desc Main Document Page 7 of 15

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 4)

# EXHIBIT A

## Definitions

### (2B Farms)

The following definitions apply to all requests contained herein and in Exhibit "B":

1. <u>RAF</u>. The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2. <u>MF</u>. The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>MFY</u>. The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>7M</u>. The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5. <u>McClain</u>. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6. <u>McClain Parties</u>. The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7. <u>Cattle</u>. The term "Cattle" shall mean any cattle or other livestock that was owned (in whole or in part by) by, under the control of, or in the possession of any of the McClain Parties.

8. <u>Wildforest</u>. The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9. <u>MAP</u>. The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

10. <u>2B</u>. The term "2B" shall mean 2B Farms, a Texas General Partnership, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11. <u>CFSB</u>. The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12. <u>MB</u>. The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13. <u>McClain Accounts</u>. The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

14. <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

15. <u>MAP Accounts</u>. The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16. <u>2B Accounts</u>. The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

17. <u>Whitlock</u>. The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

18. <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

19. <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

20. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents,

spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

21. <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form

22. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting

on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

23. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

24. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

26. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

27. <u>You/Your</u>. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## INSTRUCTIONS

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D. You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## EXHIBIT B

### Requested Documents

1.  The Articles of Incorporation or Organization, plus all amendments thereto, for 2B.

2.  The Bylaws or Operating Agreement, plus all amendments thereto, for 2B.

3.  A list of all owners, shareholders, members, or investors of 2B during the Relevant Documents Time Period.

4.  All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the 2B Accounts, from the opening or inception of the accounts through the present.

5.  All documents referring to, relating to, concerning, or explaining the transfer of funds from the 2B Accounts to the McClain Accounts during the Relevant Documents Time Period.

6.  All documents referring to, relating to, concerning, or explaining the transfer of funds from the McClain Accounts to the 2B Accounts during the Relevant Documents Time Period.

7.  All records and documents evidencing all transaction activities in or related to the 2B Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the 2B Accounts.

8.  All corporate resolutions or other agreements that were presented to open or maintain the 2B Accounts.

9.  All documents evidencing the owners, members, managers, partners, or investors in 2B.

10. All communications, including but not limited to text messages, call records, IMs, and emails, between 2B and any of the any of the following, from January 1, 2018 through the present, referring or in any way relating to any of the McClain Parties:

- Brian McClain;
- Crystal McClain;
- Chelsea McClain;
- Meagan B. Goad, aka Megan B. Powell;
- Jed Goad;
- Kinsey Moreland;
- Angela Powell;
- Whitlock and its representatives, including Julie Whitlock;
- MB and its representatives;
- CFSB and its representatives;
- MAP and its representatives;
- Wildforest and its representatives;
- Clint Quarles, Kentucky Department of Agriculture.
- Friona Industries, LP and its representatives; and
- Cactus Feeders LLC and its representatives.

11. All documents that refer to, relate to, evidence, show or tend to show the transfer of any money or property by and between any of the McClain Parties, on the one hand, and 2B, on the other hand, during the Relevant Documents Time Period.

12. All contracts or agreements between any of the McClain Parties, on the one hand, and 2B, on the other hand, during the Relevant Documents Time Period.

13. All records of any purchases or sales of Cattle between any of the McClain Parties and 2B that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period.

14. All records between any of the McClain Parties and 2B that were made, executed, delivered, or effective at any point during the Relevant Documents Time Period, and that refer or relate to any feeding, caring, brokering, selling, purchasing, or investing in any Cattle.

15. All records or documents that refer to, relate to, evidence, show or tend to show the ownership of any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

16. All records or documents that refer to, relate to, evidence, show or tend to show any liens, claims, or encumbrances against any Cattle in the possession of any of the McClain Parties at any period from and after January 1, 2019.

17. All documents evidencing any debts or obligations owed by 2B to any of the McClain Parties.

18. All documents evidencing any debts or obligations owed by any of the McClain Parties to 2B.

19. If and to the extent 2B or any of its owners, shareholders, members, managers, or investors assert that any of the McClain Parties either owe them money or are holding or in possession of their property, all records and documents supporting such claims.

20. All promissory notes, investment contracts and/or loan agreements by and between any of the McClain Parties, on the one hand, and 2B or any of its owners, shareholders, members, managers, or investors, on the other hand.

1638020