Kent Ries, Attorney at Law
State Bar No. 16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| **MCCLAIN FEED YARD, INC.** | § | **CASE NO. 23-20084-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| IN RE: | § | Chapter 7 |
| | § | |
| **MCCLAIN FARMS, INC.** | § | **CASE NO. 23-20085-RLJ-7** |
| | § | |
| Debtor. | § | |
| | § | |
| IN RE: | § | Chapter 7 |
| | § | |
| **7M CATTLE FEEDERS, INC.** | § | **CASE NO. 23-20086-RLJ-7** |
| | § | |
| Debtor. | § | |

## TRUSTEE'S RESPONSE TO RABO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee (the "Trustee") of the referenced Chapter 7 bankruptcy estates, and files this Response to Rabo's Motion for Relief from the Automatic Stay (the "Motion"), and in support thereof would respectfully show unto the Court as follows:

1. Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the three bankruptcy estates.

### A. The Motion

2. Rabo AgriFinance LLC ("Rabo"), filed its Motion in each of McClain Feed Yard, Inc. ("MFY"), McClain Farms, Inc. ("MF") and 7M Cattle Feeders, Inc. ("7M") (collectively, the "Debtors") cases.

3. The Trustee agrees with Rabo that the real estate and equipment that are property of the Debtors' estates should be promptly liquidated. It appears that most of these types of assets are pledged as collateral to Rabo and/or other secured lenders.

4. The Trustee agrees with Rabo that none of the Debtors are operating businesses where reorganization is an issue for this Motion.

5. The Trustee does not dispute that Rabo's claim in the cases appears to greatly exceed the value of the real estate and equipment described in Rabo's Motion.

6. The Trustee is not aware if the real estate or equipment are insured. The real estate appears to have minimal improvements, as they were used as a growyard feedlot. The equipment has already been removed by Rabo to potential auctioneers. The Trustee has no objection to Rabo's efforts to remove and insure the equipment to preserve its value.

### B. The Cases

7. The Debtors operated growyard feedlots in Parmer County, Texas as 7M, in Deaf Smith County, Texas as MFY, and in Kentucky as MF.

8. All of the Debtors' business operations were shut down prior to their bankruptcy filings. All cattle and other livestock were apparently sold by the Debtors or removed by their alleged owner's pre-petition.

9. The owner of all three Debtor entities was Brian McClain. Mr. McClain apparently committed suicide on April 18, 2023.

10. The Debtors have just filed their bankruptcy schedules in the last two days. The Debtors creditor meetings are set for June 14, 2023. Most of the Trustee's knowledge about the facts in these cases has come from numerous meetings and communications with counsel from many parties, including the U.S. Department of Agriculture (the "USDA").

11. The USDA has asserted that any cattle proceeds, and possibility other assets of the Debtors' estates, are subject to a "Dealer Trust" that arises under 7 U.S.C. § 217(b).

12. The USDA, as well as other parties in these cases, have speculated that the amount of claims in the cases will exceed $100 million dollars. It appears only a small percentage of that amount in hard assets exists as of the petition date. The allegation by Rabo that massive fraud occurred in the cases unfortunately appears to be true.

13. The Trustee believes, based on the limited facts available today, that any substantial assets of this case will result from Chapter 5 claims and other litigation. At this point it is premature and speculative to assert who those parties might be or the amounts at issue. Again, the Debtors have just filed schedules, and did so without the assistance of Debtors' owner or any true management personnel. The Trustee has received access to the bank statements of the Debtors, but otherwise the Debtors' financial records appear to be in complete disarray, for at least the past year.

### C. Trustee Response

14. In general terms, the Trustee does not oppose Rabo from foreclosing on any of its collateral identified in the Motion on which it has a perfected lien.

15. The Trustee believes it would be prudent for Rabo to escrow any funds received in any foreclosure until further Order from this Court upon notice and hearing of same. In particular, an escrow agreement is appropriate here due to the USDA Dealer Trust statutory provisions.

16. If Rabo is not required to escrow these funds, the Trustee asserts that any Order on this Motion must be subject to disgorgement. Such disgorgement rights should not be limited to the USDA Dealer Trust, but also to any claims of the Trustee or other parties in the cases.

17. The Trustee also asserts that any Order on this Motion must not in any way be a release, waiver of otherwise determine the rights of the Trustee or any other party in the cases from pursing claims and recoveries of any kind against Rabo in the future. Nothing in this Motion or any Order should be collateral estoppel or res judicata of any facts or claims in later litigation between Rabo or any other party in these cases.

18. Finally, the Trustee asserts that Rabo's foreclosure of any estate property is subject to this Court's review, now or in the future, that Rabo has a perfected, unavoidable, lien against such property. Again, it is premature to litigate these issues in this Motion. For example, the Motion contains exhibits regarding a filed deed of trust on real estate in Parmer County, Texas, but not the real estate in Deaf Smith County, Texas. Further the Motion contains financing statements with little more than "all assets" as a description of Rabo's collateral. Finally, it appears some of Rabo's claimed liens are not purchase money security interests, including the Deaf Smith County, Texas real estate and most or all of the equipment. Therefore,

there are multiple PMSI leaders whose claims prime Rabo.  The Trustee reserves the right to dispute or litigate Rabo's liens and right to foreclosure proceeds on any asset.

**WHEREFORE, PREMISES CONSIDERED,** Kent Ries, Trustee herein, respectfully prays for an Order of this Court on Rabo's Motion for Relief from the Automatic Stay consistent with the above, and for such other relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

Kent Ries, Attorney at Law
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440-Fax


By:  /s/ Kent Ries
    Kent Ries
    State Bar No. 1691450

COUNSEL FOR TRUSTEE


## CERTIFICATE OF SERVICE

I certify that on the 9th day of June 2023, a true and correct copy of the foregoing response was sent electronically via ECF to the party listed below:

Rabo AgriFinance LLC
Michael Johnson
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

/s/  Kent Ries
Kent Ries