Kent Ries, Attorney at Law
State Bar No. 16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### MOTION FOR APPROVAL OF EMPLOYMENT
### OF FORENSIC ACCOUNTANTS FOR TRUSTEE

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy estates, and files this Motion for Approval of Employment of Forensic Accountants for Trustee, and in support thereof would respectfully show unto the Court as follows:

1. Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

2. Trustee asserts it is necessary to employ forensic accountant, pursuant to 11 U.S.C. § 327, to perform necessary accounting services in the obtaining and investigating records and information of the Debtors, and investigating and pursuing litigation claims of the

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

MOTION FOR APPROVAL OF EMPLOYMENT OF FORENSIC ACCOUNTANTS FOR TRUSTEE - Page 1

Debtors' bankruptcy estates. These cases pose substantial challenges recreating financial records of the Debtors and reviewing such information for potential litigation against numerous parties in Texas, Kentucky, and likely other states where the Debtors' conducted business. The Debtors' records appear to be poor and unreliable. The Debtors' losses, based on estimated creditor claims, exceed well over 100 million dollars. The Trustee has spent considerable time investigating professionals that have prior experience in similar cases and have current capabilities to provide the Trustee with a litigation plan to identify and recover potential claims of the estate.

3. Trustee desires that he be authorized to employ LainFaulkner, 400 N. St. Paul, Suite 600, Dallas, Texas 75201 ("LainFaulkner"), with Jason Rae as the primary accountant, and to pay the firm such compensation and reimbursement of expenses as is just pursuant to 11 U.S.C. § 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure. Jason Rae's affidavit as required by 11 U.S.C. § 327 is attached hereto as Exhibit A and incorporated herein by reference for all purposes.

4. The normal rate for legal services provided by Jason Rae is $450.00 per hour, plus out-of-pocket expenses. Although it is planned for Jason Rae to be the primary accountant in this matter, it is possible other accountants of LainFaulkner may also work on this matter under the direction of the Trustee. The range of fees for such professionals is outlined in the engagement letter attached hereto as Exhibit B and incorporated herein for all purposes.

5. LainFaulkner typically requests a retainer for similar engagements. LainFaulkner will file a separate motion regarding a retainer agreement with appropriate notice and hearing on same.

**MOTION FOR APPROVAL OF EMPLOYMENT OF FORENSIC ACCOUNTANTS FOR TRUSTEE - Page 2**

6. As set forth in the engagement agreement, it is anticipated that a substantial amount of fees and expenses in this engagement will be individual tasks or expenses that benefit more than one of the Debtor's bankruptcy estates. For those fees and expenses, LainFaulkner will utilize a single billing invoice, and all three Debtors' estates will be jointly and severally liable for those fees and expenses. For fees and expenses that are clearly relevant to only one of the Debtor's estates, LainFaulkner will bill those fees and expenses on a separate invoice for that particular Debtor's estate, and only the specific Debtor's estate will be responsible for this separate invoice. However, LainFaulkner reserves the right to seek Bankruptcy Court approval of payment of separate fees and expenses from other Debtor's estates in the event such fees and expenses have benefited other Debtor's estates.

WHEREFORE, PREMISES CONSIDERED, Kent Ries, Trustee herein, respectfully prays for an Order of this Court approving the employment of LainFaulkner to perform professional forensic accounting services in these cases, and for such other relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

Kent Ries, Attorney at Law
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440-Fax


By: /s/ Kent Ries
    Kent Ries
    State Bar No. 1691450

COUNSEL FOR TRUSTEE

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June 2023, a true and correct copy of the above and foregoing Motion was sent electronically via the Court's ECF system on the United States Trustee and parties requesting service.

    /s/ Kent Ries
    Kent Ries

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| MCCLAIN FEED YARD, INC., ET AL[1] | § CASE NO. 23-20084-RLJ-7 |
| | § |
| DEBTORS. | § Jointly Administered |

### AFFIDAVIT OF JASON RAE

STATE OF TEXAS          §
                                        §
COUNTY OF DALLAS   §

ON THIS DAY appeared Jason Rae who, upon being duly sworn, did attest to the following:

1. "My name is Jason Rae, I am over the age of 18 years, and am competent and otherwise qualified to make this Affidavit. I have personal knowledge of the matters stated herein and they are all true and correct to the best of my knowledge.

2. "I am a Director of the accounting firm Lain, Faulkner & Co., P.C. ("LainFaulkner"). LainFaulkner maintains offices at 400 N. Saint Paul Street, Suite 600, Dallas, Texas 75201.

3. "This Affidavit is being provided in connection with the Motion for Approval of Employment of Forensic Accountants for Trustee (the "Application"), filed by Kent Reis (the "Trustee"), the duly-appointed Chapter 7 trustee of the Debtors' estate, in the above-referenced case, and pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a). I have read the Application and believe all of the matters asserted therein to be true and correct.

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

AFFIDAVIT OF JASON RAE – Page 1

**EXHIBIT A**

4. "LainFaulkner maintains offices in Dallas, Texas. LainFaulkner is currently comprised of approximately 22 accountants and support staff. LainFaulkner has expertise in many areas of accounting including business reorganization, bankruptcy, forensic accounting, and claims administration.

5. "The Trustee has requested that LainFaulkner render professional services at the direction of the Trustee in connection with these Chapter 7 cases. The professional services, pursuant to 11 U.S.C. §327, that the Trustee requires or may need LainFaulkner to render include, but are not limited to, the following:

   a) Perform necessary accounting services in the obtaining and investigating records and information of the Debtors, and investigating and pursuing litigation claims of the Debtors' bankruptcy estates; and

   b) Perform all other accounting services and provide all other financial advice to the Trustee in connection with these Chapter 7 cases as may be required or necessary.

6. "The above described professional services will be performed in a consultant role. Should it be determined at a later date that the Trustee requires expert witness services in this matter and desires LainFaulkner to provide those services, this Application will be amended to address those additional services.

7. "Subject to court approval of the Application, LainFaulkner is willing to serve as the Trustee's accountants and to perform the services described above.

8. "LainFaulkner has agreed to perform such accounting services on an hourly fee basis at its standard hourly rates, and the Trustee has agreed to same subject to this Court's approval. LainFaulkner's standard rates range from the following, depending on the personnel assigned:

| Professional/Paraprofessional | Hourly Rate |
|---|---|
| Directors | $400 - $530 |

AFFIDAVIT OF JASON RAE – Page 2

**EXHIBIT A**

| Professional/Paraprofessional | Hourly Rate |
|---|---|
| Accounting Professionals | $220 - $325 |
| IT Professionals | $290 |
| Staff Accountants | $180 - $265 |
| Clerical and Bookkeepers | $95 - $125 |

9. "LainFaulkner's rates are subject to periodic adjustment (normally at year end) to reflect economic conditions, as well as experience and other similar factors.

10. "LainFaulkner has not received any promise as to compensation in connection with the representation other than as set out above.

11. "As part of its diverse practice, LainFaulkner is involved in numerous proceedings and transactions that involve many different professionals, including attorneys, brokers, and financial consultants, who may represent claimants and parties in interest in the Debtors' chapter 7 cases. Also, LainFaulkner has performed in the past, and may perform in the future, services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in this proceeding. LainFaulkner has previously worked, may currently work, and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which LainFaulkner is to be employed, and none are in connection with these cases.

12. "The members of LainFaulkner (i) do not have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys and accountants, (ii) do not have any connection with the United States Trustee or any person employed by the Office of the United States Trustee, (iii) are 'disinterested persons,' as defined in § 101(14) of the Bankruptcy Code, and (iv) do not hold or represent any interest adverse to the Debtors' estates.

13. "In preparing this Affidavit, I have reviewed, or caused to be reviewed, the records of LainFaulkner to determine whether LainFaulkner has any connections with the known parties in interest in this case, or any of their known attorneys and accountants.

14. "Based on the foregoing, I believe LainFaulkner and its members to be "disinterested persons" for purposes of § 101(14) of the Bankruptcy Code. To the extent that LainFaulkner discovers any facts bearing upon the matters described herein or its engagement by the Trustee, LainFaulkner will promptly supplement the information contained in this Affidavit to disclose such information.

15. "Accordingly, to the best of my knowledge, LainFaulkner is qualified to serve as Accountants for the Chapter 7 Trustee in these Chapter 7 cases."

FURTHER AFFIANT SAYETH NOT.

_____
JASON RAE

SWORN TO AND SUBSCRIBED BEFORE ME on this 28th day of June 2023, to certify which witness my hand and seal of office.



_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

JANICE ODEN
ID #5830666
My Commission Expires
May 21, 2026

# LainFaulkner

<u>*Via Electronic Mail – kent@kentries.com*</u>

Kent Ries, Trustee
PO Box 3100
Amarillo, TX 79116-3100

Re:   *LainFaulkner – Forensic Accounting Consulting Services*

Dear Mr. Ries:

We appreciate the opportunity to provide forensic accounting consulting services for the McClain Farms, Inc., McClain Feed Yard, Inc., and 7M Cattle Feeders, Inc. bankruptcy estates ("Estates"). The purpose of this letter is to summarize our understanding of the assistance that Lain, Faulkner & Co., P.C. ("LainFaulkner") will provide to you in your capacity as Chapter 7 Trustee for the Estates (the "Trustee").

1.)   The purpose of this engagement is to accumulate documents and evidence, complete forensic procedures, and develop schedules and other information as the bases for any opinions LainFaulkner form during this engagement. The scope of our work will be continually re-evaluated based upon our findings, and scope re-evaluations will be periodically communicated to you. Because of the intended scope and anticipated purpose, LainFaulkner will not "audit," "review" or "compile" any financial information, as those terms of art are generally defined by the American Institute of Certified Public Accountants.

2.)   Our examination will be conducted in accordance with generally accepted forensic, fraud and business valuation examination and analysis techniques (as required), which include, but are not limited to, analysis of the books and records, voluntary interviews of appropriate personnel, and other such evidence-gathering and analysis procedures as necessary or appropriate under the circumstances. We cannot provide assurances that all or any financial malfeasance, if it exists, will be uncovered as a result of our engagement. The determination of whether or not certain individuals committed fraud is beyond our scope of work and is a decision only for the trier of fact in a court of law.

3.)   We make no guarantee as to the ultimate outcome of any aspect of this matter. Failure of our opinions or conclusions to be accepted for any reason by any party, judge, jury, person, or government entity shall not constitute a breach of any of our duties under this agreement, shall not constitute negligence of any kind on our part, shall not give rise to any cause of action by you, and shall not relieve you of any duties.

4.)   If LainFaulkner publishes a report, it is to be used only for this matter and may not be published or used for any other purpose without our prior written consent. No third parties are intended to be benefited. LainFaulkner does not assume any liability for any third party under any circumstances. The Trustee agrees to indemnify LainFaulkner for all costs and fees, including our then current hourly rates for any such costs and fees that LainFaulkner incurs as a result of the Trustee or its agents providing our report to third parties without our prior written approval. Furthermore, no aspect, conclusion or opinion of our work is to be construed as legal advice or any other type of professional advice or counsel (such as tax, accounting, or investment advice).

5.) We understand that you may provide us with certain information that may be protected by attorney client or work product privilege. During this engagement, we also may develop certain information, notes, and materials, work-papers and reports that collectively are our work product.

6.) Our policy is that we will not retain notes, drafts reports or work-papers that are not relevant to our final conclusion, opinions and the related bases unless directed in writing to do otherwise. If anyone requests or subpoenas any information or materials related to this engagement, which is in our custody or control, we will inform you. Should you request us to take legal action to seek protection against disclosure of such information or materials, the Trustee will retain legal counsel to represent us in that effort and will indemnify us for all associated costs and fees including our fees at the then current hourly rate. We will destroy our files relating to this engagement five years after the concluding court order or settlement.

7.) LainFaulkner's normal rates for this engagement are Directors: $400-$530/hour, Accounting Professionals: $220-$325/hour, IT Professionals: $290/hour, Staff Accountants: $180-$265/hour and supporting personnel: $95-$125/hour. LainFaulkner's hourly rates are subject to annual review and adjustment. LainFaulkner will notify you of any changes to our hourly rates as they occur. A mutually agreeable retainer shall be arranged within 60 days of retention.

8.) It is anticipated that a substantial amount of fees and expenses in this engagement will be individual tasks or expenses that benefit more than one of the Debtor's bankruptcy estates. For those fees and expenses, LainFaulkner will utilize a single billing invoice, and all three Debtor's estates will be jointly and severally liable for those fees and expenses. For fees and expenses that are clearly relevant to only one of the Debtor's estates, LainFaulkner will bill those fees and expenses on a separate invoice for that particular Debtor's estate, and only the specific Debtor's estate will be responsible for this separate invoice. However, LainFaulkner reserves the right to seek Bankruptcy Court approval of payment of separate fees and expenses from other Debtor's estates in the event such fees and expenses have benefited other Debtor's estates.

9.) Our invoices for these fees and our out-of-pocket expenses will be rendered for work performed through the end of each month. We will seek Bankruptcy Court approval for payment of such fees. Additional services not currently contemplated may require, at our discretion, a separate engagement letter and possibly a retainer.

10.) LainFaulkner reserves the right to suspend or terminate services, as well as to withdraw as a consulting expert, if our invoices are not timely paid; accordingly, our engagement will be deemed to have been completed upon our notification of withdrawal.

11.) We understand that at some point you may seek to utilize or disclose LainFaulkner as a testifying expert. We require that you notify us of the disclosure and obtain our approval to move forward prior to making such disclosure. Depending on the circumstances, LainFaulkner may require a separate engagement letter.

12.) Please provide LainFaulkner with all related Court orders, motions, stipulations or agreements relating to our services or scheduling in this matter. If the particular Court has a standard scheduling order that applies, please provide us with that order. Please do not schedule any member of LainFaulkner for hearings, mediation or testimony without checking our availability. We will generally require a minimum of one-half to one full day of preparation time for each anticipated day or part day of testifying time.

6/29/23

13.)   Much of our work can and will be delegated to our staff as long as reasonable due dates are allowed and when requested documents are provided on a timely basis. Unrealistic due dates or untimely document production can force us to do work at an hourly rate that could normally be delegated to staff.

14.)   As an exhibit to this engagement letter, I have attached my CV. If a Court later determines that we are not qualified to offer testimony or determines that all, or any portion of our testimony is excluded or not admissible, such determination will not be deemed a breach of this agreement, and you will still be liable for the payment of fees and expenses as set forth herein.

15.)   After eliminating or redacting all counsel, client, opposing party, company names and docket numbers, we may use sanitized version of any reports prepared or contemplated in this matter in connection with the maintenance of our professional credentials and for our professional development purposes. We may also use the opposing expert's reports from this matter, without redactions, for impeachment purposes in subsequent litigations or for professional standards and accreditation purposes.

16.)   If a dispute arises out of or relating to this contract or engagement letter, or the obligations of the parties therein, and if the dispute cannot be settled through negotiation, the parties agree first to try in good faith to settle the dispute by mediation before resorting to arbitration, litigation, or some other dispute resolution procedure. If any such dispute cannot be resolved through mediation, full payment of all our open invoices is a condition precedent to commencement of any litigation relating to this contract.

17.)   The obligations of LainFaulkner are solely obligations of LainFaulkner. No officer, owner, director, employee, agent, contractor, shareholder, or controlling person shall be subject to any personal liability whatsoever to any person, nor will any such claim be asserted by or on behalf of any other party to this agreement or any person relying on this report.

18.)   Should information become known that would make our continued involvement in this engagement inappropriate or should the attorneys or parties involved in this matter change, LainFaulkner reserves the right to withdraw from this engagement. Our engagement will be deemed to have been completed upon our notification of withdrawal.

19.)   This contract sets forth the entire agreement and understanding between the parties concerning the services and subject matter hereto and supersedes all prior agreements, arrangements and understanding between the parties concerning these services and subject matter. This contract shall be subject to and governed by the laws of the State of Texas. This contract may not be amended or modified, except by a written instrument executed by the parties hereto. This contract and its Appendices, if any, correctly set forth the understanding of you and LainFaulkner.

20.)   In witness thereof, the parties have executed this agreement. Electronic transmittal of executed signature page is acceptable. This agreement is effective as of the date upon our acceptance of the engagement letter after receipt of the completed, signed and dated original of this engagement letter, applicable Court orders, scheduling orders, stipulations or agreements relating to the scheduling of our services in this matter, and LainFaulkner conflicts check completion.


Jason Rae
CPA/ABV, CIRA, CFE, MAFF


6/29/23

ACCEPTED BY:

_____	_____
Kent Ries, in his capacity as Chapter 7 Trustee for the	Date
McClain Farms, Inc., McClain Feed Yard, Inc., and
7M Cattle Feeders, Inc.

6/29/23