Kent Ries, Attorney at Law
State Bar No. 16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### MOTION FOR APPROVAL OF EMPLOYMENT
### OF SPECIAL COUNSEL FOR TRUSTEE

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy estates, and files this Motion for Approval of Employment of Special Counsel for Trustee, and in support thereof would respectfully show unto the Court as follows:

1. Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

2. Trustee asserts it is necessary to employ special counsel, pursuant to 11 U.S.C. § 327, to perform necessary legal services in obtaining and investigating records and information of the Debtors, and investigating and pursuing litigation claims of the Debtors' bankruptcy estates. These cases pose substantial challenges recreating financial records of the Debtors and

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

MOTION FOR APPROVAL OF EMPLOYMENT OF SPECIAL COUNSEL FOR TRUSTEE - Page 1

reviewing such information for potential litigation against numerous parties in Texas, Kentucky and likely other states where the Debtors' conducted business. The Debtors' records appear to be poor and unreliable. The Debtors' losses, based on estimated creditor claims, exceed well over 100 million dollars. The Trustee has spent considerable time investigating professionals that have prior experience in similar cases and have current capabilities to provide the Trustee with a litigation plan to identify and recover potential claims of the estate.

3. Trustee desires that he be authorized to employ the law firm of Quilling, Selander, Lownds, Winslett & Moser, 2001 Bryan Street, Suite 1800, Dallas, TX 75201 (the "Quilling Firm"), with Hudson Jobe as the primary counsel, and to pay the firm such compensation and reimbursement of expenses as is just pursuant to 11 U.S.C. § 330 and Rule 2016 of the Federal Rules of Bankruptcy Procedure. Hudson Jobe's declaration as required by 11 U.S.C. § 327 is attached hereto as Exhibit A and incorporated herein by reference for all purposes. As set forth in the declaration, prior to these Chapter 7 filings, Hudson Jobe discussed with the Debtors' CRO a possible representation of the Debtors in filing Chapter 11 bankruptcy cases, but was never formally retained and the Debtors chose not to move forward on Chapter 11 filings. Trustee and Mr. Jobe believe that these communications do not present any conflict issues with Mr. Jobe's engagement as special counsel given the specific authorization for same under section 327(e).[2]

4. The normal rate for legal services provided by Hudson Jobe is $525.00 per hour, plus out-of-pocket expenses. Although it is planned for Hudson Jobe to be the primary counsel in this matter, it is likely other attorneys or paralegals of the Quilling Firm may also work on this

---

[2] The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

matter under the direction of the Trustee. The range of fees for such professionals is outlined in the engagement letter attached hereto as Exhibit B and incorporated herein for all purposes.

5. The Quilling firm typically requests a retainer for similar engagements. The Quilling Firm will file a separate motion regarding a retainer agreement with appropriate notice and hearing on same.

6. As set forth in the engagement letter, it is anticipated that a substantial amount of fees and expenses in this engagement will be individual tasks or expenses that benefit more than one of the Debtor's bankruptcy estates. For those fees and expenses, the firm will utilize a single billing invoice, and all three Debtors' estates will be jointly and severally liable for those fees and expenses. For fees and expenses that are clearly relevant to only one of the Debtor's estates, the firm will bill those fees and expenses on a separate invoice for that particular Debtor's estate, and only the specific Debtor's estate will be responsible for this separate invoice. However, the firm reserves the right to seek Bankruptcy Court approval of payment of separate fees and expenses from other Debtor's estates in the event such fees and expenses have benefited other Debtor's estates.

WHEREFORE, PREMISES CONSIDERED, Kent Ries, Trustee herein, respectfully prays for an Order of this Court approving the employment the Quilling Firm to perform professional legal services in these cases, and for such other relief, at law or in equity, to which the Trustee may show himself justly entitled.

                                          Respectfully submitted,

                                          Kent Ries, Attorney at Law
                                          PO Box 3100
                                          Amarillo, Texas 79116
                                          (806) 242-7437
                                          (806) 242-7440-Fax

By: /s/ Kent Ries
   Kent Ries
   State Bar No. 1691450

COUNSEL FOR TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June 2023, a true and correct copy of the above and foregoing Motion was sent electronically via the Court's ECF system on the United States Trustee and parties requesting service.

/s/ Kent Ries
Kent Ries

## EXHIBIT "A"

| | |
|---|---|
| THE STATE OF TEXAS § | |
| § | **KNOW ALL MEN BY THESE PRESENTS:** |
| DALLAS COUNTY § | |

## **DECLARATION OF HUDSON JOBE**

1. I am a resident of Dallas, Dallas County, Texas; am over the age of 21 years and am of sound mind and have never been convicted of an offense.

2. I am an attorney admitted to practice in the State of Texas, and possess all of the qualifications of an attorney in the State of Texas.

3. I have reviewed the *Motion* by the Trustee for approval to retain my firm as special counsel in these Chapter 7 bankruptcy cases. I am an attorney admitted to practice with extensive knowledge and experience in the type of litigation at issue in the Motion and am in all respects qualified to render the necessary legal services requested by the Trustee.

4. Prior to the Debtors' chapter 7 filings, I discussed a possible representation of the Debtors to file Chapter 11 bankruptcy cases with the Debtors' CRO, Glenn Karlberg. I was never formally retained and the Debtors chose not to move forward on Chapter 11 filings.

5. I have run a conflict search for my firm of the parties set forth on the attached conflict list, which was compiled from the matrix in the Debtors' bankruptcy cases. Two hits came back from that search - Douglas Pritchett and Purina Animal Nutrition LLC. The firm is currently acting as receiver in a case in Hunt County, Texas involving a Douglas Pritchett. I am unaware if this is the same individual listed in the bankruptcy matrix in this case. Pending further investigation, my firm will not represent the Trustee in any matter directly adverse to Douglas Pritchett unless it is determined to be a different individual. With respect to Purina Animal Nutrition LLC, the firm represented this company in a real estate title issue that concluded more than a year ago, and believed to not involve property related to the Debtors.

6. Except as set forth above, based upon this search and my current understanding of the parties in these bankruptcy cases, I am not aware of any prior or current representations of my law firm of any of these parties. Accordingly, to the best of my knowledge and belief, Quilling, Selander, Lownds, Winslett & Moser is disinterested and has no connection with the Debtor, creditors of the estate, any party in the United States Trustee's office or any other parties. Similarly, to the best of my knowledge and belief, Quilling, Selander, Lownds, Winslett & Moser does not have an interest adverse to the Estate.

Dated June 30, 2023.

                */s/ Hudson M. Jobe*
                Hudson Jobe

**CONFLICT LIST**

Brian McClain
Rabo AgriFinance
Mechanics Bank
MAP Enterprises
Wild Horse Cattle Co.
(Kentucky entities)
Community First Bank in
Kentucky
2B Farms
AJ Jacques Living Trust
Arnold Braun
Arnold Braun Trust
Dr. Arnold Braun
Buss Family Trust
Caterpillar Financial
Services Corporation
First Kentucky Bank
Gene Brookshire Family,
LP
Gray Brothers
Gungoll Cattle LLC
Jordan Lesh, LLC
Lesh Family Trust
Morrison Café LLC
Northland Capital
Financial Services LLC
Scarlet and Black Cattle
LLC
Scott Livestock Company
Inc.
Steve T. Scott Farms, Inc.
W. Robbie Russell Living
Trust
Acey Livestock LLC
Ag Texas Farm Credit
Services
AgTexas, PCA
Angela Powell
Bar D Ranch Land &
Cattle LLC
Big Seven Capital Partners
LLC
Bo Robinson
Bryan Blackman

C Heart Ranch LLC
Cactus Feeders Finance
LLC
Cactus Operating LLC
Caleb Little
Carl Pickett
Carraway Cattle
Chelsea Waters McClain
Kentucky Department of
Agriculture
Cody L. Simmons
Colton Long
Community Financial
Services Bank
Cory Don Priest
Crystal McClain
Curtis Jones
Curtis Jones Farms LLC
David Rainey
Death Creek Farms LLC
Don Jones
Don Jones Farm Inc.
Don Jones Trucking Inc.
Douglas Pritchett
Dwight Jesko
Eric Dejarnatt
First Capital Bank of
Texas
First Kentucky Bank
Friona Industries, L.P.
Frontier Farm Credit
Garwood Cattle Company
LLC
Hines Cattle Company
LLC
Hines Farms LLC
J. Brent Burnett
Jake Rininger
Jared Lesh Cowhorses Inc.
Jared Wayne Lesh
Jed Goad
JLE Trucking, Inc.
Jimmy D. Greer
John Dale Tidwell

Jordan Robert Lesh
Jordan and Jan Lesh
Julie Whitlock
Justin Stuever
Keeling Cattle Feeders,
Inc.
Keith Harris Farms, Inc.
Kenneth Netardus
Kinsey Jones
Lazy J Arena, LLC
Lazy J Cattle
Lesh Family Trust
Lesh Trucking
Lyndal Van Buskirk
Meagan B. Goad
Meagan B. Powell
Michael Gourley
Mykel Linn Tidwell
Oklahoma AgCredit
Open A Arena LLC
Patty Priest
Priest Cattle Company,
Ltd.
Priest Cattle and Land
Company, Inc.
Priest Victory Investment
LLC
Producers Credit
Corporation
Rapp Ranch
Rick Rodgers
Riley Livestock
Robert Braun
Samuel S. Brown
Shaw & Shaw Farms
Partnership,LLC
Sherman Trucking
Stanley Ayers
TGF Ranch
Takeuchi Financial
Services
Terry Burnett
Thorlakson Feedyards
Tom Thorlakson

WJ Performance Horses, Inc.
Wildforest Cattle Company LLC
Amy Sutton
Charles Lockwood
Colby Van Buskirk
Cole Lockwood
Craig Sutton
Don Hines
Dennis Buss
Dora Blackman
Douglas Finley

Dustin Johnson
Eddie Bryant
Eddie Stewart
Gary Lesh
Janet Van Buskirk
Janice Lawhon
Joel Brookshire
Leah Gungoll
Michael Evans
Miranda Evans
Nikki Lockwood
Robert Spring
Robert Gray

Robert & Rachel Steward
Ronnie Gray
Sherle Lockwood
Steve Ryan
Steven Hines
Susan Van Buskirk
Wiley Russell, Jr.
Wiley Roby Russell, Jr.
BJM Sales & Service
Heartland Co-Op
Purina Animal Nutrition LLC

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

2001 BRYAN STREET, SUITE 1800
DALLAS, TEXAS 75201

**HUDSON M. JOBE**
Board Certified Business Bankruptcy Law
Texas Board of Legal Specialization

TELEPHONE: (214) 871-2100
DIRECT DIAL: (214) 880-1858
FACSIMILE: (214) 871-2111
EMAIL: hjobe@qslwm.com

June 29, 2023

(Via email – kent@kentries.com)
Kent Ries, Trustee
PO Box 3100
Amarillo, TX 79116-3100

    Re: Legal Representation for Kent Ries, Trustee (referred to as "Client").

Dear Kent:

    We are grateful for Client's decision to engage Quilling, Selander, Lownds, Winslett & Moser, P.C. ("QSLWM" or the "Firm"). This letter will confirm our firm's engagement and describe the basis on which our firm will provide legal services to Client.

    **Client.** Our client in this matter will be Kent Ries, in his capacity as Chapter 7 Trustee for the bankruptcy estates of McClain Farms, Inc. (Case No. 23-20085-rlj7); McClain Feed Yard, Inc. (Case No. 23-20084-rlj7); and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7)(the foregoing cases are collectively referred to as the "Debtors").

    **Scope of Engagement.** We have been engaged to represent Client as special counsel for purposes of Asset Administration and Liquidation, which includes obtaining and investigating records and other information of the Debtors, investigating and pursuing litigation claims of the Debtors' bankruptcy estates, and matters that would generally aid in that overall effort of identifying, pursuing, and liquidating assets of the Debtors. Because we are not Client's general counsel, our acceptance of this engagement does not involve an undertaking to advise Client, or represent him or his interests in, any other matter, except for other matters in which we may expressly agree to represent Client. Unless otherwise agreed to in writing, the scope of the Firm's retention does not include acting as counsel of record in any lawsuit or other proceeding other than the bankruptcy cases and related adversary proceedings.

    It is impossible to predict the course, outcome or cost of the representation with any degree of certainty, especially at this early stage of my Firm's involvement. By your signature below, Client acknowledges that **we have not promised or otherwise guaranteed Client success in connection with this representation, including in connection with the bankruptcy cases or any related litigation.**

June 29, 2023
Page 2

**Client Responsibilities.** Client agrees to be candid and cooperative with us and to keep us informed with complete and accurate information, documents, electronically stored information and other data, and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us.

Because it is important that we be able to contact Client at all times regarding this representation, Client agrees to inform us, in writing, of any changes in the name, address, telephone number, contact person, e-mail address, or other relevant changes regarding Client. **Unless otherwise instructed, I will contact Kent Ries to keep Client informed of developments in the bankruptcy cases and to receive Client's instructions.**

**Advice about Possible Outcomes.** Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning litigation or various courses of action and the results that might be anticipated. Any such statement made by any lawyer of our firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed by Client as a promise or guarantee. How a judge, jury or arbitrator views the law or facts are variables subject to the vagaries of human nature beyond our control. The Firm makes no guarantee as to any outcome or a favorable result. **THE LAWYERS DISCLAIM ANY SUCH WARRANTIES.** The Firm's past victories or achievements are no guarantee they can be duplicated in this case. Client may win or lose at trial, and that decision could be upheld, reversed or modified on appeal. Client agrees that the Firm's analysis, cost estimates and opinions are not a guarantee of any kind.

**Termination of Engagement.** Client may at any time terminate our representation upon written notice to the firm. We reserve the right to withdraw from our representation as required or permitted by the applicable rules of professional conduct upon written notice to Client. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Client's interests in the above matters, and Client agrees to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal. If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and Client agrees not to oppose our request.

**Conclusion of Representation; Retention and Disposition of Documents.** Unless previously terminated, our representation of Client in this matter will terminate upon our sending Client our final statement for services rendered in the matter. At Client's request, his documents and property will be returned to Client, although the firm reserves the right to retain copies of any such documents as it deems appropriate. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work product, such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such

June 29, 2023
Page 3

documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, and consistent with professional conduct rules, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement without further notice to Client.

**Post Engagement Matters.** Client is engaging the firm to provide legal services in connection with specific matters. After the matters conclude, changes may occur in the applicable laws or regulations that could have an impact upon Client's future rights and liabilities.

**Fees.** The principal basis for computing our fees will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates. Our billing rates currently range from $225.00 to $350.00 per hour for associates, and $400 to $700 per hour for partners. My time on this matter will be billed at $525.00. Time devoted by legal assistants is charged at rates ranging from $100.00 to $180.00 per hour. Our billing rates are subject to change from time to time, and I will notify Client if there are any increases so that we may discuss them. Each January, we reserve the right to raise the hourly rates we charge by up to 10%. A mutually agreeable retainer shall be arranged within 60 days of retention.

**It is anticipated that a substantial amount of fees and expenses in this engagement will be individual tasks or expenses that benefit more than one of the Debtor's bankruptcy estates. For those fees and expenses, the Firm will utilize a single billing invoice, and all three Debtors' estates will be jointly and severally liable for those fees and expenses. For fees and expenses that are clearly relevant to only one of the Debtor's estates, the Firm will bill those fees and expenses on a separate invoice for that particular Debtor's estate, and only the specific Debtor's estate will be responsible for this separate invoice. However, the Firm reserves the right to seek Bankruptcy Court approval of payment of separate fees and expenses from other Debtor's estates in the event such fees and expenses have benefited other Debtor's estates.**

**Costs.** We will include on our statements separate charges for expenses related to the performance of our services, such as copying, messenger and delivery service, and travel. Such expenses may also include filing fees, deposition costs, process servers, court reporters, and witness fees. After consultation with Client, we may retain on Client's behalf any investigators, consultants, or experts necessary in our judgment to represent Client's interests in this matter. Their fees and expenses generally will not be paid by us, but will be billed directly to Client and/or per other arrangements as authorized by the Bankruptcy Court.

**Estimates.** The fees and costs relating to this matter are not predictable. Accordingly, we have made no commitment to Client concerning the maximum fees and costs that will be necessary to resolve or complete this matter. Any estimate of fees and costs that we may have

June 29, 2023
Page 4

discussed represents only an estimate. It is also expressly understood that the obligation to pay the firm's fees and costs is in no way contingent on the ultimate outcome of the matter.

**Conflict Considerations and Agreement.** We understand and agree that this is not an exclusive engagement, and that Client is free to retain any other counsel for any aspect of this case. Nonetheless, we recognize that we are disqualified from representing any other client with interests materially and directly adverse to Client in any matter (i) which is substantially related to this representation or (ii) where there is a reasonable probability that confidential information Client furnished to us could be used to Client's disadvantage. Client understands and agrees that with those exceptions, our representation of Client in this matter will not prevent or disqualify us from representing clients adverse to Client, or whose interests may conflict with Client in litigation, business transactions, or other matters.

**The Firm represents a number of trustees, receivers, lawyers, law firms, and businesses in various matters. This means that we may have represented, may currently represent, or in the future may represent counsel or other parties that oppose Client's interests. This will not in any way affect the diligence or vigor with which we represent Client's interests in any matter on which Client engages our Firm.** Finally, many of the Firm's lawyers, directly or beneficially, own interests in publicly held corporations and other entities as well as in real property. Our system used for checking conflicts of interest does not contain data as to investments made individually by each of the Firm's lawyers, paralegals or other personnel.

**Termination of Engagement.** Our relationship is based upon mutual consent and Client has the right to terminate our services and representation at any time, with or without cause, upon written notice to the Firm. Your termination of our services will not affect your responsibility for payment of fees for legal services and of other charges incurred before termination and in connection with an orderly transition of the case.

We are subject to rules of professional conduct, which list several circumstances that require or allow us to withdraw from representing a client, including nonpayment of fees or costs, misrepresentation or failure to disclose material facts, fundamental disagreements, and conflict of interest with another client. We reserve the right to withdraw from our representation if you fail to cooperate or follow our advice on a material matter, or any fact of circumstance that would, in our view, render our continuing representation unlawful or unethical. No termination of our engagement terminates or affects your obligation to pay for services rendered, costs or expenses paid or incurred on your behalf or any indemnification payable with respect to services rendered prior to the date of such termination.

Our relationship automatically ends upon written notice of the end of the case. If you breach this Agreement or other good cause exists, the Texas Disciplinary Rules permit or requires the Firm or its lawyers to withdraw, you agree that the Firm is relieved from doing any

June 29, 2023
Page 5

further work and has the absolute right to withdraw immediately from representing you and you will not oppose the withdrawal. If the Firm withdraws, it will give written notice and, upon reasonable notice, will return your papers and property and be owed all attorneys' fees and expenses up to the time of its withdrawal. The Firm has no duty to find you other attorneys if the Firm withdraws.

**Notice Regarding Grievance Process.** The Texas State Bar Act, effective January 1, 2004, requires all attorneys that practice law in Texas to notify their clients of the grievance process. A client may file a grievance against an attorney if the client believes the attorney has committed actionable conduct. The Act requires attorneys to notify clients of the grievance process. **The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 for more information.**

**Law Governing All Disputes. Our agreement shall be governed by, construed, and interpreted and enforced in accordance with and subject to the laws of the State of Texas without regard to any conflicts of law rules or principles.**

**Entire Agreement.** This letter constitutes the entire understanding and agreement between Client and this Firm regarding the terms of our engagement in this matter and supersedes any prior understandings and agreements, written or oral. If any provision of this engagement letter is held by a court or arbitration panel to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect. This (i) constitutes the entire agreement between Client and the Firm regarding your engagement of us to represent Client, (ii) is subject to no oral agreements or understandings and (iii) can be modified or changed only by a further written agreement signed by Client and the Firm. No obligation or undertaking not expressly set forth in this Agreement shall be implied on the part of Client or the Firm.

The Firm cannot advise You regarding whether or not it is in Client's best interest to have the Firm represent Client in accordance with the terms set forth above. Client should seek the advice of a different attorney regarding the advisability of Client signing this Agreement or any alternative agreement Client might be able to obtain with the Firm or another attorney.

Please review this letter carefully. If it meets with Client's approval, please sign the letter in the space provided below and return it to me for the firm's records. Please call me if you have any questions.

                                        Sincerely,

June 29, 2023
Page 6

/s/ Hudson M. Jobe

Understood and Agreed:

_____
Kent Ries, in his capacity as Chapter 7 Trustee
for the bankruptcy estates of McClain Farms,
Inc. (Case No. 23-20085-rlj7); McClain Feed
Yard, Inc. (Case No. 23-20084-rlj7); and 7M
Cattle Feeders, Inc. (Case No. 23-20086-rlj7)


Date: 6/29/23