**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| IN THE MATTER OF: <br><br> MCCLAIN FEED YARD, INC., <br><br> Debtor. | **CASE NO. 23-20084-7-rlj** |
| IN THE MATTER OF: <br><br> MCCLAIN FARMS, INC., <br><br> Debtor. | **CASE NO. 23-20085-7-rlj** |
| IN THE MATTER OF: <br><br> 7M CATTLE FEEDERS, INC., <br><br> Debtor. | **CASE NO. 23-20086-7-rlj** |

**MOTION OF NORTHLAND FINANCIAL SERVICES, LLC FOR**
**RELIEF FROM THE AUTOMATIC STAY AS TO EQUIPMENT**

COMES NOW, Northland Financial Services, LLC ("Northland"), creditor and party-in-interest in the above-styled case numbers, and files this motion for approval of agreed order for relief from the automatic stay pursuant to 11 U.S.C. § 362 (the "Motion") and in support thereof would show as follows:

**NOTICE REGARDING REQUIRED WAIVER**

**THIS MOTION REQUESTS ENTRY OF AN AGREED ORDER PURSUANT TO FED. R. BANKR. P. 4001(d). ANY OBJECTION OR OTHER WRITTEN RESPONSE MUST BE FILED ELECTRONICALLY OR BY DISKETTE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT GEORGE MAHON FEDERAL BUILDING 1205 TEXAS AVENUE, ROOM 306, LUBBOCK, TEXAS 79401-4002 BEFORE CLOSE OF BUSINESS ON AUGUST 4, 2023, WHICH IS AT LEAST FOURTEEN (14) DAYS FROM THE DATE OF SERVICE OF THIS MOTION.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY, THE DEBTOR, UNITED STATES TRUSTEE, AND THE CHAPTER 7 TRUSTEE PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE**

DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151 and 157(b)(2)(G).

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

3. On or about April 28, 2023 (the "Petition Date"), McClain Feed Yard, Inc. ("McClain Feed"), McClain Farms, Inc. ("McClain Farms"), and 7M Cattle Feeders, Inc. ("7M Cattle"), (collectively, the "Debtors") filed for relief under Chapter 7 of the United States Bankruptcy Code in the above-referenced causes. Kent Ries has been appointed as the Chapter 7 Trustee for the above-referenced causes.

### Lease 18869-01

4. Prior to the Petition Date, on or about August 19, 2019, Debtor 7M Cattle entered into an Equipment Master Lease Agreement ("Lease 18869-01") with Northland as lessor for 7M Cattle to lease a 2013 Rotomix 620-16 Feed Mixer (S/N 810339423) mounted on a Peterbilt Semi-Tractor (S/N 2NP2HN7X0DM209788) (the "Lease 18869-01 Equipment"). A true and correct copy of Lease 18869-01 is attached hereto as Exhibit A.

5. McClain Farms and McClain Feed each executed and delivered a Guaranty Agreement to guarantee the obligations and rent payments under Lease 18869-01 (collectively, the "Guaranties for Lease 18869-01"). True and correct copies of the Guaranties for Lease 18869-01 are attached hereto as Exhibit B.

6. Debtor 7M Cattle defaulted on its obligations under Lease 18869-01 by failing to pay rent when due, by filing for bankruptcy, and/or by submitting false or misleading information.

**MOTION OF NORTHLAND FINANCIAL SERVICES, LLC FOR RELIEF FROM THE AUTOMATIC STAY AS TO EQUIPMENT - Page 2**

7. Further, Debtors McClain Farms and McClain Feed Yard defaulted on their obligations under the Guaranties for Lease 18869-01 by failing to pay rent when due after Debtor 7M Cattle defaulted on its rent payments.

8. As of May 15, 2023, the amount due and owing from Debtors, including residual fees, for Lease 18869-01 is $25,865.36.

### Lease 18869-03

9. Subsequently, on or about December 20, 2021, Debtor 7M Cattle entered into a second Equipment Master Lease Agreement ("Lease 18869-03") with Northland as lessor for 7M Cattle to lease a 2008 Rotomix 620 Mixer Box (S/N 400887795) mounted on a 2009 International Semi Tractor S/N 1HTWAAAN29J131948 (the "Lease 18869-03 Equipment"). A true and correct copy of Lease 18869-03 is attached hereto as Exhibit C.

10. McClain Farms and McClain Feed Yard each executed and delivered a Guaranty Agreement to guarantee the obligations and rent payments under Lease 18869-03 ("Guaranties for Lease 18869-03"). True and correct copies of the Guaranties for Lease 18869-03 are attached hereto as Exhibit D.

11. Debtor 7M Cattle defaulted on its obligations under Lease 18869-03 by failing to pay rent when due, by filing for bankruptcy, and/or by submitting false or misleading information.

12. Further, Debtors McClain Farms and McClain Feed Yard defaulted on their obligations under the Guaranties for Lease 18869-03 by failing to pay rent when due after Debtor 7M Cattle defaulted on its rent payments.

13. As of May 15, 2023, the amount due and owing from Debtors, including residual fees, for Lease 18869-03 is $55,511.81.

### Lease 18869-04

14. On or around December 30, 2021, Debtor 7M Cattle entered into a third Master Lease Agreement ("Lease 18869-04") with Northland as lessor for 7M Cattle to lease a 2015 Rotomix 720-16 Mixer Box (S/N 410650339) mounted on a Kenworth Construction T370 Semi Tractor (S/N 3BKHLJ9X5GF105604) ("Lease 18869-04 Equipment"). A true and correct copy of Lease 18869-04 is attached hereto as Exhibit E. The Lease 18869-01 Equipment, Lease 18869-03 Equipment, Lease 18869-04 Equipment is collectively referred to herein as the "Equipment."

15. McClain Farms and McClain Feed each executed and delivered a Guaranty Agreement to guarantee the obligations and payments under Lease 18869-04 ("Guaranties for Lease 18869-04"). True and correct copies of the Guaranties for Lease 18869-04 are attached hereto as Exhibit F.

16. Debtor 7M Cattle defaulted on its obligations under Lease 18869-04 by failing to pay rent when due, by filing for bankruptcy, and submitting false or misleading information.

17. Further, Debtors McClain Farms and McClain Feed Yard defaulted on their obligations under the Guaranties for Lease 18869-04 by failing to pay rent when due after Debtor 7M Cattle defaulted on its rent payments.

18. As of May 15, 2023, the amount due and owing from Debtors, including residual fees, for Lease 18869-04 is $106,904.18.

### RELIEF SOUGHT

**A.   Relief from the Automatic Stay – 11 U.S.C. § 362(d)(1)**

19. Section 362(d)(1) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay

      (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

20. Cause exists to modify the automatic stay as the Equipment, is depreciating in value due to the Debtors' exclusive possession and control of the Equipment and Debtors have not made any adequate protection payments to Northland.

21. Cause exists to modify the automatic stay as Debtors have not submitted any evidence to Northland of its ability to make post-petition payments of adequate protection.

    **B.**    **Relief from the Automatic Stay – 11 U.S.C. § 362(d)(2)**

22. Section 362(d)(2) of the Bankruptcy Code provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay

    (2) with respect to a stay of an act against property under subsection (a) of this section if

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary for an effective reorganization.

23. Debtor has no equity or insufficient equity in the Equipment. Furthermore, the Equipment is not necessary for a successful reorganization of Debtor since the above-referenced causes are Chapter 7 cases.

24. Northland seeks relief for purposes of exercising its rights under the Leases to foreclose its interests as lessor under the Leases and take possession of, market and sell the Equipment; and apply the proceeds to its claims. The Debtors, through counsel, and the Chapter 7 Trustee have agreed to the substance and form of the proposed order attached hereto.

25. In the event that the Court determines that the automatic stay should be modified or terminated in favor of Northland, the Court should waive Rule 4001(a)(3) so that Northland may immediately implement this Court's Order and promptly mitigate its losses.

WHEREFORE, Northland Financial Services, LLC requests this Court enter an order:

(a) Lifting the automatic stay arising pursuant to Section 362(a) of the Bankruptcy Code (to the extent it applies) to permit Northland Financial Services, LLC to enforce its contractual and judicial remedies to recover the following property:

  (1) 2013 Rotomix 620-16 Feed Mixer (S/N 810339423) mounted on a Peterbilt Semi-Tractor (S/N 2NP2HN7X0DM209788);

  (2) 2008 Rotomix 620 Mixer Box S/N 400887795 mounted on a 2009 International Semi Tractor (S/N 1HTWAAAN29J131948); and

  (3) 2015 Rotomix 720-16 Mixer Box (S/N 410650339) mounted on a Kenworth Construction T370 Semi Tractor (S/N 3BKHLJ9X5GF105604).

(b) Providing that the provisions of Bankruptcy Rule 4001(a)(3) shall not apply to the Order; and

(c) For such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **JENKINS & KLING, P.C.**

    By: /s/ *Nicole E. Gorovsky*
    Nicole E. Gorovsky, #51046MO
    150 North Meramec Ave., Suite 400
    St. Louis, Missouri 63105
    (314) 721-2525
    (314) 721-5525 (facsimile)
    ngorovsky@jenkinskling.com
    ***(Pro Hac Pending)***

KESSLER COLLINS

By: /s/ *Daniel P. Callahan*
    Daniel P. Callahan
    Texas State Bar No. 03648700

500 N. Akard Street, Suite 3700
Dallas, Texas 75201
(214) 379-0722
(214) 373-4714 (Facsimile)
dcallahan@kesslercollins.com

*Attorneys for Northland Capital Financial Services, LLC*

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served upon all parties listed below either by electronic means to those registered on the Court's CM/CM notification system or first-class mail to the other parties on this 21st day of July, 2023.

                              /s/ Daniel P. Callahan
                              DANIEL P. CALLAHAN