IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| McCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-rlj-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

**DEBTORS' RESPONSE OPPOSED TO MOTION TO TRANSFER VENUE**

1. On July 18, 2023, Meagan B. Goad and Kinsey Moreland ("Movants"), both of whom are the daughters of the deceased Brian McClain ("Mr. McClain"), filed their *Motion to Transfer Jointly Administered Cases* (dkt. 82) ("Motion"). The Debtors, through their attorney, file this *Response Opposed to Motion to Transfer Venue* ("Response"), and in support of the Response, state the following:

*McClain Feed Yard, Inc.*

2. The statement in paragraph 1 of Movants' Motion does not require a response.[2]

3. In response to the statements made in paragraph 2 of Movants' Motion, Debtors object to the statement that most of the business of McClain Feed Yard, Inc. ("MFY") was conducted in Benton, Kentucky; rather the majority of MFY's business was conducted in Friona, Texas. Debtors' admit that Brian McClain was, when he was alive, the sole owner of MFY, but on April 13, 2023, Brian McClain transferred all management, control and authority of MYF over to Glenn Karlberg, the Chief Restructuring Officer ("CRO"), as stated in the *Resolution of the Sole Shareholder* ("Resolution") signed by Mr. McClain, and is attached at Exhibit "A". Debtors' admit to the stated address of Mr. McClain's residence.

---

[1] The Debtors ("Debtors") in these chapter cases are: McClain Feed Yard, Inc. (Case No. 23-20084-rlj), McClain Farms, Inc. (Case No. 23-20085-rlj), and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj), jointly administered per Order entered on Jun 28, 2023 (dkt. 66).

[2] Movant' Motion begins renumbering its statements in *Section I. Facts* from 1 to 46. Debtors' responses will respond to such numbered states accordingly.

4. Debtors object to the statement made in paragraph 3 of the Movants' Motion. All books and records are currently in the possession of either Kent Reis, the Chapter 7 Trustee or Focus Management Group, its address being: 6585 N. Avondale Ave., Chicago, IL 60631.

5. Debtors admit the statement stated in the first sentence of paragraph 4 of Movants' Motion. Debtors' can neither admit or deny the statement stated in the second sentence of paragraph 4 of Movants' Motion.

6. Debtors can neither admit nor deny the allegations set for in paragraph 5 of Movants' Motion.

7. Debtors admit the allegations stated in paragraph 6 of the Movants' Motion.

8. In response to the statement made in paragraph 7 of the Movants' Motion, the MFY Debtor reflects an unknown amount of accounts receivable, $62,500.00 in farm machinery and equipment, $4,000.00 in feed, and a feed yard facility valued at $600,000.00.

9. In response to the statement made in paragraph 8 of the Movants' Motion, the place of business of 7M Cattle Feeders, Inc. was Friona, Texas. Debtors can neither admit nor deny what business was conducted in Kentucky on behalf of McClain Farms, Inc.

10. Debtors can neither admit nor deny the allegations set forth in paragraph 9 of the Movants' Motion.

*McClain Farms, Inc.*

11. Debtors admit the allegations in paragraph 10 of the Movants' Motion except to state that on April 13, 2023, Brian McClain transferred all management, control and authority of McClain Farm, Inc. ("MFI") over to Glenn Karlberg, the CRO.

12. Debtors object to the statement made in paragraph 11 of the Movants' Motion. All books and records of MFI are currently in the possession of either Kent Reis, the Chapter 7 or Focus

Management Group, its address being: 6585 N. Avondale Ave., Chicago, IL 60631.

13. Debtors admit the statement stated in the first sentence of paragraph 12 of Movants' Motion. Debtors' can neither admit or deny the statement stated in the second sentence of paragraph 12 of Movants' Motion.

14. Debtors admit the statement stated in the first sentence of paragraph 13 of Movants' Motion. Debtors' can neither admit or deny the statement stated in the second sentence of paragraph 13 of Movants' Motion.

15. Debtors admit the statement stated in the first sentence of paragraph 14 of Movants' Motion. Debtors' can neither admit or deny the statement stated in the second sentence of paragraph 14 of Movants' Motion.

16. Debtors can neither admit nor deny the allegations set for in paragraph 15 of Movants' Motion.

17. Debtors admit the allegations in paragraph 16 of Movants' Motion.

18. Debtors admit the allegations in the first sentence of paragraph 17 of Movants' Motion.

19. Debtor is aware that MFI held a lease on land located in Kentucky, as stated in paragraph 18 of Movants' Motion. Debtors do not know the current status of the lease.

20. Debtors deny the allegations in paragraph 19 of Movants' Motion.

21. Debtors can neither admit nor deny the allegations in paragraph 20 of Movants' Motion.

22. Debtors scheduled the claim for the amount described in paragraph 21 of Movants' Motion, except that at this time the validity of the Riley Livestock claim has not yet been established.

23. Debtors scheduled the claim for the amount described in paragraph 22 of Movants' Motion, except that at this time the validity of the MAP Enterprises, Inc. claim has not yet been established.

24. Debtors scheduled the claim for the amount described in paragraph 23 of Movants' Motion, except that at this time the validity of the Wildforest Cattle Company, LLC claim has not yet been established.

### *7M Cattle Feeders, Inc.*

25. Debtors admit the allegations in paragraph 24 of the Movants' Motion except to state that on April 13, 2023, Brian McClain transferred all management, control and authority of 7M Cattle Feeders, Inc. ("7M") over to Glenn Karlberg, the CRO.

26. Debtors object to the statement made in paragraph 25 of the Movants' Motion. All books and records of 7M are currently in the possession of either Kent Reis, the Chapter 7 or Focus Management Group, its address being: 6585 N. Avondale Ave., Chicago, IL 60631.

27. Debtors admit the statement stated in the first sentence of paragraph 26 of Movants' Motion. Debtors' can neither admit or deny the statement stated in the second sentence of paragraph 26 of Movants' Motion.

28. Debtors can neither admit nor deny the allegations set for in paragraph 27 of Movants' Motion.

29. In response to the statement made in paragraph 28 of the Movants' Motion, the 7M Debtor reflects in its schedules bank deposit account balances of at least $195,619.00, an unknown amount of accounts receivable, and $350,000.00 in farm machinery and equipment.

30. Debtors deny the allegations set forth in paragraph 29 of the Movants' Motion.

31. In response to the statement made in paragraph 30 of the Movants' Motion, the place of business of MFY was Hereford, Texas. Debtors can neither admit nor deny what business was conducted in Kentucky on behalf of MFI.

32. Debtors can neither admit nor deny the allegations set forth in paragraph 31 of the Movants' Motion.

*Facts in Common to All Debtors*

33. Debtors can neither admit nor deny the allegations set forth in paragraph 32 of the Movants' Motion.

34. In response to the allegations set forth in paragraphs 33 through 37 of the Movants' Motion, Debtors state that the Movants' exhibits speak for themselves. Debtors are not familiar with the pre-petition exchanges that occurred between Rabo Agrifinance, LLC ("Rabo") and the Debtors.

35. The statements made in paragraph 38 of the Movants' Motion are presumably statements of fact which Debtors admit. However, the basis of venue was derived from location of Debtors' two Texas based businesses, the fact that the CRO controlled all three Debtors, and the majority of claimants were located in Texas and Oklahoma.

36. Debtors admit the allegation set forth in paragraph 39 of the Movants' Motion.

37. In response to the allegations set forth in paragraphs 40 of the Movants' Motion, Debtors are aware, by review of the docket sheets, that Rabo filed its *Ex Parte Motion for Rule 2004 Order Authorizing the Issuance of Document Subpoenas to Various Third Parties* ("2004 Motion") (dkt. no. 17).

38. In response to paragraph 41 of Movants' Motion, see Debtors' Response in paragraph no. 37 of this pleading.

39. Debtors admit the allegation set forth in paragraph 42 of the Movants' Motion.

40. Debtors do not dispute, but also cannot confirm, the allegations set forth in paragraph 43 of the Movants' Motion.

41. The Debtors are aware of and do not dispute the statements set forth in paragraph 44 of the Movants' Motion.

42. The Debtors deny the allegations set forth in paragraph 45 of the Movants' Motion. Any avoidance actions will be governed by the United States Bankruptcy Code.

43. In response to the allegations made in paragraph 46 of the Movants' Motion, the Debtor acknowledges that the Debtors' 341 was conducted on June 14, 2023. The Debtors disagree that the combined meetings were "ineffectual."

*Movants' Argument and Citation of Authorities*

Debtors appreciate the Movants' presenting its legal position in its Motion, but will address its own legal positions at a later date.

*Summary of Debtors' Responses*

1. Location of Property
2. Location of Claimants
3. Common Control

**Location of Property**

McClain Feed Yards, Inc. operations were located in Hereford, Texas. 7M Cattle Feeders, Inc. operations were located in Friona, Texas. Only McClain Farms, Inc. was located in Kentucky.

**Location of Claimants**

The following table, extracted from the information in Exhibits "B", "C", an "D", demonstrate for each the numbers of claimants and the total claim amount for certain states:

| McClain Feed Yard | Texas | Kentucky | Oklahoma | Other |
|---|---|---|---|---|
| Total Claims | $16,113,631.01 | $766,281.36 | $3,812,172.22 | $8,194,093.51 |
| Percentage of Total | 55.78% | 2.65% | 13.20% | 28.37% |
| Number of Claimants | 25 | 3 | 21 | 14 |
| Percentage of Total | 39.68% | 4.76% | 33.33% | 22.22% |

Total claims: $28,886,178.10

Total claimants: 63

| **McClain Farms** | Texas | Kentucky | Oklahoma | Other |
|---|---|---|---|---|
| Total Claims | $31,886,033.09 | $90,472,509.52 | $8,230,509.52 | $15,678,924.96 |
| Percentage of Total | 21.8% | 61.85% | 5.63% | 10.72% |
| Number of Claimants | 32 | 20 | 29 | 34 |
| Percentage of Total | 27.83% | 17.39% | 25.22% | 29.57% |

Total claims: $146,267,617.42

Total claimants: 115

| **7M Cattle Feeders** | Texas | Kentucky | Oklahoma | Other |
|---|---|---|---|---|
| Total Claims | $11,669,090.84 | $0.00 | $3,861,832.00 | $2,120,844.48 |
| Percentage of Total | 66.11% | 0.00% | 21.88% | 12.01% |
| Number of Claimants | 26 | 0 | 18 | 7 |
| Percentage of Total | 50.98% | 0.00% | 35.29% | 13.73% |

Total claims: $17,651,767.32

Total claimants: 51

In 7M Cattle Feeder, Inc. and McClain Feed Yard Inc. cases, Texas has the largest total amount of claims and number of claimants. If Oklahoma amounts are added to the Texas amounts, the amount of claims and number of claimants dominate the other areas.

**Common Control**

On April 13, 2023, Brian McClain signed a Resolution granting Glenn Karlbert, the CRO of all the Debtors, the power to manage the business and operational affairs of McClain Farms, Inc., McClain Cattle Feeders, Inc. (intending to mean: McClain Feed Yard, Inc.) and 7M Cattle Feeders, Inc (collectively the "Companies'). The Resolution states: "[The CRO shall have] the sole authority over the Companies' operational, employment, accounting, and record keeping needs. The CRO shall be further authorized to conduct a liquidation of the Companies' assets, shall have the authority to sell all of the

Companies' assets, and shall have the power to voluntarily dissolve the Companies."

Mr. Clain released all authority and control over all three Debtors. Prior to the bankruptcy filing, Mr. McClain died. His past control and authority over all three Debtors, at the time the petition was filed, had transferred to Glenn Karlberg.

Mr. Karlberg controlled all three cases. Two of the three cases had their principal assets located in the Northern District of Texas. McClain Farms, Inc., the company located in Kentucky, had no real property and no longer has personal property. The three Debtors should be considered affiliates and therefore eligible to file in the same State and District. *See* 11 U.S.C. § 101(2)(B) and 28 U.S.C. § 1408.

**WHEREFORE** premises considered, McClain Farms, Inc., McClain Feed Yard, Inc., and 7M Cattle Feeders, Inc., the Debtors, respectfully request that the Court sustain their Response and deny the Motion to Transfer Venue filed by Meagan B. Goad and Kinsey Moreland, and grant the Debtors any such further relief that they may show themselves justly entitled.

Date:    July 27, 2023

Respectfully submitted,

TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
(806) 686-4448; fax: (806) 368-9785


By:  /s/ Max R. Tarbox
Max R. Tarbox, Texas Bar No. 19639950
*Attorney for Debtors*


**CERTIFICATE OF SERVICE**

I, Max R. Tarbox, do hereby certify that a true and correct copy of the foregoing *Response* was served by either court enabled electronic service or regular first class U. S. Mail upon the following listed parties on this 27th or 28th day of July, 2023:

1. All parties in interest registered with the U. S. Bankruptcy Court to receive electronic notices in this case.

5. All creditors and parties in interest listed on the attached matrix

    /s/ Max R. Tarbox
Max. R. Tarbox