UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

---

[1] The Debtors in these jointly administered Chapter 7 cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886).  All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

## RABO AGRIFINANCE LLC'S OBJECTION AND OPPOSITION TO MOTION TO TRANSFER JOINTLY ADMINISTERED CASES

Creditor Rabo AgriFinance LLC ("**Rabo**" or "**RAF**"), through counsel, hereby objects to and files this Opposition to Meagan B. Goad ("**Goad**") and Kinsey Moreland's ("**Moreland**") *Motion to Transfer Jointly Administrated Cases* [Dkt No. 82] (the "**Motion**").

### FACTUAL BACKGROUND

1. On April 28, 2023, McClain Feed Yard, Inc. ("**MFY**"), McClain Farms, Inc. ("**MFI**"), and 7M Cattle Feeders, Inc. ("**7M**", and collectively with MFY and MFI, the "**Debtors**") filed their voluntary petitions for relief under chapter 7 of the Bankruptcy Code with this Court.

2. MFY's and 7M's operations were all located in Texas. *See* Dkt. No. 88, at 6.

3. Only MFI's operations were located in Kentucky. *See id.*

4. A substantial portion of the claims asserted against the Debtors arise from the State of Texas. *See id.* at 6-7.[2]

5. The Debtors were all solely owned by Brian McClain. *See* Motion at ¶¶ 2, 10, 24.

6. Prior to filing for bankruptcy, Brian McClain executed corporate resolutions which installed Glenn Karlberg of Ampleo as the Chief Restructuring Officer for all Debtors and, among other things, gave Mr. Karlberg the exclusive authority to file bankruptcy petitions on behalf of the Debtors. *See* Dkt. No. 88, at 7-8.

---

[2] The Debtors set forth a more substantive factual background in their opposition to the Motion. *See* Dkt No. 88.

2

## ARGUMENT

Pursuant to 28 U.S.C. § 1408, a bankruptcy case may be commenced in any judicial district

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

"[A] debtor's selection of a proper venue is entitled to great weight and deference in change of venue motions." *In re ERG Intermediate Holdings, LLC*, No. 15-31858-HDH11, 2015 WL 6521607, at *4 (Bankr. N.D. Tex. Oct. 27, 2015). When a debtor's choice of venue is challenged, "court[s] should exercise [their] power to transfer cautiously," and the party requesting the venue change bears the burden of demonstrating that such transfer is warranted. *Matter of Commonwealth Oil Ref. Co., Inc.*, 596 F.2d 1239, 1241 (5th Cir. 1979).

Here, venue of the Debtors' Chapter 7 bankruptcy cases is clearly proper in the Northern District of Texas, and these cases should not be transferred. Regardless, because Goad and Moreland are not parties in interest to these jointly administered cases, they lack standing to bring the Motion in the first instance. Therefore, the Motion should be denied.

**I. Venue of the Debtors' Chapter 7 Cases is Proper in this District.**

There can be little doubt that venue in this District is proper. First, the Motion concedes that MFY is a Texas corporation. Second, in their opposition to the Motion, the Debtors correctly acknowledge that MFY's and 7M's operations and principal places of business are located in the Northern District of Texas. (*See* Dkt. No. 88, at 6-7) Thus, venue in the Northern District of Texas is clearly property for MFY and 7M.  And it also is clearly proper for MFI.  While MFI is a Kentucky corporation which has its principal place of business in Kentucky, MFI is an "affiliate" of both MFY and 7M, and thus was eligible to file for bankruptcy in the Northern District of Texas because that is where MFY and 7M filed their bankruptcy petitions.

Pursuant to Section 101(2) of the Bankruptcy Code, an "affiliate" includes a "corporation 20 percent or more of whose outstanding voting securities are ***directly or indirectly*** owned . . . by the debtor, ***or by an entity that directly or indirectly*** owns . . . 20 percent or more of the outstanding voting securities of the debtor . . ."  (Emphasis supplied).  Section 101(15) of the Bankruptcy Code further defines an "entity" to include a "person."  Here, all three Debtors were 100% owned by the same person, Brian McClain.  In other words, MFI is 100% directly owned by the same entity that owns MFY and 7M.  Therefore, venue properly lies in this District for all three Debtors, and the Debtors' decision to initiate these jointly administered cases in this District is afforded great weight and deference.

**II. Goad and Moreland Lack Standing to Bring the Motion.**

"The narrow inquiry for bankruptcy standing . . . is 'more exacting' than the test for Article III standing." *Matter of Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018) "In

4

bankruptcy proceedings, standing is limited to 'parties in interest.'" *In re Cyrus II P'ship*, 358 B.R. 311, 315 (Bankr. S.D. Tex. 2007); *In re Manshul Const. Corp.*, 223 B.R. 428, 429 (Bankr. S.D.N.Y. 1998) ("Standing is limited to parties in interest."). "A party in interest is a person whose **pecuniary interests** are directly affected by the bankruptcy proceedings." *Id.* (internal quotation marks omitted) (emphasis added); *In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993) ("Although the Code does not define the term 'party in interest,' the term 'is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'"); *Doe v. Roman Cath. Church of Archdiocese of New Orleans*, 588 F. Supp. 3d 698, 709–10 (E.D. La. 2022) ("A party in interest 'is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'"); *In re Adams*, 424 B.R. 434, 435 (Bankr. N.D. Ill. 2010) (explaining that to have standing in a bankruptcy case, "a person must have a pecuniary interest in the outcome of the bankruptcy proceedings"). Indeed, even chapter 7 debtors are generally "not considered persons with a pecuniary interest in the estate." *Cyrus*, 358 B.R. at 315.

In these cases, neither Goad nor Moreland are parties in interest. They do not allege that that they are the Debtors' creditors nor do they assert that any pecuniary interest will be affected as a result of these bankruptcy proceedings. Indeed, they admit that they do not have any ownership interest in the Debtors. Instead, their allegations are limited to the claim that Goad was a custodian over certain of the Debtors' books and records. (Motion at ¶¶ 3, 11, 25.) Moreover, the Motion is devoid of any allegation as to Moreland's purported interest in these bankruptcy proceedings. (*See generally*, *id.*) Because Goad and Moreland are not parties in

5

interest, they lack standing to bring the Motion or request a venue transfer, and the Motion should be denied on that basis alone.

The court's reasoning in *In re Miller*, 347 B.R. 48 (Bankr. S.D. Tex. 2006) is illustrative. In *Miller*, Merck & Co., Inc. moved to prevent the chapter 7 trustee from reopening a bankruptcy case. 347 B.R. at 50. The court rejected Merck's request, finding that it lacked standing to assert it. *Id.* at 51. Specifically, the court reasoned:

> Merck does not assert that it is a creditor of this estate and makes no claim to any right to a distribution from this estate. Merck cites no right that it has, or interest it asserts, under the Bankruptcy Code relating to administration of this case. . . . Estates are administered for the benefit of creditors and the debtor(s), not for the benefit of entities who may owe money to the estate.

*Id.* at 51-52.

*Miller's* rationale applies with equal force in this case. Goad and Moreland do not claim to be creditors of the estate; they claim no right to any distribution from the estate; and they cite no right that they have relating to the administration of the state. As a result, they are not parties in interest and have no standing to bring the Motion or request a change of venue.

**III. Goad and Moreland Fail to Overcome the Presumption of Proper Venue.**

As noted above, a debtor's selection of a proper venue is entitled to great weight and deference in change of venue motions, and the party requesting the venue change bears the burden of demonstrating that such transfer is warranted. Goad and Moreland have fallen far short of meeting their burden. In fact, as the Debtors' opposition to the Motion shows, there are numerous creditors located in Texas and Oklahoma who hold tens of millions of dollars in claims against these Debtors. Further, while Rabo has yet to file a proof of claim, Rabo's claim

6

against all three Debtors, each of which are jointly and severally liable to Rabo, exceeded $52 million as of the Petition Date. *See* Dkt. No. 29, Statement of Fact 17. Rabo also believes these cases were filed in the proper venue, which only adds to the numbers outlined by the Debtors in their opposition to the Motion. In short, Rabo's position is that the Debtors' cases were filed in an appropriate venue, and there is no reasonable argument that transferring the cases to Kentucky would be more convenient for all or even a majority of the Debtors' creditors.

## CONCLUSION

Based on the foregoing reasoning, Rabo respectfully requests that the Motion be denied.

DATED this 31st day of July, 2023.

>UNDERWOOD LAW FIRM, P.C.
>Thomas C. Riney, SBN: 16935100
>W. Heath Hendricks, SBN: 240556451
>500 South Taylor, Suite 1200, LB 233
>Amarillo, Texas 79101
>Telephone: (806) 376-5613
>Facsimile: (806) 379-0316
>Email: tom.riney@uwlaw.com
>Email: heath.hendricks@uwlaw.com
>
>   --and--
>
>RAY QUINNEY & NEBEKER P.C.
>Michael R. Johnson *(Pro Hac Vice)*
>36 South State Street, Suite 1400
>Salt Lake City, UT 84111
>Telephone: (801) 532-1500
>Facsimile: (801) 532-7543
>Email: mjohnson@rqn.com
>
>
>*/s/ Michael R. Johnson*
>Michael R. Johnson
>*Attorneys for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, the foregoing RABO AGRIFINANCE LLC'S OBJECTION AND OPPOSITION TO MOTION TO TRANSFER JOINTLY ADMINISTERED CASES was filed with the Clerk of the Court in the above-entitled case, which sent notice of electronic filing to all electronic filing users in the case.

                    /s/ Michael R. Johnson
                    Michael R. Johnson

1644587