Hudson M. Jobe, Esq.
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

SPECIAL COUNSEL FOR KENT RIES, TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MCCLAIN FEED YARD, INC., et al.,**[1] | § | **CASE NO. 23-20084-RLJ-7** |
| | § | |
| Debtors. | § | (Jointly Administered) |

## TRUSTEE'S OPPOSED MOTION FOR CONTINUANCE OF
## HEARING ON MOTION TO TRANSFER VENUE

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

COMES NOW, Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy

estates, and files this Opposed Motion for Continuance regarding the *Motion to Transfer Jointly*

*Administered Cases* [Docket No. 82] (the "Motion to Transfer"), and would respectfully show

the Court as follows:

1.      As discussed in prior pleadings, based upon the Trustee's investigation thus far,

the Debtors' prebankruptcy operations appear to have constituted a massive fraud involving two

cattle operations in Texas (Hereford and Friona) and one in Benton, Kentucky.  The asserted

unpaid claims exceed $100M so far, and the Debtors' records show several hundred million

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**TRUSTEE'S OPPOSED MOTION FOR CONTINUANCE OF HEARING ON MOTION TO TRANSFER VENUE - PAGE 1**

dollars flowing through the Debtors in the 3 years before bankruptcy. These cases will involve over 100 parties and their attorneys based upon the service list thus far.

2.      The Debtors' owner, Mr. McClain, committed suicide on April 18, 2023 - less than 2 weeks after the appointment of a Chief Restructuring Officer that was investigating the Debtors' financial affairs.  The Trustee's investigation thus far, including with the assistance of the pre-bankruptcy CRO, has been considerable and will be ongoing for some time due to, among other things, the Debtors' poor and unreliable records.

3.      The Debtors' primary secured lender, Rabo AgriFinance LLC ("Rabo"), served many parties with 2004 discovery requests pursuant to this Court's Order entered on May 11, 2023 (Docket No. 22).  This included 2 daughters of Mr. McClain (Meagan B. Goad and Kinsey Moreland), which are believed to have significantly participated in the Debtors' operations. They were served with discovery in Benton, Kentucky on May 21 and 22, 2023. *See* Docket Nos. 37 and 38.  Responses to those discovery requests were due June 5, 2023. *See id*.

4.      Ms. Goad and Ms. Moreland did not timely respond.  Rather, on July 18, 2023 they filed a Motion to Transfer Venue (Docket No. 82) of these cases to their home court of Kentucky and self-calendared a setting of these motions on the Court's August 16, 2023 Amarillo docket without conferring with the Trustee on the setting. Their motive for the transfer is clear: they know they are potential litigation targets.  As by way of example, the Trustee's initial investigation shows that Ms. Goad received over $2,400,000.00 in the year before bankruptcy.

5.      Thereafter, on July 25, 2023, Ms. Goad and Ms. Moreland produced approximately 3500 pages of documents to Rabo. *See* Ex A.  On July 28, 2023, counsel for the Trustee informed movants that he was on vacation and unavailable August 7 – 17, and that a

continuance would be necessary not only because of the schedule conflict, but also to allow for discovery on movants (written discovery and depositions). *See* Ex B. That same day, the Trustee served movants with a request for production of 5 categories of documents, 1 of which included copies of bank statements for any accounts where Debtors' funds were deposited. *See id.*

6.      No response was received until August 2, 2023, wherein counsel for movants stated that they would <u>not</u> agree to a continuance, and would <u>not</u> comply with the discovery request for documents or depositions.  *See* Ex. C.

7.      By this Motion, the Trustee requests the Court to continue this Motion to at least mid-September, and if possible a special setting, for several reasons:

    a.  The Trustee's outside counsel is not available for pre-hearing preparation or the August 16 docket call due to personal scheduling conflicts;

    b.  The Trustee and Rabo need time to review the 3500+ page document production, to identify missing items, and if necessary, file a Motion to Compel on the Rabo discovery;

    c.  The Trustee and movants will apparently need time for the Court to hear a Motion to Compel on the Trustee's discovery requests, and if granted, the deposition and additional document production;

    d.  The Trustee recently encountered a medical issue and is scheduled for outpatient surgery on Thursday, August 10, which further interferes with prehearing preparation; and

    e.  The hearing time on this matter is likely to take several hours and involve many parties and attorneys. A special setting would assist in coordinating all of the schedules of parties and counsel now rather than later at a docket call.

WHEREFORE, PREMISES CONSIDERED, Trustee respectfully requests that this Court reschedule the hearing on the above Motion to Transfer presently set for August 16, 2023, at 1:30 p.m. and for such further relief, general or special, at law or in equity, to which the Trustee is rightfully entitled.

**TRUSTEE'S OPPOSED MOTION FOR CONTINUANCE OF HEARING ON MOTION TO TRANSFER VENUE - PAGE 3**

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)


By:  */s/ Hudson M. Jobe*
      Hudson M. Jobe
      State Bar No. 24041189

SPECIAL COUNSEL FOR KENT RIES, TRUSTEE


## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for movants and was informed that movants will not agree to a continuance.

*/s/ Hudson M. Jobe*


## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 4th day of August 2023, a true and correct copy of the foregoing instrument was served upon the counsel and parties of record, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service and those parties listed in the Matrix, including on counsel for movants.

*/s/ Hudson M. Jobe*