**Hudson Jobe**

---

| | |
|---|---|
| **From:** | Hudson Jobe |
| **Sent:** | Friday, July 28, 2023 4:50 PM |
| **To:** | bfranklin@bdflawfirm.com |
| **Cc:** | Kent Ries; Orion Hutchin; Chandler Patterson; Charity S. Bird; Michael Johnson; Nita Chancellor |
| **Subject:** | RE: [EXTERNAL] - FW: McClain Venue motion |
| **Attachments:** | Trustee's RFP to Goad and Kinsey - 7.28.23.pdf; Ex A - Dkt 17 - Ex Parte Mtn for 2004 Exam of Various Third Parties - 05.09.23.pdf |

Mr. Franklin –

I am outside counsel for the Trustee. Attached please find the Trustee's request for production relative to the venue motion.

I am assisting the Trustee in the venue hearing and deposition, and not available August 7-17 due to family travel. Due to my schedule and the needed discovery, the Trustee will be requesting this to be moved to September. The Court typically moves to the standing Amarillo docket on Sept 7. Please advise if your client is agreeable to this continuance.

With respect to discovery, we will need to coordinate another depo date and an expedited production date depending on the ultimate date for the hearing. Let me know the position on the continuance and we can discuss deposition scheduling depending on the intended hearing date.

Thanks,

**Hudson Jobe**
**Board Certified Business Bankruptcy Attorney**
**Texas Board of Legal Specialization**
**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
**2001 Bryan Street, Suite 1800, Dallas TX 75201**
**Direct: (214) 880-1858 | Fax: (214) 871-2111**
**Email: hjobe@qslwm.com**

---

**From:** William Franklin <bfranklin@bdflawfirm.com>
**Sent:** Thursday, July 27, 2023 3:25 PM
**To:** Kent Ries <kent@kentries.com>; Orion Hutchin <OHutchin@bdflawfirm.com>; Chandler Patterson <cpatterson@bdflawfirm.com>; Charity S. Bird <cbird@kaplanjohnsonlaw.com>
**Cc:** Hudson Jobe <hjobe@qslwm.com>; Michael Johnson <MJohnson@rqn.com>
**Subject:** RE: McClain Venue motion

Mr. Ries:

My clients are available for zoom depositions on August 10th. Please let me know if that works for you. Charity Bird will be handling the depositions on our side, as such I have copied her with this email. With regard to your request to move the hearing date, we do not see the need to move it at this time.



1

Please let me know if you have any questions.

Thanks,

Bill

**William A. (Bill) Franklin**
**BOERNER, DENNIS & FRANKLIN, PLLC**
P.O. Box 1738 • Lubbock, Texas 79408
920 Ave. Q • Lubbock, Texas 79401
Telephone:  806.763.0044
Facsimile:  806.763.2084
E-mail:   bfranklin@bdflawfirm.com
Website: www.bdflawfirm.com



The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, then you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, then do not read it. Please immediately reply to the sender that you have received this communication in error, and delete it. Thank you.

IRS Circular 230 Notice - To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message or any attachments is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Kent Ries <kent@kentries.com>
**Sent:** Tuesday, July 25, 2023 1:44 PM
**To:** Orion Hutchin <OHutchin@bdflawfirm.com>; William Franklin <bfranklin@bdflawfirm.com>; Chandler Patterson <cpatterson@bdflawfirm.com>
**Cc:** Hudson Jobe <hjobe@qslwm.com>; Michael Johnson <MJohnson@rqn.com>
**Subject:** RE: McClain Venue motion

???????

Kent Ries
PO Box 3100
Amarillo, TX 79116
806-242-7437

**From:** Kent Ries
**Sent:** Wednesday, July 19, 2023 3:39 PM
**To:** Orion Hutchin <OHutchin@bdflawfirm.com>; William Franklin <bfranklin@bdflawfirm.com>; Chandler Patterson <cpatterson@bdflawfirm.com>

**Cc:** Hudson Jobe <hjobe@qslwm.com>; Michael Johnson <MJohnson@rqn.com>
**Subject:** McClain Venue motion

Please give me some dates when your client can be available for a deposition in this contested matter. I am not available the week of 7/31/23.

Also, we may well be sending some written discovery in this matter as well. In any event, a hearing per your notice does not provide the time needed to prepare. Are you agreeable to a continuance to the Court's September Amarillo docket?

Thanks.

Kent Ries
PO Box 3100
Amarillo, TX 79116
806-242-7437

Hudson M. Jobe, Esq.
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

SPECIAL COUNSEL FOR KENT RIES, TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| Debtors. | § | (Jointly Administered) |

### TRUSTEE'S REQUEST FOR PRODUCTION OF DOCUMENTS

**TO:** Meagan B. Goad and Kinsey Moreland, by and through their attorneys of record, William A. Franklin, Chandler Patterson, and Orion Hutchin, Boerner, Dennis & Franklin, PLLC, Attorneys at Law, 920 Avenue Q, P.O. Box 1738, Lubbock, Texas 79408.

Kent Ries, Chapter 7 Trustee (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34, as made applicable to this contested matter by Fed. R. Bank. P. 9014, requests that Meagan B. Goad and Kinsey Moreland (the "Interested Parties"), produce for inspection and copying, the papers, documents and tangible things within their possession, custody and control, designated below, on or before **August 28, 2023, at 5:00 p.m.** Documents and other information should be provided in electronic form where possible to the undersigned counsel. Documents or other items only available in physical form should be made available for inspection and copying at the office of Boerner, Dennis & Franklin, PLLC, Attorneys at Law, 920 Avenue Q, P.O. Box 1738, Lubbock, Texas 79408. Physical computers or similar items should be made available at the office of Boerner, Dennis

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

1

& Franklin, PLLC, Attorneys at Law, 920 Avenue Q, P.O. Box 1738, Lubbock, Texas 79408 for turnover to a third-party forensic firm.

Pursuant to Fed. R. Bank. P. 9014 and 7034, Fed. R. Civ. P. 34(b)(2), the Interested Parties are also required to serve a written response to this request within 30 days from the date of service hereof, stating, with respect to each item or category, that the inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

## **DEFINITIONS**

1.    The term "Interested Parties" means Meagan B. Goad and Kinsey Moreland, creditors in the above-captioned chapter 7 jointly administered bankruptcy cases and includes any professional retained by the Interested Parties or other person authorized or directed to act on behalf of the Interested Parties.

2.    The term "document" means the original or a copy of any tangible thing from or on which information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form and including, but not limited to: accounting books or records; accounts; affidavits; agendas; agreements; analyses; applications; appointment books; audio tapes; balance sheets; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; e-mail communications; evaluations; experiments; faxes; facsimiles; films; financial statements; flash memory; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; policies; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; sound recordings; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document that contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these Document Requests. Any document identified or described in a Document Request, or which contains information or is otherwise related to the substance of a Document Request, will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession,

custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates (including documents kept by individuals in their desks, at home, or elsewhere).

3.  The term "information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

4.  The term "Motion to Transfer" means the Motion of Meagan B. Goad and Kinsey Moreland, as Interested Parties, to transfer venue of the jointly administered cases to the Western District of Kentucky [ECF No. 82].

5.  The term "person" means any natural person, firm, partnership, joint venture, corporation, or group of natural Persons or such entities.

6.  The term "relating to" means, directly or indirectly, refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

7.  The term "You," or "Your," means Meagan B. Goad and Kinsey Moreland, the Interested Parties, and includes any employees, agents, associates, predecessors, successors, assigns, affiliates, subsidiaries or entities acting on behalf or under control of You.

8.  The term "Debtors" means McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

## INSTRUCTIONS

1.  In responding to this Document Request, furnish all information which is available to You, including information in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, and not merely such information known of Your own knowledge. If You are unable to locate any requested document after exercising due diligence to secure the requested document, so state, and answer to the extent to which You are able.

2.  This Document Request is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. supplementary documents are to be served within seven days after receipt or discovery of such information or documents.

3.  If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the Document Request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document;

(3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

4. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom distributed or shown; (i) date of destruction or other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the document; and (m) the Document Request to which the document is responsive.

5. Pursuant to Rule 7034, which incorporates Rule 34(b) of the Federal Rules of Civil Procedure, all documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein.

6. The connectives "and" and "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of their scope.

7. The words "any," "all" and "each" are to be construed as necessary to bring within the scope of these Document Requests all responses that might otherwise be construed to be outside of their scope.

8. The use of the singular form of any word includes the plural and vice versa.

9. The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

10. The terms "including" and "includes" are not limiting.

## **DOCUMENT REQUESTS**

1. All documents or other items in the possession, custody, or control of the Interested Parties that are responsive to the *EX PARTE* MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES filed by Rabo AgriFinance LLC attached as Exhibit A hereto.

2. All bank statements from January 1, 2005 to the present in the possession, custody, or control of the Interested Parties for any bank account that contain any deposits of funds from any of the Debtors from January 1, 2005 to the present.

3. All documents concerning any of the Debtors from January 1, 2023 to the present.

4. All computers, hard drives, USB drives, cell phones, laptops, tablets and other media storage devices that contain any records or other information concerning the Debtors.

5. All documents on which You relied for factual support of the allegations set forth in the Motion to Transfer.

Dated this 28th day of July 2023.            Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Hudson M. Jobe*
    Hudson M. Jobe
    State Bar No. 24041189

SPECIAL COUNSEL FOR KENT RIES, TRUSTEE

5