UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

## RABO'S RESPONSE TO THE MOTION OF NORTHLAND FINANCIAL SERVICES, LLC, FOR RELIEF FROM THE AUTOMATIC STAY AS TO EQUIPMENT

Rabo AgriFinance LLC ("**Rabo**"), through counsel, hereby fields this Response to the *Motion of Northland Financial Services, LLC for Relief from the Automatic Stay as to Equipment* (the "**Motion**"), filed July 21, 2023 as Dkt. 86.

For its Response to the Motion, Rabo states as follows:

1. Rabo has no objection to the entry of an Order granting the Motion.

2. In the Motion, however, the movant, Northland Financial Services, LLC ("**Northland**"), references the various Equipment Master Lease Agreements that were entered into concerning the Equipment that is the subject of the Motion, and otherwise suggests that the contractual relationship between Northland and the Debtors was a lessor-lessee relationship.

3. Rabo has reviewed the underlying Master Lease Agreements (the "**Agreements**") identified in the Motion.

4. The Agreement for Lease 18869-01 provides for 20 quarterly payments of $8,356.08 each, with an option to purchase the Equipment at the end of the term for $101.00.

5. The Agreement for Lease 18869-03 provides for 12 quarterly payments of $7,915.83 each, with an option to purchase the Equipment at the end of the term for $101.00.

6. The Agreement for Lease 18869-04 provides for 16 quarterly payments of $9,709.38 each, with an option to purchase the Equipment at the end of the term for $101.00.

7. Under the Uniform Commercial Code, a transaction in the form of a lease creates a security interest and is really a secured financing transaction rather than a leasing transaction

2

"if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee," and "the lessee has an option to become the owner of the goods for no additional consideration or for nomination consideration upon compliance with the lease agreement." Tex. Bus. & Comm. Code § 1.203(b).

8. Here, the Agreements between Northland and the Debtors are secured financing transactions and not true leases because (a) the Agreements are not subject to early termination by the Debtors, and (b) the Debtors have the option to become the owner of the Equipment identified in the Agreements "for nominal consideration upon compliance with the lease agreement."

9. While Rabo does not object to the Motion or to an order granting Northland stay relief, Rabo does object to the Motion to the extent Northland seeks findings that the contractual relationship between it and the Debtors was a leasing transaction rather than a secured financing transaction.

10. As the Court is aware, Rabo asserts that it has a properly perfected first priority blanket lien on and security interest in all of the Debtors' equipment and other personal property, which blanket lien would be subordinate only to properly perfected purchase money security interests in certain items of equipment.

11. Even assuming that Northland has a properly perfected purchase money security interest in the Equipment that is the subject of the Motion, Rabo would be entitled to any equity in the Equipment remaining after Northland's claims are paid in full.[2]

12. While the proposed Order submitted with the Motion contains language that nothing set forth in the Order "shall constitute a determination or finding concerning the lien validity or priority of any other creditor or party in interest with respect to the Equipment," lien validity and priority is only relevant if the Equipment is owned by the Debtors and is not merely leased by the Debtors, since Rabo's lien only attaches to property of the Debtors and not to third party property that the Debtors are merely leasing under a true lease.

13. For this reason, Rabo requests that the Court, in ruling on the Motion, make clear on the record or in its Order that it *is not* making any findings concerning the nature of the Agreements, including that it is making *no findings* that the Agreements between Northland and the Debtors are true leases.

DATED this 4th day of August, 2023.

> UNDERWOOD LAW FIRM, P.C.
> Thomas C. Riney, SBN: 16935100
> W. Heath Hendricks, SBN: 240556451
> 500 South Taylor, Suite 1200, LB 233
> Amarillo, Texas 79101
> Telephone: (806) 376-5613
> Facsimile: (806) 379-0316
> Email: tom.riney@uwlaw.com
> Email: heath.hendricks@uwlaw.com

---

[2] While Rabo concedes that Northland has a perfected security interest in the Equipment, Rabo does not concede that Northland has complied with all of the Article 9 requirements for obtaining and perfecting a purchase money security interest in the Equipment. However, as Northland's proposed Order expressly excludes any lien priority findings, that question is not before the Court.

--and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, the foregoing document was filed with the Clerk of the Court in the above-entitled Chapter 7 case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in the case.

*/s/ Michael R. Johnson*
Michael R. Johnson