# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered |

## HTLF BANK'S RESPONSE IN OPPOSITION TO MOTION TO TRANSFER JOINTLY ADMINISTERED CASES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HTLF Bank, successor in interest to First Bank & Trust, a party in interest to the above-entitled Chapter 7 cases, by and through its attorneys, LOVELL, ISERN & FARABOUGH, LLP, and files this Response in Opposition to Motion to Transfer Jointly Administered Cases. [Doc. 82]. HTLF respectfully states as follows:

1. HTLF respectfully adopts by reference the arguments submitted in Debtor's Response Opposed to Motion to Transfer Venue [Doc. 88], Rabo Agrifinance LLC's Objection and Opposition to Motion to Transfer Jointly Administered Cases [Doc. 90], and Trustee's Response in Opposition to Motion to Transfer Jointly Administered Cases [Doc. 95]. In addition to those reasons, HTLF states as follows:

2. The primary factual and legal issues arising out of this bankruptcy appear to relate to the Debtors' cattle operations in Texas and the financing of said operations. As a result, to the extent that records and witnesses are available, HTLF Bank believes the majority of these records

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

exist or reside in the State of Texas.

3. Further, both this Court and the bankruptcy trustee to which these cases are assigned have extensive experience in litigation arising out of cattle operations and are well equipped to address the legal and factual issues that such litigation may entail.

4. Even though, as noted by Movant, the Chapter 5 claims will be asserted against parties in Kentucky, operations that generated the assets subject to those claims occurred in Texas. Venue should be based on the actual operations of the entity and issue and the location of its creditors, not where assets were wrongfully transferred.

5. Further, transferring this case to Kentucky would cause unnecessary expense to HTLF Bank, such as the cost to engage new counsel, or local counsel, plus travel expenses and similar expenses associated with additional counsel.

WHEREFORE, HTLF Bank respectfully requests that the Court deny the Motion to Transfer Venue.

DATED this 8th day of August 2023.

Respectfully submitted,

LOVELL ISERN & FARABOUGH, LLP
John H. Lovell, State Bar No. 123609300
john@lovell-law.net
Matthew S. Merriott, SBN 24100846
matthew@lovell-law.net
112 SW 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Phone: (806) 373-1515
Fax: (806) 379-7176

By: /s/ *Matthew S. Merriott*
    Matthew S. Merriott

*Attorneys for HTLF Bank*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2023, the foregoing document was filed with the Clerk of Court in the foregoing Chapter 7 case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in the case.

      By: /s/ *Matthew S. Merriott*
          Matthew S. Merriott

*Attorney for HTLF Bank*