UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

## **NOTICE OF INTENT TO ISSUE AND SERVE SUBPOENA**

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Rules of Bankruptcy Procedure, and as previously authorized by the Court pursuant Federal Rule of Bankruptcy Procedure 2004, Rabo AgriFinance LLC, by and through its counsel of record, hereby gives notice of its intent to issue and serve a *Subpoena for Rule 2004 Production of Documents* upon the following:

> **Community Financial Services Bank**
> **100 Dick Castleman Bypass**
> **Benton, KY  42025-0467**

A true and correct copy of the Subpoena to be issued and served is attached hereto.

DATED this 11th day of August, 2021.

> UNDERWOOD LAW FIRM, P.C.
> Thomas C. Riney, SBN: 16935100
> W. Heath Hendricks, SBN: 240556451
> 500 South Taylor, Suite 1200, LB 233
> Amarillo, Texas 79101
> Telephone: (806) 376-5613
> Facsimile: (806) 379-0316
> Email: tom.riney@uwlaw.com
> Email: heath.hendricks@uwlaw.com

    --and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com


*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2023, the foregoing document was filed with the Clerk of the Court in the above-entitled Chapter 7 case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in the case.

                                            */s/ Michael R. Johnson*
                                            Michael R. Johnson

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

In re **McCLAIN FEED YARD, INC.**  Case No. 23-20084-7-rlj
**McCLAIN FARMS, INC.**  Case No. 23-20085-7-rlj
**7M CATTLE FEEDERS, INC.**  Case No. 23-20086-7-rlj

Chapter 7

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO:  **Community Financial Services Bank**
**100 Dick Castleman Bypass**
**Benton, KY  42025-0467**

*(Name of person to whom the subpoena is directed)*

☐ **TESTIMONY:** **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ *PRODUCTION:* You must produce by **5:00 p.m. on or before August 31, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500<br><br>*Attorneys for Rabo AgriFinance LLC* | 8-10-2023 |

Case 23-20084-rlj7 Doc 101 Filed 08/11/23 Entered 08/11/23 10:36:23 Desc Main Document Page 6 of 12

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1. <u>RAF</u>. The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2. <u>MF</u>. The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>MFY</u>. The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>7M</u>. The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5. <u>McClain</u>. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6. <u>CFSB</u>. The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

7. <u>McClain Parties</u>. The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

8. <u>McClain Accounts</u>. The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB during the Relevant Time Period.

9. <u>McClain Family Members</u>. The term "McClain Family Members" shall mean any or all of Chelsea McClain, Crystal McClain, Meagan B. Goad, fka Meagan B. Powell, Jed Goad, and/or Kinsey Moreland.

10. <u>McClain Family Members Accounts</u>. The term "McClain Family Members Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Family Members and held or located at CFSB during the Relevant Time Period.

11. <u>JLE Trucking</u>. The term "JLE Trucking" shall mean JLE Trucking, Inc., also includes its agents, heirs and representatives, including but not limited to Jed Goad and/or Meagan B. Goad.

Case 23-20084-rlj7    Doc 101    Filed 08/11/23    Entered 08/11/23 10:36:23    Desc Main
Document    Page 9 of 12

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 5)

12. <u>JLE Trucking Accounts</u>. The term "JLE Trucking Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of JLE Trucking and held or located at CFSB during the Relevant Time Period.

13. <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

14. <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

15. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

16. <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

17. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding

Case 23-20084-rlj7 Doc 101 Filed 08/11/23 Entered 08/11/23 10:36:23 Desc Main Document Page 10 of 12

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. Page 6)

to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

18. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

19. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

21. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

22. <u>You/Your</u>. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## INSTRUCTIONS

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D. You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## EXHIBIT B

### Requested Documents

1. All bank statements for the McClain Accounts, the McClain Family Members Accounts and the JLE Trucking Accounts created or generated during the Relevant Documents Time Period.

2. All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the McClain Accounts, the McClain Family Members Accounts and the JLE Trucking Accounts from the opening or inception of the accounts through the present.

3. All records and documents evidencing all transaction activities in or related to the McClain Accounts, the McClain Family Members Accounts and the JLE Trucking Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the foregoing accounts.

4. All corporate resolutions or other agreements that were presented to open or maintain the McClain Accounts, the McClain Family Members Accounts and the JLE Trucking Accounts.

5. All "Know Your Customer" or "KYC" information collected during the life of the McClain Accounts, the McClain Family Members Accounts and the JLE Trucking Accounts.

6. All communications created or generated during the Relevant Communications Time Period between CFSB, on the one hand, and any of the McClain Parties, the McClain Family Members or JLE Trucking, on the other hand, referring or relating to the McClain Accounts, the McClain Family Members Accounts and the JLE Accounts.

7. All communications created or generated during the Relevant Communications Time Period between CFSB, on the one hand, and any third parties, on the other hand, referring or relating to the McClain Accounts, the McClain Family Members Accounts and the JLE Accounts.

8. All internal communications between agents or representatives of CFSB created or generated during the Relevant Time Period referring or relating to the McClain Accounts, the McClain Family Members Accounts and the JLE Accounts.

9. All communications between CFSB, on the one hand, and Mechanics Bank, on the other hand, from and after April 1, 2023 which refer or relate to the McClain Accounts, including but not limited to all communications regarding financial transactions concerning the McClain Parties' bank accounts at Mechanics Bank, and any returned items or reversals on such accounts, and any requests made by CFSB to Mechanics Bank to dishonor, return or otherwise not clear checks or wires initiated by CFSB.

1643994