# AFFIDAVIT OF SERVICE

| Case: 23-20084-RLJ-7 | Court: UNTED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION | County: , | Job: 9486006 |
|---|---|---|---|
| Plaintiff / Petitioner: IN RE: MCCLAIN FEED YARD, INC., ET AL. | | Defendant / Respondent: | |
| Received by: Oklahoma AccuServe | | For: Bryan Smith and Associates, Inc. | |
| To be served upon: OKLAHOMA NATIONAL STOCKYARDS COMPANY | | | |

I, Chad Schultheis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: OKLAHOMA NATIONAL STOCKYARDS COMPANY C/O THERESA MOYERS (OFFICE MANAGER), 2501 EXCHANGE AVE STE 107, OKLAHOMA CITY, OK 73108

Manner of Service: Corporation, Aug 31, 2023, 2:19 pm CDT

Documents: SUBPONEA FOR RULE 2004 PRODUCTION OF DOCUMENTS; EXHIBITS (Received Aug 30, 2023 at 1:55pm CDT)

Additional Comments:
1) Successful Attempt: Aug 31, 2023, 2:19 pm CDT at 2501 EXCHANGE AVE STE 107, OKLAHOMA CITY, OK 73108 received by OKLAHOMA NATIONAL STOCKYARDS COMPANY C/O THERESA MOYERS (OFFICE MANAGER). Age: 50'S; Ethnicity: Caucasian; Gender: Female; Weight: 145; Height: 5'5"; Hair: Blond;

Chad Schultheis  PSS-2021-16       08/31/2023
                                   Date

Oklahoma AccuServe
705 S Mustang Rd Ste 294
Yukon, OK 73099

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

M. SPENCER
Notary Public in and for
STATE OF OKLAHOMA
Commission #08002847
Expires: March 10, 2024

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered[1] |

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO: Oklahoma National Stockyards Company
2501 Exchange Ave., Ste. 107
Oklahoma City, OK  73108

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ *Production:* You, must produce **on or before twenty (20) days after service, or at a mutually agreed time**, at the office of Naman Howell Smith & Lee, 8310 N. Capital of Texas Highway, Ste 490, Austin, Texas 78731, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

**SEE EXHIBIT "A" ATTACHED HERETO**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ David L. LeBas | August 30, 2023 |

David L. LeBas
Naman Howell Smith & Lee
8310 N. Capital of Texas Highway, Ste 490
Austin, Texas 78731
Ph. 512-479-0300
*Attorney for AgTexas Farm Credit Services
Ag Texas PCA and
Thorlakson Diamond T. Feeders, LP*

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)*_____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

## DEFINITIONS
## (Oklahoma City Stockyards)

1. AgTexas. The term "AgTexas" shall mean AgTexas Farm Credit Services, a federally chartered agricultural credit association formed under the Farm Credit Act of 1933, and AgTexas PCA, a federally chartered production credit association formed under the Farm Credit Act of 1933.

2. Thorlakson. The term "Thorlakson" shall mean Thorlakson Diamond T Feeders, LP, a limited partnership organized under the laws of, and doing business in, the State of Texas.

3. 2B Farms. The term 2B Farms shall mean 2B Farms, a Texas General Partnership, and its partners, officers, members, agents, or employees.

4. 2B Accounts. The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

5. OKCS. The term OKCS shall mean the Oklahoma National Stockyards Company (also referred to as the Oklahoma City Stockyards) and its agents, employees, directors, members, officers, or representatives, located at 107 Livestock Exchange Building, Oklahoma City, Oklahoma 73108.

6. Powell. The term "Powell" shall mean Angela Powell, individually, and in her capacity as the agent of ADPOWELL, Inc., and in her capacity with H&R Block in Benton, KY.

7. H&R Block. The term "H&R Block" shall mean the location at 88B Commerce

Blvd., Benton, KY 42025, as well as all officers, directors, members, employees, attorney, agents, and representatives of the foregoing.

8. ADPOWELL, Inc. The term "ADPOWELL, Inc." shall mean ADPOWELL, Inc., a Kentucky for-profit corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

9. Debtors. The term "Debtors" shall mean McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., as named and described in Cause No.'s 23-20084, 23-20085, and 23-20086 filed in this Court. This term also includes any of the Debtors' agents, employees, directors, members, officers, or representatives.

10. McClain. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

11. Relevant Documents Time Period. The term "Relevant Documents Time Period" shall mean the period from January 1, 2018, through the present.

12. Relevant Communications Time Period. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021, through the present.

13. Documents or Electronically Stored Information. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing

notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" also includes file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

14. Communications. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

15. Concerning. The term "concerning" means referring to, referencing, reflecting, in

connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

16. All/Each. The terms "all" and "each" shall be construed as all and each.

17. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. Number. The use of the singular form of any word includes the plural and vice versa.

19. Tense. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

20. You/Your. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed, and its agents or employees thereof with knowledge of the matters contained in the documents requested herein.

## **INSTRUCTIONS**

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or

entities under Your control or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein

that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D. You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1. All purchase agreements between the Debtors and OKCS for the Relevant Documents Time Period.

2. All inventory sheets, head counts, or lot identifiers for any cattle purchased by the Debtors and/or Brian McClain, and/or Megan McClain for the Relevant Documents Time Period.

3. All shipping documents for cattle sent to any of the Debtors' feed yards during the Relevant Documents Time Period.

4. All bills of lading and/or shipper's manifests for cattle sent to any of the Debtors' feed yards during the Relevant Documents Time Period.

5. Any documents received from the Texas and Southwestern Cattle Association

(including the Texas and Southwestern Cattle Raisers Association Special Rangers) from January 1, 2023, through the date of this subpoena that relate to the Debtors' operations, Brian McClain, or Megan McClain.

6. Any security agreements made between the Debtors and OKCS during the Relevant Documents Time Period.

7. Any documents evidencing the reclamation of cattle from the Debtors' feed yards from January 1, 2023, through the present, including bills of lading, shipping manifests, load identifiers, head counts, and inventories.

8. All notices sent to the Debtors and/or Brian McClain, and/or Megan McClain that OKCS intended to reclaim any cattle from January 1, 2023, through the present.

9. Any documents evidencing a debt **owed to OKCS** by the Debtors or Brian McClain individually.

10. All communications between OKCS and the following individuals and/or entities during the Relevant Communications Time Period which relate to the Debtors' operations and/or Brian McClain:

- Brian McClain;

- Meagan B. Goad, aka Megan B. Powell, aka Megan McClain

- Glenn Karlberg

- Texas & Southwestern Cattle Raisers Association, including the Special Rangers (and its agents, officers, or employees)

- Rabo AgriFinance, LLC (and its agents, officers, or employees)

- Cactus Feeders (and its agents, officers, or employees)

- Friona Industries (and its agents, officers, or employees)

- 2B Farms (and its agents, officers, or employees)

- Terry ("Bo") Robinson
- Rebecca Robinson
- Angela Robinson
- MAP Enterprises, LLC (and its agents, officers, or employees)
- Wildforest Cattle Company, LLC (and its agents, officers, or employees)
- Community Financial Services Bank (and its agents, officers, or employees)

11. If OKCS reclaimed any cattle from January 1, 2023, through the present, all documents from the date of reclamation through the present evidencing the disposition of the cattle, and/or proceeds thereof.

- If cattle were reclaimed but have not been sold or otherwise disposed of at the time of receipt of this subpoena, all documents evidencing the current location and head count of the cattle.
- If cattle were reclaimed, and there are any planned, future sales of the cattle, this request should be considered ongoing, and seeks all information and documentation related to the proceeds of any reclaimed cattle from the Debtors' feed yards, at such a time they are sold or otherwise disposed of after the date of this subpoena.

12. All records of payments made **by** the Debtors and/ or Brian McClain and/or Megan McClain **to OKCS** during the Relevant Documents Time Period.

13. All records of payments made **by** OKCS **to** the Debtors and/ or Brian McClain and/or Megan McClain during the Relevant Documents Time Period.

14. All records and documents evidencing lines of credit (or sales on credit), and the amounts extended (if any) to the Debtors by OKCS during the Relevant Documents Time Period.

15. All evidence of payments made by the Debtors on any lines of credit extended by OKCS during the Relevant Documents Time Period.

16. Any communications with any person or entity purporting to be the accountant and/or bookkeeper for the Debtors during the Relevant Communications Time Period, including but not limited to Powell/ADPOWELL, Inc./H&R Block.

17. Any documents exchanged with any person or entity purporting to be the accountant and/or bookkeeper for the Debtors during the Relevant Communications Time Period.