UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

        -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>     Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

## <u>NOTICE OF INTENT TO ISSUE AND SERVE SUBPOENAS IN A CONTESTED MATTER</u>

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, as incorporated by Rule 9016 of the Rules of Bankruptcy Procedure, and based upon the contested matter pending before the Court arising from the *Motion to Transfer Jointly Administered Cases*, filed July 18, 2023 as Dkt. 82, Rabo AgriFinance LLC, by and through its counsel of record, hereby gives notice of its intent to issue and serve a *Subpoena to Produce Documents, Information or Things in a Bankruptcy Case, Adversary Proceeding, or Contested Matter* upon the following third parties:

1. **Carr, Riggs & Ingram CPAs**
   **922 State Street, #100**
   **Bowling Green, Kentucky 42101**

2. **HTLF Bank, successor by merger to First Bank & Trust**
   **c/o John Lovell, Esq.**
   **Lovell, Isern & Farabough, LLP**
   **112 West 8th Avenue, Suite 1000**
   **Amarillo, Texas 79101**

3. **First Kentucky Bank**
   **c/o Tom Blankenship, Esq.**
   **BLANKENSHIP & EDWARDS LAW OFFICE**
   **PO Box 571**
   **909 Main Street**
   **Benton, Kentucky 42025**

4. **Lone Star State Bank of West Texas**
   **c/o John Lovell, Esq.**
   **Lovell, Isern & Farabough, LLP**
   **112 West 8th Avenue, Suite 1000**
   **Amarillo, Texas 79101**

2

5.  **Angela Powell**
    **86 B Commerce Blvd.**
    **Benton, Kentucky 42025**

True and correct copies of the Subpoenas to be issued and served are attached hereto.

DATED this 6th day of September, 2021.

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com


--and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com


*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, the foregoing document was filed with the Clerk of the Court in the above-entitled Chapter 7 case using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in the case.


*/s/ Michael R. Johnson*
Michael R. Johnson

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| In re  **McCLAIN FEED YARD, INC.** | **Case No.  23-20084-7-rlj** |
| **McCLAIN FARMS, INC.** | **Case No.  23-20085-7-rlj** |
| **7M CATTLE FEEDERS, INC.** | **Case No.  23-20086-7-rlj** |
| | Chapter _____7_____ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER

**TO:**   **Carr, Riggs & Ingram CPAs**
        **922 State Street, #100**
        **Bowling Green, Kentucky 42101**
              *(Name of person to whom the subpoena is directed)*

☒ *PRODUCTION:*  You must produce by **5:00 p.m. on or before September 30, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, c/o Michael Johnson, or alternatively at the law office of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Suite 2000, 165 Madison Avenue, Memphis, TN 38103, c/o Spencer Clift, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | |
| Michael R. Johnson<br>Ray Quinney & Nebeker P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500<br><br>*Attorneys for Rabo AgriFinance LLC* | |

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.   (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:   _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

 My fees are $ _____ for travel and $_____for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                        _____
                                                                *Server's signature*

                                                        _____
                                                                *Printed name and title*

                                                        _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page A)

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1.     RAF.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.     MF.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.     MFY.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.     7M.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.     McClain.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.     McClain Parties.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.     Financial Documents.  The term "Financial Documents" shall mean all reviewed, compiled and/or audited financial statements, balance sheets, income statements, profit and loss statements, asset reports, amortization schedules, accounts receivable reports, accounts payable reports, the McClain Tax Returns, or any other type of business or accounting record.

8.     Cattle.  The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after January 1, 2018.

9.     McClain Tax Returns.  The term "McClain Tax Returns" shall mean any and all drafts and final copies of tax returns prepared for MF, MFY, 7M and/or McClain.

10.     Relevant Documents Time Period.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

11.     Relevant Communications Time Period.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2018 through the present.

12.     Documents or Electronically Stored Information.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.  (Page 5)

in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

13.    <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

14.    <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

15.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

16.    <u>And/Or</u>.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

18.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

19.     <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed, including your agents or representatives.

## INSTRUCTIONS

A.     To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.     These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.     In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.     These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## EXHIBIT B

### Requested Documents

1.     All Financial Documents (including drafts) prepared by you for any of the McClain Parties during the Relevant Documents Time Period.

2.     All documents provided to You by the McClain Parties or any third parties in connection with or concerning the Financial Documents during the Relevant Document Time Period.

3.     All documents considered, used or reviewed by You in connection with the preparation of the Financial Documents during the Relevant Document Time Period.

4.      All communications with any of the McClain Parties during the Relevant Communications Time Period.

5.      All communications with any third parties concerning the McClain Parties and/or the Financial Documents during the Relevant Communications Time Period.

6.      All internal communications between Your agents and representatives concerning any of the McClain Parties or the Financial Documents during the Relevant Communications Time Period.

7.      All notes or other documents prepared by You concerning any of the McClain Parties and/or the Financial Documents during the Relevant Documents Time Period.

8.      A copy of Your file(s) concerning the McClain Parties and/or the Financial Documents during the Relevant Documents Time Period.

9.      All communications during the Relevant Communications Time Period between You and any of Community Financial Services Bank, Mechanics Bank, First Kentucky Bank or First Bank & Trust which refer to or relate to the McClain Parties.

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

In re  **McCLAIN FEED YARD, INC.**        **Case No.  23-20084-7-rlj**
   **McCLAIN FARMS, INC.**            **Case No.  23-20085-7-rlj**
   **7M CATTLE FEEDERS, INC.**        **Case No.  23-20086-7-rlj**

   Chapter _____7_____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER

**TO:**   **HTLF Bank, successor by merger to First Bank & Trust**
   **c/o John Lovell, Esq.**
   **Lovell, Isern & Farabough, LLP**
   **112 West 8th Avenue, Suite 1000**
   **Amarillo, Texas  79101**
   *(Name of person to whom the subpoena is directed)*

☒ *Production:*  You must produce by **5:00 p.m. on or before September 30, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, or alternatively, the law office of the Underwood Law Firm, 500 South Taylor Street, Suite 1200, Amarillo, Texas 79101, c/o W. Heath Hendricks, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | |

Michael R. Johnson
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, UT  84111
801-532-1500

*Attorneys for Rabo AgriFinance LLC*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.  (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 4)

## <u>EXHIBIT A</u>

### <u>Definitions</u>

The following definitions apply to all requests contained herein and in Exhibit "B":

1.      <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.      <u>HTLF</u>.  The term "HTLF" shall mean HTLF Bank, and its predecessor First Bank & Trust, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.      <u>2B</u>.  The term "2B" shall mean 2B Farms, a Texas general partnership, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Terry M. (Bo) Robinson and Rececca A. Robinson.

4.      <u>2B Accounts</u>.  The term "2BAccounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B and held or located at HTLF.

5.      <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

6.      <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

7.      <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

8.      <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

9.      <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

10.     <u>McClain Accounts</u>.  The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of the McClain Parties.

11.     <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after January 1, 2018.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 5)

12.     <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

13.     <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2018 through the present.

14.     <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

15.     <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

16.     <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

17.     <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.    (Page 6)

18.    <u>And/Or</u>.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

20.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

21.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

**<u>INSTRUCTIONS</u>**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.     You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.    These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

**<u>EXHIBIT B</u>**

**<u>Requested Documents</u>**

1.    All bank statements referring to, related to or evidencing the 2B Accounts during the Relevant Documents Time Period.

2.    All records and documents during the Relevant Documents Time Period evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records or

other documents, evidencing or documenting the transfer of money or property between the 2B Accounts and the McClain Accounts.

      3.      All records and documents during the Relevant Documents Time Period evidencing the transfer of funds from the McClain Accounts to the 2B Accounts.

      4.      All records and documents during the Relevant Documents Time Period evidencing the transfer of funds from the 2B Accounts to the McClain Accounts.

      5.      All records and documents during the Relevant Documents Time Period for the 2B Accounts evidencing or describing dishonored checks, NSF records, return records, credit entries or debit entrees.

      6.      All communications between HTLF and 2B during the Relevant Communications Time Period referring or relating to the McClain Parties or the McClain Accounts.

      7.      All communications between HTLF and any third parties during the Relevant Communications Time Period referring or relating to the McClain Parties or the McClain Accounts.

      8.      All communications during the Relevant Communications Time Period between HTLF and any of the McClain Parties.

      9.      All HTLF internal communications during the Relevant Communications Time Period referring or relating to the McClain Parties or the McClain Accounts.

      10.      All HTLF internal credit memorandums, credit decisions, meeting minutes, or other internal documents generated or created during the Relevant Documents Time Period referring or relating to the McClain Parties or the McClain Accounts.

      11.      All communications, documents or other records created or generated during the Relevant Documents Time Period referring to, relating to or concerning the receipt or possession

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.    (Page 8)

by either HTLF or 2B of any pre-signed checks from the McClain Parties or drawn on any of the McClain Accounts.

12.     All communications during the Relevant Communications Time Period between HTLF and Mechanics Bank referring to, relating to or concerning the McClain Parties or the McClain Accounts.

13.     All communications during the Relevant Communications Time Period between HTLF and Community Financial Services Bank, or CFSB, referring to, relating to or concerning the McClain Parties or the McClain Accounts.

14.     All documents or other records created or generated during the Relevant Documents Time Period concerning any changes or additions by 2B to any pre-signed checks drawn on any of the McClain Accounts.

15.     All documents, communications or other records created or generated from or after January 1, 2023 referring or relating to business transactions between 2B and the McClain Parties, including but not limited to all documents, communications or other records concerning Cattle sales.

16.     All manuals and procedures of HTLF in effect from and after January 1, 2020 concerning the deposit, clearance, credit availability, handling and/or transfer of funds into or out of any customer accounts during the Relevant Documents Time Period.

17.     All manuals and procedures of HTLF in effect from and after January 1, 2020 concerning the ability of HTLF or its agents or representatives to sign or endorse checks for its customers, or to initiate wire transfers on behalf of its customers.

18.     An organizational chart or other record of HTLF identifying or describing all HTLF agents or representatives who worked on matters for 2B.

1647142

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

In re  **McCLAIN FEED YARD, INC.**          **Case No.  23-20084-7-rlj**
    **McCLAIN FARMS, INC.**          **Case No.  23-20085-7-rlj**
    **7M CATTLE FEEDERS, INC.**          **Case No.  23-20086-7-rlj**

                Chapter _____7_____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER

TO:   **First Kentucky Bank**
      **c/o Tom Blankenship, Esq.**
      **BLANKENSHIP & EDWARDS LAW OFFICE**
      **PO Box 571**
      **909 Main Street**
      **Benton, Kentucky 42025**
             *(Name of person to whom the subpoena is directed)*

☒ *PRODUCTION:*  You must produce by **5:00 p.m. on or before  September 30 , 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, c/o Michael R. Johnson, or alternatively the law office Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Suite 2000, 165 Madison Avenue, Memphis, TN 38103, c/o Spencer Clift, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500<br><br>*Attorneys for Rabo AgriFinance LLC* | |

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.   (Page 2))

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                                    _____
                                                                              *Server's signature*

                                                                    _____
                                                                              *Printed name and title*

                                                                    _____
                                                                              *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1.  <u>RAF</u>. The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.  <u>Goad</u>. The term "Goad" shall mean Meagan Goad, aka Meagan McClain Goad, and also includes her agents, heirs and representatives, including but not limited to her husband, Jed Goad.

3.  <u>FKB</u>. The term "FKB" shall mean First Kentucky Bank and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.  <u>Goad Accounts</u>. The term "Goad Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Goad and held or located at FKB during the Relevant Time Period.

5.  <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from January 1, 2019 through the present.

6.  <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

7.  <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 5)

other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

8.    Communications.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

9.    Concerning.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

10.    All/Each.  The terms "all" and "each" shall be construed as all and each.

11.    And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    Number.  The use of the singular form of any word includes the plural and vice versa.

13.    Tense.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

14.    You/Your.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **INSTRUCTIONS**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.    (Page 6)

employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.


## EXHIBIT B

### Requested Documents

1.      All bank statements for Goad and the Goad Accounts during the Relevant Documents Time Period.

2.      All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for Goad or the Goad Accounts, from the opening or inception of the accounts through the present.

3.      All records and documents evidencing all transaction activities in or related to Goad or the Goad Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the Goad or the Goad Accounts.

4.      All agreements that were presented to open or maintain the Goad Accounts.

5.      All external communications with Goad during the Relevant Communications Time Period referring or relating to the Goad Accounts.

6.      All external communications with third parties referring to, related to, or concerning Goad or the Goad Accounts during the Relevant Communications Time Period.

7.      All internal communications referring to, related to or concerning Goad or the Goad

Accounts during the Relevant Communications Time Period.

1645776

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| In re  **McCLAIN FEED YARD, INC.** | **Case No.  23-20084-7-rlj** |
| **McCLAIN FARMS, INC.** | **Case No. 23-20085-7-rlj** |
| **7M CATTLE FEEDERS, INC.** | **Case No. 23-20086-7-rlj** |
| | Chapter _____ 7 _____ |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER

**TO:**  **Lone Star State Bank of West Texas**
    **c/o John Lovell, Esq.**
    **Lovell, Lovell, Isern & Farabough, LLP**
    **112 West 8th Avenue, Suite 1000**
    **Amarillo, Texas  79101**
        *(Name of person to whom the subpoena is directed)*

☒ *PRODUCTION:*  You must produce by **5:00 p.m. on or before September 30, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, or alternatively, the law office of the Underwood Law Firm, 500 South Taylor Street, Suite 1200, Amarillo, Texas 79101, c/o W. Heath Hendricks, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | |

MICHAEL R. JOHNSON
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT  84111
801-532-1500

*Attorneys for Rabo AgriFinance LLC*

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.   (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 3))

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1.    <u>LSSB</u>.  The term "LSSB" shall mean Lone Star State Bank of West Texas, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.    <u>LSSB McClain Accounts</u>.  The term "LSSB McClain Accounts" shall mean any savings, checking, demand deposit, or other financial account at LSSB that was owned by or under the control of any of the McClain Parties (as defined below) during the Relevant Documents Time Period, including but not limited to that certain Account ending in 14393.[1]

3.    <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.    <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.    <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

6.    <u>McClain Individuals</u>.  The term "McClain Individuals" shall mean Brian Keith McClain, aka Brian K. McClain, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

7.    <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

8.    <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

9.    <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2018 through the present.

10.    <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found

---

[1] Please contact the undersigned for the full account number for this account.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.  (Page 5)

on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

11.    <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

12.    <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

13.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

14.    <u>And/Or</u>.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

16.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

17.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 6))

## INSTRUCTIONS

A.      To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.      These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.      In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## EXHIBIT B

## Requested Documents

1.      All bank statements referring to, related to or evidencing the LSSB McClain Accounts created or generated during the Relevant Documents Time Period.

2.      All records and documents during the Relevant Documents Time Period evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records or other documents, evidencing or documenting the transfer of money or property in the LSSB McClain Accounts.

3.      All records and documents during the Relevant Documents Time Period evidencing the transfer of funds into or out of the LSSB McClain Accounts.

4.      All signature cards, account opening agreements, and other agreements or contracts governing the LSSB McClain Accounts.

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.    (Page 7)

5.      All communications during the Relevant Communications Time Period between LSSB and the McClain Parties.

6.      All communications between LSSB and any third parties during the Relevant Communications Time Period referring or relating to the McClain Parties or the LSSB McClain Accounts.

7.      All LSSB internal communications during the Relevant Communications Time Period referring or relating to the McClain Parties or the LSSB McClain Accounts.

8.      All LSSB internal memorandums, decisions, meeting minutes, or other internal documents generated or created during the Relevant Documents Time Period referring or relating to the McClain Parties or the LSSB McClain Accounts.

9.      All communications during the Relevant Communications Time Period between LSSB and Mechanics Bank referring to, relating to or concerning the McClain Parties or the LSSB McClain Accounts.

10.      All documents, communications or other records created or generated from or after January 1, 2023 referring or relating to business transactions involving the McClain Parties, including but not limited to all documents, communications or other records concerning Cattle sales.

1648196

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| In re  **McCLAIN FEED YARD, INC.** | **Case No.  23-20084-7-rlj** |
| **McCLAIN FARMS, INC.** | **Case No. 23-20085-7-rlj** |
| **7M CATTLE FEEDERS, INC.** | **Case No. 23-20086-7-rlj** |

Chapter _____7_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER

TO:    **Angela Powell**
       **86 B Commerce Blvd.**
       **Benton, Kentucky 42025**
       *(Name of person to whom the subpoena is directed)*

☒ *PRODUCTION:*  You must produce by **5:00 p.m. on or before September 30, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, c/o Michael Johnson, or alternatively at the law office of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Suite 2000, 165 Madison Avenue, Memphis, TN 38103, c/o Spencer Clift, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500<br><br>*Attorneys for Rabo AgriFinance LLC* | |

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.   (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

 My fees are $ _____ for travel and $_____for services, for a total of $_____ .


 I declare under penalty of perjury that this information is true and correct.

Date:  _____


_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.    (Page 4))

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1.  <u>RAF</u>.  The term "RAF" shall mean Rabo AgriFinance LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.  <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.  <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4.  <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5.  <u>McClain</u>.  The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

6.  <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

7.  <u>McClain Tax Returns</u>.  The term "McClain Tax Returns" shall mean any and all drafts and final copies of tax returns prepared for MF, MFY, 7M and/or McClain.

8.  <u>Financial Documents</u>.  The term "Financial Documents" shall mean all reviewed, compiled and/or audited financial statements, balance sheets, income statements, profit and loss statements, asset reports, amortization schedules, accounts receivable reports, accounts payable reports, the McClain Tax Returns, or any other type of business or accounting record.

9.  <u>Cattle</u>.  The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after January 1, 2018.

10.  <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

11.  <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2018 through the present.

12.  <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms

in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

13.  Communications.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

14.  Concerning.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

15.  All/Each.  The terms "all" and "each" shall be construed as all and each.

16.  And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17.  Number.  The use of the singular form of any word includes the plural and vice versa.

18.  Tense.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 6)

19.     You/Your.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## INSTRUCTIONS

A.      To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.      These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.      In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.       You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## EXHIBIT B

### Requested Documents

1.      All of the McClain Tax Returns during the Relevant Documents Time Period.

2.      All documents provided to You by the McClain Parties or any third parties in connection with or concerning or to assist You in preparing the McClain Tax Returns during the Relevant Document Time Period.

3.      All documents considered, used or reviewed by You in connection with the preparation of the McClain Tax Returns during the Relevant Document Time Period.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 7)

4.      All communications with any of the McClain Parties during the Relevant Communications Time Period.

5.      All communications with any third parties concerning the McClain Parties and/or the McClain Tax Returns during the Relevant Communications Time Period.

6.      All internal communications between You and Your agents or representatives concerning any of the McClain Parties or the McClain Tax Returns during the Relevant Communications Time Period.

7.      All notes or other documents prepared by You or Your agents or representatives concerning any of the McClain Parties and/or the McClain Tax Returns during the Relevant Documents Time Period.

8.      A copy of You and Your agents or representatives file(s) concerning the McClain Parties and/or the McClain Tax Returns during the Relevant Documents Time Period.

9.      All Financial Documents or McClain Tax Records (including drafts) prepared by you for any of the McClain Parties during the Relevant Documents Time Period.

10.      All documents provided to You by the McClain Parties or any third parties in connection with or concerning the Financial Documents or the McClain Tax Records during the Relevant Document Time Period.

11.      All documents considered, used or reviewed by You in connection with the preparation of the Financial Documents or the McClain Tax Records during the Relevant Document Time Period.

12.      All communications with any of the McClain Parties during the Relevant Communications Time Period.

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.    (Page 8)

13.    All communications with any third parties concerning the McClain Parties and/or the Financial Documents or the McClain Tax Records during the Relevant Communications Time Period.

14.    All internal communications between You or Your agents and representatives concerning any of the McClain Parties or the Financial Documents or the McClain Tax Records during the Relevant Communications Time Period.

15.    All notes or other documents prepared by You concerning any of the McClain Parties and/or the Financial Documents and/or the McClain Tax Records during the Relevant Documents Time Period.

16.    A copy of Your file(s) concerning the McClain Parties and/or the Financial Documents and/or the McClain Tax Records during the Relevant Documents Time Period.

17.    All communications during the Relevant Communications Time Period between You and any of Community Financial Services Bank, Mechanics Bank, First Kentucky Bank or First Bank & Trust which refer to or relate to the McClain Parties.

1644448