## AFFIDAVIT OF SERVICE

**State of Texas**  **County of Amarillo**  **Bankruptcy Court**

Case Number: 23-20084-RLJ-7

IN RE::
**McClain Feed Yard, Inc., et al.**

For:
Naman Howell Smith & Lee
8310 N. Capital of Texas Hwy.
Suite 490
Austin, TX 78731

Received by Kentucky Process Service Inc. on the 1st day of September, 2023 at 11:46 am to be served on **Angela Powell, H & R Block/ AD Powell, Inc., 88 B Commerce Blvd., Benton, KY 42025.**

I, Nicholas Wyatt, being duly sworn, depose and say that on the **6th** day of September, 2023 at **1:22 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Subpoena Production of Documents; Exhibit A** to: **Angela Powell** at the address of: **H & R Block/ AD Powell, Inc., 88 B Commerce Blvd., Benton, KY 42025**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Red, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 7th day of September, 2023 by the affiant who is personally known to me.

NOTARY PUBLIC

Brittany Dawn Rue
Notary Public, ID KYNP65685
State at Large, Kentucky
My Commission Expires on Jan. 25, 2027

Nicholas Wyatt
Process Server

09/07/2023
Date

Kentucky Process Service Inc.
128 S. Locust Street
Versailles, KY 40383
(859) 489-0726

Our Job Serial Number: KPM-2023005660

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2s

Doc ID: 37ef69998ba44a2f54229f00e4b8be3de1e1c3c4

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered[1] |

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO: Angela Powell
H&R Block/ADPowell, Inc.
88 B Commerce Blvd
Benton, KY 42025

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ *Production:* You must produce on or before twenty (20) days after service, or at a mutually agreed time, at the office of Naman Howell Smith & Lee, 8310 N. Capital of Texas Highway, Ste 490, Austin, Texas 78731, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" ATTACHED HERETO

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | August 30, 2023 |

David L. LeBas
Naman Howell Smith & Lee
8310 N. Capital of Texas Highway, Ste 490
Austin, Texas 78731
Ph. 512-479-0300
*Attorney for AgTexas Farm Credit Services
Ag Texas PCA and
Thorlakson Diamond T. Feeders, LP*

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

---

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __Angela Powell H&R Block/ AD Powell, Inc.__
on *(date)* __09/01/2023__

☒ I served the subpoena by delivering a copy to the named person as follows: __Personal service to Angela Howell__
__at 88 B Commerce Blvd., Benton, KY 42025__
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: __09/07/2023__

__/s/ Nicholas L Wyatt__
*Server's signature*

__Nicholas Wyatt- Process Server__
*Printed name and title*

__128 S. Locust St., Versailles, KY 40383__
*Server's address*

Additional information concerning attempted service, etc.:

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § § § | CASE NO. 23-20084-RLJ-7 |
| Debtors | § | Jointly Administered[1] |

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO: Angela Powell
H&R Block/ADPowell, Inc.
88 B Commerce Blvd
Benton, KY 42025

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ *Production:* You, must produce **on or before twenty (20) days after service, or at a mutually agreed time**, at the office of Naman Howell Smith & Lee, 8310 N. Capital of Texas Highway, Ste 490, Austin, Texas 78731, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

**SEE EXHIBITS "A" ATTACHED HERETO**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| */s/ David L. LeBas* | August 30, 2023 |
|---|---|
| **ISSUING OFFICER SIGNATURE AND TITLE** | **DATE** |

David L. LeBas
Naman Howell Smith & Lee
8310 N. Capital of Texas Highway, Ste 490
Austin, Texas 78731
Ph. 512-479-0300
*Attorney for AgTexas Farm Credit Services
Ag Texas PCA and
Thorlakson Diamond T. Feeders, LP*

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)*_____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"
## DEFINITIONS
### (Angela Powell/ H&R Block/ ADPOWELL, Inc.)

1. <u>AgTexas</u>. The term "AgTexas" shall mean AgTexas Farm Credit Services, a federally chartered agricultural credit association formed under the Farm Credit Act of 1933, and AgTexas PCA, a federally chartered production credit association formed under the Farm Credit Act of 1933.

2. <u>Thorlakson</u>. The term "Thorlakson" shall mean Thorlakson Diamond T Feeders, LP, a limited partnership organized under the laws of, and doing business in, the State of Texas.

3. <u>2B Farms.</u> The term 2B Farms shall mean 2B Farms, a Texas General Partnership, and its partners, officers, members, agents, or employees.

4. <u>2B Accounts</u>. The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

5. <u>OKCS</u>. The term OKCS shall mean the Oklahoma National Stockyards Company (also referred to as the Oklahoma City Stockyards) and its agents, employees, directors, members, officers, or representatives, located at 107 Livestock Exchange Building, Oklahoma City, Oklahoma 73108.

6. <u>First Bank</u>. The term "First Bank" shall mean First Bank & Trust, a division of HTFL Bank, 4500 College Ave., Snyder, TX 79549, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

7. <u>CFSB</u>. The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the

1

foregoing.

8. <u>Powell.</u>  The term "Powell" shall mean Angela Powell, individually, and in her capacity as the agent of ADPOWELL, Inc., and in her capacity with H&R Block in Benton, KY.

9. <u>H&R Block.</u>  The term "H&R Block" shall mean the location at 88B Commerce Blvd., Benton, KY 42025, as well as all officers, directors, members, employees, attorney, agents, and representatives of the foregoing.

10. <u>ADPOWELL, Inc.</u>  The term "ADPOWELL, Inc." shall mean ADPOWELL, Inc., a Kentucky for-profit corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

11. <u>MB</u>. The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

12. <u>Debtors</u>. The term "Debtors" shall mean McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., as named and described in Cause No.'s 23-20084, 23-20085, and 23-20086 filed in this Court. This term also includes any of the Debtors' agents, employees, directors, members, officers, or representatives.

13. <u>McClain</u>. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

14. <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from January 1, 2018, through the present.

15. <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021, through the present.

16. <u>Documents or Electronically Stored Information</u>. The term "documents or

2

electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

      17.    <u>Communications</u>. The term "communications" shall be construed as broadly as

3

possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

18. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

19. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

20. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

22. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

23. <u>You/Your</u>. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed, and its agents or employees thereof with knowledge of the matters contained in the documents requested herein.

## INSTRUCTIONS

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or

4

entities under Your control or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D. You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1. All journals created by Powell, and/or ADPOWELL, Inc., and/or H&R Block that relate to the Debtors' operations during the Relevant Documents Time Period.

2. All tax returns prepared by Powell, and/or ADPOWELL, Inc., and/or H&R Block for the Debtors during the Relevant Documents Time Period.

3. All tax returns prepared by Powell, and/or ADPOWELL, Inc., and/or H&R Block for Brian McClain during the Relevant Documents Time Period.

4. A All tax returns prepared by Powell, and/or ADPOWELL, Inc., and/or H&R Block for Megan McClain during the Relevant Documents Time Period.

5. All inventory sheets, head counts, or lot identifiers for any cattle at any of the Debtors' feed yards during the Relevant Documents Time Period.

6. All documents relating to any accounts receivable **owed to** the Debtors by any

5

individual or entity provided to Powell, and/or ADPOWELL, Inc., and/or H&R Block during the Relevant Documents Time Period.

7. All documents relating to any accounts receivable **owed by** the Debtors to any individual or entity provided to Powell, and/or ADPOWELL, Inc., and/or H&R Block during the Relevant Documents Time Period.

8. All bank records (including but not limited to wire transfer records, statements, and account information) provided by **the Debtors** to Powell, and/or ADPOWELL, Inc., and/or H&R Block from any financial institution during the Relevant Documents Time Period.

9. All bank records (including but not limited to wire transfer records, statements, and account information) provided by **Brian McClain** to Powell, and/or ADPOWELL, Inc., and/or H&R Block from any financial institution during the Relevant Documents Time Period.

10. All bank records (including but not limited to wire transfer records, statements, and account information) provided by **Megan McClain** to Powell, and/or ADPOWELL, Inc., and/or H&R Block from any financial institution during the Relevant Documents Time Period

11. All bank records (including but not limited to wire transfer records, statements, and account information) provided by **MAP** to Powell, and/or ADPOWELL, Inc., and/or H&R Block from any financial institution during the Relevant Documents Time Period.

12. All bank records (including but not limited to wire transfer records, statements, and account information) provided by **Wildforest** to Powell, and/or ADPOWELL, Inc., and/or H&R Block from any financial institution during the Relevant Documents Time Period.

13. All ledgers prepared by Powell, and/or ADPOWELL, Inc., and/or H&R Block that relate to the Debtors' operations during the Relevant Documents Time Period (whether electronic or physical).

14. Any bookkeeping records that relate to the Debtors' operations stored by Powell, and/or ADPOWELL, Inc., and/or H&R Block during the Relevant Documents Time Period (whether electronic or physical).

15. Any accounting records that relate to the Debtors' operations stored by Powell, and/or ADPOWELL, Inc., and/or H&R Block during the Relevant Documents Time Period (whether electronic or physical).

16. All communications, including text messages, e-mails, and/or other written communications, between Powell, ADPOWELL, Inc., and H&R Block, and the following individuals and/or entities during the Relevant Communications Time Period which relate to the Debtors' operations and/or Brian McClain:

- Brian McClain;
- Meagan B. Goad, aka Megan B. Powell, aka Megan McClain
- Glenn Karlberg
- Rabo AgriFinance, LLC (and its agents, officers, or employees)
- Cactus Feeders (and its agents, officers, or employees)
- Friona Industries (and its agents, officers, or employees)
- 2B Farms (and its agents, officers, or employees)
- MAP Enterprises, LLC (and its agents, officers, or employees)
- Wildforest Cattle Company, LLC (and its agents, officers, or employees)
- Oklahoma City Stockyards (a/k/a Oklahoma National Stockyards Company) (and its agents, officers, or employees)
- Community Financial Services Bank (and its agents, officers, or employees)

17. All records of payments made by the Debtors to Powell, and/or ADPOWELL Inc., and/or H&R Block during the Relevant Documents Time Period.

7

18. All records of payments made by Brian McClain to Powell, and/or ADPOWELL Inc., and/or H&R Block during the Relevant Documents Time Period.

19. All records of payments made by Megan McClain to Powell, and/or ADPOWELL Inc., and/or H&R Block during the Relevant Documents Time Period.

20. Any communications between any individual or entity who Powell and/or ADPOWELL, Inc., and/or H&R Block communicated with regarding **accounting** services for the Debtors' business operations (including but not limited to firms such as Carr Riggs and Ampleo) during the Relevant Communications Time Period.

21. Any communications between any individual or entity who Powell and/or ADPOWELL, Inc., and/or H&R Block communicated with regarding **bookkeeping** services for the Debtors' business operations (including but not limited to firms such as Carr Riggs and Ampleo) during the Relevant Communications Time Period.