David L. LeBas, SBN 12098600
dlebas@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES
AGTEXAS, PCA AND
THORLAKSON DIAMOND T FEEDERS, LP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered[1] |

### *EX PARTE* MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and L.B.R. 2004-1, AgTexas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T. Feeders, LP ("AgTexas" and "Thorlakson" respectively), Creditors and parties in interest to the above-entitled Chapter 7 cases, through counsel, respectfully request that this Court authorize AgTexas and Thorlakson to issue document subpoenas to third parties who do or may have information relevant to the acts, conduct, or property of the Debtors' bankruptcy estates, or to the Debtors' liabilities and financial affairs.

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

1

Specifically, AgTexas and Thorlakson request authority to issue document subpoenas to the following third parties (the "**Examinee**"), and to request from the Examinees those records, and documents set forth in the subpoena riders attached hereto collectively as Exhibit "A."

| Name of Examinee | Brief Description of Relationship to Debtors |
|---|---|
| Mechanics Bank | Provided banking services to the Debtors. |

In support hereof, AgTexas and Thorlakson state as follows:

1. Each of the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code with this Court on April 28, 2023 (the "**Petition Date**").

2. On June 28, 2023, this Court entered an Order Granting the Bankruptcy Trustee's (Kent Ries) Motion for Joint Administration. All three above-referenced cause numbers are now being jointly administered under Chapter 7 bankruptcy, with the lead cause number being 23-20084-RLJ for procedural purposes. Thus, this 2004 Subpoena is being filed solely in cause number 23-2004-RLJ.

3. AgTexas and Thorlakson have previously filed 2004 Motions before this court, seeking documents from various third parties. As the proceedings continue to develop, and as information is gathered, it has become necessary to seek further documentation from various parties, to determine the respective positions of the creditors in this case. Accordingly, AgTexas and Thorlakson submit this additional 2004 Motion, seeking records from the above-listed entity. The information sought is contained in Exhibit A, attached hereto. A brief description of the party and its involvement is included below.

4. Federal Rule of Bankruptcy Procedure 2004 authorizes the Court, on motion of any

2

party, to order the examination of any entity. FED. R. BANKER. P. 2004. Further, such examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

5.  Rule 2004 discovery is "extremely broad." *In re Buckner*, 2001 WL 992063 at *4 (BAP 10th Cir. 2001). Rule 2004 allows an unrestrained "fishing expedition," and "is essentially creditor and trustee oriented." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274 (D. Colo. 1991); *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1998).

6.  "The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." *Cameron v. United States*, 231 U.S. 710, 717 (1914). "As a general rule, examinations under Rule 2004 are allowed for the purpose of discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000 (internal citations and quotations omitted).

7.  In this case the Examinee is believed to possess records and documents that are squarely within the purview of Rule 2004. For example:

***Mechanics Bank***

    a)  According to filings made in this bankruptcy case, as well as information obtained during the 341 Meeting of the Creditors ("341 meeting"), Mechanics Bank provided depository banking services for one or more of the following parties, McClain Farms, Inc., a Kentucky corporation, McClain Feed Yards, Inc., a Texas corportation, Brian Keith McClain, aka Brian K. McClain, and includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland

3

(collectively, the "McClain Parties"), may have in relation to their cattle and financing operations. It is believed that Mechanics Bank may have had a secured lending relationship with one or more of the McClain Parties.

b) According to filings made in this bankruptcy case, Rabo AgriFinance LLC provided credit to one or more of the McClain Parties, and finding activities related to that credit were provided, at least in part, by Mechanics Bank.

### CERTIFICATE REGARDING CONFERENCE

Pursuant to LBR 2004-1, AgTexas and Thorlakson are not aware whether Mechanics Bank are represented by counsel. However, this Motion only requests authority to issue document subpoenas but not take Rule 2004 examinations at this time. Because AgTexas and Thorlakson are not requesting authority to conduct Rule 2004 examinations at this time, AgTexas and Thorlakson do not believe the meet and confer requirements of Local Rule 2004-1 apply. AgTexas and Thorlakson also represent to the Court that after they serve subpoenas on the Examinees they will cooperate with the Examinees, and their counsel, to establish a mutually agreeable date, place, and time for the compliance with the document subpoenas.

DATED this 20th day of September, 2023.

NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901
dlebas@namanhowell.com

By: */s/ David L. LeBas*
    David L. LeBas
    SBN 12098600

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2023, the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

*/s/ David L. LeBas*
David L. LeBas

**EXHIBIT A**
**(DOCUMENT SUBPOENA)**

1

**EXHIBIT "A"**

2

# DEFINITIONS

## (Mechanics Bank)

1. <u>MF</u>. The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2. <u>MFY</u>. The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>7M</u>. The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>McClain</u>. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

5. <u>McClain Parties</u>. The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

6. <u>McClain Related Parties</u>. The term "McClain Related Parties" shall mean any or all of the foregoing: (a) Chelsea McClain, (b) Crystal McClain, (c) Meagan B. Goad, fka Meagan B. Powell, (d) Jed Goad, or (e) Kinsey Moreland.

7. <u>Cattle</u>. The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after January 1, 2023.

8. <u>Wildforest</u>. The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9. <u>MAP</u>. The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

3

10.  2B. The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11.  CFSB. The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12.  MB. The term "MB" shall mean Mechanics Bank, a state or federally chartered bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13.  Rabo AgriFinance. The term "Rabo AgriFinance" shall mean Rabo AgriFinance, LLC, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

14.  McClain Accounts. The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

15.  Wildforest Accounts. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16.  MAP Accounts. The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

17.  2B Accounts. The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

18.  McClain Related Parties Accounts. The term "McClain Related Parties Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Related Parties during the Relevant Time Period.

4

19. <u>Whitlock</u>. The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

20. <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

21. <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

22. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document"

*also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

23. Communications. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

24. Concerning. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

25. All/Each. The terms "all" and "each" shall be construed as all and each.

26. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

27. Number. The use of the singular form of any word includes the plural and vice versa.

28. Tense. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

29. You/Your. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## INSTRUCTIONS

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your

possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.  You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.  These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **REQUESTED DOCUMENTS**

1.  All bank statements for the McClain Accounts from the opening or inception of the accounts through the present.

2.  All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the McClain Accounts from the opening or inception of the accounts through the present.

3.  All records and documents evidencing all transaction activities in or related to the McClain Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the McClain Accounts.

4.  All bank statements for the McClain Related Parties Accounts from the opening or inception of the accounts through the present.

5.  All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the McClain Related Parties Accounts from the opening or inception of the accounts through the present.

6.  All records and documents evidencing all transaction activities in or related to the McClain Related Parties Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the McClain Accounts.

7

7. All corporate resolutions or other agreements that were presented to open or maintain the McClain Accounts or the McClain Related Parties Accounts.

8. All "Know Your Customer" or "KYC" information collected during the life of the McClain Accounts or the McClain Related Parties Accounts.

9. All external communications with CFSB, MAP, Wildforest, 2B, the McClain Parties or the McClain Related Parties referring or relating to the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts.

10. All external communications with third parties referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

11. All internal communications referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

12. All communications with Rabo AgriFinance LLC or any agent or representative of Rabo AgriFinance, LLC referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

13. All communications with Glenn Karlberg and Ampleo or any agent or representative of Ampleo referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

14. All documents that would evidence or show the depository bank which maintained an account number of 0001560018 ("Account 1560018"), from which millions of dollars were deposited into the Mechanics Bank account owned or held by MF, including any and all information, documents and or records maintained by You concerning the following transfers from Account 1560018 into the MF account at Mechanics Bank during 2022:

8

| Account Holder (Acct X3070) | Date | Amount |
|---|---|---|
| McClain Farms | 1/20/2022 | 822,009.68 |
| McClain Farms | 1/31/2022 | 92,276.64 |
| McClain Farms | 2/7/2022 | 224,939.07 |
| McClain Farms | 2/23/2022 | 110,226.57 |
| McClain Farms | 3/3/2022 | 1,179,542.06 |
| McClain Farms | 4/6/2022 | 1,051,509.16 |
| McClain Farms | 4/13/2022 | 187,553.94 |
| McClain Farms | 5/4/2022 | 870,255.78 |
| McClain Farms | 5/16/2022 | 906,012.13 |
| McClain Farms | 5/18/2022 | 404,744.54 |
| McClain Farms | 5/20/2022 | 349,681.15 |
| McClain Farms | 5/24/2022 | 211,350.66 |
| McClain Farms | 6/2/2022 | 518,265.47 |
| McClain Farms | 6/6/2022 | 70,163.29 |
| McClain Farms | 6/8/2022 | 2,721,344.78 |
| McClain Farms | 6/14/2022 | 116,924.34 |
| McClain Farms | 6/17/2022 | 1,066,030.25 |
| McClain Farms | 6/27/2022 | 358,558.62 |
| McClain Farms | 7/11/2022 | 628,607.88 |
| McClain Farms | 9/7/2022 | 436,389.55 |
| McClain Farms | 9/15/2022 | 716,553.82 |
| McClain Farms | 9/20/2022 | 1,128,942.72 |
| McClain Farms | 9/22/2022 | 2,784,476.28 |
| McClain Farms | 10/3/2022 | 3,332,206.75 |
| McClain Farms | 10/11/2022 | 426,885.23 |
| McClain Farms | 10/13/2022 | 1,975,126.51 |
| McClain Farms | 10/17/2022 | 1,758,357.71 |
| McClain Farms | 10/20/2022 | 823,411.96 |
| McClain Farms | 10/21/2022 | 34,512,555.66 |
| McClain Farms | 10/31/2022 | 585,529.55 |
| McClain Farms | 11/7/2022 | 253,455.98 |
| McClain Farms | 11/8/2022 | 579,085.56 |
| McClain Farms | 11/10/2022 | 50,921.48 |
| McClain Farms | 11/23/2022 | 1,234,145.73 |
| McClain Farms | 11/28/2022 | 4,078,072.83 |
| McClain Farms | 12/2/2022 | 1,603,668.03 |
| McClain Farms | 12/6/2022 | 612,970.70 |
| McClain Farms | 12/8/2022 | 1,829,151.35 |
| McClain Farms | 12/9/2022 | 1,825,431.62 |

15. All records and documents evidencing all transaction activities in or related to the McClain Farm account ending in X3070 during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the MF account.

16. All policies and procedures in force during the Relevant Documents Time Period referring or relating to (a) Regulation CC compliance or implementation, or (b) availability of funds, or (c) dishonoring checks or wire transfers.

17. All policies and procedures in force during the Relevant Documents Time Period referring or relating to implementation of the Check Clearing for the 21st Century Act.