| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: David L. LeBas<br>Naman Howell Smith & Lee<br>8310 N. Capital of Texas Highway, Ste 490   Austin, TX 78731 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (512) 479-0300 | FAX NO. | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: : | |
| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF TEXAS<br>STREET ADDRESS: 1205 Texas Ave., Rm 306<br>CITY AND ZIP CODE: Lubbock, TX 79401-4002<br>BRANCH NAME: AMARILLO DIVISION | |
| PLAINTIFF/PETITIONER: McClain Feed Yard, Inc., et al.<br>DEFENDANT/RESPONDENT: | CASE NUMBER:<br>23-20084-RLJ-7 |

| PROOF OF SERVICE | Hearing Date: | Day | Hearing Time: | Dept: | Ref. No. or File No.:<br>jaucoin@namanhowell.com |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS**

  PARTY SERVED: **Mechanics Bank**
  PERSON SERVED: **Raj Bhanbra - Records**
  DATE & TIME: **10/6/2023**
    **11:39 AM**
  ADDRESS: **1111 Civic Dr Ste 180**
    **Walnut Creek, CA 94596-3893**

  PHYSICAL DESCRIPTION: **Age: 26- 30**  **Weight: 121-140 Lbs**  **Hair: Black**
    **Sex: Female**  **Height: 5'1 - 5'6**  **Eyes: N/A**
    **Skin: N/A**  **Marks:**

MANNER OF SERVICE:
 **Personal Service - By personally delivering copies.**

Fee for Service: $ .00
 County: **San Francisco**
 Registration No.: **1018**
**N**  Nationwide Legal, LLC Reg: **12-234648**
 **1609 James M Wood Blvd.**
 **Los Angeles, CA 90015**
 **(213) 249-9999**
 Ref: **jaucoin@namanhowell.com**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **October 06, 2023**.

Signature: _____
     **Allan Mendieta**

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]  Order#: LA446056/General

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered[1] |

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO: Mechanics Bank
c/o Glenn Shrader
1111 Civic Drive, Suite 180
Walnut Creek, CA 94596

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ *Production:* You, must produce **on or before twenty (20) days after service, or at a mutually agreed time**, at the office of Naman Howell Smith & Lee, 8310 N. Capital of Texas Highway, Ste 490, Austin, Texas 78731, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBIT "A" ATTACHED HERETO

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *David L. LeBas* (signature)<br>David L. LeBas<br>Naman Howell Smith & Lee<br>8310 N. Capital of Texas Highway, Ste 490<br>Austin, Texas 78731<br>Ph. 512-479-0300<br>*Attorney for AgTexas Farm Credit Services Ag Texas PCA and Thorlakson Diamond T. Feeders, LP* | Oct. 3, 2023 |

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT "A"

## DEFINITIONS

### (Mechanics Bank)

1. <u>MF</u>. The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2. <u>MFY</u>. The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>7M</u>. The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>McClain</u>. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

5. <u>McClain Parties</u>. The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require.

6. <u>McClain Related Parties</u>. The term "McClain Related Parties" shall mean any or all of the foregoing: (a) Chelsea McClain, (b) Crystal McClain, (c) Meagan B. Goad, fka Meagan B. Powell, (d) Jed Goad, or (e) Kinsey Moreland.

7. <u>Cattle</u>. The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after January 1, 2023.

8. <u>Wildforest</u>. The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9. <u>MAP</u>. The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

2

10. <u>2B</u>. The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11. <u>CFSB</u>. The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12. <u>MB</u>. The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13. <u>Rabo AgriFinance</u>. The term "Rabo AgriFinance" shall mean Rabo AgriFinance, LLC, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

14. <u>McClain Accounts</u>. The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

15. <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

16. <u>MAP Accounts</u>. The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

17. <u>2B Accounts</u>. The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

18. <u>McClain Related Parties Accounts</u>. The term "McClain Related Parties Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Related Parties during the Relevant Time Period.

3

19. <u>Whitlock</u>. The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

20. <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

21. <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021 through the present.

22. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document"

4

*also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

23. <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

24. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

25. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

26. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

27. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

28. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

29. <u>You/Your</u>. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

**INSTRUCTIONS**

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your

possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.     You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.     These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

### **REQUESTED DOCUMENTS**

1.     All bank statements for the McClain Accounts from the opening or inception of the accounts through the present.

2.     All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the McClain Accounts from the opening or inception of the accounts through the present.

3.     All records and documents evidencing all transaction activities in or related to the McClain Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the McClain Accounts.

4.     All bank statements for the McClain Related Parties Accounts from the opening or inception of the accounts through the present.

5.     All account opening agreements, signature cards, account holder agreements, change of authority agreements, or other agreements for the McClain Related Parties Accounts from the opening or inception of the accounts through the present.

6.     All records and documents evidencing all transaction activities in or related to the McClain Related Parties Accounts during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the McClain Accounts.

6

7.All corporate resolutions or other agreements that were presented to open or maintain the McClain Accounts or the McClain Related Parties Accounts.

8.All "Know Your Customer" or "KYC" information collected during the life of the McClain Accounts or the McClain Related Parties Accounts.

9.All external communications with CFSB, MAP, Wildforest, 2B, the McClain Parties or the McClain Related Parties referring or relating to the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts.

10.All external communications with third parties referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

11.All internal communications referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

12.All communications with Rabo AgriFinance LLC or any agent or representative of Rabo AgriFinance, LLC referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

13.All communications with Glenn Karlberg and Ampleo or any agent or representative of Ampleo referring to, related to, or concerning the McClain Accounts, the MAP Accounts, the Wildforest Accounts, the 2B Accounts or the McClain Related Parties Accounts during the Relevant Communications Time Period.

14.All documents that would evidence or show the depository bank which maintained an account number of 0001560018 ("Account 1560018"), from which millions of dollars were deposited into the Mechanics Bank account owned or held by MF, including any and all information, documents and or records maintained by You concerning the following transfers from Account 1560018 into the MF account at Mechanics Bank during 2022:

| Account Holder (Acct X3070) | Date | Amount |
|---|---|---|
| McClain Farms | 1/20/2022 | 822,009.68 |
| McClain Farms | 1/31/2022 | 92,276.64 |
| McClain Farms | 2/7/2022 | 224,939.07 |
| McClain Farms | 2/23/2022 | 110,226.57 |
| McClain Farms | 3/3/2022 | 1,179,542.06 |
| McClain Farms | 4/6/2022 | 1,051,509.16 |
| McClain Farms | 4/13/2022 | 187,553.94 |
| McClain Farms | 5/4/2022 | 870,255.78 |
| McClain Farms | 5/16/2022 | 906,012.13 |
| McClain Farms | 5/18/2022 | 404,744.54 |
| McClain Farms | 5/20/2022 | 349,681.15 |
| McClain Farms | 5/24/2022 | 211,350.66 |
| McClain Farms | 6/2/2022 | 518,265.47 |
| McClain Farms | 6/6/2022 | 70,163.29 |
| McClain Farms | 6/8/2022 | 2,721,344.78 |
| McClain Farms | 6/14/2022 | 116,924.34 |
| McClain Farms | 6/17/2022 | 1,066,030.25 |
| McClain Farms | 6/27/2022 | 358,558.62 |
| McClain Farms | 7/11/2022 | 628,607.88 |
| McClain Farms | 9/7/2022 | 436,389.55 |
| McClain Farms | 9/15/2022 | 716,553.82 |
| McClain Farms | 9/20/2022 | 1,128,942.72 |
| McClain Farms | 9/22/2022 | 2,784,476.28 |
| McClain Farms | 10/3/2022 | 3,332,206.75 |
| McClain Farms | 10/11/2022 | 426,885.23 |
| McClain Farms | 10/13/2022 | 1,975,126.51 |
| McClain Farms | 10/17/2022 | 1,758,357.71 |
| McClain Farms | 10/20/2022 | 823,411.96 |
| McClain Farms | 10/21/2022 | 34,512,555.66 |
| McClain Farms | 10/31/2022 | 585,529.55 |
| McClain Farms | 11/7/2022 | 253,455.98 |
| McClain Farms | 11/8/2022 | 579,085.56 |
| McClain Farms | 11/10/2022 | 50,921.48 |
| McClain Farms | 11/23/2022 | 1,234,145.73 |
| McClain Farms | 11/28/2022 | 4,078,072.83 |
| McClain Farms | 12/2/2022 | 1,603,668.03 |
| McClain Farms | 12/6/2022 | 612,970.70 |
| McClain Farms | 12/8/2022 | 1,829,151.35 |
| McClain Farms | 12/9/2022 | 1,825,431.62 |

15. All records and documents evidencing all transaction activities in or related to the McClain Farm account ending in X3070 during the Relevant Documents Time Period, including all checks (both honored and returned), wire transfer records, NSF records, presentment records, return records, credit entries, debit entries, and all other records concerning any and all postings related to the MF account.

16. All policies and procedures in force during the Relevant Documents Time Period referring or relating to (a) Regulation CC compliance or implementation, or (b) availability of funds, or (c) dishonoring checks or wire transfers.

17. All policies and procedures in force during the Relevant Documents Time Period referring or relating to implementation of the Check Clearing for the 21st Century Act.