Amber S. Miller, SBN 24050320
amiller@cdmlaw.com
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 1499
Lubbock, Texas 79408-1499
(806) 762-5281
(806) 762-3510 (fax)

*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY, AND SCOTT STEWART*

James D. Bradbury
State Bar No. 02814500
jim@bradburycounsel.com
Kyle K. Weldon
State Bar No. 24097192
kyle@bradburycounsel.com
**JAMES D. BRADBURY, PLLC**
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, WILEY ROBY RUSSELL, JR., W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MCCLAIN FEED YARD, INC., et al.,**[1] | § | **CASE NO. 23-20084-RLJ-7** |
| | § | |
| | § | |
| **Debtors** | § | **Jointly Administered**[1] |

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084- RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**SUPPLEMENTAL RESPONSE TO NOTICE OF APPROVED TRUST CLAIMS** PAGE 1 OF 7

**RIDGEFIELD CAPITAL GROUP, ET AL., AND PRIEST CATTLE COMPANY, LTD. ET AL. SUPPLEMENTAL RESPONSE TO NOTICE OF APPROVED TRUST CLAIMS**

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COME NOW, Ridgefield Capital Group, et al.,[2] and Priest Cattle Company, Ltd. et al.,[3] Creditors and parties in interest to the above-entitled Chapter 7 cases (collectively, the "Cattlemen"), and file this Supplemental Response to Notice of Approved Trust Claims, and would respectfully show the Court as follows:

## BACKGROUND

On October 11, 2023, the Court held a status conference hearing [Dkt. 129] at which the Court heard comments from several parties and the Bankruptcy Trustee regarding the Notice of USDA Approved Trust Claims (the "USDA Notice"). [Dkt. 126]. The status conference was continued until November 9, 2023. As many open questions remain regarding the status and plans regarding the implementation of the Dealer Trust Claims, the Cattlemen provide this Supplemental Response in advance of the upcoming status conference.

## ADDITIONAL RESPONSES TO THE USDA NOTICE

**A.    The Bankruptcy Trustee is not a Dealer Under the Dealer Trust.**

While the Cattlemen appreciate the Bankruptcy Trustee's efforts in carrying water for USDA to date, the Bankruptcy Trustee cannot be considered a "dealer" under 7 U.S.C. § 217b (the "Dealer Trust"). The Dealer Trust provides that "all livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock shall be held by such dealer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid cash sellers." *Id*. at § 217b(a)(1). A "dealer" is defined as "any person, not a market agency, engaged in the business of buying or selling in commerce livestock, either on his own account or as

---

[2] *See* full list of contributing parties in the attached "Exhibit A".
[3] *See id*.

the employee or agent of the vendor or purchaser." *Id*. at § 201(d).

There is no question here that the Bankruptcy Trustee is not a "dealer" under the Dealer Trust. And while USDA appears to be attempting to take the path of least resistance by taking the position that the Bankruptcy Trustee has stepped into the shoes of the dealer (by cooperating in securing trust assets and segregating sales into certain entity bank accounts),[4] the Dealer Trust does not provide for such a situation.

**B.     USDA Must Enforce the Dealer Trust.**

If USDA has reason to believe that a dealer subject to the Dealer Trust has failed to perform the required duties, or that it will be in the best interest of unpaid cash sellers, Congress has provided that the USDA "**shall**" do one or more of the following:

> (1) appoint an independent trustee to carry out the duties required by this section, preserve trust assets, and enforce the trust;
>
> (2) serve as independent trustee, preserve trust assets, and enforce the trust; or
>
> (3) file suit in the United States district court for the district in which the dealer resides to enjoin the dealer's failure to perform the duties required by this section, preserve trust assets, and to enforce the trust. Attorneys employed by the Secretary may, with the approval of the Attorney General, represent the Secretary in any such suit. Nothing herein shall preclude unpaid sellers from filing suit to preserve or enforce the trust.

7 U.S.C. § 217b(f).

Here, outside of analyzing the 100+ Dealer Trust claims that were submitted and then purportedly denying 98% of these claims via the USDA Notice, USDA has taken no action in this matter. USDA apparently takes the position that "the triggering language of the statute has not been met." [Dkt. 126, ¶18]. This is despite the fact that the true dealer here—Brian McClain and his

---

[4] Dkt. 126, ¶18 ("To date, the dealer (i.e., the Debtors, via the Trustee) have cooperated in securing the trust assets (by segregating the sales described above in bank accounts).").

interconnected entities— (1) purchased and failed to pay for over $120 million in cattle, (2) handed the reins to the McClain operations over to their biggest creditor, Rabo AgriFinance LLC ("Rabo"), which proceeded to fire sell thousands of cattle, many owned by third parties, and (3) then, after Mr. McClain unfortunately committed suicide, filed Chapter 7 bankruptcy through a chief restructuring officer who was paid by Rabo. In addition, at the Status Conference held on October 11, 2023, the Bankruptcy Trustee made it clear that he believes that there are additional assets that could be subject to the Dealer Trust that are not currently in his possession. Based on those facts, it is curious under what circumstances would qualify for enforcement and action by USDA.

USDA's inaction has led the Bankruptcy Trustee to claim that he is in "judicial purgatory" pending the resolution of the Dealer Trust matter, which is not far from the truth for the rest of the claimants who have filed Dealer Trust claims or the creditors in the bankruptcies. [Dkt. 126, ¶27]. USDA, not the Bankruptcy Trustee, must act and enforce the trust as required by the statute for the benefit of the Dealer Trust claimants. *See* 7 U.S.C. § 217b(f).

**C.** **USDA Must Provide Its Analysis Regarding the Dealer Trust Claims.**

USDA continues to fail to provide its analysis of the claims submitted in this matter. The Notice states that "USDA has analyzed the Trust Claims filed by the Trust Claimants and has provided the Trustee with its analysis of those filed claims." [Dkt. 126, ¶11]. However, no such "analysis" has been provided to the Court or the Cattlemen; rather, the Notice contains a spreadsheet, dated June 9, 2023, with USDA's schedule of the submitted claims.

The Cattlemen submit that the Court should order USDA to appear and file a report explaining its Dealer Trust findings and provide whether such report is a final determination.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Cattlemen respectfully request that this Court order USDA to appear and submit a more thorough analysis of its Dealer Trust findings,

preserve the status quo of the assets, and prohibit distribution of any assets until the rights of the Cattlemen and other similarly situated cash sellers of livestock can be determined. The Cattlemen further request any relief, at law or in equity, to which they are rightfully entitled.

DATED this 8th day of November, 2023.

Respectfully submitted,

*/s/ Amber S. Miller*
Amber S. Miller
State Bar No. 24050320
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 1499
Lubbock, Texas 79408-1499
(806) 762-5281
(806) 762-3510 (fax)
*ATTORNEY FOR RIDGEFIELD CAPITAL GROUP, DREW PHILLIPS, CARRAWAY CATTLE, ROBERT ELLIS, BARRY PHILLIPS, BIG SEVEN CAPITAL PARTNERS, RICHARD CARRAWAY, AND SCOTTSTEWART*

-and-

*/s/ James D. Bradbury*
James D. Bradbury
State Bar No. 02814500
jim@bradburycounsel.com
Kyle K. Weldon
State Bar No. 24097192
kyle@bradburycounsel.com
**JAMES D. BRADBURY, PLLC**
201 Main Street, Suite 600
Fort Worth, Texas 76102
Telephone: 817-339-1105
Fax: 817-886-3495

*ATTORNEYS FOR PRIEST CATTLE COMPANY, LTD, PRIEST VICTORY INVESTMENT LLC, WILEY ROBY RUSSELL, JR., W. ROBBIE RUSSELL LIVING TRUST, AND EDDIE STEWART*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2023, the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

                                             */s/ Kyle K. Weldon*
                                             Kyle K. Weldon

**Exhibit A**

| Party | Attorney of Record |
|---|---|
| <ul><li>Ridgefield Capital Group</li><li>Drew Phillips</li><li>Carraway Cattle</li><li>Robert Ellis</li><li>Barry Phillips</li><li>Big Seven Capital Partners</li><li>Richard Carraway</li><li>Scott Stewart</li></ul> | CRENSHAW, DUPREE & MILAM, L.L.P.<br>Amber S. Miller<br>State Bar No. 24050320<br>amiller@cdmlaw.com<br>P.O. Box 1499<br>Lubbock, Texas 79408-1499<br>(806) 762-5281<br>(806) 762-3510 (fax) |
| <ul><li>Priest Cattle Company, Ltd</li><li>Priest Victory Investment, LLC</li><li>Wiley Roby Russell, Jr.</li><li>W. Robbie Russel Living Trust</li><li>Eddie Stewart</li></ul> | JAMES D. BRADBURY, PLLC<br>Jim Bradbury<br>SBN: 02814500<br>jim@bradburycounsel.com<br>Kyle Weldon<br>SBN: 24097192<br>kyle@bradburycounsel.com<br>201 Main Street, Suite 600<br>Fort Worth, Texas 76102 |