Kent Ries, Attorney at Law
State Bar No.  16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

GENERAL COUNSEL FOR TRUSTEE

Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE
### AND SETTLEMENT WITH MEAGAN B. GOAD, JED GOAD,
### KINSEY MORELAND, AND JOSH MORELAND

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST 5TH AVENUE, ROOM 133, AMARILLO, TEXAS, 79101-1559 BEFORE CLOSE OF BUSINESS ON DECEMBER 5, 2023, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY**

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

COMES NOW, Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases the "**Bankruptcy Cases**"), and files this his *Motion for Approval of Compromise and Settlement with Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland* (the "Motion"), respectfully stating as follows:

## I.    RELIEF REQUESTED

1.    By this Motion, and pursuant to Bankruptcy Rule 9019, the Trustee requests that the Court approve that certain compromise and settlement (the "**Proposed Settlement**") between Kent Ries, in his capacity as Chapter 7 Trustee of the bankruptcy estates of McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ), on one hand, and Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland, on the other hand (collectively referred to as the "**Settling Parties**"), pursuant to the *Settlement and Mutual Release Agreement* (the "**Agreement**") attached hereto and incorporated herein.  Pursuant to the Agreement:

   a.    The Settling Parties will aid the Trustee in his administration of the estate, including pursuit of claims against third-parties;

   b.    The Settling Parties will pay the Trustee the sum of $2,236,520.88, which represents 33% of the proceeds received by the Settling Parties to the life insurance;

   c.    The Settling Parties will pay to the Trustee 50% of the remaining funds on any other claims or causes of action that the Trustee could assert against the Settling Parties;

   d.    The Settling Parties will provide a general release to the Trustee and the Debtors' estates, as well as to withdraw the pending Motion to Transfer Venue; and

   e.    In return, the Trustee will give the Settling Parties a limited release of: (a) the claims related to the life insurance policies and proceeds; and (b) only those claims that the Settling Parties acknowledge and repay 50% of the remaining proceeds of such claims.

## II.    <u>BACKGROUND</u>

2.      The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "**<u>Petition Date</u>**").  Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

3.      Each of the Debtors operated a cattle feedlot and/or growyard.  McClain Feed Yard, Inc. ("**<u>MFY</u>**") owned real property outside of Hereford, Texas; McClain Farms, Inc. ("**<u>MF</u>**") leased real property in Kentucky; and 7M Cattle Feeders, Inc. ("**<u>7M</u>**") owned real property outside of Friona, Texas (collectively, the "**<u>Debtors</u>**").

4.      The Debtors' business operations have significant overlap, including one major secured creditor (Rabo AgriFinance LLC) whose alleged claim exceeds $53,000,000.00 pursuant to its recent motion for relief from the automatic stay.  Rabo claims cross-collateralization and a blanket lien on substantially all of the Debtors' assets.  Further, many of the same vendors, customers and investors did business with all three Debtors.  Finally, the owner of all three Debtor entities was Brian McClain.

5.      All of the Debtors' business operations were shut down prior to their bankruptcy filings.  All cattle and other livestock were apparently sold by the Debtors or removed by their alleged owner's pre-petition.

6.      As discussed in prior pleadings, based upon the Trustee's investigation thus far, the Debtors' prebankruptcy operations appear to have constituted a massive fraud involving two cattle operations in Texas (Hereford and Friona) and one in Benton, Kentucky.  The asserted unpaid claims exceed $175M so far, and the Debtors' records show several hundred million dollars flowing through the Debtors in the 3 years before bankruptcy. These cases will involve over 100 parties and their attorneys based upon the service list thus far.

7.      The Debtors' owner, Mr. McClain, committed suicide on April 18, 2023, less than 2 weeks after the appointment of a Chief Restructuring Officer that was investigating the Debtors' financial affairs.  The Trustee's investigation thus far, including with the assistance of the pre-bankruptcy CRO, has been considerable and will be ongoing for some time due to, among other things, the Debtors' poor and unreliable records.

8.      It appears that the Debtors' cattle operations included at least some actual cattle transactions whereby, in some instances, the Debtors' purchased cattle ("**Cattle Purchases**"), and in other instances, took possession of third-parties' cattle for the Debtors' to fatten/grow prior to sale ("**Feed Yard Services**"). In addition to Cattle Purchases and Feed Yard Services, it appears that Mr. McClain also raised money from many "investors" pursuant to "partnership agreements" whereby the "investors" would advance funds to one of the Debtors to "purchase" unspecified cattle from the Debtor (that were purportedly already under a contract for sale in the future at a higher weight and price), the Debtor would continue to hold and feed the cattle at its expenses, and the investor and applicable Debtor intended to split the later profit 1/3 to the Debtor and 2/3 to the investor (the "**Partnership Agreements**").

9.      Over 100 claimants have asserted claims exceeding $100 million with the United States Department of Agriculture ("**USDA**") for allegedly unpaid amounts for Cattle Purchases, cattle that were dropped off for Feed Yard Services, investments under the Partnership Agreement, and possibly other transactions not yet specified by the claimants. Additionally, upon belief many of these claimants and possibly other parties ostensibly "reclaimed" millions of dollars of cattle in the chaotic period following Mr. McClain's death.

10.      The Trustee has spent considerable time and resources investigating the Debtors' pre-bankruptcy financial affairs, and the investigation is ongoing.  Based upon his investigation, the Trustee believes that the Settling Parties had considerable dealings on behalf of the Debtors

and could aid the Trustee in his investigation and pursuit of claims against third parties. The Settling Parties have likewise represented and warranted that they have documents and information that would aid the Trustee in his investigation of the Debtors' financial affairs, and pursuit of claims against third parties, specifically including  cattle load information, claims information, investor information, use of cattle information, lot number information, and banking information, that would support possible claims against the following parties: investors, lenders, and agricultural entities.

11.    The Trustee believes that the Debtors' estates hold Chapter 5 and other similar claims for the proceeds of the following life insurance policies where Brian McClain was the insured:

| Insurance Company | Policy Number | Face Amount | M.Goad Proceeds | K. Moreland Proceeds |
|---|---|---|---|---|
| Prudential | L7060174 | 3,000,000.00 | $510,000.00 | $510,000.00 |
| Grange | GL00422151 | 100,000.00 | $25,000.00 | $25,000.00 |
| Grange | GL0558430 | 3,000,000.00 | $750,000.00 | $750,000.00 |
| Grange | GL00490966 | 1,500,000.00 | $375,000.00 | $375,000.00 |
| Grange | GL00527115 | 2,000,000.00 | $500,000.00 | $500,000.00 |
| Grange | GL00484796 | 750,000.00 | $187,500.00 | $187,500.00 |
| Cincinnati | [2] | [2] | $1,041,168.00 | $1,041,168.00 |
| Total | | | $3,388,668.00 | $3,388,668.00 |

12.    In addition to the life insurance, the Trustee believes that he likely has additional Chapter 5 and similar claims against the Settling Parties, but collectability is unknown and uncertain.

---

[2] Policy number and Face Amount not provided because information allegedly not available to Goad and Moreland.

13.     Settling Parties deny that they have received avoidable transfers and/or that the
Estates may hold other claims and causes of action against them. Settling Parties also deny that
the Estate has any claim to the life insurance policies or proceeds.

## IV.     **PROPOSED SETTLEMENT**

14.     The Proposed Settlement is evidenced and effectuated by and through the
Agreement, and parties are cautioned that the Agreement controls over any inconsistency with this
Motion.  Nevertheless, and subject to the foregoing caution, the following is a summary of the key
provisions of the Proposed Settlement and the Agreement:[3]

- The Settling Parties will aid the Trustee in his administration of the estate, including pursuit of claims against third-parties;

- The Settling Parties will pay the Trustee the sum of $2,236,520.88, which represents 33% of the proceeds received by the Settling Parties to the life insurance;

- The Settling Parties will pay to the Trustee 50% of the remaining funds on any other claims or causes of action that the Trustee could assert against the Settling Parties;

- The Settling Parties will provide a general release to the Trustee and the Debtors' estates, as well as to withdraw the pending Motion to Transfer Venue; and

- In return, the Trustee will give the Settling Parties a limited release of: (a) the claims related to the life insurance;  (b) only those claims that the Settling Parties acknowledge and repay 50% of the remaining proceeds of such claims, including any dealer trust claims to the fullest extent allowed by law on behalf of all parties that the Trustee is able to bind now and in the future.

## V.     **ARGUMENTS AND AUTHORITIES**

15.     Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice
and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019(a).
Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the

---

[3]     The following is intended as a summary only.  Parties are cautioned to review the agreement in detail, because in the event of a conflict between this Motion and the agreement, the agreement shall control.

best interests of the estate." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).  The

factors to consider include "(1) the probability of success in the litigation, with due consideration

for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any

attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the

compromise."  *Id*.  Such other factors include the reasonable views of creditors, although such

views are not binding, and "the extent to which the settlement is truly the product of arms-length

bargaining, and not of fraud or collusion."  *Id*. at 918.  *See also Official Comm. Of Unsecured

Creditors v. Cajun Elec. Power Coop. Inc. (In re Cajun Elec. Power Coop. Inc.)*, 119 F.3d 349,

356 (5th Cir. 1997); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 559, 602 (5th Cir.

1960).  The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must

apprise itself of the relevant facts and law so that it can make an informed and intelligent decision."

*In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted).  The settlement

need not result in the best possible outcome for the Estate, but must not "fall beneath the lowest

point in the range of reasonableness."  *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re

Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).  Finally, the

Trustee is entitled to employ his reasonable business judgment in proposing a settlement, and that

judgment is entitled to reasonable deference from the Court where, as here, the proposed settlement

is not between insiders:

> The Trustee's decision to settle must represent the interests of the bankruptcy estate
> and its creditors and is reviewed under the 'business judgment rule.'  Under the
> business judgment rule, the challenging party must establish that the course of
> action chosen by the fiduciary was outside the parameters of what a rational and
> reasonably informed businessperson might select.  The business judgment rule
> creates a presumption in favor of the fiduciary.

*In re Woodberry*, 629 B.R. 239, 243 (Bankr. E.D. Mich. 2021) (internal quotations omitted).

16.     Here, the Trustee believes that the Proposed Settlement is fair, equitable, and in the best interests of the estates, for at least the following reasons:

- Given the complexity and relatively poor records, the Trustee believes that the cooperation obligation will aid in a more efficient investigation and higher recovery of claims against third-parties, which will benefit the estate.

- The Trustee's claims concerning the life insurance proceeds are heavily contested by the Settling Parties, and the Trustee is recovering a significant portion of those funds at an early stage. The settlement avoids the risks of litigation, costs and delay, and concerns over ultimate collection.

- Likewise, any additional claims that the Trustee is releasing are limited to those where the Settling Parties are essentially returning half of the currently collectable value on hand.

17.     In the end, the Trustee faces two choices.  One choice is to continue to investigate the Debtors' financial affairs in a potentially administratively insolvent case, and litigate the known claims concerning insurance, and other claims that the Trustee could uncover.  Litigating just the life insurance issues (including appeals) could take years and could result in a judgment of upwards of $6,777,336.00, or, in the end, a judgment of nothing—again, years into the future. And with respect to collection, a multi-million dollar judgment years in the future may be uncollectable, or at least potentially less collectable than the current recovery of $2,236,520.88.

18.     Or, the Trustee can settle now for a fair and reasonable amount, and secure cooperation and funding to aid in the remainder of the administration of these estates.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto: (i) granting this Motion; (ii) approving the Proposed Settlement and the Agreement, and authorizing the Trustee to execute, deliver, and perform under the Agreement; and (iii) granting the Trustee such other and further relief to which he may be justly entitled.

Respectfully submitted,

By: */s/ Kent Ries*
Kent Ries, Attorney at Law
State Bar No. 1691450
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440-Fax

GENERAL COUNSEL FOR TRUSTEE

AND

Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, a true and correct copy of the foregoing was served via the Court's ECF system on the debtor, debtor's counsel, the United States Trustee, and, all parties that have appeared and requested notice via the Court's ECF system (marked "E" on the attached matrix), as well as via first-class mail, postage prepaid, to the other parties on the attached mailing matrix.

*/s/ Kent Ries*
Kent Ries

## <u>SETTLEMENT AND MUTUAL RELEASE AGREEMENT</u>

This *Settlement and Mutual Release Agreement* (the "<u>Agreement</u>") is executed as of this November 9, 2023, by and among Kent Ries, in his capacity as Chapter 7 Trustee of the bankruptcy estates of McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) ("<u>Trustee</u>"), on one hand, and Meagan B. Goad (" <u>M. Goad</u>"), Jed Goad (and together with M. Goad "<u>Goad</u>"), Kinsey Moreland ("<u>K. Moreland</u>"), and Josh Moreland ("<u>J. Moreland</u>" and together with K. Moreland "<u>Moreland</u>") on the other hand, as follows:

WHEREAS, McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. (collectively, the "<u>Debtors</u>") filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "<u>Petition Date</u>") thereby initiating Case No. 23-20084-RLJ, Case No. 23-20085-RLJ, and Case No. 23-20086-RLJ (the "<u>Bankruptcy Cases</u>") in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division (the "<u>Bankruptcy Court</u>") and creating their bankruptcy estate (the "<u>Estates</u>");

WHEREAS, the Trustee was subsequently appointed and qualified to serve as the Trustee over the Debtors' Estates;

WHEREAS, on July 18, 2023, M. Goad and K. Moreland filed their Motion to Transfer Jointly Administered Cases in the Bankruptcy Cases;

WHEREAS, Goad and Moreland represent and warrant that they have documents and information that would aid the Trustee in his investigation of the Debtors' financial affairs, and pursuit of claims against third parties, specifically including  cattle load information, claims information, investor information, use of cattle information, lot number information, and banking information, that would support possible claims against the following parties: investors, lenders, and agricultural entities (the "<u>Documents and Information</u>");

WHEREAS, Goad and Moreland received proceeds of the following life insurance policies insuring the life of Brian McClain (the "<u>Life Insurance Proceeds</u>"):

| Insurance Company | Policy Number | Face Amount | M.Goad Proceeds | K. Moreland Proceeds |
|---|---|---|---|---|
| Prudential | L7060174 | 3,000,000.00 | $510,000.00 | $510,000.00 |
| Grange | GL00422151 | 100,000.00 | $25,000.00 | $25,000.00 |
| Grange | GL0558430 | 3,000,000.00 | $750,000.00 | $750,000.00 |
| Grange | GL00490966 | 1,500,000.00 | $375,000.00 | $375,000.00 |
| Grange | GL00527115 | 2,000,000.00 | $500,000.00 | $500,000.00 |
| Grange | GL00484796 | 750,000.00 | $187,500.00 | $187,500.00 |
| Cincinnati | [1] | [1] | $1,041,168.00 | $1,041,168.00 |

[1] Policy number and Face Amount not provided because information allegedly not available to Goad and Moreland.

| Total | | | $3,388,668.00 | $3,388,668.00 |
|-------|--|--|---------------|---------------|

WHEREAS, the Trustee believes that Goad and Moreland may have received avoidable transfers and/or the Estates may hold other claims and causes of action against Goad and Moreland, including but not limited to those related to the Life Insurance Proceeds;

WHEREAS, Goad and Moreland deny that they have received avoidable transfers and/or that the Estates may hold other claims and causes of action against them; and

WHEREAS, the Trustee, Goad, and Moreland (collectively, the "Parties") enter into this Agreement without admitting any fault or liability, and solely to buy peace in light of the risks, delays, costs, and burdens of continuing and future litigation, and, by virtue of this Agreement, the Parties desire to fully and completely resolve this matter in good faith, and settle any and all claims, defenses, counterclaims, and cross-claims that were asserted or that could have been asserted among them, including in the Bankruptcy Cases.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party, the Parties, incorporating the recitals above into this Agreement, agree, represent, and covenant as follows:

1.  Conditions Precedent. The effectiveness of this Agreement is conditioned upon the following (the "Condition Precedent"): the entry of a final, non-appealable Order[2] of the Bankruptcy Court approving this Agreement in the form attached hereto as Exhibit "1" (the "Approval Order"). M. Goad and K. Moreland agree to withdraw the Motion to Transfer Jointly Administered Cases without prejudice pending Bankruptcy Court approval of this Agreement. In the event the Condition Precedent fails to occur by February 29, 2024, either party may terminate this Agreement by written notice to the other party by 5:00 pm CST on February 29, 2024. If the Bankruptcy Court enters an Order denying approval of this Agreement or otherwise declines to enter the Approval Order following a hearing on approval, or either party exercises their right to terminate this agreement, or any final, non-appealable order is entered by any court regarding this Agreement other than the Approval Order,  then this Agreement is terminated, shall become null and void, and the Parties shall be returned to the *status quo ante* for all purposes, including but not limited to, the Motion to Transfer Venue as though it was heard as scheduled in October 2023.  Notwithstanding the foregoing, if the Bankruptcy Court enters an order approving this settlement in a form different from the Approval Order, the Parties shall have the option, but not the requirement, to accept such form of order.

---

[2] A final, non-appealable order means an order of the Bankruptcy Court or other court of competent jurisdiction: (a) as to which no appeal, notice of appeal, motion for rehearing, motion for reconsideration, or other motion affecting the finality of the order (collectively, a "Challenge") has been timely filed, or, if any of the foregoing has been timely filed, such Challenge has been disposed of in a manner that upholds and affirms the subject order in all respects without the possibility for further Challenge thereon; (b) as to which the time for instituting or filing an appeal or notice of appeal shall have expired; and (c) as to which no stay is in effect.

2.    <u>Cooperation Obligation.</u>  Upon the occurrence of the Conditions Precedent, Goad and Moreland (collectively referred to as the "<u>Cooperating Parties</u>") agree to cooperate fully and truthfully in the Trustee's investigation and any other related litigation or proceedings to which the Trustee is a party, including the Bankruptcy Cases (the "<u>Proceedings</u>") for a period of two (2) years and any reasonable additional time necessary for the conclusion of all Proceedings by final non-appealable orders. The Cooperating Parties agree to be available after the twoyear period only if requested by the Trustee for a trial or evidentiary hearing. The full, truthful, and continuing cooperation of the Cooperating Parties shall include, but not be limited to:

a.    producing all non-privileged documents and other materials to the Trustee as requested by the Trustee, in the possession, custody, or control of the Cooperating Parties;

b.    appearing for depositions and other interviews, at such times and places, as reasonably requested by the Trustee and with expenses paid by the estate;

c.    responding fully and truthfully to all inquiries, when reasonably requested to do so by the Trustee, in connection with the Proceedings;;

d.    testifying at trial and other judicial proceedings, when requested to do so by the Trustee, in connection with the Proceedings;

e.    accepting service by mail, email, or facsimile transmission of notices or subpoenas for documents or testimony at depositions, hearings, trials or in connection with the Proceedings from the Trustee;

f.    appointing their undersigned attorney as agent to receive service of such notices and subpoenas from the Trustee;

g.    waiving the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, when reasonably requested to appear by the Trustee;

h.    entering into tolling agreements, when requested to do so by the Trustee, unless release has already occurred; and

i.    not further challenging venue of the Bankruptcy Cases.

The Cooperating Parties shall not be obligated to voluntarily testify with respect to any claims by the Trustee directly against Crystal McClain, Chelsea McClain, and the minor McClain daughter. This agreement shall not limit the Trustee's ability to compel the testimony of the Cooperating Parties with respect to direct claims against Crystal McClain, Chelsea McClain, and the minor McClain daughter.

The Cooperating Parties agree that the running of any statute of limitations applicable to any action or proceeding against him authorized, instituted, or brought by or on behalf of the Trustee or the Estates, including any sanctions or relief that

may be imposed therein, is tolled and suspended until the Trustee has provided the Cooperating Parties with releases. The Cooperating Parties and any of their attorneys or agents shall not include this period in the calculation of the running of any statute of limitations or for any other time-related defense applicable to the Proceeding, including any sanctions or relief that may be imposed therein, in asserting or relying upon any such time-related defense. This agreement shall not affect any applicable statute of limitations defense or any other time-related defense that may be available to Cooperating Parties before the Petition Date or be construed to revive a Proceeding that may be barred by any applicable statute of limitations or any other time-related defense before the Petition Date. The running of any statute of limitations applicable to the Proceeding shall commence again after the end of the tolled period. This agreement shall not be construed as an admission by the Trustee relating to the applicability of any statute of limitations to any Proceeding, including as to any sanctions or relief that may be imposed therein, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

The Cooperating Parties shall be able to assert an administrative claim in the Bankruptcy Cases for any reasonably necessary out of pocket travel expenses incurred in their fulfillment of their Cooperation Obligation, with such claim having priority subordinate to the administrative expenses of the Trustee and his professionals.

If the Cooperating Parties fail to comply and complete the Cooperation Obligation, then the Release by the Trustee below shall be null and void.

3.  <u>Identification of Claims.</u>  Within 30 days of the occurrence of the Condition Precedent, the Cooperating Parties shall identify in writing:  (i) all transfers from the Debtors or from any transferee of any of the Debtors to the Cooperating Parties or to a third-party for the benefit of either of the Cooperating Parties; (ii) all subsequent transferees of the Cooperating Parties of each the foregoing transfers, (iii) the facts and circumstances of all other potential claims and causes of action that the Trustee could assert against any of the Cooperating Parties; (iv) a tracing of all funds and other property currently in the possession, custody, or control of the Cooperating Parties that was acquired from all transfers from the Debtors or from any transferee of any of the Debtors, or constitutes the proceeds of all other potential claims and causes of action that the Trustee could assert against any of the Cooperating Parties; and (v) a sworn inventory and schedule of information containing the same information required by the Official Bankruptcy Schedules and Statement of Financial Affairs for each of the Cooperating Parties.  Said schedule shall not be filed of public record but will be made available to the U.S. Trustee's Office and to the Bankruptcy Court.

4.  <u>Life Insurance Proceeds.</u>  Within 30 days of the occurrence of the Condition Precedent, the Cooperating Parties shall pay the Trustee the sum of $2,236,520.88, which represents 33% of the Life Insurance Proceeds ("Life Insurance Proceeds Payment").

5.    <u>Settlement Payment</u>. Within 30 days of the occurrence of the Condition Precedent, the Cooperating Parties shall pay the Trustee 50% of all funds and other property currently in the possession, custody, or control of the Cooperating Parties that was acquired from all transfers from the Debtors or from any transferee of any of the Debtors, or constitutes the proceeds of all other potential claims and causes of action that the Trustee could assert against either of the Cooperating Parties.

6.    <u>Release by the Trustee</u>. Subject to the occurrence of the Condition Precedent, the Cooperating Parties providing the Documents and Information, and receipt of the Life Insurance Proceeds Payment and the Settlement Payment, the Trustee, on behalf of himself, the Debtors, the Estates, as well as any of their agents, attorneys, representatives, predecessors, successors, and assigns and any other person or entity claiming on behalf of, through or by them (collectively, the "<u>Estate Parties</u>") hereby forever releases and discharges the Cooperating Parties from the Estate Released Claims. The "<u>Estate Released Claims</u>" means all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, or of any claims or damages of any type whatsoever, known or unknown, including any dealer trust claims to the fullest extent allowed by law on behalf of all parties that the Trustee is able to bind now and in the future; provided, however, that the foregoing release shall be limited to those related to the Life Insurance Proceeds and the matters timely identified by the Cooperating Parties pursuant to 3. <u>Identification of Claims</u> above and paid, as applicable, by the Settlement Payment. Notwithstanding these limitations of the Estate Release Claims, the Trustee will not pursue any claims against M. Goad or K.Moreland for receipt of an annual salary of $60,000.00 or less from the Debtors to either M. Goad or K. Moreland for services rendered.

7.    <u>Releases by the Cooperating Parties</u>. Subject to the occurrence of the Condition Precedent, the Cooperating Parties providing the Documents and Information, sending the Settlement Payment, if any and upon simultaneous release of the Cooperating Parties, without need for further action, order, or document, the Cooperating Parties, on behalf of themselves and their attorneys, hereby forever release and discharge the Estate Parties (defined above) from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, or of any claims or damages of any type whatsoever, known or unknown, including but not limited to any claims arising in contract, tort, or equity. If the Cooperating Parties fail to comply and complete the Cooperation Obligation defined herein, then said release shall be null and void.

8.    <u>No Admissions</u>. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of any of the Parties. It is also understood and agreed to by the Parties that this Agreement does not constitute an order or finding of any violation of law related to fraudulent, manipulative, or deceptive conduct.

9. <u>No Third Party Beneficiaries</u>. There are no intended third-party beneficiaries to this Agreement. This Agreement may only be enforced by the Parties hereto and any person receiving a release hereunder, except as may be provided for otherwise under applicable law.

10. <u>Entire Agreement</u>. This Agreement embodies the entire agreement of the Parties with regard to the subject matter hereof. There are no representations, promises, warranties, understandings or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein. Each of the Parties acknowledges that the execution and delivery of this Agreement is its free and voluntary act and deed, and that said execution and delivery have not been induced by, nor done in reliance upon, any representations, promises, warranties, understandings or agreements made by any other Party, its agents, officers, employees or representatives.

11. <u>Changes in Writing</u>. No promise, representation, warranty or agreement made subsequent to the execution and delivery of this Agreement by any Party hereto, and no revocation, partial or otherwise, or change, amendment or addition to, or alteration or modification of, this Agreement shall be valid unless the same shall be in writing signed by all of the Parties.

12. <u>Choice of Law</u>. This Agreement shall be governed by and construed according to the laws of the State of Texas. The Cooperating Parties do not waive their rights to assert another jurisdiction's laws as applicable to any claims not herein released or to any claims herein released but not approved by final non-appealable order of the bankruptcy court. The parties agree that the Bankruptcy Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement to the fullest extent allowed by law.

13. <u>Attorneys' Fees.</u> Should any Party hereto breach any term of this Agreement, the breaching Party shall pay the non-breaching Party all reasonable attorneys' fees and other costs and fees incurred by the non-breaching Party in enforcing this Agreement or preparing for legal or other proceedings, whether or not said proceedings are instituted. In the event a lawsuit or other proceeding is brought by any Party based on this Agreement or breach thereof, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and other costs and fees incurred enforcing this Agreement, in addition to all other legal, equitable, or injunctive relief.

14. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be considered an original counterpart. Any signed Agreement or signature page to this Agreement that is transmitted by facsimile or in the portable document format (.pdf) shall be treated in all respects as an original Agreement or signature page.

15. <u>Warranty of Authority</u>. Except as is otherwise provided with respect to the Approval Order, each Party to this Agreement represents and warrants to each other Party that: (i) it owns the rights and claims affected by this Agreement, including

with respect to any release; and (ii) it has full authority to enter into and to execute this Agreement.

16.    Tax Consequences. All Parties acknowledge and agree that they are solely responsible for the payment of any and all federal, state, city, or local taxes which might be due and owing as a result of any term contained in this Agreement. The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives in the course of these negotiations and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement.  No representations regarding the tax consequences of this settlement have been made by either Party.

Dated as of the first date above.

_____, Trustee       11/9/63
**Kent Ries, in his capacity as Chapter 7**    **Date**
**Trustee of the bankruptcy estates of**
**McClain Feed Yard, Inc.**
**(Case No. 23-20084-RLJ), McClain Farms,**
**Inc. (Case No. 23-20085-RLJ), and 7M**
**Cattle Feeders, Inc. (Case No. 23-20086-RLJ)**


_____    _____
**Meagan B. Goad**    **Date**


_____    _____
**Jed Goad**    **Date**


_____    _____
**Kinsey Moreland**    **Date**


_____    _____
**Josh Moreland**    **Date**


_____

SETTLEMENT AND MUTUAL RELEASE AGREEMENT—Page 7

Inc. (Case No. 23-20085-RLJ), and 7M
Cattle Feeders, Inc. (Case No. 23-20086-RLJ)


_Meagan Goad_                          _11-9.23_
**Meagan B. Goad**                     **Date**


_Jed Goad (signature)_                 _11-13-23_
**Jed Goad**                           **Date**


_Kinsey Moreland (signature)_          _11-9-23_
**Kinsey Moreland**                    **Date**


_Josh Moreland (signature)_            _11-10-23_
**Josh Moreland**                      **Date**

---

EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE
### AND SETTLEMENT WITH MEAGAN B. GOAD,
### JED GOAD, KINSEY MORELAND, AND JOSH MORELAND

CAME ON FOR HEARING the *Motion for Approval of Compromise and Settlement with Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland* (the "**Motion**"), filed by Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases the "**Bankruptcy Cases**"), whereby the Trustee seeks approval of that certain settlement (the "Proposed Settlement") with the Settling Parties (as that term is defined in the Motion) pursuant to the *Settlement and Mutual*

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

*Release Agreement* (the "Agreement") attached as Exhibit "A" to the Motion.  Based on the

evidence and the Court taking judicial notice where appropriate, the Court makes the following

findings of fact and conclusions of law and enters the following Order.

1.      The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on

April 28, 2023 (the "**Petition Date**").  Kent Ries was subsequently appointed and qualified to serve

as the Trustee over the bankruptcy estate.

2.      The Trustee is the duly appointed Chapter 7 trustee of the Estate with the authority,

subject to the entry of this Order, to enter into the Proposed Settlement and the Agreement.

3.      The Trustee believes that the Debtors' estates hold Chapter 5 and other similar

claims for the proceeds of the following life insurance policies insuring the life of Brian McClain

(the "Life Insurance Proceeds"):

| Insurance Company | Policy Number | Face Amount | M.Goad Proceeds | K. Moreland Proceeds |
|---|---|---|---|---|
| Prudential | L7060174 | 3,000,000.00 | $510,000.00 | $510,000.00 |
| Grange | GL00422151 | 100,000.00 | $25,000.00 | $25,000.00 |
| Grange | GL0558430 | 3,000,000.00 | $750,000.00 | $750,000.00 |
| Grange | GL00490966 | 1,500,000.00 | $375,000.00 | $375,000.00 |
| Grange | GL00527115 | 2,000,000.00 | $500,000.00 | $500,000.00 |
| Grange | GL00484796 | 750,000.00 | $187,500.00 | $187,500.00 |
| Cincinnati | [2] | [1] | $1,041,168.00 | $1,041,168.00 |

4.      In addition to the life insurance, the Trustee believes that he likely has additional

Chapter 5 and similar claims against the Settling Parties, but collectability is unknown and

uncertain.

---

[2] Policy number and Face Amount not provided because information allegedly not available to Goad and Moreland.

5.      Settling Parties deny that they have received avoidable transfers and/or that the Estates may hold other claims and causes of action against them.

6.      By the Motion, the Trustee seeks approval of the Proposed Settlement, including the releases and other terms set forth therein, in exchange for the consideration under the Agreement.

7.      Notice of the Motion and the hearing thereon were sufficient and appropriate.

8.      There are no undisclosed agreements, payments, or understandings related to the Proposed Settlement that are not disclosed in the Motion or in the Agreement.  There is no collusion.  The Proposed Settlement is not a *sub rosa* plan.

9.      The Proposed Settlement and the Agreement are proposed in good faith.

10.     The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Such jurisdiction is core under 28 U.S.C. § 157(b)(2).  Venue of the Bankruptcy Case and the Motion before this Court is proper under 28 U.S.C. §§ 1408 & 1409.

11.     Bankruptcy Rule 9019 governs the Trustee's proposed settlement of estate causes of action and the granting of an estate release.  Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the best interests of the estate."  *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).  The factors to consider include "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise."  *Id*.  Such other factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion."  *Id*. at 918.  The Court need not conduct a mini-trial on the underlying claims; rather,

the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted).

12.     The Court has apprised itself of the relevant facts and can make an informed and intelligent decision regarding all aspects of the Proposed Settlement.  Based on the same, the foregoing factors are met: the Proposed Settlement is fair and equitable and in the Estate's best interests.  There is no question concerning the complexity, expense, burden, and delay of the Trustee's claims, which involve substantial, disputed questions of fact and law, as well as uncertainties involving collection.

13.     There is also no question that the Proposed Settlement is the product of extensive, arms-length bargaining.

14.     The Trustee has properly employed his business judgment in entering into the Proposed Settlement and the Agreement.  The Settlement Amount is well within the range of reason and provides a material benefit to the Debtors' bankruptcy estates.

15.     All of the relief requested in the Motion and provided in this Order is lawful and appropriate.

ACCORDINGLY, based on the foregoing findings of fact and conclusions of law, and all preconditions to the entry of this Order being satisfied, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Proposed Settlement and the Agreement are APPROVED in their entirety; it is further

ORDERED that the Trustee is authorized and directed to enter into the Agreement and to otherwise effectuate all provisions of the Agreement; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order and the Agreement.

# # #  END OF ORDER # # #

11605 NW 140 ST.
Aluchua , FL 32615-6435

2B Farms, a Texas General
Partnership, and T
c/o Todd J. Johnston
McWhorter, Cobb & Johnson, LLP
P.O. Box 2547
Lubbock, TX 79408-2547

2B Farms, Inc.
9012 County Rd. 3114
Snyder, TX 79549-1318

306 Federal Building
1205 Texas Avenue
Lubbock, TX 79401-4037

Acey Livestock, LLC
211 Old Orchard Road
Perryville, KY 40468-9782

Ag Texas Farm Credit Services
PO Box 50060
Amarillo, TX 79159-0060

AgTexas, PCA
2001 S. Soncy Road
Amarillo, TX 79124-2407

AJ JACQUES LIVING TRUST
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Amy Sutton
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Angela D. Robinson
c/o Todd J. Johnston
McWhorter, Cobb & Johnson, LLP
P.O. Box 2547
Lubbock, TX 79408-2547

Angela Powell
86 B Commerce Blvd.
Benton, KY 42025-1110

Arnold Braun of the Arnold Braun
Trust
4932 E. SR 70
Grandview, IN 47615-9620

Arnold Braun Trust
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Atten: David L. LeBas
Naman Howell Smith & Lee
Attorneys at Law
8310 N. Capital of Texas Hwy
Ste 490
Austin, TX 78731-1081

Bar D Ranch Land & Cattle, LLC
4458 South US Highway 441
Lake City, FL 32025-0306

Big Seven Capital Partners LLC
200 Rock Vista Run
Austin, TX 78737-2843

Bo Robinson
9397 County Rd. 3114
Snyder, TX 79549-1379

Bryan Blackman
4553 Texas Street
Healdton, OK 73438-2906

Bryan Blackman
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

BUSS FAMILY TRUST
C/O JOHN MASSOUH
PO Box 15008
AMARILLO, TX 79105-5008

C Heart Ranch, LLC
454 Daniels Lane
Ardmore, OK 73401-5304

Cactus Operating LLC
Robert M Kettle, Agent
600 S. TYLER ST., SUITE 280
Amarillo, TX 79101-2353

Caleb Little
672 Nelson Trl.
Dexter, KY 42036-9402

Carl Pickett
524 Travis Street
Liberty, TX 77575

Carr, Riggs, & Ingram, LLC
2424 Louisiana Blvd. NW Suite 300
Albuquerque, NM 87110

Carraway Cattle
200 Rock Vista Run
Austin, TX 78737-2843

Caterpillar Financial Services
John R. Nelson
Dickinson Wright PLLC
221 N. Kansas St., Suite 200
El Paso, TX 79901-1443

Caterpillar Financial Services
Michelle D. Esparza
Dickinson Wright PLLC
221 N. Kansas St., Suite 2000
El Paso, TX 79901-1472

CATERPILLAR FINANCIAL SERVICES
CORPORATION
2120 WEST END AVENUE
NASHVILLE, TN 37203-5341

Caterpillar Financial Services
Corporation
c/o Dickinson Wright PLLC
Attention: John Nelson
607 W. 3rd Street, Ste. 2500
Austin, TX 78701-4713

Charles Lockwood
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Chelsea Waters McClain
824 Mullins Lane
Benton, KY 42025-4702

Clint Quarles
Kentucky Department of Agriculture
105 Corporate Drive
Frankfort, KY 40601-8332

Cody L. Simmons
P.O. Box 180
Canyon, TX 79015-0180

Colby Van Buskirk
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Cole Lockwood
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Colton Long
2001 S. Soney Road
Amarillo, TX 79124-2407

COMMUNITY FINANCIAL SERVICES BANK
ATTN ATTN LOSS MITIGATION
P O BOX 467
BENTON, KY 42025-0467

Community Financial Services Bank
221 W 5th Street
Benton, KY 42025

Cory and Jeff Jesko
3970 FM 1057
Hereford, TX 79045-7322

Cory Don Priest
899 Rosenthal Road
Lorena, TX 76655-9665

Craig & Amy Sutton
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Crystal McClain
c/o Marcus H. Herbert
Attorney at Law
416 South 5th Street
Paducah, KY 42003-1530

Crystal McClain
824 Mullins Lane
Benton, KY 42025-4702

Curtis Jones
1720 W. 13th Ave.
Emporia, KS 66801-5659

Curtis Jones Farms LLC
1720W. 13th Ave.
Emporia, KS 66801-5659

David Hines
12609 NW 298th St.
High Springs, FL 32643-4911

David Rainey
88 CR 640
Corinth, MS 38834

Death Creek Farms LLC
10150 Highway 47
West Point, MS 39773-4802

Dennis Buss
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Don Jones
1720 W. 13th Ave.
Emporia, KS 66801-5659

Don Jones Farm, Inc.
2434 Road Y
Reading, KS 66868-9006

Don Jones Trucking, Inc.
2434 Road Y
Reading, KS 66868-9006

Dora Blackman
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Douglas C. Pritchett
19601 FM 1541
Canyon, TX 79015-6387

Douglas Finley
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Dr. Arnold Braun
4932 E. SR 70
Grandview, IN 47615-9620

Dustin Johnson
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Dwight and Patty Jesko
3970 FM 1057
Hereford, TX 79045-7322

Dwight Jesko
112 Rr 5/ 3970 FM 1057
Hereford, TX 79045

Eddie Bryant
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Eddie Stewart
1571 Upper Zion Road
Brownsville, TN 38012-8064

Eric DeJarnett
1115 County Road 1024
Cunningham, KY 42035-9309

Euler Hemes N. A. Insurance Co. as
Agent fo
800 Red Brook Blvd, #400C
Ownings Mills, MD 21117-5173

First Capital Bank of Texas
3900 Soncy Road
Amarillo, TX 79119-6673

First Kentucky Bank
C/O Tom Blankenship
PO Box 571
Blankenship & Edwards
Benton, KY 42025-0571

First Kentucky Bank, Inc.
605 Main Street
Benton, KY 42025-1236

Friona Industries
PO Box 15568
Amarillo, TX 79105-5568

Friona Industries, L.P.
500 S. Taylor Street, Suite 601
Amarillo, TX 79101-2447

FRONTIER FARM CREDIT
PO BOX 2409
OMAHA, NE 68103-2409

Frontier Farm Credit
2009 Vanesta Place
Manhattan, KS 66503

Garwood Cattle Company LLC
2538 Middleton Road
Columbiana, OH 44408-9550

Gary Lesh
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Gene Brookshire Family, LP
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

GRAY BROTHERS
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

GUNGOLL CATTLE CO., LLC
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Hines Cattle Company, LLC
12609 NW 298th St.
High Springs, FL 32643-4911

Hines Farms, LLC
1019 NE 90th Ave.
High Springs, FL 32643-5121

J. Brent Burnett
1612 Sanderson Rd.
Mayfield, KY 42066-9108

Jake Rininger
2828 S. Co. Rd. 200 W.
Rockport, IN 47635-8252

Jan Lesh
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Janet Van Buskirk
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

JANICE E. LAWHON
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Jared Lesh
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Jared Wayne Lesh
10801 E. Highway 82
Whitesboro, TX 76273

Jed Goad
JLE Trucking, Inc.
PO Box 451
Red Boiling Springs, TN 37150-0451

Jim Rininger
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Jimmy D. Greer
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Joel Brookshire
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

John Dale Tidwell
209 Duffers Ln
Mayfield, KY 42066-1201

John Massouh
Sprouse Shrader Smith PLLC
Box 15008
Amarillo, TX 79105-5008
E

Jordan and Jan Lesh
10400 N. Perkins Road
Stillwater, OK 74075-1860
E

Jordan Lesh, LLC
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008
E

Julie Whitlock
P.O. Box 389
Mayfield, KY 42066-0029

Justin Stuever
P.O. Box 22
Morrison, OK 73061-0022

Keeling Cattle Feeders, Inc.
PO Box 1853
Hereford, TX 79045-1853

Keith Harris Farms, Inc.
703 Waller Cemetery Road
Benton, KY 42025-4770

Kenneth Netardus
P.O. Box 3280
Amarillo, TX 79116-3280

Kent David Ries
Kent Ries, Trustee
PO Box 3100
Amarillo, TX 79116-3100
E

Kentucky Department of Agriculture
105 Corporate Drive
Frankfort, KY 40601-8332

Kinsey Jones
30308 S. Carlson Rd.
Reading, KS 66868-9055
E

Kinsey Jones
1720 W. 13th Ave.
Emporia, KS 66801-5659

Lazy J Arena, LLC 1419
W. 80th Street
Stillwater, OK 74074

Lazy J. Cattle 1515
W. 80th Street
Stillwater, OK 74074

Leah Gungoll
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008
E

Lesh Family Trust
19700 County Road 200
Perry, OK 73077-8530
E

Lesh Family Trust
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008
E

Lesh Trucking
10400 N. Perkins Rd.
Stillwater, OK 74075-1860

Lyndal Van Buskirk
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008
E

Lyndal Vanbuskirk
P.O. Box 778
Ringling, OK 73456-0778
E

MAP Enterprises Inc.
P.O. Box 1045
Mayfield, KY 42066-0041
E

MAP Enterprises, Inc.
c/o Jeff P Prostok
777 Main Street, Suite 1550
Fort Worth, TX 76102-5384
E

Mark J. Reisz
514 Americas Way #13812
Box Elder, SD 57719-7600

Max Ralph Tarbox
Tarbox Law, P.C.
2301 Broadway
Lubbock, TX 79401-2916
E

Meagan B. Goad
1775 Wadesboro Rd. S
Benton, KY 42025-4777

Meagan B. Powell
621 Mullins Ln.
Benton, KY 42025-4762

Mechanics Bank
18400 Von Karman Avenue
Suite 1100
Irvine, CA 92612-0517

MICHAEL & MIRANDA EVANS
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008
E

Michael Gourley
P.O. Box 1045
Mayfield, KY 42066-0041

Michael Johnson
Ray Quinney and Nebeker, P.C.
36 South State Street
Suite 1400
Salt Lake City, UT 84111-1451
E

Miranda Evans
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Morrison Cafe, LLC
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Mykel Linn Tidwell
66 Lake Terry Dr.
Mayfield, KY 42066-6982

Nikki Lockwood
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Northland Capital Financial
Services, LL
P.O. Box 7278
Saint Cloud, MN 56302-7278

Northland Capital Financial
Services, LLC
c/o Jenkins & Kling, P.C.
150 N. Meramec Ave., Suite 400
St. Louis
St. Louis, MO 63105 United States

Northland Capital Financial
Services, LLC
333 33rd Ave South
St. Cloud, MN 56301-5495

Oklahoma AgCredit
601 East Kenosha
Broken Arrow, OK 74012-2002

Open A Arena LLC
14500 S. Fm 1258
Amarillo, TX 79118-4610

Patty Priest
899 Rosenthal Road
Lorena, TX 76655-9665

Priest Cattle and Land Company,
Inc.
899 Rosenthal Road
Lorena, TX 76655-9665

Priest Cattle Company, Ltd
899 Rosenthal Road
Lorena, TX 76655-9665

Priest Victory Investment LLC
899 Rosenthal Road
Lorena, TX 76655-9665

Producers Credit Corporation
8351 N. High Street, Suite 250
Columbus, OH 43235-1440

Rabo Agrifinance LLC
1402 Technology Parkway
Cedar Falls, IA 50613

Rabo Agrifinance LLC
146.76 Outer 40 Road Ste. 400
Chesterfield, MO 63017

Rachel E. Barr
8310 N. Capital of Texas Highway
Ste. 490
Austin, TX 78731

Rapp Ranch
400 Smith Trail
Weatherford, TX 76088-1606

Rick Rodgers
786 Sutton Ln.
Mayfield, KY 42066-6551

Riley Livestock
250 Brittian Lane
Mayfield, KY 42066-4617

Riley Livestock, Inc.
Attn: Mary Ann Hunter
P.O. Box 663
Mayfield, KY 42066-0033

Robbie Russell
414 Preston Drive
Brownsville, TN 38012-2468

Robert & Rachel Stewart
Lane & Countryman
1045 Cheever Blvd.
Ste. 103
San Antonio, TX 78217-6223

Robert Braun
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

ROBERT E. GRAY
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

ROBERT SPRING
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

RONNIE GRAY
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Samuel S. Brown
3430 St. Rt 45 S
Mayfield, KY 42066-6135

Scarlet & Black Cattle, LLC
5402 Walesa Court
Amarillo, TX 79119-6285

Scarlet and Black Cattle, LLC
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Scott Livestock Company, Inc.
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Shaw & Shaw Farms Partnership, LLC
11605 NW 140 St.
Alachua, FL 32615-6435

SHERLE LOCKWOOD
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Sherman Trucking
2098 Symsonia Highway
Benton, KY 42025-5253

Spencer Clift
BAKER, DONELSON, BEARMAN, CALDWELL
& BER
165 Madison Ave.
Memphis, TN 38103-2799

Stanley Ayers
6200 Ross Rd.
Rockford, OH 45882-9523

STEVE RYAN
C/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

Steve T Scott Farm, Inc.
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Steve T. Scott Farms, Inc.
10150 Highway 47
West Point, MS 39773-4802

Steven Hines
12609 NW 298th St.
High Springs, FL 32643-4911

Steven L. Hoard
Mullin Hoard & Brown, LLP
500 S. Taylor79101,
Suite 800
Amarillo National Bank Plaza II
Amarillo, TX 79101

Susan Van Buskirk
c/o John Massouh
PO Box 15008
Amarillo, TX 79105-5008

Takeuchi Financial Services,
a program of Bank of the West
1625 West Fountainhead Parkway,
AZ-FTN-1
Temp e, AZ 85282-2371

Terry Burnett
210 Bethel Church Rd
Melber, KY 42069-8826

TGF Ranch
1585 E M-79 Hwy
Hastings, MI 49058-8895

Thomas C. Riney
Underwood Law Firm, P.C.
500 S. Taylor, Suite 1200
Amarillo, TX 79101-2446

Thorlakson Diamond T Feeders, LP
P.O. Box 10040
Airdrie AB T4A0H4

Thorlakson Feedyards
273131 Rr 284
Airdrie, Alberta, T4A 0H4 Canada

Tom Blankenship
PO Box 571
909 Main Street
Benton, KY 42025-1425

Tom Thorlakson
2548 CR 15
Friona, TX 79035-7034

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

W. Heath Hendricks
UNDERWOOD LAW FIRM
500 S. Taylor Street Ste. 1200
Amarillo, TX 79101-2401

W. Robbie Russell Living Trust
414 Preston Drive
Brownsville, TN 38012-2468

Wildforest Cattle Company LLC
1206 Paris Road
Mayfield, KY 42066-4989

Wiley Russell Jr.
414 Preston Drive
Brownsville, TN 38012-2468

WJ Performance Horses, Inc.
524 Travis Street
Liberty, TX 77575-4824

AJ JACQUES LIVING TRUST
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Andrew Phillips
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

ARNOLD BRAUN TRUST
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Barry Phillips
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

Big Seven Capital Partners LLC
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

BJM Sales & Service
PO Box 1073
Hereford, TX 79045-1073

Bryan Blackman
4553 Texas Street
Healdton, OK 73438-2906

Cactus Feeders Finance LLC
PO Box 3050
Amarillo, TX 79116-3050

Canyon Rim Consulting, LLC
301 S Polk St., Ste 815
Amarillo, TX 79101-1408

Carraway Cattle, LLC
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

Citizens Bank NA
c/o Brady Law Firm
6136 Frisco Square Blvd., Suite 400
Frisco, TX 75034-3251

COLBY VAN BUSKIRK
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Cory Don Priest
6010 East FM 597
Abernathy, TX 79311-5424

CRAIG SUTTON
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

GARY LESH
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

GENE BROOKSHIRE FAMILY, LP
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Heartland Co-op
2829 Westown Parkway, Suite 350
West Des Moines, IA 50266-1340

JAN LESH
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

JANET VAN BUSKIRK
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

JARED LESH
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Jared Lesh Cowhorses Inc.
10801 E. Highway 82
Whitesboro, TX 76273

Jimmy D. Greer
3209 Wrather Rd.
Murray, KY 42071-7417

Joe Burnett
187 Peachtree Rd
Melber, KY 42069-8524

JOEL BROOKSHIRE
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

JORDAN LESH, LLC
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Kinsey Moreland
c/o Boerner, Dennis & Franklin
P.O. Box 1738
Lubbock, TX 79408-1738

LainFaulkner
400 N St. Paul, Ste 600
Dallas, TX 75201-6897

Lazy J Arena, LLC
1419 W. 80th Street
Stillwater, OK 74074-8164

LEAH GUNGOLL
c/O JOHN MASSOUH
PO BOX 15008
AMARILLO, TX 79105-5008

LESH FAMILY TRUST
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

LYNDAL VAN BUSKIRK
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Meagan B. Goad
c/o Boerner, Dennis & Franklin
P.O. Box 1738
Lubbock, TX 79408-1738

MIRANDA EVANS
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

MORRISON CAF LLC
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Philip E. Rapp
Eggleston King Davis, LLP
102 Houston Avenue, Suite 300
Weatherford, TX 76086-4369

Priest Cattle and Land Company,
Inc.
6010 East FM 597
Abernathy, TX 79311-5424

Priest Victory Investment LLC
6010 East FM 597
Abernathy, TX 79311-5424

Purina Animal Nutrition LLC
4001 Lexington Avenue North
Arden Hills, MN 55126-2998

Quilling, Selander, Lownds,
Winslet & Moser
2001 Bryan Street, Ste 1800
Dallas, TX 75201-3070

Richard Carraway
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

Ridgefield Capital Group, LLC
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

ROBERT BRAUN
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Robert Ellis
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

RONNIE GRAY
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

SCARLET AND BLACK CATTLE, LLC
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

Scott Stewart
C/o Amber Miller
Crenshaw, Dupree & Milam, LLP
P.O. Box 64479
Lubbock, TX 79464-4479

STEVE T SCOTT FARM, INC.
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

SUSAN VAN BUSKIRK
c/o Abel Leal
SIMMONS SMITH BROWN, PLLC
400 13th Street
PO Box 180
Canyon, TX 79015-0180

**The following Trust Claimant's are NOT listed as creditors of the bankruptcy estates.**

| Name | Address | City | State | Zip |
|---|---|---|---|---|
| JoAnn & Keith Brooks d.b.a. Brooks Farms | 4778 Albert Owens Road | South Fulton | TN | 38257 |
| Starnes Cattle (Jeff Starnes) | 851 SW 6th Ave | Williston | FL | 32696 |
| Barrett's Livestock Inc. | 251 W Laurens School Rd | Dublin | GA | 31021 |
| Ralph Reisz | 4082 Keller Road | Owensboro | KY | 42301 |
| Jean Nix | P.O. Box 1527 | Mont Belvieu | TX | 77580 |
| Tindal Truck Sales (John Tindal) | 3484 State Route 45N | Mayfield | KY | 42066 |
| Audy Spell (University of Florida) | P.O. Box 110910 | Gainesville | FL | 32611 |
| Jace Harrold | 650 FM 163 | Cleveland | TX | 77327 |
| David Johnson | P.O. Box 180 | Canyon | TX | 79015 |
| DAC83 LLC | 2200 4th Ave #131 | Canyon | TX | 79015 |
| Dufurrena Cutting Horses (Ed Dufurrena) | 820 CR 133 | Gainesville | TX | 76240 |
| Morgan Perry & Codie Perry | 8242 N Main Street | Braman | OK | 74632 |
| Natalie Martus | 111 Post Oak Dr | Krugerville | TX | 76227 |
| Christopher Prince | 206 Urbana Dr | Blackwell | OK | 74631 |
| Job White | 10216 SW 49th Lane | Gainesville | FL | 32608 |
| Edward Lewis Dufurrena | 820 CR 133 | Gainesville | TX | 76240 |
| Rieta May Dufurrena | 820 CR 133 | Gainesville | TX | 76240 |
| Producers Livestock Commission (Sonny Barthold) | 2501 Exchange Ave. 128 | Oklahoma City | OK | 73108 |
| William A. Weddington | 3486 Hwy 70 East | Brownsville | TN | 38012 |
| Nancy F. Weddington | 3486 Hwy 70 East | Brownsville | TN | 38012 |
| Cameron Weddington | 40 Plainsfield Place | Jackson | TN | 38305 |
| Kingdom Trust (James Mccuan) | 6804 Poplar Corner Rd | Bells | TN | 38006 |