David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Rachel E. Barr
SBN 24118185
rbarr@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES
AGTEXAS, PCA AND
THORLAKSON DIAMOND T FEEDERS, LP*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered[1] |

**MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF ADDITIONAL
DOCUMENT SUBPOENA TO RABO AGRIFINANCE, LLC**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and L.B.R. 2004-1, AgTexas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T. Feeders, LP ("AgTexas" and "Thorlakson" respectively), Creditors and parties in interest to the above-entitled Chapter 7 cases, through counsel, respectfully request that this Court authorize AgTexas and Thorlakson to issue document subpoenas to third parties who do or may have information relevant to the acts, conduct,

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

1

or property of the Debtors' bankruptcy estates, or to the Debtors' liabilities and financial affairs.

Specifically, AgTexas and Thorlakson request authority to issue document subpoenas to the following third party (the "**Examinee**"), and to request from the Examinee those records, and documents set forth in the subpoena rider attached hereto collectively as Exhibit "A."

| Name of Examinee | Brief Description of Relationship to Debtors |
|---|---|
| Michelle Stockett c/o Rabo AgriFinance, LLC | Senior Agricultural Field Collateral Inspector who conducted collateral inspections in the years and months leading up to Rabo AgriFinance freezing the Debtors' accounts |

In support hereof, AgTexas and Thorlakson state as follows:

1. Each of the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code with this Court on April 28, 2023 (the "**Petition Date**").

2. On June 28, 2023, this Court entered an Order Granting the Bankruptcy Trustee's (Kent Ries) Motion for Joint Administration. All three above-referenced cause numbers are now being jointly administrated under Chapter 7 bankruptcy, with the lead cause number being 23-20084-RLJ for procedural purposes. Thus, this 2004 Subpoena is being filed solely in cause number 23-20084-RLJ.

3. AgTexas and Thorlakson have previously filed 2004 Motions before this court, seeking documents from various third parties. Specifically, AgTexas and Thorlakson submitted a document subpoena to Rabo AgriFinance, which was served on Michael Johnson, counsel for Rabo AgriFinance, on July 3, 2023. As the proceedings continue to develop, and as information is gathered, it has become necessary to seek further documentation from various parties, to determine

2

the respective positions of the creditors in this case. Accordingly, AgTexas and Thorlakson submit this additional 2004 Motion to Rabo AgriFinance, seeking records from the above-listed Examinee. The information sought is contained in Exhibit A, attached hereto. A brief description of the Examinee and her involvement is included below.

4. Federal Rule of Bankruptcy Procedure 2004 authorizes the Court, on motion of any party, to order the examination of any entity. FED. R. BANKR. P. 2004. Further, such examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

5. Rule 2004 discovery is "extremely broad." *In re Buckner*, 2001 WL 992063 at *4 (BAP 10th Cir. 2001). Rule 2004 allows an unrestrained "fishing expedition," and "is essentially creditor and trustee oriented." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274 (D. Colo. 1991); *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1998).

6. "The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." *Cameron v. United States*, 231 U.S. 710, 717 (1914). "As a general rule, examinations under Rule 2004 are allowed for the purpose of discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000 (internal citations and quotations omitted).

7. In this case the Examinee is believed to possess records and documents that are squarely within the purview of Rule 2004. For example:

**Michelle Stockett**

  a) According to records produced to date by both Rabo AgriFinance and Glenn Karlberg, AgTexas and Thorlakson have learned that Michelle Stockett conducted several

3

collateral inspections in the years and months before the filing of these bankruptcy proceedings. Records produced, show that Ms. Stockett conducted inspections in 2017, 2019, 2020, 2022, and 2023.

      b)    It is likely Stockett has material information related to these inspections, as well as information related the factors and analysis Rabo AgriFinance used to make lending decisions, in the years and months leading up to the events giving rise to these bankruptcy proceedings.

### CERTIFICATE REGARDING CONFERENCE

Pursuant to LBR 2004-1, on October 9, 2023, by e-mail, AgTexas and Thorlakson conferred with counsel for Rabo AgriFinance, Michael Johnson, who has previously entered and appeared in this matter. Mr. Johnson agreed to accept service of a subpoena directed to Rabo AgriFinance concerning Ms. Stockett.

DATED this 30th day of November, 2023.

                      NAMAN HOWELL SMITH & LEE PLLC
                      8310 N. Capital of Texas Highway, Ste. 490
                      Austin, Texas 78731
                      Ph. (512) 479-0300
                      Fax (512) 474-1901
                      dlebas@namanhowell.com

                      By: */s/ David L. LeBas*
                            David L. LeBas
                            SBN 12098600
                            Rachel E. Barr
                            SBN 24118185

                      **ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES AGTEXAS, PCA AND THORLAKSON DIAMOND T FEEDERS, LP**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 30, 2023, the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

                */s/ David L. LeBas*
                David L. LeBas

**EXHIBIT A**
**(DOCUMENT SUBPOENA)**

1

**EXHIBIT "A"**

2

**DEFINITIONS**

**(Rabo AgriFinance, LLC)**

1. <u>MF</u>. The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2. <u>MFY</u>. The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>7M</u>. The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>McClain</u>. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

5. <u>McClain Parties</u>. The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and McClain, either individually or collectively as the context may require. For purposes of this subpoena, the term shall also include any collateral, property, or assets of the McClain Parties. It shall also include any representative or agent of the McClain Parties.

6. <u>McClain Related Parties</u>. The term "McClain Related Parties" shall mean any or all of the foregoing: (a) Chelsea McClain, (b) Crystal McClain, (c) Meagan B. Goad, fka Meagan B. Powell, (d) Jed Goad, or (e) Kinsey Moreland.

7. <u>Cattle</u>. The term "Cattle" shall mean any cattle or other livestock that was owned by or under the control of any of the McClain Parties from and after August 1, 2017.

8. <u>Wildforest</u>. The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

9. <u>MAP</u>. The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

3

10. <u>2B</u>. The term "2B" shall mean 2B Farms, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Bo Robinson.

11. <u>CFSB</u>. The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

12. <u>MB</u>. The term "MB" shall mean Mechanics Bank, a state or federally charted bank with its executive offices at 1111 Civic Drive, Walnut Creek, California 94596.

13. <u>Rabo AgriFinance</u>. The term "Rabo AgriFinance" shall mean Rabo AgriFinance, LLC, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

14. <u>Michelle Stockett</u>. References to Michelle Stockett shall mean Michelle Stockett, who is employed as a collateral inspection agent (or similar capacity) by Rabo AgriFinance.

15. <u>McClain Accounts</u>. The term "McClain Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Parties and held or located at either CFSB or MB during the Relevant Time Period, including but not limited to those accounts at MB identified as Account Nos. XXX3070 in the name of MF, XXX0423 in the name of 7M, and XXX0197 in the name of MFY.

16. <u>Wildforest Accounts</u>. The term "Wildforest Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of Wildforest during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

17. <u>MAP Accounts</u>. The term "MAP Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of MAP during the Relevant Time Period, including but not limited to any accounts held or located at CFSB.

18. <u>2B Accounts</u>. The term "2B Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of 2B during the Relevant Time Period.

19. <u>McClain Related Parties Accounts</u>. The term "McClain Related Parties Accounts" shall mean any and all savings, checking, money market, demand, deposit, loan or other financial accounts owned by or in the name of any of the McClain Related Parties during the Relevant Time Period.

20. <u>Whitlock</u>. The term "Whitlock" shall mean Whitlock CPA, PLLC, a Kentucky professional limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Julie Whitlock.

21. <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from August 1, 2017, through the present.

22. <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from August 1, 2017, through the present.

23. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes,

5

electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

24. <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

25. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

26. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

27. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

28. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

29. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

30. <u>You/Your</u>. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

**INSTRUCTIONS**

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control

or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D. You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

**REQUESTED DOCUMENTS**

1. All notes, memoranda, journals, and/or diaries Michelle Stockett created related to inspections of the McClain Parties during the Relevant Documents Time Period. This includes materials maintained electronically, hard-copy, or hand-written format.

2. All notes, memoranda, journals and/or diaries created by any other individual who inspected the McClain Parties related to those inspections, during the Relevant Documents Time Period. This includes documents which are in Michelle Stockett's and/or Rabo AgriFinance's possession, and includes materials maintained electronically, hard-copy, or hand-written format.

3. Any communications between Michelle Stockett and the **McClain Parties** for the Relevant Communications Time Period.

4. Any communications between Michelle Stockett and the **McClain Related Parties** for the Relevant Communications Time Period.

5. Any communications between Michelle Stockett and Rabo AgriFinance about the inspection conducted in February 2023.

6. Any reports created by Michelle Stockett concerning the inspection conducted in February 2023.

7

7. Any recommendations created by Michelle Stockett after the inspection conducted in February 2023.

8. Any communications Michelle Stockett exchanged with anyone other than Rabo AgriFinance about the inspection conducted in February 2023.

9. All **Feedlot Collateral Inspection** Reports maintained by Michelle Stockett for the Relevant Documents Time Period related to the McClain Parties.

10. All **Pre-Funding Collateral Inspection Reports** maintained by Michelle Stockett for the Relevant Documents Time Period related to the McClain Parties.

11. All **other Collateral Inspection Reports** maintained by Michelle Stockett for the Relevant Documents Time Period related to the McClain Parties.

12. All **Beef Cattle Collateral Inspection Reports** maintained by Michelle Stockett for the Relevant Documents Time Period related to the McClain Parties.

13. Any collateral audit documents not contained in the collateral inspection reports (in items 9-12 above) ("collateral inspection reports") created by Michelle Stockett during the Relevant Documents Time Period.

14. Any documents related to the testing of the McClain Parties' budgets, projections, accounting records, management strategies, and business strategies during the Relevant Documents Time Period.

15. Any documents related to the valuation methods of the McClain Parties' collateral, assets, real estate, or other items evaluated for inspection purposes.

16. Any risk assessment documents Michelle Stockett created related to inspections of the McClain Parties during the Relevant Documents Time Period.

17. Any documents during the Relevant Documents Time Period related to the assessment and quality of the McClain Parties' internal controls which are not contained in the collateral inspection reports.

18. Any documents during the Relevant Documents Time Period related to the assessment and quality of the McClain Parties' financial reporting which are not contained in the collateral inspection reports.

19. Any documents from the Relevant Documents Time Period related to budget reviews of the McClain Parties' budgets.

20. Any documents created during the Relevant Documents Time Period that were used by Rabo AgriFinance in any asset based/formula lending to the McClain Parties.

21. Any documents created during the Relevant Documents Time Period related to Michelle Stockett's and/or Rabo AgriFinance's analysis of the McClain Parties' inventory, accounts payable, and accounts receivable during the Relevant Documents Time Period which were not made part of the collateral inspection reports.

22. Any documents created during the Relevant Documents Time Period related to adverse findings which posed a risk to Rabo AgriFinance that were not made a part of the collateral inspection reports.

23. Any photographs or videos captured of the inspection of the McClain Parties that took place in February 2023.

24. Any photographs or videos captured from any other inspection of the McClain Parties during the Relevant Documents Time Period.

25. Any photographs or videos provided to Michelle Stockett and/or Rabo AgriFinance by any other person or entity which depict the McClain Parties' assets, collateral, cattle, or other property during the Relevant Documents Time Period.

26. Any cattle headcount sheets created during collateral inspections of the McClain Parties during the Relevant Documents Time Period.

27. Any inventory sheets created during inspections of the McClain Parties during the Relevant Documents Time Period.

28. Unedited copies of the following Reports, previously produced by Rabo AgriFiance in redacted form (identified by the Bates Numbers associated with the previous production):

    a. RAF/AT Subpoena Response 001490-001494;

    b. RAF/AT Subpoena Response 001495-001500;

    c. RAF/AT Subpoena Response 001501-001511;

    d. RAF/AT Subpoena Response 001512-001520;

    e. RAF/AT Subpoena Response 001521-001530;

    f. RAF/AT Subpoena Response 001531-001539;

      g. RAF/AT Subpoena Response 001540-001548

29. All communications involving Michelle Stockett that refer to the Intercreditor Agreement dated as of January 27, 2021, a true copy of which is included hereto as Attachment "A."