UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Creditor Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

### *EX PARTE* MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT AND EXAMINATION SUBPOENAS TO VARIOUS THIRD PARTIES

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and L.B.R. 2004-1, Rabo AgriFinance LLC ("**Rabo**"), a secured creditor of each of the Debtors in the above-entitled Chapter 7 cases, through counsel, respectfully requests that this Court authorize Rabo to issue documents subpoenas to various third parties who do or may have information relevant to the acts, conduct or property of the Debtors' bankruptcy estates, or to the Debtors' liabilities and financial affairs.

Specifically, Rabo requests authority to issue document subpoenas to the following third parties (the "**Examinees**"), and to request from the Examinees those records and documents set forth in the subpoena riders attached hereto collectively as **Exhibit "A"**:

| Name of Examinee | Brief Description of Relationship to Debtors |
|---|---|
| AIM Bank | The Debtors and possibly one or more of the other McClain Parties[2] transferred funds into or out of accounts held by 2B Farms and/or Bo Robinson at this Bank |
| CapStar Bank | Jed Goad is the son in law of Brian McClain and the owner of JLE Trucking. JLE Trucking, which received substantial monetary transfers from the Debtors, has an account at this Bank |

---

[2] "McClain Parties" shall mean each and all of McClain Farms, Inc., McClain Feed Yard, Inc., 7M Cattle Feeders, Inc., Brian McClain, Chelsea McClain, Crystal McClain, Meagan Goad, f/k/a Meagan B. Powell, and Kinsey Moreland, individually or collectively as the context may require.

| Community Financial Services Bank | The Debtors and possibly one or more of the other McClain Parties[3] transferred funds into or out of accounts held by MAP Enterprises, Wildforest Cattle and Samual Brown at this Bank |

In addition to issuing document subpoenas to the foregoing Examinees in the form attached hereto as Exhibit "A," Rabo also requests authority to issue subsequent subpoenas to one or more of the Examinees for a Rule 2004 examination, if and to the extent Rabo deems a subsequent Rule 2004 examination of any of the Examinees to be appropriate.

In support hereof, Rabo states as follows:

1. Each of the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code with this Court on April 28, 2023 (the "**Petition Date**").

2. Brian McClain was the sole owner of each of the Debtors. Mr. McClain committed suicide on April 18, 2023.

3. Rabo is a secured creditor of the Debtors and of Mr. McClain personally. Rabo holds perfected liens on real property assets owned by the Debtors in Texas, and on Mr. McClain's real estate assets in Kentucky. Rabo also holds a perfected security interest in substantially all personal property assets of the Debtors, including accounts receivable, cattle and the proceeds of cattle.

---

[3] "McClain Parties" shall mean each and all of McClain Farms, Inc., McClain Feed Yard, Inc., 7M Cattle Feeders, Inc., Brian McClain, Chelsea McClain, Crystal McClain, Meagan Goad, f/k/a Meagan B. Powell, and Kinsey Moreland, individually or collectively as the context may require.

3

4. As of the Petition Date, the Debtors jointly and severally owed Rabo in excess of $52 million.

5. On information and belief, the Debtors, with Brian McClain at the helm, were engaged in a massive fraud prior to the Petition Date. In addition to defrauding Rabo out of millions of dollars, the Debtors also may have defrauded other third parties by having those third parties purchase and pay for "cattle" that either did not exist or that had already been sold previously. Further, the Debtors may have been engaged in either a "Ponzi" or check kiting scheme.

6. Federal Rule of Bankruptcy Procedure 2004 authorizes the Court, on motion of any party, to order the examination of any entity. Further, such examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

7. Rule 2004 discovery is "extremely broad." *In re Buckner*, 2001 WL 992063 at *4 (BAP 10th Cir. 2001). Rule 2004 allows an unrestrained "fishing expedition," and "is essentially creditor and trustee oriented." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274 (D. Colo. 1991); *In re Kipp*, 86 B.R. 490, 491 (Bankr. W.D. Tex. 1998).

8. "The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." *Cameron v. United States*, 231 U.S. 710, 717 (1914). "As a general rule, examinations under Rule 2004 are allowed for the

purpose of discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Strecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000 (internal citations and quotations omitted).

9. Here, each of the Examinees is believed to possess records and documents that are squarely within the purview of Rule 2004. For example:

a. AIM should have banking and financial records showing financial transactions between the McClain Debtors and 2B Farms/Bo Robinson, including records of deposits into and out of the 2B Farm's bank accounts involving funds of the Debtors and/or the Other McClain Parties. These records, in addition to being relevant to potential claims that Rabo may hold against third parties, also will be highly relevant to the Trustee and to possible Chapter 5 avoidance claims the Trustee may assert. The Debtors' bank records at Mechanics Bank show numerous and substantial financial transactions between the Debtors and 2B Farms/Bo Robinson;

b. Community Financial Services Bank should have banking and financial records showing financial transactions between the McClain Debtors and each of MAP Enterprises, Wildforest Cattle and Samuel Brown, including records of deposits into and out of those parties' bank accounts involving funds of the Debtors and/or the Other McClain Parties. These records, in addition to being relevant to potential claims that Rabo may hold against third parties, also will be highly relevant to the Trustee and to possible Chapter 5 avoidance claims the Trustee may assert. The Debtors' bank records

at Mechanics Bank show numerous and substantial financial transactions between the Debtors and each of MAP Enterprises, Wildforest Cattle and Samual Brown; and

    c.  CapStar Bank should have banking and financial records for Jed Goad and his company, JLE Trucking. Jed Goad is the husband of Meagan B. Goad, and the son-in-law of Brian McClain. The Debtors' bank records at Mechanics Bank show substantial monetary transfers to Jed Goad and/or JLE Trucking.

23. As noted above, Rabo requests authority to issue document subpoenas to the Examinees directing the Examinees to produce the records and documents identified in the subpoena riders attached hereto as Exhibit "A." Rabo also requests authority to conduct Rule 2004 examinations of the Examinees, if and to the extent Rabo deems a Rule 2004 examination to be appropriate.

24. "A bankruptcy court 'has abundant legal authority to order the retrieval of information concerning a debtor and his estate from persons and entities who are not parties in a bankruptcy case, *i.e.,* persons or entities who have neither filed a voluntary petition under section 301 of the Bankruptcy Code nor filed a proof of claim or interest under section 501 of the Bankruptcy Code.'" *In re Correa*, 589 B.R. 76, 107 (Bankr. N.D. Tex. 2018) (citations and quotations omitted).

25. Indeed, "Bankruptcy Rule 2004 of the Federal Rules of Bankruptcy Procedure is 'the basic discovery device in bankruptcy cases.'" *Id.*, at 108. "Third parties are subject to examination pursuant to Rule 2004 if they have knowledge of the debtor's affairs." *Id.* Further, "[a] rule 2004 exam has been explained as a broad investigation into the financial affairs of the

debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct." *Id.* That is why the scope of a Rule 2004 examination is "unfettered and broad" and "is commonly recognized as more in the nature of a 'fishing expedition.'" *Id.*

26. If the Court grants this Motion, Rabo will compel the Examinees to produce records and documents through the issuance of a subpoena issued pursuant to Federal Rule of Bankruptcy Procedure 9016.

27. Rabo represents that the Examinees will all receive not less than 14 days' written notice of deadline to produce documents.

28. Rabo is informed and believes that several of the Examinees have counsel, and Rabo will coordinate and cooperate with counsel for the Examinees concerning both the production of documents and any subsequent Rule 2004 examinations.

29. 30. Rabo intends on sharing any documents produced by the Examinees with Kent Ries, the Chapter 7 Trustee, and with other parties in interest.

WHEREFORE, Rabo respectfully requests that the Court grant this ex parte motion. A proposed Order is submitted herewith.

## CERTIFICATE REGARDING CONFERENCE

Pursuant to LBR 2004-1, the undersigned represents that after the subpoenas are served on th4e Examinees the undersigned will cooperate with the Examinees, and their counsel, to establish a mutually agreeable date, place and time for the compliance with the document subpoenas and any subsequent examinations.

DATED this 30th day of November, 2023.

        UNDERWOOD LAW FIRM, P.C.
        Thomas C. Riney, SBN: 16935100
        W. Heath Hendricks, SBN: 240556451
        500 South Taylor, Suite 1200, LB 233
        Amarillo, Texas 79101
        Telephone: (806) 376-5613
        Facsimile: (806) 379-0316
        Email: tom.riney@uwlaw.com
        Email: heath.hendricks@uwlaw.com

        --and--

        RAY QUINNEY & NEBEKER P.C.
        Michael R. Johnson *(Pro Hac Vice)*
        36 South State, Suite 1400
        Salt Lake City, UT 84111
        Telephone: (801) 532-1500
        Facsimile: (801) 532-7543
        Email: mjohnson@rqn.com

        */s/ Michael R. Johnson*
        Michael R. Johnson
        *Attorneys for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, the foregoing document was filed with the Clerk of the Court in the lead case of McClain Feed Yard, Inc., Case No. 23-20084-7-rlj, which sent notice of electronic filing to all electronic filing users in that case.

*/s/ Michael R. Johnson*
Michael R. Johnson

1656184