# EXHIBIT A

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

In re  **McCLAIN FEED YARD, INC.**          **Case No.  23-20084-7-rlj**
    **McCLAIN FARMS, INC.**          **Case No.  23-20085-7-rlj**
    **7M CATTLE FEEDERS, INC.**          **Case No.  23-20086-7-rlj**

                                    Chapter _____7_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER

**TO:**   **AIM BANK**
       **9012 County Road 3114**
       **Snyder, Texas 79549**

*(Name of person to whom the subpoena is directed)*

☒ *PRODUCTION:*  You must produce by **5:00 p.m. on or before December 28, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, or alternatively, the law office of the Underwood Law Firm, 500 South Taylor Street, Suite 1200, Amarillo, Texas 79101, c/o W. Heath Hendricks, or alternatively, the law offices of Baker Donelson, First Horizon Building, 165 Madison Avenue, Suite 2000, Memphis, Tennessee 38103, c/o Spencer Clift, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500<br><br>*Attorneys for Rabo AgriFinance LLC* |  |

B2540 (Form 2540 – Subpoena for Rule  2004 Examination)   (Page 2)

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

 My fees are $ _____ for travel and $_____for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                  *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination – (Page 4)

## EXHIBIT A

### Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1.    AIM.  The term "AIM" shall mean AIM Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.    2B.  The term "2B" shall mean 2B Farms, a Texas general partnership, and all partners, employees, attorneys, agents, and representatives of the foregoing.

3.    2B Partners.  The term "2B Partners" shall mean all general partners of 2B, including but not limited to Terry (Bo) Robinson and Becky Robinson.

4.    2B Accounts.  The term "2B Accounts" shall mean any savings, checking, demand deposit, or other financial account at AIM that was owned by or under the control of 2B or the 2B Partners during the Relevant Documents Time Period, including but not limited to that certain Account ending in 18270.[1]

5.    MF.  The term MF shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

6.    MFY.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

7.    7M.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

8.    McClain Individuals.  The term "McClain Individuals" shall mean Brian Keith McClain, aka Brian K. McClain, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

9.    McClain Parties.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and any of the McClain Individuals, either individually or collectively as the context may require.

10.    Relevant Documents Time Period.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

11.    Relevant Communications Time Period.  The term "Relevant Communications Time Period" shall mean the period from January 1, 2018 to the present.

12.    Documents or Electronically Stored Information.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms

---

[1] Please contact the undersigned for the full account number for this account.

in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

13.     Concerning.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

14.     All/Each.  The terms "all" and "each" shall be construed as all and each.

15.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     Number.  The use of the singular form of any word includes the plural and vice versa.

17.     Tense.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

18.     You/Your.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

B2540 (Form 2540 – Subpoena for Rule  2004 Examination   (Page 6)

## INSTRUCTIONS

A.      To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.      These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.      In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.      You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## EXHIBIT B

## Requested Documents

1.      All bank statements referring to, related to or evidencing the 2B Accounts created or generated during the Relevant Documents Time Period.

2.      All records and documents during the Relevant Documents Time Period evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents, evidencing or documenting the transfer of money or property in the 2B Accounts.

3.      All signature cards, account opening agreements, and other agreements or contracts governing the 2B Accounts.

B2540 (Form 2540 – Subpoena for Rule  2004 Examination)   (Page 7)

4.      All AIM internal communications during the Relevant Documents Time Period referring or relating to 2B, the 2B Partners, or the 2B Accounts.

5.      All communications during the Relevant Communications Time Period between AIM and any of 2B, the 2B Partners, or the McClain Parties.

6.      All communications between AIM and any third parties during the Relevant Communications Time Period referring or relating to the 2B, the 2B Partners, or the McClain Parties.

1656177

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| In re  **McCLAIN FEED YARD, INC.** | **Case No.  23-20084-7-rlj** |
| **McCLAIN FARMS, INC.** | **Case No.  23-20085-7-rlj** |
| **7M CATTLE FEEDERS, INC.** | **Case No.  23-20086-7-rlj** |
| | Chapter _____7_____ |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER**

TO:     **CapStar Bank**
        **1201 Demonbruen Street, #700**
        **Nashville, Tennessee 37203**

*(Name of person to whom the subpoena is directed)*

☒ *PRODUCTION:*  You must produce by **5:00 p.m. on or before December 28, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, or alternatively, the law office of the Underwood Law Firm, 500 South Taylor Street, Suite 1200, Amarillo, Texas 79101, c/o W. Heath Hendricks, or alternatively, the law offices of Baker Donelson, First Horizon Building, 165 Madison Avenue, Suite 2000, Memphis, Tennessee 38103, c/o Spencer Clift, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500<br><br>*Attorneys for Rabo AgriFinance LLC* | |

B2540 (Form 2540 – Subpoena for Rule  2004 Examination    (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $_____for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule  2004 Examination  (Page 3))

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule  2004 Examination   (Page 4)

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1.    <u>CapStar</u>.  The term "CapStar" shall mean CapStar Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.    <u>JLE</u>.  The term "JLE" shall mean JLE Trucking, Inc., business address 3175 Carthage Road, Red Boiling Springs, Tennessee 37150.

3.    <u>Goad</u>.  The term "Goad" shall mean either or both of Jed Goad or Meagan B. Goad, fka Meagan B. Powell.

4.    <u>JLE Accounts</u>.  The term "JLE Accounts" shall mean any savings, checking, demand deposit, or other financial account at CapStar that was owned by or under the control of JLE during the Relevant Documents Time Period, including but not limited to that certain Account ending in 13593.[1]

5.    <u>Goad Accounts</u>.  The term "Goad Accounts" shall mean any savings, checking, demand deposit, or other financial account at CapStar that was owned by or under the control of Goad during the Relevant Documents Time Period,

6.    <u>MF</u>.  The term "MF" shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

7.    <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

8.    <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

9.    <u>McClain Individuals</u>.  The term "McClain Individuals" shall mean Brian Keith McClain, aka Brian K. McClain, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

10.    <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and any of the McClain Individuals, either individually or collectively as the context may require.

11.    <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

12.    <u>Relevant Communications Time Period</u>.  The term "Relevant Communications Time Period"

---

[1] Please contact the undersigned for the full account number for this account.

B2540 (Form 2540 – Subpoena for Rule  2004 Examination – Page 5)

shall mean the period from January 1, 2018 through the present.

13.    <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

14.    <u>Communications</u>.  The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

15.    <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

16.    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

17.    <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination – Page 6)

18.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

19.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

20.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## <u>INSTRUCTIONS</u>

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.    You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.    These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## <u>EXHIBIT B</u>

### <u>Requested Documents</u>

1.    All bank statements referring to, related to or evidencing the JLE Accounts and the Goad Accounts created or generated during the Relevant Documents Time Period.

2.    All records and documents during the Relevant Documents Time Period evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents, evidencing or documenting the transfer of money or property in the JLE Accounts and the Goad Accounts.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination ) (Page 7)

3. All signature cards, account opening agreements, and other agreements or contracts governing the JLE Accounts and the Goad Accounts.

4. All communications during the Relevant Communications Time Period between CapStar and any of JLE, Goad or the McClain Parties.

5. All communications between CapStar and any third parties during the Relevant Communications Time Period referring or relating to the JLE, Goad or the McClain Parties.

6. All CapStar internal communications during the Relevant Communications Time Period referring or relating to JLE, Goad or the McClain Parties.

7. All loan and security documents between CapStar and either JLE or Goad evidencing or documenting any loans or other extensions of credit that were in existence during the Relevant Documents Time Period.

8. All documents generated or created during the Relevant Documents Time Period evidencing or documenting the amounts owed by either JLE or Goad under any loans or other extensions of credit.

1656152

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| In re  **McCLAIN FEED YARD, INC.** | **Case No.  23-20084-7-rlj** |
| **McCLAIN FARMS, INC.** | **Case No.  23-20085-7-rlj** |
| **7M CATTLE FEEDERS, INC.** | **Case No.  23-20086-7-rlj** |
| | Chapter _____7_____ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR THINGS IN A BANKRUPTCY CASE, ADVERSARY PROCEEDING, OR CONTESTED MATTER

**TO:**  **Community Financial Services Bank**
**221 West 5th Street**
**Benton, Kentucky 42025**

*(Name of person to whom the subpoena is directed)*

☒ *PRODUCTION:*  You must produce by **5:00 p.m. on or before December 28, 2023,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, or alternatively, the law office of the Underwood Law Firm, 500 South Taylor Street, Suite 1200, Amarillo, Texas 79101, c/o W. Heath Hendricks, or alternatively, the law offices of Baker Donelson, First Horizon Building, 165 Madison Avenue, Suite 2000, Memphis, Tennessee 38103, c/o Spencer Clift, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500<br><br>*Attorneys for Rabo AgriFinance LLC* | |

B2540 (Form 2540 – Subpoena for Rule  2004 Examination   (Page 2)

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

 My fees are $ _____ for travel and $_____for services, for a total of $_____ .

         I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                        _____
                                                                        *Server's signature*

                                                        _____
                                                                        *Printed name and title*

                                                        _____
                                                                        *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

1.    <u>CFSB</u>.  The term "CFSB" shall mean Community Financial Services Bank, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

2.    <u>Wildforest</u>.  The term "Wildforest" shall mean Wildforest Cattle Company, LLC, a Kentucky limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Samuel S. Brown.

3.    <u>MAP</u>.  The term "MAP" shall mean MAP Enterprises, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, including but not limited to Michael Gourley.

4.    <u>Brown</u>.  The term "Brown" shall mean Samuel S. Brown, and his agents and representatives.

5.    <u>Wildforest Accounts</u>.  The term "Wildforest Accounts" shall mean any savings, checking, demand deposit, or other financial account at CFSB that was owned by or under the control of Wildforest during the Relevant Documents Time Period, including but not limited to that certain Account ending in 26644.[1]

6.    <u>MAP Accounts</u>.  The term "MAP Accounts" shall mean any savings, checking, demand deposit, or other financial account at CFSB that was owned by or under the control of MAP during the Relevant Documents Time Period, including but not limited to that certain Account ending in 85121.

7.    <u>Brown Accounts</u>.  The term "Brown Accounts" shall mean any savings, checking, demand deposit, or other financial account at CFSB that was owned by or under the control of Brown during the Relevant Documents Time Period.

8.    <u>MF</u>.  The term MF shall mean McClain Farms, Inc., a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

9.    <u>MFY</u>.  The term "MFY" shall mean McClain Feed Yards, Inc., a Texas corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

10.    <u>7M</u>.  The term "7M" shall mean 7M Cattle Feeders, Inc, a Kentucky corporation, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

11.    <u>McClain Individuals</u>.  The term "McClain Individuals" shall mean Brian Keith McClain, aka

---

[1] Please contact the undersigned for the full account number for this account.

Brian K. McClain, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

12.     <u>McClain Parties</u>.  The term "McClain Parties" shall mean each and all of MF, MFY, 7M, and any of the McClain Individuals, either individually or collectively as the context may require.

13.     <u>Relevant Documents Time Period</u>.  The term "Relevant Documents Time Period" shall mean the period from January 1, 2018 through the present.

14.     <u>Documents or Electronically Stored Information</u>.  The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access.  The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

15.     <u>Concerning</u>.  The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

16.     <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.

17.     <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or

B2540 (Form 2540 – Subpoena for Rule  2004 Examination  – Page 6)

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18.    <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

19.    <u>Tense</u>.  The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

20.    <u>You/Your</u>.  The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed.

## **INSTRUCTIONS**

A.    To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C.    In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D.     You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E.    These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

## **EXHIBIT B**

### **Requested Documents**

1.    All bank statements referring to, related to or evidencing the Wildforest Accounts,

MAP Accounts and Brown Accounts created or generated during the Relevant Documents Time

Period.

B2540 (Form 2540 – Subpoena for Rule  2004 Examination   (Page 7)

    2.       All records and documents during the Relevant Documents Time Period evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents, evidencing or documenting the transfer of money or property in the Wildforest Accounts, MAP Accounts and Brown Accounts.

    3.       All signature cards, account opening agreements, and other agreements or contracts governing the Wildforest Accounts, MAP Accounts and Brown Accounts.

    4.       All CFSB internal communications during the Relevant Documents Time Period referring or relating to Wildforest, MAP, Brown or the McClain Parties.

1656154