John Massouh, SBN 24026866
John.massouh@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

*ATTORNEYS FOR DENNIS BUSS, BUSS FAMILY TRUST,*
*EDDIE BRYANT, ROBERT E. GRAY,*
*RONNIE GRAY, GRAY BROTHERS,*
*CRAIG SUTTON, AMY SUTTON, STEVE RYAN,*
*JANICE LAWHON, AJ JACQUES LIVING TRUST,*
*GUNGOLL CATTLE, LLC, LEAH GUNGOLL,*
*MORRISON CAFÉ, LLC, GARY LESH, JAN LESH,*
*LESH FAMILY TRUST, JARED LESH,*
*JORDAN LESH, LLC, JOEL BROOKSHIRE,*
*GENE BROOKSHIRE FAMILY, LP,*
*DOUGLAS FINLEY, SCARLET AND BLACK CATTLE, LLC,*
*BRYAN BLACKMAN, STEVE T SCOTT FARM, INC.,*
*SCOTT LIVESTOCK COMPANY, INC.,*
*ARNOLD BRAUN TRUST, ROBERT BRAUN,*
*JIM RININGER, ROBERT SPRING, MICHAEL EVANS,*
*MIRANDA EVANS, CHARLES LOCKWOOD,*
*COLE LOCKWOOD, SHERLE LOCKWOOD,*
*NIKKI LOCKWOOD, LYNDAL VAN BUSKIRK,*
*JANET VAN BUSKIRK, COLBY VAN BUSKIRK,*
*SUSAN VAN BUSKIRK, JIMMY GREER,*
*DUSTIN JOHNSON AND DORA BLACKMAN*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **MCCLAIN FEED YARD, INC., et al.,**[1] | § § | **CASE NO. 23-20084-RLJ-7** |
| Debtors, | § § § | **Jointly Administered.** |

## DENNIS BUSS, ET AL., OBJECTION AND OPPOSITION TO
## MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

*DENNIS BUSS, BUSS FAMILY TRUST, EDDIE BRYANT, ROBERT E. GRAY, RONNIE GRAY, GRAY BROTHERS, CRAIG SUTTON, AMY SUTTON, STEVE RYAN, JANICE LAWHON, AJ JACQUES LIVING TRUST, GUNGOLL CATTLE, LLC, LEAH GUNGOLL, MORRISON CAFÉ, LLC, GARY LESH, JAN LESH, LESH FAMILY TRUST, JARED LESH, JORDAN LESH, LLC, JOEL BROOKSHIRE, GENE BROOKSHIRE FAMILY, LP, DOUGLAS FINLEY, SCARLET AND BLACK CATTLE, LLC, BRYAN BLACKMAN, STEVE T SCOTT FARM, INC., SCOTT LIVESTOCK COMPANY, INC., ARNOLD BRAUN TRUST, ROBERT BRAUN, JIM RININGER, ROBERT SPRING, MICHAEL EVANS, MIRANDA EVANS, CHARLES LOCKWOOD, COLE LOCKWOOD, SHERLE LOCKWOOD, NIKKI LOCKWOOD, LYNDAL VAN BUSKIRK, JANET VAN BUSKIRK, COLBY VAN BUSKIRK, SUSAN VAN BUSKIRK, JIMMY GREER, DUSTIN JOHNSON AND DORA BLACKMAN*, creditors and interested parties in the above-captioned bankruptcy proceeding (the "Cattle Creditors"), file this Objection and Opposition to Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland's (collectively "Settling Parties") *Motion for Approval of Compromise and Settlement* [Docket No. 147] (the "Motion"), and would respectfully show the Court as follows:[2]

## INTRODUCTION

1.     The amount of consideration the estate is receiving is inadequate under the proposed settlement agreement, and therefore unfair and unreasonable, because the Settling Parties were some of the primary wrongdoers. They should not be able to benefit from a windfall of millions of dollars from insurance proceeds as a result of participating in a conspiracy to commit fraud.

---

[2] The Cattle Creditors also incorporate by reference the arguments set forth in Rabo Agrifinance LLC's Response and Objection to the Trustee's Motion for Approval of Compromise and Settlement with Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland filed on December 5, 2023 [Doc. 153].

2. Further, the terms of the proposed agreement are unclear. Specifically, in Paragraph 1(e) of the proposed agreement, the Trustee agrees to release claims as long as the parties acknowledge and repay 50% of the remaining proceeds of such claims. The agreement does not include information on (1) what claims will be released; or (2) the value of those claims.

3. The proposed settlement does not adequately account for the strong probability of success on the merits if the investigation and litigation were to continue. Further, there is too big a discrepancy in the proposed settlement amount and the potential recovery.

## FACTUAL AND PROCEDURAL BACKGROUND

4. Prior to bankruptcy, Brian McClain, the owner of McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. (collectively the "Debtors"), perpetrated a complex scheme to commit fraud through the purchase and sale of cattle, which resulted in several tens of millions of dollars in damages and affected numerous individuals. At least a substantial part of McClain's scheme involved using customer funds to purchase cattle for the customer, selling the cattle, and failing to remit the proceeds from sales to the rightful owner of the cattle.

5. Based on the limited discovery received to date, it appears clear that the Settling Parties assisted and contributed to the fraudulent scheme perpetrated by the Debtors. More specifically, the scheme involved fraudulent receipt of funds and the fraudulent sales of cattle. In addition, the scheme involved a complicated form of check kiting wherein the Debtors would move "funds" between its own accounts and between accounts controlled by the Settling Parties and other co-conspirators.

6. Megan Goad, one of the Settling Parties, executed the fraudulent contracts with the customers of the Debtor and also executed most, it not all, of the checks involved in the check

kiting scheme. In addition, the Settling Parties were the "bookkeepers" for the Debtors with knowledge of, and participation in, the fraudulent schemes.

7. Megan Goad also provided third party bankers who held McClain checkbooks with the information necessary for the bankers to fill in the blank checks to allow the check kiting scheme to continue. She also calculated the amounts to be paid and the interest involved in the check kite.

8. On April 18, 2023, less than two weeks after the appointment of a Chief Restructuring Officer that was investigating the Debtors' financial affairs, Brian McClain ("Decedent") committed suicide. Therefore, the primary evidence to determine what happened and how the scheme unfolded will come from the Settling Parties.

9. On April 28, 2023, the Debtors filed their voluntary petitions for relief under Chapter 7 of the Bankruptcy Code with this Court.

10. On November 14, 2023, the Trustee filed its *Motion for Approval of Compromise and Settlement with Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland* (the "Motion") pursuant to Bankruptcy Rule 9019.

**ARGUMENT**

11. A bankruptcy court has wide discretion to approve or deny a settlement proposed by a trustee. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 440–41 (1968); *See also* FED. R. BANKR. P. 9019(a). Approval should only be given if the settlement is "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop. by & Through Mabey* (In re Cajun Elec. Power Coop.), 119 F.3d 349, 355 (5th Cir. 1997). In deciding whether a settlement of litigation is fair and equitable, a judge must make a well-informed decision, "comparing the terms of the compromise

with the likely rewards of litigation." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). The court must do more than "rubber stamp" a settlement. *Id.*

12. In applying the fair and equitable standard to a particular motion to compromise, the judge must evaluate and set forth in a comprehensible fashion: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) All other factors bearing on the wisdom of the compromise. 119 F.3d at 356. Under the third, catch-all factor, the Court in *Cajun Electric* specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *Id.* Secondly, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.*

13. In *In re Jorge Alfonso and Naydimar Diaz*, Judge Ronald B. King provided an opinion demonstrating when a settlement should not be approved. (Bankr. W.D. Tex. 9/6/09)[3]. In that case, the proposed settlement agreement would benefit creditors but would not be paid in full, while the ultimate winners of the agreement would be the wrongdoer and to a lesser extent, the trustee. *Id.* The Court ultimately denied the proposed agreement finding that based on the creditors claims and evidence in support of those claims, a release of claims would be inequitable as they would be giving up a potential to receive a larger portion of their claims. *Id.* at *8–9. The Court further concluded that the policy to minimize litigation and expedite administration of the bankruptcy estate was outweighed by the large discrepancy between the potential significant

---

[3] *In re Jorge Alfonso and Naydimar Diaz*, (Bankr. W.D. Tex. 9/6/09). (Not published).

recovery if the case were to proceed (close to $500,000) and the proposed settlement amount ($105,000). *Id.*

14.   Trustee's Motion should not be approved as proposed. Approval of the motion would not be fair and equitable for a number of reasons. First, the Settling Parties were some of the primary wrongdoers and committed fraud against its creditors. It would be unjust to approve a settlement agreement that rewards fraudulent actors millions of dollars in insurance proceeds, while a slew of creditors haven't received a cent.

15.   Also, the terms of the proposed agreement are unclear. The settlement proposed cannot be found to be fair and equitable if the effected parties are unaware of what claims are being released or the amount of those claims. The claims against the Debtor's estate are worth tens of millions of dollars. It would be unreasonable and unjust to approve a proposed agreement that doesn't detail the amounts to be released.

16.   Further, the Trustee argues that taking a little portion ($2,236,520.88) of what is collectable now is better than waiting for a potential judgment of close to $7M in the future. That collectable portion is less than what the wrongdoing Settling Parties would receive through proceeds and is significantly less than what is owed and could potentially be recovered. Similar to *In re Jorge*, this discrepancy is too large. In that case, the discrepancy was only $400,000. *See In re Jorge*, (Bankr. W.D. Tex. 9/6/09) at *9. Here, we are looking at a $5M discrepancy between the amount that would be collected as a result of this agreement and the potential recovery amount.

17.   Due to the large-scale fraud involved in this case, creditors' claims are extensive. The Trustee prevents no valid argument or evidence as to how or why this settlement is reasonable for anyone other than the Settling Parties and the Trustee. There is no factual or legal evidence to show that any creditor would benefit from this transaction.

18. In addition, if the settlement were approved and the Settling Parties were allowed to retain over $5 million in proceeds, there appears to be nothing preventing the Settling Parties from spending those funds. The Cattle Creditors, as well as all creditors, have independent claims against the Settling Parties, which the recovery of which may be dependent on the retention of the insurance funds and other funds obtained through fraudulent means.

**WHEREFORE, PREMISES CONSIDERED,** the Cattle Creditors respectfully request that this Court deny *Trustee's Motion for Approval of Compromise and Settlement with Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland* and award such further relief, general or special, at law or in equity, to which Dennis Buss, et al., is rightfully entitled.

Respectfully submitted,
John Massouh, SBN 24026866
John.massouh@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

*/s/ John Massouh*
John Massouh

*ATTORNEYS FOR CATTLE CREDITORS*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or U.S. Mail on December 5, 2023, upon all parties entitled to such notice as provided by the ECF filing system.

                                        */s/ John Massouh*
                                        John Massouh