**AMENDED SETTLEMENT AND MUTUAL RELEASE AGREEMENT**

This *Amended* Settlement and Mutual Release Agreement (the "Agreement") is executed as of this ~~November 9~~December 13, 2023, by and among Kent Ries, in his capacity as Chapter 7 Trustee of the bankruptcy estates of McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) ("Trustee"), on one hand, and Meagan B. Goad (" M. Goad"), Jed Goad (and together with M. Goad "Goad"),  Kinsey Moreland ("K. Moreland"), and Josh Moreland ("J. Moreland" and together with K. Moreland "Moreland") on the other hand, as follows:

WHEREAS, McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. (collectively, the "Debtors") filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "Petition Date") thereby initiating Case No. 23-20084-RLJ, Case No. 23-20085-RLJ, and Case No. 23-20086-RLJ (the "Bankruptcy Cases") in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division (the "Bankruptcy Court") and creating their bankruptcy estate (the "Estates");

WHEREAS, the Trustee was subsequently appointed and qualified to serve as the Trustee over the Debtors' Estates;

WHEREAS, on July 18, 2023, M. Goad and K. Moreland filed their Motion to Transfer Jointly Administered Cases in the Bankruptcy Cases;

WHEREAS, Goad and Moreland represent and warrant that they have documents and information that would aid the Trustee in his investigation of the Debtors' financial affairs, and pursuit of claims against third parties, specifically including  cattle load information, claims information, investor information, use of cattle information, lot number information, and banking information, that would support possible claims against the following parties: investors, lenders, and agricultural entities (the "Documents and Information");

WHEREAS, Goad and Moreland received proceeds of the following life insurance policies insuring the life of Brian McClain (the "Life Insurance Proceeds"):

| Insurance Company | Policy Number | Face Amount | M.Goad Proceeds | K. Moreland Proceeds |
|---|---|---|---|---|
| Prudential | L7060174 | 3,000,000.00 | $510,000.00 | $510,000.00 |
| Grange | GL00422151 | 100,000.00 | $25,000.00 | $25,000.00 |
| Grange | GL0558430 | 3,000,000.00 | $750,000.00 | $750,000.00 |
| Grange | GL00490966 | 1,500,000.00 | $375,000.00 | $375,000.00 |
| Grange | GL00527115 | 2,000,000.00 | $500,000.00 | $500,000.00 |
| Grange | GL00484796 | 750,000.00 | $187,500.00 | $187,500.00 |
| Cincinnati | [1] | [1] | $1,041,168.00 | $1,041,168.00 |

---

[1] Policy number and Face Amount not provided because information allegedly not available to Goad and Moreland.

SETTLEMENT AND MUTUAL RELEASE AGREEMENT—Page 1

| Total | | | $3,388,668.00 | $3,388,668.00 |
|---|---|---|---|---|

WHEREAS, the Trustee asserts that the Life Insurance Proceeds are recoverable as a fraudulent transfer and possibly through other legal theories. The Trustee believes that ~~Goad and Moreland may have received avoidable transfers and/or~~ the Estates may hold other claims and causes of action against Goad and Moreland~~, including but not limited~~ in addition to those related to the Life Insurance ~~Proceeds~~, including but not limited to other fraudulent transfer claims;

WHEREAS, Goad and Moreland deny that they have received avoidable transfers (including in connection with the Life Insurance Proceeds) and/or that the Estates may hold other claims and causes of action against them; and

WHEREAS, the Trustee, Goad, and Moreland (collectively, the "<u>Parties</u>") enter into this Agreement without admitting any fault or liability, and solely to buy peace in light of the risks, delays, costs, and burdens of continuing and future litigation, and, by virtue of this Agreement, the Parties desire to fully and completely resolve this matter in good faith, and settle any and all claims, defenses, counterclaims, and cross-claims that were asserted or that could have been asserted among them, ~~including in the Bankruptcy Cases.~~ **which as set forth below, are related solely to the Life Insurance Proceeds and their annual salary of $60,000.00,**

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party, the Parties, incorporating the recitals above into this Agreement, agree, represent, and covenant as follows:

1. <u>Conditions Precedent</u>. The effectiveness of this Agreement is conditioned upon the following (the "<u>Condition Precedent</u>"): the entry of a final, non-appealable Order[2] of the Bankruptcy Court approving this Agreement in the form attached hereto as Exhibit "1" (the "<u>Approval Order</u>"). M. Goad and K. Moreland agree to withdraw the Motion to Transfer Jointly Administered Cases without prejudice pending Bankruptcy Court approval of this Agreement. In the event the Condition Precedent fails to occur by February 29, 2024, either party may terminate this Agreement by written notice to the other party by 5:00 pm CST on February 29, 2024. If the Bankruptcy Court enters an Order denying approval of this Agreement or otherwise declines to enter the Approval Order following a hearing on approval, or either party exercises their right to terminate this agreement, or any final, non-appealable order is entered by any court regarding this Agreement other than the Approval Order, then this Agreement is terminated, shall become null and void, and the Parties shall be returned to the *status quo ante* for all purposes, including but not limited to, the Motion to Transfer Venue as though it was heard as scheduled in October 2023. Notwithstanding the foregoing, if the Bankruptcy Court enters an

---

[2] A final, non-appealable order means an order of the Bankruptcy Court or other court of competent jurisdiction: (a) as to which no appeal, notice of appeal, motion for rehearing, motion for reconsideration, or other motion affecting the finality of the order (collectively, a "Challenge") has been timely filed, or, if any of the foregoing has been timely filed, such Challenge has been disposed of in a manner that upholds and affirms the subject order in all respects without the possibility for further Challenge thereon; (b) as to which the time for instituting or filing an appeal or notice of appeal shall have expired; and (c) as to which no stay is in effect.

order approving this settlement in a form different from the Approval Order, the Parties shall have the option, but not the requirement, to accept such form of order.

2. Cooperation Obligation. Upon the occurrence of the Conditions Precedent, Goad and Moreland (collectively referred to as the "Cooperating Parties") agree to cooperate fully and truthfully in the Trustee's investigation and any other related litigation or proceedings to which the Trustee is a party, including the Bankruptcy Cases (the "Proceedings") for a period of two (2) years and any reasonable additional time necessary for the conclusion of all Proceedings by final non-appealable orders. The Cooperating Parties agree to be available after the ~~twoyear~~two-year period only if requested by the Trustee for a trial or evidentiary hearing. The full, truthful, and continuing cooperation of the Cooperating Parties shall include, but not be limited to:

   a. producing all non-privileged documents and other materials to the Trustee as requested by the Trustee, in the possession, custody, or control of the Cooperating Parties;

   b. appearing for depositions and other interviews, at such times and places, as reasonably requested by the Trustee and with expenses paid by the estate;

   c. responding fully and truthfully to all inquiries, when reasonably requested to do so by the Trustee, in connection with the Proceedings;;

   d. testifying at trial and other judicial proceedings, when requested to do so by the Trustee, in connection with the Proceedings;

   e. accepting service by mail, email, or facsimile transmission of notices or subpoenas for documents or testimony at depositions, hearings, trials or in connection with the Proceedings from the Trustee;

   f. appointing their undersigned attorney as agent to receive service of such notices and subpoenas from the Trustee;

   g. waiving the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, when reasonably requested to appear by the Trustee;

   h. entering into tolling agreements, when requested to do so by the Trustee, unless release has already occurred; and

   i. not further challenging venue of the Bankruptcy Cases.

The Cooperating Parties shall not be obligated to voluntarily testify with respect to any claims by the Trustee directly against Crystal McClain, Chelsea McClain, and the minor McClain daughter. This agreement shall not limit the Trustee's ability to compel the testimony of the Cooperating Parties with respect to direct claims against Crystal McClain, Chelsea McClain, and the minor McClain daughter.

SETTLEMENT AND MUTUAL RELEASE AGREEMENT—Page 3

The Cooperating Parties agree that the running of any statute of limitations applicable to any action or proceeding against him authorized, instituted, or brought by or on behalf of the Trustee or the Estates, including any sanctions or relief that may be imposed therein, is tolled and suspended until the Trustee has provided the Cooperating Parties with releases. The Cooperating Parties and any of their attorneys or agents shall not include this period in the calculation of the running of any statute of limitations or for any other time-related defense applicable to the Proceeding, including any sanctions or relief that may be imposed therein, in asserting or relying upon any such time-related defense. This agreement shall not affect any applicable statute of limitations defense or any other time-related defense that may be available to Cooperating Parties before the Petition Date or be construed to revive a Proceeding that may be barred by any applicable statute of limitations or any other time-related defense before the Petition Date. The running of any statute of limitations applicable to the Proceeding shall commence again after the end of the tolled period. This agreement shall not be construed as an admission by the Trustee relating to the applicability of any statute of limitations to any Proceeding, including as to any sanctions or relief that may be imposed therein, or to the length of any limitations period that may apply, or to the applicability of any other time-related defense.

The Cooperating Parties shall be able to assert an administrative claim in the Bankruptcy Cases for any reasonably necessary out of pocket travel expenses incurred in their fulfillment of their Cooperation Obligation, with such claim having priority subordinate to the administrative expenses of the Trustee and his professionals.

If the Cooperating Parties fail to comply and complete the Cooperation Obligation, then the Release by the Trustee below shall be null and void.

3. ~~Identification of Claims. Within 30 days of the occurrence of the Condition Precedent, the Cooperating Parties shall identify in writing: (i) all transfers from the Debtors or from any transferee of any of the Debtors to the Cooperating Parties or to a third party for the benefit of either of the Cooperating Parties; (ii) all subsequent transferees of the Cooperating Parties of each the foregoing transfers, (iii) the facts and circumstances of all other potential claims and causes of action that the Trustee could assert against any of the Cooperating Parties; (iv) a tracing of all funds and other property currently in the possession, custody, or control of the Cooperating Parties that was acquired from all transfers from the Debtors or from any transferee of any of the Debtors, or constitutes the proceeds of all other potential claims and causes of action that the Trustee could assert against any of the Cooperating Parties; and (v) a sworn inventory and schedule of information containing the same information required by the Official Bankruptcy Schedules and Statement of Financial Affairs for each of the Cooperating Parties. Said schedule shall not be filed of public record but will be made available to the U.S. Trustee's Office and to the Bankruptcy Court.~~

4. Life Insurance Proceeds. Within 30 days of the occurrence of the Condition Precedent, the Cooperating Parties shall pay the Trustee the sum of $2,236,520.88,

which represents 33% of the Life Insurance Proceeds ("(the "Life Insurance Proceeds Payment").

5.3. ~~Settlement Payment. Within 30 days of the occurrence of the Condition Precedent, the Cooperating Parties shall pay the Trustee 50% of all funds and other property currently in the possession, custody, or control of the Cooperating Parties that was acquired from all transfers from the Debtors or from any transferee of any of the Debtors, or constitutes the proceeds of all other potential claims and causes of action that the Trustee could assert against either of the Cooperating Parties.~~

6.4. Release by the Trustee. Subject to the occurrence of the Condition Precedent, the Cooperating Parties providing the Documents and Information, and receipt of the Life Insurance Proceeds Payment ~~and the Settlement Payment~~, the Trustee, on behalf of himself, the Debtors, the Estates, as well as any of their agents, attorneys, representatives, predecessors, successors, and assigns and any other person or entity claiming on behalf of, through or by them (collectively, the "Estate Parties") hereby forever releases and discharges the Cooperating Parties from the Estate Released Claims. The "Estate Released Claims" means all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, or of any claims or damages of any type whatsoever, known or unknown, including any dealer trust claims to the fullest extent allowed by law on behalf of all parties that the Trustee is able to bind now and in the future; **provided, however, that the foregoing release shall be limited to** ~~those related to the Life Insurance Proceeds and the matters timely identified by the Cooperating Parties pursuant to 3. Identification of Claims above and paid, as applicable, by the Settlement Payment. Notwithstanding these limitations of the Estate Release Claims, the Trustee will not pursue~~**Estate Release Claims that arise out of, or are related to, the Cooperating Parties' receipt of the Life Insurance Proceeds**, and **any claims against M. Goad or K.Moreland for receipt of an annual salary of $60,000.00 or less from the Debtors** ~~to either M. Goad or K. Moreland~~ **for services rendered.**

7.5. Releases by the Cooperating Parties. Subject to the occurrence of the Condition Precedent, ~~the Cooperating Parties providing the Documents and Information, sending the Settlement Payment, if any~~ and upon simultaneous release of the Cooperating Parties, without need for further action, order, or document, the Cooperating Parties, on behalf of themselves and their attorneys, hereby forever release and discharge the Estate Parties (defined above) from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, or of any claims or damages of any type whatsoever, known or unknown, including but not limited to any claims arising in contract, tort, or equity~~.~~; **provided, however, that the foregoing release shall be limited to Cooperating Parties' release of claims that arise out of or are related to the Life Insurance Proceeds.** If the Cooperating Parties fail to

SETTLEMENT AND MUTUAL RELEASE AGREEMENT—Page 5

comply and complete the Cooperation Obligation defined herein, then said release shall be null and void.

8.6. No Admissions. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of any of the Parties. It is also understood and agreed to by the Parties that this Agreement does not constitute an order or finding of any violation of law related to fraudulent, manipulative, or deceptive conduct.

9.7. No Third-Party Beneficiaries. There are no intended third-party beneficiaries to this Agreement. This Agreement may only be enforced by the Parties hereto and any person receiving a release hereunder, except as may be provided for otherwise under applicable law.

10.8. Entire Agreement. This Agreement embodies the entire agreement of the Parties with regard to the subject matter hereof. There are no representations, promises, warranties, understandings or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein. Each of the Parties acknowledges that the execution and delivery of this Agreement is its free and voluntary act and deed, and that said execution and delivery have not been induced by, nor done in reliance upon, any representations, promises, warranties, understandings or agreements made by any other Party, its agents, officers, employees or representatives.

11.9. Changes in Writing. No promise, representation, warranty or agreement made subsequent to the execution and delivery of this Agreement by any Party hereto, and no revocation, partial or otherwise, or change, amendment or addition to, or alteration or modification of, this Agreement shall be valid unless the same shall be in writing signed by all of the Parties.

12.10. Choice of Law. This Agreement shall be governed by and construed according to the laws of the State of Texas. The Cooperating Parties do not waive their rights to assert another jurisdiction's laws as applicable to any claims not herein released or to any claims herein released but not approved by final non-appealable order of the bankruptcy court. The parties agree that the Bankruptcy Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement to the fullest extent allowed by law.

13.11. Attorneys' Fees. Should any Party hereto breach any term of this Agreement, the breaching Party shall pay the non-breaching Party all reasonable attorneys' fees and other costs and fees incurred by the non-breaching Party in enforcing this Agreement or preparing for legal or other proceedings, whether or not said proceedings are instituted. In the event a lawsuit or other proceeding is brought by any Party based on this Agreement or breach thereof, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and other costs and fees incurred enforcing this Agreement, in addition to all other legal, equitable, or injunctive relief.

14.12. **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be considered an original counterpart.  Any signed Agreement or signature page to this Agreement that is transmitted by facsimile or in the portable document format (.pdf) shall be treated in all respects as an original Agreement or signature page.

15.13. **Warranty of Authority**.  Except as is otherwise provided with respect to the Approval Order, each Party to this Agreement represents and warrants to each other Party that: (i) it owns the rights and claims affected by this Agreement, including with respect to any release; and (ii) it has full authority to enter into and to execute this Agreement.

16.14. **Tax Consequences**. All Parties acknowledge and agree that they are solely responsible for the payment of any and all federal, state, city, or local taxes which might be due and owing as a result of any term contained in this Agreement. The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives in the course of these negotiations and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement.  No representations regarding the tax consequences of this settlement have been made by either Party.

Dated as of the first date above.

_____      _____
**Kent Ries, in his capacity as Chapter 7**            **Date**
**Trustee of the bankruptcy estates of**
**McClain Feed Yard, Inc.**
**(Case No. 23-20084-RLJ), McClain Farms,**
**Inc. (Case No. 23-20085-RLJ), and 7M**
**Cattle Feeders, Inc. (Case No. 23-20086-RLJ)**


_____      _____
**Meagan B. Goad**                                      **Date**


_____      _____
**Jed Goad**                                            **Date**


_____      _____
**Kinsey Moreland**                                     **Date**

SETTLEMENT AND MUTUAL RELEASE AGREEMENT—Page 7

_____  _____
**Josh Moreland**                **Date**

SETTLEMENT AND MUTUAL RELEASE AGREEMENT—Page 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE
AND SETTLEMENT WITH MEAGAN B. GOAD,
JED GOAD, KINSEY MORELAND, AND JOSH MORELAND**

CAME ON FOR HEARING the *Motion for Approval of Compromise and Settlement with Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland* (the "**Motion**"), filed by Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases the "**Bankruptcy Cases**"), whereby the Trustee seeks approval of that certain amended settlement (the "Proposed Settlement") with the Settling Parties (as that term is defined in the Motion) pursuant to the *Amended* Settlement and Mutual

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH MEAGAN B. GOAD, JED GOAD, KINSEY MORELAND, AND JOSH MORELAND —Page 1

*Release Agreement* (the "**Amended Agreement**") ~~attached~~filed as ~~Exhibit "A" to the Motion~~Docket No. \_\_\_. Based on the evidence and the Court taking judicial notice where appropriate, the Court makes the following findings of fact and conclusions of law and enters the following Order.

1. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "**Petition Date**"). Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

2. The Trustee is the duly appointed Chapter 7 trustee of the Estate with the authority, subject to the entry of this Order, to enter into the ~~Proposed Settlement and the~~Amended Agreement.

3. The Trustee believes that the Debtors' estates hold Chapter 5 and other similar claims for the proceeds of the following life insurance policies insuring the life of Brian McClain (the "**Life Insurance Proceeds**"):

| Insurance Company | Policy Number | Face Amount | M.Goad Proceeds | K. Moreland Proceeds |
|---|---|---|---|---|
| Prudential | L7060174 | 3,000,000.00 | $510,000.00 | $510,000.00 |
| Grange | GL00422151 | 100,000.00 | $25,000.00 | $25,000.00 |
| Grange | GL0558430 | 3,000,000.00 | $750,000.00 | $750,000.00 |
| Grange | GL00490966 | 1,500,000.00 | $375,000.00 | $375,000.00 |
| Grange | GL00527115 | 2,000,000.00 | $500,000.00 | $500,000.00 |
| Grange | GL00484796 | 750,000.00 | $187,500.00 | $187,500.00 |
| Cincinnati | 2 | 1 | $1,041,168.00 | $1,041,168.00 |

4. ~~In addition to~~ The Trustee asserts that the ~~life insurance, the~~Life Insurance Proceeds are recoverable as a fraudulent transfer and possibly through other legal theories. The Trustee

---

[2] Policy number and Face Amount not provided because information allegedly not available to Goad and Moreland.

ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH MEAGAN B. GOAD, JED GOAD, KINSEY MORELAND, AND JOSH MORELAND —Page 2

believes that ~~he likely has additional Chapter 5 and similar~~the Estates may hold other claims and causes of action against the Settling Parties~~,~~ in addition to those related to the Life Insurance, including but ~~collectability is unknown and uncertain~~.

~~5.~~4.    not limited to other fraudulent transfer claims. The Settling Parties deny that they have received avoidable transfers (including in connection with the Life Insurance Proceeds) and/or that the Estates may hold other claims and causes of action against them.

~~6.~~5.    By the Motion, the Trustee seeks approval of the ~~Proposed Settlement~~Amended Agreement, including the releases and other terms set forth therein, in exchange for the consideration under the Amended Agreement.

~~7.~~6.    Notice of the Motion and the hearing thereon were sufficient and appropriate.

~~8.~~7.    There are no undisclosed agreements, payments, or understandings related to the ~~Proposed Settlement~~Amended Agreement that are not disclosed in the Motion or in the Amended Agreement.  There is no collusion.  The ~~Proposed Settlement~~Amended Agreement is not a *sub rosa* plan.

~~9.~~8.    The ~~Proposed Settlement and the~~Amended Agreement ~~are~~is proposed in good faith.

~~10.~~9.    The Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Such jurisdiction is core under 28 U.S.C. § 157(b)(2).  Venue of the Bankruptcy Case and the Motion before this Court is proper under 28 U.S.C. §§ 1408 & 1409.

~~11.~~10. Bankruptcy Rule 9019 governs the Trustee's proposed settlement of estate causes of action and the granting of an estate release.  Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the best interests of the estate." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).  The factors to consider include "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law,

(2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id*. Such other factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id*. at 918. The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted).

~~12.~~11. The Court has apprised itself of the relevant facts and can make an informed and intelligent decision regarding all aspects of the ~~Proposed Settlement.~~Amended Agreement. Based on the same, the foregoing factors are met: the ~~Proposed Settlement~~Amended Agreement is fair and equitable and in the Estate's best interests. There is no question concerning the complexity, expense, burden, and delay of the Trustee's claims, which involve substantial, disputed questions of fact and law, as well as uncertainties involving collection.

~~13.~~12. There is also no question that the ~~Proposed Settlement~~Amended Agreement is the product of extensive, arms-length bargaining.

~~14.~~13. The Trustee has properly employed his business judgment in entering into the ~~Proposed Settlement and the~~Amended Agreement. The ~~Settlement Amount~~settlement amount is well within the range of reason and provides a material benefit to the Debtors' bankruptcy estates.

~~15.~~14. ~~All of the~~The relief requested in the Motion ~~and~~to the extent provided for in this Order is lawful and appropriate.

ACCORDINGLY, based on the foregoing findings of fact and conclusions of law, and all preconditions to the entry of this Order being satisfied, it is hereby:

ORDERED that the Motion is GRANTED to the extent set forth herein; it is further

ORDERED that the ~~Proposed Settlement and the~~Amended Agreement ~~are APPROVED~~isAPPROVED in ~~their~~its entirety; it is further

ORDERED that the Trustee is authorized and directed to enter into the Amended Agreement and to otherwise effectuate all provisions of the Amended Agreement; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order and the Amended Agreement.

# # #  END OF ORDER # # #