

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 28, 2023

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| Debtors. | § | Jointly Administered |

### ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH MEAGAN B. GOAD, JED GOAD, KINSEY MORELAND, AND JOSH MORELAND

CAME ON FOR HEARING the *Motion for Approval of Compromise and Settlement with Meagan B. Goad, Jed Goad, Kinsey Moreland, and Josh Moreland* (the "**Motion**"), filed by Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases the "**Bankruptcy Cases**"), whereby the Trustee seeks approval of that certain amended settlement with the Settling Parties (as that term is defined in the Motion) pursuant to the *Amended Settlement and Mutual Release*

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH MEAGAN B. GOAD, JED GOAD, KINSEY MORELAND, AND JOSH MORELAND —Page 1

*Agreement* (the "**Amended Agreement**") filed as Docket No. 163-2. Based on the evidence and the Court taking judicial notice where appropriate, the Court makes the following findings of fact and conclusions of law and enters the following Order.

1. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "**Petition Date**"). Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

2. The Trustee is the duly appointed Chapter 7 trustee of the Estate with the authority, subject to the entry of this Order, to enter into the Amended Agreement.

3. The Trustee believes that the Debtors' estates hold Chapter 5 and other similar claims for the proceeds of the following life insurance policies insuring the life of Brian McClain (the "**Life Insurance Proceeds**"):

| Insurance Company | Policy Number | Face Amount | M.Goad Proceeds | K. Moreland Proceeds |
|---|---|---|---|---|
| Prudential | L7060174 | 3,000,000.00 | $510,000.00 | $510,000.00 |
| Grange | GL00422151 | 100,000.00 | $25,000.00 | $25,000.00 |
| Grange | GL0558430 | 3,000,000.00 | $750,000.00 | $750,000.00 |
| Grange | GL00490966 | 1,500,000.00 | $375,000.00 | $375,000.00 |
| Grange | GL00527115 | 2,000,000.00 | $500,000.00 | $500,000.00 |
| Grange | GL00484796 | 750,000.00 | $187,500.00 | $187,500.00 |
| Cincinnati | 2 | 1 | $1,041,168.00 | $1,041,168.00 |

4. The Trustee asserts that the Life Insurance Proceeds are recoverable as a fraudulent transfer and possibly through other legal theories. The Trustee believes that the Estates may hold other claims and causes of action against the Settling Parties in addition to those related to the Life Insurance, including but not limited to other fraudulent transfer claims. The Settling Parties deny

---

[2] Policy number and Face Amount not provided because information allegedly not available to Goad and Moreland.

ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH
MEAGAN B. GOAD, JED GOAD, KINSEY MORELAND, AND JOSH MORELAND —Page 2

that they have received avoidable transfers (including in connection with the Life Insurance Proceeds) and/or that the Estates may hold other claims and causes of action against them.

5. By the Motion, the Trustee seeks approval of the Amended Agreement, including the releases and other terms set forth therein, in exchange for the consideration under the Amended Agreement. **The claims being released under the Amended Agreement are limited to Estate Release Claims that arise out of, or are related to, the Cooperating Parties' receipt of the Life Insurance Proceeds**, **and any claims against M. Goad or K. Moreland for receipt of an annual salary of $60,000.00 or less from the Debtors for services rendered.**

6. Notice of the Motion and the hearing thereon were sufficient and appropriate.

7. There are no undisclosed agreements, payments, or understandings related to the Amended Agreement that are not disclosed in the Motion or in the Amended Agreement. There is no collusion. The Amended Agreement is not a *sub rosa* plan.

8. The Amended Agreement is proposed in good faith.

9. The Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case and the Motion before this Court is proper under 28 U.S.C. §§ 1408 & 1409.

10. Bankruptcy Rule 9019 governs the Trustee's proposed settlement of estate causes of action and the granting of an estate release. Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the best interests of the estate." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The factors to consider include "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id*. Such other

factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id*. at 918. The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted).

11. The Court has apprised itself of the relevant facts and can make an informed and intelligent decision regarding all aspects of the Amended Agreement. Based on the same, the foregoing factors are met: the Amended Agreement is fair and equitable and in the Estate's best interests. There is no question concerning the complexity, expense, burden, and delay of the Trustee's claims, which involve substantial, disputed questions of fact and law, as well as uncertainties involving collection.

12. There is also no question that the Amended Agreement is the product of extensive, arms-length bargaining.

13. The Trustee has properly employed his business judgment in entering into the Amended Agreement. The settlement amount is well within the range of reason and provides a material benefit to the Debtors' bankruptcy estates.

14. The relief requested in the Motion to the extent provided for in this Order is lawful and appropriate.

ACCORDINGLY, based on the foregoing findings of fact and conclusions of law, and all preconditions to the entry of this Order being satisfied, it is hereby:

ORDERED that the Motion is GRANTED to the extent set forth herein; it is further

ORDERED that the Amended Agreement is APPROVED in its entirety; it is further

ORDERED that the Trustee is authorized and directed to enter into the Amended Agreement and to otherwise effectuate all provisions of the Amended Agreement; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order and the Amended Agreement.

### # # #  END OF ORDER # # #

Order submitted by:
Hudson M. Jobe
State Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
SPECIAL COUNSEL FOR KENT RIES, TRUSTEE