Kent Ries, Attorney at Law
State Bar No. 16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

GENERAL COUNSEL FOR TRUSTEE

Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
### REGARDING OTHER PRODUCED DISCOVERY

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST 5TH AVENUE, ROOM 133, AMARILLO, TEXAS, 79101-1559 BEFORE CLOSE OF BUSINESS ON MARCH 4, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

---

**TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION**
**REGARDING OTHER PRODUCED DISCOVERY —Page 1**

Document    Page 2 of 9

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

COMES NOW, Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases the "**Bankruptcy Cases**"), and files this his Motion for Rule 2004 Examination Regarding Other Produced Discovery (the "**Motion**"), respectfully stating as follows:

## I.    SUMMARY

1.    As the Court will recall from prior hearings, the Debtors' 3 Bankruptcy Cases involved over 100 parties. In addition to the Debtors' 3 Bankruptcy Cases, one of the largest alleged creditors of the Debtors also have Chapter 12 cases and adversary proceedings pending before this Court (2B and its principals).

2.    Many parties (including Rabo AgriFinance LLC, AgTexas Farm Credit Services, AgTexas PCA, Thorlakson Diamond T. Feeders, LP, Meagan B. Goad, and Kinsey Moreland) to these cases have previously sought and obtained various discovery both formally and informally. Generally speaking, parties have been open to providing copies of that discovery to the Trustee and the parties have exchanged materials informally.

3.    The Trustee has requested various documents and electronic data from third parties who have claimed to have already produced the material to other parties. In order to streamline discovery and minimize parties producing discovery more than once, and also to ensure complete production to the Trustee, the Trustee seeks an Order from this Court requiring parties to provide a copy of their received discovery materials to the Trustee.

4.    Cause exists to order this discovery because, among other things, this will aid the parties in minimizing duplicate discovery and should only require the production of discovery materials already assembled and provided.

## II.    BACKGROUND

5.    The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on

REGARDING OTHER PRODUCED DISCOVERY —Page 2**

April 28, 2023 (the "**Petition Date**").  Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

6. Each of the Debtors operated a cattle feedlot and/or growyard.  McClain Feed Yard, Inc. ("**MFY**") owned real property outside of Hereford, Texas; McClain Farms, Inc. ("**MF**") leased real property in Kentucky; and 7M Cattle Feeders, Inc. ("**7M**") owned real property outside of Friona, Texas (collectively, the "**Debtors**").

7. The Debtors' business operations have significant overlap, including one major secured creditor (Rabo AgriFinance LLC) whose alleged claim exceeds $53,000,000.00 pursuant to its recent motion for relief from the automatic stay.  Rabo claims cross-collateralization and a blanket lien on substantially all of the Debtors' assets.  Further, many of the same vendors, customers and investors did business with all three Debtors.  Finally, the owner of all three Debtor entities was Brian McClain.

8. All of the Debtors' business operations were shut down prior to their bankruptcy filings.  All cattle and other livestock were apparently sold by the Debtors or removed by their alleged owner's pre-petition.

9. As discussed in prior pleadings, based upon the Trustee's investigation thus far, the Debtors' prebankruptcy operations appear to have constituted a massive fraud involving two cattle operations in Texas (Hereford and Friona) and one in Benton, Kentucky.  The asserted unpaid claims exceed $175M so far, and the Debtors' records show several hundred million dollars flowing through the Debtors in the 3 years before bankruptcy. These cases will involve over 100 parties and their attorneys based upon the service list thus far.

10. The Debtors' owner, Mr. McClain, committed suicide on April 18, 2023, less than 2 weeks after the appointment of a Chief Restructuring Officer that was investigating the Debtors'

financial affairs. The Trustee's investigation thus far, including with the assistance of the pre-bankruptcy CRO, has been considerable and will be ongoing for some time due to, among other things, the Debtors' poor and unreliable records.

11. It appears that the Debtors' cattle operations included at least some actual cattle transactions whereby, in some instances, the Debtors' purchased cattle ("**Cattle Purchases**"), and in other instances, took possession of third-parties' cattle for the Debtors' to fatten/grow prior to sale ("**Feed Yard Services**"). In addition to Cattle Purchases and Feed Yard Services, it appears that Mr. McClain also raised money from many "investors" pursuant to "partnership agreements" whereby the "investors" would advance funds to one of the Debtors to "purchase" unspecified cattle from the Debtor (that were purportedly already under a contract for sale in the future at a higher weight and price), the Debtor would continue to hold and feed the cattle at its expenses, and the investor and applicable Debtor intended to split the later profit 1/3 to the Debtor and 2/3 to the investor (the "**Partnership Agreements**").

12. Over 100 claimants have asserted claims exceeding $100 million with the United States Department of Agriculture ("**USDA**") under the Dealer Trust Statute for allegedly unpaid amounts for Cattle Purchases, cattle that were dropped off for Feed Yard Services, investments under the Partnership Agreement, and possibly other transactions not yet specified by the claimants. Additionally, upon belief many of these claimants and possibly other parties ostensibly "reclaimed" millions of dollars of cattle in the chaotic period following Mr. McClain's death.

13. The Trustee has spent considerable time and resources investigating the Debtors' pre-bankruptcy financial affairs, and the investigation is ongoing. Based upon his investigation thus far, the Trustee believes that the Debtors' estates may have claims against investors, lenders, and other agricultural entities.

## III. RELIEF REQUESTED

14. Rabo AgriFinance LLC, AgTexas Farm Credit Services, AgTexas PCA, Thorlakson Diamond T. Feeders, LP, Meagan B. Goad, and Kinsey Moreland (collectively the "**Parties**") in these Bankruptcy Cases have previously requested the following discovery:

| Motion | Order | Requesting Party | Producing Party |
|---|---|---|---|
| EX PARTE MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 17) | ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 22) | Rabo AgriFinance LLC | Mechanics Bank, Texas and Southwestern Cattle Raisers Association (TSCRA), Chelsea McClain, Crystal McClain, Meagan B. Goad, aka Meagan B. Powel, Kinsey Moreland, MAP Enterprises, Inc., Wildforest Cattle Company, LLC, 2B Farms, Inc., Community Financial Services Bank, Whitlock CPA, PLLC, |
| EX PARTE MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 53) | ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 59) | AgTexas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T. Feeders, LP | Rabo AgriFinance, LLC, Glenn Karlberg of Ampleo, |
| EX PARTE MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 81) | ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 92) | Atenas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T. Feeders, LP | Oklahoma National Stockyards Company, First Bank & Trust, Community Financial Services Bank, Angela Powell / H&R Block Office in Benton, Kentucky / ADPOWELL, Inc. |
| NOTICE OF INTENT TO ISSUE AND SERVE SUBPOENA (DKT. 101) | | Rabo AgriFinance LLC | Community Financial Services Bank |
| MOTION FOR RULE 2004 EXAMINATION (DKT. 111) | ORDER FOR RULE 2004 EXAMINATION OF CFO SOLUTIONS, L.C. D/B/A AMPLEO (DKT. 113) | Meagan B. Goad and Kinsey Moreland | CFO Solutions, L.C. d/b/a Ampleo |

| | | | |
|---|---|---|---|
| NOTICE OF INTENT TO ISSUE AND SERVE SUBPOENAS IN A CONTESTED MATTER (DKT. 115) | | Rabo AgriFinance LLC | Carr, Riggs & Ingram CPAs, HTLF Bank, successor by merger to First Bank & Trust, First Kentucky Bank, Lone Star State Bank of West Texas, Angela Powell |
| *EX PARTE* MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 122) | ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 125) | AgTexas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T. Feeders, LP | Mechanics Bank |
| MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF ADDITIONAL DOCUMENT SUBPOENA TO RABO AGRIFINANCE, LLC (DKT. 150) | ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT SUBPOENA TO RABO AGRIFINANCE, LLC (DKT. 156) | AgTexas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T. Feeders, LP | Michelle Stockett c/o Rabo AgriFinance, LLC |
| *EX PARTE* MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT AND EXAMINATION SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 151) | ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT AND EXAMINATION SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 157) | Rabo AgriFinance LLC | AIM Bank, CapStar Bank, Community Financial Services Bank |
| ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT AND EXAMINATION SUBPOENAS TO VARIOUS THIRD PARTIES (DKT. 167) | ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF DOCUMENT AND EXAMINATION SUBPOENAS TO MACON BANK & TRUST COMPANY (DKT. 168) | Rabo AgriFinance LLC | Macon Bank & Trust Company |

16. By this Motion, the Trustee requests that the Court order the Parties to produce to the Trustee:

- All discovery previously received either formally or informally from any party in the Debtors Bankruptcy Cases[2] or in the 2B Bankruptcy Cases,[3] including but not limited to the discovery received pursuant to the foregoing requests;

- All discovery received in the future within fourteen (14) days of receipt, or if any items are withheld, a description of the discovery withheld and a basis for withholding; and

- All discovery responses received pursuant to those requests, such as objections, privilege logs, or any agreed protective orders or similar agreements.

The Trustee requests that the Parties also identify all documents that are available in both physical and electronic format, and initially provide only the electronic version; and identify electronic data that is available in more than one format, and provide all formats (collectively referred to as the "**Production**").

17. Rule 2004 provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a) (emphasis added). *See also In re Fearn,* 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (the "examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor"); *In re GHR Energy Corp.,* 35 B.R. 534, 537 (Bankr. D. Mass. 1983); *In re Maidman,* 2 B.R. 18, 18-19 (Bankr. S.D. Fla. 1979). The scope of the Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a

---

[2] McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

[3] Bankruptcy Case No. 23-50096-rlj12 2B Farms, a Texas General Partnership; Bankruptcy Case No. 23-50097-rlj12 Terry M. Robinson and Rebecca A. Robinson; Adv. 23-05002-rlj First Bank & Trust v. 2B Farms, a Texas General Partnership et al (including any discovery any prior state court proceeding); HTLF Bank v. 2B Farms, a General Texas Partnership et al (including any discovery any prior state court proceeding).

**TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
REGARDING OTHER PRODUCED DISCOVERY —Page 7**

discharge." Fed. R. Bankr. P. 2004(b). "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin,* 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

18. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" *Id.* (*quoting Bank One, Columbus, N.A. v. Hammond (In re Hammond),* 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of [a] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The standard for granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond,* 140 B.R. 197, 201 (S.D. Ohio 1992).

19. Here, good cause exists for ordering the Production. The Trustee needs to better understand the financial transactions involving the Debtors and their affiliates, and possible claims that may arise from same, which is a standard purpose behind Rule 2004.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter: (i) granting this Motion; (ii) ordering the Production; and (iv) granting the Trustee such other relief as may be appropriate.

Respectfully submitted,

By: */s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## CERTIFICATE OF CONFERENCE

Prior to the filing of this request, the undersigned contacted counsel for each of the Parties. To date, no Parties have noted any objection to the request, but the Trustee has not secured the written consent of the Parties either. The Trustee will continue to discuss and negotiate this matter in good faith with the Parties in the hopes that an Agreed Order may be reached.

*/s/ Hudson M. Jobe*
Hudson M. Jobe

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, a true and correct copy of the foregoing was served via the Court's ECF system on the debtor, debtor's counsel, the United States Trustee, and, all parties that have appeared and requested notice via the Court's ECF system, including counsel for the Parties.

*/s/ Hudson M. Jobe*
Hudson M. Jobe