Kent Ries, Attorney at Law
State Bar No. 16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

GENERAL COUNSEL FOR TRUSTEE

Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
### REGARDING LIFE INSURSANCE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST 5TH AVENUE, ROOM 133, AMARILLO, TEXAS, 79101-1559 BEFORE CLOSE OF BUSINESS ON MARCH 4, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

**TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
REGARDING LIFE INSURANCE —Page 1**

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

COMES NOW, Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases the "**Bankruptcy Cases**"), and files this his Motion for Rule 2004 Examination Regarding Life Insurance (the "**Motion**"), respectfully stating as follows:

### I.     SUMMARY

1. The Court may recall that it previously approved a settlement with certain family members of Brian McClain regarding, among other things, possible avoidance claims related to their receipt of life insurance proceeds on insurance policies that were allegedly paid with the Debtors' funds.

2. Upon information and belief based upon information provided by an insurance broker handling such policies, there were additional proceeds paid to other family members that were not part of the previous settlement agreement. The Trustee is investigating the estates' claims related to these life insurance policies and other family members.

3. By this Motion, the Trustee requests the Court to order the production of documents and information related to such life insurance from the family members believed to beneficiaries, the insurance broker, and the 3 known life insurance companies. Specifically, the discovery request seeks the production of 2 categories of documents and information: the first for documents and information related to any life insurance policy involving Brian McClain and/or the Debtors' funds, and the second for related communications. The discovery request also seeks a response to a single interrogatory for the responding parties to identify each transfer made in connection with the life insurance policies (premiums and proceeds). Cause exists to order this discovery because, among other things, this will aid the Trustee in investigating possible estate claims.

## II.   BACKGROUND

4. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "**Petition Date**").  Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

5. Each of the Debtors operated a cattle feedlot and/or growyard.  McClain Feed Yard, Inc. ("**MFY**") owned real property outside of Hereford, Texas; McClain Farms, Inc. ("**MF**") leased real property in Kentucky; and 7M Cattle Feeders, Inc. ("**7M**") owned real property outside of Friona, Texas (collectively, the "**Debtors**").

6. The Debtors' business operations have significant overlap, including one major secured creditor (Rabo AgriFinance LLC) whose alleged claim exceeds $53,000,000.00 pursuant to its recent motion for relief from the automatic stay.  Rabo claims cross-collateralization and a blanket lien on substantially all of the Debtors' assets.  Further, many of the same vendors, customers and investors did business with all three Debtors.  Finally, the owner of all three Debtor entities was Brian McClain.

7. All of the Debtors' business operations were shut down prior to their bankruptcy filings.  All cattle and other livestock were apparently sold by the Debtors or removed by their alleged owner's pre-petition.

8. As discussed in prior pleadings, based upon the Trustee's investigation thus far, the Debtors' prebankruptcy operations appear to have constituted a massive fraud involving two cattle operations in Texas (Hereford and Friona) and one in Benton, Kentucky.  The asserted unpaid claims exceed $175M so far, and the Debtors' records show several hundred million dollars flowing through the Debtors in the 3 years before bankruptcy. These cases will involve over 100 parties and their attorneys based upon the service list thus far.

9. The Debtors' owner, Mr. McClain, committed suicide on April 18, 2023, less than 2 weeks after the appointment of a Chief Restructuring Officer that was investigating the Debtors' financial affairs. The Trustee's investigation thus far, including with the assistance of the pre-bankruptcy CRO, has been considerable and will be ongoing for some time due to, among other things, the Debtors' poor and unreliable records.

10. It appears that the Debtors' cattle operations included at least some actual cattle transactions whereby, in some instances, the Debtors' purchased cattle ("**Cattle Purchases**"), and in other instances, took possession of third-parties' cattle for the Debtors' to fatten/grow prior to sale ("**Feed Yard Services**"). In addition to Cattle Purchases and Feed Yard Services, it appears that Mr. McClain also raised money from many "investors" pursuant to "partnership agreements" whereby the "investors" would advance funds to one of the Debtors to "purchase" unspecified cattle from the Debtor (that were purportedly already under a contract for sale in the future at a higher weight and price), the Debtor would continue to hold and feed the cattle at its expenses, and the investor and applicable Debtor intended to split the later profit 1/3 to the Debtor and 2/3 to the investor (the "**Partnership Agreements**").

11. Over 100 claimants have asserted claims exceeding $100 million with the United States Department of Agriculture ("**USDA**") under the Dealer Trust Statute for allegedly unpaid amounts for Cattle Purchases, cattle that were dropped off for Feed Yard Services, investments under the Partnership Agreement, and possibly other transactions not yet specified by the claimants. Additionally, upon belief many of these claimants and possibly other parties ostensibly "reclaimed" millions of dollars of cattle in the chaotic period following Mr. McClain's death.

12. The Trustee has spent considerable time and resources investigating the Debtors' pre-bankruptcy financial affairs, and the investigation is ongoing. Based upon his investigation

thus far, the Trustee believes that the Debtors' estates may have claims against investors, lenders, and other agricultural entities.

### III. RELIEF REQUESTED

13. Upon information and belief, Brian McClain had 4 daughters, 1 ex-wife, and another either wife or ex-wife at the time of his death. The Court previously approved a settlement between the Trustee and two of the daughters (Meagan B. Goad and Kinsey Moreland) and their respective spouses (collectively referred to as the "**Settling Family Members**") of claims related to their receipt of the following life insurance proceeds:

| Insurance Company | Policy Number | Face Amount | M.Goad Proceeds | K. Moreland Proceeds |
| --- | --- | --- | --- | --- |
| Prudential | L7060174 | 3,000,000.00 | $510,000.00 | $510,000.00 |
| Grange | GL00422151 | 100,000.00 | $25,000.00 | $25,000.00 |
| Grange | GL0558430 | 3,000,000.00 | $750,000.00 | $750,000.00 |
| Grange | GL00490966 | 1,500,000.00 | $375,000.00 | $375,000.00 |
| Grange | GL00527115 | 2,000,000.00 | $500,000.00 | $500,000.00 |
| Grange | GL00484796 | 750,000.00 | $187,500.00 | $187,500.00 |
| Cincinnati | | | $1,041,168.00 | $1,041,168.00 |
| Total | | | $3,388,668.00 | $3,388,668.00 |

14. Based upon information provided by the insurance broker, the Trustee believes that there are significant additional proceeds not received by Meagan B. Goad and Kinsey Moreland (and therefore not part of the prior settlement), and that the following parties are the likely beneficiaries: Crystal McClain (ex-wife), Piper McClain (daughter), Kristin McClain (daughter), and Chelsea McClain (ex or current wife at time of death) (collectively referred to as the "**Non-Settling Family Members**").

15. By this Motion, the Trustee requests that the Court order the production of

documents and electronic information and response to the interrogatory as set forth in the proposed Order attached as **Exhibit A** (the "**Production**") from the Settling Family Members, Non-Settling Family Members, Peel & Holland (the insurance broker), and the 3 known life insurance companies: Prudential, Cincinnati Life Insurance Company, and Grange.

16. Rule 2004 provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a) (emphasis added). *See also In re Fearn,* 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (the "examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor"); *In re GHR Energy Corp.,* 35 B.R. 534, 537 (Bankr. D. Mass. 1983); *In re Maidman,* 2 B.R. 18, 18-19 (Bankr. S.D. Fla. 1979). The scope of the Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin,* 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

17. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" *Id.* (*quoting Bank One, Columbus, N.A. v. Hammond (In re Hammond),* 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of [a] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The standard for granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond,* 140 B.R. 197, 201 (S.D. Ohio 1992).

18. Here, good cause exists for ordering the Production. The Trustee needs to better understand the financial transactions involving the Debtors and their affiliates, and possible claims that may arise from same, which is a standard purpose behind Rule 2004.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter: (i) granting this Motion; (ii) ordering the Production; and (iv) granting the Trustee such other relief as may be appropriate.

> Respectfully submitted,
>
> By: */s/ Hudson M. Jobe*
> Hudson M. Jobe
> Texas Bar No. 24041189
> QUILLING, SELANDER, LOWNDS,
> WINSLETT & MOSER, P.C.
> 2001 Bryan Street, Suite 1800
> Dallas, Texas 75201
> (214) 871-2100 (Telephone)
> (214) 871-2111 (Facsimile)
>
> SPECIAL COUNSEL TO THE TRUSTEE

## **CERTIFICATE OF CONFERENCE**

Prior to the filing of this request, the undersigned counsel contacted counsel for the Settling Parties to discuss this request. To date, no agreement has been reached. The remainder of the responding parties have not appeared in this proceeding, either through counsel or otherwise. Accordingly, counsel for the Trustee does not have contact information for these parties to utilize for conferencing prior to filing. The Trustee will discuss concerns and logistics for production with the responding parties in good faith once an appropriate contact is made.

> */s/ Hudson M. Jobe*
> Hudson M. Jobe

## CERTIFICATE OF SERVICE

       I hereby certify that on February 8, 2024, a true and correct copy of the foregoing was served via the Court's ECF system on the debtor, debtor's counsel, the United States Trustee, and, all parties that have appeared and requested notice, and also via first-class mail postage-prepaid, on the following:

Peel & Holland
c/o Greg McNutt
1120 Main Street
Benton, KY 42025

Prudential Financial Inc.
751 Broad Street Newark
New Jersey 07102

Cincinnati Life Insurance Company
6200 S. Gilmore Road
Fairfield, OH 45014-5141

Cincinnati Life Insurance Company
PO Box 145496
Cincinnati, OH 45250-5496

Cincinnati Financial Corporation
6200 S. Gilmore Road
Fairfield, Ohio 45014-5141

Grange Life Insurance Company
Attn: Life Claims Department
PO Box 182828
Columbus, OH 43218-2828

Grange Insurance
P.O. Box 1218
Columbus, OH 43216

Charity Bird
Kaplan Johnson Abate & Bird, LLP
710 West Main Street
Fourth Floor
Louisville KY 40202

Todd Farmer
Farmer & Wright, PLLC
4975 Alben Barkley Drive, Ste. 1
Paducah, Kentucky 42002

Piper Olivia McClain
3728 Mayfield Hwy
Benton, KY 42025

Chelsea McClain
824 Mullins Ln
Benton, KY 42025

Kristin McClain
c/o Crystal McClain
3728 Mayfield Hwy
Benton, KY 42025

Crystal McClain
3728 Mayfield Hwy
Benton, KY 42025

                                      */s/ Hudson M. Jobe*
                                     Hudson M. Jobe