Kent Ries, Attorney at Law
State Bar No. 16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

GENERAL COUNSEL FOR TRUSTEE

Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

**TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
OF NON-USDA CLAIMANTS**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST 5TH AVENUE, ROOM 133, AMARILLO, TEXAS, 79101-1559 BEFORE CLOSE OF BUSINESS ON MARCH 4, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

**TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
OF NON-USDA CLAIMANTS —Page 1**

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

COMES NOW, Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases the ("**Bankruptcy Cases**"), and files this his Motion for Rule 2004 Examination of Non-USDA Claimants (the "**Motion**"), respectfully stating as follows:

## I.    SUMMARY

1. As the Court will recall from prior hearings, over 100 claimants have submitted claims with the USDA under the Dealer Trust Act for a total of over 122 million dollars. The vast majority of these parties have filed Proofs of Claim in each of the Debtors' bankruptcy cases. The Trustee is seeking certain discovery from the USDA Dealer Trust Claimants by separate Motion. For purposes of this Motion, the Trustee seeks discovery from a relatively small number of creditors that have filed Proofs of Claim in the Debtors' Bankruptcy Cases, but not with the USDA, that appear to be based upon a similar course of dealing with the Debtors as the USA Dealer Trust Claimants:

| CLAIMANT/ADDRESS | COUNSEL ADDRESS/EMAIL | POC FILED 23-20084 | POC FILED 23-20085 | POC FILED 23-20086 |
|---|---|---|---|---|
| Curtis Jones Farms<br>1720 W. 13th Ave.<br>Emporia, KS 66801 | Steven Hoard<br>500 South Taylor<br>Suite 800, LB #2113<br>Amarillo, TX 79120-1656<br>shoard@mhba.com | Claim 14<br>$1,905,591.14<br>5/25/23 | Claim 12<br>$1,905,591.14<br>5/25/23 | Claim 13<br>$1,905,591.14<br>5/25/23 |
| Kinsey Jones<br>30308 S. Carlson Rd.<br>Reading, KS 66868 | Steven Hoard<br>500 South Taylor<br>Suite 800, LB #2113<br>Amarillo, TX 79120-1656<br>shoard@mhba.com | Claim 11<br>$353,831.49<br>5/25/23 | Claim 9<br>$353,831.49<br>5/25/23 | Claim 10<br>$353,831.49<br>5/25/23 |
| Carol Bosshardt<br>3925 NW 151st Way<br>Newberry, FL 32669 | | Claim 85<br>$144,642.05<br>9/13/23 | | |
| Joseph Donelson Jones, II<br>39551 CR 439<br>Umatilla, FL 32784 | | Claim 89<br>$800,025.00<br>9/13/23 | | |

2. The Trustee is still conducting an extensive investigation and review of the Debtors' pre-bankruptcy transactions and other operations. As discussed below and at prior hearings, the Debtors' records are less than ideal and incomplete. Based upon the Trustee's investigation thus far, it appears that the majority of the Debtors' dealings with third parties were handled by Brian McClain and involved very little record keeping.

3. It is important to several aspects of this case that the Trustee obtain a complete understanding of the Debtors' dealings with third parties. Pursuant to this Motion, the Trustee request the Court to order the above parties to produce the same information requested by the Trustee with respect to the USDA Trust Claimants, namely to provide 2 categories of documents:

(a) <u>Those related to their transfers to and from the Debtors; and</u>

(b) <u>Communications referencing or otherwise concerning the Debtors (other than privileged communications with counsel).</u>

The Trustee further requests the Court to order the parties to answer a single verified interrogatory: <u>identify each transfer from or to the Debtors</u>.

4. Cause exists to require this discovery for three reasons: (1) the Trustee will be able to complete his investigation considerably faster with this discovery and it is likely to result in a significantly more complete file than relying solely on the Debtors' records; (2) the burden on the creditor is relatively small given the apparent scant supporting documentation on each "investment" or other transaction with the Debtors; and (3) the dollar size of each transaction and overall course of dealing is considerable. This is not a situation where the claimants have lots of documentation on relatively low dollar amount transactions. Rather it is the opposite – this appears to involve relatively small amounts of documentation underlying very large transactions.

5. Procedurally, making over 100 different discovery requests, addressing 100 different objections, and prosecuting potentially dozens of motions to compel would be

unworkable. The Trustee intends to set a hearing on this Motion, and requests the Court to address any objections as to scope at the hearing and order the discovery responses to occur pursuant to a standard order as to all claimants. Given that the claimants will have considerable notice of this requested discovery before the hearing, the Trustee requests the Court to order the production to occur reasonably soon after the hearing.

## II.     BACKGROUND

6. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "**Petition Date**"). Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

7. Each of the Debtors operated a cattle feedlot and/or growyard. McClain Feed Yard, Inc. ("**MFY**") owned real property outside of Hereford, Texas; McClain Farms, Inc. ("**MF**") leased real property in Kentucky; and 7M Cattle Feeders, Inc. ("**7M**") owned real property outside of Friona, Texas (collectively, the "**Debtors**").

8. The Debtors' business operations have significant overlap, including one major secured creditor (Rabo AgriFinance LLC) whose alleged claim exceeds $53,000,000.00 pursuant to its recent motion for relief from the automatic stay. Rabo claims cross-collateralization and a blanket lien on substantially all of the Debtors' assets. Further, many of the same vendors, customers and investors did business with all three Debtors. Finally, the owner of all three Debtor entities was Brian McClain.

9. All of the Debtors' business operations were shut down prior to their bankruptcy filings. All cattle and other livestock were apparently sold by the Debtors or removed by their alleged owner's pre-petition.

10. As discussed in prior pleadings, based upon the Trustee's investigation thus far, the Debtors' prebankruptcy operations appear to have constituted a massive fraud involving two cattle operations in Texas (Hereford and Friona) and one in Benton, Kentucky. The asserted unpaid claims exceed $175M so far, and the Debtors' records show several hundred million dollars flowing through the Debtors in the 3 years before bankruptcy. These cases will involve over 100 parties and their attorneys based upon the service list thus far.

11. The Debtors' owner, Mr. McClain, committed suicide on April 18, 2023, less than 2 weeks after the appointment of a Chief Restructuring Officer that was investigating the Debtors' financial affairs. The Trustee's investigation thus far, including with the assistance of the pre-bankruptcy CRO, has been considerable and will be ongoing for some time due to, among other things, the Debtors' poor and unreliable records.

12. It appears that the Debtors' cattle operations included at least some actual cattle transactions whereby, in some instances, the Debtors' purchased cattle ("**Cattle Purchases**"), and in other instances, took possession of third-parties' cattle for the Debtors' to fatten/grow prior to sale ("**Feed Yard Services**"). In addition to Cattle Purchases and Feed Yard Services, it appears that Mr. McClain also raised money from many "investors" pursuant to "partnership agreements" whereby the "investors" would advance funds to one of the Debtors to "purchase" unspecified cattle from the Debtor (that were purportedly already under a contract for sale in the future at a higher weight and price), the Debtor would continue to hold and feed the cattle at its expenses, and the investor and applicable Debtor intended to split the later profit 1/3 to the Debtor and 2/3 to the investor (the "**Partnership Agreements**").

13. Over 100 claimants have asserted claims exceeding $100 million with the United States Department of Agriculture ("**USDA**") under the Dealer Trust Statute for allegedly unpaid amounts for Cattle Purchases, cattle that were dropped off for Feed Yard Services, investments

under the Partnership Agreement, and possibly other transactions not yet specified by the claimants. Additionally, upon belief many of these claimants and possibly other parties ostensibly "reclaimed" millions of dollars of cattle in the chaotic period following Mr. McClain's death.

14. The Trustee has spent considerable time and resources investigating the Debtors' pre-bankruptcy financial affairs, and the investigation is ongoing. Based upon his investigation thus far, the Trustee believes that the Debtors' estates may have claims against investors, lenders, and other agricultural entities.

### III.     RELIEF REQUESTED

15. By this Motion, the Trustee requests that the Court order the production of documents and electronic information and response to the interrogatory as set forth in the proposed Order attached as **Exhibit A** (the "**Production**").

16. Rule 2004 provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a) (emphasis added). *See also In re Fearn,* 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (the "examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor"); *In re GHR Energy Corp.,* 35 B.R. 534, 537 (Bankr. D. Mass. 1983); *In re Maidman,* 2 B.R. 18, 18-19 (Bankr. S.D. Fla. 1979). The scope of the Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin,* 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

17. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" *Id.* (*quoting Bank One, Columbus, N.A.*

*v. Hammond (In re Hammond),* 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of [a] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The standard for granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond,* 140 B.R. 197, 201 (S.D. Ohio 1992).

18. Here, good cause exists for ordering the Production. The Trustee needs to better understand the financial transactions involving the Debtors and their affiliates, and possible claims that may arise from same, which is a standard purpose behind Rule 2004.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter: (i) granting this Motion; (ii) ordering the Production; and (iv) granting the Trustee such other relief as may be appropriate.

Respectfully submitted,

By: */s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## CERTIFICATE OF CONFERENCE

As discussed in connection with the USDA discovery requests, the Trustee seeks discovery from over 100 parties. Conferencing with each party is not practical under the circumstances. Accordingly, the Trustee proposes that the parties each have an opportunity to review the Motion prior to the hearing, and present their objections for discussion by the parties prior to the hearing, or to the Court for ruling.

With respect to the instant motion, prior to the filing of this request, the undersigned has conferred generally with Steven Hoard, who stated that his clients did not have any objection conceptually to the request and would reserve specific objections until after an opportunity to fully evaluate the particulars of the request. The Trustee will continue to discuss and negotiate this matter in good faith with the parties.

*/s/ Hudson M. Jobe*
Hudson M. Jobe

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, a true and correct copy of the foregoing was served via the Court's ECF system on the debtor, debtor's counsel, the United States Trustee, and, all parties that have appeared and requested notice, and also via first-class mail postage-prepaid, on the following:

Curtis Jones Farms
1720 W. 13th Ave.
Emporia, KS 66801

Steven Hoard
500 South Taylor
Suite 800, LB #2113
Amarillo, TX 79120-1656

Kinsey Jones
30308 S. Carlson Rd.
Reading, KS 66868

Carol Bosshardt
3925 NW 151st Way
Newberry, FL 32669

Joseph Donelson Jones, II
39551 CR 439
Umatilla, FL 32784

*/s/ Hudson M. Jobe*
Hudson M. Jobe