UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Creditor Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

**RABO'S RESPONSE TO THE TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION REGARDING OTHER PRODUCED DISCOVERY**

Rabo AgriFinance LLC ("**Rabo**"), through counsel, responds as follows to the *Trustee's Motion for Rule 2004 Examination Regarding Other Produced Discovery* (the "**Trustee's Motion**"), filed February 7, 2024 as Dkt. 176:

1. Rabo does not oppose that portion of the Trustee's Motion which requests that discovery provided to parties in interest pursuant to Rule 2004 orders issued in these jointly administered cases, including documents provided to Rabo pursuant to Rule 2004 orders that Rabo obtained, be provided to the Trustee. In fact, Rabo has already voluntarily provided the Trustee with numerous records and documents that Rabo has received from third parties in response to the Rule 2004 subpoenas that Rabo has issued and served in these jointly administered cases. Rabo has also voluntarily provided the Trustee with certain of its own business records related to its loans to the McClain Debtors. This has all been done without the need for the Court to issue a Rule 2004 Order, or the Trustee to serve Rabo with any subpoenas.

2. The Trustee's Motion outlines the various Rule 2004 motions that Rabo has filed and identifies the third parties that were the subject of those motions. If the Trustee believes that Rabo has not provided the documents and records provided to Rabo by any of these third parties, the Trustee or his counsel is welcome to contact Rabo's counsel and, to the extent such records exist in electronic form, electronic copies will be sent to the Trustee forthwith via ShareFile or through some other means. But Rabo should not have to guess about which records the Trustee has received and which documents he believes he still needs to see.

2

3.      Rabo requests clarification, however, regarding precisely what the Trustee is asking this Court to order.  Rabo clearly understands the Trustee's request for copies of any documents or materials produced in response to Rule 2004 motions that various parties (including Rabo) have filed in these jointly administered bankruptcy cases.  But page 7 of the Trustee's motion appears to request all discovery received or to be received "from any party in the Debtors Bankruptcy Cases or the 2B Bankruptcy Cases," even if such discovery is provided in adversary proceedings or civil actions that may simply involve parties who also are parties to these bankruptcy cases who may have had dealings with the McClain Debtors.

4.      For example, footnote 2 on page 7 references the lawsuit filed by First Bank & Trust against 2B Farms to which Rabo is now a party by virtue of a third-party complaint that 2B Farms filed against Rabo.  Rabo does not believe it would be appropriate for this Court to order that discovery produced in litigation in which the Trustee is not a party and that does not directly involve the Debtors or their assets.  For example, in the 2B Farms adversary proceeding, 2B Farms has asserted fraudulent transfer claims against Rabo, and Rabo in turn has asserted damage claims against both 2B Farms and the First Bank & Trust.  Rabo has also objected to the Robinsons' discharge.

5.      Simply put, requiring parties to produce discovery from litigation to which such parties are involved simply because such parties also are creditors/parties in these bankruptcy cases and the discovery relates in some way to the McClain Debtors could cause substantial issues.  For example, it is highly likely that such litigation may involve confidential or proprietary matters and that the parties will likely enter into protective orders to protect

3

confidential and proprietary information and ensure that any discovery is only used in the litigation for which such information is produced. Having an Order from this Court issued in these bankruptcy cases requiring parties to produce discovery from other cases when the Trustee is not a party to such litigation would be problematic. The parties may well find themselves dealing with competing Orders; an Order issued in these cases telling them they have to provide information and documents to the Trustee, while at the same operating under protective orders in those other cases (including cases not yet filed) which preclude the parties from disclosing such information to non-parties such as the Trustee.

6. For the foregoing reasons, any Order granting the Motion should clarify that the Order applies only to discovery obtained by parties in these jointly administered bankruptcy cases pursuant to Rule 2004 Orders and subpoenas issued as part of these bankruptcy cases, and that the Order <u>does not</u> apply to written discovery exchanged in litigation wherein the Trustee is not a party to such litigation absent further orders of the Court after appropriate notice to the parties in such litigation and opportunity to be heard. Further, the Court's Order should clarify that, to the extent a party has received Rule 2004 discovery in these bankruptcy cases that were produced pursuant to a protective order, the parties need not provide that discovery to the Trustee unless either (a) the Trustee becomes a party to the protective order, or (b) the producing party consents that such discovery can be shared with the Trustee.

7. Finally, as one of the grounds cited by the Trustee for his motion is aiding "the parties in minimizing duplicate discovery" [Motion at 2], the Trustee also should clarify whether he intends to share documents and records that either have been or will be provided by third

parties. For example, the Trustee identifies several Rule 2004 motions that were filed by AgTexas PCA and Thorlakson Diamond T. Feeders, LP. While counsel for AgTexas and Thorlakson Diamond T. Feeders, LP have shared with Rabo some of the records they have obtained (for example, the Mechanics Bank records they received), Rabo has not been privy to other records these creditors have obtained through other subpoenas they have issued (for example, records these creditors may have obtained from Ampleo, Oklahoma National Stockyards Company, First Bank & Trust, Community Financial Services Bank, Angela Powell, H&R Block and ADPOWELL, Inc.).

8. Additionally, Rabo notes that the Trustee has also filed a Rule 2004 motion directed to "Non-USDA Claimants" [Dkt. 179], and a Rule 2004 motion directed to "Life Insurance" [Dkt. 178]. Does the Trustee plan on sharing any of the records he receives pursuant to these motions with Rabo and the other parties who are interested in these cases?

WHEREFORE, PREMISES CONSIDERED, Rabo prays that any Order entered on the Trustee's Motion be limited to discovery provided to parties in interest pursuant to Rule 2004 orders issued in these jointly administered cases, and that the Court decline to require that parties/creditors in these jointly administered cases also provide to the Trustee discovery they have obtained or may in the future obtain in litigation in which the Trustee is not a party. Also, to minimize duplicative discovery, the Trustee should be directed to provide all discovery he receives pursuant to the Court's order to any creditor or party in interest in these jointly administered cases who requests a copy of such discovery.

DATED this 1st day of March, 2024.

        UNDERWOOD LAW FIRM, P.C.
        Thomas C. Riney, SBN: 16935100
        W. Heath Hendricks, SBN: 240556451
        500 South Taylor, Suite 1200, LB 233
        Amarillo, Texas 79101
        Telephone: (806) 376-5613
        Facsimile: (806) 379-0316
        Email: tom.riney@uwlaw.com
        Email: heath.hendricks@uwlaw.com

        --and--

        RAY QUINNEY & NEBEKER P.C.
        Michael R. Johnson *(Pro Hac Vice)*
        36 South State, Suite 1400
        Salt Lake City, UT 84111
        Telephone: (801) 532-1500
        Facsimile: (801) 532-7543
        Email: mjohnson@rqn.com

        */s/ Michael R. Johnson*
        Michael R. Johnson
        *Attorneys for Rabo AgriFinance LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2024, the foregoing document was filed with the Clerk of the Court in the lead case of McClain Feed Yard, Inc., Case No. 23-20084-7-rlj, which sent notice of electronic filing to all electronic filing users in that case, including the following:

- Rachel E Barr    rbarr@namanhowell.com
- Charles Dunham Biles    dunham@bileswilson.com
- Charity S Bird    cbird@kaplanjohnsonlaw.com, hfrint@kaplanjohnsonlaw.com;charity-bird-9970@ecf.pacerpro.com;tyeager@kaplanjohnsonlaw.com
- Shawn Kevin Brady    sgodwin@brady-law-firm.com, sbrady@brady-law-firm.com
- Daniel P. Callahan    dpc@kesslercollins.com, gld@kesslercollins.com
- Michelle D. Esparza    mesparza@dickinsonwright.com, hkott@dickinson-wright.com
- Todd Farmer    todd@farmerwright.com, stephanie@sfk-law.com
- William Adam Franklin    bfranklin@bdflawfirm.com
- Nicole E. Gorovsky    ngorovsky@jenkinskling.com, cwoods@jenkinskling.com
- William Heath Hendricks    heath.hendricks@uwlaw.com, roberta.duke@uwlaw.com;isabel.esparza@uwlaw.com
- Marcus Herbert    herbertlaw@vci.net
- Steven Lee Hoard    shoard@mhba.com, ssepulveda@mhba.com;eanderson@mhba.com
- Hudson M. Jobe    hjobe@qslwm.com, nchancellor@qslwm.com
- Michael R. Johnson    mjohnson@rqn.com, asanchez@rqn.com;docket@rqn.com
- Todd Jeffrey Johnston    tjohnston@mcjllp.com, tlofgren@mcjllp.com
- Aaron Michael Kaufman    akaufman@grayreed.com, cgillam@grayreed.com
- Jamie Kirk    bk-jkirk@texasattorneygeneral.gov, sherri.simpson@oag.texas.gov
- John R. Lane    johnlaneassociates@gmail.com, mcountryman@jrl-law.com;rdaniel@jrl-law.com;johnlane@jrl-law.com
- Keith James Larson    kjl@mpmfirm.com
- David L. LeBas    dlebas@namanhowell.com, jaucoin@namanhowell.com
- Abel Angel Leal    abel@ssbtxlaw.com, abel@leal.law
- John H. Lovell    john@lovell-law.net, paula@lovell-law.net;melissa@lovell-law.net;kaye@lovell-law.net;courtney@lovell-law.net;dana@lovell-law.net
- John F. Massouh    john.massouh@sprouselaw.com, sherida.stone@sprouselaw.com
- Joseph H Mattingly    joe@mattinglylawoffices.com
- Matthew S Merriott    matthew@lovell-law.net, kaye@lovell-law.net;alexis@lovell-law.net
- Amber Miller    amiller@cdmlaw.com, mlong@cdmlaw.com
- John Robert Nelson    jnelson@dickinsonwright.com, mdallaire@dickinsonwright.com
- Kenneth R. Netardus    knetardus@sjblawfirm.com, rmcmurry@sjblawfirm.com

- Jeff P. Prostok   jprostok@forsheyprostok.com, calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;jprostok@ecf.courtdrive.com;khartogh@forsheyprostok.com;khartogh@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net
- Kent David Ries   kent@kentries.com
- Kent David Ries   trustee@kentries.com, TX41@ecfcbis.com
- Dylan Tanner Franklin Ross   dylan.ross@reedsmith.com, calendar@forsheyprostok.com;calendar_0573@ecf.courtdrive.com;drossfp@ecf.courtdrive.com;khartogh@ecf.courtdrive.com;khartogh@forsheyprostok.com;forsheyprostokllp@jubileebk.net
- Max Ralph Tarbox   jessica@tarboxlaw.com, tami@tarboxlaw.com;bkecf_tarbox@bkexpress.info;rmr76455@notify.bestcase.com
- Dawn Whalen Theiss   dawn.theiss@usdoj.gov, brooke.lewis@usdoj.gov;CaseView.ECF@usdoj.gov
- United States Trustee   ustpregion06.da.ecf@usdoj.gov
- David Weitman   david.weitman@klgates.com
- Kyle Weldon   kyle@bradburycounsel.com
- Julian Whitley   julian@ekdlaw.com

I also hereby certify that on March 1, 2024, the foregoing document was sent to the following parties via first class mail postage-prepaid:

**Robert J. Blankenship**
Attorney Support Group
P.O. Box 201
Boyd, TX 76023

**Tom Blankenship**
Blankenship & Edwards
PO Box 571
Benton, KY 42025

**Canyon Rim Consulting, LLC**
301 S Polk St., Ste 815
Amarillo, TX 79101

**LainFaulkner**
400 N St. Paul, Ste 600
Dallas, TX 75201

**Matthew S. Marriott**
Lovell Lovell Isern & Farabough, LLP
112 West 8th Avenue
Suite 1000
Amarillo, TX 79101-2314

**Quilling, Selander, Lownds, Winslet & Moser**
2001 Bryan Street, Ste 1800
Dallas, TX 75201

            */s/ Michael R. Johnson*
            Michael R. Johnson

1663546

9