Jeff P. Prostok
State Bar No. 16352500
Harrison Pavlasek
State Bar No. 24126906
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
hpavlasek@forsheyprostok.com

*Counsel to MAP Enterprises, Inc.*

Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
hjobe@qslwm.com

*Special Counsel to The Trustee*

Michael R. Johnson (*Pro Hac Vice*)
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
mjohnson@rqn.com

*Counsel to Rabo AgriFinance, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC.., *et al.*,[1] | § | Case No. 23-20084-RLJ-7 |
| | § | |
| Debtors. | § | Jointly Administered |

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order (the "Protective Order") is entered into by and between (i) Rabo AgriFinance LLC ("Rabo") (ii) Kent Ries, Chapter 7 Trustee (the "Trustee") and (iii) MAP Enterprises, Inc. ("MAP") (collectively, the "Parties"), by and through their counsel of record to facilitate the exchange of information and documents which may be protected from disclosures by privileges, trade secret protections, and/or which may be protected from disclosure on the

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

grounds that the documents or information constitute confidential financial or other proprietary information, that the following should be submitted to the Court for entry in this matter:

**NOTWITHSTANDING ANY OTHER TERM OF THIS ORDER, NOTHING IN THIS ORDER SHALL IN ANY WAY RESTRICT THE TRUSTEE'S USE OF ANY RECORDS OF THE DEBTORS (INCLUDING BUT NOT LIMITED TO THE DEBTORS' BANKING RECORDS) OR ANY DOCUMENT TO WHICH THE DEBTOR IS A PARTY.**

### DEFINITIONS

1. Action: "Action" shall refer to the above-captioned bankruptcy proceedings, McClain Feed Yard, Inc. (Case No. 23- 20084), (b) McClain Farms, Inc. (Case No. 23-20085) and 7M Cattle Feeders, Inc. (Case No. 23-20086).in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, including any adversary actions or other related litigation to which the Trustee is a party.

2. Party: "Party" means the Chapter 7 Trustee, Rabo or MAP, including their respective agents, employees, officers, directors, attorneys, and other representatives.

3. Counsel: "Counsel" means counsel retained by any Party, including counsel executing this Protective Order, and in-house counsel for either of the Parties.

4. Discovery Material: "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts or tangible things) that are produced or generated in response to a subpoena or discovery directed towards a Party or non-party in this Action, a filing in this Action, or an order by the Court.

5. Designating Party: "Designating Party" means any Party or non-party that designates materials or disclosures produced or utilized in this Action (by any Party or any third party, pursuant to subpoena or otherwise) as Confidential Material.

6. Receiving Party: "Receiving Party" means any Party to this Action and all employees, agents, officers, representatives and directors (other than Counsel) of the Party, who

receives Discovery Material.

7. <u>Producing Party</u>: "Producing Party" means a Party or non-party that produces or discloses Discovery Material in this Action.

8. <u>Conclusion of this Action</u>: "Conclusion of this Action" means the date on which the Action is settled or on which all judicial review and rights to review have been exhausted, whichever is earlier.

9. <u>Confidential Material</u>: "Confidential Material" means (1) material which has not been made public and which contains proprietary, sensitive financial, customer relationship, or trade secret information; (2) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or competitive nature; (3) material which has not been made public and which is protected from disclosure by federal or state constitutional, statutory and common law, including, but not limited to, rights of privacy of the Parties and of third parties; and (4) any other category of information hereafter given Confidential Material status by the Court or by agreement of the Parties.

10. <u>Protected Material</u>: "Protected Material" means any Discovery Material, and any document embodying or disclosing the contents of such Discovery Material, that is designated as Confidential Material in accordance with the terms of this Stipulated Protective Order.

11. <u>Redacted Material</u>: "Redacted Material" means a portion or items in Discovery Material that is redacted by a Party due to a Party's good faith belief that the information redacted is privileged, particularly confidential, sensitive or proprietary commercial or financial information.

12. <u>Disclosure</u>: "Disclosure" or "Disclose(d)" means to reveal, divulge, give, or make available materials, or any part thereof, or any information contained therein.

13. <u>Testimony</u>: "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

14. <u>Criteria for Classification</u>: Any Party or non-party who produces Discovery Material in this Action may designate such material as Confidential Material in accordance with the

provisions of this Stipulated Protective Order so long as they believe in good faith that the information so designated meets the definition of Confidential Material set forth in this Stipulated Protective Order.

15. <u>Time of Designation</u>: Unless otherwise agreed between counsel for the parties, or as otherwise specified herein, the designation of Discovery Material as Confidential Material shall be made at the following times:

    a. For documents or things: if designated by the Producing Party as Confidential Material, at the time of the production of the documents or things; if designated by a Designating Party other than the Producing Party, within 30 days of the date the Designating Party received the production;

    b. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents: at the time of the service or filing, whichever occurs first;

    c. For testimony: at the time such testimony is given by a statement designating the testimony as Confidential Material made on the record or within 30 days after receipt of the transcript of the deposition as set forth herein.

16. <u>Manner of Designation</u>: The designation of Discovery Material as Confidential Material shall be made in the following manner:

    a. For documents, by placing the notation "Confidential" or similar legend on each page or portion of such document. For documents produced in native format, the producing party will provide a Bates-stamped cover page indicating the document was produced in native format, and the cover page shall be marked with the "Confidential" designation;

    b. For tangible things, by placing the notation "Confidential" on the object or container thereof or if impracticable, as otherwise agreed by the Parties;

    c. For declarations, correspondence, expert witness reports, written discovery responses, filings with the court, pleadings, and any other documents containing Confidential

Material, by placing the notation "Confidential" both on the face of such document and on any designated pages of such document; and

    d. For testimony, by orally designating such testimony as being "Confidential" at the time the testimony is given or by giving written notice to all Parties within 30 days after receipt of the transcript of a deposition.

    17. <u>Inadvertent Disclosure</u>:

    a. Protected Material not designated as Confidential Material prior to disclosure through mistake or inadvertence shall nevertheless be deemed Confidential Material upon notice of such mistake to the Receiving Party. Each Party maintaining custody of such documents shall protect their confidentiality notwithstanding the fact that they have not been marked "Confidential."

    b. Where a Producing Party has inadvertently produced a document that the Producing Party later claims should not have been produced because of attorney-client privilege, attorney work product privilege, or any other applicable privilege under state or common law, or due to the highly-confidential and/or trade secret status of the information, Producing Party shall not be held to have waived any rights by such inadvertent production and it shall be without prejudice to any claim that such item is not Protected Materials. The Producing Party may request the return of any such document by making a written request within twenty (20) business days of discovering that it was inadvertently produced. A request for the return of any document shall identify the document by Bates number and the basis for asserting the document (or portions thereof) is privileged and the date of discovery of the inadvertent production. If a Producing Party requests the return of any such document from another Party, the Party to whom the request is made shall within five (5) business days return to the Producing Party all copies of the document within its possession, custody, or control (including but not limited to all copies in

possession of any experts or consultants) or shall contest the claim of privilege or inadvertent production. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Receiving Party may file and serve a motion or other application acceptable by the Court to determine that the document is not privileged. Until such a judicial determination is made, the alleged privileged document shall be afforded privileged status and the Producing Party shall have the exclusive right to possession of the contested documents. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

c.     Nothing in paragraph (b) shall supersede the duties of the parties to immediately inform the Producing Party of the receipt of inadvertently disclosed privileged material.

18.    <u>Use in This Action Only</u>: All Confidential Materials in this Action are private and confidential and shall be used by the Receiving Party or its Counsel only for the prosecution or defense of this Action. In the event any Confidential Materials are Ordered to be produced in any matter between any Party and a third party or parties, the party subject to such an Order shall provide the other Party with reasonable notice of the Order.

19.    Additionally, neither the Receiving Party nor its Counsel nor anyone receiving Confidential Materials from either Receiving Party or its Counsel may contact any person or entity

identified in any Confidential Materials with respect to any matter arising from or related to this Action or its relationship with a Designating Party without obtaining approval from the Court, unless the Designating Party otherwise agrees after being provided the reason such contact is necessary. The foregoing shall not apply to any informal requests for discovery from the Trustee, discovery requests issued under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure.

20. If, after execution of this Stipulated Protective Order, any Protected Materials submitted by a Designating Party under the terms of this Stipulated Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulated Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such materials to the immediate attention of the Designating Party.

21. This Stipulated Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulated Protective Order to any Protected Materials by that Party. If the Designating Party uses Protected Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

22. <u>Disclosure of Confidential Material to Qualified Persons</u>: Protected Material may be disclosed and copies may be provided by the Receiving Party to any of the following "qualified persons":

    a. Individual employees, officers, or directors of a Receiving Party, but only to the extent that Counsel for the Receiving Party determines in good faith that the employee's assistance is reasonably necessary to the conduct of the Action;

    b. Counsel, as defined above;

    c. Paralegal, secretarial, and clerical employees of Counsel representing any Party in the Action;

7

  d. The Court and the Court's staff whose duties require access to information lodged or filed in connection with the Action;

  e. Any non-party support services including, but not limited to, stenographers, reporters, other persons involved in recording or transcribing testimony in the Action; employees of copying, microfilming, or other services engaged to reproduce, scan, or store Protected Materials in the Action;

  f. Experts and consultants retained or consulted by Counsel concerning the Action and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged, provided that such persons receive a copy of this Protective Order and agree in writing to be bound by it in the form of the attached Exhibit A;

  g. Persons who prepared the Protected Materials;

  h. Any mediator utilized for this dispute; and

  i. Any other person as to whom the Parties agree in writing.

23. <u>Redactions</u>:  A Party may produce Discovery Material as Redacted Material if the Designating Party believes in good faith the redactions are necessary to protect particularly sensitive, confidential, proprietary, commercial, or financial information, as well as information protected by the attorney client, work product, or other applicable privilege.

24. <u>Providing Copies of the Stipulated Protective Order to Qualified Persons</u>: It shall be the responsibility of Counsel to provide copies of this Stipulated Protective Order to qualified persons receiving Protected Material, and to maintain compliance with this Stipulated Protective Order by qualified persons, including the signature of qualified persons on the attached Exhibit A.

25. <u>Additional Authorized Disclosure</u>: Notwithstanding any other provisions of this Stipulated Protective Order, Protected Material may be disclosed and copies may be provided:

  a. To persons who can be shown from the face of the document to have authored, prepared, or received the Protected Material;

   b. To any other persons with the prior written consent of the Designating Party that designated the Protected Material as Confidential Material;

   c. To any other persons with the prior authorization of the Court; and

26. <u>Objections to Designation</u>: During the pendency of this Action, any Party objecting to the designation of any Discovery Materials as Confidential Material or Redacted Material shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to respond as to whether it will agree to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections. If Counsel for the Designating Party does not so agree, the Party objecting shall have the burden of filing a motion with the Court seeking to de-designate the relevant designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place.

## USE OF PROTECTED MATERIAL

27. The Parties agree to fully cooperate with each other in ensuring that Discovery Materials that are subject to the Stipulated Protective Order are not disclosed. The Parties therefore agree that Protected Material shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to it under this Stipulated Protective Order, shall not be disclosed by the Receiving Party to any Party or person not entitled under the terms of this Stipulated Protective Order to have access to such material, and shall not be used for any purpose other than in connection with this Action.

28. Protected Material may be used in testimony or offered into evidence at any hearing, used to support or oppose any motion, or used to prepare for and conduct discovery in

this Action, subject to this Stipulated Protective Order. If Protected Material is used in testimony or offered into evidence at any hearing in the Action, the Party offering such testimony or evidence shall notify the Court of the confidential nature of such information

29. Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of Confidential Material. This Stipulated Protective Order is without prejudice to any Party seeking an Order imposing further restrictions on the dissemination of Confidential Material. Nothing in this Stipulated Protective Order shall prevent any Designating Party from using or disclosing its own Confidential Material as it deems appropriate.

30. The designation of Discovery Material as Confidential Material by a Party or the failure by a Party to object to the designation of Discovery Material as Confidential Material shall not be deemed a conclusive determination or admission that such material constitutes a trade secret of the Producing Party.

31. Nothing herein shall be construed to prevent disclosure of Protected Material if such disclosure is required by law. However, if another court or administrative agency subpoenas or orders production of Protected Material that a Party has obtained under the terms of this Stipulated Protective Order, such Party shall promptly notify the Designating Party of the pendency of the subpoena or order by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Protected Material, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any Protected Materials pursuant to the subpoena prior to the date specified for production on the Subpoena.

**RETURN OR DESTRUCTION OF DOCUMENTS OR INFORMATION**

32. No later than sixty (60) days after Conclusion of the Action, each Receiving Party or other individuals subject to this Stipulated Protective Order shall be under an obligation to destroy or return to the Designating Party any Protected Material subject to this Stipulated Protective Order that is in his or her possession, custody or control, including all copies thereof. Notice of the destruction or return of any such Protected Material shall be made by Counsel in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, receiving Counsel shall be entitled to retain all litigation documents containing Protected Material which become part of this Action's record, including pleadings, briefs, and exhibits. The Trustee shall not be subject to this Paragraph.

### RIGHT TO FURTHER RELIEF

33. Nothing in this Stipulated Protective Order shall abridge the right of any person to seek modification or amendment of this Stipulated Protective Order from the Court.

### RIGHT TO ASSERT OTHER OBJECTIONS

34. This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

### SURVIVAL

35. All obligations and duties arising under this Stipulated Protective Order shall survive the termination of this Action. The Court shall retain jurisdiction over the parties hereto and all non-party recipients of Protected Material with respect to any dispute regarding the improper use of Protected Material disclosed pursuant to this Stipulated Protective Order.

### VIOLATION OF PROTECTIVE ORDER

36. Any intentional violation of this Stipulated Protective Order may subject the offending Party or non-party to such additional and further remedies as may be available to the aggrieved Party or non-party.

### AMENDMENT OF PROTECTIVE ORDER

37. This Stipulated Protective Order may be amended by the written stipulation of the Parties or by the Court upon a showing of good cause.

38. Any Party to the Action who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

## EXECUTION AND COUNTERPARTS

39. This Stipulated Protective Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile or electronically scanned signatures of any Party shall be deemed originals.

**STIPULATED AND AGREED BY:**

| | |
|---|---|
| FORSHEY & PROSTOK, LLP | RAY QUINNEY & NEBEKER P.C. |
| */s/ Jeff. P. Prostok* | */s/ Michael R. Johnson* |
| Jeff P. Prostok | Michael R. Johnson (*Pro Hac Vice*) |
| State Bar No. 16352500 | 36 South State Street, Suite 1400 |
| Harrison Pavlasek | Salt Lake City, Utah 84111 |
| State Bar No. 24126906 | Telephone: (801) 532-1500 |
| FORSHEY & PROSTOK LLP | Facsimile: (801) 532-7543 |
| 777 Main St., Suite 1550 | mjohnson@rqn.com |
| Ft. Worth, TX 76102 | |
| Telephone: (817) 877-8855 | *Counsel to Rabo AgriFinance, LLC* |
| Facsimile: (817) 877-4151 | |
| jprostok@forsheyprostok.com | |
| hpavlasek@forsheyprostok.com | |

*Counsel to MAP Enterprises, Inc.*

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.

*/s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
hjobe@qslwm.com

*Special Counsel to The Trustee*

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| MCCLAIN FEED YARD, INC.., *et al.*,[2] | § § | Case No. 23-20084-RLJ-7 |
| Debtors. | § § | Jointly Adminstered |

## CONFIDENTIALITY AGREEMENT

I, _____, hereby affirm that:

Information, including documents and things, designated as "CONFIDENTIAL" as defined in the Protective Order entered in the above-captioned case ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms. I submit to the jurisdiction of the United States District Court for the Northern District of Texas, Amarillo Division for enforcement and any remedies for violations of the Protective Order.

I agree not to use any "CONFIDENTIAL" information disclosed to me pursuant to the Protective Order except for purposes specifically authorized by the Protective Order and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as "CONFIDENTIAL" or by court order. I also agree to notify any stenographic, clerical, or

---

[2] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as "CONFIDENTIAL" or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials designated "CONFIDENTIAL" including all copies thereof, and any writings prepared by me containing any Confidential Information, are to be (1) returned to the person(s) who provided me with such documents and materials, (2) destroyed, or (3) permanently deleted.

Signature: _____

Printed Name: _____

Date: _____