David L. LeBas, SBN 12098600
dlebas@namanhowell.com
Rachel E. Barr, SBN 24118185
NAMAN HOWELL SMITH & LEE PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
Ph. (512) 479-0300
Fax (512) 474-1901

*ATTORNEYS FOR AGTEXAS FARM CREDIT SERVICES
AGTEXAS, PCA AND
THORLAKSON DIAMOND T FEEDERS, LP*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors | § | Jointly Administered[1] |

## THORLAKSON DIAMOND T FEEDERS, LP'S RESPONSE AND OBJECTIONS TO TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF USDA DEALER TRUST CLAIMANTS AND BRIEF IN SUPPORT THEREOF

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and L.B.R. 2004-1, Thorlakson Diamond T. Feeders, LP ("Thorlakson" or "Respondent"), a creditor, a party in interest, and a USDA Dealer Trust Claimant in the above-entitled Chapter 7 cases, files this Response and Objections to the Trustee's Motion For Rule 2004 Examination of USDA Dealer Trust Claimants [Dkt. 174], and would respectfully show unto the Court the following:

---

[1] The Debtors in these chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

1

# I.
# SUMMARY OF ARGUMENT

Trustee admits that Debtors' operations appear to have constituted a massive fraud involving its cattle operations in Texas and in Kentucky and that Debtors' records are in disarray. [*See* Dkt. 174 at ¶ 10.] At first blush, it appears that Trustee's Motion is limited to matters associated with claims filed under the USDA Dealer Trust Statute. However, the Trustee's Motion requests this Court permit him to delve into *every* transaction involving the Debtors—without any limits as to scope or time—and asks the Court order that Respondent creates documents and information that do not exist.

The Trustee's Motion should be denied. The Motion fails as a matter of law for at least two reasons. First, the Trustee's Motion exceeds the scope permitted under Bankruptcy Rule 2004, is overly burdensome to the Respondent, and is unreasonable as to the time requirements and costs the Trustee attempts to avoid and foist on Respondent. Second, the Trustee's Motion is procedurally defective because it improvidently asks the Court to allow him to bypass the requirements of issuing a subpoena to Respondent in the district where compliance is required under the Federal Rules of Civil Procedure. FED. R. CIV. P. § 45(c)(1). Respondent has the procedural safeguards of filing a motion to quash or modify the subpoena in the court in the district where compliance is required. FED. R. CIV. P. §§ 45(e) and (g). Granting the Trustee's Motion would deprive Respondent of these safeguards afforded under the Federal Rules of Civil Procedure.

# II.
# ARGUMENT AND APPLICABLE AUTHORITIES

*Objection to the scope of the 2004 Request*

Rule 2004 provides for examinations of non-debtor entities as they relate "only to the acts, conduct, or property or to the liabilities and financial conditions of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge." FED. R.

2

BANKR. P. § 2004(b). When the target of a proposed Rule 2004 Motion objects, the Court must first determine whether the examination is proper. *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002). Notwithstanding the scope of a Rule 2004 examination, it may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs, and it is not intended to provide the debtor unlimited access to the internal affairs of its creditors. *In re GHR Energy Corp.*, 33 B.R. 451, 455 (Bankr. D. Mass. 1983). Moreover, in deciding the scope of the examination, the Court can consider the costs associated with compliance and limit the scope of the examination accordingly. *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (noting the scope of a 2004 examination is not limitless and should not be so broad as to be more disruptive and costly to the debtor than beneficial to the creditor). Here, the requested examination is outside the scope of Rule 2004, and is overly broad and unduly burdensome.

In his *Requested Documents*, the Trustee seeks all documents and electronically stored information regarding the transfer of "property" by Respondent to the Debtors or the Debtor Affiliates or by the Debtors or the Debtor Affiliates to Respondent. The Debtors encompass three separately identified entities. The Debtor Affiliates encompass eight separately identified individuals and/or entities. Moreover, the Trustee seeks all documents and electronically stored information from not only these eleven separately identified entities but from "any entities affiliated with the [Debtor Affiliates]"[2] and, applicable to both the Debtors and the Debtor Affiliates, from all officers, directors, members, employees, attorneys, agents and representatives of the foregoing without identifying this rather expansive universe of extended parties. [*See* Dkt. 174-1 at Exhibit A.]

If that request did not already stretch the bounds, the Trustee imposes no time constraints on this request and instead insists on obtaining records dating back to time immemorial. This encompasses (i) all transfers of property by Respondent, or anyone on Respondent's behalf, to the

---

[2] "affiliated" being an undefined term in Dkt. 174-1 at Exhibit A.

3

Debtors or the Debtor Affiliates or anyone on their behalf, and (ii) all transfers of property by the Debtors or the Debtor Affiliates, or anyone on their behalf, to Respondent, or anyone on Respondent's behalf. [*See* Dkt. 174-1 at Exhibit A.]

To add to the already excessively burdensome request, the Trustee specifies that the requested information encompasses, but is not confined to: (1) banking records (such as bank statements, copies of checks, wire instructions, wire receipts, ledger entries); (2) investment contracts, agreements, invoices, or receipts, including shipping records or other records concerning livestock sales involving any of the Debtors or the Debtors' Affiliates; and (3) communications with any party concerning any such transfers." [*See* Dkt. 174-1 at Exhibit A.] The Trustee also seeks, from the beginning of time, "[a]ll communications . . . with or referencing the Debtors" aside from attorney-client communications.

Then, the Trustee asks the Court to order Respondent to answer his Interrogatory, which asks Respondent to identify every transfer of property made by it to the Debtors, or from the Debtors to Respondent. In conjunction with this Interrogatory, the Trustee asks Respondent to create a summary of the date, property, identification of transferring and receiving parties, and a description of any contract, invoice, or other agreement.

As set forth above, the document request, by seeking "communications with any party concerning any such transfers," is overbroad and arguably seeks Respondent's private financial transactions with its lenders, accountants, and other financial professionals without alleging any need for or relevance of this information. The requests not only encompass the individual Respondent, but also its "officers, directors, members, employees, attorneys, agents, representatives, and/or anyone else acting on [their] behalf." [*See* Dkt. 174-1 at Exhibit A.] As such, the costs that would be incurred by Respondent, for legal review, information technology (IT) review, and e-discovery production would be substantial, because to respond to such overly broad requests necessarily

4

requires going through all electronic devices from the beginning of time. Such a request is improper and prohibitive.

In light of the projected costs of producing the requested documents, there has been no discussion of cost-sharing between Respondent and Trustee (as well as all other Respondents the Motion is directed toward) on this extensive request, nor is it clear that the Trustee has any funds to make good on any obligations it may owe for cost-sharing. Respondent requests that this Court look to the factors set forth in *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) to establish a fair process. Those factors are as follows:

    1. The extent to which the request is specifically tailored to discover relevant information;

    2. The availability of such information from other sources;

    3. The total cost of production, compared to the amount in controversy;

    4. The total cost of production, compared to the resources available to each party;

    5. The relative ability of each party to control costs and its incentive to do so;

    6. The importance of the issues at stake in the litigation; and

    7. The relative benefits to the parties of obtaining the information.

*Zubulake*, 216. F.R.D at 284 (applying these factors for a discovery request under the "regular" rules of Federal Civil Procedure, but not specifically under the Bankruptcy Rules of Procedure).

Furthermore, the Interrogatory as phrased would require Respondent to generate a description of every document to be produced, despite the option to produce business records provided by FED. R. CIV. P. § 33(d) (Option to Produce Business Records). This would effectively require the creation of a document that does not exist as a business record, and, by requiring documents to be characterized, it seeks work product protected by the attorney work product privilege.

5

Respondent will agree to produce more targeted record requests beginning January 1, 2021, but otherwise renews its objection to scope, the unlimited time, overly broad and unduly burdensomeness request for documents. Respondent also objects to the Interrogatory to the extent the request is for communications with "any party," and for the other reasons stated herein.

### *The Trustee's Motion is procedurally defective*

In its Motion, the Trustee asks the Court to enter an Order requiring Respondent to comply with its request for production of documents and answer interrogatories. Trustee's Motion is procedurally defective. Should the Rule 2004 Motion be granted, Trustee should be required to issue subpoenas to Respondent in accordance with Rule 45 of the Federal Rules of Civil Procedure. The enforcement of a subpoena or any motion to quash or modify the subpoena must be brought in the "court in the district where compliance is required." FED. R. CIV. P. §§ 45(e) & (g). The "district where compliance is required" is within 100 miles of within the state where the person subject to the subpoena "resides, is employed, or regularly transacts business." FED. R. CIV. P. § 45(c)(1). Because Respondent resides or regularly conducts business outside of the subpoena range of this District, it has a right to file a motion to quash or modify the subpoena in the court in the district where its compliance is required.

For these reasons, the Court should deny the Trustee's request that its requested discovery be conducted through an Order from this Court, as to permit the same would deprive Respondent of the safeguards provided under Rule 45 of the Federal Rules of Civil Procedure.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Respondent respectfully requests that the Court deny the Motion. In the alternative, Respondent respectfully requests that the Court narrow the discovery requests as set out above and to order Trustee to comply with the applicable Federal Rules of Civil Procedure governing discovery under Rule 2004.

DATED this 4th day of March, 2024.

        NAMAN HOWELL SMITH & LEE PLLC
        8310 N. Capital of Texas Highway, Ste. 490
        Austin, Texas 78731
        Ph. (512) 479-0300
        Fax (512) 474-1901
        dlebas@namanhowell.com

        By: */s/ David L. LeBas*
        David L. LeBas
        State Bar No. 12098600
        Rachel Barr
        State Bar No. 24118185

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2024 the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

        */s/ David L. LeBas*
        David L. LeBas