| | |
|---|---|
| John Massouh, SBN 24026866 | Abel A. Leal, SBN 24026989 |
| John.massouh@sprouselaw.com | Of Counsel |
| Sprouse Shrader Smith PLLC | abel@ssbtxlaw.com |
| 701 S. Taylor, Suite 500 | Simmons Smith Brown, PLLC |
| Amarillo, Texas 79109 | 8144 Walnut Hill Lane, Suite 1080 |
| Tel. 806-468-3337 | Dallas, Texas 75231 |
| | Tel. 214-395-5325 |
| | Cody Simmons, SBN 24027981 |
| | cody@ssbtxlaw.com |
| | 400 13th Street |
| | Canyon, Texas 79015 |
| | Tel. 806-476-5090 |

*ATTORNEYS FOR RESPONDENTS LISTED ON EXHIBIT "1"*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| IN RE: | |
| | |
| McCLAIN FEED YARD, INC., et al.,[1] | CASE NO. 23-20084-7-rlj |
| | |
| *Debtors.* | Chapter 7 |
| | |
| | Jointly Administered |

## RESPONDENTS'[2] RESPONSE AND OBJECTIONS TO TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF USDA DEALER TRUST CLAIMANTS AND BRIEF IN SUPPORT THEREOF

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

Pursuant to Federal Rule of Bankruptcy Procedure 2004 and L.B.R. 2004-1, Respondents, creditors, parties in interest, file this Response and Objections to the Trustee's Motion For Rule 2004 Examination of USDA Dealer Trust Claimants (the "Motion") [Dkt. 174], and would respectfully show unto the Court the following:

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

[2] This Response is being filed on behalf of Respondents listed in Exhibit "1"

# I.
# RESPONSE AND OBJECTION

## A. Preliminary Statement

Trustee admits that Debtors' operations appear to have constituted a massive fraud involving its cattle operations in Texas and in Kentucky and that Debtors' records are in disarray. At first blush it appears that Trustee's Motion is limited to matters associated with claims filed under the USDA Dealer Trust Statute. However, Trustee's Motion requests that this Court to allow him to delve into every transaction involving the Debtors without any limits as to scope or time and asks the Court to order Respondents to create documents and information that do not exist.

The Trustee's Motion should be denied. The Motion fails as a matter of law for at least two reasons. First, the Trustee's Motion exceeds the scope permitted under Bankruptcy Rule 2004, is overly burdensome to the Respondents, and is unreasonable as to the time requirements and costs the Trustee attempts to avoid and foist on Respondents. Second, Trustee's Motion is procedurally defective because it improvidently asks the Court to allow him to bypass the requirements of issuing a subpoena to Respondents in the district where compliance is required under the Federal Rules of Civil Procedure. F.R. Civ. P. 45(c)(1). Respondents have the procedural safeguards of filing a motion to quash or modify the subpoena in the court in the district where compliance is required. F.R. Civ. P. 45(e) and (g). Granting the Trustee's Motion would deprive Respondents of these safeguards afforded under the Federal Rules of Civil Procedure.

## B. Objection and Response

Rule 2004 provides for examinations of nondebtor entities as they relate "only to the acts, conduct, or property or to the liabilities and financial conditions of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). When the target of a proposed Rule 2004 Motion objects, the Court

must first determine that the examination is proper. *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002). Notwithstanding the scope of a Rule 2004 examination, it may not be used as a device to launch into a wholesale investigation of a nondebtor's private business affairs and it is not intended to provide the debtor unlimited access to the internal affairs of its creditors. *In re GHR Energy Corp.*, 33 B.R. 451 (Bankr. D. Mass. 1983). Moreover, in deciding the scope of the examination, the Court can consider the costs associated with compliance and limit the scope of the examination accordingly. *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). Here, the requested examination is outside the scope of Rule 2004, and is overly broad and unduly burdensome.

The Trustee seeks all documents and electronically stored information regarding the transfer of "property" by Respondents to the Debtors or the Debtor Affiliates or by the Debtors or the Debtor Affiliates to Respondents. The Debtors encompass three separately identified entities. The Debtor Affiliates encompass eight separately identified entities. Moreover, the Trustee seeks all documents and electronically stored information from not only these eleven separately identified entities but from "any entities affiliated with the [Debtor Affiliates]"[3] and, applicable to both the Debtors and the Debtor Affiliates, from all officers, directors, members, employees, attorneys, agents and representatives of the foregoing without identifying this rather expansive universe of extended parties. [*See* Dkt. 174-1 at Exhibit A.]

If that weren't already stretching the bounds, the Trustee imposes no time constraints on this request and instead, insisting on obtaining records dating back to time immemorial. This encompasses (i) all transfers of property by Respondents, or anyone on Respondents' behalf, to the Debtors or the Debtor Affiliates or anyone on their behalf, and (ii) all transfers of property by

---

[3] "affiliated" being an undefined term in Dkt. 174-1 at Exhibit A.

the Debtors or the Debtor Affiliates, or anyone on their behalf, to Respondents, or anyone on Respondents' behalf.[*See* Dkt. 174-1 at Exhibit A.]

As if that weren't already excessively burdensome, the Trustee specifies that the requested information encompasses, but is not confined to: (1) banking records (such as bank statements, copies of checks, wire instructions, wire receipts, ledger entries); (2) investment contracts, agreements, invoices, or receipts, including shipping records or other records concerning livestock sales involving any of the Debtors or the Debtors' Affiliates; and (3) communications with any party concerning any such transfers." [*See* Dkt. 174-1 at Exhibit A.]  The Trustee also seeks, from the beginning of time, "[a]ll communications . . . with or referencing the Debtors" aside from attorney-client communications.

Then the Trustee asks the Court to order Respondents to answer his interrogatory, which asks Respondents to identify every transfer of property made by it to the Debtors, or from the Debtors to Respondents.  In conjunction with this Interrogatory, the Trustee asks Respondents to create a summary of the date, property, identification of transferring and receiving parties, and a description of any contract, invoice, or other agreement.

As set forth above, the document request, by seeking "communications with any party concerning any such transfers," is overbroad and arguably seeks Respondents' private financial transactions with its lenders, accountants, and other financial professionals without alleging any need for or relevance of this information.  The costs that would be incurred by Respondents, both legal review, IT review and e-discovery production (lest we forget that requests to Respondents includes "[y]our officers, directors, members, employees, attorneys, agents, representatives, and/or anyone else acting on Your behalf" so the demand is not on one server system but on potentially dozens of server systems [*See* Dkt. 174-1 at Exhibit A.]), to respond to such overly broad requests

(i.e. especially going through all electronic devices from the beginning of time) is improper and prohibitive. There has been no discussion of cost-sharing between Respondents and Trustee on this extensive request nor is clear that the Trustee has any funds to make good on any obligations it may owe for cost-sharing. Respondents request that this Court look to the factors set forth in *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 284 (S.D.N.Y. 2004) to establish a fair process regarding the extensive discovery Trustee seeks from Respondents.

In addition, the Interrogatory as phrased would require Respondents to generate a description of every document to be produced, despite the option to produce business records provided by FRCP 33(d) (Option to Produce Business Records). Furthermore, this would impermissibly require the creation of a document that does not exist as a business record, and, by requiring documents to be characterized, it seeks work product protected by the attorney work product privilege.

Respondents will agree to produce more targeted record requests beginning April 28, 2021, but otherwise renews its objection to scope, the unlimited time, overly broad and unduly burdensomeness request for documents. Respondent also objects to the Interrogatory to the extent the request is for communications with "any party," and for the other reasons stated herein.

C.  **Trustee's Motion is procedurally defective.**

In its Motion, the Trustee asks the Court to enter an Order requiring Respondents to comply with its request for production of documents and answer interrogatories. Trustee's Motion is procedurally defective. Should the Rule 2004 be granted, Trustee should be required to issues subpoenas to Respondents in accordance with Rule 45 of the F. R. Civ. P. The enforcement of a subpoena or any motion to quash or modify the subpoena must be brought in the "court in the district where compliance is required." F.R. Civ. P. 45(e) & (g). The "district where compliance

is required" is within 100 miles of within the state where the person subject to the subpoena "resides, is employed, or regularly transacts business." F.R. Civ. P. 45(c)(1). Because the majority of the Respondents reside or regularly conduct business outside of the subpoena range of this District, they have a right to file a motion to quash or modify the subpoena in the court in the district where their compliance is required.

For these reasons, the Court should deny the Trustee's request that its requested discovery be conducted through an Order from this Court, which would deprive Respondents the safeguards provided under Rule 45 of the F. R. Civ. P.

**D.    Prayer**

Respondents respectfully request that the Court deny the Motion. In the alternative, Respondents respectfully request that the Court narrow the discovery requests as set out above and to order Trustee to comply with the applicable Federal Rules of Civil Procedure governing discovery under Rule 2004.

DATED this 4th day of March, 2024.

Respectfully submitted,

John Massouh, SBN 24026866
John.massouh@sprouselaw.com
SPROUSE SHRADER SMITH PLLC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX


*/s/ John Massouh*
John Massouh

And

Abel A. Leal, SBN 24026989
Of Counsel
abel@ssbtxlaw.com
Simmons Smith Brown, PLLC
8144 Walnut Hill Lane
Suite 1080
Dallas, Texas 75231
Tel. 214-395-5325
Cody Simmons, SBN 24027981
cody@ssbtxlaw.com
400 13th Street
Canyon, Texas 79015
Tel. 806-476-5090

*ATTORNEYS FOR RESPONDENTS LISTED ON EXHIBIT "1"*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2024 the foregoing document was filed with the Clerk of the Court using the CM/ECF system, and served upon all parties entitled to such notice as provided by the ECF filing system.

*/s/ John Massouh*
John Massouh

| First Name | Last Name | Entity Name | City | State | Zip |
|---|---|---|---|---|---|
| Dennis | Buss | | Tonkawa | OK | 74653 |
| Ed | Busss | Buss Family Trust | Shawnee | OK | 74084 |
| Eddie | Bryant | | Prosper | TX | 75078 |
| Robert E. | Gray | | Ralston | OK | 74650 |
| Ronnie | Gray | | Ralston | OK | 74650 |
| Robert E. & Ronnie | Gray | Gray Brothers | Ralston | OK | 74650 |
| Craig & Amy | Sutton | | Allen | TX | 75002 |
| Steve | Ryan | | Yukon | OK | 73099 |
| Janice E. | Lawhon | | Blackwell | OK | 74631-4309 |
| AJ | Jacques | AJ Jacques Living Trust | Stillwater | OK | 74074 |
| Bradley | Gungoll | Gungoll Cattle Co., LLC | Stillwater | OK | 74074 |
| Leah | Gungoll | c/o Bradley Gungoll | Stillwater | OK | 74074 |
| Jan | Lesh | Morrison Café, LLC | Perry | OK | 73077 |
| Jan | Lesh | Lesh Family Trust | Perry | OK | 73077 |
| Jan & Gary | Lesh | | Perry | OK | 73077 |
| Jordan | Lesh | Jordan Lesh, LLC | Perry | OK | 73077 |
| Jared | Lesh | | Whitesboro | TX | 76273 |
| Joel | Brookshire | | Crosby | TX | 77532 |
| Joel | Brookshire | Gene Brookshire Family, LP | Lufkin | TX | 75901 |
| Bryan | Blackman | | Healdton | OK | 73438 |
| Douglass | Finley | | Tulsa | OK | 74135 |
| Colton | Long | Scarlet and Black Cattle, LLC | Amarillo | TX | 79119 |
| Steve | Scott | Steve T Scott Farm Inc. | West Point | MS | 39773 |
| Steve | Scott | Scott Livestock Company Inc. | West Point | MS | 39773 |
| Dr. Arnold | Braun | Arnold Braun Trust | Grandview | IN | 47615 |
| Robert | Braun | | Evanston | IN | 47531 |
| Jim | Rininger | | Rockport | IN | 47635 |
| Robert | Spring | | Edmond | OK | 73083 |
| Michael & Miranda | Evans | | Clinton | KY | 42031 |
| Charles | Lockwood | | Ringling | OK | 73456 |
| Cole | Lockwood | | Ringling | OK | 73456 |
| Sherle | Lockwood | | Ringling | OK | 73456 |
| Nikki | Lockwood | | Ringling | OK | 73456 |
| Lyndal | Van Buskirk | | Ringling | OK | 73456 |
| Janet | Van Buskirk | | Ringling | OK | 73456 |
| Colby & Susan | Van Buskirk | | Ringling | OK | 73456 |
| Jimmy | Greer | | Murray | KY | 42071 |
| Dustin | Johnson | | Mccool | MS | 39108 |
| Dora | Blackman | | Orlando | OK | 73073 |

Exhibit

1