MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
*Counsel for Curtis Jones Farms and Kinsey Jones*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.[1], | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

**OBJECTIONS OF CURTIS JONES FARMS AND KINSEY JONES TO TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION OF NON-USDA CLAIMAINTS**

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

Curtis Jones Farms and Kinsey Jones, (collectively referred to herein as the "Joneses"), each of whom is a creditor and interested party in the above-captioned bankruptcy proceedings, file the following objections to the Trustee's Motion for Rule 2004 Examination of Non-USDA Claimants (the "second 2004 Motion") (Doc. 179):

1. The Joneses object to the second 2004 Motion (Doc. 179) because, as it applies to the Joneses, it is entirely duplicative of the Trustee's Motion for Rule 2004 Examination of USDA Dealer Trust Claimants (the "first 2004 Motion") (Doc. 174). Contrary to what is stated in the second 2004 Motion, the Joneses did in fact file dealer trust claims with the USDA. In fact, the

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-200084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ)

Trustee seeks the exact same discovery from the Joneses in the first 2004 Motion, as he seeks in the second 2004 Motion.

2.  The Joneses also object to the second 2004 Motion for all the same reasons as set forth in their response to the first 2004 Motion. The Trustee's request for production of documents is overly broad in scope, unlimited in time, and unduly burdensome to the Joneses. The Joneses object to the Interrogatory on the grounds that it is unduly burdensome and beyond the proper scope of discovery under FRCP 26(b).

3.  The primary objection to the Trustee's request for production of documents is that it is unlimited in time. The Trustee has offered no explanation for this unlimited request. The Joneses submit that the request should be limited to the two-year period preceding the filing of these bankruptcy cases. The documents requested must be relevant and proportional to the needs of the case. *Lopez v. Don Herring, Ltd.*, 327 F.R.D. 567,573 (N.D. Tex. 2018).

4.  The Interrogatory asks the Joneses to create a document summarizing and describing the documents that are included in the request for production. This request is unlimited in time, unduly burdensome, and beyond the proper scope of discovery under FRCP 26(b). In lieu of creating the list of documents requested by the Trustee, the Joneses have the right simply to produce the documents. The Trustee is equally capable of creating his own summary from the documents produced. *Lopez*, 327 F.R.D. at 579.

WHEREFORE, PREMISES CONSDIERED, the Joneses pray that the Court deny the Trustee's second 2004 Motion as written or, alternatively, limit the request for production of documents to the two-year period prior to the filing of these bankruptcy cases and expressly order that the Joneses need not respond to the Trustee's Interrogatory.

Dated: March 4, 2024

Respectfully submitted,
**MULLIN HOARD & BROWN, L.L.P.**
Steven L. Hoard, TSB No. 09736600
500 South Taylor, Suite 800
P.O. Box 31656
Amarillo, Texas 79120
Telephone:  (806) 372-5050
Facsimile:  (806) 372-5086
Email:  shoard@mhba.com

By: /s/*Steven L. Hoard*
Steven L. Hoard
*Attorneys for Curtis Jones Farms and Kinsey Jones*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2024, a true and correct copy of the Objections of Curtis Jones Farms and Kinsey Jones to Trustee's Motion for Rule 2004 Examination of Non-USDA Claimants was served on all counsel via the Court's ECF system.

/s/*Steven L. Hoard*
Steven L. Hoard