| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | McClain Feed Yard, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Texas |
| Case number | 23-20084-rlj7 |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1:    Identify the Claim

| 1. Who is the current creditor? | AJ Jacques Living Trust |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |
|---|---|

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | John Massouh<br>Name | AJ Jacques Living Trust<br>Name |
| | P.O. Box 15008<br>Number    Street | 4025 W. Deer Crossing Dr.<br>Number    Street |
| | Amarillo      TX      79105<br>City      State      ZIP Code | Stillwater      OK      74074<br>City      State      ZIP Code |
| | Contact phone 806.468.3300 | Contact phone 817.368.2266 |
| | Contact email john.massouh@sprouselaw.com | Contact email aj@atlasdrilling.com |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>__ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ | |

| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
|---|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | |
|---|---|---|

**EXHIBIT C**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____365,509.27 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Monies owed

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ___09/08/2023___
　　　　　　　　　　MM / DD / YYYY

Signature _____

**Print the name of the person who is completing and signing this claim:**

| Name | AJ Jacques | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | _____ |
|---|---|

| Company | AJ Jacques Living Trust |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 4025 W. Deer Crossing Dr. |
|---|---|
| | Number          Street |
| | Stillwater          OK          74074 |
| | City          State     ZIP Code |

| Contact phone | 817.368.2266 | Email aj@atlasdrilling.com |
|---|---|---|

## ADDENDUM TO PROOF OF CLAIM

1.      Claimant files this Proof of Claim pursuant to Federal Rule of Bankruptcy Procedure 3002 and 9010.

2.      On or about July 2022, Claimant and one or more Debtors[1] entered into written and verbal cattle feeding agreements (the "Agreements"). Under the Agreements, Debtor would act as a dealer and procure cattle on behalf of Claimant and Claimant would pay Debtor for the procured cattle. Debtor would place the cattle in Debtor's facility for care and feeding for a period of 90-120 days on average.  Once the cattle gained enough weight to be sold to a feedyard, Debtor, again acting as dealers, would sell the cattle on Claimant's behalf to a feedyard.  Debtor would: (1) remit the purchase price of the cattle to Claimant and pay Claimant the agreed upon portion of the profit from the sale of cattle; (2) or pay Claimant only the agreed upon portion of the profit from the sale of cattle and use the proceeds to pay for other cattle; or (3) use the proceeds and profit from the sale of cattle towards another purchase of cattle made by Debtor.  This proof of claim represents the amounts owed to Claimant for cattle that should have either been on hand at Debtor's facility, but were not, or the amounts due to Claimant for the sale of the cattle without the remittance of the sales proceeds.

Claimant is owed $365,509.27, representing the purchase price for the cattle paid for by Claimant. The backup documentation and other supporting documentation relating to the cattle purchases made by Claimant are attached to this Proof of Claim. These documents may include invoices for the purchase of cattle, the projected close out, the close out reflecting the sales price of the cattle, the cost and the profit, and proof of payment (including banking documents documenting Claimant's payments made to Debtors).  In addition, the transactional documents show how the purchase price for cattle rolled over into other subsequent purchases of cattle during Claimant's business dealings with the Debtors.

3.      In April 2023, Claimant became aware of Debtors' and Brian McClain's fraudulent acts which included disappearance of cattle or the inability of the Debtor or Brian McClain to account for many thousands of cattle and millions of dollars in cattle proceeds. Claimant's claims arise out of these acts. Pursuant to these claims and the Agreements executed between Claimant and Debtor, Claimant is entitled to recover the amount owed, plus damages and fees resulting from the collection as allowed under applicable law.

4.      As of April 28, 2023, (the "Petition Date"), the Debtor was liable to Claimant for all obligations in accordance with the Agreements between the parties, for fraud, conversion, and other related claims as allowed under applicable law.

5.      To the extent permitted under the Bankruptcy Code, the Debtor is also indebted to Claimant for all claims incurred by the Debtor to Claimant from and after the Petition Date.  Pursuant to the terms of the Agreements between Claimant and Debtors, but subject to the applicable provisions

---

[1] The term "Debtors" as used herein shall refer to McClain Feedyard, Inc., McClain Farms, Inc., and 7M Feeders, Inc. This proof of claim will be filed in each of the Debtor's bankruptcy proceedings to ensure that the proper Debtor is responsible for the claim.

of the Bankruptcy Code and orders of this Court, the Debtor is indebted to Claimant for all costs and expenses incurred by Claimant from and after the Petition Date in connection with the claims asserted herein (including, without limitation, legal fees and expenses) and for post-petition interest on all claims of Claimant.

6.    In addition to any set-off or recoupment rights, this claim is secured by perfected security interests, liens, and other rights granted by the Debtor to Claimant and the collateral described in the loan documents between the Debtor and Claimant.  Nothing herein is or shall be deemed to be a waiver of relinquishment in whole or in part of any security interest or lien securing any of the obligations owed to Claimant by Debtor.

7.    Claimant does not waive, and expressly reserves, all rights and remedies at law or in equity that it has or may have against the Debtors and/or any other person or entity.  Claimant reserves the right to amend and supplement this Proof of Claim for any purpose, including, but not limited to, (1) specifying and quantifying costs, expenses and other charges or claims incurred or owed, (2) fixing or liquidating any claims stated herein or under the loan documents between the Debtor and Claimant, (3) specifying claims for ongoing obligations of the Debtor that are not expressly described herein, and (4) asserting any additional claims for secured status or priority.  Claimant further reserves the right to file and assert any additional claims or requests for payment of administrative expense of whatever kind or nature that may be or later become due from the Debtors under any agreements or otherwise, including, without limitation, any secured, priority, administrative expense or general unsecured claims under the Bankruptcy Code, whether known or unknown, liquidated or unliquidated, choate or inchoate, disputed or undisputed, or contingent or fixed.

8.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, including the Debtors, that may be liable for all or part of the claims set forth herein; (b) a waiver or release of Claimant's right to trial by jury in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2) or whether such jury trial right is pursuant to statute or the United States Constitution; (c) a consent by Claimant to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable therein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (d) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (e) a waiver of Claimant's right to move to withdraw the reference with respect to: (i) the subject matter of this Proof of Claim, (ii) any objection thereto, or (iii) any other proceeding which may be commenced in this case relating to this Proof of Claim or otherwise involving Claimant; (f) an election of remedies; (g) an acknowledgment that Claimant received adequate notice of any bar date fixed in these cases; (h) a waiver of Claimant's right to assert that all or any part of the claim(s) set forth herein or any other claim are entitled to administrative or other priority; or (i) an admission that any valid claims or causes of action exist against Claimant.

9.      Nothing in this Proof of Claim shall be construed as an acknowledgment or admission of any liability or obligation on the part of Claimant.  Claimant expressly reserve all of their defenses and rights, both procedural and substantive, including their rights with respect to any claim that may be asserted against Claimant by the Debtors or any other person or entity.

10.     Claimant does not waive any right to any security held by or for them or any right with respect to any specific assets or any right or rights of action that they have or may have against the Debtor or any other person or persons who may be liable for all or any part of the claim(s) set forth herein.

11.     Claimant reserves their right to exercise any rights of setoff and/or recoupment that it may have, to the fullest extent permissible under applicable law, and any such rights of setoff and/or recoupment shall survive the closing of the Debtor's case.  The failure of Claimant to expressly articulate in this Proof of Claim any claims, counterclaims, cross claims, or rights of setoff and/or recoupment shall not be deemed a waiver of any of the same.

12.     The filing of this Proof of Claim in no respect waives, alters, or otherwise affects any rights that Claimant may have with regard to any claims created or otherwise arising on or after the Petition Date.  Claimant reserve all rights to argue that any right to payment is a post-petition claim.

## Wire Transfer Outgoing Request

# CHASE ○

### Wire Transfer Sender Information

| Sender Name: ARTHUR JACQUES III | | |
|---|---|---|
| Account Name: A J JACQUES OR SUSAN P JACQUES JAWROS | Street Address: 4025 W DEER CROSSING DR | |

| City: STILLWATER | State: OK | Zip: 74074-7643 | Country: USA | Daytime Phone: 817-368-2266 |
|---|---|---|---|---|

| Primary ID Type: Driver's License | ID Issuer: OK | ID Number: [redacted] | ID Issue Date: 03/30/2021 | ID Exp: 11/30/2023 |
|---|---|---|---|---|
| Secondary ID Type: Chase or Bank Issued Credit/Debit Card | ID Issuer: Chase | ID Number: XXXXXXXXXXXX[redacted] | ID Issue Date: | ID Exp: 01/31/2027 |

Comments:

### Wire Transfer Information

| Request Date: 07/12/2022 | Request time: 02:16:54PM Eastern time | Effective date: 07/12/2022 | Wire Type: Domestic |
|---|---|---|---|
| Debit Account #: XXXX[redacted] | Debit Account Type: PRIV CLIENT CKG PLUS | Wire Amount (US dollars): $365,509.27 | |
| Qualifying Account #: | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $0 |
| Currency type to be sent: US Dollars | Exchange rate: N/A | Foreign currency amount: N/A | Amount to Collect (USD): $365,509.27 |

FX Contract Number:

### Recipient Account Information

| Account Name: McClain Farms | |
|---|---|
| Street Address: | Account Number: 2103786 |
| | City: | State: | Zip: | Country: |

Text to Recipient:

### Receiving Bank Information

| Bank Name: Community Financial Services Bank | |
|---|---|
| Street Address: 221 W 5th St | Bank ABA/SWIFT Code: 083903328 |
| | City: Benton | State: KY | Zip: 42025-1135 | Country: USA |

| Intermediary Bank Name: | |
|---|---|
| Street Address: | Intermediary Bank ABA: |
| | City: | State: | Zip: | Country: |

Text to Receiving Bank:

**MCCLAIN FEEDYARD INC.**

824 MULLINS LANE

BENTON KY. 42025

**BILL TO:** AJ JACQUES

1/6/2023      LIVING TRUST DATED

APRIL 21,2000 AS AMENDED

AND RESTARTED

| HEAD | SEX | WEIGHT | PRICE/LB | TOTAL COST |
|------|-----|--------|----------|------------|
| 175 | ST | 103303 | 1.7715 | $183,001.26 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | $0.00 | |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | |
| 175 | | | | $183,001.26 |

## PROJECTED CLOSE OUT

| | |
|---|---|
| HEAD | 175 |
| COST | 183001.26 |
| BOUGHT WEIGHT | 103303 |
| $ SOLD | 233553.62 |
| SELL WEIGHT | 135625 |
| COST/GAIN | 30705.9 |
| LBS GAINED | 32322 |
| PROFIT | 19846.46 |

**MCCLAIN FEEDYARD INC.**

824 MULLINS LANE

BENTON KY. 42025

**BILL TO:** AJ JACQUES

1/6/2023

LIVING TRUST DATED

APRIL 21,2000 AS AMENDED

AND RESTARTED

| HEAD | SEX | WEIGHT | PRICE/LB | TOTAL COST |
|------|-----|--------|----------|------------|
| 174 | ST | 103373 | 1.7708 | $183,052.91 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | $0.00 | |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | |
| 174 | | | | $183,052.91 |

## PROJECTED CLOSE OUT

| | |
|---|---|
| HEAD | 174 |
| COST | 183052.91 |
| BOUGHT WEIGHT | 103373 |
| $ SOLD | 232911.69 |
| SELL WEIGHT | 134850 |
| COST/GAIN | 29903.15 |
| LBS GAINED | 31477 |
| PROFIT | 19955.63 |

4558

**MCCLAIN FARMS INC**
824 MULLINS LANE
BENTON, KY  42025

**MECHANICS BANK**
COMMITMENT THAT LASTS GENERATIONS
PH: 800-797-6324

90-203/1211

1/6/2023

PAY TO THE
ORDER OF___ AJ JACQUES                                                                    $ **26,997.32

Twenty-Six Thousand Nine Hundred Ninety-Seven and 32/100*************************************************************

DOLLARS

AJ JACQUES

MEMO

Meagan Good

⑈004558⑈

04/27/2023

This is a LEGAL COPY of your
check. You can use it the
same way you would use the
original check.

RETURN REASON–S
REFER TO MAKER

REFER TO MAKER

4558

**MCCLAIN FARMS INC**
824 MULLINS LANE
BENTON, KY 42025

MECHANICS BANK
COMMITMENT THAT LASTS GENERATIONS
PH. 000-797-0324

90-202/1211

1/6/2023

PAY TO THE
ORDER OF    AJ JACQUES                                         $  **26,997.32

Twenty-Six Thousand Nine Hundred Ninety-Seven and 32/100 ···············································  DOLLARS

AJ JACQUES

MEMO

Meagan Good

⑈004558⑈  ⑆             3  ⑈