DocuSign Envelope ID: 8694B5E6-AB59-4157-B4AA-3A9E58BB5391
Case 23-20084-rlj7    Claim 80-8 Filed 09/18/24 Desc Main 03/11/24 20:04 Page 1 of 3
Exhibit H - Proof of Claim No. 80 filed by Big Seven Capital Partners    LLC in th    Page 1 of 9

| Fill in this information to identify the case: |
|---|

| | |
|---|---|
| Debtor 1 | McClain Feed Yard, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Texas |
| Case number | 23-20084-rlj7 |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. Who is the current creditor? | Big Seven Capital Partners, LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? | |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Amber Miller | Big Seven Capital Partners, LLC |
| | Name | Name |
| | P.O. Box 64479 | 6809 Main Street #101 |
| | Number        Street | Number        Street |
| | Lubbock            TX        79464 | Cincinnati          OH        45244 |
| | City                State        ZIP Code | City                State        ZIP Code |
| | Contact phone (806) 762-5281 | Contact phone (513) 265-3036 |
| | Contact email amiller@cdmlaw.com | Contact email rpcarraway@yahoo.com |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ | **EXHIBIT**<br>**H** |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7.** **How much is the claim?**    $_____594,403.47 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money owed; cash sales of cattle._____

---

**9.** **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                      $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10.** **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11.** **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9/13/2023
                   MM / DD / YYYY

DocuSigned by:

*Robert Carraway*
8CAEFA90A255468...
Signature

Print the name of the person who is completing and signing this claim:

| Name | Robert Carraway | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | Big Seven Capital Partners, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6809 Main Street #101 | | |
| | Number          Street | | |
| | Cincinnati | OH | 45244 |
| | City | State | ZIP Code |
| Contact phone | (513) 265-3036 | Email | rpcarraway@yahoo.com |

## CATTLE FEEDING MASTER AGREEMENT

THIS CATTLE FEEDING MASTER AGREEMENT ("Agreement") is entered into as of December 22, 2022, by Big Seven Capital Partners, LLC ("Big Seven") and McClain Feedyard, Inc. ("McClain") whose address is 824 Mullins Lane, Benton, KY 42025.

1.      Big Seven and McClain desire and intend to enter into this Agreement whereby Big Seven will purchase Calves ("Big Seven Cattle") from McClain in total and that Big Seven will be and remain the sole owner of the Big Seven Cattle purchased from McClain.

2.      McClain will document and specify the terms of each Big Seven Cattle Purchase by providing an Invoice, Projected Closeout and Closeout. The Invoice will serve as a Release or other similar Receipt evidencing the date, number of calves purchased, type of calves purchased, total weight purchased, purchase price/cwt. and buyer name (Big Seven Capital Partners, LLC). McClain represents that the purchase of the Big Seven Cattle is free and clear of any and all liens or encumbrances, unless so authorized by Big Seven in writing.

3.      At, or before, Big Seven purchases referenced in #1, McClain has previously negotiated and contracted for sale, at a pre-determined price reflected in the Projected Closeout, the Big Seven Cattle.

4.      McClain agrees to feed the Big Seven Cattle at McClain's feed yard in Hereford, Texas, County of Deaf Smith in order for the calves to achieve the appropriate size (pounds) that McClain negotiated to sell the Big Seven Cattle in #3 above.

5.      McClain agrees to provide Big Seven evidence of the Big Seven Cattle at McClain's feed yard by producing in writing the Big Seven Cattle Lot # and Estimated Close Out Date. Title to the cattle shall be and will always remain with Big Seven.

6.      McClain agrees to fatten the Big Seven Cattle using certain feed and ingredients at McClain sole expense and agrees to care for the Big Seven Cattle in such a manner to achieve market weight.

7.      McClain agrees to pay all other expenses including but not limited to transportation, yardage, processing, and medicine for the Big Seven Cattle at McClain sole expense.

8.      McClain represents that the Big Seven Cattle that are in possession of McClain and feeding at McClain's Feed Yard, are free and clear and not subject to any lien, mortgage, security interest, levy, fine, UCC filing, tax, foreclosure, or any other encumbrance that is secured by the Feed Yard, Feed Yard assets or the responsibility of McClain.

9.      McClain consents to this Agreement and any future agreements between Big Seven and McClain to be recorded in the Public Registry of the Counties in which McClain's feed yard is located.

10.     As the fattened cattle are delivered, McClain will distribute proceeds as follows:

Total Sale Price of Fattened Cattle
        Minus (-)
Costs stated in #6 and #7 above → Reimbursement to McClain
        Minus (-)
Original Cost of calves per the Invoice → Reimbursement to Big Seven
        Equals (=)
Profit
- One-third (1/3) of Profit distributed to McClain for services rendered
- Two-third (2/3) of Profit distributed to Big Seven

11.    To the fullest extent permitted by law, McClain will hold harmless, defend and indemnify Big Seven against any and all liability, claims, losses or expenses arising from all acts of omissions of McClain based upon this Agreement or arising from Big Seven Cattle while in the care of McClain.

12.    During the term of this Master Agreement, McClain, at its expense, shall maintain in full force general liability and other liability insurance necessary to indemnify Big Seven and to insure Big Seven Cattle against all perils while in the care of McClain.

13.    In the event of Breach or Default of this agreement, Big Seven and McClain agree to be governed by the Law of the State of Texas.

14.    Severability: If a court of competent jurisdiction determines that any provision of this Agreement is invalid, then the remaining provisions are to be construed as if the invalid provision was never included.

Signatures:

Big Seven Capital Partners, LLC

Robert Carraway, Member            12/22/22
                                      Date

McClain Feedyard, Inc.

Brian McClain                    12-22-22
                                      Date

## MCCLAIN FEEDYARD INC.

824 MULLINS LANE

BENTON KY. 42025

**BILL TO:** BIG SEVEN CAPITAL PARTNERS,LLC

2/3/2023

| HEAD | SEX | WEIGHT | PRICE/LB | TOTAL COST |
|------|-----|--------|----------|------------|
| 385 | H | 226881 | 1.6786 | $380,842.45 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | $0.00 | |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | $0.00 |
| | | | | |
| 385 | | | | $380,842.45 |

# MCCLAIN FEEDYARD INC.

## 824 MULLINS LANE

## BENTON KY. 42025

BILL TO: BIG SEVEN CAPITAL
PARTNERS,LLC

3/9/2023

| HEAD | SEX | WEIGHT | PRICE/LB | TOTAL COST |
|------|-----|--------|----------|------------|
| 165  | H   | 96558  | 1.794    | $173,225.05 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        | $0.00    | |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | $0.00 |
|      |     |        |          | |
| 165  |     |        |          | $173,225.05 |

# PROJECTED CLOSE OUT

| | |
|---|---|
| HEAD | 385 |
| COST | 380842.45 |
| BOUGHT WEIGHT | 226881 |
| $ SOLD | 490505.44 |
| SELL WEIGHT | 298375 |
| COST/GAIN | 67919.3 |
| LBS GAINED | 71494 |
| PROFIT | 41743.69 |

# PROJECTED CLOSE OUT

| | |
|---|---|
| HEAD | 165 |
| COST | 173225.05 |
| BOUGHT WEIGHT | 96558 |
| $ SOLD | 221736.46 |
| SELL WEIGHT | 127875 |
| COST/GAIN | 29751.15 |
| LBS GAINED | 31317 |
| PROFIT | 18760.26 |