Kent Ries, Attorney at Law
State Bar No. 16914050
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440 – Fax
kent@kentries.com

COUNSEL FOR TRUSTEE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| MCCLAIN FEED YARD, INC., et al.,[1] § | CASE NO. 23-20084-RLJ-7 |
| § | |
| § | |
| Debtors. § | Jointly Administered |

### TRUSTEE'S RESPONSE TO RABO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ABANDONMENT OF CERTAIN CATTLE AND PROCEEDS OF CATTLE

TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:

COMES NOW, Kent Ries, Trustee (the "Trustee") of the referenced Chapter 7 bankruptcy estates, and files this Response to Rabo's Motion for Relief from the Automatic Stay or, Alternatively, for Abandonment of Certain Cattle and Proceeds of Cattle (the "Motion"), and in support thereof would respectfully show unto the Court as follows:

1. Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023. Kent Ries was subsequently appointed and qualified to serve as the Trustee over the three bankruptcy estates.

### A. The Motion

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**TRUSTEE'S REPONSE TO RABO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ABANDONMENT OF CERTAIN CATTLE AND PROCEEDS OF CATTLE – PAGE 1**

2. Rabo AgriFinance LLC ("Rabo"), filed its Motion on March 12, 2024, relating to the McClain Feed Yard, Inc. ("MFY"), McClain Farms, Inc. ("MF") and 7M Cattle Feeders, Inc. ("7M") (collectively, the "Debtors") cases.

3. Rabo asserts a lien on cattle and/or their proceeds that were property of the Debtors' prepetition. It appears that these types of assets are pledged as collateral to Rabo.

4. The Trustee agrees with Rabo that none of the Debtors are operating businesses where reorganization is an issue for this Motion.

5. The Trustee does not dispute that Rabo's claim in the cases appears to greatly exceed the value of the assets described in Rabo's Motion.

### B. The Cases and the USDA Dealer Trust

6. The Debtors operated growyard feedlots in Parmer County, Texas as 7M, in Deaf Smith County, Texas as MFY, and in Kentucky as MF.

7. All of the Debtors' business operations were shut down prior to their bankruptcy filings. All cattle and other livestock were apparently sold by the Debtors or removed by their alleged owner's pre-petition.

8. The U.S. Department of Agriculture (the "USDA") has asserted that any cattle or cattle proceeds, and possibly other assets of the Debtors' estates, are subject to a "Dealer Trust" that arises under 7 U.S.C. § 217(b).

9. The Dealer Truste Statute requires claimants to file their claims with the USDA. The USDA has been served with claims related to the cases that exceed $120 million dollars. The Trustee is holding, for the benefit of the Dealer Trust, $2,474,332.34.

10. The Trustee believes, based on the facts available today, that any substantial assets of this case will result from Chapter 5 claims and other litigation. At this point it is premature and

speculative to assert who those parties might be or the amounts at issue. The Trustee's investigation thus far has been considerable and will be ongoing for some time due to, among other things, the Debtors' poor records.

### C. Trustee Response

11. The Trustee opposes Rabo from pursing any of its claims or collateral identified in the Motion.

12. The cattle and/or proceeds that are the subject of Rabo's Motion appear to be subject to the Livestock Dealer Trust Amendment to the Packers and Stockyards Act codified at 7 U.S.C. § 217(b) (the "Dealer Trust" or the "Act")[2], which provides, in pertinent part:

§217b. Statutory trust established; dealer

(a) Establishment

(1) In general

All livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock shall be held by such dealer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid cash sellers.

(2) Exemption

Any dealer whose average annual purchases of livestock do not exceed $100,000 shall be exempt from the provisions of this section.

(b) Preservation of trust

---

[2] A regulation on the Dealer Trust Act can be found at:
https://www.federalregister.gov/documents/2023/06/23/2023-13418/preserving-trust-benefits-under-the-packers-and-stockyards-act.

**TRUSTEE'S REPONSE TO RABO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ABANDONMENT OF CERTAIN CATTLE AND PROCEEDS OF CATTLE – PAGE 3**

An unpaid cash seller shall lose the benefit of a trust under subsection (a) if the unpaid cash seller has not preserved the trust by giving written notice to the dealer involved and filing such notice with the Secretary-

(1) within 30 days of the final date for making a payment under section 228b of this title in the event that a payment instrument has not been received; or

(2) within 15 business days after the date on which the seller receives notice that the payment instrument promptly presented for payment has been dishonored…

13.     Under the Act, any property of the Dealer Trust is not subject to any liens, including any liens asserted by Rabo.  Thus, the Motion fails to the extent that any of the cattle and/or proceeds described therein are subject to the Dealer Trust.

14.     Rabo's proposed course of action to lift stay or force abandonment of the claims does nothing to resolve the apparent dispute between Rabo and the Trust Act Claimants that the proceeds of the subject cattle and claims should be paid to the Trust Act Claimants, rather than Rabo.  To the extent, if any, such cattle and/or proceeds are not Dealer Trust property, but instead are property of the bankruptcy estate subject to Rabo's asserted lien, Rabo's proposed course of action does not provide a specific course of action as to that determination, e.g., who would be the parties to that litigation and where would that litigation be filed. The Trustee has offered alternatives to Rabo in prosecuting these claims, however Rabo has not responded to such offers.

15.     Accordingly, the Trustee disputes that cause exists to grant relief from the automatic stay in order to allow Rabo to pursue its alleged rights on the subject cattle or proceeds, or that Rabo can support a finding based upon current information and status of the case that such cattle and claims are of inconsequential benefit to the estate.

16. Finally, the Trustee asserts that the Debtors' past ownership of the cattle and/or proceeds described in the Motion is in dispute by the parties who "reclaimed" such cattle. In this case, Rabo would have no lien rights to these cattle and/or proceeds as a matter of law.

17. The Trustee also asserts that any Order on this Motion must not in any way be a release, waiver of otherwise determine the rights of the Trustee or any other party in the cases from pursing claims and recoveries of any kind against Rabo in the future. Nothing in this Motion or any Order should be collateral estoppel or res judicata of any facts or claims in later litigation between Rabo or any other party in these cases.

**WHEREFORE, PREMISES CONSIDERED,** Kent Ries, Trustee herein, respectfully prays for an Order of this Court on Rabo's Motion for Relief from the Automatic Stay consistent with the above, and for such other relief, at law or in equity, to which the Trustee may show himself justly entitled.

Respectfully submitted,

Kent Ries, Attorney at Law
PO Box 3100
Amarillo, Texas 79116
(806) 242-7437
(806) 242-7440-Fax

By: /s/ Kent Ries
    Kent Ries
    State Bar No. 1691450

COUNSEL FOR TRUSTEE

**CERTIFICATE OF SERVICE**

I certify that on the 26th day of March 2024, a true and correct copy of the foregoing response was sent electronically via ECF to the party listed below:

Rabo AgriFinance LLC
Michael Johnson
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

/s/   Kent Ries
Kent Ries