UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

  -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Creditor Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>  Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |
|---|---|

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

**REPLY IN FURTHER SUPPORT OF RABO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ABANDONMENT OF CERTAIN CATTLE AND PROCEEDS OF CATTLE**

Rabo AgriFinance LLC ("**Rabo**"), a secured creditor of each of Debtors (collectively, the "**McClain Debtors**") in the above-entitled jointly administered cases, hereby files its Reply in further support of its *Motion for Relief from the Automatic Stay or, Alternatively, for Abandonment of Certain Cattle and Proceeds of Cattle* (the "**Motion**"), filed March 12, 2024, as Dkt. 192.

As its Reply to the Motion, Rabo states as follows:

1. The Motion seeks an Order from the Court which terminates the automatic stay concerning, and/or alternatively directs the Chapter 7 trustee to abandon any interest the estate may have in, certain "Removed Cattle and Proceeds," as more specifically identified in the Motion.

2. Numerous responses/objections (collectively, the "**Responses**") have been filed to the Motion. Specifically, Responses were filed by (a) Kent Ries, Chapter 7 Trustee [Dkt. 200], (b) HTLF Bank [Dkt. 208], (c) 2B Farms and Terry and Rebecca Robinson [Dkts. 205 and 207], (d) AgTexas Farm Credit Services, AgTexas, PCA and Thorlakson Diamond T. Feeders [Dkt. 202], (e) Keeling Cattle Feeders, Inc. [Dkt. 201], (f) Priest Cattle Company, Ltd. [Dkt. 203], and (g) Scarlet & Black Cattle, LLC [Dkt. 206].

3. Given both the number of the Responses filed and the arguments set forth therein, Rabo will request at the April 11, 2024 docket call on the Motion that the hearing on the Motion

2

be reset until June of 2024. Among other things, continuing the hearing for several months may result in the issues raised in the Motion and the Responses to be further clarified and developed, thus benefitting both the parties and the Court.

4. That said, Rabo notes that, in its view, the arguments in the Responses, if anything, only further underscore the fact that the bankruptcy estate has no "dog in the fight" as it relates to the Removed Cattle and Proceeds and that, therefore, either stay relief or abandonment would be appropriate.

5. Generally speaking, all parties seem to agree that the Removed Cattle and Proceeds fall into one of three buckets. Specifically, the Removed Cattle and Proceeds are either:

a. Current or former assets of the McClain Debtors that are fully encumbered by Rabo's perfected, first priority liens; or

b. Current or former assets of the McClain Debtors that are encumbered by and subject to the Dealer Trust created by the Packers & Stockyard Act; or

c. Current or former assets of third parties, such as some of the parties who filed Responses, in which case neither the McClain Debtors nor Rabo nor any Dealer Trust claimants have any interest.

6. If the Removed Cattle and Proceeds are current or former assets of the McClain Debtors that are fully encumbered by Rabo's perfected liens, however, then stay relief would be appropriate under Section 362(d)(2) because there is no equity in the Removed Cattle and Proceeds for the benefit of the bankruptcy estate, and reorganization is not at issue in a Chapter 7

3

liquidation proceeding. Further, abandonment would be appropriate because, having no equity, the Removed Cattle and Proceeds are of inconsequential value and benefit to the estate.

7. Conversely, if the Removed Cattle and Proceeds are subject to the Dealer Trust, then the Removed Cattle and Proceeds are not even property of the bankruptcy estate to which the automatic stay would apply. *See* 11 U.S.C. § 541(d); *In re CFP Liquidating Estate*, 405 B.R. 694, 697 (Bankr. D. Del. 2009) (property held in trust under the Packers & Stockyard Act is not property of the bankruptcy estate). Accordingly, there would be no reason to not terminate the automatic stay, or at least enter a comfort order saying it does not apply.

8. Finally, if the Removed Cattle and Proceeds are or were owned by third parties and neither the McClain Debtors nor Rabo has or had any interest in them, there also would be no reason to not terminate the automatic stay, or at least enter a comfort order saying it does not apply, because "the stay protects only a debtor in a bankruptcy case, property of a debtor, and property of a debtor's bankruptcy estate. Non-debtors and their property are not protected." *In re Caesars Entertainment Operating Co., Inc.*, 540 B.R. 637, 642 (Bankr. N.D. Ill. 2015).

9. Simply put, in order to resolve the Motion, the Court need <u>not</u> make any findings concerning actual ownership of the Removed Cattle and Proceeds. Rather, the Court would simply need to find that, <u>if</u> the Removed Cattle and Proceeds are or were assets of the McClain Debtors and not property of third parties (including trust claimants or some of the parties who filed Responses to the Motion), then there is no equity in the Removed Cattle and Proceeds for the bankruptcy estate, reorganization is not at issue, and the property is burdensome.

10. In short, as noted above, Rabo will ask the Court to continue the hearing on the Motion to the June calendar. However, Rabo does not believe that any of the Responses filed to the Motion provide any real basis to deny the Motion. At most, those Responses challenge whether the Removed Cattle and Proceeds are property of the McClain Debtors at all, and that is a question that this Court does not need to decide in order to dispose of the Motion.

DATED this 10th day of April, 2024.

UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

--and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

*/s/ Michael R. Johnson*
Michael R. Johnson