

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 16, 2024

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### ORDER GRANTING TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
### REGARDING LIFE INSURANCE

On this day came for consideration the Motion for Rule 2004 Examination Regarding Life Insurance (the "**Motion**") filed Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases. Having considered the Motion, finding that service and notice thereof was sufficient and appropriate under the circumstances, it is hereby

ORDERED that the Motion is GRANTED as provided for herein; it is further

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

ORDERED that within twenty-one (21) days of the entry of this Order, Meagan B. Goad, Kinsey Moreland, Crystal McClain, Piper McClain, Kristin McClain, and Chelsea McClain, Peel & Holland, Prudential, Cincinnati Life Insurance Company, and Grange (collectively the "**Producing Parties**") shall provide to the Trustee the documents and electronic information, and shall provide a written response to the interrogatory, set forth in the **Discovery Request** below. As instructed in the Discovery Request, the responding parties shall identify all documents that are available in both physical and electronic format, and initially provide only the electronic version. The responding parties should further identify electronic data that is available in more than one format, and provide all formats. IT IS FURTHER

ORDERED that the production shall be limited to those items in the Producing Parties' possession, custody, or control, and shall be subject to the other applicable limits of the Federal Rules of Civil Procedure; it is further

ORDERED that the Producing Parties and the Trustee shall work in good faith to coordinate production; it is further

ORDERED that Chelsea McClain reserves all rights including as to jurisdiction over any subsequent proceedings with the Trustee, and the discovery that is the subject of this Order is without prejudice to those rights.

## DISCOVERY REQUEST

### DEFINITIONS

1.  <u>You/Your</u>. The terms "You" and/or "Your" means the person or entity to whom this discovery is directed, as well as Your officers, directors, members, employees, attorneys, agents, representatives, and/or anyone else acting on Your behalf.

2.  <u>Debtors</u>. The term "Debtors" shall mean McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>Debtor Affiliates</u>. The term "Debtor Affiliates" shall mean Brian McClain, Chelsea McClain, Crystal McClain, Meagan B. Goad, aka Meagan B. Powell, Piper McClain, Kristin McClain, Kinsey Moreland, Josh Moreland, Jed Goad, JLE Trucking, Inc., any other entities affiliated with the foregoing, as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>Insurance Companies</u>. The term "Insurance Companies" shall mean any insurance company that has issued a Life Insurance Policy, including but not limited to Prudential, Cincinnati Life Insurance Company, and Grange, any of their affiliated entities (including Prudential Financial Inc., Cincinnati Financial Corporation, Grange Life Insurance Company, and Grange Insurance), as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

5. <u>Life Insurance Policy</u>. The term "Life Insurance Policy" shall mean any life insurance policy where: (a) Brian McClain was the insured, beneficiary, owner, payor, or otherwise a party to a life insurance contract; or (b) any funds of the Debtor were used to pay any premiums.

6. <u>Peel & Holland</u>. The term "Peel & Holland" includes any of its affiliated entities (such as HUB entities), as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

7. <u>Transfer</u>. The term "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property, and includes payment of money, release, lease, and creation of a lien or other encumbrance.

8. <u>Property</u>. The term "property" means anything that may be the subject of ownership.

9. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences,

minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in Your custody, possession, and/or control or to which You otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

10.    <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

11.    <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

12.    <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

13.    <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14.    <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

15.    <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

## INSTRUCTIONS

A.    Identify all documents that are available in both physical and electronic format, and initially provide only the electronic version. Identify electronic data that is available in more than one format, and provide all formats.

B.    These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access, such as Your attorney(s), accountant(s), employee(s), agent(s), or other representative(s), regardless of who obtained the documents on its behalf, and regardless of the source from which the documents were obtained

  C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

  D. You should comply with the requirements of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure regarding claims of privilege or protection of trial preparation materials.

  E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

  F. If any portion of any document is responsive to any request, then the entire document must be produced.

  G. In the event that no document exists which is responsive to a particular request, a written response indicating the same must be provided

  H. If any document is withheld on the basis of privilege, or any request is objected to on the basis of privilege, You must nevertheless produce other responsive documents pursuant to such request which are not subject to any privilege, and You must produce a privilege log concerning documents withheld on the basis for privilege.

## REQUESTED DOCUMENTS

  1. All documents or electronically stored information concerning any Life Insurance Policy, including but not limited to: (i) copies of the policy, declarations page, or related policy documents; (ii) all transfers related to such policies, including but not limited to banking records related to the payment of premiums or proceeds (such as bank statements, copies of checks, wire instructions, wire receipts, ledger entries); (iii) claims; (iv) communications concerning any Life Insurance Policy, including but not limited to Your communications with the Debtors, the Debtor Affiliates, the Insurance Companies, or Peel & Holland.

  2. As to Crystal McClain, Piper McClain, Kristin McClain, and Chelsea McClain, Peel & Holland, Prudential, Cincinnati Life Insurance Company, and Grange: all communications

(including texts, emails, and instant messages) with or referencing any of the Debtors, the Debtors' Affiliates, any of the Insurance Companies, Peel & Holland, and Life Insurance Policy other than confidential communications made with Your counsel for purpose of seeking or obtaining legal assistance to You.

### INTERROGATRY

3.  Identify each and every transfer of property in connection with each Life Insurance Policy. For each transfer, provide the date, property (if cash, list dollar amount), identify of the transferring party, identity of the receiving party, and if applicable, a description of the reason for the transfer. The following are illustrative examples of a response to this request:

| Date | Property | Transferring Party | Receiving Party | Reason |
| --- | --- | --- | --- | --- |
| 10/1/2020 | $25,000.00 | McClain Feed Yard, Inc. | Cincinnati Life Insurance Company | Premium payment on policy #1234 |

| Date | Property | Transferring Party | Receiving Party | Contract |
| --- | --- | --- | --- | --- |
| 10/1/2020 | $250,000.00 | Cincinnati Life Insurance Company | Crystal McClain | Payment of proceeds on policy #1234 |

You are instructed to verify under oath Your answer to this Interrogatory. A separate verification is required of each person who responds to any portion of this Interrogatory. The following is an example of a verification under oath of this Interrogatory:

> I, John Doe, execute this verification of the response to the Interrogatory and swear that, to the best of my knowledge, the response to the Interrogatory is correct and complete.

*John Doe*

# # # END OF ORDER # # #

Order submitted by:
Hudson M. Jobe
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
COUNSEL FOR TRUSTEE