

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 19, 2024**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., | § | CASE NO. 23-20084-rlj7 |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

## MEMORANDUM OPINION AND ORDER

On February 7, 2024, Kent Ries, chapter 7 Trustee in the jointly administered cases of

McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., filed his motion for

a Rule 2004 examination.[2] ECF No. 174.[3] His motion seeks to examine 116 "claimants" that

have filed claims with the USDA for a lien under the Dealer Trust Statute (these parties are

referred to as the "Cattle Claimants").[4] The Court heard the motion on March 18, 2024.

The Trustee asks the Cattle Claimants to provide documents related to transfers to and

from the Debtors and all communications concerning the Debtors.[5] ECF No. 174 at 2. The

---

[1] The debtors in these jointly administered cases are McClain Feed Yard, Inc. (Case No. 23-20084-rlj7), McClain Farms, Inc. (Case No. 23-20085-rlj7), and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7).

[2] "Rule 2004" refers to Federal Rule of Bankruptcy Procedure 2004.

[3] "ECF No." refers to the numbered docket entry in the Court's electronic case file for Case No. 23-20084.

[4] Two of the Cattle Claimants were mistakenly identified in another similar motion for Rule 2004 examination directed to non-USDA Claimants [ECF No. 179], but they are also identified in the principal motion at issue here.

[5] "Debtors" refers to the jointly administered debtors, McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc.

motion also requests an answer to an interrogatory that directs the Cattle Claimants identify "each and every" transfer between the Debtors (or the "Debtors' Affiliates") and the Cattle Claimants. *Id.*; ECF No. 174-1 at 6. As represented in argument and in briefing, the Trustee is beginning his investigation into possible fraudulent transfer claims based on allegations that the Debtors were running a Ponzi scheme. (No explanation of the scheme was offered.) And under Texas state law, the period of limitation codifies the "discovery rule"; the time for bringing the action, therefore, may be "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." Tex. Bus. & Comm. Code § 24.010(a)(1). The Trustee contends he should not be constrained by time limits.

Several Cattle Claimants object.[6] The consensus among the objecting Cattle Claimants is that the Trustee's request should be denied because of the excessive scope of the proposed Rule 2004 examination. The objecting Cattle Claimants also raise the concern that the interrogatory asks them to create a summary of responsive documents. Some objecting Cattle Claimants add yet another basis for their objection—that the Trustee's request is procedurally defective because he did not issue subpoenas.

The Trustee's testimony, followed by a short cross examination, revealed that the Debtors' record keeping, or lack thereof, creates a need for documents to establish the financial

---

[6] The objecting Cattle Claimants are Thorlakson Diamond T. Feeders, LP [ECF No. 185], AJ Jacques Living Trust, AJ Jacques, Arnold Braun Trust, Dr. Arnold Braun, Bryan Blackman, Dora Blackman, Robert Braun, Joel Brookshire, Eddie Bryant, Dennis Buss, Ed Buss, Buss Family Trust, Michael Evans, Miranda Evans, Douglas Finley, Gene Brookshire Family, LP, Robert E. Gray, Ronnie Gray, Gray Brothers, Jimmy Greer, Leah Gungoll, Bradley Gungoll, Gungoll Cattle Co., LLC, Dustin Johnson, Jordan Lesh, Jordan Lesh, LLC, Janice E. Lawhon, Gary Lesh, Jan Lesh, Jared Lesh, Lesh Family Trust, Charles Lockwood, Cole Lockwood, Nikki Lockwood, Sherle Lockwood, Morrison Cafe, LLC, Jim Rininger, Steve Ryan, Colton Long, Scarlet and Black Cattle, LLC, Scott Livestock Company Inc., Robert Spring, Steve Scott, Steve T Scott Farm Inc., Amy Sutton, Craig Sutton, Colby Van Buskirk, Janet Van Buskirk, Lyndal Van Buskirk, Susan Van Buskirk [ECF No. 186], Big Seven Capital Partners LLC, Richard Carraway, Carraway Cattle LLC, Robert Ellis, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd, Priest Victory Investment LLC, Ridgefield Capital Asset Management LP, Eddie Stewart, W. Robbie Russell Living Trust, and Wiley Roby Russell, Jr. [ECF No. 187], MAP Enterprises, Inc. [ECF No. 190], and Shaw & Shaw Farms Partnership, LLC, Riley Livestock, Inc., Bar D Ranch Land & Cattle, Curtis Jones Farms, Don Jones Farms, Inc., Don Jones Trucking, Inc., Hines Cattle Company, LLC, Hines Farms, LLC, Kinsey Jones [ECF Nos. 188 & 189].

history of the Debtors and to identify invoices and contracts related to transfers to and from the Debtors. The objecting Cattle Claimants provided no evidence.

## DISCUSSION

### I.    Procedure

Rule 2004 offers few procedural safeguards when compared to the discovery-related provisions of the Federal Rules of Civil Procedure. *In re GHR Energy Corp.*, 33 B.R. 451, 454 (Bankr. D. Mass. 1983). As for the requirement of a subpoena, Rule 2004(c) states: "The attendance of an entity for examination and for the production of documents…may be compelled as provided in Rule 9016…." Rule 9016 incorporates subpoena practice under Federal Rule of Civil Procedure 45 to bankruptcy cases. Fed. R. Bankr. P. 9016.

The Cattle Claimants that contend subpoenas are required submit they are deprived of their right to file motions to quash or modify the subpoenas *in the court in the district where the compliance is required* under Federal Rule of Civil Procedure 45. The implication is that the proper court to hear their motions would not be this Court. As amended in 2013, however, Federal Rule of Civil Procedure 45 makes it abundantly clear that "[a] subpoena must issue from the court where the *action is pending*." Fed. R. Civ. P. 45(a)(2) (emphasis added); *see* Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. And likewise, Rule 2004 was amended in 2020 to reflect these changes; it is the court where the bankruptcy is pending that issues the subpoenas. Fed. R. Bankr. P. 2004(c); *see* Fed. R. Bankr. P. 2004 advisory committee's note to 2020 amendment. Accordingly, it is in *this* Court that the Cattle Claimants would be obligated to file any motions in opposition to a subpoena issued in this matter.

But the specific question here—whether the Trustee needs to serve subpoenas on non-debtor, interested parties to compel compliance with a Rule 2004 examination—is more difficult.

As the Trustee pointed out, "oftentimes, parties in interest seeking Bankruptcy Rule 2004

examinations (and production of documents) simply go forward with a motion and order and do

not bother with obtaining and serving a subpoena." ECF No. 195 at 22 (quoting *In re Correra*,

589 B.R. 76, 109 (Bankr. N.D. Tex. 2018)). Contrary to the common practice in this district,

*Collier on Bankruptcy* maintains that "Rule 2004(c), incorporating Rule 9016, requires a

subpoena to be either issued by the clerk or by an attorney as an officer of the court." 9 COLLIER

ON BANKRUPTCY ¶ 2004.02[2] (16th 2024).[7]

Judge Jernigan, in *In re Correra*, answers the question of why Rule 2004 would require

an *order* and a *subpoena*. 589 B.R 76, 109 (Bankr. N.D. Tex. 2018). Phrasing the question as

"One might wonder why such 'belts and suspenders' (*i.e.*, a subpoena as well as an order) would

be necessary to enforce compliance," Judge Jernigan explains that the subpoena serves as a

means of establishing "personal jurisdiction over a *non-debtor third party witness*." *Id*.

(emphasis in original). Offering more clarity, Judge Jernigan states: "When an order is entered

compelling a witness (who is not a debtor and is not otherwise a party-in-interest—such as a

creditor who files a proof of claim) to submit to an examination pursuant to Rule 2004, a

subpoena should be served, in addition to the order to compel attendance, as provided for in Rule

9016 (which makes applicable Fed. R. Civ. Proc. 45 in cases under the Bankruptcy Code)." *Id.* at

109–10. At this point, one important difference should be noted: the objecting Cattle Claimants

---

[7] *See also* 10 COLLIER ON BANKRUPTCY ¶ 9016.01 (16th 2024) ("It is not necessary that the debtor be formally subpoenaed to a Rule 2004 examination; an order of examination is sufficient. However, a subpoena *is* required to compel the attendance of a non-party.") (emphasis added) (citing *Farmers & Merchs. State Bank v. Eaton (In re Eaton)*, 359 B.R. 661, 664 (Bankr. N.D. Ohio 2007)). The citation relied on by the Collier Treatise does not clearly support the proposition it is used to support. In *Eaton*, the plaintiff failed to serve a subpoena on the defendant's wife and therefore could not compel her to attend a deposition. *Eaton* does not address Rule 2004 examinations.

are parties-in-interest. *All* the objecting Cattle Claimants filed proofs of claim in Case No. 23-20084.[8]

Beyond *In re Correra*, there is very little development in the area; "[t]here are very few cases that deal with subsection (c) of Bankruptcy Rule 2004. Most of the cases seem to suggest or assume that subpoenas should be issued and served, in addition to the Rule 2004 order from the bankruptcy court." *In re Correra*, 589 B.R. at 110.

Although technically the failure to issue subpoenas is procedurally defective, the Court may exercise personal jurisdiction (for the purposes of Rule 2004 examination) over the Cattle Claimants by virtue of their status as parties-in-interest. And to reiterate, the objecting Cattle Claimants filed claims in the bankruptcy case. The procedural defect does not raise

---

[8] Thorlakson Diamond T Feeders, LP [Claim No. 64 for $ 9,997,068.00], AJ Jacques Living Trust [Claim No. 26 for $365,509.27], Arnold Braun Trust [Claim No. 27 for $562,232.17], Bryan Blackman [Claim No. 31 for $661,956.48], Dora Blackman [Claim No. 32 for $53,651.36], Robert Braun [Claim No. 35 for $345,547.65], Joel Brookshire [Claim No. 59 for $315,000.00], Eddie Bryant [Claim No. 30 for $214,820.95], Dennis Buss [Claim No. 38 for $308,873.53], Buss Family Trust [Claim No. 54 for $380,090.19], Michael and Miranda Evans [Claim No. 36 for $200,812.14], Douglas Finley [Claim No. 29 for $99,921.28], Gene Brookshire Family, LP [Claim No. 57 for $6,500,000.00], Robert E. Gray [Claim No. 34 for $234,663.23], Ronnie Gray [Claim No. 28 for $200,450.00], Gray Brothers [Claim No. 33 for $436,533.90], Jimmy Greer [Claim No. 37 for $354,918.73], Leah Gungoll [Claim No. 42 for $150,852.24], Gungoll Cattle, LLC [Claim No. 41 for $495,648.89], Dustin Johnson [Claim No. 50 for $201,446.78], Jordan Lesh, LLC [Claim No. 87 for $342,301.95], Janice Lawhon [Claim No. 39 for $149,488.75], Jan and Gary Lesh [Claim No. 88 for $330,335.37], Jared Lesh [Claim No. 62 for $7,699,133.66], Lesh Family Trust [Claim No. 86 for $776,745.49], Charles Lockwood [Claim No. 46 for $1,948,696.94], Cole Lockwood [Claim No. 49 for $576,533.01], Nikki Lockwood [Claim No. 48 for $391,049.21], Sherle Lockwood [Claim No. 44 for $766,041.83], Morrison Cafe, LLC [Claim No. 66 for $789,452.00], Jim Rininger [Claim No. 51 for $240,778.44], Steve Ryan [Claim No. 53 for $251,609.07], Scarlet and Black Cattle, LLC [Claim No. 68 for $3,707,039.52], Scott Livestock Company, Inc. [Claim No. 55 for $252,689.84], Robert Spring [Claim No. 52 for $149,812.73], Steve T Scott Farm, Inc. [Claim No. 58 for $4,806,566.53], Amy and Craig Sutton [Claim No. 43 for $400,109.56], Colby and Susan Van Buskirk [Claim No. 84 for $605,885.29], Janet Van Buskirk [Claim No. 83 for $484,475.35], Lyndal Van Buskirk [Claim No. 71 for $4,944,432.51], Big Seven Capital Partners, LLC [Claim No. 80 for $594,403.47], Richard Carraway [Claim No. 79 for $322,320.52], Robert Ellis [Claim No. 75 for $249,776.44], Andrew (Drew) Phillips [Claim No. 82 for $517,777.89], Barry Phillips [Claim No. 76 for $416,216.47], Priest Cattle Company, Ltd. [Claim No. 67 for $874,901.99], Priest Victory Investment LLC [Claim No. 65 for $639,861.35], Ridgefield Capital Asset Management [Claim No. 74 for $2,182,751.53], Eddie Stewart [Claim Nos. 61 for $317,266.34 & 63 for $2,176,357.46], W. Robbie Russell Living Trust [Claim Nos. 60 for $1,500,864.65 & 63 for $2,176,357.46], MAP Enterprises, Inc. [Claim No. 40 for $9,155,847.81], Shaw & Shaw Farms Partnership, LLC [Claim No. 8 for $120,911.37], Riley Livestock, Inc. [Claim No. 16 for $694,059.28], Bar D Ranch Land & Cattle [Claim No. 7 for $92,053.76], Curtis Jones Farms [Claim No. 14 for $1,905,591.14], Don Jones Farm, Inc. [Claim No. 13 for $7,069,139.14], Don Jones Trucking, Inc. [Claim No. 12 for $1,250,833.14], Hines Cattle Company, LLC [Claim No. 9 for $307,954.18], Hines Farms, LLC [Claim No. 10 for $307,954.18], and Kinsey Jones [Claim No. 11 for $353,831.49].

questions of personal jurisdiction in this case. Nor does the lack of a subpoena foreclose the

objecting Cattle Claimants' ability to file motions opposed to the Rule 2004 examination in this

Court.

## II.    Scope

The substantive issue here is scope; the Court must decide the dimensions of the

Trustee's Rule 2004 examination.

Both the Trustee and the Cattle Claimants offered suggestions of how to limit the scope

of the examination. The Cattle Claimants suggest a temporal element to limit the scope of the

examination; the Trustee proposes a proportionality element (size of the claims) as a measure to

limit the scope of the examination. If a limitation is placed on the scope, the Trustee specifically

requests that the examination apply to parties with total transfers with the Debtors totaling $1

million or more, though the specifics of the limitation are unclear. In the context of the hearing,

the $1 million threshold time frame appears to begin when the Cattle Claimants' and the

Debtors' dealings began. But more questions linger, such as whether related Cattle Claimants'

transfers are aggregated and whether the transfers to/from one of the Debtors are aggregated with

the other two Debtor entities.

*Collier on Bankruptcy* states that "[i]f a nondebtor is the target of a Rule 2004

examination and the nondebtor objects, then the party moving for the Rule 2004 examination

must demonstrate 'good cause.'" 9 COLLIER ON BANKRUPTCY ¶ 2004.01[6] (16th 2024). The

traditional litmus test for good cause is satisfied if the moving party shows the examination is

necessary to establish a claim of the movant, or if denying the examination would cause undue

hardship or injustice to the movant. *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627

(Bankr. D. Del. 2016); *In re Express One Int'l*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998). In

analyzing good cause, courts look to the totality of the circumstances. 9 COLLIER ON

BANKRUPTCY ¶ 2004.01[6] (16th 2024) (citing cases). Here, considerations of proportionality are

particularly important. *See In re SunEdison, Inc.*, 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017)

("[T]he spirit of proportionality is consistent with the historic concerns regarding the burden on

the producing party and is relevant to the determination of cause.").

The scope of Rule 2004 examinations is broad. *See In re Correra*, 589 B.R. 76, 108–09

(Bankr. N.D. Tex. 2018) ("The scope of a Rule 2004 examination is unfettered and broad and is

commonly recognized as more in the nature of a 'fishing expedition.'" (internal quotations

removed)). As provided in Rule 2004, the examination "may relate only to the acts, conduct, or

property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R.

Bankr. P. 2004(b). The Trustee's *document* request falls within the scope permitted by Rule

2004(b).

The objecting Cattle Claimants raise concerns with the breadth of the requested

information. They say it encompasses *all* transactions at *any* time. But this is hyperbole. The

document request is limited to those documents that concern "any transfer of property." ECF No.

174-1 at 6. The request need not be narrowed further. And no evidence was offered that

identifies the burden caused by the request. Courts generally require objecting parties to prove

that a Rule 2004 examination is burdensome. 9 COLLIER ON BANKRUPTCY ¶ 2004.01[7] (16th

2024).

The *communications* request, however, is problematic. It requests "[a]ll

communications…with or referencing any of the Debtors or the Debtors' Affiliates…." ECF No.

174-1 at 6. This request goes beyond the standard of Rule 2004. The Court notes, however, that

the *document* request includes "communications with any party concerning any…transfers." *Id*.
The specific communications request that goes beyond communications tied to transfers is too
broad and beyond the scope of Rule 2004.

Last, the Cattle Claimants contend that answering the interrogatory inherently requires
the creation of a wholly new document, which is unnecessary given that Rule 33(d) allows a
party to answer such an interrogatory by providing and specifying the business records that are
responsive. Fed. R. Civ. P. 33(d).[9] And although the interrogatory is sought by way of a Rule
2004 examination as opposed to directly under Rule 33, the Rule 33 rights should be preserved.
More explicit language should ease the Cattle Claimants' concerns.

## CONCLUSION

The Court approves the Trustee's request for documents and denies the Trustee's stand-
alone request for communications. The document request for communications concerning
transfers is proper. Last, the Court approves the Trustee's interrogatory as modified by the
Trustee to include language preserving parties' rights under Rule 33(d). It is hereby

ORDERED that the Trustee shall submit a conforming order.

### End of Memorandum Opinion and Order###

---

[9] Rule 33 of the Federal Rules of Civil Procedure is applicable to this proceeding by way of Federal Rules of
Bankruptcy Procedure 7033 and 9014.