

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION
OF USDA DEALER TRUST CLAIMANTS**

On March 28, 2024, the Court held a hearing on the this day came for consideration the Motion for Rule 2004 Examination of USDA Dealer Trust Claimants (the "**Motion**") filed on February 7, 2024 by Kent Ries, Trustee ("**Trustee**") of the referenced Chapter 7 bankruptcy cases, as well as the objections filed thereto by the Cattle Claimants.[2] Having considered the Motion, the record at the hearing, and arguments of counsel, and finding that service and notice thereof was sufficient and appropriate under the circumstances, the Court issued its Memorandum Opinion and

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

[2] The objecting Cattle Claimants are Thorlakson Diamond T. Feeders, LP [ECF No. 185], AJ Jacques Living Trust, AJ Jacques, Arnold Braun Trust, Dr. Arnold Braun, Bryan Blackman, Dora Blackman, Robert Braun, Joel Brookshire, Eddie Bryant, Dennis Buss, Ed Buss, Buss Family Trust, Michael Evans, Miranda Evans, Douglas Finley, Gene Brookshire Family, LP, Robert E. Gray, Ronnie Gray, Gray Brothers, Jimmy Greer, Leah Gungoll, Bradley Gungoll, Gungoll Cattle Co., LLC, Dustin Johnson, Jordan Lesh, Jordan Lesh, LLC, Janice E. Lawhon, Gary Lesh, Jan Lesh, Jared Lesh, Lesh Family Trust, Charles Lockwood, Cole Lockwood, Nikki Lockwood, Sherle Lockwood, Morrison Cafe, LLC, Jim Rininger, Steve Ryan, Colton Long, Scarlet and Black Cattle, LLC, Scott Livestock Company Inc., Robert Spring, Steve Scott, Steve T Scott Farm Inc., Amy Sutton, Craig Sutton, Colby Van Buskirk, Janet Van Buskirk, Lyndal Van Buskirk, Susan Van Buskirk [ECF No. 186], Big Seven Capital Partners LLC, Richard Carraway, Carraway Cattle LLC, Robert Ellis, Drew Phillips, Barry Phillips, Priest Cattle Company, Ltd, Priest Victory Investment LLC, Ridgefield Capital Asset Management LP, Eddie Stewart, W. Robbie Russell Living Trust, and Wiley Roby Russell, Jr. [ECF No. 187], MAP Enterprises, Inc. [ECF No. 190], and Shaw & Shaw Farms Partnership, LLC, Riley Livestock, Inc., Bar D Ranch Land & Cattle, Curtis Jones Farms, Don Jones Farms, Inc., Don Jones Trucking, Inc., Hines Cattle Company, LLC, Hines Farms, LLC, Kinsey Jones [ECF Nos. 188 & 189].

Order (Dkt No. 223) on April 19, 2024. Based upon the Court's findings and conclusions in the Memorandum Opinion and Order, it is hereby

ORDERED that the Motion is GRANTED as provided for herein; it is further

ORDERED that by May 20, 2024 (31 days after entry of the Memorandum Opinion and Order), _____, the following parties:

| | |
|---|---|
| 2B Farms (Terry "Bo" Robinson) | Gray Brothers Cattle (Robert & Ronnie Gray) |
| A.J. Jacques Living Trust | |
| Acey Livestock, LLC | Gungoll Cattle, LLC (Bradley Gungoll) |
| Amy & Craig Sutton | Hines Cattle Company, LLC (Steven Hines) |
| Angie Robinson | Hines Farmes, LLC (David Hines) |
| Arnold Braun Trust | Jace Harrold |
| Audy Spell (University of Florida) | Jan & Gary Lesh |
| Bar D Ranch Land & Cattle | Janet VanBuskirk |
| Barrett's Livestock Inc. | Janice E. Lawhon |
| Barry Phillips | Jared Lesh |
| Bella Elegance LLC (Job White) | Jean Nix |
| Big Seven Capital Partners, LLC | Jim Rininger |
| Brent Burnett | Jimmy Greer |
| Bryan Blackman | JoAnn & Keith Brooks d.b.a. Brooks Farms |
| Buss Family Trust (Edwin D. Buss) | Joe Burnett |
| C Heart Ranch (Colette Lesh) | Joel Brookshire |
| Cameron Weddington | John Tidwell |
| Carraway Cattle, LLC | Jordan Lesh, LLC |
| Charles Lockwood | Justin Beiber |
| Christopher Prince | Justin Stuever |
| Cole Lockwood | Keith Harris |
| Cory Jesko | Kingdom Trust (James Mccuan) |
| Curtis Jones Farms | Kinsey Jones |
| DAC83 LLC | Kyle Weldon, James D. Bradbury, LLC (Bradbury Counsel) |
| David Johnson | |
| David Rainey | Larry Keith |
| Dennis Buss | Leah Gungoll |
| Don Jones Farm, Inc. | Lesh Family Trust (Jan Lesh) |
| Don Jones Trucking, Inc. | LFC Cattle |
| Dora Blackman | Lyndal VanBuskirk |
| Doug Finley | Map Enterprises (Mike Gourley) |
| Drew Phillips | Mark J. Reisz |
| Dufurrena Cutting Horses (Ed Dufurrena) | Michael Evans |
| Dustin Johnson | Morgan Perry & Codie Perry |
| Dwight Jesko | Morrison Café, LLC (Jan Lesh) |
| Eddie Bryant | Mykel Tidwell |
| Eddie Stewart | Nancy F. Weddington |
| Edward Lewis Dufurrena | Natalie Martus |
| Eric DeJarnatt | Nikki Lockwood |
| Garwood Cattle Co. (Justin Garwood) | Open A Arena LLC |
| Gene Brookshire Family, LP (Joel Brookshire) | Phillip Sullivan |
| | Priest Cattle Company, Ltd |
| | Priest Victory Investment LLC |

PAGE 2

| | |
|---|---|
| Producers Livestock Commission (Sonny Barthold) | Scott Livestock Company |
| Ralph Reisz | Shaw & Shaw Farms Partnership LLC |
| Rapp Ranch | Sherle Lockwood |
| Richard Brad Carraway | Stan E. Ayers, Jr. |
| Richard Carraway | Starnes Cattle (Jeff Starnes) |
| Rick Rodgers | Steve Ryan |
| Ridgefield Capital Asset Management (RCAM) (Jim Giordano) | Steve T Scott Farms Inc. |
| | Susan & Colby VanBuskirk |
| Rieta May Dufurrena | Terry Burnett |
| Riley Livestock, Inc. | TGF Ranch LLC (Tom Frith) |
| Robert & Rachel Stewart | Thorlakson Diamond T Feeders, L.P. |
| Robert Braun | Tindal Truck Sales (John Tindal) |
| Robert Ellis | Wildforest Cattle Company LLC |
| Robert Gray | Wiley Roby Russell, Jr., Trustee of the W. Robbie Russell Living Trust |
| Robert J. Spring | Wiley Roby Russell, Jr., Trustee of the W. Robbie Russell Living Trust & Eddie Stewart |
| Ronnie Gray | |
| Scarlet & Black Cattle, LLC (Colton Long) | William A. Weddington |
| Scott E. Stewart | WJ Performance Horses (Weston Raub) |

shall provide to the Trustee the documents and electronic information, and shall provide a written response to the interrogatory, set forth in the **Discovery Request** below. As instructed in the Discovery Request, the responding parties shall identify all documents that are available in both physical and electronic format, and initially provide only the electronic version. The responding parties should further identify electronic data that is available in more than one format, and provide all formats; it is further. IT IS FURTHER

ORDERED that the production shall be limited to those items in the responding parties' possession, custody, or control, and shall be subject to the other applicable limits of the Federal Rules of Civil Procedure, including but not limited to, the responding parties' rights to respond to the Interrogatory pursuant to Federal Rule of Civil Procedure 33(d);[3] ; it is further

---

[3] (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

ORDERED that the Trustee shall work in good faith with the responding parties to coordinate production.

## DISCOVERY REQUEST

### DEFINITIONS

1. <u>You/Your</u>. The terms "You" and/or "Your" means the person or entity to whom this discovery is directed, as well as Your officers, directors, members, employees, attorneys, agents, representatives, and/or anyone else acting on Your behalf.

2. <u>Debtors</u>. The term "Debtors" shall mean McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>Debtor Affiliates</u>. The term "Debtor Affiliates" shall mean Brian McClain, Chelsea McClain, Crystal McClain, Meagan B. Goad, aka Meagan B. Powell, Kinsey Moreland, Josh Moreland, Jed Goad, JLE Trucking, Inc., any other entities affiliated with the foregoing, as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>Transfer</u>. The term "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property, and includes payment of money, release, lease, and creation of a lien or other encumbrance.

5. <u>Property</u>. The term "property" means anything that may be the subject of ownership.

6. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs,

---

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Case 23-20084-rlj7    Doc 227-1    Filed 04/25/24    Entered 04/25/24 12:28:21    Desc
Exhibit A    Page 5 of 8

records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in Your custody, possession, and/or control or to which You otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

7. <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

8. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

9. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

10. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

12. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

## **INSTRUCTIONS**

A. Identify all documents that are available in both physical and electronic format, and initially provide only the electronic version. Identify electronic data that is available in more than one format, and provide all formats.

B. These Requests shall extend to all documents in the possession, custody, and/or

control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access, such as Your attorney(s), accountant(s), employee(s), agent(s), or other representative(s), regardless of who obtained the documents on its behalf, and regardless of the source from which the documents were obtained

      C.      In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

      D.      You should comply with the requirements of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure regarding claims of privilege or protection of trial preparation materials.

      E.      These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

      F.      If any portion of any document is responsive to any request, then the entire document must be produced.

      G.      In the event that no document exists which is responsive to a particular request, a written response indicating the same must be provided

      H.      If any document is withheld on the basis of privilege, or any request is objected to on the basis of privilege, You must nevertheless produce other responsive documents pursuant to such request which are not subject to any privilege, and You must produce a privilege log concerning documents withheld on the basis for privilege.

### **REQUESTED DOCUMENTS**

      1.      All documents or electronically stored information concerning either: (a) any transfer of property by You (including anyone on Your behalf) to any of the Debtors or the Debtors' Affiliates (including anyone on any of their behalf); or (b) any transfer of property by the Debtors or the Debtors' Affiliates (including anyone on any of their behalf) to You (including anyone on Your behalf). Documents responsive to this request include, but are not limited to: (1) banking records (such as bank statements, copies of checks, wire instructions, wire receipts, ledger entries); (2) investment contracts,

agreements, invoices, or receipts, including shipping records or other records concerning livestock sales involving any of the Debtors or the Debtors' Affiliates; and (3) communications with any party concerning any such transfers.

~~2.　　All communications (including texts, emails, and instant messages) with or referencing any of the Debtors or the Debtors' Affiliates, other than confidential communications made with Your counsel for purpose of seeking or obtaining legal assistance to You.~~

### INTERROGATRY

~~3.~~2.　　Identify each and every: (a) transfer of property by You (including anyone on Your behalf) to any of the Debtors or the Debtors' Affiliates (including anyone on any of their behalf); and (b) transfer of property by the Debtors or the Debtors' Affiliates (including anyone on any of their behalf) to You (including anyone on Your behalf). For each transfer, provide the date, property (if cash, list dollar amount), identify of the transferring party, identity of the receiving party, and if applicable, a description of any contract, invoice, or other agreement related to such transfer. The following is an illustrative example of a response to this request:

| Date | Property | Transferring Party | Receiving Party | Contract |
|---|---|---|---|---|
| 10/1/2020 | $250,000.00 | ABC Creditor | Brian McClain | Contract #5678 dated 10/1/2020 |

You are instructed to verify under oath Your answer to this Interrogatory. A separate verification is required of each person who responds to any portion of this Interrogatory. The following is an example of a verification under oath of this Interrogatory:

　　I, John Doe, execute this verification of the response to the Interrogatory

PAGE 7

and swear that, to the best of my knowledge, the response to the Interrogatory is correct and complete.

*John Doe*

# # # END OF ORDER # # #

Order submitted by:
Hudson M. Jobe
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
COUNSEL FOR TRUSTEE

PAGE 8