# EXHIBIT A – BUYERS/BROKERS

## DEFINITIONS

1. <u>You/Your</u>. The terms "You" and/or "Your" means the person or entity to whom this discovery is directed, as well as Your officers, directors, members, employees, attorneys, agents, representatives, and/or anyone else acting on Your behalf, and as well as your predecessors, successors, assigns, and affiliates as that term is defined in 11 U.S.C. § 101(2).

2. <u>Debtors</u>. The term "Debtors" shall mean McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3. <u>Debtor Affiliates</u>. The term "Debtor Affiliates" shall mean Brian McClain, Chelsea McClain, Crystal McClain, Meagan B. Goad, aka Meagan B. Powell, Angela Powell, Piper McClain, Kinsey Moreland, Josh Moreland, Leslie K. White, Jed Goad, JLE Trucking, Inc., any other entities affiliated with the foregoing, as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>Debtor/Affiliate Accounts</u>. The term "Debtor/Affiliate Accounts" shall mean any savings, checking, demand deposit, or other financial account that was owned by or under the control of any of the Debtors or the Debtor Affiliates.

5. <u>Debtor/Affiliate Loan</u>. The term "Debtor/Affiliate Loan" shall mean any indebtedness of any of the Debtors or any of the Debtor Affiliates.

6. <u>Transfer</u>. The term "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property, and includes payment of money, release, lease, and creation of a lien or other encumbrance.

7. <u>Property</u>. The term "property" means anything that may be the subject of ownership.

8. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases,

calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in Your custody, possession, and/or control or to which You otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

9.    Communications. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

10.    Concerning. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

11.    All/Each. The terms "all" and "each" shall be construed as all and each.

12.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.    Number. The use of the singular form of any word includes the plural and vice versa.

14.    Tense. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

## INSTRUCTIONS

A.    Identify all documents that are available in both physical and electronic format, and initially provide only the electronic version. Identify electronic data that is available in more than one format, and provide all formats.

  B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access, such as Your attorney(s), accountant(s), employee(s), agent(s), or other representative(s), regardless of who obtained the documents on its behalf, and regardless of the source from which the documents were obtained

  C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

  D. You should comply with the requirements of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure regarding claims of privilege or protection of trial preparation materials.

  E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

  F. If any portion of any document is responsive to any request, then the entire document must be produced.

  G. In the event that no document exists which is responsive to a particular request, a written response indicating the same must be provided

  H. If any document is withheld on the basis of privilege, or any request is objected to on the basis of privilege, You must nevertheless produce other responsive documents pursuant to such request which are not subject to any privilege, and You must produce a privilege log concerning documents withheld on the basis for privilege.

## REQUESTED DOCUMENTS

  1. All documents or electronically stored information concerning either: (a) any transfer of property by You (including anyone on Your behalf) to any of the Debtors or the Debtors' Affiliates (including anyone on any of their behalf); or (b) any transfer of property by the Debtors or the Debtors' Affiliates (including anyone on any of their behalf) to You (including anyone on Your behalf). Documents responsive to this request include, but are not limited to: (1) banking records (such as bank statements, copies of checks, wire instructions, wire receipts, ledger entries); (2) investment contracts,

agreements, invoices, or receipts, including shipping records or other records concerning livestock sales involving any of the Debtors or the Debtors' Affiliates; and (3) communications with any party concerning any such transfers.

2. All bank statements and related documents or electronically stored information accessible to You concerning all Debtor/Affiliate Accounts and all Debtor/Affiliate Loans. This includes:

   a. All remote deposit detail (including wire receipts and checks). This includes all documents or electronically stored information evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents evidencing, concerning, or documenting the transfer of money or property in any Debtor/Affiliate Accounts or any Debtor/Affiliate Loans;

   b. All withdrawal detail (including wire requests and checks). This includes all documents or electronically stored information evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents evidencing, concerning, or documenting the transfer of money or property in any Debtor/Affiliate Accounts or any Debtor/Affiliate Loans;

   c. All signature cards, account opening agreements, and other agreements or contracts governing Debtor/Affiliate Accounts and Debtor/Affiliate Loans;

   d. All communications between the You and any Debtor or any Debtor Affiliate;

   e. All communications between the You and any third party referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan;

   f. All Your internal communications referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan;

   g. All financial analysis and reports You have prepared concerning any of the Debtors or Debtor Affiliates, including working papers and drafts;

   h. All loan and security documents or electronically stored information evidencing or documenting any Debtor/Affiliate Loan, and any documents or electronically stored information concerning a Debtor/Affiliate Loan, including but not limited to loan history reports, loan ledgers and any loan statements;

   i. All documents or electronically stored information evidencing, referencing, or

    otherwise concerning any transfer of property by, on account of, or on behalf of, any of the Debtors or the Debtor Affiliates, including but not limited to any transfers made in connection with Debtor/Affiliate Account or Debtor/Affiliate Loan;

j. All documents or electronically stored information referencing any of the Debtors or the Debtor Affiliates.

k. All reports generated by Your procedures, systems, or controls for detecting kiting or other bank fraud that refer to any of the Debtors or any of the Debtor Affiliates, or are concerning any Debtor/Affiliate Account or Debtor/Affiliate Loan. This includes any reports generated, created, and/or stored by any of Your third-party or outside vendors. This includes all documents or other correspondence that forwards, discusses, relates to or otherwise references any report responsive to this request.

l. All reports and other similar documents concerning any of the Debtors or any of Debtor Affiliates which were generated by Your data analytic and/or fraud detection software (e.g., Abrigo/Banker's Toolbox, Trenisis, Wayne Barnett, or similar programs) that mention or refer to any of the Debtors or any of the Debtor Affiliates, and all documents relating to or evidencing internal and external communications regarding those reports or other similar documents.