UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com

*Attorneys for Creditor Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |
|---|---|

**RABO'S MOTION FOR AN ORDER AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO DISTRIBUTE SALES PROCEEDS THAT ARE FULLY ENCUMBERED BY RABO'S PERFECTED LIENS BECAUSE SUCH ASSETS ARE BURDONSOME TO THE ESTATE AND OF INCONSEQUENTIAL VALUE AND BENEFIT TO THE ESTATE**

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

> **NOTICE OF HEARING**
>
> PLEASE SEE THE "NOTICE – RESPONSE DEADLINE" SET FORTH BELOW, REGARDING THE DEADLINE FOR FILING A RESPONSE TO THIS MOTION AND THE DATE OF A HEARING IF A TIMELY RESPONSE IS FILED. IF A TIMELY RESPONSE IS FILED, THE COURT WILL CONDUCT A HEARING VIA DOCKET CALL ON **JUNE 20, 2024, AT THE HOUR OF 1:30 P.M**.

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Rabo AgriFinance LLC ("**Rabo**"), a secured creditor of each of the Debtors (collectively, the "**McClain Debtors**") in the above-entitled jointly administered cases, through counsel, hereby respectfully moves this Court pursuant to 11 U.S.C. §§ 105, 554(b) and 704(a)(1), for the entry of an order authorizing and directing Kent Ries, the Chapter 7 Trustee (the "**Trustee**"), to distribute to Rabo the $185,942.95 in cattle feed proceeds (the "**Feed Proceeds**") the Trustee currently holds. The Trustee should be authorized and directed to remit the Feed Proceeds to Rabo because such Feed Proceeds are fully encumbered by Rabo's perfected liens, and there is no equity in the Feed Proceeds that could inure to the benefit of the Debtors' unsecured creditors. Accordingly, the Trustee should be compelled to abandon the Feed Proceeds to Rabo.

**STATEMENT OF FACTS**[2]

1. Each of McClain Feed Yard, Inc., McClain Farms, Inc. and 7M Cattle Feeeders, Inc. (collectively, the "**McClain Debtors**") filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code with the United States Bankruptcy Court for the Northern District of Texas (the "**Court**") on April 28, 2023 (the "**Petition Date**").

---

[2] The Loan Documents referred to herein are attached to the Proof of Claim Rabo filed in this case, Claim No. 56, on September 13, 2023.

2

2. The McClain Debtors Chapter 7 cases are being jointly administered under the lead case number of <u>In re McClain Feed Yard, Inc.</u>, Case No. 23-20884-rlj.

3. Rabo and the McClain Debtors are parties to certain loan and security documents evidencing loans made by Rabo to the McClain Debtors. Rabo agreed to make credit facilities available to the McClain Debtors in connection with their livestock, cattle feeder, and cattle production businesses in Texas and Kentucky, in return for payment by the McClain Debtors under certain terms and conditions.

4. The credit facilities between Rabo and the McClain Debtors are evidenced by, among other loan and security documents, that certain (a) *Master Credit Agreement* dated May 11, 2018, by and between McClain Feed Yard ("MFY") and Rabo, (b) that certain *Joinder*, dated July 15, 2019, by and between 7M, MFY, and Rabo, (c) that certain *Joinder*, dated August 27, 2021, by and between McClain, MFY, 7M and Rabo, (d) that certain *Addendum to Master Credit Agreement*, dated July 24, 2019, by and between MFY, 7M and Rabo, (e) that certain *Addendum to Master Credit Agreement*, dated January 13, 2023, by and between MFI, MFY, 7M, McClain and Rabo. The Master Credit Agreement, Joinders, and Addendum to Master Credit Agreement(s) are collectively referred to herein as the "**MCA**").

5. To secure repayment of the indebtedness and obligations evidenced under and by the MCA and the other loan documents executed in conjunction therewith, each of the McClain Debtors, as a Grantor, executed that certain (a) *Master Security Agreement*, dated August 27, 2021, and (b) that certain *Master Security Agreement*, dated July 24, 2019 (collectively, the "**MSA**").

6. Under and pursuant to the MSA, the McClain Debtors, each as a Grantor, pledged

3

essentially all of their personal property assets now owned or hereafter acquired, defined as the "**Collateral**" (Exhibit C, MSA, ¶ 1, *The Collateral*), to Rabo, including but not limited to: "all accounts, contract rights, documents, documents of title, payment intangibles, investment property, chattel paper, instruments, deposit accounts, inventory, equipment, fixtures, farm products (including crops grown, growing or to be grown and livestock, born or unborn, supplies used in farming operations, and products of crops and livestock), general intangibles, including all Intellectual Property, all proceeds of crop insurance, price support payments, government program payments, rights and interests under Hedging Agreements, and all accessions, attachments, additions to, substitutes or replacements for any Collateral, and all proceeds, products, rents and profits of any Collateral, all rights under warranties and insurance contracts covering the Collateral, and any causes of action relating to the Collateral, and all Books and Records pertaining to any Collateral, including but not limited to any computer-readable memory and any computer hardware or software necessary to process such memory" (hereinafter, the "**Personal Property Collateral**") in both Texas and Kentucky to secure the Loan Obligations, as defined below, due and owing to Rabo under the Loan Documents.

7. Rabo perfected its first priority security interest in the Personal Property Collateral by filing UCC-1 Financing Statements ("**UCC-1's**") in the Office of the Secretary of State of Kentucky and Office of the Secretary of State of Texas. *See* Proof of Claim 56, Case No. 23-20084-rlj (UCC-1 Financing Statements attached as exhibits).

8. The MCA, MSA, UCC-1's, and all other documents evidencing or securing payment of the indebtedness or obligations due and owing to Rabo by the McClain Debtors, or any of them, as each may be amended, modified, and/or assigned, are collectively referred to as the "**Loan Documents**" and all of the loans evidenced by the Loan Documents hereinafter

referred to as the "**Loans**").

9. Rabo has been and is at the time of the filing of this Motion the owner and holder of the Loan Documents and the entity to whom the McClain Debtors are obligated under the Loan Documents. Rabo also is the entity that holds the liens on the Personal Property Collateral.

10. The Loan Documents are cross-defaulted and cross-collateralized such that all Collateral granted to Rabo under the Loan Documents secures the repayment of all Loan Obligations.

11. Further, all of the McClain Debtors are jointly and severally liable, both as primary obligors and as guarantors, for the repayment of all Loan Obligations.

12. As of the Petition Date, the outstanding indebtedness due and owing to Rabo pursuant to the terms of the Loan Documents, exclusive of attorneys' fees/professional fees and costs, default interest, and other charges as allowed under the Loan Documents (the "**Loan Obligations**") totaled no less than $53,516,988.33. *See* Proof of Claim 56, Case No. 23-20884-rlj7.

13. After the Petition Date, Rabo received some proceeds on account of its real and personal property collateral, but such proceeds were just a fraction of the Loan Obligations owed as of the Petition Date (less than $4,000,000.00 in total as of the date of this Motion).

14. As of the date of this Motion, Rabo is still owed in excess of $49,000,000.00 under the Loan Documents even without adding interest or attorneys' fees and costs incurred since the Petition Date.

15. On April 5, 2024, the Trustee filed his Form 1, Individual Estate Property Records and Report Asset Cases ("**Form 1**") with the Court. [Dkt. 211]

16. The Form 1 indicates that the Trustee currently holds $185,942.95 in proceeds from the liquidation of feed. Those funds are identified as the "Feed Proceeds" in this Motion.

17. The Feed Proceeds are the identifiable cash proceeds of Rabo's perfected security interest on the Personal Property Collateral which, among other things, includes all of the McClain Debtors' inventory and all of the McClain Debtors' farm products.

18. The bankruptcy estate has no equity in the Feed Proceeds that are the subject of this Motion. The Feed Proceeds are fully encumbered by Rabo's perfected liens. As a result, the Feed Proceeds are burdensome to the estate and of inconsequential value and benefit to the estate.

19. Because the Feed Proceeds are fully encumbered by Rabo's perfected liens, the Trustee should be authorized and directed to remit the Feed Proceeds to Rabo.

## ARGUMENT

Section 704(a)(1) of the Bankruptcy Code requires the Trustee "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." When it comes to fully-encumbered estate property, however, the Trustee should not administer the property but, instead, should abandon the property to the secured secured creditor. *See, e.g., In re Integrated Agri, Inc.*, 313 B.R. 419, 425 (Bankr. C.D. Ill. 2004) ("Fully encumbered property which has no potential equity for unsecured creditors should be abandoned.").

Here, Rabo has asked the Trustee to voluntarily remit the Feed Proceeds to it given that the Feed Proceeds are fully encumbered by Rabo's liens. While the Trustee did not refuse that request or deny that Rabo has perfected liens on the Feed Proceeds, the Trustee

rightfully noted that, given the issues, parties and claims in this case, it would be appropriate for this Court to enter an Order, on motion from Rabo, directing him to do so.

Rabo now requests that Order from this Court. Rabo submits that such an Order is fully appropriate under the facts and circumstances of these cases. Section 554(b) of the Bankruptcy Code provides that, "[u]pon request of a party in interest, and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). "[P]roof that an estate lacks equity in property sets forth at least a prima facie case that the property is of inconsequential value and benefit to the estate." *In re Paolella*, 79 B.R. 607, 610 (Bankr. E.D. Pa. 1987). Furthermore, where, as here, a bankruptcy trustee holds fully encumbered property, the trustee should abandon such property to the secured creditor holding the senior lien on such property. *See In re Norwalk Furniture Corp.*, 428 B.R. 419, 429 (Bankr. N.D. Ohio 2009) (holding that secured creditor had senior lien on tax refunds and that, "[t]o obtain possession of these proceeds," the secured creditor should "file a motion for abandonment").

As shown herein, the Feed Proceeds should be abandoned to Rabo. Rabo is owed many millions of dollars, and its claims are secured by perfected liens on all of the McClain Debtors' Personal Property Collateral, as well as the proceeds thereof. There simply is no equity in the Feed Proceeds that could insure to the benefit of unsecured creditors. Thus, the Feed Proceeds are of inconsequential value and benefit, and they should be turned over to Rabo forthwith so that Rabo can apply those funds to the unpaid amounts owed by the McClain Debtors on their loans.

A proposed Order is submitted herewith.

DATED this 9th day of May, 2024.

> UNDERWOOD LAW FIRM, P.C.
> Thomas C. Riney, SBN: 16935100
> W. Heath Hendricks, SBN: 240556451
> 500 South Taylor, Suite 1200, LB 233
> Amarillo, Texas 79101
> Telephone: (806) 376-5613
> Facsimile: (806) 379-0316
> Email: tom.riney@uwlaw.com
> Email: heath.hendricks@uwlaw.com
>
> --and—
>
> RAY QUINNEY & NEBEKER P.C.
>
> Michael R. Johnson *(Pro Hac Vice)*
> 36 South State, Suite 1400
> Salt Lake City, UT 84111
> Telephone: (801) 532-1500
>
> Facsimile: (801) 532-7543
> Email: mjohnson@rqn.com
>
> */s/ Michael R. Johnson*
> Michael R. Johnson
>
> *Attorneys for Rabo AgriFinance LLC*

## NOTICE/RESPONSE DEADLINE

NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS AT 205 SOUTHEAST 5TH AVENUE, ROOM 133, AMARILLO, TEXAS, 79101-1559, BEFORE THE CLOSE OF BUSINESS ON <u>MAY 31, 2024</u>.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK OF THE BANKRUPTCY COURT, AND A COPY SERVED UPON COUNSEL FOR THE MOVING PARTY WITHIN THE TIME DESCRIBED ABOVE. IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

IF A RESPONSE TO THIS MOTION IS FILED, THE COURT WILL HOLD A HEARING AT A VIDEO DOCKET CALL, WHICH HEARING WILL BE HELD ON:

*June 20, 2024, at the hour of 1:30 p.m.*

## CERTIFICATE REGARDING CONFERENCE

Counsel states that he has conferred by email with Kent Ries, the Chapter 7 Trustee, regarding this motion. The Trustee indicated that he would be agreeable to the relief requested in the motion, although he could not speak for other parties who might oppose the motion. The Trustee further requested that any order granting the motion contain language about the non-conclusive nature of Rabo's debt and lien and claims the parties may have against one another," similar to prior orders entered in these cases.

DATED this 9th day of May, 2024.

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2024, the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

*/s/ Michael R. Johnson*
Michael R. Johnson