UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 24055651
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

            -and-

Michael R. Johnson (*Pro Hac Vice*)
Austin C. Nate (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com
Email: anate@rqn.com

*Attorneys for Creditor and Party-in-Interest Rabo AgriFinance LLC*

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC., AND 7M CATTLE FEEDERS, INC.,<br><br>Debtors.[1] | Chapter 7<br><br>CASE NO. 23-20084-7-rlj<br><br>Jointly Administered |

## ACCEPTANCE OF SERVICE OF RULE 2004 SUBPOENA
### [Crystal McClain]

---

[1] The Debtors in these jointly administered cases are: (1) McClain Feed Yard, Inc. (Case No. 23-20084); (2) McClain Farms, Inc. (Case No. 23-20885); and (3) 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

The undersigned, Marcus H. Herbert, of Marcus H. Herbert & Associates, (i) affirms that he has received a copy of the *Subpoena for Rule 2004 Examination,* directed to Crystal McClain; dated June 24, 2024, issued in the above-entitled case by Michael R. Johnson, counsel for Rabo AgriFinance LLC (the "**Subpoena**"); (ii) accepts service of the Subpoena on behalf of Crystal McClain (the "**Witness**") without the requirement of formal service; and (iii) waives any right that the Witness might have to service of the Subpoena by any other means.

The Witness reserves all other rights and defenses with respect to the Subpoena other than defenses, if any, based upon improper or ineffective service.

DATED: 7/1_____, 2024.

_____
Marcus H. Herbert
Marcus H. Herbert & Associates
416 South 5th Street
Paducah, KY 42002

1675854

2

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

In re  **McCLAIN FEED YARD, INC.**          **Case No.  23-20084-7-rlj**
    **McCLAIN FARMS, INC.**             **Case No.  23-20085-7-rlj**
    **7M CATTLE FEEDERS, INC.**          **Case No.  23-20086-7-rlj**

            Chapter _____7_____

### SUBPOENA FOR RULE 2004 EXAMINATION

**TO:  Crystal McClain**
    **3728 Mayfield Hwy**
    **Benton, KY  42025**

*(Name of person to whom the subpoena is directed)*

☒ *TESTIMONY:*  **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME: |
|---|---|
| LAW OFFICES OF FARMER & WRIGHT<br>4975 ALBEN BARKLEY DR. #1<br>PADUCAH, KY  42001 | JULY 15, 2024 AT 9:30 A.M. |

☐ *PRODUCTION:*  You must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying testing or sampling of the material:  N/A

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500 | 6-24-2024 |

*Attorneys for Rabo AgriFinance LLC*

1672711

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 22, 2024**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br>Debtors.[1] | CASE NO. 23-20084-7-rlj<br><br>(Jointly Administered Cases)<br><br>Chapter 7 |

### ORDER GRANTING RULE 2004 MOTION AND AUTHORIZING THE ISSUANCE OF RULE 2004 EXAMINATION SUBPOENAS TO (A) MEAGAN B. GOAD, aka MEAGAN B. POWELL, (B) WILLIAM JED GOAD, (C) KINSEY MORELAND, (D) WHITLOCK CPA, PLLC, (E) CHELSEA McCLAIN, AND (F) CRYSTAL McCLAIN

This matter is before the Court on the *Ex Parte Motion for Rule 2004 Order Authorizing the Issuance of Rule 2003 Examination Subpoenas to (a) Meagan B. Goad, aka Meagan B. Powell, (b) William Jed Goad, (c) Kinsey Moreland, (d) Whitlock CPA, PLLC, (e) Chelsea McClain, and (f) Crystal McClain* (the "**Rule 2004 Motion**"), dated May 21, 2024, and filed in the above-entitled jointly administered Chapter 7 cases by Rabo AgriFinance LLC ("**Rabo**").

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

The Court, having reviewed the Rule 2004 Motion and the proposed Rule 2004 examination subpoenas attached thereto as **Exhibit "A,"** pursuant to the provisions of Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, and for good cause appearing, **IT IS HEREBY ORDERED** as follows:

1.      The Rule 2004 Motion shall be, and it hereby is, granted.

2.      Rabo shall be, and hereby is, authorized to serve Rule 2004 examination subpoenas upon, and to conduct Rule 2004 examinations of, each of (a) Meagan B. Goad, aka Meagan B. Powell, (b) William Jed Goad, (c) Kinsey Moreland, (d) Whitlock CPA, PLLC, (e) Chelsea McClain, and (f) Crystal McClain (collectively, the "**Examinees**").

3.      Rabo shall provide the Examinees at least 14 days' notice of the date and time of any Rule 2004 examinations it schedules.

4.      Rabo shall coordinate and cooperate with the Examinees and their counsel (if any) on examination dates, times and locations, to the extent Rabo's proposed examination dates are not feasible or would cause undue hardship to the Examinees.

5.      Once the Rule 2004 examinations are scheduled, Rabo shall file Notices of Rule 2004 Examination in the above-entitled case to provide notice of the date, time and place of the scheduled Rule 2004 examinations.

*******************************END OF ORDER*******************************

*Order Submitted by:*

*/s/ Michael R. Johnson*                              Dated:  May 21, 2024
Michael R. Johnson
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com