UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Creditor Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |
|---|---|

---

[1] The Debtors in these jointly administered Chapter cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886). All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

**OBJECTION TO RULE 2004 MOTION FILED BY PRIEST CATTLE COMPANY, LTD. AND PRIEST VICTORY INVESTMENT LLC**

Rabo AgriFinance LLC ("**Rabo**"), through counsel, hereby objects to *Priest Cattle Company, Ltd. and Priest Victory Investment LLC's Ex Parte Motion for Rule 2004 Order Authorizing Issuance of Document Subpoenas to Various Third Parties* (the "**Motion**") and asks that the Court deny the Motion.

In support of its objection, Rabo shows the Court as follows:

1. In the Motion, Priest Cattle Company, Ltd. and Priest Victory Investment LLC (collectively, "**Priest**") ask this Court to authorize the issuance of document subpoenas to Rabo, Focus Management Group ("**Focus**") and Glenn Karlberg ("**Karlberg**") (collectively, the "**Examinees**").

2. The subpoena riders attached to the Motion indicate that the records being requested from the Examinees all relate to cattle that were owned by or otherwise in the possession of the McClain Debtors during the Relevant Time Period (which was January 1, 2023, through the present), including the disposition of those cattle and the proceeds thereof, and whether any such cattle may have belonged to Priest and not the McClain Debtors.

3. In other words, the Motion addresses the issues of the cattle owned by or in possession of the McClain Debtors during the Relevant Time Period, whether those cattle were owned by the McClain Debtors or instead were owned by third parties such as Priest, whether the cattle were sold and to whom, and the disposition of proceeds of any such cattle.

4. Here, the Rule 2004 discovery that Priest seeks to obtain is discovery that is directly relevant and related to two pending matters, and for that reason, the Motion violates the pending proceeding rule.

5. The "pending proceeding" rule states "that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 *et seq.*, rather than by a [Rule] 2004 examination." *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); s*ee also In re Enron Corp.,* 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re 2435 Plainfield Ave., Inc.,* 223 B.R. 440, 455–56 (Bankr. D.N.J. 1998) (collecting cases); *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.),* 127 B.R. 267, 274 (D. Colo. 1991) (*quoting In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674–75 (Bankr. E.D. Pa. 1990)).

6. These restrictions on the use of Rule 2004 examinations are twofold. First, the discovery rules in Federal Rules of Bankruptcy Procedure 7026-7037 apply both in adversary proceedings and in contested matters. *See* Fed. R. Bankr. P. 7001 & 9014(c); *see also In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009). Second, Rule 2004 does not provide the same procedural safeguards and protections as the discovery rules. *Id.* For example, the scope of permissible discovery is different under Rule 2004 than under discovery rules in adversary proceedings and contested matters. Further, the response deadlines are often different (for example, a party generally has at least 30 days to respond to a document request under Fed. R. Bank. P. 7034).

7. Here, the first pending matter addressing the issues raised in the Motion, at least in part, is the declaratory judgment adversary proceeding that Rabo has filed, Adv. No. 23-02005 (the "**Adversary**"). Rabo is the plaintiff in the Adversary, and Priest is one of the many defendants in the Adversary. Priest has (along with a number of other defendants) filed an answer to Rabo's complaint in the Adversary [*see* Dkt. 143], and the Court has now entered its Alternative Scheduling Order which, among other things, establishes deadlines for discovery and motion practice related to various phases [*see* Dkt. 178].

8. The second pending matter, which directly addresses the issues that are the subject of the Motion, is *Rabo's Motion for Relief from the Automatic Stay or, Alternatively, for Abandonment of Certain Cattle and Proceeds of Cattle* (the "**MFR**") that was filed in the main case on March 12, 2024, at Dkt. 192.

9. The MFR, among other things, seeks relief from stay or alternatively abandonment related to certain cattle and proceeds, including certain cattle and proceeds that Priest removed from the McClain Debtors' facilities in April of last year. [*See* MFR at 3.]

10. On March 28, 2024, Priest filed a response to the MFR. [*See* Dkt. 203.] Among other things, Priest takes the position in its response that the McClain Debtors were feeding Priest's cattle, that any cattle Priest removed from the McClain Debtors' facilities were owned by Priest, that Rabo has no lien on Priest's cattle or the proceeds thereof, and that Priest is entitled to the proceeds of its cattle and Rabo is not.

11.     It is improper for Priest to seek Rule 2004 discovery related to the issues that are the subject of its Motion when Priest and Rabo are already parties to two pending matters that address the same issues.

12.     The Rule 2004 discovery that Priest seeks to obtain is discovery that is directly relevant and related to both the Adversary and the MFR and thus violates the pending proceeding rule. *See, e.g., In re Bennett Funding Group*, 203 B.R. at 29 ("Discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of [the Federal Rules of Bankruptcy Procedure], while unrelated discovery should not be subject to those rules simply because there is an adversary proceeding pending.").

13.     For the foregoing reasons, the Motion should be denied, and the Court should not allow Priest to use Rule 2004 discovery processes as a substitute for the usual discovery processes available to parties in adversary proceedings and contested matters. For example, if Priest desires that Rabo produce the records that are the subject of the subpoena rider attached to the Motion, it should send Rabo a Rule 7034 Request for Production of Documents in either the Adversary Rabo has filed against it, or in the contested matter created by Rabo's MFR.

DATED this 12th day of July 2024.

> UNDERWOOD LAW FIRM, P.C.
> Thomas C. Riney, SBN: 16935100
> W. Heath Hendricks, SBN: 240556451
> 500 South Taylor, Suite 1200, LB 233
> Amarillo, Texas 79101
> Telephone: (806) 376-5613
> Facsimile: (806) 379-0316
> Email: tom.riney@uwlaw.com
> Email: heath.hendricks@uwlaw.com

--and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com

*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, the foregoing document was filed with the Clerk of the Court in each of the foregoing Chapter 7 cases using the CM/ECF system, which sent notice of electronic filing to all electronic filing users in each case.

*/s/ Michael R. Johnson*
Michael R. Johnson