

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 16, 2024**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO AND LUBBOCK DIVISIONS

| | |
|---|---|
| **In re:** § | |
| § | |
| **McClain Feed Yard, Inc., et al.,** § | **Case No. 23-20084-rlj7** |
| § | **Jointly Administered** |
| **Debtors**.[1] § | |
| _____ § | _____ |
| § | |
| AgTexas Farm Credit Services, AgTexas, § | |
| PCA, Thorlakson Diamond T Feeders, LP, § | |
| § | |
| Plaintiffs, § | |
| § | |
| Edward Dufurrena, Open A Arena, LLC, § | |
| Dennis Buss, Buss Family Trust, Eddie § | |
| Bryant, Robert E Gray, Ronnie Gray, Gray § | |
| Brothers, Craig Sutton, Amy Sutton, Steve § | |
| Ryan, Janice Lawhon, AJ Jacques Living § | |
| Trust, Gungoll Cattle, LLC, Leah Gungoll, § | |
| Morrison Cafe, LLC, Gary Lesh, Jan Lesh, § | |
| Lesh Family Trust, Jared Lesh, Jordan Lesh, § | |
| LLC, Joel Brookshire, Gene Brookshire § | |
| Family, LP, Douglas Finley, Scarlet and § | |
| Black Cattle, LLC, Bryan Blackman, Steve T § | |
| Scott Farm, Inc., Scott Livestock Company, § | |
| Inc., Arnold Braun Trust, Robert Braun, Jim § | |

---

[1] The jointly administered debtors in Case No. 23-20084 are McClain Feed Yard, Inc., McClain Farms, Inc. (Case No. 23-20085-rlj7), and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7).

1

| | |
|---|---|
| Rininger, Robert Spring, Michael Evans, Miranda Evans, Charles Lockwood, Cole Lockwood, Sherle Lockwood, Nikki Lockwood, Lyndal Van Buskirk, Janet Van Buskirk, Colby Van Buskirk, Susan Van Buskirk, Jimmy Greer, Dustin Johnson, and Dora Blackman, § § § § § § § § § § | |
|     Intervenor-Plaintiffs, § | Adversary No. 24-02002 |
| v. § | |
| Rabo AgriFinance, LLC, HTLF Bank, as successor to First Bank & Trust, Shawn Ragland, Mechanics Bank, and Meagan Goad, § § § § § | |
|     Defendants. § | |

---

| | |
|---|---|
| **In re:** § § | |
| **2B Farms, a Texas General Partnership, et al.,** § § § | |
|     **Debtors**.[2] § § | |
| HTLF Bank, as successor to First Bank & Trust, § § § | |
|     Plaintiff, Counter-Defendant, and Cross-Claim Defendant, § § § | |
| v. § | Adversary No. 23-05002 |
| 2B Farms, a Texas General Partnership, Terry M. Robinson, and Rebecca A. Robinson, § § § § | |
|     Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs, and Third-Party Counterclaim Defendants, § § § § | |

---

[2] The jointly administered debtors under Case No. 23-50096 are 2B Farms, a Texas General Partnership, and Terry M. and Rebecca A. Robinson (Case No. 23-50097-rlj12).

| | |
|---|---|
| v. § <br> § <br> Rabo AgriFinance, LLC and Mechanics § <br> Bank, § <br> § <br>     Third-Party Defendants and, as to § <br>     Rabo AgriFinance, LLC only, § <br>     Third-Party Counterclaim Plaintiff § <br>     and Cross-Claim Plaintiff. § <br> _____ § <br> § <br> HTLF Bank, as successor to First Bank & § <br> Trust, § <br> § <br>     Plaintiff and Counter-Defendant, § <br> § <br> v. § <br> § <br> 2B Farms, a Texas General Partnership, § <br> Terry M. Robinson, and Angela Robinson, § <br> § <br>     Defendants and Counter-Plaintiffs. § | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Adversary No. 23-05003 <br> (consolidated under Adv. No. 23-05002) |

**ORDER (1) GRANTING TRUSTEE'S MOTIONS TO CONSOLIDATE AND TO ABATE; (2) DENYING TRUSTEE'S MOTIONS TO INTERVENE AND TO ENFORCE STAY; AND (3) DENYING AGTEXAS'S MOTION FOR REMAND**

Kent Ries, the chapter 7 trustee (the Trustee) of the jointly administered McClain bankruptcy cases (McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc.), moves to consolidate and abate two adversary proceedings, one related to the McClain-based cases and one related to the 2B Farms, et al. bankruptcy cases; each proceeding was originally filed in state court and then removed to this Court. The Trustee also moves, alternatively, to intervene in the two proceedings and for enforcement of the automatic stay imposed by the McClain bankruptcy filings.

The proceedings are:

a. The adversary proceeding styled, AgTexas Farm Credit Services, AgTexas PCA, and Thorlakson Diamond T Feeders, LP, Plaintiffs, and Edward Dufurrena, et al.,

3

Intervenor-Plaintiffs, v. Rabo AgriFinance, et al., Defendants, pending in the Jointly Administered Chapter 7 Case No. 23-20084-rlj7, as Adversary No. 24-02002-rlj in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division (the "AgTexas / Thorlakson Adversary Proceeding"); and

b. The adversary proceeding styled, HTLF Bank, as Successor to First Bank & Trust, Plaintiff, Counter-Defendant and Cross-Claim Defendant, v. 2B Farms, a Texas General Partnership, Terry M. Robinson, and Rebecca A. Robinson, Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs, and Third-Party Counterclaim Defendants, v. Rabo AgriFinance, LLC and Mechanics Bank, Third-Party Defendants and, as to Rabo AgriFinance only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff, and HTLF Bank, as Successor to First Bank and Trust, Plaintiff and Counter-Defendant, v. 2B Farms, a Texas General Partnership, Terry M. Robinson, and Angela Robinson, Defendants and Counter-Plaintiffs, pending in the Jointly Administered Chapter 12 Case No. 23-50096-rlj12, as Adversary No. 23-05002-rlj in the United States Bankruptcy Court for the Northern District of Texas, Lubbock Division (the "HTLF / 2B Farms Adversary Proceeding").

I.

The Trustee's first priority is for the Court to consolidate the two adversary proceedings and then abate the consolidated action while the Trustee further investigates potential causes of action that he may bring as chapter 7 trustee of the McClain bankruptcy estates. His secondary request is that he be allowed to intervene in the consolidated action. He asks in the alternative for enforcement of the automatic stay to halt further action that might impinge on the Trustee's right and obligation to administer potential estate property, specifically the causes of action asserted by

4

parties to the two adversary proceedings.

In Adversary No. 23-05002, plaintiff HTLF Bank, successor to First Bank & Trust, seeks recovery against defendants 2B Farms, Terry Robinson, Rebecca Robinson, and Angela Robinson.[3] Defendants 2B Farms, Terry Robinson, and Rebecca Robinson are jointly administered chapter 12 debtors before the Court. These defendants filed third-party claims against Rabo and Mechanics Bank.

In Adversary No. 24-02002, AgTexas Farm Credit Services and AgTexas, PCA (AgTexas), with Thorlakson Diamond T Feeders, LP (Thorlakson) and forty-plus intervening parties, seek recovery against Rabo AgriFinance, LLC (Rabo), HTLF Bank, Mechanics Bank, Shawn Ragland, and Meagan Goad. Debtors McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc. (collectively, McClain Debtors) were originally named defendants but were non-suited after their bankruptcy filing.

Rabo, as a direct defendant in Adversary No. 24-02002 and a third-party defendant in Adversary No. 23-05002, filed its response to the Trustee's motion and, while it does not generally oppose consolidation, it raises other issues it requests the Court consider. Plaintiffs AgTexas and Thorlakson oppose consolidation and abatement of the two adversary proceedings and have moved to remand Adversary No. 24-02002 back to state court.

II.

A.

<u>HTLF / 2B Farms Adversary Proceeding</u>

By Adversary No. 23-05002, plaintiff HTLF Bank, as successor to First Bank & Trust, is seeking recovery for defaults by 2B Farms and the Robinsons under loan agreements, notes, and

---

[3] Angela Robinson is the daughter of Terry and Rebecca Robinson.

5

security agreements; for breach of an account agreement; and for recovery under guaranties by the Robinsons. These are basic, state-law based actions. The complexity of the suit rises exponentially, however, from the defendants 2B Farms' and the Robinsons' counterclaims to HTLF's charges; their third-party actions against third-party defendants Rabo and Mechanics Bank; and from Rabo's third-party countersuit against 2B Farms and the Robinsons and, importantly, Rabo's cross-action against plaintiff HTLF. Without belaboring the stated allegations and various causes asserted by 2B Farms and Rabo, they each, at their core, arise from the dealings and transactions with the McClain Debtors and all that went awry from the alleged fraudulent scheme orchestrated by the McClain Debtors.

HTLF's action is two-fold: first, it seeks to recover over $3.5 million in damages for 2B Farms' alleged defaults under a loan agreement, note, and security agreement; and over $5 million for 2B Farms' alleged overdrawing of its account at the bank. It also seeks recovery from Terry Robinson and Rebecca Robinson on personal guaranties of the debt. Second, in what was originally filed as a separate action, it seeks to recover damages from 2B Farms, Terry Robinson, and *Angela Robinson* on a suit in excess of $203,000 for defaults under a loan and security agreement, with an additional request for repossession of collateral. HTLF also asks for appointment of a receiver, injunctive relief, and sequestration—these requests appear moot in light of the 2B Farms' and Robinsons' bankruptcy filings.

In response, defendants 2B Farms and the Robinsons assert affirmative defenses and counterclaims back against HTLF and bring a third-party action against Rabo and Mechanics Bank. 2B Farms was engaged in extensive deals—buying and selling of cattle—with and through McClain Feed Yard. 2B Farms contends that its bank, First Bank & Trust (now HTLF), in its processing of payments for cattle deals between 2B Farms and the McClain Debtors, facilitated the

McClain Debtors' scheme by engaging in irregular banking practices and violating its own internal policies and procedures [and]…the regulations governing federal and state lending institutions." Defs.' Original Answer & Countercls. at 4–5 [Adv. No. 23-05002, ECF No. 1-7]. Supporting facts are spelled out in the answer and counterclaim. 2B Farms and the Robinsons contend that the bank, HTLF as successor to First Bank, was negligent, and they assert offset, impossibility or impracticability of performance, laches, waiver, unclean hands, and estoppel. They ask for dismissal of HTLF's claims and affirmatively request damages in excess of $15 million.

Defendants 2B Farms and the Robinsons, by their third-party complaint, allege that from 2017 to 2021, the McClain Debtors' credit line with Rabo ballooned from $12 million to over $70 million as McClain Farms, Inc., a Kentucky business, expanded its operations into the Texas Panhandle and ultimately evolved into an illicit Ponzi-like scheme. Third-party defendant Mechanics Bank, as the bank where the McClain Debtors maintained multiple accounts, was also part of the alleged scheme. Rabo and Mechanics Bank were contractually bound under deposit account control agreements (DACAs) that addressed the management of these accounts and, more important, set their respective rights to collateral, with Rabo recognized as the first lienholder. The fundamental problem, according to the pleadings, is that the scheme, principally orchestrated by the McClain Debtors, resulted in a massive shortfall of cattle—8,000 rather than the 80,000—and, further, that the McClain Debtors' *ownership* portion of the cattle was not as represented. Rabo, through its inspections and investigation, discovered the shortfall and thus the McClain Debtors' scheme and, along with Mechanics Bank, effectively concealed it from the plaintiffs here and dozens of other customers of the McClain Debtors.

2B Farms and the Robinsons, as third-party plaintiffs, assert theories of conversion, fraud, negligence, aiding and abetting fraud, civil conspiracy, and fraudulent transfers under both § 548 of

7

the Bankruptcy Code and Texas fraudulent transfer provisions. They also object to and seek disallowance of Rabo's and Mechanics Bank's claims in the chapter 12 bankruptcy proceedings.

B.

AgTexas / Thorlakson Adversary Proceeding

The AgTexas / Thorlakson suit, Adversary No. 24-02002, was removed under the McClain Debtors' bankruptcy cases, in which AgTexas, Thorlakson, and the intervening parties have filed proofs of claim. AgTexas's and Thorlakson's causes seek recovery against the McClain Debtors' lenders, Rabo and Mechanics Bank, alleging general theories of conversion, fraud, and negligence-based causes, along with aiding and abetting fraud and civil conspiracy. These causes all concern the defendants' failures and misdeeds in responding (or not responding) to the McClain Debtors' alleged fraudulent enterprise. The most damaging result of the McClain Debtors' actions, regardless how characterized, is the massive shortfall of cattle—both cattle ostensibly *owned by the McClain Debtors* and thus serving as collateral to secure obligations to lenders and cattle *owned by customers* that were placed with the McClain Debtors for care and servicing.

The AgTexas / Thorlakson suit, joined by the forty-plus intervening parties, seeks recovery from defendants Rabo, Mechanics Bank, HTLF Bank, Shawn Ragland, and Meagan Goad. (Meagan Goad is the daughter of Brian McClain, and Shawn Ragland was 2B Farms' loan officer.) This action, similar to the 2B Farms' and Robinsons' third-party claim in 23-05002, accuses Rabo of discovering the McClain Debtors' scheme, keeping it secret, and effectively taking control of the McClain Debtors' operations to Rabo's (and to a lesser extent Mechanics Bank's) benefit. The plaintiffs allege they understood their cattle were being cared for and serviced by the McClain Debtors and thus continued to do business with the McClain Debtors to their detriment as Rabo and Mechanics Bank took advantage of their respective positions through implementation of the

8

DACAs. The factual allegations that support the AgTexas / Thorlakson charges are set forth in much detail. They allege that "Rabo chose to disregard…glaring red flags, turning a blind eye and allowing [the McClain Debtors'] fraudulent activities to persist unchecked." Pl.'s 3d Am. Pet. ¶ 45 [Adv. No. 24-02002, ECF No. 1-2]. Plaintiffs describe irregular practices by Rabo and Mechanics Bank that facilitated a fraudulent kiting scheme by the McClain Debtors, all of which was helped along by Meagan Goad and Shawn Ragland.

AgTexas and Thorlakson claim conversion and common law fraud against Rabo; misrepresentations by all defendants; negligent lending, hiring, and supervision by defendants; torts of misrepresentation by Goad (on behalf of the McClain Debtors); and defendants' aiding and abetting the McClain Debtors' massive fraudulent enterprise. Plaintiffs contend all defendants are part of a civil conspiracy. Last, they make claims flowing from Rabo's and Mechanics Bank's implementation of an intercreditor agreement between the parties.

III.

As referenced above, the Trustee is asking the Court to abate these proceedings while he continues to investigate potential McClain *estate* causes of action, which may well overlap with the charges made within the two adversary proceedings. Rabo contends that the Court should, as a threshold matter, preemptively determine what asserted causes of action do belong to the McClain Debtors' bankruptcy estates.

The Bankruptcy Code provides the general rule that the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The question of whether a particular cause of action belongs to the estate *as opposed* to the creditor is not resolved by the Code, however. But courts have provided guidance in determining whether a particular creditor or, for example, a bankruptcy trustee may bring a

9

claim—the creditor does so for *its* benefit; the trustee does so for the benefit of *the estate*, i.e., *all* creditors.

The courts have identified certain characteristics of a cause of action that aid in assessing whether it belongs to the bankruptcy estate or not:

- whether the action is assertable by the debtor and not just an affected creditor

- whether the action seeks recovery of a fraudulent transfer by the debtor (as the debtor retains an interest in such property)

- whether the action alleges that the separateness between a corporation and an individual (or another entity) has been disregarded, *e.g.*, veil piercing charge, which typically creates a remedy for all creditors

- where the action, like a claim of alter ego, allows the debtor to assert a cause of action against itself

- where the action, under controlling law, belongs exclusively to *creditors* rather than a particular creditor

- where the action is one that the debtor could have raised as of the commencement of the bankruptcy case

- where the action alleges only an indirect injury to a creditor, i.e., an injury that derives from harm to the debtor

*See Nick Corp. v. JNS Aviation, Inc. (In re JNS Aviation, LLC)*, 350 B.R. 283 (Bankr. N.D. Tex. 2006).

Courts have concluded that actions alleging the following belong to the estate: negligent management of debtor that causes insolvency, fraudulent transfers by debtor, conspiracy to make debtor insolvent and to defraud the debtor, breaches of duties of good faith and fair dealing, and unjust enrichment (from debtor's funds). *Id*. at 291–292. Claims held *not* to constitute estate claims are those under the Texas Deceptive Trade Practices Act, claims under the Texas Insurance Code, claims based on fraud and conspiracy to commit fraud (to the extent based on fraudulent representations made to plaintiff-creditors), for negligence based on breach of duty of care owed to

plaintiff, and for negligent misrepresentations to plaintiff of debtor's financial status. *Id*. at 292. Last, "the mere fact that the debtor's representatives participated in…acts or omissions giving rise to [a] cause of action does not prevent the action from belonging to the bankruptcy estate." *Id*. Such action may give the defendant a defense to the cause of action but does not preclude the debtor from *bringing* the claim. *Id*.

The issues and supporting legal theories by defendants in the HTLF / 2B Farms Adversary Proceeding are of the kind that, as argued by Ries, Trustee of the McClain Debtors' chapter 7 cases, raise the question of whether they should be brought by the Trustee as claims of the bankruptcy estate.

Multiple causes of action in the two proceedings are based on the same narrative that the McClain Debtors were operating a fraudulent enterprise that certain lenders discovered and kept to themselves to their advantage, to the detriment of other creditors. The massive cattle shortfall is the main component of damages in both proceedings. As raised by the Trustee, this may well trigger causes of action by the Trustee: the cattle loss directly diminished the McClain Debtors' bankruptcy estates and is the type of loss that courts view as estate claims properly brought by the trustee for the benefit of all creditors.

IV.

As the pleadings presently stand—where the McClain Debtors are not parties to either adversary proceeding—the Court is reluctant to decide if and which specific causes *might* belong to the McClain Debtors' bankruptcy estates. Relief is not sought against the McClain Debtors. Unless and until the Trustee actually intervenes and asserts actions with overlapping facts *on behalf of the estate*, the Court cannot definitively determine the ownership and rightful party to pursue such actions. The Court is *not* prepared to decide that plaintiffs, as primary plaintiff or by counterclaim

or cross action, *cannot* bring the actions they assert here.

The Court can, however, decide whether the two proceedings should be consolidated. They are each pending before the Court and thus within the same judicial district; they share common questions of law and fact; the benefits of consolidation outweigh its burdens; and all of the applicable factors considered in consolidation, including, without limitation, conservation of judicial resources, weigh in favor of consolidation of the AgTexas / Thorlakson Adversary Proceeding and HTLF / 2B Farms Adversary Proceeding. The Court is also satisfied that a definite but partial stay of the proceedings best serves the interests of the Court, all parties here, and creditors of the bankruptcy estates.

Further, in light of the Court's conclusion that the two adversary proceedings should be consolidated, the Court further finds that it, as the bankruptcy court, has related-to jurisdiction of the AgTexas / Thorlakson Adversary Proceeding. *See* 28 U.S.C. § 1334(b). The ultimate range of outcomes of the consolidated proceedings is, at this stage, too difficult to predict. But it is clear they will impact the McClain Debtors' bankruptcy estates, even if the McClain Debtors (or the Trustee) are not a named party. *See In re Schouten*, 657 B.R. 531, 536 (Bankr. N.D. Tex. 2024). The alleged facts that underlie the multiple causes of action overlap with the McClain Debtors' alleged fraudulent enterprise. The Court also predicts that the Trustee will affirmatively intervene as a party.

The Court will abate the consolidated action for 120 days from entry of this order.

The consolidation of the proceedings requires that AgTexas's and Thorlakson's request for remand be denied.

It is hereby:

ORDERED that the Motion to Consolidate is GRANTED; and it is further

ORDERED that the AgTexas / Thorlakson Adversary Proceeding and HTLF / 2B Farms Adversary Proceeding are consolidated for all purposes; and it is further

ORDERED that the consolidated case is assigned Adversary No. 24-02007-rlj (the "<u>Consolidated Adversary Proceeding</u>"); and it is further

ORDERED that all further pleadings and papers, and docket entries of such pleadings and papers, relating to the AgTexas / Thorlakson Adversary Proceeding and the HTLF / 2B Farms Adversary Proceeding shall be filed in the Consolidated Adversary Proceeding; and it is further

ORDERED that the caption in all pleadings and orders filed in the Consolidated Adversary Proceeding shall read as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| In re: | § | |
| --- | --- | --- |
| | § | |
| McClain Feed Yard, Inc., et al., | § | Case No. 23-20084-rlj7 |
| | § | Jointly Administered |
| Debtors. | § | |
| _____ | § | _____ |
| | § | |
| In re: | § | |
| | § | |
| 2B Farms, a Texas General Partnership, et al., | § | Case No. 23-50096-rlj12 |
| | § | Jointly Administered |
| | § | |
| Debtors. | § | |
| _____ | § | _____ |

13

| | | |
|---|---|---|
| AgTexas Farm Credit Services, AgTexas, PCA, Thorlakson Diamond T Feeders, LP, | § § § § | |
| Plaintiffs, | § § | |
| Edward Dufurrena, et al., | § § | |
| Intervenor-Plaintiffs, | § § | |
| v. | § § § | Adversary No. 24-02007-rlj Consolidated Adversary Proceeding |
| Rabo AgriFinance, LLC, et al., | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| HTLF Bank, as successor to First Bank & Trust, | § § § | |
| Plaintiff, Counter-Defendant, and Cross-Claim Defendant, | § § § § | |
| v. | § § § | Adversary No. 24-02007-rlj Consolidated Adversary Proceeding |
| 2B Farms, a Texas General Partnership, Terry M. Robinson, and Rebecca A. Robinson, | § § § § | |
| Defendants, Counterclaim-Plaintiffs, Third-Party Plaintiffs and Third-Party Counterclaim Defendants, | § § § § § | |
| v. | § § | |
| Rabo AgriFinance, LLC and Mechanics Bank, | § § § | |
| Third-Party Defendants and, as to Rabo AgriFinance LLC only, Third-Party Counterclaim Plaintiff and Cross-Claim Plaintiff. | § § § § § § | |

14

| | |
|---|---|
| HTLF Bank, as successor to First Bank & Trust, | § § § |
| Plaintiff and Counter-Defendant, | § § |
| v. | § § |
| 2B Farms, a Texas General Partnership, Terry M. Robinson, and Angela Robinson, | § § § § |
| Defendants and Counter-Plaintiffs.[4] | § |

and it is further

ORDERED that the Trustee's Motion to Abate is granted in part; the proceedings in the Consolidated Adversary Proceeding, save for discovery, are stayed for 120 days from entry of this order; it is further

ORDERED that the Trustee's Motion to Intervene is denied without prejudice to reurging; it is further

ORDERED that the Trustee's Motion to Enforce Stay is denied without prejudice to reurging; it is further

ORDERED that the Motion to Remand the AgTexas / Thorlakson Adversary Proceeding is denied.

### End of Order ###

---

[4] These claims were originally pending as Adversary No. 23-05003-rlj but were previously consolidated under Adversary No. 23-05002-rlj.

15