UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

---

[1] The Debtors in these jointly administered Chapter 7 cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886).  All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

### RABO AGRIFINANCE LLC'S AND FOCUS MANAGEMENT GROUP USA, INC.'S OBJECTION AND OPPOSITION TO THE TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RABO AGRIFINANCE AND FOCUS MANAGEMENT

Rabo AgriFinance LLC ("**Rabo**" or "**RAF**") and Focus Management Group USA, Inc. ("**Focus**"), through counsel, hereby object to and file this joint Opposition to the Chapter 7 Trustee's ("the **Trustee**") Motion to Compel Production of Documents from Rabo AgriFinance and Focus Management [Dkt No. 268] (the "**Motion**").

### INTRODUCTION

In the Motion, the Trustee requests that the Court compel Rabo and its non-testifying consulting expert, Focus, to produce a host of information that the Trustee claims is necessary for him to perform his duty of administering the bankruptcy estate. Further, the Trustee claims that all objections lodged by Rabo and Focus should be entirely overruled for a whole host of reasons. However, the Trustee is flat wrong in his arguments, and his Motion should be denied.

First, the Trustee's use of a Rule 2004 subpoena to obtain records and documents is procedurally improper, as the Trustee and Rabo are both parties to several litigation matters pending before the Court. Accordingly, the Trustee is required to seek discovery from Rabo and Focus, a retained consulting expert, using the discovery tools applicable to adversary proceedings, and may not use Rule 2004 as an alternative discovery method. Second, even if the Trustee is allowed to use Rule 2004 to obtain discovery from Rabo and Focus, the Trustee simply is not entitled to information and records that are protected by the attorney-client privilege or the work product doctrine, and many of the documents the Trustee demands seek

2

exactly that type of protected information. Third, Rule 45 expressly requires that the Trustee take reasonable steps to avoid imposing undue burden and expense on Rabo and Focus in responding to his subpoenas. The subpoenas that the Trustee has served on Rabo and Focus do precisely the opposite. In addition to requiring Rabo and Focus to produce records and documents that the Trustee already has, many if not all of the document requests in the Trustee's subpoenas are facially overbroad and improper. For example, the Trustee has demanded in the subpoena that Rabo (which would include Rabo's inside and outside attorneys) produce every single communication it has ever engaged in with anyone from the beginning of time that refers or in any way relates to the McClain Debtors. A party need not comply with a facially overbroad subpoena, and requiring Rabo and Focus to do so here would fit the very definition of imposing an undue burden. Fourth, because the Trustee's subpoenas are facially overbroad, Rabo and Focus do not need to provide a privilege log since the Trustee's document requests necessarily encompass (among other things) literally many hundreds if not thousands of privileged communications (like each and every email communication that Rabo's counsel has had with Rabo and with Focus in the approximately fifteen months that Rabo's counsel has been engaged on this matter).

Simply put, the Trustee's Motion is not well-taken, and it should be denied. If the Trustee wants discovery beyond the thousands of pages of Rabo records that he already has, he can issue Rule 34 document requests to Rabo, after revising and tailoring his document requests so that they do not request clearly privileged information and so that compliance with the requests will not impose an undue burden.

3

**ARGUMENT**

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Discovery, however, including subpoenas must be narrowly tailored and not overly broad or unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). Moreover, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A); Fed. R. Civ. P. 26(b)(4)(D).

### I. The Pending Proceeding Rule Bars Most if not all of the Requested Discovery.

Rabo and the Trustee are currently parties to two separate adversary proceedings. The first is *Rabo AgriFinance LLC v. Acey Livestock, LLC et. al,* Adv. No. 23-02005. The second is the now consolidated adversary proceedings first initiated by AgTexas Farm Credit Services and HTLF Bank, which have been consolidated under Adv. No. 24-2007. Those two adversaries will be referred to hereinafter as the "**Pending Adversaries**."

Substantially all if not all of the records and information that the Trustee has asked Rabo to provide pursuant to his Rule 2004 subpoena is discovery that is directly relevant to the claims, issues and defenses that are the subject of the Pending Adversaries. Furthermore, while the Court has granted the Trustee's motion to abate in the consolidated adversary proceeding for a

4

period of 120 days, the Court's order expressly carves discovery out of that abatement order. *See* Adv. No. 24-02007, Dkt. 2.

It is improper for the Trustee to seek Rule 2004 discovery from Rabo touching upon the very claims, defenses and issues that are being considered in the Pending Adversaries. The "pending proceeding" rule states "that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 *et seq.,* rather than by a [Rule] 2004 examination." *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); s*ee also In re Enron Corp.,* 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re 2435 Plainfield Ave., Inc.,* 223 B.R. 440, 455–56 (Bankr. D.N.J. 1998) (collecting cases); *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.),* 127 B.R. 267, 274 (D. Colo. 1991) (*quoting In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674–75 (Bankr. E.D. Pa. 1990)).

The restrictions on using Rule 2004 to obtain discovery when there are adversary proceedings or contested matters pending is based on two considerations. First, the discovery rules in Federal Rules of Bankruptcy Procedure 7026-7037 expressly apply both in adversary proceedings and in contested matters, and Rule 2004 does not apply. *See* Fed. R. Bankr. P. 7001 & 9014(c); *see also In re Washington Mutual, Inc.,* 408 B.R. 45, 50 (Bankr. D. Del. 2009). Second, Rule 2004 does not provide the same procedural safeguards and protections as the discovery rules applicable to adversary proceedings. *Id.* For example, the scope of permissible discovery is different under Rule 2004 than under discovery rules in adversary proceedings and

contested matters. Further, the response deadlines are often different (for example, a party generally has at least 30 days to respond to a document request under Fed. R. Bank. P. 7034).

Here, much if not all of the Rule 2004 discovery the Trustee seeks from Rabo, to the extent it is discoverable at all, is clearly and directly relevant and related to the Pending Adversaries. Further, at least one party, HTLF Bank, has already served Rabo with Rule 34 document requests seeking much of the same information that the Trustee seeks. [*See* Adv. No. 24-02002, Dkt. 50 (Certificate of Service of Rabo's Objections and Responses to HTLF Bank's First Set of Requests for Production to Defendant, Rabo AgriFinance LLC] As a party to that proceeding, the Trustee will receive copies of the documents that Rabo ultimately produces in response to HTLF's document requests.

The Trustee apparently wants to both have his cake and eat it too. He wants to be a party to the Pending Adversaries so that he can actively participate in those proceedings (including by receiving discovery produced by the various parties), be heard on issues as they arise, and obtain the benefit of any rulings the Court might make. When it comes to discovery, however, the Trustee apparently wants to ignore the Part VII discovery rules that bind all parties to those proceedings, and instead proceed under Rule 2004's far different and less-protective standards. The Court should reject this approach. *See, e.g., In re Young*, 2018 WL 6060338, at *4 (Bankr. N.D. Miss. Nov. 19, 2018) ("When an adversary proceeding is pending against a proposed examinee in bankruptcy court, courts generally limit the use of Rule 2004 examinations to prevent the party requesting the examination from avoiding the procedural safeguards of Rule 7026 through 7037 of the Federal Rules of Bankruptcy Procedure. . . In effect, courts have

6

found that Rules 7026 through 7037 supplant the applicability of Rule 2004 when an adversary proceeding is filed by triggering the discovery procedures found in the Federal Rules of Bankruptcy Procedure."); *In re Bennett Funding Group*, 203 B.R. at 29 ("Discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of [the Federal Rules of Bankruptcy Procedure], while unrelated discovery should not be subject to those rules simply because there is an adversary proceeding pending.").

The Fifth Circuit's decision in *Snyder v. Society Bank of Ann Arbor, Michigan*, 52 F.3d 1067 (5th Cir. 1995) (per curiam), is particularly relevant because it also involved a motion to compel after a bank allegedly failed to produce documents in response to a Rule 2004 subpoena and where the parties were involved in litigation when the discovery dispute arose. Specifically, Snyder served a Rule 2004 subpoena on Society Bank requesting certain documents. He did so even though he had initiated litigation against the bank in Michigan state court. The bank moved to quash the subpoena, and the Bankruptcy Court granted the motion. Snyder then appealed, and the District Court affirmed the Bankruptcy Court finding that Snyder's "use of Rule 2004 to further its case in state court constitutes an abuse of Rule 2004. Moreover, since Appellant has filed this cause of action against Appellee in state court, he can use the discovery rules under Michigan law." 181 B.R. 40, 42 (S.D. Tex. 1994). The Fifth Circuit then affirmed both the Bankruptcy Court and the District Court, finding that neither court had abused its discretion in refusing to allow Snyder to engage in Rule 2004 discovery when there were litigation claims pending between the parties. 52 F.3d at 1067.

Just like in the *Snyder* case, allowing the Trustee to seek Rule 2004 discovery from Rabo when the Trustee and Rabo are parties in the Pending Adversary would constitute an "abuse of Rule 2004." If the Trustee wants documents from Rabo, he can and should send Rabo a Rule 34 request for production of documents. The Trustee's Motion should be denied.

## II. Producing a Privilege Log Would Be Unduly Burdensome.

In the Motion, the Trustee contends that Rabo and Focus's privilege objections should be overruled for failure to provide a privilege log. (*See* Motion at 7.) The Trustee is wrong. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). This includes tailoring a subpoena in such a way as to avoid imposing an undue burden resulting from the preparation of a privilege log. *See Hamilton v. Ogden Weber Tech. Coll.*, No. 116CV00048JNPDBP, 2017 WL 5633106, at *4 (D. Utah Nov. 21, 2017) ("Yet here, even providing a privilege log responsive to this request is overly burdensome because Defendant would be forced to describe all communications with its attorneys.").

To be sure, the Trustee did not tailor his subpoenas in such a way as to avoid imposing an undue burden on Rabo and Focus. For example, request 1(f) in the Trustee's subpoenas demands that Rabo and Focus produce "all Your internal communications referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan," request 1(g) demands that Rabo and Focus produce "all financial analysis and reports You have prepared concerning any of the Debtors or Debtor Affiliates, including working papers and drafts," request 1(j) demands that Rabo and Focus produce "all documents or electronically

8

stored information referencing any of the Debtors or the Debtor Affiliates," and request 1(e) demands that Rabo and Focus produce "all communications between You and any third party referring or relating to the Debtor or a Debtor affiliate . . ."

The Trustee knows both that Rabo has in-house lawyers and that it also has retained outside counsel in this case. The Trustee also knows that Rabo's counsel retained Focus as a non-testifying consulting expert in March of 2023. Unsurprisingly, Rabo's internal communications which refer or relate to the Debtors include many communications involving Rabo's in-house counsel. Further, it will surprise no one given what we all know about this case that Rabo has internal reports involving the Debtors that were created or authored, in whole or in part, by Rabo's in-house counsel or otherwise contain information and legal advice created by Rabo's in-house counsel. And Rabo clearly has "electronically stored information referencing any of the Debtors or the Debtor Affiliates" including literally thousands of emails between Rabo and both its inside and outside counsel, as well as emails and other communications involving Rabo, its inside and outside counsel, and Focus.

The Trustee and his counsel very easily could have narrowed their requests to avoid privilege issues. For example, they easily could have drafted request 1(f) to request "all Your *non-privileged* internal communications referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan." Instead of doing that, or even agreeing in response to Rabo's subpoena objections to such a limitation, the Trustee apparently wants to require that Rabo and its counsel pull and review every shred of information

9

that Rabo has access to and which may mention the Debtors, and then create a privilege log of anything that is not produced on the grounds of privilege.

The duty to avoid imposing an undue burden certainly includes the duty to tailor discovery requests so that you are not deliberately requesting privileged information. Indeed, Federal Rule of Civil Procedure 26(a)(4)(b)(1) which addresses the permissible scope of discovery expressly says that a party may "obtain discovery regarding any *nonprivileged matter* that is relevant to any party's claim or defense and proportional to the needs of the case . . ." (Emphasis supplied). In this case, because of a lack of proper tailoring by the Trustee to exclude privileged communications and materials, the preparation and production of a privilege log would be unduly burdensome. The documents and communications requested by the Trustee number in the tens of thousands of pages, and Rabo and Focus would incur substantial costs and expenses in reviewing each document and preparing a corresponding privilege log.

In *Williams v. City of Dallas*, 178 F.R.D. 103 (N.D. Tex. 1998), Plaintiff asserted that a third party's failure to provide a privilege log supporting its subpoena objections based on privilege resulted in a waiver of the privilege. The District Court flatly disagreed with the Plaintiff, noting that Plaintiff's subpoena on its face contained facially overbroad requests, and that the third party was not required to take on the burden of providing a privilege log:

> Williams maintains that Babcock's and Carter's failure to comply with Rule 45(d)(2) results in waiver of these protections. The Court disagrees in the context of the present case. Williams served subpoenas that were facially overbroad. Babcock and Carter had no obligation to undertake the task of lodging objections to a potentially vast array of protected materials that technically fell within the scope of the subpoenas. . . . To adopt Williams' view would be to deprive a

10

> subpoenaed party of its right to quashal or modification by requiring it to comply with Rule 45(d)(2) notwithstanding the protection afforded by Rule 45(a)(3)(A).

*Id.*, at 115; *see also Hamilton*, 2017 WL 5633106, at *4 (finding Plaintiff's request for "all communications regarding this lawsuit overbroad on its face" because "the request offers no exception for attorney-client communications no doubt caught in Plaintiff's wide net"). Because the Trustee's subpoenas are likewise facially overbroad, the Court should reject the Trustee's privilege log arguments, and deny the Motion.

Finally, in the event the Court finds that a privilege log is required notwithstanding the clear undue burden and expense it would cause, it would not be appropriate to hold that Rabo's and Focus's privilege objections have been waived as the Trustee argues. Rather, the appropriate ruling would be to order the production of a privilege log at or within a reasonable period of time after the time Rabo makes production. *See American Federation of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 55-56 (N.D. Tex. 2015) (holding that to the extent privilege logs are required, they may be provided within "a reasonable time" after a claim of privilege is made); *In re RDM Sports Group, Inc.*, 277 B.R. 415 (Bankr. N.D. Ga. 2002) (holding that even though Chapter 11 trustee failed to timely respond to discovery requests and even though the Trustee failed to object to discovery in formal way, there was no basis for holding that the Trustee had waived his objection that the requested discovery was privileged); *In re First Sav. Bank v. First Bank System, Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995) (holding

11

that even where there is a failure to object at all to a discovery request "it is within the Court's discretion not to compel discovery which is patently improper").[2]

### III. All Communications Between Rabo and Focus, and All Documents Prepared by Focus for Rabo, Are Protected.

As noted above, documents prepared in anticipation of litigation are *not* discoverable. Fed. R. Civ. P. 26(b)(3)(A); Fed. R. Civ. P. 26(b)(4)(D). Specifically, the work product doctrine "protects materials prepared in anticipation of litigation, whether those materials were prepared by the attorney or by agents of the attorney." *Homeland Ins. Co. of New York v. Clinical Pathology Lab'ys, Inc.*, 643 F. Supp. 3d 675, 681 (W.D. Tex. 2022). In the Fifth Circuit, the work produce privilege applies "where litigation is not imminent, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). And in the bankruptcy context, "the filing of a bankruptcy petition constitutes the filing of a lawsuit; and, therefore, . . . documents prepared in anticipation of a bankruptcy filing are prepared for litigation." *In re McDowell*, 483 B.R. 471, 494 (Bankr. S.D. Tex. 2012).

In this case, Rabo's counsel engaged Focus through the execution of a consulting agreement dated March 17, 2023. Rabo's counsel engaged Focus to compile and ascertain information in preparation of the Debtors' likely bankruptcy filing and in anticipation of potential litigation related to the Debtors. As a result, all documents and communications

---

[2] All of the communications which Focus had with Rabo and its counsel are protected. Accordingly, Focus has nothing to produce.

12

exchanged by and between Rabo, its counsel, and Focus are protected as attorney work product and/or by the attorney-client privilege.[3]

Despite this clear and simple result, the Trustee relies on a case from the District of New Jersey to argue that communications and documents between Rabo, its counsel, and Focus are not protected. (*See* Motion at 9-11.) That case, however, is distinguishable from the present case as demonstrated by the Trustee's own analysis. In that case, the court determined that the consulting expert had been hired to provide general business advice regarding a creditor's concerns as to the financial viability of the debtor. (*See id.* at 10.) That is simply not this case. Here, Rabo conducted an inspection of the Debtors' cattle assets (among other things) and realized that the Debtors and their principal had grossly overstated their cattle assets and may have engaged in fraud. Focus was then quickly engaged to assist in the investigation of the Debtors' conduct because Rabo understood the likelihood of forthcoming litigation and/or a bankruptcy filing. In other words, Focus was clearly and unequivocally engaged in anticipation of a bankruptcy filing and/or other litigation. And in fact, prior to the McClain Entity bankruptcy filings and based in part on the information Focus provided and the work that Focus performed, Rabo *actually filed a lawsuit* in the United States District Court for the Western District of

---

[3] In addition to engaging Focus, Rabo's counsel has also engaged Dawson Forensics Analytics, PLLC "**Dawson**") as an expert. The Dawson engagement is evidenced by an Engagement Letter dated May 5, 2023. The Trustee has suggested that he is entitled to the same type of information from Dawson as he has requested from Focus. The arguments set forth herein apply to both experts. If and to the extent Rabo ultimately designates Dawson as a testifying expert, Rabo and Dawson will provide to the counterparties in any litigation wherein Dawson is designated the information and documents required by Federal Rule of Civil Procedure 26.

13

Kentucky against the McClain Debtors and others. *See Rabo AgriFinance LLC v. McClain Farms, Inc. et. al,* Civil No. 5:23-cv-00055-BJB-LLK (W.D. Ky. April 25, 2023).[4] Consequently, all documents and communications by and between Rabo and Focus are protected, and the Court must deny the Motion in that regard. *See, e.g., Galley v. ZOLL Medical Corp.*, 2019 WL 13193899, at *4 (N.D. Tex. May 21, 2019) ("Accordingly, the Court finds the consulting expert's protocols, photographs, and x-rays and the technical details relating to the inspection could be entitled to protection under either Rule 26(b)(3) or 26(b)(4)(D)."); *United States v. Al-Shawaf*, 2017 WL5997440, at *9–10 (C.D. Cal. Sept. 5, 2017) (photos of scene of fire taken by consulting experts were protected under Rule 26(b)(4)(D) absent exceptional circumstances); *Lamons Gasket Co. v. Flexitallic L.P.*, 2015 WL 12831738, at *1–2 (S.D. Tex. May 20, 2015) (measurements of gasket taken by consulting expert were protected under Rule 26).[5]

**IV.     The Motion Should Be Denied Because the Subpoenas are Unduly Burdensome.**

The Trustee further argues that Rabo's and Focus's unduly burdensome objections should be overruled. Once again, the Trustee is wrong. As an initial matter, the Trustee's position that the re-production of documents already in his possession is not an issue of undue burden should

---

[4] Rabo ultimately dismissed that lawsuit without prejudice due to the McClain Debtors' Chapter 7 bankruptcy filings.
[5] Rabo has provided a copy of the Focus and Dawson engagement letters to the Trustee and his counsel. Those engagements show, among other things, that Rabo's counsel Ray Quinney & Nebeker engaged both experts. Copies of those engagement letters will be provided to the Court on request.

14

be rejected because it simply makes no sense. Of course, if a party seeks the re-production of documents it already has, this creates an undue burden on the responding party because it requires that party to produce documents *for a second time*.

Indeed, as Rule 26 provides, the Court may limit discovery when it is "unreasonably cumulative or duplicative" or where the information can be obtained from another source that is "less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i). That is precisely the case here—it is unreasonably cumulative and duplicative and overly burdensome to require Rabo and Focus to produce any documents or communications already in the Trustee's possession.[6] A prime example would be bank records. The Trustee's subpoenas to Rabo and Focus demand production of all "remote deposit detail (including wire receipts and checks)" as well as "all withdrawal detail (including wire requests and checks)" for any Debtor/Affiliate Accounts. Rabo is not a bank, and the Debtors did not do their banking with Rabo. Rather, to Rabo's knowledge, the Debtors did their banking with Mechanics Bank and Community Financial Services Bank. While Rabo has certain banking records related to the Debtors from those parties, the Trustee has those very same records. Why, then, should Rabo have to produce them again? They are not even Rabo's records!

The Trustee's contention that Rabo and Focus failed to provide even a single shred of evidence to support their unduly burdensome objection is equally unavailing. A court "may find

---

[6] Rabo has already voluntarily produced thousands of pages of its own records to the Trustee. Further, Rabo has voluntarily shared with the Trustee the tens of thousands of pages of records that Rabo has obtained from third parties pursuant to the various Rule 2004 subpoenas that Rabo has served in the McClain Debtors' bankruptcy cases.

15

that a subpoena presents an undue burden when the subpoena *is facially overbroad*. Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and "[t]he period covered by the requests is unlimited." *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015) (quotation marks omitted) (emphasis added). Here, there is little doubt that the Trustee's subpoenas are facially overbroad for exactly the foregoing reasons.

If the Court reviews the document requests contained in the Trustee's subpoenas to Rabo and Focus (the document requests are identical), it will see that the requests are not limited to any specific time-period. Rather, they request "all communications." Further, and even more troubling, the Court will see requests like "all communications between You and any third party referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan." Through this request, the Trustee is literally requesting *every single communication* that Rabo and its agents, *including its attorneys and its consulting experts*, have ever had with anyone in the world regarding any of the Debtors or their Affiliates irrespective of the subject matter or purpose of the communication. That is clearly a facially overbroad and improper request. Thus, the Trustee's claim that some sort of evidence was necessary to support Rabo and Focus's objection is simply without merit. *See Hamilton*, 2017 WL 5633106, at *4 ("The court finds Plaintiff's request seeking all communications regarding this lawsuit overbroad on its face.").

16

**V.    The Motion Should be Denied Because the Subpoenas and the Document Requests Therein are Facially Overly Broad.**

The above analysis also disposes of the Trustee's claim regarding Rabo and Focus's overbreadth objections. Specifically, the Trustee contends that Rabo and Focus's overbreadth objections are insufficient because additional explanation was required. (*See* Motion at 13.) But, as noted above, a responding party need not comply with a subpoena that is overly broad *on its face*. *See Andra*, 312 F.R.D. at 450. Thus, because the Trustee's subpoenas are facially over broad, Rabo and Focus had no further obligation to explain the obvious. *See, e.g., Erickson, Kernell, Deruseau & Kleypas v. Spring Solutions, Inc.*, 2016 WL 3685224, at *3 (D. Kan. July 12, 2016) ("If the request 'uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or broad range of information,' the request is facially overbroad.  The Court may also look to whether a request contains a limitation on time frame from which documents must be produced, as the lack thereof could indicate the request is overbroad."); *McKinney v. Granite Peak Fabrication, LLC*, 2021 WL 7252981, at *4 (D. Wyo. Aug. 24, 2021) ("The requests are also overbroad in that they seek ALL documents and communications without offering any justification.  Subpoena requests must be narrowly tailored to the pertinent issues in the case, and requests seeking all communications from January 1, 2017, to present are burdensome and overbroad."); *Johnson v. USANA Health Sciences*, 2019 WL 6074669, at *4 (D. Utah Nov. 15, 2019) (ordering the Defendant to "examine and redraft the subpoena requests . . . to make them more narrowly tailored to the pertinent issues in this case").

17

### VI. Focus Has No Communications with the Debtors or the Debtors' Principals.

As a final matter, the Subpoenas also seek communications between Focus, on the one hand, and the Debtors and the Debtors' principals, on the other hand. While Rabo does not object to the Trustee's subpoena as far as it relates to this information, Focus has conducted a search of its records and has no such communications to provide. Consequently, even if the Court were to grant any part of the Motion, there are simply no communications between Focus and the Debtors/Debtors' principals that exist or that could be produced, and the Court obviously cannot order either Rabo or Focus to produce something that does not exist.

### CONCLUSION

Based on the foregoing reasoning, Rabo and Focus respectfully request that the Motion be denied.

DATED this 23rd day of August, 2024.

        UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    --and--

RAY QUINNEY & NEBEKER P.C.
Michael R. Johnson *(Pro Hac Vice)*
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com


*/s/ Michael R. Johnson*
Michael R. Johnson
*Attorneys for Rabo AgriFinance LLC*

19

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, the foregoing RABO AGRIFINANCE LLC'S AND FOCUS MANAGEMENT GROUP USA, INC.'S OBJECTION AND OPPOSITION TO THE TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RABO AGRIFINANCE AND FOCUS MANAGEMENT was filed with the Clerk of the Court in the above-entitled case, which sent notice of electronic filing to all electronic filing users in the case.

/s/ Michael R. Johnson
Michael R. Johnson

1680363