Hudson M. Jobe
  Texas Bar No. 24041189
Jobe Law PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
hjobe@jobelawpllc.com
(214) 807-0563

Alan Dabdoub
  Texas Bar No. 24056836
  adabdoub@lynnllp.com
P. Campbell Sode
  Texas Bar No. 24134507
  csode@lynnllp.com
Lynn Pinker Hurst & Schwegmann LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3818

SPECIAL COUNSEL TO THE TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| Debtors. | § | Jointly Administered |

## TRUSTEE'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RABO AGRIFINANCE AND FOCUS MANAGEMENT

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

Kent Ries—the Trustee of the foregoing Chapter 7 bankruptcy cases—files this Reply in Support of his Motion to Compel Production of Documents and Information from Rabo AgriFinance LLC and Focus Management Group USA, Inc. (the "Motion").

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

I. INTRODUCTION

1. Rabo and Focus contest the Motion on three grounds—all of which are futile. *First*, they claim the "pending proceeding" rule bars the Trustee's use of Rule 2004 subpoenas. *Second*, Rabo and Focus challenge the Trustee's subpoenas as facially overbroad and unduly burdensome. *Third*, Rabo and Focus complain that the Trustee is seeking privileged information subject to the work product doctrine. Those incorrect contentions are analyzed in turn below.

A. **The pending proceeding rule does not help Rabo or Focus.**

2. The first flaw in the "pending proceeding" argument of Rabo and Focus is their disregard of court orders. On May 6, 2024, this Court signed an order authorizing the Trustee to subpoena both Rabo and Focus under Rule 2004.[2] Rabo and Focus must accept this Court's decision to permit the Trustee's Rule 2004 subpoenas. Thus, their initial argument that "the Trustee's use of a Rule 2004 subpoena to obtain records and documents is procedurally improper"[3] attempts to relitigate an issue already decided by the Court. Rabo and Focus's contention about procedural propriety is unavailing and they must comply with this Court's order.

3. In addition, Rabo and Focus's argument on the pending proceeding rule misapplies basic discovery principles. "The part[ies] resisting discovery," *i.e.*, Rabo and

---

[2] ECF No. 241.
[3] Rabo and Focus Resp. to Trustee's Mot. to Compel, ECF No. 284, 2.

1

Focus, "bear the burden of demonstrating that discovery of otherwise relevant evidence should be limited."[4] To carry that burden on the pending proceeding rule, Rabo and Focus must establish two elements: (1) a pending proceeding involving the parties to Rule 2004 discovery requests, which (2) go "squarely to issues involved in the pending litigation."[5] The relevant inquiry under the second element is "whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding."[6] Rabo and Focus fall well short of their burden on both elements, so they cannot rely on the pending proceeding rule.

4.      *First*, Rabo and Focus fail to identify any pending proceeding to which *Focus* is currently a party.[7] Because "[t]he 'pending proceeding' rule is predicated on there actually being a pending action involving the two parties" to Rule 2004 discovery, Rabo and Focus cannot invoke the pending proceeding rule to shield Focus from the Trustee's outstanding discovery requests.[8]

5.      *Second,* Rabo and Focus do not explain how the Trustee's Rule 2004 subpoenas are related to any issues in the pending litigation involving Rabo and the Trustee. Rabo and Focus instead offer repetitive *ipse dixit* statements that information

---

[4] *In re Transmar Commodity Grp. Ltd.*, No. 16-13625-JLG, 2018 WL 4006324, at *7 (Bankr. S.D.N.Y. Aug. 17, 2018) (citations omitted).
[5] *In re Braxton*, Case No. 09-08876-8-RDD, 2014 WL 4178207, at *4 (Bankr. E.D.N.C. Aug. 21, 2014).
[6] *In re Washington Mut., Inc.*, 408 B.R. 45, 51 (Bankr. D. Del. 2009); *see also Braxton*, 2014 WL 4178207, at *5.
[7] ECF No. 284, 4–8.
[8] *Washington*, 408 B.R. at 53; *accord In re Jasper Pellets, LLC,* 647 B.R. 151, 156 (Bankr. D.S.C. 2022).

2

requested by the Trustee is "directly relevant to the claims, issues, and defenses that are the subject of the [adversary proceedings]."[9] The "because I said so" reasoning offered by Rabo and Focus, definitionally, cannot discharge their burden to establish that the pending proceeding rule applies here.

6. And Rabo and Focus cannot avoid the above analysis by pointing to discovery requests that were served by a different party (HTLF Bank) in an adversary proceeding.[10] To start, Rabo and Focus only argue that HTLF served discovery on Rabo. There is no discussion of HTLF serving **_Focus_** with discovery. Besides, Rabo and Focus offer **_no_** specifics on the purported overlap between HTLF's discovery and the Trustee's Rule 2004 subpoenas. Rabo and Focus offer only a conclusory statement that HTLF's "document requests seek[] much of the same information that the Trustee seeks."[11] That lack of specificity is fatal to Rabo and Focus. Besides, neither Rabo nor Focus have committed to producing all documents responsive to HTLF's discovery. Absent clarity on the overlap between discovery sought by HTLF and the Trustee—and a production commitment from both Rabo and Focus—there is no argument that the same evidence will be produced twice. In this context, the pending proceeding rule is not a basis for shielding Rabo and Focus from discovery.

---

[9] ECF No. 284, 4; *see also* ECF No. 284, 5 ("It is improper for the Trustee to seek Rule 2004 discovery from Rabo touching upon the very claims, defenses, and issues that are being considered in the [adversary proceedings]."), 6 ("Here, much if not all of the Rule 2004 discovery the Trustee seeks from Rabo … is clearly and directly relevant and related to the [adversary proceedings].").
[10] *Id*. at 6.
[11] *Id*.

3

7. Perhaps sensing the weaknesses in their pending proceeding argument, Rabo and Focus engage in a thinly veiled impeachment of the Trustee's motives.[12] But "[t]he Trustee is a fiduciary of the estate whose principal duty is to administer estate property so as to maximize distribution to unsecured creditors, whether priority or general unsecured."[13] Because the Trustee is an officer of this Court who represents the Debtors' innocent creditors, he "has a duty to realize the maximum return for the estate for further distribution to the Debtor's creditors. To that end, without limitation, he is duty bound to investigate the affairs of the Debtor."[14] That is what the Trustee seeks to accomplish by subpoenaing Rabo and Focus.

8. Rabo and Focus's citation to the Fifth Circuit's opinion in *Snyder v. Society Bank of Ann Arbor, Michigan*[15] is likewise unpersuasive. That unpublished decision has no precedential value,[16] and it does not relieve Rabo and Focus of their burden to show the pending proceeding rule applies. This Court should instead heed the many cases where courts authorized Rule 2004 discovery when a resisting party failed to establish each element of the pending proceeding rule.[17] Such a ruling would assist the Trustee's ongoing efforts to preserve Debtors' estates.

---

[12] *Id*. ("The Trustee apparently wants to both have his cake and eat it too.").
[13] *Transmar*, 2018 WL 4006324, at *5 (cleaned up).
[14] *Id*. (cleaned up).
[15] 52 F.3d 1067 (5th Cir. 1995) (per curiam).
[16] *Id*. at n.*.
[17] *E.g. Washington*, 408 B.R. at 51–53; *see Jasper Pellets*, 647 B.R. at 156–58; *In re Braxton*, 516 B.R. 787, 795–96 (E.D.N.C. 2014) (rejecting pending proceeding rule-based argument for reversal of Rule 2004 examination order); *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 629–30 (Bankr. D. Del. 2016).

B.     **The Trustee's Rule 2004 subpoenas are valid.**

9.     Beyond the pending proceeding rule, Rabo and Focus contend that the Trustee's Rule 2004 subpoenas are facially overbroad and unduly burdensome.[18] Such an argument is misplaced because it contradicts fundamental principles of Rule 2004 discovery practice in bankruptcy court.

10.    Rule 2004 was designed "to enable the trustee to discover the nature and extent of the bankruptcy estate."[19] That is why "the scope of a Rule 2004 examination is exceptionally broad" and extends well beyond the discovery that is "available under the Federal Rules of Civil Procedure."[20] Rule 2004 examinations are "a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct.  The scope of a Rule 2004 examination is unfettered and broad and is commonly recognized as **more in the nature of a fishing expedition.**"[21] This Court highlighted those characteristics of Rule 2004 in granting the Trustee's motion for Rule 2004 examination of various claimants seeking compensation from the Debtors' bankruptcy estates.[22]

---

[18] Rabo and Focus's briefing of these issues is disorganized and confusing.  Their introduction lists facial overbreadth and undue burden as the third and fourth arguments for denying the Trustee's motion to compel.  *See* ECF No. 284, 3.  But Rabo and Focus then brief facial overbreadth and undue burden as their second, fourth, and fifth issues.  *See id*. at 8–12, 14–17.  Sandwiched in the middle of that discussion is the work product doctrine.  *See id*. at 12–14.  To help facilitate this Court's resolution of the issues, the Trustee will first address facial overbreadth and undue burden, then turn to the work product doctrine.
[19] *In re Correa*, 589 B.R. 76, 108 (Bankr. N.D. Tex. 2018).
[20] *Id*.
[21] *Id*. (emphasis added).
[22] *In re McClain Feed Yard, Inc.*, 661 B.R. 136, 142 (Bankr. N.D. Tex. 2024) (Jones, J.).

5

11. Applying those basic principles, Rabo and Focus miss the mark in arguing that the Trustee's Rule 2004 subpoenas are facially overbroad under the Federal Rules of Civil Procedure.[23] Rabo and Focus can prevail on a facial overbreadth argument only by showing that the Trustee's pending subpoenas exceed the scope authorized by **_Rule 2004_**.[24] The Federal Rules of Civil Procedure are simply irrelevant to that legal inquiry. Because Rabo and Focus make no showing that the Trustee exceeded the scope of Rule 2004 when drafting his subpoenas, their facial overbreadth argument must be rejected.

12. Rabo and Focus's undue burden argument fares no better. This reasoning relies on three alternative legal grounds: (1) a predicate finding that the Trustee's Rule 2004 subpoenas are invalid for facial overbreadth; (2) Federal Rule of Civil Procedure 26(b)(2)(C)(i), which governs "unreasonably cumulative or duplicative" discovery; and (3) Federal Rule of Civil Procedure 45(d)(1)'s requirement that proponents of discovery take reasonable steps to avoid imposing undue burdens on others.[25] The problems with that reasoning are twofold. **_First_**, Rabo and Focus's failure to make a cognizable Rule 2004 facial overbreadth argument forecloses their derivative theory of undue burden. Put simply, if there is no facial overbreadth—as defined by Rule 2004—then there can be no resulting undue burden. **_Second_**, Rabo and Focus cite no legal authority for their unsaid proposition that Federal Rules of Civil Procedure 26 and 45 constrain the scope

---

[23] ECF No. 284, 3, 10–11, 15–17.
[24] *See Correa*, 589 B.R. at 108.
[25] ECF No. 284, 15–16 (overbreadth and undue burden), 14–15 (Rule 26), 8–12 (Rule 45).

6

of Rule 2004 discovery. Nor could they. Any such hypothetical legal authorities would be irreconcilable with the bankruptcy principle that Rule 2004 discovery is not subject to the Federal Rules of Civil Procedure.

13. Because Rabo and Focus have no valid arguments on facial overbreadth and undue burden, they were obligated to produce a privilege log to substantiate the withholding of documents from the Trustee. Absent that key information, neither the Trustee nor this Court can tell whether Rabo and Focus are refusing to turn over non-privileged documents that will help the Trustee investigate the affairs of the Debtors' bankruptcy estates. Rabo and Focus's counterpoint about not producing a privilege log in response to an overbroad subpoena is unpersuasive. Neither case cited in support of that argument involved Rule 2004 issues.[26] And Rabo and Focus waived all privilege objections by refusing timely to produce a log.

14. Anticipating this analysis, Rabo and Focus complain that the Trustee did not properly tailor his Rule 2004 subpoenas to exclude non-privileged material. But that argument falls flat. By definition, privileged documents are non-discoverable and any responsive information withheld based on privilege must be listed in a privilege log, regardless of whether a discovery request excludes privileged material. Rabo and Focus cannot turn a customary part of discovery into a contrived "undue burden" to escape the Trustee's Rule 2004 subpoenas.

---

[26] *Id.* at 9–11.

15. In any case, Rabo and Focus's arguments that creation of a privilege log would be unduly burdensome is similarly misplaced.[27] Rabo is familiar with litigation, which routinely involves privilege logs, as shown by its active participation in this case and other lawsuits. By Rabo's admission, it has a full legal team of inside and outside counsel. And Rabo makes no argument that it could not have tasked its many attorneys with creating a privilege log because the volume of documents at issue exceeded their capacity. This Court should reject Rabo's intransigence and issue an order that Rabo and Focus have waived their privilege objections for lack of a privilege log. After all, Rabo and Focus have had ample time to collect and review the documents responsive to the Trustee's pending Rule 2004 subpoenas.

16. The Southern District of Mississippi made such an order based on similar facts in *Barnett v. Deere and Co.*[28] There, the plaintiff "steadfastly refused to provide a privilege log that includes a description of the withheld documents."[29] That discovery abuse deprived the defendant of an opportunity to evaluate the merits of the plaintiff's privilege claims and test them in court. The plaintiff's "failure to provide a complete privilege log is, on its own, sufficient to warrant a finding that any privilege, even if it had been established, has been waived."[30]

---

[27] *See* ECF No. 284, 3, 8–11.
[28] Civil Action No. 2:15-CV2-KS-MTP, 2016 WL 10179585 (S.D. Miss. April 5, 2016).
[29] *Id*. at *3.
[30] *Id*.; *see also Ferguson v. Sw. Reg. PCR, LLC*, No. 5:22-CV-182-H, 2023 WL 4938091, at *8 n.7 (N.D. Tex. June 22, 2023) (discussing waiver of privilege); *Canidae, LLC v. Cooper*, No. 6:21-CV-0019-H-BU, 2022 WL 22852826, at *2 (N.D. Tex. Feb. 15, 2022) (same).

### C. Rabo and Focus do not benefit from any legal privilege.

17. Rabo and Focus posit that all communications and documents exchanged between them are protected by the work product doctrine. As discussed, that objection is waived for lack of a supporting privilege log.

18. Separately, Rabo and Focus's work product argument is inapt. As alleged in this case and other lawsuits, Rabo hires Focus and Dawson Forensics Analytics for foreclosure and collateral analysis in the ordinary course of its lending business. Rabo apparently engages in a pattern and practice of retaining Focus as a "consultant" to (1) take control of distressed cattle operations; (2) seize evidence, including taking as many of the Debtor records as they could in this case; and (3) stonewall other parties' efforts to obtain discovery.[31] Such acts in the ordinary course of Rabo and Focus's business are indisputably discoverable by the Trustee.

19. The *LifeScan* case cited in the Trustee's motion to compel supports the foregoing analysis of Rabo and Focus's claimed work product privilege. And *LifeScan* does not stand alone. The Eastern District of Texas reached the same conclusion in *United States ex rel. Mitchell v. CIT Bank, N.A.* There, CIT Bank ("CIT") asserted the litigation work product privilege in connection with "communications and documents exchanged between CIT and its independent consultant, Navigant Consulting and its

---

[31] *See* Real Party in Interest, CJ Cattle's Opp'n to Rabo AgriFinance, LLC's Motion for Instructions to Receiver to Repay Emergency Advances, 2–3 & n.2 (filed in Case No. ECU003066, Superior Court of the State of California, County of Imperial). A PDF copy of that document is attached to this Reply Brief.

9

capital-advisory affiliate, Navigant Capital Advisors (collectively 'Navigant')."[32] Like Rabo and Focus, CIT: (1) "retained third-party Navigant to perform [an] independent foreclosure review" of certain troubled borrowers; then (2) asserted the work product privilege in ensuing litigation.[33] In rejecting this spurious privilege argument, Judge Mazzant noted that, "[i]f the document would have been created regardless of whether the litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation."[34] No legal privilege existed because "communications between CIT and Navigant were not made for the purpose of strategizing about litigation but were made for the purpose of facilitating the independent foreclosure review" by Navigant.[35]

20.     Moreover, Rabo and Focus have failed to produce evidence that supports their claims of work product privilege. That alone is fatal to their incorrect assertion of the work product privilege against the Trustee.[36]

## II. CONCLUSION

21.     For the foregoing reasons, this Court should order both Rabo and Focus to comply with the Trustee's pending subpoenas.

---

[32] Civil Action No. 4:14-CV-00833, 2021 WL 4439516, at *1 (E.D. Tex. Sept. 28, 2021) (Mazzant, J.).
[33] *Id.* at *1, *6.
[34] *Id.* (citation omitted).
[35] *Id.*
[36] *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, Civil Action 13-373-SDD-EWD, 2018 WL 326504, at *4–*5 (M.D. La. Jan. 8, 2018) ("Objections based on the attorney client privilege or work product doctrine can only be sustained if they are both properly asserted and the facts supporting the privileges *are established by the evidence*, not merely declared by lawyer argument." (cleaned up and emphasis added)).

10

DATE: August 30, 2024                           Respectfully submitted,

/s/ *Alan Dabdoub*
Alan Dabdoub
  State Bar No. 24056836
  adabdoub@lynnllp.com
P. Campbell Sode
  State Bar No. 24134507
  csode@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
  2100 Ross Avenue, Suite 2700
  Dallas, Texas 75201
  Telephone: 214-981-3800
  Facsimile: 214-981-3839

Hudson M. Jobe
  State Bar No. 24041189
  hjobe@jobelawpllc.com
**JOBE LAW PLLC**
  6060 North Central Expressway, Suite 500
  Dallas, Texas 75206
  Telephone: (214) 807-0563

*ATTORNEYS FOR TRUSTEE KENT RIES*

### CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, a true and correct copy of the foregoing motion was served via the Court's ECF system on the debtor, debtor's counsel, the United States Trustee, and all parties that have appeared and requested notice.

/s/ *Alan Dabdoub*
Alan Dabdoub