# EXHIBIT I

# PROMISSORY NOTE

$3,000,000.00                                                                                   January 25, 2021

FOR VALUE RECEIVED, the undersigned **Thorlakson Diamond T Feeders, LP**, a Texas limited partnership ("*Borrower*"), unconditionally promises to pay to the order of **AgTexas Farm Credit Services, as agent/nominee for AgTexas, PCA** ("*Lender*"), without setoff, the principal amount of THREE MILLION DOLLARS ($3,000,000.00), or so much thereof as may be advanced from time to time, in immediately available funds, together with interest computed daily on the outstanding principal balance hereunder, at an annual interest rate, and in accordance with the payment schedule, indicated below.

1. **Loan Agreement.** This Promissory Note (this "*Note*") is the Note described in that certain Loan Agreement dated of even date herewith between Borrower and Lender (including any and all amendments, modifications, restatements or replacements thereof, the "*Loan Agreement*"), and is subject to and governed by the Loan Agreement. Capitalized terms not otherwise defined in this Note will have the meanings assigned in the Loan Agreement.

2. **Interest.** Subject to the application of the Default Rate, amounts outstanding under this Note will accrue interest at a per annum rate equal to sum of the Index plus 250 basis points. "*Index*" means the Farm Credit 1-Month SOFR Index as quoted by the Federal Farm Credit Banks Funding Corporation at **https://www.farmcreditfunding.com/ffcb_live/fundingCostIndex.html** or any successor website address as of the last Business Day of the prior month and rounded to the nearest basis point (0.01 percentage points). The Index will be adjusted on the first day of each month to a rate equal to the rate so quoted on the last Business Day immediately preceding the first day of every calendar month (each an "*Adjustment Date*"), rounded to the nearest basis point (.01). Prior to the Maturity Date (hereinafter defined), the interest rate will change on each Adjustment Date, and remain fixed until the next Adjustment Date. In the event that the SOFR Index is not available, then the Index for such period will be determined by a replacement index and a replacement margin to be agreed upon by Lender and Borrower before or within 10 Business Days following the date on which the Index first becomes not available; provided, however, that if Lender and Borrower do not agree on a replacement index and a replacement margin prior to such date, a replacement index and a replacement margin reasonably selected by the Lender exercising its reasonable credit judgment will be applied for the purposes of this Note until Lender and Borrower agree. Under no circumstances will the Index equal less than zero. If at any time the Index is less than zero the Index shall be deemed to equal zero for the purposes of this Note. As used herein, "not available" includes, but is not limited to, when adequate means do not exist for ascertaining an index, or when an index is terminated, becomes deregulated, or becomes unacceptable for use by a regulator. Interest shall be calculated by the ACT 365/366 day method.

3. **Payment Schedule.** Principal will be paid in full on demand, but if no demand is made, in a single payment on June 1, 2022 (the "*Maturity Date*"), accrued interest will be paid on demand, but if no demand is made, monthly, beginning on March 1, 2021, and continuing on the same day of each successive month thereafter, until the Maturity Date, on which date payment of all accrued but unpaid interest will be due. All payments received hereunder shall be applied first to the payment of any expense or charges payable hereunder or under any other loan documents executed in connection with this Note, then to interest due and payable, with the balance applied to principal or in such other order as Lender shall determine at its option. Prepayments may be made in whole or in part at any time without penalty or premium.

4. **Revolving Feature.** Subject to the terms of the Loan Agreement, Borrower may borrow, repay and re-borrow hereunder at any time, up to a maximum aggregate amount outstanding at any one time equal to the principal amount of this Note, provided that Borrower is not in default under any provision of this Note, the Loan Agreement or any other Loan Document, and provided that the Borrower has fulfilled all conditions precedent required by the Loan Agreement and/or any other Loan Document for advances under this Note. Lender shall incur no liability for its refusal to advance funds based upon its determination that any

THIS IS A COPY
This is a Copy View of the Authoritative Copy held by the designated custodian

conditions of such further advances have not been met. Lender records of the amounts borrowed from time to time shall be conclusive proof thereof.

5. **Default**. The Borrower's failure to pay any principal and/or interest due under this Note as and when due, or the occurrence of an Event of Default as defined in the Loan Agreement or in any other Loan Document shall constitute an Event of Default under this Note. Upon the occurrence of an Event of Default, Lender shall have all rights and remedies available under the Loan Agreement and the other Loan Documents, as well as all rights and remedies available at law or in equity.

6. **Waivers, Consents and Covenants**. Borrower: (a) waives presentment, demand, protest, notice of demand, notice of intent to accelerate, notice of acceleration of maturity, notice of protest, notice of nonpayment, notice of dishonor, and any other notice required to be given under the law to Borrower in connection with the delivery, acceptance, performance, default or enforcement of this Note, or any of the other Loan Documents; (b) consents to all delays, extensions, renewals or other modifications of this Note or the other Loan Documents, or waivers of any term hereof or of the Loan Documents; and (c) agrees to pay, on demand, all costs and expenses of collection or defense of this Note or of any endorsement or guaranty hereof and/or the enforcement or defense of Lender's rights with respect to, or the administration, supervision, preservation, or protection of, or realization upon, any property securing payment hereof, including, without limitation, reasonable attorney's fees, including fees related to any suit, mediation or arbitration proceeding, out of court payment agreement, trial, appeal, bankruptcy proceedings or other proceeding, in such amount as may be determined reasonable by any arbitrator or court, whichever is applicable.

7. **Non-Waiver**. The failure at any time of Lender to exercise any of its options or any other rights hereunder will not constitute a waiver thereof, nor will it be a bar to the exercise of any of its options or rights at a later date. All rights and remedies of Lender will be cumulative and may be pursued singly, successively or together, at the option of Lender. The acceptance by Lender of any partial payment will not constitute a waiver of any default or of any of Lender's rights under this Note. No waiver of any of its rights hereunder, and no modification or amendment of this Note, will be deemed to be made by Lender unless the same will be in writing, duly signed on behalf of Lender; each such waiver will apply only with respect to the specific instance involved, and will in no way impair the rights of Lender or the obligations of Borrower to Lender in any other respect at any other time.

8. **Governing Law, Jurisdiction, and Venue.** This Note will be interpreted, construed, applied, and enforced according to and governed by the laws of the State of Texas, without regard to any choice of law principle requiring the application of the law of another jurisdiction and regardless of where executed or delivered, where payable or paid, where any cause of action accrues in connection with this obligation, where any action or other proceeding involving this Note is instituted or pending, or whether the laws of the State of Texas otherwise would apply the laws of another jurisdiction. In any litigation in connection with or to enforce this Note or any endorsement or guaranty of this Note or any Loan Document, Borrower irrevocably consents to and confers personal jurisdiction on the courts of the State of Texas or the United States courts located within the State of Texas. Nothing contained herein will, however, prevent Lender from bringing any action or exercising any rights within any other state or jurisdiction or from obtaining personal jurisdiction by any other means available under applicable law. Venue for any action arising from or in connection with this promissory note will lie in Amarillo, Randall County, Texas, unless and except suit is brought in Federal District Court, in which case, venue will lie in the United States District Court for the Northern District of Texas, Amarillo Division.

9. **Partial Invalidity**. The unenforceability or invalidity of any provision of this Note will not affect the enforceability or validity of any other provision herein and the invalidity or unenforceability of any provision of this Note or of the Loan Documents to any person or circumstance will not affect the enforceability or validity of such provision as it may apply to other persons or circumstances.

10. **Binding Effect**. This Note will be binding upon and inure to the benefit of Borrower and Lender and their respective successors, assigns, heirs and personal representatives, provided, however, that no obligations of Borrower hereunder can be assigned without prior written consent of Lender.

11. **Commercial Loan.** Borrower represents to Lender that the proceeds of this loan are to be used primarily for business, commercial or agricultural purposes. Borrower acknowledges having read and understood, and agrees to be bound by, all terms and conditions of this Note.

12. **AGENT/NOMINEE.** THIS NOTE HAS BEEN EXECUTED BY THE UNDERSIGNED IN FAVOR OF AGTEXAS FARM CREDIT SERVICES (HEREAFTER REFERRED TO HEREIN AS THE "LENDER"), AS AGENT/NOMINEE FOR ITS WHOLLY-OWNED SUBSIDIARY, AGTEXAS, PCA, PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY-OWNED SUBSIDIARIES AGTEXAS, FLCA AND AGTEXAS, PCA, AS THEIR INTERESTS MAY APPEAR.

13. **Waiver of Jury Trial**. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY AND EXPRESSLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS NOTE OR THE ACTIONS OF THE LENDER IN THE NEGOTIATION, ADMINISTRATION, OR ENFORCEMENT THEREOF.

14. **Balloon Note**. THIS NOTE IS DUE AND PAYABLE IN FULL AT MATURITY. LENDER IS UNDER NO OBLIGATION TO EXTEND THE MATURITY DATE OR OTHERWISE RENEW, EXTEND, OR REFINANCE THE BALANCE DUE AT MATURITY. TIME IS OF THE ESSENCE.

15. **NOTICE OF FINAL AGREEMENT:** THIS WRITTEN PROMISSORY NOTE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

(remainder of page intentionally left blank)

DocuSign Envelope ID: FC25F2E7-8EFF-4537-AD45-742B9020CCFB
Case 23-20084-rlj7  Doc 291-9  Filed 09/06/24  Entered 09/06/24 13:22:29  Desc
Exhibit I  Page 5 of 5

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

The Borrower has executed this Promissory Note as of the date and year first above written.

BORROWER: THORLAKSON DIAMOND T FEEDERS, LP,
a Texas limited partnership

By Thorlakson Diamond T Feeders Management, LLC,
a Texas limited liability company,
its general partner

By: _____
Benedict Thorlakson,
Manager

By: _____
Thomas Thorlakson,
Manager