# EXHIBIT L

DocuSign Envelope ID: 024A2B75-326F-47F1-9785-6350DA97B61F
Case 23-20084-rlj7  Doc 291-12  Filed 09/06/24  Entered 09/06/24 13:22:29  Desc
Exhibit L   Page 2 of 11

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

# PROMISSORY NOTE

$4,625,000.00                                                                                          January 25, 2024

FOR VALUE RECEIVED, the undersigned **Thorlakson Diamond T Feeders, LP**, a Texas limited partnership ("*Borrower*"), unconditionally promises to pay to the order of **AgTexas Farm Credit Services, as agent/nominee for AgTexas, PCA** ("*Lender*"), without setoff, the principal amount of FOUR MILLION SIX HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($4,625,000.00), or so much thereof as may be advanced from time to time, in immediately available funds, together with interest computed daily on the outstanding principal balance hereunder, at an annual interest rate, and in accordance with the payment schedule, indicated below.

1. **Loan Agreement.** This Promissory Note (this "*Note*") is the Note described in that certain Loan Agreement dated January 25, 2021, between Borrower and Lender (including all amendments, modifications, restatements, or replacements thereof, the "*Loan Agreement*"), and is subject to and governed by the Loan Agreement. Capitalized terms not otherwise defined in this Note will have the meanings assigned in the Loan Agreement.

2. **Interest.** Subject to the application of the Default Rate, amounts outstanding under this Note will accrue interest a per annum rate equal to sum of the Index plus 250 basis points (the "Margin"). "Index" means the Farm Credit 1-Month SOFR Index as published by the Federal Farm Credit Banks Funding Corporation as a Funding Cost Index in the Data Center at **www.farmcreditfunding.com** or any successor website address as of the last Business Day of the prior month and rounded to the nearest basis point (0.01 percentage points). The Index will be adjusted on the first day of each month to a rate equal to the rate so quoted on the last Business Day immediately preceding the first day of every calendar month (each an "Change Date"), rounded to the nearest basis point (.01). Prior to the Maturity Date (hereinafter defined), the interest rate will change on each Change Date, and remain fixed until the next Change Date. Interest will be calculated on a 365/365-day basis (366/366 in a leap year). If at any time the Index is less than zero, the Index will be deemed to equal zero. The rate will not exceed the maximum lawful rate applicable to the holder of this Note.

3. **Index Replacement.** If the Index is Unavailable on the Change Date, the interest rate will be calculated using a "*Replacement Index*" and a new commercially reasonable "*Replacement Margin*". The Index will be considered "*Unavailable*" when one or more of the following events occurs: (a) A public statement by or on behalf of the Federal Farm Credit Banks Funding Corporation ("*Administrator*"), the Farm Credit Administration ("*FCA*") or any other relevant governmental authority that (i) publication of the Index will be, is or has been terminated, (ii) that the Index will be, is or has been deregulated, considered unreliable or unrepresentative, or (iii) that the Index may no longer be used; or (b) A determination by Lender, in its sole discretion, that (i) adequate means do not exist for ascertaining the Index, (ii) the Index no longer reflects the Lender's cost of funding, or (ii) the Index has been terminated, becomes deregulated, unreliable, unrepresentative, or unacceptable for use by the Lender, Administrator, FCA or any other relevant governmental authority; or (c) The Index is no longer supported by the Farm Credit Bank of Texas or its successor. Lender will select the Replacement Index and determine an associated Replacement Margin. Lender shall make a reasonable effort to select a Replacement Index and a Replacement Margin that, when added together, Lender reasonably expects will minimize any change to the cost of the loan. The Replacement Index shall be (a) a replacement Index selected or recommended by a relevant governmental authority or committee endorsed or convened thereby, (b) a comparable successor or alternative Index and Margin that is, at such time, broadly viewed as acceptable market practice for similar loans in lieu of the Index, or (c) a successor or alternative Index rate as Lender may reasonably determine. The Replacement Margin shall be determined by utilizing a margin adjustment method which is, at such time, (a) selected or recommended by a relevant governmental authority or a committee endorsed or convened thereby, (b) broadly viewed as acceptable market practice, or (c) any other method as the Lender may reasonably determine. Lender does not guarantee that by selecting the Replacement Index or the Replacement Margin,

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

that the interest rate on this note will be the same interest rate the Lender charges on any other loans or class of loans to Borrower or any other borrowers.

4. **Payment Schedule.** Principal will be paid in full on demand, but if no demand is made, in a single payment on May 1, 2024 (the "*Maturity Date*"), accrued interest will be paid on demand, but if no demand is made, monthly, beginning February 1, 2024, and continuing on the same day of each successive month thereafter, until the Maturity Date, on which date payment of all accrued but unpaid interest will be due. All payments received hereunder shall be applied first to the payment of any expense or charges payable hereunder or under any other loan documents executed in connection with this Note, then to interest due and payable, with the balance applied to principal or in such other order as Lender shall determine at its option. Prepayments may be made in whole or in part at any time without penalty or premium.

5. **Late Payment Charge**. If any payment required under this Note is not made within 15 calendar days following its due date, at Lender's option, Lender may assess a late payment charge equal to 5.00% of the principal and interest portion of the late payment. The late charge will only be collected 1 time per installment and will not be collected on a missed partial payment resulting from the deduction of a late payment charge from a regularly scheduled payment.

6. **Revolving Feature.** Subject to the terms of the Loan Agreement, Borrower may borrow, repay and re-borrow hereunder at any time, up to a maximum aggregate amount outstanding at any one time equal to the principal amount of this Note, provided that Borrower is not in default under any provision of this Note, the Loan Agreement or any other Loan Document, and provided that the Borrower has fulfilled all conditions precedent required by the Loan Agreement and/or any other Loan Document for advances under this Note. Lender shall incur no liability for its refusal to advance funds based upon its determination that any conditions of such further advances have not been met. Lender records of the amounts borrowed from time to time shall be conclusive proof thereof.

7. **Default**. The Borrower's failure to pay any principal and/or interest due under this Note as and when due, or the occurrence of an Event of Default as defined in the Loan Agreement or in any other Loan Document shall constitute an Event of Default under this Note. Upon the occurrence of an Event of Default, Lender shall have all rights and remedies available under the Loan Agreement and the other Loan Documents, as well as all rights and remedies available at law or in equity.

8. **Waivers, Consents and Covenants**. Borrower: (a) waives presentment, demand, protest, notice of demand, notice of intent to accelerate, notice of acceleration of maturity, notice of protest, notice of nonpayment, notice of dishonor, and any other notice required to be given under the law to Borrower in connection with the delivery, acceptance, performance, default or enforcement of this Note, or any of the other Loan Documents; (b) consents to all delays, extensions, renewals or other modifications of this Note or the other Loan Documents, or waivers of any term hereof or of the Loan Documents; and (c) agrees to pay, on demand, all costs and expenses of collection or defense of this Note or of any endorsement or guaranty hereof and/or the enforcement or defense of Lender's rights with respect to, or the administration, supervision, preservation, or protection of, or realization upon, any property securing payment hereof, including, without limitation, reasonable attorney's fees, including fees related to any suit, mediation or arbitration proceeding, out of court payment agreement, trial, appeal, bankruptcy proceedings or other proceeding, in such amount as may be determined reasonable by any arbitrator or court, whichever is applicable.

9. **Non-Waiver**. The failure at any time of Lender to exercise any of its options or any other rights hereunder will not constitute a waiver thereof, nor will it be a bar to the exercise of any of its options or rights at a later date. All rights and remedies of Lender will be cumulative and may be pursued singly, successively or together, at the option of Lender. The acceptance by Lender of any partial payment will not constitute a waiver of any default or of any of Lender's rights under this Note. No waiver of any of its rights

DocuSign Envelope ID: 024AF8F5-326F-47F1-9785-63593A97B61F
Case 23-20084-rlj7    Doc 291-12    Filed 09/06/24    Entered 09/06/24 13:22:29    Desc
Exhibit L    Page 4 of 11

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

hereunder, and no modification or amendment of this Note, will be deemed to be made by Lender unless the same will be in writing, duly signed on behalf of Lender; each such waiver will apply only with respect to the specific instance involved, and will in no way impair the rights of Lender or the obligations of Borrower to Lender in any other respect at any other time.

10. **Governing Law, Jurisdiction, and Venue.** This Note will be interpreted, construed, applied, and enforced according to and governed by the laws of the State of Texas, without regard to any choice of law principle requiring the application of the law of another jurisdiction and regardless of where executed or delivered, where payable or paid, where any cause of action accrues in connection with this obligation, where any action or other proceeding involving this Note is instituted or pending, or whether the laws of the State of Texas otherwise would apply the laws of another jurisdiction. In any litigation in connection with or to enforce this Note or any endorsement or guaranty of this Note or any Loan Document, Borrower irrevocably consents to and confers personal jurisdiction on the courts of the State of Texas or the United States courts located within the State of Texas. Nothing contained herein will, however, prevent Lender from bringing any action or exercising any rights within any other state or jurisdiction or from obtaining personal jurisdiction by any other means available under applicable law. Venue for any action arising from or in connection with this promissory note will lie in Amarillo, Randall County, Texas, unless and except suit is brought in Federal District Court, in which case, venue will lie in the United States District Court for the Northern District of Texas, Amarillo Division.

11. **Partial Invalidity**. The unenforceability or invalidity of any provision of this Note will not affect the enforceability or validity of any other provision herein and the invalidity or unenforceability of any provision of this Note or of the Loan Documents to any person or circumstance will not affect the enforceability or validity of such provision as it may apply to other persons or circumstances.

12. **Binding Effect**. This Note will be binding upon and inure to the benefit of Borrower and Lender and their respective successors, assigns, heirs and personal representatives, provided, however, that no obligations of Borrower hereunder can be assigned without prior written consent of Lender.

13. **Commercial Loan.** Borrower represents to Lender that the proceeds of this loan are to be used primarily for business, commercial or agricultural purposes. Borrower acknowledges having read and understood, and agrees to be bound by, all terms and conditions of this Note.

14. **Renewal**. This Note renews the principal outstanding under the promissory note executed on or about March 8, 2022, by Borrower, payable to the order of Lender in the principal amount of $7,500,000.00.

15. **Electronic Records and Signatures**. Borrower agrees that: (i) this Note is an electronic contract executed by Borrower using an electronic signature, (ii) the electronic signature signifies Borrower's intent to enter into this Note and that this Note be legally valid and enforceable in accordance with its terms to the same extent as if executed using a written signature, (iii) the authoritative copy of this Note (the "Authoritative Copy") shall be that electronic copy that resides in a document management system designated as such by Lender for the storage of authoritative copies of electronic records, which shall be deemed held by Lender in the ordinary course of business, and (iv) this Note will be an effective, enforceable and valid "Transferable Record" (as such term is defined in Section 322.016(a) of the Texas Business and Commerce Code) and may be created, authenticated, stored, transmitted and transferred in a manner consistent with and permitted by Section 322.016 of the Texas Business and Commerce Code, as amended from time to time. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by Lender, or a subsequent holder of this Note as the original (the "Paper Note"), Borrower acknowledges and agrees that (1) Borrower's signing of this Note with its electronic signature also constitutes issuance and delivery of such Paper Note, (2) Borrower's electronic signature associated with this Note, when affixed to the

Paper Note, constitutes Borrower's legally valid and binding signature on the Paper Note, and (3) subsequent to such conversion to paper, Borrower's obligations will be evidenced by the Paper Note alone.

16. **AGENT/NOMINEE.** THIS NOTE HAS BEEN EXECUTED BY THE UNDERSIGNED IN FAVOR OF AGTEXAS FARM CREDIT SERVICES (HEREAFTER REFERRED TO HEREIN AS THE "LENDER"), AS AGENT/NOMINEE FOR ITS WHOLLY OWNED SUBSIDIARY, AGTEXAS, PCA, PURSUANT TO A MASTER AGREEMENT AMONG IT AND ITS WHOLLY OWNED SUBSIDIARIES AGTEXAS, FLCA AND AGTEXAS, PCA, AS THEIR INTERESTS MAY APPEAR.

17. **Waiver of Jury Trial.** TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY AND EXPRESSLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS NOTE OR THE ACTIONS OF THE LENDER IN THE NEGOTIATION, ADMINISTRATION, OR ENFORCEMENT THEREOF.

18. **Balloon Note**. THIS NOTE IS DUE AND PAYABLE IN FULL AT MATURITY. LENDER IS UNDER NO OBLIGATION TO EXTEND THE MATURITY DATE OR OTHERWISE RENEW, EXTEND, OR REFINANCE THE BALANCE DUE AT MATURITY. TIME IS OF THE ESSENCE.

19. **NOTICE OF FINAL AGREEMENT:** THIS WRITTEN PROMISSORY NOTE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES, AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

The Borrower has executed this Promissory Note as of the date and year first above written.

BORROWER: THORLAKSON DIAMOND T FEEDERS, LP,
a Texas limited partnership

By Thorlakson Diamond T Feeders Management, LLC,
a Texas limited liability company,
its general partner

By: *Ben E Thorlakson* (DocuSigned)
16A06BFE4489478...
Benedict Thorlakson,
Manager

By: *Tom Thorlakson* (DocuSigned)
11DDCE18DEB64B3...
Thomas Thorlakson,
Manager

**DocuSign**

## Certificate Of Completion

Envelope Id: 0E4AFBFE326F47F1978E6355DA97B61F  Status: Completed
Subject: Complete with DocuSign: Promissory Note.pdf
Branch Name: Agribusiness
Custom 1:
Custom 2:
Custom 3:
Document Name: Promissory Note
Identifier: 5687860
Notes:
Primary Borrower Name: Thorlakson Diamond T Feeders
Vault With eOriginal: Yes
Association ID: ATFCS
Source Envelope:

| | | |
|---|---|---|
| Document Pages: 4 | Signatures: 2 | Envelope Originator: |
| Certificate Pages: 6 | Initials: 0 | Tamara Garcia |
| AutoNav: Enabled | | 5701 I-40 West |
| EnvelopeId Stamping: Enabled | | Amarillo, TX 79106 |
| Time Zone: (UTC-06:00) Central Time (US & Canada) | | tamara.garcia@agtexas.com |
| | | IP Address: 163.116.252.34 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>1/25/2024 4:12:55 PM | Holder: Tamara Garcia<br>tamara.garcia@agtexas.com | Location: DocuSign |
| Status: Authoritative Copy (1 of 1 documents)<br>1/27/2024 8:54:53 AM | Holder: Tamara Garcia<br>tamara.garcia@agtexas.com | Location: DocuSign |
| Status: Receipt Confirmed<br>1/27/2024 8:55:38 AM | Holder: Tamara Garcia<br>tamara.garcia@agtexas.com | Location: AgTexas Farm Credit Services |

## Signer Events | Signature | Timestamp

Benedict Thorlakson
benjo@tfyinc.com
Security Level: Email, Account Authentication (None)

*Signature: Ben E Tho Cohsa*
16A06BFE4489478...

Sent: 1/25/2024 4:16:26 PM
Viewed: 1/25/2024 9:14:02 PM
Signed: 1/25/2024 9:15:03 PM

Signature Adoption: Drawn on Device
Using IP Address: 66.8.231.46

**Electronic Record and Signature Disclosure:**
   Accepted: 6/4/2021 12:36:34 PM
   ID: ab287fc5-1b0c-492c-8576-a77f5613ca54

Thomas Thorlakson
tom@tfyinc.com
Security Level: Email, Account Authentication (None)

*Signature: Tom Thl*
11DDCE18DEB64B3...

Sent: 1/25/2024 4:16:26 PM
Viewed: 1/27/2024 8:39:57 AM
Signed: 1/27/2024 8:54:52 AM

Signature Adoption: Drawn on Device
Using IP Address: 170.203.221.102
Signed using mobile

**Electronic Record and Signature Disclosure:**
   Accepted: 6/4/2021 12:32:46 PM
   ID: 9547f7e6-ce4d-4fcc-9ff3-79d318284c09

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Brandon Brock<br>Brandon.Brock@agtexas.com<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 1/25/2024 4:16:26 PM<br>Viewed: 1/25/2024 4:21:27 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/25/2024 4:16:26 PM |
| Certified Delivered | Security Checked | 1/27/2024 8:39:57 AM |
| Signing Complete | Security Checked | 1/27/2024 8:54:52 AM |
| Completed | Security Checked | 1/27/2024 8:54:52 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

# CONSENT TO ELECTRONIC RECEIPT AND/OR EXECUTION OF CERTAIN CONTRACTS AND RELATED NOTICES AND DISCLOSURES (<u>PLEASE READ AND THEN SIGN</u>)

**This Consent to Electronic Receipt and/or Execution of Certain Documents, Contracts, and Related Notices and Disclosures (the "Consent") contains important information about your legal rights; please read it carefully and print a copy for your records.** As used in this Consent, "Account" means all accounts, products or services you have with us, and "EDS" means any electronic documentation system, program, technology or website that we may use to obtain your electronic signature or provide you with electronic disclosures or documentation. The words "we", "us" and "our" refer to **AgTexas Farm Credit Services**, including its affiliates and service providers such as an EDS service provider, and the words "you" and "your" mean each holder of an Account with or through us.

We must provide you with certain communications and disclosures in writing pursuant to applicable laws and regulations (collectively, the "Documents"). We would like to provide you with these Documents electronically and have you, in some cases, execute or acknowledge receipt of such Documents electronically. The Documents covered by this Consent are described in more detail under the caption "Scope of Consent." By electronically signing this Consent, you agree to receive, and sign Documents electronically, as provided in this Consent. The Documents may be emailed to you directly or provided through an EDS.

Please read the information below and, if you agree to the terms of this Consent, confirm your agreement by selecting the check-box next to "I agree to use electronic records and signatures" before clicking "CONTINUE" within the EDS.

## Getting paper copies

You do not need to execute this Consent in order to obtain a loan or loans from us or otherwise do business with us. Instead, you may have a loan agreement or promissory note evidencing any

loan ("Note") or other transaction documents provided to you in paper format. Also, by following the procedure described below, at any time you may obtain from us, without charge, a paper copy of any Document we email you and/or any Document you execute electronically. (You will also have the ability to download and print Documents we email you for execution through an EDS during and immediately after the signing session and, if you elect to create an EDS signer account, you may access them for a limited period of time (usually 30 days) after such Documents are first sent to you.)

## Scope of Consent

The Documents to which this Consent applies includes any agreements, disclosures, notices or other information or communications related to your Account; the use of our websites; any business relationship with us; and such other products, services or programs that may be made available to you by us directly or through affiliated third parties, vendors, or service providers. Documents may include, but are not limited, to the following, to the fullest extent permitted by law:

- This Consent;
- Disclosures, agreements, applications, notices and other information related to the opening or initiation of loans or Accounts, including, but not limited to, Notes, account agreements, fee schedules or related disclosures or notices that may be required by the Truth in Savings Act, Electronic Fund Transfer Act, Truth in Lending Act, the Equal Credit Opportunity Act, the Fair Credit Reporting Act, the Telephone Consumer Protection Act or other applicable federal or state laws and regulations;
- Periodic, annual, monthly or other statements, disclosures and notices relating to the maintenance, servicing, operation or collection of a loan or an Account, including, but not limited to, account information, account activity, account inactivity, payments made or due, or other statements, disclosures or notices that may be required by the Truth in Savings Act, Electronic Fund Transfer Act, Truth in Lending Act, the Equal Credit Opportunity Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act or other applicable federal or state laws and regulations;
- Any notice or disclosure regarding a loan or an Account, such as a late fee, an overdraft fee, an over-limit fee, a fee for a draft, check or electronic debit returned for any reason, such as insufficient funds fee or a fee as a result of a stop payment order;
- Any notice of the addition of new terms and conditions or the deletion or amendment of existing terms and conditions applicable to loans or Accounts;

- Our Privacy Notice and other privacy statements or notices;
- Certain tax statements or notices, such as annual IRS interest statements;
- Certain information or forms that we request from you and ask you to submit electronically, such as signature cards, W-9s, or other agreements; and
- Any agreements that you and we may enter with third party service providers, vendors, banks or other commercial

If you electronically sign this Consent, we may send any Document to you electronically. However, we may instead send you any Document in paper format if we choose.

## Withdrawing your consent

You may withdraw your consent (1) through the EDS by following the onscreen instructions provided; (2) by sending an email to esignature@agtexas.com setting forth in the body of the email your email address, full name, mailing address, phone number and request to receive paper Documents rather than emailed Documents; or (3) by taking advantage of any other withdrawal process we may make available to you. If you initially elect to receive Documents in paper and not electronically, your election may delay the execution and/or delivery of certain Documents. The same is true if you withdraw your consent to receive the Documents before you receive, sign, and deliver such Documents. However, we do not believe that a decision to execute and receive Documents in paper form will have any other material consequences.

## To update your email address

You agree that we may send emails to you at the email address you have provided to us. To let us know of a change in your email address, you should send an email to esignature@agtexas.com, setting forth in the body of the email your previous and new email addresses, full name, mailing address, and phone number. In addition, if you create an EDS account and wish to change the login from your old email address to your new email address, you should log in to your EDS account and follow the online directions to change your email address in the EDS.

## To obtain paper copies of Documents

To obtain paper copies of any or all Documents that remain readily available to us and that were previously provided to you by electronically, you must send an email to esignature@agtexas.com, setting forth in the body your email address, full name, mailing address, phone number and your request to receive such Documents.

# Minimum required hardware and software for receipt and retention of Documents by email

To electronically receive and view and/or electronically save or print the Documents, the computer or mobile device you are using must meet the following minimum requirements:

- An Internet connection;
- A recent generation secure internet browser that is being supported by its publisher, such as Microsoft Edge, Google Chrome, Apple Safari, or Mozilla Firefox;
- A supported program that accurately reads and displays PDF files;
- A valid email address that you have provided to us;
- A computer or mobile device with an operating system capable of supporting all the above; and
- Enough storage space or an installed

You represent that you have the hardware, software, email address and email capacities described above, and your ability to read this Consent demonstrates that you have the necessary hardware and software to receive Documents electronically.

These minimum requirements are subject to change. If these requirements change in a manner that creates a material risk that you will not be able to access or retain Documents in the future electronically, you will be notified (or we will provide any future Documents in paper format).

By checking the box labeled "I agree to use electronic records and signatures," you confirm that you can access and read this Consent and you agree to receive and execute Documents electronically.