B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____   Northern   District of   Texas, Amarillo Division   _____

In re   McClain Feed Yard, Inc., et al.   _____
                Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   23-20084-rlj7

Chapter   7

_____
                Plaintiff
                 v.

Adv. Proc. No. _____

_____
                Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:   Rabo AgriFinance LLC c/o registered agent, Corporate Creations Network Inc., 1521 Concord Pike Suite 201, Wilmington, DE 19803
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit B.

| PLACE   By email to: hjobe@qslwm.com and gsudbury@qslwm.com<br>QSLWM, 2001 Bryan St, Ste 1800, Dallas, TX 75201 | DATE AND TIME<br>May 31, 2024 at 10:00 am |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   5/10/2024

        CLERK OF COURT

                                OR

_____         /s/ Hudson M. Jobe_____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

**Trustee's Exhibit F**

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Kent Ries, Trustee_____   , who issues or requests this subpoena, are:
Hudson M. Jobe, QSLWM, 2001 Bryan St, Ste 1800, Dallas, TX 75201; (214) 871-2100; hjobe@qslwm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-20084-rlj7 Doc 293-6 Filed 09/08/24 Entered 09/08/24 17:55:30 Desc
Exhibit F Page 2 of 11

B2570 (Form 2570 – Subpoena to Produce Documents, Information, on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                               _____
                                                 *Server's signature*

                                               _____
                                               *Printed name and title*

                                               _____
                                               *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT B – BANKS AND BANK CONSULTANTS

### DEFINITIONS

1.  <u>You/Your</u>. The terms "You" and/or "Your" means the person or entity to whom this discovery is directed, as well as Your officers, directors, members, employees, attorneys, agents, representatives, and/or anyone else acting on Your behalf, as well as your predecessors, successors, assigns, and affiliates as that term is defined in 11 U.S.C. § 101(2).

2.  <u>Debtors</u>. The term "Debtors" shall mean McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

3.  <u>Debtor Affiliates</u>. The term "Debtor Affiliates" shall mean Brian McClain, Chelsea McClain, Crystal McClain, Meagan B. Goad, aka Meagan B. Powell, Angela Powell, Piper McClain, Kinsey Moreland, Josh Moreland, Leslie K. White, Jed Goad, JLE Trucking, Inc., any other entities affiliated with the foregoing, as well as all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing, as well as any other known affiliates of any of the Debtors as that term is defined in 11 U.S.C. § 101(2).

4.  <u>Debtor/Affiliate Accounts</u>. The term "Debtor/Affiliate Accounts" shall mean any savings, checking, demand deposit, or other financial account that was owned by or under the control of any of the Debtors or the Debtor Affiliates.

5.  <u>Debtor/Affiliate Loan</u>. The term "Debtor/Affiliate Loan" shall mean any indebtedness of any of the Debtors or any of the Debtor Affiliates.

6.  <u>Transfer</u>. The term "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property, and includes payment of money, release, lease, and creation of a lien or other encumbrance.

7.  <u>Property</u>. The term "property" means anything that may be the subject of ownership.

8.  <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages,

electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained, including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in Your custody, possession, and/or control or to which You otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communications" as defined herein.

9. <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

10. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

11. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

12. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

14. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

## INSTRUCTIONS

A. Identify all documents that are available in both physical and electronic format, and initially provide only the electronic version. Identify electronic data that is available in more than one format, and provide all formats.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access, such as Your attorney(s), accountant(s), employee(s), agent(s), or other representative(s), regardless of who obtained the documents on its behalf, and regardless of the source from which the documents were obtained

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D. You should comply with the requirements of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure regarding claims of privilege or protection of trial preparation materials.

E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

F. If any portion of any document is responsive to any request, then the entire document must be produced.

G. In the event that no document exists which is responsive to a particular request, a written response indicating the same must be provided

H. If any document is withheld on the basis of privilege, or any request is objected to on the basis of privilege, You must nevertheless produce other responsive documents pursuant to such request which are not subject to any privilege, and You must produce a privilege log concerning documents withheld on the basis for privilege.

I. You may withhold documents prohibited from discovery under the Bank Secrecy Act, 31 U.S.C. § 5318(g). This Request does not seek production of documents protected by 31 U.S.C.S. § 5318(g)(2)(A)(i) and implementing regulations including 12 C.F.R. § 353.3 and 31 C.F.R. § 1020.320(e)(1), concerning suspicious activity reports (a "SAR"). Instead, this request seeks documents and reports that were generated by You that concern Your investigations of suspicious activity, such as kiting, produced by You as a part of Your measures to protect Your interest. *See In re Whitley,* 2011 Bankr. LEXIS 4793 at *10-11 (Bankr. M.D.N.C. 2011).

**REQUESTED DOCUMENTS**

1. All documents or electronically stored information accessible to You concerning

all Debtor/Affiliate Accounts and all Debtor/Affiliate Loans.  This includes:

a. All remote deposit detail (including wire receipts and checks). This includes all documents or electronically stored information evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents evidencing, concerning, or documenting the transfer of money or property in any Debtor/Affiliate Accounts or any Debtor/Affiliate Loans;

b. All withdrawal detail (including wire requests and checks).  This includes all documents or electronically stored information evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents evidencing, concerning, or documenting the transfer of money or property in any Debtor/Affiliate Accounts or any Debtor/Affiliate Loans;

c. All signature cards, account opening agreements, and other agreements or contracts governing Debtor/Affiliate Accounts and Debtor/Affiliate Loans;

d. All communications between the You and any Debtor or any Debtor Affiliate;

e. All communications between the You and any third party referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan;

f. All Your internal communications referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan;

g. All financial analysis and reports You have prepared concerning any of the Debtors or Debtor Affiliates, including working papers and drafts;

h. All loan and security documents or electronically stored information evidencing or documenting any Debtor/Affiliate Loan, and any documents or electronically stored information concerning a Debtor/Affiliate Loan, including but not limited to loan history reports, loan ledgers and any loan statements;

i. All documents or electronically stored information evidencing, referencing, or otherwise concerning any transfer of property by, on account of, or on behalf of, any of the Debtors or the Debtor Affiliates, including but not limited to any transfers made in connection with Debtor/Affiliate Account or Debtor/Affiliate Loan;

j. All documents or electronically stored information referencing any of the Debtors or the Debtor Affiliates.

k. All reports generated by procedures, systems, or controls for detecting kiting or other bank fraud that refer to any of the Debtors or any of the Debtor Affiliates, or are concerning any Debtor/Affiliate Account or Debtor/Affiliate Loan. This includes any

      reports generated, created, and/or stored by any third-party or outside vendors. This includes all documents or other correspondence that forwards, discusses, relates to or otherwise references any report responsive to this request.

l. All reports and other similar documents concerning any of the Debtors or any of Debtor Affiliates which were generated data analytic and/or fraud detection software (e.g., Abrigo/Banker's Toolbox, Trenisis, Wayne Barnett, or similar programs) that mention or refer to any of the Debtors or any of the Debtor Affiliates, and all documents relating to or evidencing internal and external communications regarding those reports or other similar documents.

2. All documents or electronically stored information concerning either: (a) any transfer of property to any of the Debtors or the Debtors' Affiliates (including anyone on any of their behalf); or (b) any transfer of property by the Debtors or the Debtors' Affiliates (including anyone on any of their behalf). Documents responsive to this request include, but are not limited to: (1) banking records (such as bank statements, copies of checks, wire instructions, wire receipts, ledger entries); (2) investment contracts, agreements, invoices, or receipts, including shipping records or other records concerning livestock sales involving any of the Debtors or the Debtors' Affiliates; and (3) communications with any party concerning any such transfers.

3. All documents or electronically stored information concerning any property of any of the Debtors or any of the Debtors' affiliates, including but not limited to, all financial records of any of the Debtors or any of the Debtors' affiliates.



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 6, 2024**

_____
**United States Bankruptcy Judge**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

### ORDER GRANTING TRUSTEE'S *EX PARTE* MOTION FOR RULE 2004 ORDER AUTHORIZING THE ISSUANCE OF DOCUMENT AND EXAMINATION SUBPOENAS TO VARIOUS THIRD PARTIES

On this day came for consideration the *Ex Parte* Motion for Rule 2004 Order Authorizing the Issuance of Document and Examination Subpoenas to Various Third Parties (the "Motion") filed by Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy cases. Having considered the Motion and finding good cause to approve same, it is hereby

ORDERED that the Motion is GRANTED as provided for herein; it is further

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

PAGE 1

ORDERED that the Trustee shall be, and hereby is, authorized to issue document subpoenas to the following persons or entities for the compelled production of the records and documents in substantially the same form as the subpoena riders attached as Exhibit A – C to the Motion:

  a. Cactus Feeders Finance, LLC for production of its own documents and electronically stored information, as well as any in its possession, custody, or control of its successors, predecessors, and affiliates, including, but not limited to, Cactus Operating LLC, Cactus Operating, Ltd., Cactus Feeders Finance, Ltd., Cactus Feeders, Inc., Cactus Feedyard, Ltd., Cactus Corporate Feeding Club, Inc., and Cactus Feeding Club, Inc.;

  b. Cactus Operating LLC, for production of its own documents and electronically stored information, as well as any in its possession, custody, or control of its successors, predecessors, and affiliates, including, but not limited to, Cactus Feeders Finance, LLC, Cactus Operating, Ltd., Cactus Feeders Finance, Ltd., Cactus Feeders, Inc., Cactus Feedyard, Ltd., Cactus Corporate Feeding Club, Inc., and Cactus Feeding Club, Inc.;

  c. Friona Industries, L.P., for production of its own documents and electronically stored information, as well as any in its possession, custody, or control of its successors, predecessors, and affiliates, including, but not limited to, Randall Feeders, L.P. and Friona Industries, Inc.;

  d. Riley Livestock, Inc.;

  e. Rabo AgriFinance LLC;

  f. Focus Management Group;

  g. Mechanics Bank;

  h. Community Financial Services Bank;

  i. Carr, Riggs & Ingram CPAs;

  j. Angela Powell, individually

  k. ADPOWELL, Inc.; and

  l. H&R Block, Inc.

IT IS FURTHER

ORDERED that the Trustee shall provide each party served with a subpoena pursuant to this Order with at least 14 days' notice of the date and time for any required production of records, documents and things. IT IS FURTHER

ORDERED that the Trustee is also authorized, in his discretion, to issue subsequent subpoenas for Rule 2004 examinations to the foregoing parties. The Trustee shall coordinate with the foregoing parties, or their counsel, with respect to the date, time and location of any Rule 2004 examinations that he conducts.

# # # END OF ORDER # # #

Order submitted by:
Hudson M. Jobe
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
SPECIAL COUNSEL FOR TRUSTEE