**RAY QUINNEY & NEBEKER**

June 5, 2024

<u>VIA EMAIL (hjobe@qslwm.com and gsudbury@qslwm.com) AND
REGULAR MAIL</u>

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
Attn: Hudson M. Jobe, Esq. & Gregory Sudbury, Esq.
2001 Bryan St, Ste 1800
Dallas, TX 75201

**Michael R. Johnson**
ATTORNEY AT LAW

PO Box 45385
Salt Lake City, Utah
84145-0385

36 South State Street
Suite 1400
Salt Lake City, Utah
84111

801 532-1500 FIRM
801 323-3363 DIRECT
801 532-7543 FAX
mjohnson@rqn.com
www.rqn.com

*Re: Rabo AgriFinance LLC/McClain Farms Inc.
U.S. Bankruptcy Court Northern District of Texas
Case No. 23-20084-rlj7; Objections to Subpoena
Served on Focus Management Group USA, Inc.*

Dear Hudson and Gregory:

    I am writing on behalf of Focus Management Group USA, Inc. ("**Focus**"), a management consulting firm, as well as my client Rabo AgriFinance LLC ("**RAF**") and my law firm Ray Quinney & Nebeker P.C. ("**RQN**") (Focus, RAF and RQN, collectively, the "**Objecting Parties**") in response to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (the "**Subpoena**") dated May 10, 2024, issued to Focus out of the above-referenced jointly administered Chapter 7 bankruptcy cases (the "**Case**") pending before the U.S. Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**").

    On or about March 17, 2023, RQN, in its capacity as counsel to RAF, engaged Focus as an expert consultant in anticipation of both potential litigation against McClain Feedyard, McClain Farms and 7M Cattle Feeders (collectively, the "**Debtors**"), and likely bankruptcy filings by the Debtors, as well as to provide general consulting and related services to RQN and RAF with respect to RAF's loans to the Debtors and the collateral securing those loans. At your request, I previously sent to you that certain *Focus Management Group USA, Inc. Agreement for Consulting Services General Terms and Conditions* (the "**Consulting Agreement**"), dated March 17, 2024, by and between Focus and RQN.

Trustee's Exhibit J

A PROFESSIONAL CORPORATION

Shortly after the Consulting Agreement was signed, and pursuant to the terms thereof, Focus provided various services to RQN. Focus's services commenced on or about March 20, 2023, and generally concluded on or about June 2, 2023. Pursuant to the Consulting Agreement, Focus was retained in anticipation of litigation as an expert consultant to RQN, produced privileged work product to RQN, and RQN and its client RAF have no current intention to retain Focus to testify about any facts or opinions in either the Case or any related adversary proceedings. Therefore, under Federal Rules of Civil Procedure ("F.R.C.P.") 26 and 45 and Federal Rules of Evidence 501 and 502, the documents and information the Subpoena seeks from Focus is protected from discovery. If and to the extent that RQN were to retain Focus in the future as a testifying expert, then RQN would fully intend on complying with F.R.C.P. 26 and would produce the information required by that rule to the adverse parties in such matters.

In addition to the foregoing, we note that paragraph 3 of the Consulting Agreement makes clear that all reports and other information provided by Focus to RQN shall be considered the work product of RQN: "Although Lender will pay Consultant directly, Counsel shall retain exclusive rights to ownership of all work product hereunder. Work product shall include, without limitation, all of Consultant's reports issued pursuant to the Authorization." Thus, not only is the information sought in the Subpoena protected from discovery, but Focus has now ownership of the work product it provided under the Consulting Agreement and, instead, all of that work product belongs to RQN. Paragraph 9 of the Consulting Agreement likewise contains a strict confidentiality statement pertaining to all information that is gained or developed under the Consulting Agreement. The confidentiality statement is still in effect according to the Consulting Agreement which specifically states that the "confidentiality requirements set forth herein will continue in effect even after termination of this Agreement."

Furthermore, RQN is informed and believes that Focus does not have any materials, documents, records of communications, or information that is not subject to the claims of privilege or protection of trial preparation materials set forth herein. To be sure, at RQN and RAF's request, Focus took possession of various business records of the Debtors once Brian McClain committed suicide and it became

2

necessary to preserve and protect those records. As you know, however, Focus make electronic copies/images of all records obtained which were immediately provided to the Chapter 7 Trustee and his professionals and, pursuant to a recent request of the Chapter 7 Trustee and his professionals, all of those records (including electronic such as iPhones, iPads and hard drives) were physically delivered to Lain Faulkner, with RAF footing the bill for that production.

Simply put, due to the narrow scope and involvement of Focus in matters dealing with the Debtors, the confidential and privileged nature of the work product created by Focus, and the privileged relationship between RAF and Focus as a non-testifying expert consultant retained in anticipation of litigation, the Objecting Parties all object to the Subpoena in its entirety.

In addition to the foregoing, the Objecting Parties object to the Subpoena on the following grounds:

1. The Objecting Parties object to the Subpoena to the extent the same seeks the production of documents protected by the attorney client privilege, the work product doctrine, trial-preparation material privilege, or any other applicable privilege or non-disclosure rules, whether based on rule, statute, or recognized at common law. Pursuant to F.R.C.P. 26(b)(3)(A), a party may not discover documents prepared in anticipation of litigation for another party including materials prepared by a party's representative such as a consultant. Additionally, F.R.C.P. 26(b)(4)(D) states that a party may not discover facts or opinions held by a non-testifying expert. The Trustee seeks all documents and reports held or controlled by Focus connected to the Debtors' accounts, loans, and financial records and all internal and external communications about the Debtors including those between Focus and third parties such as RAF. These documents and communications are confidential, privileged, and protected from discovery and no waiver or exception applies. As stated in the Subpoena, Focus must "comply with the requirements of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure regarding claims of privilege or protection of trial preparation materials," and must therefore, object to the Subpoena on this basis.

2. The Objecting Parties object to the Subpoena as unduly burdensome under F.R.C.P. 45(d)(1) to the extent the Subpoena requires production of any documents that are duplicative of any prior

3

discovery or are presumably in your client's possession or in the possession of any other party in the Case. In this regard, numerous parties, including RAF, have already voluntarily provided the Trustee with numerous records and documents.

3. The Objecting Parties further object to the Subpoena on the ground that the use of the term "all documents" used in paragraphs A and B under the "Instructions" section and paragraphs 1, 1 (misnumbered) 2, and 3 under the "Requested Documents" section of Exhibit B of the Subpoena renders the discovery request overly broad, unduly burdensome, and not proportional, and thereby fails to comply with F.R.C.P. 26(b)(1) and 45(d)(1).

4. The Objecting Parties further object to the Subpoena on the ground that it imposes an undue burden and expense on the Objecting Parties but does not offer to compensate the Objecting Parties for their compliance. Specifically, the Subpoena requires Focus to search and identify various business records going back over a year, some of which may be located in storage on backup discs and at other locations. Additionally, the Subpoena requires a written response and/or privilege log for items that are unavailable or privileged, which constitutes most if not all of the information and documents requested in the Subpoena. The Subpoena, however, does not offer to compensate RQN or any of the other Objecting Parties for their time and costs in having to make such a time-intensive search.

5. The Objecting Parties further object to the Subpoena to the extent the same requires the production of internal documents that contain highly confidential information related to RAF and/or its clients and only minor references to the Debtors. Accordingly, even if it were appropriate to produce documents pursuant to the Subpoena, those documents will not be produced absent entry of a protective order, satisfactory to the Objecting Parties, and agreed to by the Trustee and approved by an Order of the Bankruptcy Court.

6. The Objecting Parties further object to the Subpoena under F.R.C.P. 26(b)(1), to the extent it seeks information and documents that are not relevant to the Debtors or the Case, not proportional to the needs of the case, and does not justify the burden or expense of the proposed discovery.

      7.    The Objecting Parties further object to the Subpoena to the extent it seeks information beyond the scope of permissible discovery authorized by Federal Rule of Bankruptcy Procedure 2004.

      8.    The Objecting Parties further object to the Subpoena to the extent the same purports to impose any responsibility on any of the Objecting Parties beyond those required by any applicable Rules of Civil Procedure, the Local Rules of the Bankruptcy Court, or any applicable Orders of the Bankruptcy Court.

      Based upon the foregoing, no documents or other information will be produced in response to the Subpoena at this time. However, if and to the extent you desire to further discuss the Subpoena and the conditions upon which some information (such as any written reports prepared by Focus) might be provided, we are happy to have those further discussions.

      I look forward to discussing this matter further with you.

      Sincerely,

      RAY QUINNEY & NEBEKER P.C.

      Michael R. Johnson

MRJ/mjc

cc:    Rabo AgriFinance LLC
       Focus Management Group USA, Inc.