**RAY QUINNEY & NEBEKER**

June 5, 2024

<u>VIA EMAIL (hjobe@qslwm.com and gsudbury@qslwm.com) AND
REGULAR MAIL</u>

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
Attn: Hudson M. Jobe, Esq. & Gregory Sudbury, Esq.
2001 Bryan St, Ste 1800
Dallas, TX 75201

Michael R. Johnson
ATTORNEY AT LAW

PO Box 45385
Salt Lake City, Utah
84145-0385

36 South State Street
Suite 1400
Salt Lake City, Utah
84111

801 532-1500 FIRM
801 323-3363 DIRECT
801 532-7543 FAX
mjohnson@rqn.com
www.rqn.com

*Re: Rabo AgriFinance LLC/McClain Farms Inc.
U.S. Bankruptcy Court Northern District of Texas
Case No. 23-20084-rlj7; Objections and Responses
to Subpoena Served on Rabo AgriFinance LLC*

Dear Hudson and Gregory:

I am writing on behalf of our client Rabo AfriFinance LLC ("**RAF**") to provide both RAF's objections and its responses to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (the "**Subpoena**") dated May 10, 2024, and which I accepted service of on May 28, 2024.

RAF's General Objections to the Subpoena are as follows:

1. RAF objects to the Subpoena to the extent the same seeks the production of documents protected by the attorney client privilege, the work product doctrine, trial-preparation material privilege, or any other applicable privilege or non-disclosure rules, whether based on rule, statute, or recognized at common law. Pursuant to F.R.C.P. 26(b)(3)(A), a party may not discover documents prepared in anticipation of litigation for another party including materials prepared by a party's representative such as a consultant. Additionally, F.R.C.P. 26(b)(4)(D) states that a party may not discover facts or opinions held by a non-testifying expert. Some of the information requested in the Subpoena would fall into these categories, and RAF objects to the production of any documents or information falling within these categories.

**EXHIBIT 3**

2. RAF objects to the Subpoena as unduly burdensome under F.R.C.P. 45(d)(1) to the extent the Subpoena requires production of any documents that are duplicative of any prior discovery or are presumably in your client's possession or in the possession of any other party in the Case. In this regard, numerous parties, including RAF, have already voluntarily provided the Trustee and his professionals with numerous records and documents. RAF has already provided the Trustee and his counsel with numerous records and documents, both from RAF's own files and also from the files of third parties that RAF obtained through discovery. *See, e.g.,* email and documents from Annette Sanchez to the Trustee, Hudson Jobe and Jason Rae, dated August 2, 2023; email and documents from Annette Sanchez to the Trustee and numerous others, dated September 5, 2023; email and documents from Annette Sanchez to Hudson Jobe and others, dated November 3, 2023; email and documents from Annette Sanchez to the Trustee and others, dated March 5, 2024; email and documents from Annette Sanchez to the Trustee and others, dated May 1, 2024; second email and documents from Annette Sanchez to the Trustee and others, dated May 1, 2024; Email from me to the Trustee and Hudson Jobe, dated April 23, 2024. Further, we are aware that the Trustee and his counsel have been provided with numerous documents from third parties both informally and through formal discovery. We also are aware that the Trustee and his counsel are now in possession of all of the records, documents and information (including iPhones, iPads, computer hard drives, etc.) that Focus took custody of when Brian McClain committed suicide. In short, if and to the extent the Trustee is asking RAF to produce records the Trustee already has (and we believe he is), the Subpoena is unduly burdensome.

3. RAF further objects to the Subpoena on the ground that the use of terms such as "all documents or electronically stored information," "all communications" with any "Debtor or any Debtor Affiliate," "all communications" with any third party referring to any "Debtor or a Debtor Affiliate," "all internal communications," "all financial analysis and reports," etc., render the discovery requests in the Subpoena overly broad, unduly burdensome, and not proportional, and thereby the Subpoena fails to comply with F.R.C.P. 26(b)(1) and 45(d)(1).

2

4. RAF further objects to the Subpoena on the ground that it imposes an undue burden and expense on RAF but does not offer to compensate RAF for its compliance. Specifically, the Subpoena requires RAF to search and identify tens if not hundreds of thousands of pages of potentially responsive documents going back numerous years, some of which may be located in storage on backup discs and at other locations. Additionally, the Subpoena requires a written response and/or privilege log for items that are unavailable or privileged, which constitutes a substantial portion of the information and documents requested in the Subpoena. The Subpoena, however, does not offer to compensate RAF for the time and costs spent by its internal legal department and its outside counsel in having to make such a time-intensive search, conduct a privilege review, and/or prepare a privilege log.

5. RAF further objects to the Subpoena because the same requests the production of numerous internal documents that contain highly confidential information related to RAF, its internal processes and procedures, and its internal review, underwriting, monitoring and/or decision-making processes. Even if it were appropriate to produce such documents pursuant to the Subpoena, those documents will not be produced absent entry of a protective order, satisfactory to RAF and its counsel, and agreed to by the Trustee and approved by an Order of the Bankruptcy Court.

6. RAF further objects to the Subpoena under F.R.C.P. 26(b)(1), because it seeks information and documents that are not relevant to the Debtors or the Case, not proportional to the needs of the case, and does not justify the burden or expense of the proposed discovery.

7. RAF further objects to the Subpoena to the extent it seeks information beyond the scope of permissible discovery authorized by Federal Rule of Bankruptcy Procedure 2004.

8. RAF objects to the Subpoena to the extent the same purports to impose any responsibility on RAF beyond those required by

any applicable Rules of Civil Procedure, the Local Rules of the Bankruptcy Court, or any applicable Orders of the Bankruptcy Court.

Subject to the foregoing General Objections and any specific objections or comments noted below, RAF responds as follows to the document requests set forth in the Subpoena, but does not repeat the text of those document requests here in for the sake of brevity:

RESPONSE TO DOCUMENT REQUEST 1: Subject to the limitation that "all documents or electronically stored information accessible to You concerning all Debtor/Affiliate Accounts and all Debtor/Affiliate Loans" is referring to RAF's own business records that have not already been provided to the Trustee, RAF states that it will provide responsive documents at a time and place mutually agreeable to the parties once RAF and its counsel have conducted privilege and other reviews and have compiled the documents and, with respect to confidential, proprietary and/or sensitive information and documents, after RAF and the Trustee have entered into a protective order acceptable to RAF and its counsel, as set forth in General Objection 5 above. Further, as has already been explained to the Trustee and his counsel, RAF is not a depository institution and much if not all of the banking and financial information sought in this request is not kept or maintained by RAF but, instead would be kept or maintained by the Debtors' financial institutions who RAF understands were Community Financial Security Bank and Mechanics Bank. RAF has already provided the Trustee with all records it obtained from CFSB in response to RAF's subpoena on CFSB. In fact, RAF has voluntarily provided to the Trustee and his counsel all records that RAF has obtained through Rule 2004 subpoenas from any third parties that would be relevant to the Case. Likewise, RAF understands that the Trustee has already obtained all responsive Mechanics Bank records from Mechanics Bank. Information regarding draws made on RAF's line of credit to the Debtors and any repayments on that line of credit has already been provided to the Trustee and his counsel.

RESPONSE TO DOCUMENT REQUEST 2: The records of any "transfers of property" by and between RAF and the Debtors or their affiliates are reflected in the loan and security documents that were executed by the parties, and the accounting statements showing draws on the line of credit that RAF extended and payments made on that line of credit. RAF's core loan documents, which would identify all of the property that was pledged to RAF by either the Debtors or Brian

4

McClain to secure RAF's loans, are attached to the proof of claim filed by RAF in the Case. Further, details of all draws against and payments on the line of credit loan have been provided to the Trustee and his counsel. Rabo does not believe it has any records of property transfers by and between the Debtors and any third parties (other than records that have already been provided to the Trustee) but, to the extent it locates such records, it will provide copies thereof to the Trustee and his counsel at a time and place mutually agreeable to the parties.

RESPONSE TO DOCUMENT REQUEST 3: See responses to Document Requests 1 and 2 above. In short, RAF believes it has already provided the Trustee with any documents in its possession that would be responsive to this request but, to the extent it locates any additional responsive documents, it will provide copies thereof to the Trustee and his counsel at a time and place mutually agreeable to the parties.

Please let me know if you would like to discuss this response further.

Sincerely,

RAY QUINNEY & NEBEKER P.C.

Michael R. Johnson

MRJ/mjc

cc: Rabo AgriFinance LLC