## Michael Johnson

| | |
|---|---|
| From: | Michael Johnson |
| Sent: | Friday, September 6, 2024 5:23 PM |
| To: | Hudson Jobe |
| Cc: | Alan Dabdoub; Kent Ries; W. Heath Hendricks - Underwood Law Firm (heath.hendricks@uwlaw.com); Matthew Cannon; Austin Nate; Troy Mollerup |
| Subject: | RE: McClain - Rabo Discovery |

Hudson:

See my responses below, in ALL CAPS (Note: Not using ALL CAPS because I am shouting but rather to make it easier for you to see my responses).

**Michael Johnson | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: +1 (801) 323-3363 | Facsimile: +1 (801) 532-7543 | www.rqn.com| vCard

This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Hudson Jobe <hjobe@jobelawpllc.com>
**Sent:** Friday, September 6, 2024 4:13 PM
**To:** Michael Johnson <mjohnson@rqn.com>
**Cc:** Alan Dabdoub <adabdoub@lynnllp.com>; Kent Ries <kent@kentries.com>
**Subject:** McClain - Rabo Discovery



**This Message Is From an External Sender**
This message came from outside your organization.

Michael,

We wanted to follow up and confirm a few things that we have been discussing for some time. With respect to the document production, the Trustee has requested all documents in the possession, custody, or control or Rabo or Focus pertaining to Debtor/Affiliate Loans or Debtor/Affiliate Accounts. That would include the following:

1. All documents submitted by the Debtors or Debtor Affiliates to Rabo from loan application to the present, such as: financial statements, other financial reporting, and communications; I BELIEVE THE CURRENT PRODUCTION WOULD INCLUDE ALL DOCUMENTS "SUBMITTED BY" THE DEBTORS OR THEIR AFFILIATES/AGENTS TO RABO, BUT WILL FOLLOW UP AND CONFIRM. TO MY KNOWLEDGE, THE DEBTORS SUBMITTED NO DOUCMENTS OR OTHER INFORMATION TO FOCUS. FOCUS WOULD HAVE REVIEWED SOME OF THE DEBTOR RECORDS YOU NOW HAVE, AND IT ALSO WOULD HAVE REVIEWED THE QUICKBOOKS AND ONLINE BANK INFORMATION, BOTH OF WHICH YOU HAVE.

2. All documents reviewed and prepared by Rabo's underwriters in connection with any Debtor/Affiliate Loan or Account (both in connection with application, renewals, extensions, and

1

any other point in time); AS YOU ARE MORE THAN AWARE, RABO IS NOT A BANK AND DOES NOT MAINTAIN "ACCOUNTS." I'M SURE THAT SOMEONE AT SOME TIME WOULD LIKELY HAVE REVIED EITHER MECHANICS BANK OR CFSB BANK STATEMENTS. YOU HAVE ALL THOSE BANK STATEMENTS. TO THE EXTENT RABO WOULD HAVE RETAINED PHYSICAL COPIES OF THEM IN THE UNDERWRITING FILES, THEY SHOULD BE INCLUDED IN THE RECENT PRODUCTON. THAT SAID, I WILL FOLLOW UP WITH RABO AND CONFIRM THAT WE HAVE THE FULL UNDERWRITING FILES (I BELIEVE WE DO AND THAT WE HAVE PRODUCED THEM TO YOU). I DO KNOW THAT THE RECENT PRODUCTION INCLUDES LOAN APPLICATONS, CREDIT APPROVAL DOCUMENTS, CORPORATE RECORDS SUBMITTED AS PART OF UNDERWRITING, CLIENT RISK RATING REPORTS, ETC.

3. All financial analysis of any of the Debtors/Debtor Affiliates prepared and/or reviewed by Rabo; WHAT DO YOU MEAN BY "FINANCIAL ANALYSIS . . . PREPARED OR REVIEWED BY RABO? TO THE EXTENT YOU MEAN REVIEWS/ANALYSIS BY RABO OF THE DEBTORS' FINANCIAL AFFAIRS AS PART OF CREDIT DECISIONS, THOSE WOULD BE IN THE CREDIT APPROVAL DOCUMENTS IN THE RECENT PRODUCTION. FURTHER, AS YOU KNOW, THE DEBTORS WERE REQUIRED TO SUBMIT MONTHLY BORROWING BASE REPORTS AND RABO'S CREDIT ANALYSTS WOULD HAVE ANALYZED THOSE BBRS AND CREATED CHARTS SHOWING THINGS LIKE TRENDS, COLLATERAL POSITION, ETC. THOSE WOULD BE INCLUDED IN THE BORROWING BASE REPORTS INCLUDED IN THE PRODUCTION. FURTHER, AS YOU ALSO KNOW, RABO ALSO SOMETIMES CONDUCTED COLLATERAL INSPECTIONS AND, AS PART OF THAT PROCESS, COLLATERAL INSPECTION REPORTS WERE GENERATED WHICH WOULD CONTAIN INFORMATION THAT WOULD LIKELY CONSTITUTE "FINANCIAL ANALYSIS." ALL AFCID COLLATERAL INSPECTION REPORTS ARE INLCUDED IN THE RECENT PRODUCTION. NONETHELESS, I WILL FOLLOW UP WITH RABO AND SEE IF THERE IS ANYTHING ELSE.

4. All communications with or pertaining to any of the Debtor/Affiliate Loan or Accounts, both internal and external, including any communications with third-parties such as Mechanics Bank or CFSB; TO THE EXTENT YOU ARE LIMITING THIS TO RABO (WHICH WOULD OBVIOUSLY INCLUDE ITS EMPLOYEES), I BELIEVE YOU HAVE ALL OF THOSE DOCUMENTS AND THEY WOULD BE CONTAINED IN THE OVER 24,000 EMAILS AND ATTACHMENTS WE RECENTLY PRODUCED. AGAIN, THE DEFINITION OF "YOU" IN YOUR SUBPOENA INCLUDES NOT ONLY RABO AND ITS EMPLOYEES, BUT ALSO ITS COUNSEL AND ANYONE ELSE WHO IS ITS AGENT. OBVIOUSLY, I HAVE HAD MANY COMMUNICATIONS WITH MY CLIENT REGARDING THE MCCLAIN MATTER, AND I AM NOT ABOUT TO PRODUCE THOSE BECAUSE THEY ARE PRIVILEGED. FURTHER, ANY SUGGESTION THAT I CREATE A PRIVILAGE LOG FOR THOSE MANY HUNDREDS IF NOT THOUSANDS OF COMMUNICATONS. ALSO, AS YOU KNOW, RABO HAS ITS OWN IN-HOUSE LEGAL DEPARTMENT, AND THERE INDEED ARE HUNDREDS IF NOT THOUSANDS OF RABO INTERNAL COMMUNICATONS INVOLVING RABO'S IN-HOUSE LEGAL DEPARTMENT, MANY OF WHICH I AM INCLUDED ON BUT LIKELY MANY THAT I AM NOT INCLUDED ON, THAT ARE LIKEWISE PRIVILEGED. PLEASE CONFIRM YOU ARE LIMITING THIS REQUEST TO ONLY NON-PRIVILEGED RABO AND RABO EMPLOYEE COMMUNICATIONS, EITHER INTERNALLY OR EXTERNALLY, REFERRING THE DEBTORS OR THE DEBTOR ACCOUNTS. WITH THIS LIMITATION, I BELIEVE ALL RESPONSIVE DOCUMENTS ARE INCLUDED IN THE RECENT PRODUCTION.

5. All inventory counts and collateral inspections; YES. THE ONLY TIME RABO WOULD HAVE DONE "INVENTORY COUNTS" IS WHEN IT CONDUCTED COLLATERAL INSPECTIONS. THESE ARE

2

INCLUDED IN THE RECENT PRODUCTION. I ALSO NOTE THAT THEY ALSO WERE PRODUCED MONTHS AGO TO DAVID LEBAS IN RESPONSE TO HIS SUBPOENA, AND WHICH I UNDERSTAND WAS FORWARDED TO YOU. SO YOU SHOULD HAVE MULTIPLE COPIES OF THIS INFORMATION.

6. Any other document maintained in Rabo's loan file for any and all Debtor/Affiliate Loan or Account; and GIVEN THE VAGUENESS OF THIS SENTENCE, I FIND IT HARD TO ANSWER. WHAT "OTHER DOCUMENTS" ARE YOU REFEERRING TO? YOU NEED TO GIVE ME SOMETHING MORE SPECIFIC. IN ANY EVENT, I WILL FOLLOW UP WITH RABO AND SEE IF IT HAS "ANY OTHER DOCUMENTS," NOT ALREADY PROVIDED TO US, THAT WOULD NOT BE PRIVILEGED AND THAT WOULD RELATE RELATE THE DEBTORS, ANY AFFILIATES, OR ANY DEBTOR ACCOUNTS.

7. Any document in the possession of Rabo's agents, including Dawson and Focus, that concerns or is pertaining to a Debtor/Affiliate Loan or Account. NOT ONLY IS THIS AN INCREDIBLY VAGUE REQUEST, BUT IT ALSO IS NOT APPROPRIATE UNDER APPLICABLE LAW AND IT WOULD BE UNDULY BURDONSOME TO PROVIDE THIS INFORMATION IN ANY EVENT. AS YOU KNOW, FOCUS TOOK POSSESSION OF ALL DEBTOR RECORDS AND TOOK THEM TO CHICAGO FOR SAFEKEEPING. WHEN THE TRUSTEE ASKED FOR THEM BACK, RABO PAID FOR THOSE RECORDS TO BE SHIPPED TO THE TRUSTEE, AND HE NOW HAS ALL OF THOSE RECORDS. FOCUS DOES NOT HAVE PHYSICAL POSSESION OF ANY DEBTOR RECORDS. I BELIEVE IT HAS A HARD DRIVE OF THE IMAGED DEBTOR DOCUMENTS, BECAUSE IT PROVIDED A COPY OF THOSE IMAGED DOCUMENTS TO BOTH US AND TO THE TRUSTEE. THE OTHER "DOCUMENTS" IN THE POSSESSION OF FOCUS THAT WOULD "PERTAIN" OR "CONCERN" THE DEBTORS WOULD, I ASSUME, BE THE EMAILS BETWEEN FOCUS AND ME AND MY CLIENTS, AND ANY RESPONSIVE EMAILS ME AND MY CLIENTS WOULD HAVE SENT TO THEM. IF YOU ARE REQUESTING THESE EMAILS, PLEASE PROVIDE THE LEGAL BASIS SUPPORTING THE PROPOSITION THAT COMMUNICATONS BETWEEN AN ATTORNEY AND A CONSULTING EXPERT ENGAGED BY THE ATTORNEY ARE DISCOVERABLE. I BELIEVE RULE 26 SAYS OTHERWISE. WITH RESPECT TO DAWSON, WHAT DAWSON HAS, IN ADDITION TO THE SAME TYPE OF EMAILS DESCRIBED ABOVE (E.G., EMAILS BETWEEN ME AND DAWSON, WHICH MAY OR MAY NOT ALSO INCLUDE MY CLIENTS), DAWSON HAS BEEN PROVIDED WITH VOLUMINOUS RECORDS, ALL OF WHICH YOU HAVE SEEN, AND LITTLE IF ANY OF WHICH ARE RABO GENERATED DOCUMENTS. FOR EXAMPLE, DAWSON HAS BEEN PROVIDED WITH ALL MECHANICS BANK AND CFSB BANK RECORDS. HE ALSO HAS BEEN PROVIDED WITH NUMEROUS OTHER RECORDS PRODUCED BY THIRD PARTIES PURSUANT TO THE SUBPOENAS I HAVE ISSUED. HE ALSO HAS BEEN PROVIDED WITH, FOR EXAMPLE, THE USDA FILES FOR THE DEALER TRUST CLAIMS, AND THE DOCUMENTATION THAT WAS FILED BY THE CLAIMANTS REGARDING THOSE CLAIMS. HE ALSO HAS THE RULE 2004 EXAM TRANSCRIPTS FROM THE EXAMS I TOOK IN JULY IN KENTUCKY. <u>THE TRUSTEE HAS ALL OF THOSE RECORDS AND DOCUMENTS, EITHER BECAUSE I VOLUNTARILY PROVIDED THEM TO THE TRUSTEE (WITH RESPECT TO DOCUMENTS I OBTAINED FROM THIRD PARTIES), OR BECAUSE OTHERS HAVE DONE SO</u>. TO DATE, DAWSON HAS NOT BEEN DESIGNATED AS A TESTIFYING EXPERT. IF AND WHEN THAT OCCURS (AND IT WILL LIKELY OCCUR AT SOME POINT), HE WILL IDENTIFY AS PART OF ANY REPORT THE INFORMATON REQUIRED BY RULE 26. ALSO, DO YOU REALLY WANT ME TO PRODUCE, AS PART OF RABO'S DOCUMENT PRODUCTION, THOUSANDS (IF NOT TENS OF THOUSANDS) OF PAGES OF THE DOCUMENTS I HAVE SENT TO DAWSON WHEN YOU HAVE EACH AND EVERY ONE OF THOSE DOCUMENTS? MOREOVER, NEITHER FOCUS NOR DAWSON ARE RABO'S AGENTS. THEY ARE MY AGENTS. I HIRED THEM TO PROVIDE EXPERT SERVICES, AND YOU HAVE A COPY OF THE ENGAGEMENT LETTERS THAT MY FIRM ENTERED INTO WITH THEM. FINALLY, WHILE DAWSON

HAS PROVIDED SOME DRAFT REPORTS AND SCHEDULES TO ME, HE HAS NOT FINALIZED OR SIGNED ANY REPORTS AND HIS WORK IS ONGOING.  RULE 26 CLEARLY PROTECTS DRAFT REPORTS AND OPINIONS FROM DISCLOSURE, EVEN IF AUTHORED BY A TESTIFYING EXPERT.

As you are aware, the Bankruptcy Court has already ordered the USDA claimants to produce similar documents "concerning transfers to or from the Debtors" and overruled their objection that such scope is overly broad.  Given that Rabo's position in this case is much larger than any of the individual USDA claimants and its dealings with the Debtors were so substantial, we fully expect the Court to rule similarly with respect to Rabo's objections.  ALL DOCUMENTS "CONCERNING TRANSFERS TO OR FROM THE DEBTORS" IS MUCH NARROWER THAN THE REQUESTS YOU HAVE SERVED ON RABO.  AS POINTED OUT IN PRIOR EMAILS, READING SOME OF YOUR REQUESTS LITERALLY WOULD REQUIRE, FOR EXAMPLE, THAT RABO PRODUCE AS PART OF ITS PRODUCTION ANY TIME ENTRIES MY FIRM HAS ENTERED INTO OUR BILLING SYSTEM REGARDING MY WORK ON THE MCCLAIN FILE, AND ALL OF THE INVOICES I HAVE SENT TO RABO FOR THOSE SERVICES, BECAUSE THOSE TECHNICALLY CONSTITUTE "INTERNAL COMMUNICATIONS" OF RABO'S AGENTS, WHICH ARE INCLUDED IN THE DEFINITION OF "YOU" UNDER THE SUBPOENA, REGARDING THE DEBTORS.  I HAVE NO QUIBBLE WITH RABO PRODUCING ALL TRULY NON-PRIVILEGED INTERNAL AND ALL EXTERNAL EMAILS THAT IT GENERATED (AS OPPOSED TO AGENTS SUCH AS ITS LAW FIRM) REFERRING OR RELATING TO THE DEBTORS, AND BELIEVE THE CURRENT PRODUCTION DOES THAT.  ALSO, THE TRUSTEE IS CERTAINLY ENTITLED TO ALL CONTRACTS, LOAN DOCUMENTS, ETC., ANYTHING THE DEBTORS PROVIDED TO RABO TO OBTAIN LOANS OR TO COMPLY WITH LOAN COVENANTS, THE UNDERWRITING FILES, THE CREDIT AND CREDIT EVALUATON FILES, THE BORROWING BASE REPORTS, THE AFCID COLLATERAL INSPECTION REPORTS, RECORDS SHOWING PAYMENTS ON THE LOAN, ETC., ALL OF WHICH ARE INCLUDED IN THE CURRENT PRODUCTION OR HAVE ALREADY BEEN PROVIDED.  IN ANY EVENT, I WILL DOUBLE CHECK WITH RABO TO SEE IF THERE IS ANYTHING ELSE THAT SHOULD BE PRODUCED.

To date, we have only received super-generic objections by Rabo that this is all overly broad and vague, and some examples of the types of communications that Rabo might be withholding.  To both comply with the FRCP and meaningfully advance the ball in discussions, Rabo would need to specifically identify all categories of items that have been withheld either due to an objection and/or because it is unclear whether such documents are responsive or not.  We are happy to visit about any specific items or concerns once Rabo has met its burden to provide a level of detail as to all categories of documents that are being withheld due to pending objections or unclarity, but Rabo has failed to provide the requisite detail to either meet its burden under the FRCP or allow for meaningful negotiations on this point.  Accordingly, the Trustee will be moving forward with the Motion to Compel next week.  IT IS ALMOST AS IF WE ARE TWO SHIPS PASSING IN THE NIGHT.  OTHER THAN DOCUMENTS WHICH I HIGHLY DOUBT YOU EXPECT RABO TO PRODUCE, SUCH AS VARIOUS THIRD-PARTY RECORDS RABO HAS OBTAINED THROUGH RULE 2004 SUBPOENAS AND ALREADY PROVIDED TO YOU (I.E., THIRD-PARTY RECORDS AND DOCUMENTS YOU ALREADY HAVE), THE ONLY DOCUMENTS THAT ARE BEING WITHHELD ARE RABO DOCUMENTS THAT ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR THE WORK PRODUCT DOCTRINE AND/OR BY RULE 26'S PROVISIONS REGARDING CONSULTING AND TESTIFYING EXPERTS.  PRIVILEGED DOCUMENTS WOULD CONSIST OF COMMUNICATIONS BETWEEN RABO AND ITS IN-HOUSE OR OUTSIDE LAWYERS (I.E., ME AND MY FIRM) REGARDING THE DEBTORS AND SEEKING OR PROVIDING LEGAL ADVICE REGARDING THE SAME.  WITH RESPECT TO WORK PRODUCT AND THE CONSULTING AND TESTIFYING EXPERT RULES, THESE COMMUNICATIONS WOULD CONSIST EXCLUSIVELY OF (A) COMMUNICATIONS BETWEEN ME AND MY EXPERTS, ALL OF WHICH, TO THE EXTENT THEY INCLUDED RABO PERSONNEL, WOULD HAVE SEVERAL RABO IN-HOUSE LAWYERS

ON THEM), OR ANY DRAFT OR FINAL REPORTS OR OTHER WORK PRODUCED PREPARED BY MY EXPERTS.

NOTE: I SUPPOSE ONE OTHER CATEGORY OF DOCUMENTS THAT ARE NOT BEING PRODUCED (AND I DON'T EVEN KNOW IF SUCH DOCUMENTS EVEN EXIST) ARE DOCUMENTS THAT RABO COULD NOT PRODUCE UNDER APPLICABLE LAW OR REGULATION. AN EXAMPLE OF THIS WOULD BE IF RABO HAS FILED ONE OR MORE SIGNIFICANT ACTION REPORTS (WHICH I CAN NEITHER CONFIRM NOR DENY), WHICH RABO IS PROHIBITED BY LAW FROM DISCLOSING TO THIRD PARTIES. IN FACT, RABO CANNOT EVEN CONFIRM WHETHER OR NOT ANY SARs HAVE BEEN FILED.

Sincerely,

**Hudson Jobe**
**Board Certified in Business Bankruptcy**
**Texas Board of Legal Specialization**
Direct: (214) 807-0563 | Cell: (214) 514-5656
hjobe@jobelawpllc.com

**Jobe Law PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206 | www.jobelawpllc.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Jobe Law PLLC. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.