This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Michael Johnson <mjohnson@rqn.com>
**Sent:** Friday, August 16, 2024 4:13 PM
**To:** Hudson Jobe <hjobe@jobelawpllc.com>
**Cc:** Alan Dabdoub <adabdoub@lynnllp.com>; Kent Ries <kent@kentries.com>; Rick Cass <fcass@lainfaulkner.com>; Jason Rae <jrae@lainfaulkner.com>; Austin Nate <ANate@rqn.com>; W. Heath Hendricks - Underwood Law Firm (heath.hendricks@uwlaw.com) <heath.hendricks@uwlaw.com>
**Subject:** RE: McClain - Rabo Discovery

Hudson:

Your email below slipped through the cracks. In any event, I would like to have a discussion with you about this. Are you available next week? Also, your notice of hearing on the motion to compel did not have a response deadline. Any objection if we respond to the motion to compel by next Friday, August 23? That will give you more than two weeks to file a reply. And if you cannot do Friday, can we agree on next Wednesday work for a response date?

Prior to the call, please consider the following:

1. Can you please email me the bates numbers of all Rabo documents that you have obtained either directly from us, or from third parties such as David LeBas? I would like to know what you already have so that I can then figure out what else I need to get to you.
2. We have previously told you on several occasions that we have substantial additional documents to produce, including many of the document identified below. We have also told you, however, that we need a protective order. The protective order was also a main issue we raised in the subpoena objection. Please confirm your statement below that the Trustee is agreeable to having a protective order entered. Internal documents like, for example, credit writeups that are completed whenever there is a credit decision made (like increasing the line or renewing it) are confidential documents containing commercial information, business know-how, internal thought processes, etc. Many of the other documents you have requested are likewise considered Rabo's confidential commercial information. In short, once we get a protective order entered many of the requested documents will be produced. It appears from the below that you want us to prepare the draft protective order. We will get something to you on that next week.
3. Focus—You have every Debtor document/record/thing that Focus took possession of. Further, I have confirmed with Focus that it has no emails, texts or other written communications with anyone on the McClain side. With respect to communications between Focus and Rabo and its attorneys (i.e., me) and any reports that Focus may have produced, please tell me why those are discoverable? Focus was specifically retained by me, as Rabo's counsel, in anticipation of litigation concerning the McClain loans (specifically, a suit by Rabo to enforce and collect the loans which obviously ended when McClain killed himself and the entities filed for bankruptcy). Any communications between Rabo/its counsel and Focus, and any reports that Focus provided, are protected by both the attorney-client privilege and the work product doctrine. Further, such communications/reports would be protected from disclosure by Federal Rule of Civil Procedure 26 as applicable to consulting experts who are not expected to testify at

EXHIBIT 11

trial. Finally, if and to the extent Rabo ever designated Focus as a testifying expert (which I am virtually certain it will not do), you would get that at that time Focus was designated or shortly thereafter.

4. Dawson—Dawson also was retained by me not Rabo. In the event of litigation, Dawson will provide a report and all information required by FRCP 26 as applicable to testifying experts will be disclosed at the appropriate time. Please explain to me why you believe you are entitled to anything and everything that Dawson has generated/shared with me and Rabo prior to his formal designation as an expert witness. Further, please explain why you would be entitled to things like my email communications with Dawson or his email communications with me? Rule 26(b)(4) is very clear that draft reports are not discoverable, and that communications between an expert and attorney are also not discoverable except under limited circumstances (like communications regarding compensation, and communications that identify facts or date the attorney provided to the expert). Finally, as a factual matter, Dawson is still investigating all of the information that has been provided to him, and has not issued a final report.

Please let me know when you have availability next week to discuss. I could make myself available Monday 1:00-4:30 Central if any of those times work. My Tuesday is pretty full, but I have a fairly open Wednesday starting at 10:30 Central and could make anytime thereafter that day work.

**Michael Johnson | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: +1 (801) 323-3363 | Facsimile: +1 (801) 532-7543 | www.rqn.com| vCard

This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Hudson Jobe <hjobe@jobelawpllc.com>
**Sent:** Tuesday, July 16, 2024 12:23 PM
**To:** Michael Johnson <mjohnson@rqn.com>
**Cc:** Alan Dabdoub <adabdoub@lynnllp.com>; Kent Ries <kent@kentries.com>; Rick Cass <fcass@lainfaulkner.com>; Jason Rae <jrae@lainfaulkner.com>
**Subject:** McClain - Rabo Discovery

Michael –

I am writing to follow up on the Rabo and Focus responses to the subpoenas. The following is what we have: Rabo's loan documents attached to its Proof of Claim, certain borrowing base reports from David LeBas, a Rabo payment history, and purportedly the Debtors' records that Focus took following the filing of the bankruptcy cases. We have not received any specifics on additional potentially responsive items that are being withheld.

With respect to the obvious items that likely exist and have not been produced - we received no communications, analysis or other reports from Rabo or its consultants, documents provided by the obligors as part of underwriting or due diligence, the closing file of each tranche of the credit facility, documents in connection with Focus or Steve Dawson, or generally as requested the entire non-privileged loan file that Rabo has for the Debtors' loans. Nor have we received confirmation from Rabo that the few documents we have

3

received constitutes all responsive loan documents, payment histories, and borrowing base reports. With respect to the Rabo and Focus objections:

1. Privilege – Rabo does not meet it burden to identify what items are privileged and why, did not provide a privilege log, and did not provide the unspecified "some" responsive documents that do not fall within this scope.

2. Already produced – we will provide you with a copy of what we have been provided. Rabo can review, supplement as necessary, confirm that each category has been fully produced, and withdraw this objection.

3. Breadth of communications and financial analysis and reports - these terms are all sufficiently defined and/or capable of identification of responsive information. Moreover, Rabo has not met its burden to provide specifics with respect to the different types of potentially responsive documents. This objection should be withdrawn.

4. Costs – Rabo's loan is relatively recent and a sizeable $50M credit facility. Rabo has participated significantly in this case and requested uncompensated discovery from other parties. For these reasons and the finances of the estate, this objection should be withdrawn.

5. Confidential documents – please send a draft of a proposed protective order.

6. Kitchen sink – these super generic objections should be withdrawn.

7. 2004 scope – same as above.

My understanding from the Rabo and Focus responses and our discussions is that Rabo intends to shield all internal communications, internal reporting, and documents/communications with Focus and Dawson as privileged. Focus, in turn, also intends to shield all internal communications, internal reporting, and other documents/communications with Rabo and its agents as privileged. Please confirm if that is incorrect.

As a result of the foregoing, we appear to have a number of issues for which we are at an impasse. We will continue to work with you in good faith on these issues in an effort to minimize court involvement, but that appears necessary at this juncture on several issues including privilege.

**Hudson Jobe**
**Board Certified in Business Bankruptcy**

**Texas Board of Legal Specialization**

Direct: (214) 807-0563 | Cell: (214) 514-5656

hjobe@jobelawpllc.com

**Jobe Law PLLC**

**6060 North Central Expressway, Suite 500**

**Dallas, Texas 75206** | www.jobelawpllc.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Jobe Law PLLC. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

5