Hudson M. Jobe
  Texas Bar No. 24041189
  hjobe@jobelawpllc.com
Jobe Law PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563

Alan Dabdoub
  Texas Bar No. 24056836
  adabdoub@lynnllp.com
Lynn Pinker Hurst & Schwegmann LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3818

SPECIAL COUNSEL TO THE TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-RLJ-7 |
| | § | |
| Debtors. | § | Jointly Administered |

**TRUSTEE'S REPLY SUPPLEMENT TO TO RABO AGRIFINANCE LLC'S AND FOCUS MANAGEMENT GROUP USA, INC.'S OBJECTION AND OPPOSITION TO THE TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RABO AGRIFINANCE AND FOCUS MANAGEMENT (DKT NO. 289)**

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

Kent Ries—the Trustee of the above-captioned Chapter 7 bankruptcy matters—files this Reply Supplement to Rabo AgriFinance LLC's and Focus Management Group USA, Inc.'s Objection and Opposition to the Trustee's Motion to Compel Production of documents from Rabo AgriFinance and Focus Management (Dkt. No. 289) as follows:

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**SUMMARY**

1. On September 3, 2024, approximately one week before the September 11, 2024, hearing on the Motion, Rabo and Focus ("Rabo/Focus") notified the Court that they produced 34,500-plus pages of documents to the Trustee.[2] Their actions with respect to discovery nevertheless remain deficient in three critical areas. ***First***, Rabo/Focus' document production violated Federal Rule of Civil Procedure 34(b)(2)(E)'s requirements on the format and categorization of documents produced. ***Second***, with respect to documents not produced due to a non-privilege objection, neither party has carried their burden to identify what documents, if any, are being withheld. ***Third***, with respect to documents not produced due to privilege objections, Rabo/Focus still have not established a cognizable basis for withholding documents from the Trustee, nor have they provided a legally sufficient privilege log. This Court should order the parties to immediately comply with FRCP 34(b)(2)(E), overrule their objections (including privilege), and order them to immediately supplement with all responsive documents.

**Rabo and Focus failed to comply with Rule 34(b)(2)(E)
with respect to documents actually produced.**

2. First, Rabo/Focus' document production is not compliant with Federal Rule of Civil Procedure 34(b)(2)(E) in two respects. Rule 34(b)(2)(E)(ii) requires that: "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms" accessible by the recipients of discovery. Rule 34(b)(2)(E)(i)'s requires that parties "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to

---

[2] ECF No. 289.

1

the categories of the request." The Trustee's Rule 2004 subpoenas to Rabo/Focus specified that all electronically stored information should be produced in "original," *i.e.*, native format.[3]

3. Accordingly, Rabo/Focus *should have* produced documents in their original native file format (Word, Excel, Outlook message, .txt, etc.) with the same file names originally maintained (ex. "April 2022 Borrowing Base Report.pdf") and either: (i) organized as originally maintained (ex. folders such as "BorrowingBaseReports", or (ii) organized and labeled them (ex. folders such as "Trustee's Requests – Debtors Reporting.").

4. But Rabo/Focus ignored the Trustee's instructions and the applicable Rules, and instead converted all 34,500 pages of documents to PDF and .txt format, changed the file names from their original to a description of the applicable bates numbers, and reshuffled the order.[4] Rabo then produced 6,282 altered and reshuffled documents in PDF and .txt format with absolutely no labeling as illustrated by the following examples:

| Name | | Date modified | Type | Size |
|---|---|---|---|---|
| RABO-MCCLAIN 000007 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 1,173 KB |
| RABO-MCCLAIN 000010 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 2,458 KB |
| RABO-MCCLAIN 000017 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 1,034 KB |
| RABO-MCCLAIN 000020 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 6,725 KB |
| RABO-MCCLAIN 000034 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 820 KB |
| RABO-MCCLAIN 000036 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 7,056 KB |
| RABO-MCCLAIN 000048 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 820 KB |
| RABO-MCCLAIN 000050 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 6,472 KB |
| RABO-MCCLAIN 000062 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 791 KB |
| RABO-MCCLAIN 000064 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 6,420 KB |
| RABO-MCCLAIN 000076 | ⊘ | 9/5/2024 4:17 PM | Foxit PDF Editor D... | 817 KB |

---

[3] Trustee's Rule 2004 Subpoena to Rabo (Definition No. 8; Instruction C); Trustee's Rule 2004 Subpoena to Focus (Definition No. 8; Instruction C).
[4] Trustee's Witness and Exhibit List, ECF No. 293, Exhibit L.

2

| | | | | |
|---|---|---|---|---|
| RABO-MCCLAIN 000007 | ✓ | 9/5/2024 4:20 PM | Text Document | 9 KB |
| RABO-MCCLAIN 000010 | ✓ | 9/5/2024 4:20 PM | Text Document | 29 KB |
| RABO-MCCLAIN 000017 | ✓ | 9/5/2024 4:20 PM | Text Document | 9 KB |
| RABO-MCCLAIN 000020 | ✓ | 9/5/2024 4:20 PM | Text Document | 31 KB |
| RABO-MCCLAIN 000034 | ✓ | 9/5/2024 4:20 PM | Text Document | 6 KB |
| RABO-MCCLAIN 000036 | ✓ | 9/5/2024 4:20 PM | Text Document | 29 KB |
| RABO-MCCLAIN 000048 | ✓ | 9/5/2024 4:20 PM | Text Document | 6 KB |
| RABO-MCCLAIN 000050 | ✓ | 9/5/2024 4:20 PM | Text Document | 27 KB |
| RABO-MCCLAIN 000062 | ✓ | 9/5/2024 4:20 PM | Text Document | 5 KB |
| RABO-MCCLAIN 000064 | ✓ | 9/5/2024 4:20 PM | Text Document | 26 KB |
| RABO-MCCLAIN 000076 | ✓ | 9/5/2024 4:20 PM | Text Document | 6 KB |

5. Rabo appears to have produced 51 files designated as "native" but changed the file names on those as well, for example:

| | | | | |
|---|---|---|---|---|
| RABO-MCCLAIN 007086 | ✓ | 9/5/2024 4:20 PM | Microsoft Excel M... | 285 KB |
| RABO-MCCLAIN 007283 | ✓ | 9/5/2024 4:20 PM | Microsoft Excel M... | 306 KB |
| RABO-MCCLAIN 007384 | ✓ | 9/5/2024 4:20 PM | Microsoft Excel M... | 285 KB |

6. The reformatting and reshuffling of the production without any labeling has substantially hindered the Trustee's review of its contents, and a 34,500-plus page production exclusively consisting of non-native PDF/TXT files, definitionally, fails the "usual course of business" test.[5] Ultimately, it "logically follows that when production occurs by . . . choosing to copy the documents and produce the duplicates, they must be organized in such a way that the

---

[5] Trustee's Witness and Exhibit List, ECF No. 293, Exhibit L; *see also Wagner v. Dryvit Sys., Inc.,* 208 F.R.D. 606, 610–11 (D.Neb.2001) ("[P]roducing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34.") (citations omitted); *Stiller v. Arnold,* 167 F.R.D. 68, 71 (N.D.Ind.1996) ("Producing 7,000 pages of documents in no apparent order does not comply with a party's obligation under Rule 34(b)."); *T.N. Taube Corp. v. Marine Midland Mortgage Corp.,* 136 F.R.D. 449, 456 (W.D.N.C.1991) (holding that in response to production of 789 documents, bates-stamped and provided in a box with no discernable order, the court expressed doubt that production was made as the documents were kept in the usual course of business, and thus directed that the documents be organized and labeled to indicate the specific document demand to which each related); *Scripps Clinic & Research Found. v. Baxter Travenol Laboratories, Inc.,* No. 87–140–CMW, 1988 WL 70013, at * 3–4 (D.Del. June 21, 1988) (finding production of 45,000 documents "arranged in bundles within each of the fifteen boxes, most of the bundles contain[ing] no designation as to the origin of the file, the name of the file, or whether the bundle contained documents from multiple files" deemed insufficient to satisfy the requirements of Rule 34(b)).

system utilized by the producing party is replicated; in other words, the documents should be produced, organized, and labeled and, if appropriate, indexed just as they are maintained by the producing party."[6] Accordingly, this Court should order Rabo/Focus immediately to produce all documents, including any additional documents produced as a result of the Trustee's Motion, in native format, and either organized and labeled as maintained in the ordinary course, or labeled with reasonable descriptions.

**Rabo and Focus failed to provide the detail required by Rule 34(b)(2)(C) to allow the parties and the Court to evaluate non-privilege obligations.**

7. With respect to documents withheld due to a non-privilege objection, Rabo/Focus have failed to carry their burden to identify a specific and comprehensive list of what—if any—documents are actually being withheld. That omission is fatal to Rabo/Focus. Although Rule 34 does not require "a detailed description or log of all documents withheld," the producing party "does need to alert other parties to the fact that documents have been withheld and … facilitate an informed discussion of the objection."[7]

8. Rabo/Focus has attempted to sidestep the Federal Rules' requirements by providing an informal explanation by way of email of non-exclusive examples of documents that might be withheld based on non-privilege objections. But this falls short of the Federal Rules' requirements that formal responses be signed by at least one attorney of record in the attorney's own name. *See* FED. R. CIV. P. 26(g). Further, this informal set of examples fails to provide a comprehensive, committed list of items that the parties can use to have an informed discussion of which items the Trustee is willing to disregard and which he maintains should be produced.

---

[6] *Pass v. Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 334-36 (N.D.N.Y. 2008).
[7] Fed. R. Civ. P. 34, Advisory Committee Notes to 2015 Amendment.

4

9. The Trustee respectfully requests the Court either overrule these objections or order Rabo/Focus to amend their discovery responses to clearly indicate the identity and nature of each and every category documents withheld on non-privilege grounds.[8] Only then will Trustee and this Court be able to fairly evaluate the amorphous non-privilege objections asserted by Rabo and Focus.

### Rabo and Focus have not provided sufficient detail to allow the parties and the Court to evaluate the privilege claims.

10. Finally, Rabo/Focus have not carried their burden on asserting any legal privilege. The Fifth Circuit has said that "[d]etermining the applicability of [legal] privilege is a highly fact-specific inquiry and the party asserting the privilege bears the burden of the proof."[9] That is why Rule 26 requires any "party claiming the privilege [to] describe the nature of withheld documents and communications in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege."[10]

11. But Rabo/Focus have offered no such descriptions, or a privilege log, even though they have had well over a year to comply with Rule 26. Rule 26(b)(5)(A) requires that a party asserting privilege "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).[11]

---

[8] *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, Civil Action No. 21-431-BAJ-EWD, 2024 WL 1955982, at *7–*8 (M.D. La. May 3, 2024) (ordering party to amend discovery responses to specifically identify what, if any, documents were withheld based on a discovery objection); *Three Fifty Markets LTD v. M/V Argos M*, Civil Action No. 23-0595, 2023 WL 11884764, at *2 (E.D. La. Nov. 28, 2023) (same); *Smith v. China Mfrs. All. LLC*, Case No. 2:19-CV-01111, 2023 WL 4922941, at *7–*8 (W.D. La. Aug. 1, 2023) (same); *Ruby Slipper Café, LLC v. Belou*, Civil Action No. 18-1548 (2020 WL 4905796, at *4 (E.D. La. Jan. 15, 2020) (same).
[9] *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017).
[10] *Id*. at 697 n.3.
[11] *See also In re Hayes*, 577 B.R. 711, 728-29 (Bankr. E.D. Tenn. 2017).

5

12. As the Eastern District of Tennessee's Bankruptcy Court succinctly stated, "[c]ourts require the following to be included on privilege logs:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;
2. The date upon which the document was prepared;
3. The date of the document (if different from # 2);
4. The identity of the person(s) who prepared the document;
5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"
7. The number of pages of the document;
8. The party's basis "for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and
9. Any other pertinent information necessary to establish the elements of each asserted privilege."[12]

Here, Rabo/Focus have not provided a privilege log or other document that comes close to the specificity that courts require. And, ultimately, any "[a]mbiguities as to whether the elements of a privilege claim have been met are construed against the proponent" of privilege,"[13] *i.e.* Rabo/Focus.

13. Even setting aside lack of privilege, "exceptional circumstances" warrant discovery of the communications and documents exchanged between Rabo and Focus about Debtors.[14]

---

[12] *Id.* at 728-29.
[13] *BDO USA, L.L.P.*, 876 F.3d at 695.
[14] *In re Northwest Senior Hous. Corp.*, Case No. 22-30659, Adv. Pro. No. 22-03040, 2023 WL 1804625, at *5 (Bankr. N.D. Tex. Feb. 6, 2023).

6

Rabo/Focus involved themselves with Debtors' businesses to the point where "[a]ll relevant facts in this case appear to run through" Rabo and Focus.[15] They were not "mere observer[s], but … active participant[s] in the events preceding the bankruptcy cases and the Adversary Proceeding[s]."[16] The Trustee's position is that, when Rabo learned about the Debtors' financial difficulties, Rabo hired Focus to seize all of Debtors' cattle to prevent their transfer to other creditors. Worse, Rabo and Focus took control of as many of the Debtors' records as they could find, perhaps to identify, conceal or otherwise bury evidence of misconduct. Those facts are crucial because "[a] person is not a consulting expert if he is an actor with regard to the occurrences from which the tapestry of the lawsuit was woven."[17] And the work-product doctrine set out by Rule 26(b)(4) "does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to [the] transactions or occurrences that are part of the subject matter of the lawsuit."[18] Such experts are treated as ordinary witnesses.[19] Moreover, if "there existed any reasons other than the anticipation of litigation for generating" the documents, and had no litigation been initiated, courts are loathe to find the work-product privilege attaches to prevent a party from seeking otherwise discoverable information.[20]

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Allied Irish Banks v. Bank of Am.*, 240 F.R.D. 96 (2007); *see also DeBeers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.*, 2006 WL 357825, at *1 (S.D.N.Y. Feb.15, 2006) (documents created by management consultant not work product where consultant "would have created" them in similar form "even if the potential for litigation had been remote"); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 2005 WL 3046287, at *2 (S.D.N.Y. Nov. 10, 2005) (e-mail not work product where no showing was made that it "would not have been prepared without the threat of litigation"); *In re Otal Invs. Ltd. v. Capital Bank Pub. Ltd. Co.*, 2005 WL 1473925, at *1 (S.D.N.Y. June 22, 2005) (factual statement prepared following collision of boats not work product where "business reasons for obtaining a statement from their captain" would have compelled the report

## CONCLUSION

14. For the foregoing reasons, this Court should grant the Trustee's Motion and enter the following forms of relief.

- Overrule all privilege objections asserted by Rabo and Focus for failure to timely produce a privilege log or otherwise describe the nature of the withheld documents and communications in a manner that without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege

- Immediate production of all responsive Rabo and Focus documents in native format as they are kept in the ordinary course of business—or organized consistent with the Trustee's Subpoenas.

- Amendment of the discovery responses of Rabo and Focus to clearly state what responsive documents are being withheld on non-privilege grounds.

Respectfully submitted,

*/s/ Alan Dabdoub*
Alan Dabdoub
  State Bar No. 24056836
  adabdoub@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
  2100 Ross Avenue, Suite 2700
  Dallas, Texas 75201
  Telephone:   214-981-3800
  Facsimile:   214-981-3839
AND

Hudson M. Jobe
  State Bar No. 24041189
  hjobe@jobelawpllc.com
**JOBE LAW PLLC**
  6060 North Central Expressway, Suite 500
  Dallas, Texas 75206
  Telephone:  (214) 807-0563

***ATTORNEYS FOR TRUSTEE KENT RIES***

---

regardless of litigation); *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 2004 WL 4054842, at *2 (E.D.N.Y. July 22, 2004) (email released where no showing was made that it would not have been created in essentially similar form irrespective of the litigation).

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, a true and correct copy of the foregoing reply supplement was served via the Court's ECF system on the debtors, debtors' counsel, the United States Trustee, and all parties that have appeared and requested notice.

*/s/ Alan Dabdoub*
Alan Dabdoub