UNDERWOOD LAW FIRM, P.C.
Thomas C. Riney, SBN: 16935100
W. Heath Hendricks, SBN: 240556451
500 South Taylor, Suite 1200, LB 233
Amarillo, Texas 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
Email: tom.riney@uwlaw.com
Email: heath.hendricks@uwlaw.com

    -and-

Michael R. Johnson (*Pro Hac Vice*)
Matthew M. Cannon (*Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mcannon@rqn.com

*Attorneys for Rabo AgriFinance LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC., McCLAIN FARMS, INC. and 7M CATTLE FEEDERS, INC.,<br><br>    Debtors.[1] | **CASE NO. 23-20084-7-rlj**<br><br>**(Jointly Administered Cases)**<br><br>**Chapter 7** |

---

[1] The Debtors in these jointly administered Chapter 7 cases are: (a) McClain Feed Yard, Inc. (Case No. 23-20084), (b) McClain Farms, Inc. (Case No. 23-20885) and 7M Cattle Feeders, Inc. (Case No. 23-20886).  All three cases are being jointly administered under the case number for McClain Feed Yard, Inc.

### RABO AGRIFINANCE LLC'S AND FOCUS MANAGEMENT GROUP USA, INC.'S RESPONSE TO TRUSTEE'S LETTER OF SEPTEMBER 16, 2024 [DKT. 300].

Rabo AgriFinance LLC ("**Rabo**") and Focus Management Group USA, Inc. ("**Focus**"), through counsel, respectfully file this brief response to the Trustee's letter to the Court dated September 16, 2024, (the "**Letter**") regarding "[p]rivilege questions in connection with the Trustee's Motion to Compel Production and Documents and Information" from Rabo and Focus in the above-referenced case. Rabo and Focus incorporate herein and otherwise refer the Court to the prior briefing on this issue, including Rabo's Objection and Response dated September 13, 2024 [Dkt. 299].

  **A.** **The Trustee's Arguments Concerning Focus's and Rabo's Purported Waiver of Privilege are Contrary to Fact, Law, and Logic.**

According to the Trustee, Rabo and Focus were somehow required to prepare and produce a privilege log addressing hundreds to thousands of communications by **May 31, 2024**, three days after Rabo's acceptance of service of the subpoena. (*See* Letter at 4-5.) Furthermore, the Trustee is arguing that because Rabo and Focus obviously did not prepare and provide such a voluminous document by May 31, 2024, they have now forever lost their ability to assert privilege over those requested communications and documents. (*See id.*) This argument is factually and legally without merit, not to mention contrary to public policy and logic.

First, it was not until **May 28, 2024**, that Rabo formally accepted service of the subpoena. (*See* Email Chain between M. Johnson and H. Jobe of May 28, 2024 (the "**May 28 Emails**"), a true and correct copy of which is attached hereto as Exhibit A; *see also* Mot. to Compel, Ex. F, APP035.)

Second, on **May 28, 2024**, the Trustee's counsel expressly agreed to extend the date for Rabo and Focus to formally respond to their respective subpoenas to **June 4, 2024**. (*See* May 28 Emails.) Accordingly, the Trustee's argument that a privilege log was due on May 31, 2024, is belied by their own prior correspondence and agreement. (*See id.*)

Third, also on **May 28, 2024**, counsel for Rabo and Focus sent a follow-up email to the Trustee that included a copy of the detailed engagement letter between RQN and Focus and expressly explained in the email that "[a]s a consulting, non-testifying expert I would think almost everything Focus did under the engagement letter with my firm would be protected by Rule 26 and the work-product doctrine." (*See id.*) This written correspondence and supporting documentation satisfied Rabo's and Focus's obligations for claiming privilege and protection under Rules 45(d)(2)(B) and 45(e)(2)(A), which rules were included with the subpoenas. (*See id.*; Fed. R. Civ. P. 45(e)(2)(A).) In other words, even if the privilege issue needed to be addressed prior to May 31, 2024, Rabo and Focus satisfied any such requirement to preserve privilege. (*Id.*)

Fourth, on **June 4, 2024**, the agreed upon deadline for Rabo and Focus to formally respond to the subpoenas, Rabo and Focus provided the Trustee with additional formal objections to the Subpoenas, including detailed objections based on attorney client privilege and work product doctrine related to the non-testifying expert. (*See* Mot. to Compel, Exs. F & G.) These timely formal objections further solidified and otherwise reserved Rabo's and Focus's claims for privilege and protection. *See* Fed. R. Civ. P. 45(d)(2)(B) & 45(e)(2)(A).

The Trustee's Letter and Motion to Compel do not provide the Court with the relevant facts and do not address the relevant Rule 45 standards on this issue. (*See generally* Letter at 4-5; Trustee

3

Mot. to Compel.) In any event, Rabo and Focus did not waive their privilege because they timely and expressly raised their privilege objections to the subpoenas as outlined herein. In fact, even if Rabo and Focus *had not* lodged those objections, they *still* would have the ability to assert their claims to privilege because Rabo and Focus were excused from their obligation to raise their objections given the facially overbroad subpoenas. *See Williams v. Dallas*, 178 F.R.D. 103, 115 (N.D. Tex. 1998) (holding that subpoenaed party, who failed to make any objections under Rule 45(d)(2), did not waive those objections because the subpoenas were facially overbroad); *see also Burlington N. & Santa Fe Ry. V. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142 1149 (9th Cir. 2005) "[W]e . . . reject a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within [FRCP] 34's 30-day time limit."); *Concord Boat Corp. v. Brunswick Corp.* 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996) (same).

The Trustee's position on this issue is factually and legally without merit. Furthermore, the Trustee's position is contrary to logic, fairness, public policy, and the spirit of the Federal Rules of Civil Procedure. Under the Trustee's proposed standard, a party could serve a facially overbroad subpoena seeking all privileged communications between the responding party and its attorney, and if that party failed to provide a privilege log by the agreed upon date for responding to the subpoena (which log, like in this case, could address thousands of communications and documents), the responding party has forever waived its privilege. (*See* Letter; Mot. to Compel.) Such gamesmanship and patent unfairness are certainly why the courts cited above have already recognized that even where a party fails to lodge timely objections to requests, such parties may subsequently raise objections where the original requests were facially overbroad. But here, the

Court need not even apply this applicable exception because Rabo and Focus *timely filed their objections* and otherwise preserved their privilege and protection claims. (*See* May 28 Emails; Trustee Mot. to Compel, Exs. F & G; Fed. R. Civ. P. 45(d)(2)(B) & 45(e)(2)(A).) The Trustee's position is especially frustrating here given that Rabo has already produced over 35,000 pages of documents pursuant to the subpoenas and Rabo has agreed to provide a privilege log once the Trustee or Court narrows the facially overbroad requests.

**B.     The Trustee Continues to Miss the Mark on the Consulting Expert Issue.**

The Letter begins with the statement, "the Trustee seeks materials from Rabo and Focus that were prepared in the ordinary course of business." (Letter at 1.) Focus Management did not prepare any documents in the ordinary course of business. As clearly shown on the excerpt from the Agreement for Consulting Services which opposing counsel includes on page 2 of the Letter, Focus was specifically retained by Rabo's outside counsel (not Rabo) to analyze whether McClain Feedyards and its subsidiaries and affiliates committed fraud in their reporting to Rabo. Rabo's outside counsel had no involvement in Rabo's ordinary course of business with McClain Feedyards. Outside counsel was engaged on or about March 15, 2023, in anticipation of litigation against McClain Feedyards for fraud against Rabo. Outside counsel engaged Focus days later (*i.e.*, on March 17, 2023) to assist outside counsel in anticipation of litigation.

A consulting expert is one who has been consulted, retained, or specially employed by a party in anticipation of litigation or to prepare for trial, but who will not testify at trial. *See* FED. R. CIV. P. 26(b)(4)(D); *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 502 (10th Cir. 1980); *see also Hermsdorfer v. American Motors Corp.*, 96 F.R.D. 13, 15

5

(W.D.N.Y. 1982) (FRCP 26(b)(4)(B), now FRCP 26(b)(4)(D), protects experts hired for dual purpose of preparing for pending litigation and for anticipated litigation). Generally, no information about consulting-only experts is discoverable. *See* Fed. R. Civ. P. 26(b)(4)(D); *USM Corp. v. American Aerosols, Inc.*, 631 F.2d 420, 424 (6th Cir. 1980); *Ager*, 622 F.2d at 503. Furthermore, the prevailing trend amongst district courts is the general rule of no discovery from a consulting-only expert cannot be waived. *See, e.g., Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, 296 F.R.D. 3, 7 (D.D.C. 2013).

Rabo has not designated a testifying expert in these proceedings. Focus Management is purely a consulting expert to Rabo's outside counsel. Consequently, no information about Focus is discoverable. *See* Fed. R. Civ. P. 26(b)(4)(D); *USM Corp.*, 631 F.2d at 424; *Ager*, 622 F.2d at 502-03. Rabo did not and cannot waive this. *See Eidos Display*, 296 F.R.D. at 7. In the event any work product of Focus is considered by a testifying expert who is to be designated in the future, such information is obtainable through the testifying expert's disclosures under Federal Rule of Civil Procedure 26(a)(2)(B)(ii).[2]

---

[2] Rabo, through RQN, has already paid Focus hundreds of thousands of dollars for this work product. In the unlikely event this Court determines that the Trustee is entitled to discovery regarding Focus, Rabo would naturally request that the estate pay for half of the amounts ultimately paid by Rabo. *See* Fed. R. Civ. P. 26(b)(4)(E); *Research Sys. v. IPSOS Publicite*, 276 F.3d 914, 920 (7th Cir. 2002); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 213 (E.D.Wis. 1994).

WHEREFORE, for the additional reasons set forth herein, the Trustee's Motion to Compel should be denied.

DATED this 19th day of September 2024.

>UNDERWOOD LAW FIRM, P.C.
>Thomas C. Riney, SBN: 16935100
>W. Heath Hendricks, SBN: 240556451
>500 South Taylor, Suite 1200, LB 233
>Amarillo, Texas 79101
>Telephone: (806) 376-5613
>Facsimile: (806) 379-0316
>Email: tom.riney@uwlaw.com
>mail: heath.hendricks@uwlaw.com
>
>        --and--
>
>RAY QUINNEY & NEBEKER P.C.
>Michael R. Johnson *(Pro Hac Vice)*
>36 South State Street, Suite 1400
>Salt Lake City, UT 84111
>Telephone: (801) 532-1500
>Facsimile: (801) 532-7543
>Email: mjohnson@rqn.com
>
>*/s/ Michael R. Johnson*
>Michael R. Johnson
>Matthew M. Cannon
>*Attorneys for Rabo AgriFinance LLC*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2024, the foregoing **RABO AGRIFINANCE LLC'S AND FOCUS MANAGEMENT GROUP USA, INC.'S RESPONSE TO TRUSTEE'S LETTER OF SEPTEMBER 16, 2024 [DKT. 300]** was filed with the Clerk of the Court in the above-entitled case, which sent notice of electronic filing to all electronic filing users in the case.

                                        */s/ Michael R. Johnson*
                                        Michael R. Johnson

1683616

# EXHIBIT A

| | |
|---|---|
| **From:** | Michael Johnson |
| **To:** | Hudson Jobe; Gregory Sudbury |
| **Cc:** | W. Heath Hendricks - Underwood Law Firm (heath.hendricks@uwlaw.com); Annette Sanchez; Matthew Cannon; Austin Nate; Mel Jones-Cannon |
| **Subject:** | RE: [EXTERNAL] - McClain -- Subpoenas to Rabo and Focus |
| **Date:** | Tuesday, May 28, 2024 1:22:02 PM |
| **Attachments:** | RAF_McClain_Focus_Management_Engagement_Letter_Fully executed 2023.03.22.pdf |
| | image001.png |

Here is the engagement letter with Focus. As a consulting, non-testifying expert I would think almost everything Focus did under the engagement letter with my firm would be protected by Rule 26 and the work-product doctrine. I am not aware of any direct communications that Focus would have had with Brian McClain or any of the other Debtor representatives.

Michael Johnson | Ray Quinney & Nebeker P.C. | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: +1 (801) 323-3363 | Facsimile: +1 (801) 532-7543 | www.rqn.com| vCard
This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Hudson Jobe <hjobe@qslwm.com>
**Sent:** Tuesday, May 28, 2024 12:57 PM
**To:** Michael Johnson <MJohnson@rqn.com>; Gregory Sudbury <gsudbury@qslwm.com>
**Cc:** W. Heath Hendricks - Underwood Law Firm (heath.hendricks@uwlaw.com) <heath.hendricks@uwlaw.com>; Annette Sanchez <ASanchez@rqn.com>; Matthew Cannon <mcannon@rqn.com>; Austin Nate <ANate@rqn.com>; Mel Jones-Cannon <MJonesCannon@rqn.com>
**Subject:** RE: [EXTERNAL] - McClain -- Subpoenas to Rabo and Focus

**This Message Is From an External Sender**
This message came from outside your organization.

Sure, June 4 for a response date will work. I suspect we have quite a bit to sort out as far as positions on communications and privilege. When you have a chance, please send us the Focus engagement agreement.

**Hudson Jobe**
**Board Certified Business Bankruptcy Attorney**
**Texas Board of Legal Specialization**
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800, Dallas TX 75201
Direct: (214) 880-1858 | Fax: (214) 871-2111
Email: hjobe@qslwm.com

**From:** Michael Johnson <MJohnson@rqn.com>
**Sent:** Tuesday, May 28, 2024 1:50 PM
**To:** Hudson Jobe <hjobe@qslwm.com>; Gregory Sudbury <gsudbury@qslwm.com>

**Cc:** W. Heath Hendricks - Underwood Law Firm (heath.hendricks@uwlaw.com) <heath.hendricks@uwlaw.com>; Annette Sanchez <ASanchez@rqn.com>; Matthew Cannon <mcannon@rqn.com>; Austin Nate <ANate@rqn.com>; Mel Jones-Cannon <MJonesCannon@rqn.com>
**Subject:** [EXTERNAL] - McClain -- Subpoenas to Rabo and Focus
**Importance:** High



Hudson and Gregory:

I owe you a signed acceptance of service on the Rabo subpoena which I will get back to you today. We also are representing Focus concerning the subpoena the Trustee served on it. May I have a week from today to formally respond to both subpoenas (and just FYI, I would be able to begin producing documents until after that).

Michael Johnson | Ray Quinney & Nebeker P.C. | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: +1 (801) 323-3363 | Facsimile: +1 (801) 532-7543 | www.rqn.com| vCard
This email is from a law firm and may contain privileged or confidential information. Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited. If you are not the intended recipient, please contact the sender and delete this email. Thank you.