

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed October 28, 2024

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., | § | CASE NO. 23-20084-rlj7 |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

## ORDER

Hearing was held on September 11, 2024 on the Trustee's Motion to Compel Production of Documents from Rabo AgriFinance LLC (Rabo) and Focus Management Group USA, Inc. (Focus). Rabo and Focus filed their joint objection to the motion.

I.

As authorized by the Court's order, the Trustee, on May 10, 2024, served Rule 2004 document subpoenas on Rabo and Focus, respectively. The subpoenas directed Rabo and Focus to produce the designated documents by May 31, 2024.

Rabo and Focus did not timely produce the documents by May 31 as directed by the subpoenas.

---

[1] The Debtors in these jointly administered cases are McClain Feed Yard, Inc. (Case No. 23-20084-rlj7), McClain Farms, Inc. (Case No. 23-20085-rlj7), and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7).

1

A week prior to the hearing but, notably, more than three months after the May 31 production date, Rabo filed its supplemental response to the motion to compel stating that it had produced over 34,500 pages of documents. (Rabo apparently previously produced six pages of documents. The Court is not aware if Focus has produced any documents.) Despite the stated volume of documents produced, the Court does not know if such production is adequately responsive to the request.

Rabo's contention that the "Pending Proceeding Rule" bars the requested discovery is misguided. The requests here are made under Rule 2004 and were approved by the Court. The Trustee has not asserted affirmative claims against Rabo or Focus in the adversary proceedings referenced by Rabo. Rabo is the largest single creditor in the McClain bankruptcy cases; its proof of claim reflects a claim amount of over $53,000,000 and that is partially secured. In prior proceedings before the Court, evidence was provided that Rabo first discovered the Debtors' extraordinary shortage of cattle which, ostensibly, served as collateral on Rabo's claim. Rabo has been proactive in securing and protecting its position relative to other creditors. The Rule 2004 examination and production of documents is properly sought here by the Trustee.

The Court finds that the documents requested under requests 1(d) ("[a]ll communications" and "any Debtor" and "any other entities affiliated with the foregoing"), 1(e) ("[a]ll communications…relating to the Debtor"), 1(f) ("[a]ll…internal communications… relating to the Debtor"), and 1(j) ("[a]ll documents or electronically stored information") are overly-broad and burdensome. *See* Mot. to Compel, Ex. B at APP008, 011 [ECF No. 268].

The Court further finds that, to the extent that either Rabo or Focus have objected to and withheld the production of documents as subject of a privilege or protected as work product (or

protection as trial preparation material), they shall, strictly in accordance with Federal Rule 34, provide a log of such documents or materials.

II.

IT IS ORDERED that Rabo and Focus shall immediately produce to the Trustee all materials responsive to the Trustee's Subpoenas, save for such materials already produced or those materials that are responsive to requests 1(d), (e), (f), and (j) of the subpoena.

IT IS FURTHER ORDERED that Rabo and Focus shall, within ten days of the date this order is signed, confirm to the Trustee whether they have produced all required responsive materials in their possession, custody, and control.

IT IS FURTHER ORDERED that Rabo shall, within five business days of the date this order is signed, confirm to the Trustee that it did or did not attach all Debtor loan documents to its Proof of Claim. Rabo shall also, within the five days, produce any missing documents to the Trustee.

IT IS FURTHER ORDERED that the production of documents by Rabo and Focus shall be done in accordance with Federal Rule 34. This includes any corrective measures concerning materials already produced.

IT IS FURTHER ORDERED that all other relief requested is denied.

### End of Order ###