Hudson M. Jobe
State Bar No. 24041189
hjobe@jobelawpllc.com
Jobe Law PLLC
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: (214) 807-0563

SPECIAL COUNSEL TO THE TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| **MCCLAIN FEED YARD, INC., et al.,**[1] | § § § § | CASE NO. 23-20084-RLJ-7 |
| **Debtors.** | § | Jointly Administered |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND
<u>EXPENSES OF JOBE LAW PLLC</u>**

<u>**NOTICE**</u>

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 205 SOUTHEAST 5TH AVENUE, ROOM 133, AMARILLO, TEXAS, 79101-1559 BEFORE CLOSE OF BUSINESS ON DECEMBER 6, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ).

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES**             **PAGE 1**

# FEE APPLICATION COVER SHEET

First Application for Compensation of Jobe Law PLLC

**Capacity:** Special Counsel for Trustee

**Chapter:** 7

**Debtors**: McClain Feed Yard, Inc., McClain Farms, Inc., 7M Cattle Feeders, Inc.

**Case No.**: 23-20084-RLJ-7

**Retainer Received**: $0.00

**Amount Previously Paid**: $0.00

**Amount Requested:**

**Reductions: 25% of normal rates**

**Fees**:      $75,742.50
**Expenses**:  $0.00
**Other**:
**Total:**     $75,742.50

**Highest hourly rate:** $400.00

*/s/ Hudson M. Jobe*
Hudson M. Jobe

November 15, 2024
Date

**TO THE HONORABLE ROBERT L. JONES, BANKRUPTCY JUDGE:**

Jobe Law PLLC ("Jobe Law"), special counsel to Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy cases the "Bankruptcy Cases"), files its First Interim Application for Allowance of Fees and Expenses (the "Application"), and would respectfully show the Court as follows:

## I.  SUMMARY

1. As the Court is well-aware, the Debtors' Chapter 7 cases are complicated and involve hundreds of millions of dollars of transactions and other transfers in connection with an alleged Ponzi-scheme that include over 100 claimants claiming in excess of $175M of losses in connection with, in many cases, apparent passive investments in the Debtors' intertwined cattle operations. The Trustee's

investigation has been significant and is ongoing, and is expected to result in considerable litigation claims in an effort to provide a meaningful return to the ultimately allowed good-faith creditor and investor claims.

2. The Trustee, with the assistance of special counsel and his forensic accounting firm, successfully pursued and settled a Chapter 5 avoidance claim for $3,000,000.00 related to the recovery of proceeds of life insurance where the premiums were allegedly paid by fraudulent transfers from the Debtors' funds.

3. The Trustee's professionals assisted in this case without payment for almost a year, and previously sought and obtained approval of interim fee applications for time through March 31, 2024. Since then, the Trustee has engaged in significant discovery efforts involving production of records from more than 100 parties, discovery disputes, various motion practice in pending adversary proceedings, contested discovery hearings, forensic analysis of hundreds of thousands of pages of financial records and other documents, and investigation of litigation claims.

4. The time period of this fee application is July 10, 2024 to October 31, 2024. By this Application, Jobe Law seeks approval of $75,742.50 for fees and expenses. This amount includes an approximate 25% hourly rate reduction from normal rates.

## II. EMPLOYMENT AND PRIOR COMPENSATION

5. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "Petition Date"). Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

6. On June 30, 2023, the Trustee filed an application for authority to employ Quilling, Selander, Lownds, Winslett & Moser, P.C. as special counsel in this case (Dkt. No. 69). On July 7, 2023, this Court entered an order approving the Trustee's employment of QSLWM (Dkt. No.

75). An expanded scope of QSLWM's engagement was thereafter confirmed pursuant to motion filed on September 11, 2023 (Dkt. No. 120) and approved by Court order on November 1, 2023 (Dkt. No. 144).

7. On June 30, 2023, the Trustee filed an application for authority to employ LainFaulkner as forensic accountants in this case (Dkt. No. 68). On July 7, 2023, this Court entered an order approving the Trustee's employment of LainFaulkner (Dkt. No. 74).

8. On April 24, 2024, QSLWM filed its First Interim Application for Allowance of Compensation and Reimbursement of Expenses (Dkt. No. 224), requesting the interim allowance of fees and expenses totaling $250,000.00 for the period May 12, 2023 through March 31, 2024. This amount included a $39,911.03 voluntary reduction. On May 15, 2024, this Court entered its Order Granting First Interim Application for Allowance of Compensation and Reimbursement of Expenses for QSLWM (Dkt. No. 247). The Trustee has paid Applicant the total amount of fees and expenses requested.

9. On April 25, 2024, LainFaulkner filed its First Interim Application for Allowance of Compensation and Reimbursement of Expenses for Lain, Faulkner & Co., P.C., as Accountants for the Chapter 7 Trustee (Dkt. No. 228), requesting the interim allowance of fees totaling $160,319.00 and expenses totaling $650.18 for the period June 1, 2023 through March 31, 2024. This amount included $18,722.50 in voluntary reductions. On May 23, 2024, this Court entered its Order Granting First Interim Application for Allowance of Compensation and Reimbursement of Expenses for Lain, Faulkner & Co., P.C., as Accountants for Chapter 7 Trustee (Dkt. No. 252). The Trustee has paid Applicant the total amount of fees and expenses requested.

10. On August 13, 2024, the Trustee filed his Motion for Approval of Employment of Special Counsel for Trustee (Dkt. No. 277) seeking to retain Jobe Law PLLC as special counsel

following Hudson Jobe's moving from QSLWM to Jobe Law PLLC. The engagement agreement included an agreed reduction in the normal hourly rates for investigation of claims through December 1, 2024:

| TIMEKEEPER RATE | NORMAL HOURLY RATE | DISCOUNTED RATE |
|---|---|---|
| Hudson M. Jobe | $525 | $400 |
| Paralegal | $175 | $125 |

11. On August 13, 2024, the Trustee filed his Motion for Approval of Employment of Special Counsel for Trustee (Dkt. No. 278) seeking to retain Lynn Pinker Hurst & Schwegmann, LLP, as special counsel to act as co-counsel to Jobe Law PLLC. The engagement agreement included an agreed reduction in the normal hourly rates for investigation of claims through December 1, 2024:

| TIMEKEEPER RATE | NORMAL HOURLY RATE | DISCOUNTED RATE |
|---|---|---|
| Alan Dabdoub | $875 | $450 |
| Campbell Sode | $625 | $350 |
| Whitney Gillespie, Paralegal | $345 | $200 |
| LP Doc Review Attorneys | $375 | $300 |

12. No agreement exists between movant and any other person or entity for the sharing of compensation to be received for services rendered in connection with this case, except that such compensation will be shared among the employees of movant.

13. No prior request for fees and expenses has been filed by Jobe Law.

### III. CASE BACKGROUND

14. Each of the Debtors operated a cattle feedlot and/or growyard. McClain Feed Yard, Inc. ("MFY") owned real property outside of Hereford, Texas; McClain Farms, Inc. ("MF") leased real property in Kentucky; and 7M Cattle Feeders, Inc. ("7M") owned real property outside of Friona, Texas (collectively, the "Debtors").

15. The Debtors' business operations have significant overlap, including one major secured creditor (Rabo AgriFinance LLC) whose alleged claim exceeds $53,000,000.00 pursuant

to its recent motion for relief from the automatic stay. Rabo claims cross-collateralization and a blanket lien on substantially all of the Debtors' assets. Further, many of the same vendors, customers and investors did business with all three Debtors. Finally, the owner of all three Debtor entities was Brian McClain.

16. All of the Debtors' business operations were shut down prior to their bankruptcy filings. All cattle and other livestock were apparently sold by the Debtors or removed by their alleged owner's pre-petition.

17. As discussed in prior pleadings, based upon the Trustee's investigation thus far, the Debtors' prebankruptcy operations appear to have constituted a massive fraud involving two cattle operations in Texas (Hereford and Friona) and one in Benton, Kentucky. The asserted unpaid claims exceed $175M so far, and the Debtors' records show several hundred million dollars flowing through the Debtors in the 3 years before bankruptcy. These cases will involve over 100 parties and their attorneys based upon the service list thus far.

18. The Debtors' owner, Mr. McClain, committed suicide on April 18, 2023, less than 2 weeks after the appointment of a Chief Restructuring Officer that was investigating the Debtors' financial affairs. The Trustee's investigation thus far, including with the assistance of the pre-bankruptcy CRO, has been considerable and will be ongoing for some time due to, among other things, the Debtors' poor and unreliable records.

19. It appears that the Debtors' cattle operations included at least some actual cattle transactions whereby, in some instances, the Debtors' purchased cattle ("Cattle Purchases"), and in other instances, took possession of third-parties' cattle for the Debtors' to fatten/grow prior to sale ("Feed Yard Services"). In addition to Cattle Purchases and Feed Yard Services, it appears that Mr. McClain also raised money from many "investors" pursuant to "partnership agreements"

whereby the "investors" would advance funds to one of the Debtors to "purchase" unspecified cattle from the Debtor (that were purportedly already under a contract for sale in the future at a higher weight and price), the Debtor would continue to hold and feed the cattle at its expenses, and the investor and applicable Debtor intended to split the later profit 1/3 to the Debtor and 2/3 to the investor (the "Partnership Agreements").

20. Over 100 claimants have asserted claims exceeding $100 million with the United States Department of Agriculture ("USDA") under the Dealer Trust Statute for allegedly unpaid amounts for Cattle Purchases, cattle that were dropped off for Feed Yard Services, investments under the Partnership Agreement, and possibly other transactions not yet specified by the claimants. Additionally, upon belief many of these claimants and possibly other parties ostensibly "reclaimed" millions of dollars of cattle in the chaotic period following Mr. McClain's death.

## IV.  CASE STATUS

21. The Trustee has spent considerable time and resources investigating the Debtors' pre-bankruptcy financial affairs, and the investigation is ongoing. Based upon his investigation thus far, the Trustee believes that the Debtors' estates may have claims against investors, lenders, and other agricultural entities.

22. In addition to various other funds, the Trustee obtained $3,000,000.00 that constitute the proceeds of certain Chapter 5 avoidance claims investigated, pursued, and ultimately settled by the Trustee related to the alleged fraudulent transfers of Debtors' funds for the purposes of funding term life insurance for Mr. McClain. The Court has previously approved interim fee applications allowing the Trustee to pay fees and expenses from this sum: $250,000.00 to QSLWM (Dkt. No. 247) and $160,969.18 to LainFaulkner (Dkt. No. 252).  Thus, $2,589,030.82 of the settlement of Chapter 5 claims remains after payment of prior professionals.

23. As discussed in prior hearings, the Trustee's investigation of additional claims is ongoing.  Since the prior interim fee applications, the Trustee has engaged in significant discovery efforts involving production of records from more than 100 parties, discovery disputes, various motion practice in pending adversary proceedings, contested discovery hearings, forensic analysis of hundreds of thousands of pages of financial records and other documents, and investigation of litigation claims. The Trustee anticipates pursuing additional claims against various third parties in the future in an effort to provide a meaningful return to good faith investors and creditors in this case. Virtually all of the claims in this case are contested, and therefore it is not possible to provide an interim dividend to general unsecured creditors at this time.

## V.  ATTORNEY'S FEES AND EXPENSES

24. By this Application, Jobe Law seeks approval of $75,742.50 for fees and expenses with respect to Jobe Law's representation from July 10, 2024 to October 31, 2024.

25. Exhibit "A," which is attached hereto and incorporated herein by reference for all purposes, conveys the following information for the time period covered by this Application:  (a) the number of hours worked by each attorney and staff member on a particular day; (b) the manner and type of work performed by each attorney and staff member; (c) the billing rate for each person rendering service in this matter; (d) the monetary value assigned to each task performed by a given attorney and/or staff member; and (e) the amount and description for all expenses for which Jobe Law seeks reimbursement.

## VI.  SUMMARY OF SERVICES RENDERED

26. Besides a nominal amount of time for employment matters, the services rendered during this time period all docus on **Investigation of Possible Estate Claims Assets.**  The time in this category includes the considerable ongoing investigation and research generally into potential claims of the estate stemming from the Debtors' significant prepetition transactions and other

transfers, which appear to constitute a massive Ponzi scheme. The time in this category includes the pursuit and processing of significant (and in some cases contested) discovery.

## VII. FIRST COLONIAL FACTORS

27. In support of this request for allowance of compensation and reimbursement of expenses, Jobe Law respectfully directs this Court's attention to those factors generally considered by Bankruptcy Courts in awarding compensation to professionals for services performed in connection with the administration of a bankruptcy estate, as enumerated in 11 U.S.C. § 330 and developed by case law. Specifically, section 330 provides, *inter alia*, that the allowance of professional compensation should be based upon the time, nature, extent and value of the services rendered as well as consideration of the cost of comparable services rendered in a non-bankruptcy context. The controlling authority in the Fifth Circuit is *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). In *First Colonial*, the Court of Appeals for the Fifth Circuit identified twelve factors to guide this Court's decision. Those factors as applied to the services rendered in this case by Jobe Law for the time period covered by this Application are addressed below.

(a) **The Time and Labor Required.** Jobe Law respectfully refers the Court to Exhibit "A," which details the services performed by Jobe Law's attorneys and paralegals in this case. The time period covered by this Application spans approximately 4 months. Jobe Law believes that all of the services performed are compensable in that they represent actual and necessary services performed in representing the Trustee in this case.

(b) **The Novelty and Difficulty of the Questions.** The tasks reflected in Exhibit "A" involved factual and legal questions that were of moderate difficulty.

(c) **The Skill Requisite to Perform the Service.** Jobe Law believes that practitioners unfamiliar with bankruptcy law would have been required to spend

considerably more hours than Jobe Law's attorneys and professional staff to perform the same tasks.

(d) **The Preclusion of Other Employment Due to Acceptance of the Case.** The time requirements of this case have been significant, and Jobe Law has been precluded from devoting as much time to other matters as it would have had it not been for its services as counsel for the Trustee in this case.

(e) **The Customary Fee.** The hourly rates sought herein are commensurate with the rates charged and approved in other bankruptcy proceedings pending in the Northern District of Texas. The hourly rates charged by the attorneys and paraprofessionals of Jobe Law who worked on this case are as follows: Hudson M. Jobe ($525.00 per hour per) licensed in 2003 and board certified in Business Bankruptcy Law by the Texas Board of Legal Specialization;

(f) **Whether the Fee is Fixed or Contingent.** Jobe Law's fee is fixed insofar as monies exist in the estate from which to pay such fees. Payment of Jobe Law's fees, however, is subject to Court approval and the requirements of the Bankruptcy Code and relevant case law.

(g) **Time Limitations Imposed by the Client or Other Circumstances.** The time requirements of this case have been significant.

(h) **The Amount Involved and the Results Obtained.** Applicant's work and effort in assisting the Trustee in this case has been both necessary and beneficial to the Debtors' estates and administration of the case. The Applicant's efforts and associated benefits to the Debtors' estates include assisting in the active investigation and discovery of documents and information that may give rise to substantial claims of the estate.

(i) **The Experience, Reputation and Ability of the Attorneys.** Hudson Jobe specializes in the practice of bankruptcy law and is Board Certified by the Texas Board of Legal Specialization in Business Bankruptcy Law.

(j) **The Undesirability of the Case.** The representation of the Trustee incident to this case has not been undesirable other than the delays and risks associated with payment of legal fees by a trustee in a chapter 7 case, which has been fairly significant in this case.

(k) **The Nature and Length of the Professional Relationship with the Client.** Jobe Law did not represent the Trustee in these proceedings prior to being retained as counsel.

(l) **Award in Similar Cases.** Jobe Law believes that the fees requested in this case are less than or equal to those which have been awarded in similar cases pending in this District.

## VIII.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Jobe Law requests that this Court enter an order approving Jobe Law's compensation of $75,742.50 in fees and expenses for the time period of July 10, 2024 to October 31, 2024, and granting Jobe Law such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

By: */s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

SPECIAL COUNSEL TO THE TRUSTEE

## PROFESSIONAL CERTIFICATION

I hereby certify (a) that I am the professional with responsibility to verify compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals as promulgated in the United States Bankruptcy Court for the Northern District of Texas ("Guidelines"); (b) I have read the Application; (c) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines; and (d) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Jobe Law and generally accepted by Jobe Law's clients.

*/s/ Hudson M. Jobe*
Hudson M. Jobe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing by ECF upon all persons who have filed ECF appearances in this case, including the Office of the United States Trustee.

*/s/ Hudson M. Jobe*
Hudson M. Jobe