# JOBE LAW PLLC
A PROFESSIONAL LIMITED LIABILITY COMPANY
ATTORNEYS AND COUNSELORS

6060 NORTH CENTRAL EXPRESSWAY, SUITE 500
DALLAS, TEXAS 75206

**HUDSON M. JOBE**
Board Certified Business Bankruptcy Law
Texas Board of Legal Specialization

TELEPHONE: (214) 807-0563
EMAIL: hjobe@jobelawpllc.com

July 15, 2024

(Via email – kent@kentries.com)
Kent Ries, Trustee
PO Box 3100
Amarillo, TX 79116-3100

Re: Legal Representation for Kent Ries, Trustee (referred to as "Client").

Dear Kent:

We are grateful for Client's decision to Jobe Law PLLC ("Jobe Law" or the "Firm"). This letter will confirm our firm's engagement and describe the basis on which our firm will provide legal services to Client.

**Client.** Our client in this matter will be Kent Ries, in his capacity as Chapter 7 Trustee for the bankruptcy estates of McClain Farms, Inc. (Case No. 23-20085-rlj7); McClain Feed Yard, Inc. (Case No. 23-20084-rlj7); and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7)(the foregoing cases are collectively referred to as the "Debtors").

**Scope of Engagement.** We have been engaged to represent Client as special counsel, which the parties expect to include obtaining and investigating records and other information of the Debtors, investigating litigation claims of the Debtors' bankruptcy estates, matters that would generally aid in that overall effort of identifying, pursuing, and liquidating assets of the Debtors, and other general legal advice and assistance to the Trustee. Because we are not Client's general counsel, our acceptance of this engagement does not involve an undertaking to advise Client, or represent him or his interests in, any other matter, except for other matters in which we may expressly agree to represent Client. Unless otherwise agreed to in writing, the scope of the Firm's retention does not include acting as counsel of record in any lawsuit or other proceeding other than the bankruptcy cases and related adversary proceedings.

It is impossible to predict the course, outcome or cost of the representation with any degree of certainty, especially at this early stage of my Firm's involvement. By your signature below, Client acknowledges that **we have not promised or otherwise guaranteed Client success in connection with this representation, including in connection with the bankruptcy cases or any related litigation.**

July 15, 2024
Page 2

**Client Responsibilities.** Client agrees to be candid and cooperative with us and to keep us informed with complete and accurate information, documents, electronically stored information and other data, and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us.

Because it is important that we be able to contact Client at all times regarding this representation, Client agrees to inform us, in writing, of any changes in the name, address, telephone number, contact person, e-mail address, or other relevant changes regarding Client. **Unless otherwise instructed, I will contact Kent Ries to keep Client informed of developments in the bankruptcy cases and to receive Client's instructions.**

**Advice about Possible Outcomes.** Either at the commencement or during the course of our representation, we may express opinions or beliefs concerning litigation or various courses of action and the results that might be anticipated. Any such statement made by any lawyer of our firm is intended to be an expression of opinion only, based on information available to us at the time, and should not be construed by Client as a promise or guarantee. How a judge, jury or arbitrator views the law or facts are variables subject to the vagaries of human nature beyond our control. The Firm makes no guarantee as to any outcome or a favorable result. **THE LAWYERS DISCLAIM ANY SUCH WARRANTIES.** The Firm's past victories or achievements are no guarantee they can be duplicated in this case. Client may win or lose at trial, and that decision could be upheld, reversed or modified on appeal. Client agrees that the Firm's analysis, cost estimates and opinions are not a guarantee of any kind.

**Termination of Engagement.** Client may at any time terminate our representation upon written notice to the firm. We reserve the right to withdraw from our representation as required or permitted by the applicable rules of professional conduct upon written notice to Client. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Client's interests in the above matters, and Client agrees to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal. If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and Client agrees not to oppose our request.

**Conclusion of Representation; Retention and Disposition of Documents.** Unless previously terminated, our representation of Client in this matter will terminate upon our sending Client our final statement for services rendered in the matter. At Client's request, his documents and property will be returned to Client, although the firm reserves the right to retain copies of any such documents as it deems appropriate. Our own files pertaining to the matter will be retained by the firm. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work product, such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such

July 15, 2024
Page 3

documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, and consistent with professional conduct rules, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement without further notice to Client.

**Post Engagement Matters.** Client is engaging the firm to provide legal services in connection with specific matters. After the matters conclude, changes may occur in the applicable laws or regulations that could have an impact upon Client's future rights and liabilities.

**Fees.** The principal basis for computing our fees will be the amount of time spent on the matter by various lawyers and legal assistants multiplied by their individual hourly billing rates. Our billing rates currently range from $425.00 to $525.00 for attorneys and $150.00-$250.00 for paralegals and other consultants. My normal hourly rate is $525.00. Our billing rates are subject to change from time to time, and I will notify Client if there are any increases so that we may discuss them. Each January, we reserve the right to raise the hourly rates we charge by up to 10%. The Firm will send invoices to Client on a monthly basis.

The Firm agrees to the following discounted rates for the investigation of claims through December 1, 2024:

| TIMEKEEPER RATE | NORMAL HOURLY RATE | DISCOUNTED RATE |
|---|---|---|
| Hudson M. Jobe | $525 | $400 |
| Paralegal | $175 | $125 |

Although impossible to predict with certainty, the parties plan to divide the investigation tasks as follows:

1. Document review and analysis – These activities would be split between Lynn Pinker Hurst & Schwegmann, LLP ("LPHS") and Jobe Law's document review attorneys/paralegals and Lain Faulkner, under Messrs. Dabdoub and Jobe's oversight;

2. Discovery disputes – We anticipate having to compel several parties to produce additional documents. Those activities will be split between LPHS and Mr. Jobe, with an LPHS associate, Campbell Sode, assisting on drafting pleadings and legal research.

3. Analysis and development of potential claims – These activities would be led by Mr. Dabdoub as to professional liability and lender liability claims, and Mr. Jobe on avoidance claims and Ponzi scheme issues, with Mr. Sode assisting both on legal research.

July 15, 2024
Page 4

      4.      Depositions – If any depositions occur during the investigation, LPHS and Mr. Jobe will endeavor to staff a deposition with only one attorney. Depending on the subject matter of the deposition, Mr. Dabdoub or Mr. Jobe would likely be the attorney to conduct or defend the deposition.

The foregoing discounted rates shall conclude on December 1, 2024 and shall not include the filing of any lawsuits. The Client, Jobe Law, and LPHS intend to discuss alternative fee arrangements in connection with any services contemplated to be provided after December 1, 2024 and/or related to the filing of any lawsuits.

    **It is anticipated that a substantial amount of fees and expenses in this engagement will be individual tasks or expenses that benefit more than one of the Debtor's bankruptcy estates. For those fees and expenses, the Firm will utilize a single billing invoice, and all three Debtors' estates will be jointly and severally liable for those fees and expenses. For fees and expenses that are clearly relevant to only one of the Debtor's estates, the Firm will bill those fees and expenses on a separate invoice for that particular Debtor's estate, and only the specific Debtor's estate will be responsible for this separate invoice. However, the Firm reserves the right to seek Bankruptcy Court approval of payment of separate fees and expenses from other Debtor's estates in the event such fees and expenses have benefited other Debtor's estates.**

    **Costs.** We will include on our statements separate charges for expenses related to the performance of our services, such as copying, messenger and delivery service, and travel. Such expenses may also include filing fees, deposition costs, process servers, court reporters, and witness fees. After consultation with Client, we may retain on Client's behalf any investigators, consultants, or experts necessary in our judgment to represent Client's interests in this matter. Their fees and expenses generally will not be paid by us, but will be billed directly to Client and/or per other arrangements as authorized by the Bankruptcy Court.

    **Estimates.** The fees and costs relating to this matter are not predictable. Accordingly, we have made no commitment to Client concerning the maximum fees and costs that will be necessary to resolve or complete this matter. Any estimate of fees and costs that we may have discussed represents only an estimate. It is also expressly understood that the obligation to pay the firm's fees and costs is in no way contingent on the ultimate outcome of the matter.

    **Conflict Considerations and Agreement.** We understand and agree that this is not an exclusive engagement, and that Client is free to retain any other counsel for any aspect of this case. Nonetheless, we recognize that we are disqualified from representing any other client with interests materially and directly adverse to Client in any matter (i) which is substantially related to this representation or (ii) where there is a reasonable probability that confidential information Client furnished to us could be used to Client's disadvantage. Client understands and agrees that with those exceptions, our representation of Client in this matter will not prevent or disqualify us

July 15, 2024
Page 5

from representing clients adverse to Client, or whose interests may conflict with Client in litigation, business transactions, or other matters.

**The Firm represents a number of trustees, receivers, lawyers, law firms, and businesses in various matters. This means that we may have represented, may currently represent, or in the future may represent counsel or other parties that oppose Client's interests. This will not in any way affect the diligence or vigor with which we represent Client's interests in any matter on which Client engages our Firm.** Finally, many of the Firm's lawyers, directly or beneficially, own interests in publicly held corporations and other entities as well as in real property. Our system used for checking conflicts of interest does not contain data as to investments made individually by each of the Firm's lawyers, paralegals or other personnel.

**Tax Implications - No Tax Advice.** Tax implications may arise from this engagement, including but not limited to the taxation of any monetary or other recovery or payment or other settlement terms including any award or payment of attorneys' fees. We do not provide tax advice. Client agrees and acknowledges that tax advice is not within the scope of my engagement and no discussions or communications we may have, even if they touch upon or relate to potential tax issues or matters, should not or will not be considered tax advice. The Client agrees and understands that he should seek the counsel of an accountant or tax attorney to advise on all tax issues, including, for example, the tax consequences to the Client or any other person or entity of any recovery or payment, or other settlement terms of the case or any of the Matters.

Without limiting the foregoing, Client agrees and acknowledges that I am not advising Client with respect to the tax treatment or characterization of the Client's expenditures or fee payments pursuant to this Agreement or the tax consequences of any settlement or judgment in this matter. In addition, in accordance with Internal Revenue Service Circular 230, I inform Client that any discussions of federal tax issues contained in any communications with Client during the course of this engagement are not intended or written to be used, and cannot be used, by any recipient for the purpose of (i) avoiding penalties that may be imposed on the recipient under United States federal tax laws, or (ii) promoting, marketing or recommending to another party any tax-related matters.

**Termination of Engagement.** Our relationship is based upon mutual consent and Client has the right to terminate our services and representation at any time, with or without cause, upon written notice to the Firm. Your termination of our services will not affect your responsibility for payment of fees for legal services and of other charges incurred before termination and in connection with an orderly transition of the case.

We are subject to rules of professional conduct, which list several circumstances that require or allow us to withdraw from representing a client, including nonpayment of fees or

July 15, 2024
Page 6

costs, misrepresentation or failure to disclose material facts, fundamental disagreements, and conflict of interest with another client. We reserve the right to withdraw from our representation if you fail to cooperate or follow our advice on a material matter, or any fact of circumstance that would, in our view, render our continuing representation unlawful or unethical. No termination of our engagement terminates or affects your obligation to pay for services rendered, costs or expenses paid or incurred on your behalf or any indemnification payable with respect to services rendered prior to the date of such termination.

Our relationship automatically ends upon written notice of the end of the case. If you breach this Agreement or other good cause exists, the Texas Disciplinary Rules permit or requires the Firm or its lawyers to withdraw, you agree that the Firm is relieved from doing any further work and has the absolute right to withdraw immediately from representing you and you will not oppose the withdrawal. If the Firm withdraws, it will give written notice and, upon reasonable notice, will return your papers and property and be owed all attorneys' fees and expenses up to the time of its withdrawal. The Firm has no duty to find you other attorneys if the Firm withdraws.

**Notice Regarding Grievance Process.** The Texas State Bar Act, effective January 1, 2004, requires all attorneys that practice law in Texas to notify their clients of the grievance process. A client may file a grievance against an attorney if the client believes the attorney has committed actionable conduct. The Act requires attorneys to notify clients of the grievance process. **The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 for more information.**

**Law Governing All Disputes. Our agreement shall be governed by, construed, and interpreted and enforced in accordance with and subject to the laws of the State of Texas without regard to any conflicts of law rules or principles.**

**Entire Agreement.** This letter constitutes the entire understanding and agreement between Client and this Firm regarding the terms of our engagement in this matter and supersedes any prior understandings and agreements, written or oral. If any provision of this engagement letter is held by a court or arbitration panel to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect. This (i) constitutes the entire agreement between Client and the Firm regarding your engagement of us to represent Client, (ii) is subject to no oral agreements or understandings and (iii) can be modified or changed only by a further written agreement signed by Client and the Firm. No obligation or undertaking not expressly set forth in this Agreement shall be implied on the part of Client or the Firm.

July 15, 2024
Page 7

    The Firm cannot advise You regarding whether or not it is in Client's best interest to have the Firm represent Client in accordance with the terms set forth above. Client should seek the advice of a different attorney regarding the advisability of Client signing this Agreement or any alternative agreement Client might be able to obtain with the Firm or another attorney.

    Please review this letter carefully. If it meets with Client's approval, please sign the letter in the space provided below and return it to me for the firm's records. Please call me if you have any questions.

Sincerely,

/s/ Hudson M. Jobe

Understood and Agreed:

_____
Kent Ries, in his capacity as Chapter 7 Trustee for the bankruptcy estates of McClain Farms, Inc. (Case No. 23-20085-rlj7); McClain Feed Yard, Inc. (Case No. 23-20084-rlj7); and 7M Cattle Feeders, Inc. (Case No. 23-20086-rlj7)

Date: 7/17/24