HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

SPECIAL COUNSEL TO THE TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | |
| **MCCLAIN FEED YARD, INC., et al.,**[1] | § | **CASE NO. 23-20084-SWE-7** |
| | § § § | |
| Debtors. | § | Jointly Administered |

**APPLICATION FOR ALLOWANCE OF CONTINGENCY FEE
ON SETTLEMENT WITH CARR, RIGGS & INGRAM, L.L.C.
OF LYNN PINKER HURST & SCHWEGMANN, LLP AND JOBE LAW PLLC,
<u>SPECIAL COUNSEL FOR CHAPTER 7 TRUSTEE</u>**

<u>NOTICE</u>

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT COURTROOM 3, 14TH FLOOR, 1100 COMMERCE STREET, DALLAS, TEXAS, 75242 BEFORE CLOSE OF BUSINESS ON JUNE 30, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-SWE), McClain Farms, Inc. (Case No. 23-20085-SWE), and 7M Cattle Feeders, Inc. (Case No. 23-20086-SWE)

**PAGE 1**

**TO THE HONORABLE SCOTT W. EVERETT, BANKRUPTCY JUDGE:**

Lynn Pinker Hurst & Schwegmann ("Lynn Pinker") and Jobe Law PLLC ("Jobe Law"), special counsel to Kent Ries, Trustee ("Trustee") of the referenced Chapter 7 bankruptcy cases the "Bankruptcy Cases"), file their Application for Allowance of Contingency Fee on Settlement with Carr, Riggs & Ingram, L.L.C. (the "Application"), and would respectfully show the Court as follows:

## I.  SUMMARY OF RELIEF REQUESTED

1. Pursuant to the Retention Terms (defined) below, Lynn Pinker and Jobe Law have been employed on a contingency fee for: 28% recovered pre-suit, 33% following the filing of a lawsuit, 35% upon the start of trial, and 40% if an appeal is pursued, with such fee being split 60% to Lynn Pinker and 40% to Jobe Law.

2. On June 4, 2025, the Court granted the *Trustee's Motion for Approval of Compromise and Settlement with Carr, Riggs, & Ingram, L.L.C. and CRI Advisors, LLC* (the "9019 Motion") and approved the Trustee's compromise and settlement (the "Settlement") with Carr, Riggs, & Ingram, L.L.C. ("CRI") (Dkt. No. 349). Pursuant to the Settlement, the Trustee recovered $5,450,000.00 (the "CRI Settlement Payment") from CRI on various potential tort claims and avoidance actions.

3. Both Lynn Pinker and Jobe Law now respectfully request the allowance and payment of their contingency fee from the CRI Settlement Payment in the total amount of $1,526,000.00 (with $915,600 to Lynn Pinker and $610,400 to Jobe Law).

## II. PROCEDURAL BACKGROUND

4. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "Petition Date"). Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

5. On December 12, 2024, the Trustee filed his Application to Retain Contingency Litigation Counsel Under 11 U.S.C. § 328(A) to retain Lynn Pinker and Jobe Law as contingency fee counsel on the basis that the Trustee intended pursue claims on behalf of the Debtors' estates. (Dkt. No. 316). The Court granted that Application on January 8, 2025 (Dkt. No. 325) (the "Retention Order").

6. A complete copy of the retention terms approved by the Court (the "Retention Terms") are attached as Exhibit A to the Trustee's Application. In summary, the Retention Terms provide for:

 a. Contingent Fee - a combined, sliding scale Contingent Fee based upon each Gross Recovery in connection with the Cases: 28% obtained by way of settlement prior to the filing of a lawsuit; 33% obtained following filing of a lawsuit, adversary proceeding, arbitration, or other proceeding; 35% upon the start of any trial on the merits; and 40% if an appeal is pursued. "Gross Recovery" means anything of value received or to be received by Client in the Cases directly or indirectly for the benefit of the Debtors' estates or creditors in the Cases (money, property, securities, etc.), without any setoff, and includes intangibles (such as claim disallowance, claim subordination, avoidance of lien, debt forgiveness or credits, or other benefit received to the Debtors' estates). Intangible items are valued at their fair market value as of the date they are conveyed. Gross Recovery also includes attorneys' fees and/or other legal expenses awarded and paid to the Client by the defendant(s) as well as any other payments, even if paid over time. Gross Recovery specifically includes any costs of court, sanctions, punitive damages, and/or interest. Payment of the Contingent Fee will occur after the funds are received by the Client and upon approval by the Bankruptcy Court.

 b. Gross Recovery - includes non-cash payment benefits to the estates, such as reduction of claims, subordination of claims, avoidance of liens, and any benefits for remedies such as substantive consolidation or alter ego. For example, should the Firms successfully resolve a suit for recovery of $100,000.00 cash from a creditor, and disallowance of that same creditor's asserted $100,000.00 claim following the filing of a lawsuit but in advance of trial, the Firms would be entitled to a 33% fee of the cash payment ($33,000.00) and 33% of the benefit to the Debtors' estate for the disallowance of the $100,000.00 claim. If the Cases result in, for example, a 20% distribution to unsecured creditors whereby such claim would have received a $20,000.00 distribution, the Firms would be entitled to a $6,666.66 fee for the disallowance of the claim (33% of the 20% distribution). It is expressly agreed and

understood that the noncash benefits might not be ascertainable at the time of recovery on a particular matter, and in such event, the Firms will be entitled to immediate payment of the items capable of calculation at that time (such as cash payments) and may make subsequent application for the payment of any non-cash payment benefits to the estate at a later date.

c. <u>Division of Fee</u> - the Firms anticipate that there will be substantial overlap between the various claims pursued in the Cases. Accordingly, both Firms assume joint responsibility for the representation. It is contemplated that Lynn Pinker will take a leading role in claims against accountants and banks, with Jobe Law providing a supporting role, and Jobe Law will take a leading role in the other avoidance and related claims against investors, insiders, and other parties, with Lynn Pinker providing a supporting role. The Firms believe that a division of the Contingency Fee 60% to Lynn Pinker and 40% to Jobe Law represents a fair allocation of the proportionate value of professional services to be rendered by the Firms and have agreed to this allocation between the Firms.

## III.  CASE STATUS

7. On March 14, 2025, the Trustee instituted Adversary Proceeding No. 25-02005-SWE (the "<u>Adversary Proceeding</u>"). The Trustee's allegations are extensively briefed in the Adversary Complaint (Adv. Dkt. No. 1), as well as the Trustee's Motion to Intervene and Motion to Enforce Automatic Stay filed in Adversary Proceeding No. 24-02007-SWE.

8. As part of its investigations in preparing to file the Adversary Proceeding, the Trustee alleged that CRI botched the bookkeeping and review services performed for Debtors between 2019 and 2022. The Trustee also alleged that mishandling of Debtors' financial statements by CRI allowed the Debtors to artificially inflate the appearance of Debtors' actual operations and run a Ponzi scheme for many years.

9. The Trustee intended to assert the following claims against CRI: (i) knowing participating in breach of fiduciary duties; (ii) common law civil conspiracy; (iii) professional negligence; (iv) preference under the Bankruptcy Code in the amount of $6,300. (the "Preference Claim"); and (v) fraudulent transfer claims (the "Fraudulent Transfer Claims") under state law and

the Bankruptcy Code to avoid and recover the approximate $260,000.00 in fees paid for the purported accounting services rendered.

10. CRI denied all liability alleged by the Trustee.

11. CRI's engagement letters required pre-suit mediation, which the Trustee alleged did not apply to his claims. In order to avoid any arguments concerning the application of same, on October 18, 2024, the Trustee served a mediation demand letter on CRI. The parties mediated their disputes on March 10, 2025 before Christopher Nolland. After a full day of mediation, Mr. Nolland made a mediator's proposal to compromise and settle all Estate claims for $5,450,000.00, which both sides ultimately accepted on March 13, 2025.

12. On May 8, 2025, the Trustee filed its 9019 Motion (Dkt. No. 343) and the Court granted it and approved the Settlement on June 4, 2025 (Dkt. 349).

## IV. DISCUSSION

13. The Court expressly approved the Retention Terms by its Retention Order, under section 328(a) of the Bankruptcy Code. That section provides for the retention of an estate professional "on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). The Court may allow different compensation from that agreed to only "if such terms and conditions [previously approved] prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *Id.*

14. This exception does not apply here. Since the Court's Retention Order, it has been understood that Lynn Pinker and Jobe Law would prosecute the Estate's claims (including against CRI) on a contingency, as is standard in a case such as this. Nothing about the Retention Terms is strange or unusual. There have been no developments that were incapable of being anticipated at the time of the Retention Order. Therefore, as the Court has now granted the 9019 Motion and

approved the Settlement, all conditions to payment in the Retention Order and the Retention Terms have been satisfied, and Lynn Pinker and Jobe Law are entitled to their contingency award.

15. As mediation with CRI occurred prior to the filling of the Adversary Proceeding, pursuant to the Retention Terms, Lynn Pinker and Jobe Law are entitled to a combined 28% of the settlement fee of $5,450,000, or $1,526,000.00.

16. Moreover, the Retention Terms provide that the contingency fees will be divided such that 60% of any such fee will be payable to Lynn Pinker and 40% will be payable to Jobe Law. Accordingly, of the $1,526,000 contingency fee, $915,600 will be payable to Lynn Pinker and $610,400 to Jobe Law.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Lynn Pinker and Jobe Law respectfully request that the Court enter an order: (i) allowing this Application; (ii) approving and ordering the payment of the contingency fee in the amount of $1,526,000, with $915,600 of that fee payable to Lynn Pinker and $610,400 of that fee payable to Jobe Law; and (iii) granting Lynn Pinker and Jobe Law such other and further relief, general or special, at law or in equity, to which they may be justly entitled.

Dated: June 9, 2025

Respectfully submitted,

*/s/ Hudson M. Jobe*
Hudson M. Jobe
State Bar No. 24041189
hjobe@jobelawpllc.com
**Jobe Law PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: (214) 807-0563

**SPECIAL COUNSEL FOR THE TRUSTEE**

Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
**Lynn Pinker Hurst & Schwegmann LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**SPECIAL COUNSEL FOR THE TRUSTEE**

## CERTIFICATION OF PROFESSIONAL

The undersigned hereby certifies that (a) the undersigned is the professional designated by the Applicant with the responsibility in this case for compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals dated Effective January 1, 2001 for the United States Bankruptcy Court for the Northern District of Texas; (b) the undersigned has read this Application; and (c) to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the guidelines, except as specifically noted in this Application;

*/s/ Hudson M. Jobe*
Hudson M. Jobe

## CERTIFICATE OF SERVICE

I hereby certify that June 9, 2025, a true and correct copy of the foregoing was served via the Court's ECF system on the debtors, debtors' counsel, the United States Trustee, and all parties that have appeared and requested notice via the Court's ECF system.

*/s/ Hudson M. Jobe*
Hudson M. Jobe