HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

SPECIAL COUNSEL TO THE TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § § § § | CASE NO. 23-20084-SWE-7 |
| Debtors. | § | Jointly Administered |

## AGENDA FOR 6/30/25 STATUS CONFERENCE

1. **Parties**



---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-swe), McClain Farms, Inc. (Case No. 23-20085-swe), and 7M Cattle Feeders, Inc. (Case No. 23-20086-swe)

2. **Main Case: McClain Feed Yard, Inc. 23-20084 (lead).**
    a. Appointment of CRO, Glenn Karlburg (4/23).
    b. Brian McClain's death (4/18/23).
    c. Cattle reclamation (4/18/23 - 4/20/23)
    d. Rabo takes possession of records (4/23).
    e. Petition Date (4/28/23).
    f. Trustee interviews counsel (4/23/23 - 5/20/23).
    g. USDA Dealer Trust Claim Issues (7/1/23 - 10/11/23).
    h. Forensic Accounting (10/23 - 10/24).
    i. Motion to Transfer Venue (7/18/23 - 12/28/23).
    j. $3 million settlement with Goad/Moreland (12/28/23).
    k. Investor discovery (2/7/24 - 4/16/24).
    l. Bank, cattle buyer, and accountant discovery (began 5/1/24).

3. **USDA Issues: 7 U.S.C. § 217(b):  §217b. Statutory trust established; dealer**

    (a) Establishment

    (1) In general

    *All livestock purchased by a dealer in cash sales and all inventories of, or receivables or proceeds from, such livestock shall be held by such dealer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid cash sellers.*

    (2) Exemption

    Any dealer whose average annual purchases of livestock do not exceed $100,000 shall be exempt from the provisions of this section.

    (3) Effect of dishonored instruments

    For purposes of determining full payment under paragraph (1), a payment to an unpaid cash seller shall not be considered to have been made if the unpaid cash seller receives a payment instrument that is dishonored.

    (b) Preservation of trust

    An unpaid cash seller shall lose the benefit of a trust under subsection (a) if the unpaid cash seller has not preserved the trust by giving written notice to the dealer involved and filing such notice with the Secretary-

    *(1) within 30 days of the final date for making a payment under section 228b of this title in the event that a payment instrument has not been received; or*
    *(2) within 15 business days after the date on which the seller receives notice that the payment instrument promptly presented for payment has been dishonored.*

    (c) Notice to lien holders

    When a dealer receives notice under subsection (b) of the unpaid cash seller's intent to preserve the benefits of the trust, the dealer shall, within 15 business days, give notice to all persons who have recorded a security interest in, or lien on, the livestock held in such trust.

    (d) Cash sales defined

    For the purpose of this section, a cash sale means a sale in which the seller does not expressly extend credit to the buyer.

(e) Purchase of livestock subject to trust

(1) In general

A person purchasing livestock subject to a dealer trust shall receive good title to the livestock if the person receives the livestock-

(A) in exchange for payment of new value; and
(B) in good faith without notice that the transfer is a breach of trust.

(2) Dishonored payment instrument

Payment shall not be considered to have been made if a payment instrument given in exchange for the livestock is dishonored.

(3) Transfer in satisfaction of antecedent debt

A transfer of livestock subject to a dealer trust is not for value if the transfer is in satisfaction of an antecedent debt or to a secured party pursuant to a security agreement.

*(f) Enforcement*

Whenever the Secretary has reason to believe that a dealer subject to this section has failed to perform the duties required by this section or whenever the Secretary has reason to believe that it will be in the best interest of unpaid cash sellers, the Secretary shall do one or more of the following-

*(1) appoint an independent trustee to carry out the duties required by this section, preserve trust assets, and enforce the trust;*

*(2) serve as independent trustee, preserve trust assets, and enforce the trust; or*

*(3) file suit in the United States district court for the district in which the dealer resides to enjoin the dealer's failure to perform the duties required by this section, preserve trust assets, and to enforce the trust. Attorneys employed by the Secretary may, with the approval of the Attorney General, represent the Secretary in any such suit. Nothing herein shall preclude unpaid sellers from filing suit to preserve or enforce the trust.*

4. **Filed USDA Claims and Proofs of Claim.**
    a. Over 100 USDA claims filed in excess of $122 million.
    b. Detailed USDA/POC List – Exhibit A.
    c. Example of nature of claims:

### Cattle Feeding agreement

This agreement exists to identify the partnership of Brian McClain/McClain Feedyard/7M feeders, 2548 CR 15 Friona Tx. 79035, and Thorlakson Diamond T feeders who are involved in cattle feeding arrangement. The arrangement allows for Thorlakson Diamond T Feeder LP to purchase the calves from Brian McClain/Mclain Feedyard/7M feeders. At the time of purchase the cattle have also been contracted for sale at a pre-determined price. Brian McClain will grow the cattle to the desired weight and will cover the costs incurred to do so. These costs will include the feed and supplements provided by McClain Feedyard or 7M feeders, as well as all processing, medicine, trucking, and yardage expenses related to the cattle. Once the cattle have reached the desired weight, the profit will be determined as such:

Sale price of the feeder cattle

Minus

Cost stated above that McClain incurs.

Minus

Original cost of the calves returned to Thorlakson Diamond T Feeders LP

Equals profit.

Profit divided 1/3 McClain and 2/3 Thorlakson Diamond T Feeders LP

This agreement is for __408__ head of heifer calves at a total weight of __237,292__ lbs. at a price of __163.14__ per pound. They are lots __946__ and located at 7M feeders or McClain feeders.

Total cost for this group of calves is $ __390,380.99__ which Thorlakson Diamond T Feeders has paid to McClain Feedyard or 7M feeders.

These feeder cattle are forward contracted to sell at $ __160.01__ per lb. at an average weight of __775__ lbs.

Tom Thorlakson                                                                 Brian McClain

_/s/ Tom Thorlakson_                                                         _/s/ Brian McClain_

Thorlakson Diamond T Feeders LP         McClain Feedyard's/7M Feeders

Date Signed __Dec 1, 2022__

d. USDA Determination:

| Claim Amount | Apparently Non-Valid Amount | Apparently Valid Amount |
|---|---|---|
| $122,295,867.46 | $119,364,927.13 | $2,930,940.33 |

5. **Adversary Proceeding No. 24-02007 (consolidated).**
    a. 23-05002 (First Bank v. 2B) (removed) (7/13/23).
    b. 23-05003 (HTLF v. 2B) (removed) (7/13/23).
    c. 24-02002 (Investors v. Rabo, HTLF, Mechanics Bank, Goad) (removed) (3/28/24).
    d. Remand denied and consolidation and abatement ordered (8/19/24).
    e. Standing issues are currently pending.

6. **Adversary Proceeding No. 23-02005 (Rabo v. USDA Claimants)(11/23/23).**
    a. Determine lien/trust fund rights to estate property.
    b. Rabo MSJ denied without prejudice on standing issues (2/10/25).

7. **Adversary Proceeding No. 25-02003 (Trustee avoidance claims)(3/2/25).**
    a. Investors/partners and family members that received life insurance and other payments.

8. **Adversary Proceeding No. 25-02005 (Trustee bank lawsuit)(3/14/25).**
    a. Defendants are Rabo, Mechanics Bank, CFSB.

9. **Recent Main Case Events.**
    a. Order on Motion to Compel Discovery from Rabo (10/29/24).
    b. Carr, Riggs & Ingram Settlement ($5.45 million)(6/4/25).

10. **Future Issues to Address.**
    a. Overlap of claims/parties in adversary proceedings.
    b. Outstanding discovery due on prior main case discovery orders/subpoenas.
    c. Scheduling orders and new discovery in adversary proceedings.
    d. Expert retention.
    e. Substantive consolidation.

Respectfully submitted,

*/s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com


**AND**

Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:   214-981-3800
Facsimile:   214-981-3839

**SPECIAL COUNSEL TO THE TRUSTEE**

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 29, 2025, a true and correct copy of the foregoing was served via the Court's ECF system on the debtor, debtor's counsel, the United States Trustee, and, all parties that have appeared and requested notice via the Court's ECF system.

    */s/ Hudson M. Jobe*
    Hudson M. Jobe