ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

SPECIAL COUNSEL TO THE TRUSTEE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| McClain Feed Yard, Inc., et al., | § § § | Case No. 23-20084-swe7 |
| Debtors. | § § § | Jointly Administered |

### TRUSTEE'S MOTION TO COMPEL CFSB'S COMPLIANCE
### WITH RULE 2004 DOCUMENT SUBPOENA

Trustee Kent Reis files this Motion to Compel CFSB'S Compliance with Rule 2004 Document Subpoena, and, in support thereof, respectfully shows as follows:

### INTRODUCTION

CFSB is a community bank in a small town of 4,700 people: Benton, Kentucky. CFSB touts its focus on customer relationships, and it had a very significant relationship with Brian McClain and his family, including two large loans to Debtor McClain Farms, Inc. ("MF") that it later sold, MF's bank account, and accounts for McClain and his family members. There is currently no information available about why CFSB fortuitously sold the loans to MF to another bank. Long before the McClain

Ponzi scheme became public knowledge, the Trustee believes people in Benton knew about the large returns being promised to investors and were raising questions about his supposedly massive herd of cattle. Not surprisingly, CFSB wants to avoid full discovery because it most likely knew Brian McClain better than anyone.

More than eight months **before** the Trustee filed his adversary proceeding, the Trustee served a Rule 2004 deposition subpoena on CFSB. Soon thereafter, CFSB responded to the Trustee's Rule 2004 document production, raised only minor objections, and represented that it would produce responsive documents. CFSB's production is woefully insufficient. Among other deficiencies, the production only includes 24 pages of communications, does not include communications regarding the MF account, does not include check kite reports, does not include the back of check images for the MF account, and CFSB has not disclosed the relevant custodians for email or any search terms that were run. Further, despite being a highly regulated bank that is required to maintain certain records, CFSB has not produced standard documents that other banks like Rabo and Mechanic's Bank have produced. Yet CFBS has filed a Rule 12(b)(6) motion to dismiss that seeks to capitalize on CFSB's deficient production by arguing that the Trustee cannot allege his claims against CFSB with enough specificity.

The Trustee raised the production deficiencies with CFSB, who refused to produce further documents by arguing that the filing of an adversary proceeding prevents the Trustee from enforcing the Rule 2004 subpoena. But, while the pending proceeding rule would prevent the Trustee from serving new Rule 2004 discovery on CFSB in the adversary proceeding, the Trustee still may enforce Rule 2004 discovery served **before** the filing of an adversary proceeding. CFSB and the Trustee have thus not been able to resolve their discovery dispute. Ex. G. The Trustee therefore respectfully requests an order compelling CFSB to produce documents responsive to the Trustee's Rule 2004 document subpoena.

2

**I.     Relevant Facts**

1.     More than one year before filing an adversary proceeding against CFSB, the Trustee filed a motion seeking a Rule 2004 order to issue document and examination subpoenas to various third parties, including the issuance of a document subpoena to CFSB. See Docket No. 241 (Order Granting Trustee's Ex Parte Motion for Rule 2004 Order Authorizing the Issuance of Document and Examination Subpoenas to Various Third Parties). The motion seeking the Rule 2004 authorization attached a copy of the proposed subpoena to CFSB.

2.     To identify the financial history of the Debtors, the Trustee's Rule 2004 document requests to third parties were justifiably broad and covered several years. For example, the Trustee's discovery on parties that filed USDA claims and Proofs of Claim sought all documents concerning all transactions with the Debtors, including communications, and the preparation of a single interrogatory summarizing all of the party's transfers to and from the Debtors. Those parties heavily resisted that discovery. In response, the Trustee further briefed his need for the discovery, including laying out in detail the alleged apparent Ponzi-scheme nature of the Debtors' business and the potential avoidance claims. The Court held a contested, evidentiary hearing on March 18, 2024. Judge Jones thereafter issued a written opinion on the requested discovery on April 19, 2024, and found that, among other things, "[t]he Trustee's testimony . . . revealed that the Debtors' record keeping, or lack thereof, creates a need for documents to establish the financial history of the Debtors and to identify invoices and contracts related to transfers to and from the Debtors."[1] The Court further overruled the parties' objections to the time scope of the requests and other limitations, and ordered the production of all records concerning their transactions with the Debtors and communications concerning such

---

[1] *See* ECF No. 223, Case No. 23-20084.

transfers, and responses to the Trustee's interrogatory subject to certain rights under Federal Rule of Civil Procedure 33(d).[2]

3. On May 6, 2024, the Court granted the Trustee's Motion as to CFSB, among other third parties. Docket No. 241. The authority granted by the Court authorized the issuance of the CFSB subpoena "for the compelled production of the records and documents." *Id.* at 2.

3. Counsel for CFSB agreed to accept service of the document subpoena. Ex. A (May 8, 2024 email from Aaron Kaufman). The subpoena was served on CFSB on May 10, 2024. *Id.* The subpoena had a compliance date of May 31, 2024.

4. The subpoena sought the following documents from CFSB:

1. All documents or electronically stored information accessible to You concerning Accounts and all Debtor/Affiliate Loans. This includes:

    a. All remote deposit detail (including wire receipts and checks). This includes all documents or electronically stored information evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents evidencing, concerning, or documenting the transfer of money or property in any Debtor/Affiliate Accounts or any Debtor/Affiliate Loans;

    b. All withdrawal detail (including wire requests and checks). This includes all documents or electronically stored information evidencing all financial transaction activities or transfers of funds, including checks, wire transfer records, deposit records, payment records or other documents evidencing, concerning, or documenting the transfer of money or property in any Debtor/Affiliate Accounts or any Debtor/Affiliate Loans;

    c. All signature cards, account opening agreements, and other agreements or contracts governing Debtor/Affiliate Accounts and Debtor/Affiliate Loans;

    d. All communications between You and any Debtor or any Debtor Affiliate;

    e. All communications between You and any third party referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan;

    f. All Your internal communications referring or relating to the Debtor or a Debtor Affiliate, including the Debtor/Affiliate Accounts or any Debtor/Affiliate Loan;

---

[2] *Id. See also*, ECF Nos. 233 and 234, Case No. 23-20084.

4

      g. All financial analysis and reports You have prepared concerning any of the Debtors or Debtor Affiliates, including working papers and drafts;

      h. All loan and security documents or electronically stored information evidencing or documenting any Debtor/Affiliate Loan, and any documents or electronically stored information concerning a Debtor/Affiliate Loan, including but not limited to loan history reports, loan ledgers and any loan statements;

      i. All documents or electronically stored information evidencing, referencing, or otherwise concerning any transfer of property by, on account of, or on behalf of, any of the Debtors or the Debtor Affiliates, including but not limited to any transfers made in connection with Debtor/Affiliate Account or Debtor/Affiliate Loan;

      j. All documents or electronically stored information referencing any of the Debtors or the Debtor Affiliates;

      k. All reports generated by procedures, systems, or controls for detecting kiting or other bank fraud that refer to any of the Debtors or any of the Debtor Affiliates, or are concerning any Debtor/Affiliate Account or Debtor/Affiliate Loan. This includes any party or outside vendors. This includes all documents or other correspondence that forwards, discusses, relates to or otherwise references any report responsive to this request.

2. All documents or electronically stored information concerning either: (a) any transfer of property to any of the Debtors or the Debtors' Affiliates (including anyone on any of their behalf); or (b) any transfer of property by the Debtors or the Debtors' Affiliates (including anyone on any of their behalf). Documents responsive to this request include, but are not limited to: (1) banking records (such as bank statements, copies of checks, wire instructions, wire receipts, ledger entries); (2) investment contracts, agreements, invoices, or receipts, including shipping records or other records concerning livestock sales involving any of the Debtors or the Debtors' Affiliates; and (3) communications with any party concerning any such transfers.

3. All documents or electronically stored information concerning any property of any of the Debtors or any of the Debtors' affiliates, including but not limited to, all financial records of any of the Debtors or any of the Debtors' affiliates. Ex. B.

      5. On May 22, 2024, CFSB served its objections to the subpoena. Ex. C. CFSB raised boilerplate general objections to the subpoena's definitions and instructions and repeated those objections in its specific objections. *Id.* at 2-3. CFSB also made a prophylactic attorney-client privilege objection. *Id.* at 3-4. CFSB further stated that, "after we receive notice from you of the Trustee's

5

Case 23-20084-swe7 Doc 381 Filed 10/20/25 Entered 10/20/25 18:16:40 Desc Main
Document Page 6 of 11

preferred method for receiving documents, we will "begin rolling out responsive documents to you subject to and without waiving these Objections." *Id.* at 4.

6. The Trustee and CFSB agreed on a method of delivery, and CFSB produced certain responsive documents. The Trustee has reviewed the documents produced by CFSB and the other banks such as Rabo Bank and Mechanics Bank. The Trustee also has now retained a banking expert to understand the types of documents and reports that every regulated bank like CFSB would have. While there are deficiencies in the other banks' production as well, CFSB's production is woefully deficient. For example, CFSB has not produced:

- 1a and 1b. Deposit and Withdrawal details: The Trustee has received front side of check images for MF and certain Debtor-Affiliate accounts, but not the back of check images for certain time frames, nor images supporting deposit slips; *See* Ex. D

- 1c. Signature cards and opening agreements for the MF and Debtor-Affiliates;

- 1d: All communications between CFSB and Debtors or any Debtor-Affiliate;

- 1e: All communications between CFSB and third parties regarding the Debtors or Debtor-Affiliates;

- 1f: Internal communications regarding MF or Debtor-Affiliates;

- 1g: All financial analysis and reports regarding MF or Debtor-Affiliates;

- 1h. All loan and security documents regarding MF or Debtor-Affiliates, including loan histories, ledgers, and statements;

- 1k. System generated reports for detecting check kiting or other bank fraud;

- The accounts of the Debtor-Affiliates shown on Ex. E, prior to 2018.

Moreover, CFSB has not disclosed any custodians or search terms used to search for responsive email communications.

6

7. When counsel for the Trustee asked CFSB to produce additional documents responsive to the Rule 2004 subpoena, CFSB's counsel claimed that CFSB no longer needed to comply with the subpoena because the Trustee had filed an adversary proceeding against CFSB. Ex. F (Sept. 15, 2025 Hrg. Trans.) at 78:15-20. By moving to dismiss the Trustee's complaint based on an alleged lack of specificity, CFSB effectively seeks to capitalize on its refusal to produce responsive documents.

8. Importantly, the Trustee did not file its adversary proceeding against CFSB (and others) until March 14, 2025 – many months **after** CFSB had been served with the subpoena and served its objections. CFSB should have fully complied with the subpoena before the Trustee ever filed an adversary proceeding.

## II. Arguments and Authorities

### A. The Rule 2004 Subpoena is Still Enforceable.

Rule 2004 generally provides for broader discovery than the Federal Rules of Bankruptcy Procedure would permit in an adversary proceeding. *See* FED. R. BANKR. P. 2004(b)(1(A)-(D). Because of the different standards for discovery, courts have adopted a **discretionary** rule called the pending proceeding rule that provides that "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 et seq., rather than by a [Rule] 2004 examination." *In re Camferdam*, 597 B.R. 170, 174 (Bankr. N.D. Fla. 2018).

The question here is whether the pending proceeding rule applies when the Rule 2004 discovery was served **before** the filing of an adversary proceeding. At least two bankruptcy courts have held that the rule has no applicability in that situation. For example, in *In re Camferdam*, the court explained as follows:

> Here, Raymond James began its quest to obtain documents through its Rule 2004 examination long before it filed its adversary proceeding. One of the primary purposes of a Rule 2004 examination is as a pre-litigation device. For that reason alone, Raymond James should be permitted to complete this portion of its discovery in this case, rather than having to begin anew in the adversary proceeding.

7

*Id.* at 174.

Similarly, in *In re Combs*, 668 B.R. 896 (Bankr M.D.Fla. 2025), a creditor served a subpoena for a Rule 2004 examination on the debtor's wife, who failed to attend on the initial date. *Id.* at 907. Approximately one month after issuing the subpoena, the creditor filed an adversary proceeding against the debtor, and then subsequently filed a motion to compel the Rule 2004 examination of the debtor's wife. While the creditor "**somewhat** self-limited" the scope of the deposition by conceding that it would not pursue "**a** line of questioning" relating to the adversary proceeding, the court stated that it "should not permit a person to avoid an examination set weeks prior to the commencement of an adversary proceeding to skip the examination and later object to attendance when such is compelled, using the pending proceeding **as a sword**." *Id.* (emphasis added). The court ordered that the Rule 2004 examination should move forward, with the only limitation being that "[i]f [the wife] is asked questions that are outside the scope of Rule 2004 or encompass privileged or protected information, then her attorney may object." Id. at 908.

Applied here, CFSB should not be allowed to use the pending proceeding rule as a sword in its effort to dismiss the Trustee's claims in the adversary proceeding for an alleged lack of specificity. More than eight months before the adversary proceeding, CFSB had already been served with the Rule 2004 subpoena and had served its objections to the document requests. CFSB represented that it would produce responsive documents. This motion to compel merely seeks to force CFSB to comply with discovery obligations that it had many months before the adversary proceeding ever existed. Thus, the Trustee respectfully submits that the Court should exercise its discretion by declining to apply the pending proceeding rule.

    **B.    CFSB Should be Compelled to Produce Documents Responsive to the Rule 2004 Subpoena.**

Rule 2004 provides for "a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the state and the exposure of fraudulent conduct." *In re Correra*,

8

589 B.R.76, 108 (Bankr. N. D. Tex. 2018) (Jernigan, J.) (citations omitted). A Rule 2004 examination (which is frequently combined with a document subpoena) is "unfettered and broad" and "is commonly recognized as more in the nature of a 'fishing expedition.'" *Id.* at 109 (citations omitted). "Legitimate goals for Rule 2004 discovery include discovering assets, examining transactions, and determining whether wrongdoing has occurred." *Id.* (citations omitted). The Trustee's discovery subpoena to one of the Debtor's primary banks (CFSB) goes to the heart of Rule 2004's purpose.

All of the Trustee's Rule 2004 document requests seek relevant information intended to discover assets, examine transactions, and identify wrongdoing. For example, the Trustee seeks details regarding the transactions in MF's bank accounts, as well as internal CFSB communications about MF and Debtor-Affiliates intended to provide further evidence that wrongdoing occurred. *See* Ex. B. Further, CFSB's boilerplate objections to the subpoena's definitions and instructions provide no basis for withholding responsive documents.

Significantly, CFSB has only produced 24 pages of communications, withholding what the Trustee believes are numerous other internal and external communications regarding MF and Debtor-Affiliates. Nor has CFSB produced custodian information and search terms. CFSB should be compelled to provide a list of all custodians involved in the loans to MF, MF and Debtor-Affiliates' bank accounts, and CFSB's relationships with those parties. Ex. E is a summary of McClain family accounts produced by CFSB that shows its long-standing relationships (and thus knowledge) of the McClain entities and family members. CFSB also should be compelled to confer with counsel for Trustee about search terms for the relevant custodians. The MF and Debtor-Affiliates relationships constituted significant relationships for a small-town community bank that touts its close customer relationships. CFSB must have responsive emails, and it should be ordered to produce them. The lack of responsive emails and standard banking reports not only provides evidence of specific deficiencies in CFSB's production, but also suggest that numerous other deficiencies likely exist. A

9

court order is necessary to force CFSB to fully and fairly comply with the Rule 2004 document subpoena. As the Court stated in its written opinion on April 19, 2024 (Jones J.) as to other third-party discovery, there is a need for documents to establish "the financial history of the Debtors and to identify invoices and contracts related to transfers to and from the Debtors."[3] This rationale likewise squarely applies to CFSB.

The Trustee therefore seeks a court order that compels CFSB to (1) produce all documents and communications responsive to the subpoena; (2) provide a list of all CFSB custodians involved in the loans to MF and Debtor-Affiliates, MF and Debtor-Affiliates' bank accounts, and MF and Debtor-Affiliates' relationships; (3) confer with the Trustee's counsel within 10 days about search terms to be run as to such custodians, and to move forward immediately as to all agreed search terms (with the Court resolving any areas of disagreement, to the extent necessary) and (4) produce responsive documents no later than 30 days after the entry of the Court's order.

Respectfully submitted,

*/s/ Alan Dabdoub*
Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
Campbell Sode
State Nar No. 24134507
csode@lynnllp.com
Farsheed Fozouni
State Bar No. 24097705
ffozouni@lynnllp.com
Steven G. Gersten
State Bar No. 24087579
sgersten@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

---

[3] *See* ECF No. 223, Case No. 23-20084.

*/s/ Hudson M. Jobe*
Hudson M. Jobe
Texas Bar No. 24041189
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

**SPECIAL COUNSEL TO THE TRUSTEE**

### CERTIFICATE OF SERVICE

I hereby certify that, on October 20, 2025, a true and correct copy of the foregoing was served via the Court's ECF system on all parties that have appeared and requested notice via the Court's ECF system.

*/s/ Alan Dabdoub*
Alan Dabdoub

### CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Trustee conferred with Aaron Kaufman, counsel for CFSB, by phone on October 9, 2025 and by email as set forth in Exhibit G to this Motion, and the relief requested by this Motion is opposed.

*/s/ Alan Dabdoub*
Alan Dabdoub

11