ALAN DABDOUB
LYNN PINKER HURST & SCHWEGMANN LLP
2100 ROSS AVENUE, SUITE 2700
DALLAS, TEXAS 75201

HUDSON M. JOBE
JOBE LAW PLLC
6060 NORTH CENTRAL EXPRESSWAY,
SUITE 500
DALLAS, TEXAS 75206

SPECIAL COUNSEL TO THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| McClain Feed Yard, Inc., et al., | § | |
|     Debtors, | § | Case No. 23-20084-swe |
| | § | Jointly Administered |
| | § | |

### TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF KENNETH SIMMONS AS EXPERT WITNESS

**NO HEARING WILL BE CONDUCTED HEREON, AND ANY HEARING SCHEDULED HEREON MAY BE CANCELLED WITHOUT FURTHER NOTICE, UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, SUITE 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON NOVEMBER 21, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN, AND THE HEARING SCHEDULED ON THIS MOTION MAY BE CANCELLED, WITHOUT FURTHER NOTICE.**

Kent Ries, the Chapter 7 Trustee of the bankruptcy estates of McClain Feed Yard, Inc. ("**MFY**") (Case No. 23-20084-swe), McClain Farms, Inc. (Case No. 23-20085-swe), and 7M Cattle Feeders, Inc. ("**7M**") (Case No. 23-20086-swe) (collectively, the "**Debtors**") (the "**Trustee**") in the above-captioned bankruptcy case (the "**Bankruptcy Case**"), files this *Application for Entry of an Order Authorizing Retention and Employment of Kenneth Simmons as Expert Witness* (the "**Application**").

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. The Debtors filed for relief under Chapter 7 of the United States Bankruptcy Code on April 28, 2023 (the "Petition Date"). Kent Ries was subsequently appointed and qualified to serve as the Trustee over the bankruptcy estate.

3. On March 14, 2025, the Trustee instituted Adversary Proceeding No. 25-02005-SWE (the "Adversary Proceeding"). The Trustee's allegations are extensively briefed in the Adversary Complaint (Adv. Dkt. No. 1), as well as the Trustee's Motion to Intervene and Motion to Enforce Automatic Stay filed in Adversary Proceeding No. 24-02007-SWE.

### III. RELIEF REQUESTED

4. By this Application, the Trustee seeks (I) authority to retain Mr. Kenneth Simmons of SEDA Experts, LLC ("SEDA") as an expert witness in connection with the Adversary Proceeding and (II) approval to pay the retainer of $25,000 plus reimbursement of any monthly invoices for expenses incurred to SEDA for Mr. Simmons' services.

### IV. BASIS FOR RELIEF REQUESTED: ARGUMENTS AND AUTHORITIES

5. The Trustee, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, … to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).

6. The Trustee submits that Mr. Kenneth Simmons as an expert witness in connection with the Adversary Proceeding does not render Mr. Simmons a "professional person" within the meaning of 11 U.S.C. § 327(a). The legal standard is the "central-to-administration" test, as articulated in *In re Cyrus II Partnership*, No. 05-39857, 2008 WL 3003824 (Bankr. S.D. Tex. July 31, 2008). Under this test, the court must determine whether the expert's services are central to the administration of the bankruptcy estate or merely tangential. In *Cyrus II*, the bankruptcy court held that expert witnesses retained to provide opinions on matters do not play an intimate role in the reorganization or management of the estate but rather provide ancillary support in collateral litigation. *Id.* at *5.

7. This approach is consistent with the broader principle articulated in *In re Johns-Manville Corp.*, which explained that "the phrase 'professional persons,' as used in § 327(a) is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate." 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986). The focus is not on the expert's professional qualifications, but on whether the expert's services directly impact the core functions of estate administration. In other words, "[a] person's status as a 'professional' is not determinative; the inquiry focuses on that person's duties." *In re That's Entertainment Marketing Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that accountants retained for expert testimony in collateral litigation did not assume a central role in the administration of the bankruptcy and were therefore not subject to Section 327).

8. In the Fifth Circuit, the Bankruptcy Court for the Southern District of Texas has made clear that "[a]n expert witness . . . who is not in a position to exercise discretion over matters central to the administration of the estate, is not a professional person." *In re Smith*, 524 B.R. 689, 695 (Bankr. S.D. Tex. 2015). Mr. Simmons, whose engagement is limited to providing a written expert report and live testimony regarding discrete issues in the Adversary Proceeding, does not exercise discretion over estate management, formulate strategy, or otherwise impact the administration of the estate in a manner contemplated by Section 327(a).

9. Accordingly, Mr. Simmons' role is ancillary to the Trustee's central duties and arguably does not require court approval under Section 327. Instead, any compensation for Mr. Simmons' services may be treated as an administrative expense, subject to the standards of reasonableness and necessity under 11 U.S.C. § 503(b).

10. In sum, the weight of authority in the Fifth Circuit and elsewhere supports the conclusion that Mr. Simmons, as an expert witness whose services are not central to the administration of the estate, is not a "professional person" under Section 327(a). That being the case, the Trustee is nevertheless providing similar disclosures here in connection with Mr. Simmons' employment and will obtain Court approval for the payment of fees and expenses.

A. **ENGAGEMENT OF KENNETH SIMMONS AND BASIS FOR SELECTION**

11. In connection with the Adversary Proceeding, and regarding claims and causes of action asserted in the Complaint, the Trustee requires financial analysis and expert testimony on issues relating to the banking industry and the allegations against the Bank Defendants. On October 1, 2025, the Trustee engaged Mr. Simmons as an expert in the Adversary Proceeding.

12. Mr. Simmons maintains offices with SEDA at 1185 Avenue of the Americas, New York, New York 10036; Telephone: (646) 626-4555; ksimmons@sedaexperts.com.

13. Mr. Simmons is a Managing Director at SEDA, a leading provider of banking and financial expert services including a unique mix of appraisal services, policy and procedure analysis, internal operational controls, regulatory expertise, and industry standard practices, as well as financial reviews and analyses.

14. Mr. Simmons is a highly experienced banking and regulatory compliance expert with over 30 years in the financial services industry, including executive roles at major financial institutions and service as a Bank Examiner with the Office of the Comptroller of the Currency (OCC) and the Federal Deposit Insurance Corporation (FDIC). He has developed and overseen comprehensive BSA/AML programs, conducted complex investigations, and led regulatory examinations focused on anti-money laundering, fair lending, and consumer compliance. Mr. Simmons has served as Chief Compliance Officer and General Audit Manager at multi-billion

dollar banks and is recognized for his expertise in financial crimes risk management and regulatory best practices. He is a Review Board Member and Faculty at the Association of Certified Anti-Money Laundering Specialists and has instructed at OCC's Compliance Examination School. His extensive background in regulatory oversight, compliance program development, and expert testimony makes him uniquely qualified to provide financial analysis and expert opinion in this matter.

B. **SERVICES TO BE RENDERED**

15. Subject to further order of the Court, the Trustee requests the retention and employment of Mr. Kenneth Simmons of SEDA to render expert and consulting services to him in connection with the Adversary Proceeding.

C. **COMPENSATION**

16. Because Mr. Simmons is an expert and consultant proposed to assist with the Adversary Proceeding, and not for the purpose of any formulation, analysis, or implementation of restructuring strategies or other Bankruptcy Case administration, and is to be compensated on a retainer and monthly basis, the Trustee proposes that Mr. Simmons may be compensated in accordance with the terms of his engagement, as follows: Mr. Simmons has agreed to a retainer of $25,000.00 plus reimbursement of monthly invoices for his services in consideration for serving as an expert in connection with the Adversary Proceeding.

17. Mr. Simmons and SEDA do not have and will not execute during the pendency of his engagement, any agreement with any other entity to share any compensation received.

18. The Trustee requests authority to pay the retainer of $25,000.00 plus reimbursement for monthly invoices as expenses are incurred by Mr. Simmons upon approval by the Court of his retention and employment as a testifying expert witness for the Trustee.

## V.    CONCLUSION AND PRAYER

WHEREFORE, premises considered, the Trustee respectfully requests that this Court enter the Proposed Order: (a) approving the Application; (b) authorizing the Trustee's employment and retention of Kenneth Simmons of SEDA Experts as an expert witness for the Trustee as of October 1, 2025; (c) approving payment of the $25,000 retainer and monthly invoices to Kenneth Simmons for the services described herein; and (d) granting all other and further relief to which the Trustee may be entitled at law or in equity.

Respectfully submitted,

*/s/ Alan Dabdoub*
Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
Campbell Sode
State Nar No. 24134507
csode@lynnllp.com
Farsheed Fozouni
State Bar No. 24097705
ffozouni@lynnllp.com
Steven G. Gersten
State Bar No. 24087579
sgersten@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:   214-981-3800
Facsimile:    214-981-3839

Hudson M. Jobe
Texas Bar No. 24041189
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
(214) 807-0563
hjobe@jobelawpllc.com

**SPECIAL COUNSEL TO THE TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 31, 2025, a true and correct copy of the foregoing was served via the Court's ECF system on all parties that have appeared and requested notice via the Court's ECF system.

*/s/ Alan Dabdoub*
Alan Dabdoub