## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Agreement") is executed as of this 20th day of February, 2026 by and among Kent Ries, in his capacity as Chapter 7 Trustee of the bankruptcy estates of McClain Feed Yard, Inc.; McClain Farms, Inc.; and 7M Cattle Feeders, Inc. (the "Trustee"), and William Weddington ("Defendant," and with the Trustee, the "Parties"), as follows:

WHEREAS, on April 28, 2023 (the "Petition Date"), McClain Feed Yard, Inc.; McClain Farms, Inc.; and 7M Cattle Feeders, Inc. (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, thereby initiating Case Nos. 23-20084-RLJ; 23-20085-RLJ; and 23-20086-RLJ (the "Bankruptcy Cases") in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division (the "Bankruptcy Court") and creating their bankruptcy estates (jointly, the "Estates");

WHEREAS, sometime during 2023, Defendant contends that Defendant submitted documentation asserting one or more claims against the Debtors with the United States Department of Agriculture under 7 U.S.C. § 217(b) in the amount of $760,196.00 (the "USDA Claims");

WHEREAS, on April 25, 2025, the Trustee filed his First Amended Complaint for: (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief (Dkt. No. 9) (the "Adversary Complaint") in Adversary No. 25-02003 (the "Adversary Proceeding"). The Trustee has alleged, among other things, that the payments from the Debtors to Defendant set forth on Exhibit 112 to the Amended Complaint (the "Payments") give rise to claims under 11 U.S.C. §548(a)(1)(A) and (a)(1)(B); Sections 24.005 and .0006 of the Texas Fraudulent Transfer Act; and Sections 378A.040 and .050 of the Kentucky Uniform Voidable Transactions Act, which would allow the Trustee to avoid and recover the Payments from Defendant pursuant to 11 U.S.C. §§544, 548(a)(1)(A), 548(a)(1)(B), 550, and 551, Texas Business and Commerce Code §§ 24.005 and 24.006, and/or Kentucky Uniform Voidable Transactions Act §§ 378A.040 and .050 (collectively referred to as the "Fraudulent Transfer") and 11 U.S.C. § 547(b) which would allow the Trustee to avoid and recover the Payments from Defendant pursuant to 11 U.S.C. §§ 547 and 550 and 551 (the "Preferential Transfer").

WHEREAS, Defendant denies any and all liability and intends to fully defend the claims against Defendant in the Adversary Proceeding and to appeal any adverse ruling;

WHEREAS, the Trustee and Defendant have discussed the claims raised in the Adversary Proceeding and agreed to resolve only certain claims as set forth in this Agreement;

1

WHEREAS, the Parties enter into this Agreement without admitting any fault or liability, and solely to buy peace in light of the risks, delays, costs, and burdens of continuing and future litigation, and, by virtue of this Agreement, the Parties desire to fully and completely resolve this matter in good faith, and settle any and all claims, defenses, counterclaims, and cross-claims that were asserted or that could have been asserted among them, including in the Bankruptcy Cases or the Adversary Proceeding,

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party, the Parties, incorporating the recitals above into this Agreement, agree, represent, and covenant as follows:

1.  Conditions Precedent. The effectiveness of this Agreement is conditioned upon the following (the "Conditions Precedent"): (i) the entry of a final, non-appealable Order[1] of the Bankruptcy Court approving this Agreement in the form attached hereto as Exhibit "1" (the "Approval Order"); (ii) receipt by Defendant of a completed W9 from the Trustee; and (iii) the payment of the Settlement Payment (defined below). If the Bankruptcy Court enters an Order denying approval of this Agreement or otherwise declines to enter an Order materially similar to the Approval Order following a hearing on approval, or any final, non-appealable order is entered by any court regarding this Agreement other than one that is materially similar to the Approval Order, then this Agreement is terminated, shall become null and void, and the Parties shall be returned to the *status quo ante* for all purposes, and the Trustee shall return the Settlement Payment to Defendant. Notwithstanding the foregoing, if the Bankruptcy Court enters an order approving this settlement in a form that is materially different from the Approval Order, the Parties shall have the option, but not the requirement, to accept such form of order.

2.  Settlement Payment. The Settlement Payment is $42,000.00 (the "Settlement Payment"). Defendant shall cause the Settlement Payment to be wired to the Trustee, or his counsel if so directed by the Trustee in writing, within fourteen days of the execution of this Agreement, receipt by Defendant of a W9 for the Trustee, and receipt by Defendant of wiring instructions. The Trustee shall hold the Settlement Payment in escrow pending the occurrence of the Conditions Precedent. In the event the Conditions Precedent do not occur and/or this Agreement is terminated for any reason, the Trustee shall promptly return the entire Settlement Payment to Defendant.

3.  Releases by the Trustee. Subject to the occurrence of the Conditions Precedent, and without need for further action, order, or document, the Trustee, on behalf of

---

[1] A final, non-appealable order means an order of the Bankruptcy Court: (a) as to which no appeal, notice of appeal, motion for rehearing, motion for reconsideration, or other motion affecting the finality of the order (collectively, a "Challenge") has been timely filed, or, if any of the foregoing has been timely filed, such Challenge has been disposed of in a manner that upholds and affirms the subject order in all respects without the possibility for further Challenge thereon; (b) as to which the time for instituting or filing an appeal or notice of appeal shall have expired; and (c) as to which no stay is in effect.

himself, the Debtors, the Estates, as well as any of their agents, attorneys, representatives, predecessors, successors, and assigns and any other person or entity claiming on behalf of, through or by them (collectively, the "Estate Parties") hereby forever releases and discharges Defendant from all claims arising from the Payments for Preferential Transfer and Fraudulent Transfer. The foregoing release does not include any obligation imposed in this Agreement or any other claims other than those arising from the Payments for Preferential Transfer and Fraudulent Transfer, including, but not limited to, any defenses or arguments with respect to the allowance and treatment of Proofs of Claim and USDA Claims, including claims for subordination.

4. <u>Limited Releases by Defendant</u>. Defendant releases and waives any right to assert a claim against the Debtors or the Estates related to the Settlement Payment, including, but not limited to, any claim under 11 U.S.C. § 502(h). Defendant does not release or waive any other claim, including, but not limited to, any Proofs of Claim or any USDA Claims.

5. <u>Dismissal of Defendant</u>. Subject to the occurrence of the Conditions Precedent, the Parties agree to dismiss Defendant from the Adversary Proceeding, with prejudice as to all claims arising from the Payments for Preferential Transfer and Fraudulent Transfer released under this Agreement, and otherwise without prejudice.

6. <u>No Admissions</u>. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of Defendant, or Defendant's agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of the allegations in the Adversary Proceeding. It is also understood and agreed to by the Parties that this Agreement does not constitute an order or finding of any violation of law related to fraudulent, manipulative, or deceptive conduct.

7. <u>No Third-Party Beneficiaries</u>. There are no intended third-party beneficiaries to this Agreement. This Agreement may only be enforced by the Parties hereto and any person receiving a release hereunder, except as may be provided for otherwise under applicable law.

8. <u>Entire Agreement</u>. This Agreement embodies the entire agreement of the Parties with regard to the subject matter hereof. There are no representations, promises, warranties, understandings or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein. Each of the Parties acknowledges that the execution and delivery of this Agreement is its free and voluntary act and deed, and that said execution and delivery have not been induced by, nor done in reliance upon, any representations, promises, warranties, understandings or agreements made by any other Party, its agents, officers, employees or representatives.

9. <u>No Reliance</u>. Each Party represents and warrants as follows:

a. There are no express or implied warranties, promises, or agreements in connection with this settlement, except as expressly contained in this Agreement;

b. By entering into this Agreement, such Party has not been induced by any facts, representations, promises, or terms, except for those contained in this Agreement; and

c. Such Party is relying on its own judgment and is expressly not relying on any statement, promise, or representation of any other Party, or any agent of any Party, in making the decision to settle these matters and enter into this Agreement.

10. Changes in Writing. No promise, representation, warranty or agreement made subsequent to the execution and delivery of this Agreement by any Party hereto, and no revocation, partial or otherwise, or change, amendment or addition to, or alteration or modification of, this Agreement shall be valid unless the same shall be in writing signed by all of the Parties.

11. Choice of Law. This Agreement shall be governed by and construed according to the laws of the state of Texas, without regard to conflicts of law principles.

12. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be considered an original counterpart. Any signed Agreement or signature page to this Agreement that is transmitted by facsimile or in the portable document format (.pdf) shall be treated in all respects as an original Agreement or signature page.

13. Warranty of Authority. Except as is otherwise provided with respect to the Approval Order, each Party to this Agreement represents and warrants to each other Party that: (i) it owns the rights and claims affected by this Agreement, including with respect to any release; and (ii) it has full authority to enter into and to execute this Agreement.

14. Tax Consequences. Both Parties acknowledge and agree that they are solely responsible for the payment of any and all federal, state, city, or local taxes which might be due and owing as a result of any term contained in this Agreement. The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives in the course of these negotiations and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement. No representations regarding the tax consequences of this settlement have been made by either Party.

Dated as of the first date above.

Agreed:

_____
Kent Ries, in his capacity as Chapter 7
Trustee of the bankruptcy estate of
McClain Feed Yard, Inc., McClain
Farms, Inc. and 7M Cattle Feeders, Inc.

_____
William Weddington

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| | § | |
| | § | |
| **MCCLAIN FEED YARD, INC., et al.,**[1] | § | **CASE NO. 23-20084-swe-7** |
| | § | |
| | § | |
| | § | |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**(PROPOSED) ORDER GRANTING THE TRUSTEE'S
MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH
<u>WILLIAM A. WEDDINGTON, SR.</u>**

CAME ON FOR HEARING the *Trustee's Motion for Approval of Compromise and Settlement With William A. Weddington, Sr.* (the "<u>Motion</u>"), filed by Kent Ries, the duly-appointed Chapter 7 trustee (the "<u>Trustee</u>") for the estates (collectively, the "<u>Estates</u>") of McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) (collectively, the "<u>Debtors</u>"), the debtors in the above styled and numbered Chapter 7 bankruptcy case (the "<u>Bankruptcy Cases</u>"), whereby the Trustee seeks approval of that certain settlement (the "<u>Proposed Settlement</u>") with William A. Weddington, Sr. ("Defendant") pursuant to the *Settlement and Mutual Release Agreement* (the "<u>Agreement</u>") attached as Exhibit "A" to the Motion. Based on the evidence and the Court taking

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-swe), McClain Farms, Inc. (Case No. 23-20085-swe), and 7M Cattle Feeders, Inc. (Case No. 23-20086-swe).

1

judicial notice where appropriate, the Court makes the following findings of fact and conclusions of law and enters the following Order.

1.    The Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code on April 28, 2023 (the "Petition Date"), thereby initiating the Bankruptcy Cases and creating the Estates.

2.    The Trustee is the duly appointed Chapter 7 trustee of the Estates with the authority, subject to the entry of this Order, to enter into the Proposed Settlement and the Agreement.

3.    On April 25, 2025, the Trustee filed his First Amended Complaint for: (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief (Dkt. No. 9) (the "Adversary Complaint") in Adversary No. 25-02003 (the "Adversary Proceeding").  The Trustee has alleged, among other things, that the payments from the Debtors to Defendant set forth on Exhibit 112 to the Amended Complaint (the "Payments") give rise to claims under:  11 U.S.C. §548(a)(1)(A) and (a)(1)(B); Sections 24.005 and .0006 of the Texas Fraudulent Transfer Act; and Sections 378A.040 and .050 of the Kentucky Uniform Voidable Transactions Act, which would allow the Trustee to avoid and recover the Payments from Defendant pursuant to 11 U.S.C. §§544, 548(a)(l)(A), 548(a)(l)(B), 550, and 551, Texas Business and Commerce Code §§ 24.005 and 24.006, and/or Kentucky Uniform Voidable Transactions Act §§ 378A.040 and .050 (collectively referred to as "Fraudulent Transfer") and 11 U.S.C. § 547(b) which would allow the Trustee to avoid and recover the Payments from Defendant pursuant to 11 U.S.C. §§ 547 and 550 and 551 ("Preferential Transfer").

4.    Defendant has denied all liability alleged by the Trustee. The Trustee and Defendant have discussed the claims raised in the Adversary Proceeding and agreed to resolve only certain claims as set forth in the Agreement. Specifically, the parties have agreed to resolve

all claims arising from the Payments for Preferential Transfer and Fraudulent Transfer in return for the payment by Defendant of $42,000.00 (the "Settlement Payment") and the waiver of any claim under 11 U.S.C. § 502(h), and to dismiss without prejudice any additional claims between the Parties.[2]

5.      By the Motion, the Trustee seeks approval of the Proposed Settlement, including the releases and other terms set forth therein, in exchange for the Settlement Payment and the other consideration under the Agreement.

6.      Notice of the Motion and the hearing thereon were sufficient and appropriate to allow all creditors and parties-in-interest in the Bankruptcy Cases sufficient time to understand, weigh, and object to the Proposed Settlement and the Agreement.

7.      The negotiations leading to the Proposed Settlement were extensive and at arms-length.

8.      There were no undisclosed agreements, payments, or understandings related to the Proposed Settlement that are not disclosed in the Motion or in the Agreement. There is no collusion. The Proposed Settlement is not a *sub rosa* plan.

9.      The Proposed Settlement and the Agreement are proposed in good faith.

10.     The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§157(a)- (b) and 1334. This is a core proceeding as defined under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

11.     Bankruptcy Rule 9019 governs the Trustee's proposed settlement of estate causes of action and the granting of an estate release. Under that Rule, the Court should approve a settlement only if it is "fair and equitable and in the best interests of the estate." *In re Foster*

---

[2] This is intended to serve as a summary only of the Agreement. In the event of a conflict between this Order and the Agreement, the Agreement shall control.

3

*Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The factors to consider include "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id*. Such other factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id*. at 918. The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted).

12.     The Court has apprised itself of the relevant facts and can make an informed and intelligent decision regarding all aspects of the Proposed Settlement. Based on the same, the foregoing factors are met: the Proposed Settlement is fair and equitable and in the Estates' best interests. There is no question concerning the complexity, expense, burden, and delay of the Trustee's claims, which involve substantial, disputed questions of fact and tests based on factors. Years of delays would likely follow. Defendant disputes many, if not most, of the operative facts and law, and there is substantial uncertainty as to how the trier of fact may find those facts. The claims are likely to come down to a "battle of the experts," which is very difficult to predict.

13.     There is also no question that the Proposed Settlement is the product of extensive, arms-length bargaining. There is no fraud or collusion.

14.     The Trustee has properly employed his business judgment in entering into the Proposed Settlement and the Agreement. The Settlement Amount is well within the range of reason and provides a material benefit to the Estates and their creditors.

15. All of the relief requested in the Motion and provided in this Order is lawful and appropriate.

16. The approval of the Proposed Settlement will allow the Trustee to resolve certain disputes between the Parties and materially advance the Bankruptcy Cases to conclusion.

ACCORDINGLY, based on the foregoing findings of fact and conclusions of law, and all preconditions to the entry of this Order being satisfied, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Proposed Settlement and the Agreement are APPROVED in their entirety; it is further

ORDERED that the Trustee is authorized and directed to enter into the Agreement and to otherwise effectuate all provisions of the Agreement, and that the Agreement shall control and shall bind the Trustee, the Debtors, and the Estates, including all parties-in-interest; it is further

ORDERED that, subject to the Conditions Precedent set forth in the Agreement (including the Settlement Payment), all releases in the Agreement shall be in full force and effect and shall control according to their terms; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order and the Agreement.

**SO ORDERED.**

**# # # End of Order # # #**

Order submitted by:

Hudson M. Jobe
State Bar No. 24041189
hjobe@jobelawpllc.com
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
Telephone:  (214) 807-0563

Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:        214-981-3800
Facsimile:        214-981-3839

***SPECIAL COUNSEL FOR THE TRUSTEE***

6