

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 15, 2026**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MCCLAIN FEED YARD, INC., et al.,[1] | § | CASE NO. 23-20084-swe-7 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |

---

### ORDER GRANTING THE TRUSTEE'S
### MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT WITH
### GENE BROOKSHIRE FAMILY LP

---

**CAME ON FOR HEARING** the *Trustee's Motion for Approval of Compromise and Settlement With Gene Brookshire Family LP* (the "Motion"), filed by Kent Ries, the duly-appointed Chapter 7 trustee (the "Trustee") for the estates (collectively, the "Estates") of McClain Feed Yard, Inc. (Case No. 23-20084-RLJ), McClain Farms, Inc. (Case No. 23-20085-RLJ), and 7M Cattle Feeders, Inc. (Case No. 23-20086-RLJ) (collectively, the "Debtors"), the debtors in the above styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Cases"), whereby the

---

[1] The Debtors in these Chapter 7 cases are: McClain Feed Yard, Inc. (Case No. 23-20084-swe), McClain Farms, Inc. (Case No. 23-20085-swe), and 7M Cattle Feeders, Inc. (Case No. 23-20086-swe).

1

Trustee seeks approval of that certain settlement (the "Proposed Settlement") with Gene Brookshire Family LP ("Defendant") pursuant to the Settlement and Mutual Release Agreement (the "Agreement") attached as Exhibit "A" to the Motion. Based on the evidence and the Court taking judicial notice where appropriate, the Court makes the following findings of fact and conclusions of law and enters the following Order.

1.      The Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code on April 28, 2023 (the "Petition Date"), thereby initiating the Bankruptcy Cases and creating the Estates.

2.      The Trustee is the duly appointed Chapter 7 trustee of the Estates with the authority, subject to the entry of this Order, to enter into the Proposed Settlement and the Agreement.

3.      On April 25, 2025, the Trustee filed his *First Amended Complaint for: (1) Avoidance and Recovery of Preferences and Fraudulent Transfers; (2) Disallowance and Subordination of Claims; and (3) Other Relief* (Dkt. No. 9) (the "Adversary Complaint") in Adversary No. 25-02003 (the "Adversary Proceeding"). The Trustee has alleged, among other things, that the payments from the Debtors to Defendant set forth on Exhibit 63 to the Amended Complaint (the "Payments") give rise to claims under 11 U.S.C. § 547(b) which would allow the Trustee to avoid and recover the Payments from Defendant pursuant to 11 U.S.C. §§ 547 and 550 and 551 ("Preferential Transfer").

4.      Defendant has denied all liability alleged by the Trustee. The Trustee and Defendant have discussed the claims raised in the Adversary Proceeding and agreed to resolve only certain claims as set forth in the Agreement. Specifically, the parties have agreed to resolve the claims arising from the Payments for Preferential Transfer in return for the payment by

Defendant of $275,000.00 (the "Settlement Payment") and the waiver of any claim under 11

U.S.C. § 502(h), and to dismiss without prejudice any additional claims between the Parties.[2]

5.      By the Motion, the Trustee seeks approval of the Proposed Settlement, including

the releases and other terms set forth therein, in exchange for the Settlement Payment and the other

consideration under the Agreement.

6.      Notice of the Motion and the hearing thereon were sufficient and appropriate to

allow all creditors and parties-in-interest in the Bankruptcy Cases sufficient time to understand,

weigh, and object to the Proposed Settlement and the Agreement.

7.      The negotiations leading to the Proposed Settlement were extensive and at arms-

length.

8.      There were no undisclosed agreements, payments, or understandings related to the

Proposed Settlement that are not disclosed in the Motion or in the Agreement. There is no

collusion. The Proposed Settlement is not a sub rosa plan.

9.      The Proposed Settlement and the Agreement are proposed in good faith.

10.     The Court has jurisdiction over this adversary proceeding under 28 U.S.C.

§§157(a)-(b) and 1334. This is a core proceeding as defined under 28 U.S.C. § 157(b). Venue is

proper in this Court under 28 U.S.C. §§ 1408 and 1409.

11.     Bankruptcy Rule 9019 governs the Trustee's proposed settlement of estate causes

of action and the granting of an estate release. Under that Rule, the Court should approve a

settlement only if it is "fair and equitable and in the best interests of the estate." *In re Foster

Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). The factors to consider include "(1) the

probability of success in the litigation, with due consideration for the uncertainty in fact and law,

---

[2] This is intended to serve as a summary only of the Agreement. In the event of a conflict between this Order and the Agreement, the Agreement shall control.

(2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise." *Id.* Such other factors include the reasonable views of creditors, although such views are not binding, and "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918. The Court need not conduct a mini-trial on the underlying claims; rather, the Court "must apprise itself of the relevant facts and law so that it can make an informed and intelligent decision." *In re Age Ref. Inc.*, 801 F.3d 530, 541 (5th Cir. 2015) (internal quotation omitted).

12.     The Court has apprised itself of the relevant facts and can make an informed and intelligent decision regarding all aspects of the Proposed Settlement. Based on the same, the foregoing factors are met: the Proposed Settlement is fair and equitable and in the Estates' best interests. There is no question concerning the complexity, expense, burden, and delay of the Trustee's claims, which involve substantial, disputed questions of fact and tests based on factors. Years of delays would likely follow. Defendant disputes many, if not most, of the operative facts and law, and there is substantial uncertainty as to how the trier of fact may find those facts. The claims are likely to come down to a "battle of the experts," which is very difficult to predict.

13.     There is also no question that the Proposed Settlement is the product of extensive, arms-length bargaining. There is no fraud or collusion.

14.     The Trustee has properly employed his business judgment in entering into the Proposed Settlement and the Agreement. The Settlement Amount is well within the range of reason and provides a material benefit to the Estates and their creditors.

15.     All of the relief requested in the Motion and provided in this Order is lawful and appropriate.

4

16.     The approval of the Proposed Settlement will allow the Trustee to resolve certain disputes between the Parties and materially advance the Bankruptcy Cases to conclusion.

ACCORDINGLY, based on the foregoing findings of fact and conclusions of law, and all preconditions to the entry of this Order being satisfied, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Proposed Settlement and the Agreement are APPROVED in their entirety; it is further

ORDERED that the Trustee is authorized and directed to enter into the Agreement and to otherwise effectuate all provisions of the Agreement, and that the Agreement shall control and shall bind the Trustee, the Debtors, and the Estates, including all parties-in-interest; it is further

ORDERED that, subject to the Conditions Precedent set forth in the Agreement (including the Settlement Payment), all releases in the Agreement shall be in full force and effect and shall control according to their terms; it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible to interpret and enforce this Order and the Agreement.

**SO ORDERED.**

# # # End of Order # # #

Order submitted by:

Hudson M. Jobe
State Bar No. 24041189
hjobe@jobelawpllc.com
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, Texas 75206
Telephone: (214) 807-0563

Alan Dabdoub
State Bar No. 24056836
adabdoub@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

**SPECIAL COUNSEL FOR THE TRUSTEE**